**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
  *AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant,
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | Case No. 2:22-cv-06718<br>The Hon. Ronald S.W. Lew<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO COMPLAINT**<br><br>Action Filed:  09/19/2022 |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

ANSWER TO COMPLAINT

# ANSWER

Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") hereby answers the Complaint of Plaintiff Joshua Johnson (hereinafter "Plaintiff"), and asserts its affirmative defenses as follows:

## THE PARTIES

1. In response to paragraph 1, Chase is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

2. Chase admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint alleges statements of law to which no response is required.

4. Paragraph 4 of the Complaint alleges statements of law to which no response is required.

## PROCEDURAL BACKGROUND

5. Chase admits the allegations of Paragraph 5 of the Complaint.

6. Chase admits the allegations of Paragraph 6 of the Complaint.

7. Chase admits the allegations of Paragraph 7 of the Complaint.

## FIRST CLAIM FOR RELIEF

8. In response to Paragraph 8 of the Complaint, Chase admits that on or around August 24, 2020, Plaintiff filed a dispute with Equifax regarding a credit card account Plaintiff had previously held with Chase. Chase denies the remaining allegations of Paragraph 8.

9. Chase denies the allegations of Paragraph 9 of the Complaint.

10. Chase admits that on or about August 25, 2020, Equifax provided notification of the dispute to Chase. Chase is without sufficient information or knowledge to admit or deny that the notification provided the underlying information Plaintiff disputed, and on that basis denies this allegation.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

11.    Paragraph 11 of the Complaint alleges statements of law to which no response is required.

12.    In response to Paragraph 12 of the Complaint, Chase denies that it failed to conduct a reasonable investigation or review all relevant information. Chase further admits that it conducted an investigation regarding Plaintiff's CFPB complaint.  The remaining allegations are conclusions of fact or statements of law that require no response.

13.    Paragraph 13 of the Complaint alleges statements of law to which no response is required.

14.    In response to Paragraph 14 of the Complaint, Chase admits that it submitted its response to the investigation on or about September 8, 2020, and updated the information reported to Equifax.  Chase states that the various credit reports from Equifax speak for themselves.  Chase is without sufficient knowledge or information to know when Plaintiff learned about the alleged misleading entries, and on that basis denies that allegation.  The remaining allegations are conclusions of fact or statements of law that require no response.

15.    Paragraph 15 of the Complaint alleges statements of law to which no response is required.

16.    In response to Paragraph 16 of the Complaint, Chase admits that in approximately March 2022, it removed all adverse credit references regarding Plaintiff arising out of the Ink business credit card account.  Chase denies that its actions damaged Plaintiff in any way.  The remaining allegations are conclusions of fact or statements of law that require no response.

## SECOND CLAIM FOR RELIEF

17.    Chase incorporates herein its answers to paragraphs 1 through 16 above.

18.    In response to Paragraph 18 of the Complaint, Chase denies that it furnished information regarding Plaintiff's Ink account which it knew of should

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

ANSWER TO COMPLAINT

have known was inaccurate and incomplete. The remaining allegations are conclusions of fact or statements of law that require no response.

19. Paragraph 19 of the Complaint alleges conclusions of fact or statements of law that require no response.

20. Paragraph 20 of the Complaint alleges conclusions of fact or statements of law that require no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a cause of action against Chase.

### SECOND AFFIRMATIVE DEFENSE

(Compliance with the Law)

2. The actions taken by Chase were in full compliance with the law.

### THIRD AFFIRMATIVE DEFENSE

(Wrongful Acts of Third Parties)

3. Plaintiff's damages, if any, were legally caused in whole or in part by the intentional misconduct, willful misconduct, fault, or negligence of persons or entities other than Chase, and should Plaintiff recover any damages, Chase is entitled to have such damages reduced or eliminated to the extent that third parties caused or contributed to such damages.

### FOURTH AFFIRMATIVE DEFENSE

(No Damages)

4. Plaintiff has not suffered any damages as a result of conduct attributable to Chase.

///

///

///

ANSWER TO COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.    Plaintiff's claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on his behalf, to mitigate any purported damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Mistake)

6.    Chase alleges that Plaintiff's claims, if any, are barred by the doctrine of mistake.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.    Chase alleges that Plaintiff's Complaint is barred by the doctrine of unjust enrichment and that Plaintiff would be unjustly enriched by the requested relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Causes)

8.    Chase alleges that the injuries and damages of which Plaintiff complains were proximately caused, or contributed to, by the acts of other defendants, cross-defendants, persons and/or other entities, and that such acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against Chase.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.    Plaintiff is barred, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

///

///

///

ANSWER TO COMPLAINT

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    By virtue of Plaintiff's acts, omissions, carelessness and negligence, and by virtue of his conduct, Plaintiff is estopped from recovering any damages against Chase.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.    Chase alleges that Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.    Chase alleges that Plaintiff's claims are barred by the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13.    The Complaint is barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

14.    Chase alleges that the Complaint is uncertain, vague and/or ambiguous. Accordingly, Chase is unable to determine what additional defenses may exist to the events and claims alleged in the Complaint.  Chase therefore reserves the right to assert all defenses which may pertain to the Complaint and each of the claims therein once the precise nature of such events and claims is ascertained.

WHEREFORE, Chase prays that:

1.    Judgment be entered in favor of Chase and against Plaintiff;

2.    Plaintiff take nothing by reason of the Complaint;

3.    Chase recover its attorney's fees and costs of suit; and

4.      Chase be awarded such further relief as the Court deems just and proper.

DATED:  November 7, 2022          DYKEMA GOSSETT LLP

By: _____
ASHLEY R. FICKEL
ROBERT A. HYATT
Attorneys for Defendant,
JPMorgan Chase Bank, N.A.

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

ANSWER TO COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2022, I electronically filed the foregoing **DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lewis David Russell                          Attorney for Plaintiff,
RUSSELL LAW PC                           JOSHUA JOHNSON
1500 Rosecrans Ave, Suite 500
PMB 645
Los Angeles. CA 90266

_____
Anna Fevgin

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071