**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458

*Attorneys for Plaintiff Joshua Johnson*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | No.: 2:22-cv-06718-RSWL-MAA<br><br>District Judge Ronald S.W. Lew<br>Magistrate Judge Maria A. Audero<br><br>**JOINT RULE 26(f) REPORT**<br><br>Action filed: Sept. 19, 2022 |

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, counsel for Plaintiff Joshua Johnson ("Plaintiff" or "Johnson") and counsel for Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") held a conference, discussed the following subjects, and respectfully submit this joint report.

**A.   Basis for Subject Matter Jurisdiction**

Plaintiff alleges that this Court has subject matter jurisdiction over this Fair Credit Reporting Act ("FCRA") case pursuant to 15 U.S.C. §§ 1681p. Plaintiff further alleges that the Court has supplemental jurisdiction over Johnson's claim California Consumer Reporting Agencies Act ("CCRAA") because those claims derive from the same common nucleus of operative facts as the FCRA claim and are such that plaintiff would ordinarily be expected to try them in one judicial proceeding. *See Toro v. Centene Corp.*, No. 19-CV-05163-LHK, 2020 WL 1643861, at *5 (N.D. Cal. Apr. 2, 2020) (Koh, J.).

**B.   Complex Case**

The parties do not believe that this is a complex case or that use of the Manual for Complex Litigation or any modification of it will be necessary in this case.

**C.   Statement of the Case.**

**(1)   Plaintiff's Statement of the Case**

On or around August 24, 2020, Plaintiff filed a dispute with Equifax, a consumer reporting agency, contesting the completeness and accuracy of information related to a credit card account Plaintiff had previously held with Chase. *See* 15 U.S.C. 1681i(a)(1). Specifically, Plaintiff disputed Chase's reporting that Plaintiff's Chase Ink credit card account was delinquent and was a charge-off, without reporting that there was a bona fide dispute regarding this reporting and that Plaintiff had meritorious defenses, including that (a) in September 2017, Plaintiff contacted Chase to pay off the entire balance of his account and terminate his account relationship with a $0 balance, (b) Plaintiff's

payments had never come due because Chase never provided him a statement with the due date, and (c) Plaintiff had been unable to verify whether there was actually a balance on the account because he was unable to access the relevant billing statements because of technical problems with Chase's website and the billings statements were not sent to him.

Upon receiving the notice of dispute, Chase had approximately thirty days to conduct a reasonable investigation of the disputed information, review all relevant information, and report the results of the investigation to Equifax. *See* 15 U.S.C. § 1681s-2(b)(1), (2). Because the original information was incomplete, inaccurate, and incapable of verification, as alleged above, Chase was required to report the results to Equifax and all other consumer reporting agencies to which it supplied such information and correct the inaccurate or incomplete information. *See id.* Chase, however, failed to conduct a reasonable investigation or review all relevant information.

After it concluded its investigation on or about September 8, 2020, Chase updated the information reported to Equifax. While Chase previously reported that "Unpaid balance reported as a loss (charge-off)," its updated report stated that "Account was paid in full, was a charge-off." (emphasis added). Again, this information was not accurate or verified. And this report was materially misleading, because it created the impression that Plaintiff intentionally or negligently failed to pay his account, rather than explaining the surrounding circumstances as alleged above. Chase also failed to correct previous reports that there was a delinquent or charged-off account. All these misleading entries should have been deleted and permanently blocked as required by FCRA. Plaintiff only learned about Chase's failure to correct the misleading entries on or around mid-October 2020.

Chase finally removed the challenged credit references regarding Plaintiff in March 2022. Until then, Chase's misreporting damaged Plaintiff's lost credit

2
JOINT RULE 26(F) REPORT

reputation and caused his credit score to drop 200 points. Among other damages, the drop in his credit score caused made Plaintiff's home and automobile insurance rates to increase and made it impossible to purchase properties.

**(2) Defendant's Statement of the Case**

In response to any dispute received from any consumer reporting agency regarding Plaintiff's Chase Ink credit card, Chase conducted a reasonable investigation and furnished its responsive information to the relevant consumer reporting agency. Chase denies any liability from Plaintiff's claims.

Plaintiff has not disputed the amount owed on the Chase Ink credit card. Instead, Plaintiff asserts that Chase was required to furnish information regarding Plaintiff's alleged "meritorious defenses" to his failure to pay the undisputed amount of his debt for the Chase Ink credit card. Chase is under no legal duty to furnish information regarding Plaintiff's purported legal defenses, and has no duty to furnish information solely obtained from Plaintiff.

**D. Discovery Plan**

**(1) Pre-Discovery Initial Disclosures**

The parties will exchange their initial disclosures under Federal Rule of Civil Procedure 26(a)(l) by January 13, 2023. Documents identified in the initial disclosures will be produced by March 31, 2023.

**(2) Subjects on Which Discovery May Be Needed**

Plaintiff anticipates seeking discovery includes the following:
- All records of communication between Chase and any credit reporting agency concerning my account;
- Information regarding machine-readable electronic communications (i.e. Metro II format semantics), including the CDIA manual and the agreements Chase has with each credit bureau;
- Policies & procedures relating to communication between Chase and the bureaus;

- Documents/communications re Plaintiff's Chase account and any other documents/communications in Plaintiff's file;
- Evidence of similar complaints made to Chase;
- Evidence of Chase's income and net worth;
- Agreements regarding the account at issue entered into between Plaintiff and Chase; and
- Evidence regarding Plaintiff's receipt of the billing statements at issue.

Defendant anticipates seeking discovery including the following:

- Communications between Plaintiff and Chase;
- Evidence of Plaintiff's purported damages; and
- Documents, Records, and Communications pertaining to American Arbitration Association Case no. 01-20-0015-1734, Joshua Johnson v. JPMorgan Chase Bank, N.A.

**(3)  Discovery of Electronically Stored Information**

The parties agree to produce all documents electronically and to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Emails and other documents easily viewable in PDF format will be produced in PDF format. The parties agree to produce separate documents as separate files, i.e., they will not batch produce multiple documents as a single file. The parties also agree to reasonably accommodate each other's requests for production of certain documents in native format to facilitate use by the parties and their experts. The parties will meet and confer regarding the scope and logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### (4) Claims of Privilege

The parties will file a proposed stipulated protective order governing confidential materials that will also address the inadvertent production of privileged or otherwise protected materials.

### (5) Potential Stipulations of Fact

The parties have agreed that many of the foundational facts regarding the dispute may not be contested and may be subject to stipulations. The parties agree to meet and confer regarding potential fact stipulations.

### (6) Phased Discovery

Currently, the parties do not believe that discovery need be conducted in phases.

### E. Proposed Deadlines

The parties jointly propose the following case deadlines:

| | |
|---|---|
| Initial disclosures deadline: | January 13, 2023 |
| Fact discovery deadline: | October 31, 2023 |
| Dispositive motion filing deadline: | November 21, 2023 |
| Deadline to disclose experts under Rule 26(a)(2) with respect to any issue for which the disclosing party bears the burden at trial: | December 5, 2023 |
| Deadline to disclose rebuttal experts: | December 22, 2023 |
| Expert discovery deadline: | January 26, 2024 |
| Settlement conference completion date: | January 26, 2024 |
| Final pre-trial conference: | February 13, 2024 |
| Trial: | March 8, 2024 |

### F. Anticipated Dispositive Motions

Chase anticipates filing a motion for summary judgment or partial summary judgment.

**G.    Additional Parties**

The parties do not anticipate adding additional parties at this time.

**H.    Procedural or Evidentiary Problems**

The parties are not currently aware of any other procedural or evidentiary problems.

**I.    Settlement**

The parties agree to an assignment to a Mediation Panel Neutral under ADR Procedure No. 2.

**J.    Number of Court Days Required to Present Case-in Chief**

The parties estimate a total of 7 days for trial.

**K.    Jury Trial**

Plaintiff has demanded a jury trial.

**L.    Consent to Magistrate Judge**

The parties decline to consent to a magistrate.

DATED: February 3, 2023        Respectfully submitted,

*/s/ L. David Russell*
**RUSSELL LAW, PC**

*Attorneys for Plaintiff Joshua Johnson*

DATED: February 3, 2023        Respectfully submitted,

*/s/ Robert A. Hyatt*
**DYKEMA GOSSETT LLP**

*Attorneys for Defendant JPMorgan Chase Bank, N.A*

Pursuant to L.R. 5-4.3.4, all other signatories listed, and on whose behalf the filing is submitted, concurred in the filing's content and have authorized the filing.