**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
  *AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. 2:22-cv-06718-AB-MAAx <br><br> The Hon. André Birotte Jr. <br> Courtroom 7B <br><br> Magistrate Maria A. Audero <br> Courtroom: 690 <br><br> **DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR STAY AND TRIAL CONTINUANCE** <br><br> **Date: October 20, 2023** <br> **Time: 10:00 a.m.** <br> **Courtroom: 7B** <br><br> Complaint Filed:    September 19, 2022 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on October 20, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, CA  90012, Defendant JPMorgan Chase Bank, N.A. ("Chase") will and hereby does move this Court for an order staying the proceedings until a Final Award is confirmed in American Arbitration Association ("AAA") Case No. 01-20-0015-1734 (the "Arbitration") and/or the purported appeal of the Arbitration, AAA Case No. 02-20-0015-1734 (the "Arbitration Appeal").  Chase also moves this Court for an order, consistent with the order for stay, that continues the trial date of this matter, and all relevant dates in the Court's scheduling order (Dkt. 27).

This Motion is made pursuant to the Court's inherent authority to control its own docket, and for good cause shown as the basis for the order.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, Declaration of Robert Hyatt, all pleadings and papers filed in this action, and on such other oral and documentary evidence that the Court deems proper.

DATED:  September 22, 2023        DYKEMA GOSSETT LLP

By: _____
ASHLEY R. FICKEL
ROBERT A. HYATT
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

2

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.    FACTUAL AND PROCEDURAL HISTORY .................................................... 1

III.    FACTUAL OVERLAP BETWEEN THE ARBITRATION AND THE FCRA
COMPLAINT ........................................................................................................... 3

IV.    THE ARBITRATION APPEAL AND COLLATERAL ESTOPPEL ............. 6

V.    LEGAL ARGUMENT ........................................................................................... 7

VI.    TRIAL CONTINUANCE ..................................................................................... 10

VII. CONCLUSION ...................................................................................................... 10

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

1

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR STAY AND
TRIAL CONTINUANCE

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Chronicle Publ. Co. v. National Broadcasting Co.,
 294 F.2d 744 (9th Cir. 1961) ................................................................8

CMAX, Inc. v. Hall,
 300 F.2d 265 (9th Cir. 1962) ...............................................................8

Collins Radio Co. v. Ex-Cell-O Corp.,
 467 F.2d 995-1000 (8th Cir. 1972).......................................................8

Golden v. O'Melveny & Myers LLP,
 2020 U.S. Dist. LEXIS 58324 (C.D. Cal. April 2020)..........................6

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,
 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952) ..............................7

Landis v. North American Co.,
 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ..............................7

Leyva v. Certified Grocers of California, Ltd.,
 593 F.2d 857 (9th Cir. 1979) ................................................................8

Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n,
 387 F.2d 768 (3d Cir. 1967) .................................................................8

Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,
 339 F.2d 440 (2d Cir. 1964) .................................................................8

NTCH-WA, Inc. v. ZTE Corp.,
 921 F.3d 1175 ......................................................................................7

Parklane Hosiery Co. v. Shore,
 439 U.S. 322, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979) .........................6

Wabakken v. California Dep't of Corr. & Rehab.,
 801 F.3d 1143 (9th Cir. 2015) ..............................................................6

1

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR STAY AND TRIAL CONTINUANCE

**Statutes**

Fair Credit Reporting Act ........................................................................................ 3

FCRA ...................................................................................... *passim*

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR STAY AND TRIAL CONTINUANCE

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Disgruntled by an Arbitration Award made pursuant to an arbitration before the American Arbitration Association regarding his Chase Ink Business Credit Card, Joshua Johnson is attempting to relitigate the Arbitrator's findings of fact in two different forums by making a purported appeal of the Arbitration Award, and by filing the instant action.  Any findings arising from the arbitration or its purported appeal will necessarily affect the instant action as those findings will have a preclusive effect since the arbitration and this action are based on the same nexus of facts.

A stay is warranted under the present circumstances because it will be more efficient for the Court, and more fair to the parties, to allow resolution of the arbitration and its purported appeal which directly bear upon factual issues in the instant action.  There is no potential damage to Joshua Johnson as the non-moving party since his relief is only for money damages, and he initiated the arbitration which needs to conclude.  JPMorgan Chase Bank, N.A. will suffer inequity if the instant action goes forward because it will be forced to litigate the same set of facts in two different forums, after those very same facts have been litigated to conclusion in one of those forums.  The orderly course of justice requires the stay in order to simplify the issues before this Court.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Joshua Johnson ("Plaintiff") opened a Chase Ink Business Credit Card ("Ink account" or "Ink card") in January 2017.  Declaration of Robert Hyatt in support of Motion for Stay ("Hyatt Dec."), par. 2, Exhibit A (Petition, Ex. C).  On or about September 30, 2020, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA"), asserting a claim for credit correction and damages, arising from his use of the Ink card.  Hyatt Dec., par. 2, Exhibit A (Petition, Ex. D), and par. 3, Exhibit B.

1

The instant action also arises from Plaintiff's use of his Ink card.  The facts underlying the instant action are identical to the facts previously litigated by the parties, Plaintiff and JPMorgan Chase Bank, N.A. ("Chase") in the arbitration, AAA Case No. 01-20-0015-1734 (the "Arbitration").  The Arbitration concluded with the Award of Arbitrator (the "Award") on March 3, 2022.  Hyatt Dec., par. 3, Exhibit B. Of note, the Award stated that "No damages or sanctions are awarded, and each party shall bear his/its own costs as incurred."  Id. at Summary.  Chase submits that the arbitration agreement that formed the basis for the Arbitration contained no appellate rights, and that Plaintiff had agreed that there would be no right to appeal the Award.  Hyatt Dec., par. 2, Exhibit A (Petition, par. 16 and 21-35).

Despite the agreement that there was no right to appeal the Award, Plaintiff filed another arbitration claim before the AAA, which purported to be an appeal of the Award (AAA Case No. 02-20-0015-1734 (the "Arbitration Appeal").  Chase has objected to the AAA that the arbitration agreement by which the Arbitration was conducted does not provide appellate rights.  The AAA has continued to administer the Arbitration Appeal despite Chase's objection, but has yet to appoint any arbitrators to hear the Arbitration Appeal.  Id.

On May 27, 2022, Chase filed a Petition to Confirm March 3, 2022 Arbitration Award and Complaint for Declaratory Relief (the "Petition") in Los Angeles Superior Court case no. 22STCP02017 (the "State Court Action").  Hyatt Dec., par. 2, Exhibit A.  On December 7, 2022, the Court denied Chase's Petition without prejudice, ostensibly basing its decision on the grounds that the matter was now before AAA, and that AAA needed to take action before the Court made any further rulings.  Hyatt Dec., par. 4, Exhibit C.  The Court's position was further clarified when Plaintiff brought motions to compel discovery in the State Court Action.  On March 21, 2023, the Court ruled "The motions seeks discovery from JPM Chase in connection with Johnson's contention that he has a right to appeal an American Arbitration Association ("AAA") award in an arbitration proceeding

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

2

between the parties.  Johnson has filed that appeal with AAA itself.  The appeal is pending with AAA.  Under these circumstances, there is no present controversy between the parties for this Court to adjudicate.  The matter is before the AAA." Hyatt Dec., par. 5, Exhibit D.

Subsequently, Plaintiff filed the instant action on September 19, 2022, alleging claims for violation of the Fair Credit Reporting Act ("FCRA") and its California counterpart ("CCRAA") (the "FCRA Complaint").  Dkt. 1.  As will be discussed in more detail below, the factual basis for the instant action is identical to the factual basis for the Arbitration.

### III.  FACTUAL OVERLAP BETWEEN THE ARBITRATION AND THE FCRA COMPLAINT

A comparison of the Award from the Arbitration and the FCRA Complaint demonstrates that both matters concern the same nexus of facts and identical parties. In the instant matter, Plaintiff alleges: "On or around August 24, 2020, Plaintiff filed a dispute with Equifax, a consumer reporting agency, contesting the completeness and accuracy of information related to a credit card account Plaintiff had previously held with Chase."  Dkt. 1, FCRA Complaint, p.2 lines 12-15.  "Johnson's original Claim in this arbitration, filed under the AAA Consumer Arbitration Rules, requested injunctive relief requiring Chase to correct his credit report, which he contended was incorrect."  Hyatt Dec., Exhibit B.  There is no dispute that both the Arbitration and the FCRA Complaint concern Plaintiff's use of his same Ink card. See generally Hyatt Dec., Exhibit B, and Dkt. 1, FCRA Complaint p.2 lines 15-16.

The FCRA Complaint specifically alleges Plaintiff disputed Chase's furnishing of information that Plaintiff's Ink account "was delinquent and was a charge-off, without reporting that there was a bona fide dispute regarding this reporting and that Plaintiff had meritorious defenses …"  Dkt. 1, FCRA Complaint, p. 2 lines 16-18.  The alleged meritorious defenses are: Plaintiff believed he had paid off his entire balance before closing his Ink account; that the amount owed had

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

3

never become due because Chase never provided a statement to Plaintiff; and, Plaintiff was unable to verify whether there was actually a balance on the account because he could not access the relevant billing statements. Dkt. 1, FCRA Complaint, p. 3 lines 1-6.

The Arbitration litigated the same set of facts as is now being litigated in the instant action. "Johnson filed an Amended Claim reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent." Hyatt Dec., Exhibit B, par. A. Both matters present the identical factual scenario. In addition, the Arbitration included "extensive document discovery" with "four days of evidentiary hearings, along with numerous conference calls to address motions, briefing, and evidentiary issues. The parties submitted literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs." Hyatt Dec., Exhibit B, par. B.

The key factual issues alleged in the FCRA Complaint are: whether Plaintiff had paid off the entire balance of his Ink account; whether Chase provided Ink account billing statements to Plaintiff; and whether Plaintiff could access the relevant billing statements. The identical factual issues were litigated to conclusion in the Arbitration.

As framed by the Arbitrator, the First Issue: "On or around Feb. 17, 2017 when Johnson opened his Ink business account with Chase, was there an agreement made by the representative of Chase during a phone call with Johnson that Chase would link the new Ink account with a previously used personal account such that Johnson could receive and pay all statements at one online location, and, if so, did Chase breach this agreement by failing to link the accounts, failing to provide tech support when Johnson made inquiry, and ultimately cause Johnson to fail to fully pay off his Ink account when he canceled it, resulting in adverse credit reports by

4

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Chase?"  Hyatt Dec., Exhibit B, C.1.

The Arbitrator found that Johnson had failed to carry the burden of proof on the above issue.  Id.  In discussing his ruling, the Arbitrator noted that Plaintiff's rendition of what he thinks may have happened changed, even during the course of the Arbitration.  Id.  Johnson's argument that he had made an agreement with Chase to link his new Ink account with a prior Chase account so that all statements could be seen at one website location, was found wanting.  Id.  The Arbitrator found that there was not sufficient evidence to support Plaintiff's argument that the accounts had been linked.  Id.  In addition, there was no evidence that Plaintiff's Ink account statements were not available "on the separate account website access that he had set up and then apparently forgot."  Id.  There was no showing of failure on the part of Chase to provide access to statements.  Id.

The Arbitrator considered a Second Issue: "When a Chase representative contacted Johnson by telephone call on Sept. 6, 2017, was there an agreement made that Johnson, in paying $111.49 to Chase, was paying off the entire balance of his account and then closing the account with a $0 balance, such that no adverse credit report should have been made?"  Hyatt Dec., Exhibit B, C.2.

In reviewing the evidence, the Arbitrator found that "only the minimum payment of $111.49 was ever made by Johnson, Chase closed the account with the agreement of Johnson, but continued to carry the unpaid balance and after several more months, wrote off the account and reported the alleged delinquency to credit bureaus."  Id.  The Arbitrator concluded that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon.  There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment."  Id.

Clearly the factual issues at the heart of Plaintiff's FCRA Complaint were fully litigated and resolved by the Award in the Arbitration.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

5

## IV.    THE ARBITRATION APPEAL AND COLLATERAL ESTOPPEL

"The doctrine of **collateral estoppel**, or issue preclusion, is grounded on the premise that once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed." Wabakken v. California Dep't of Corr. & Rehab., 801 F.3d 1143, 1148 (9th Cir. 2015). "**Collateral estoppel** . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)." Golden v. O'Melveny & Myers LLP, 2020 U.S. Dist. LEXIS 58324, *8-9 (C.D. Cal. April 2020).

The application of collateral estoppel turns on four conditions: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. Id. at *10.  As discussed above, Plaintiff's three main factual issues (whether there was payment in full; whether Chase provided billing statements; and whether Plaintiff was able to access those statements) were all fully litigated in the Arbitration, and these issues were necessary for a decision on the merits.  Given the length of the hearing and extensive briefing involved, there was a full and fair opportunity to litigate the issues.  The only requirement for collateral estoppel that is disputed by the parties is whether the Arbitration Award is a final judgment on the merits.  See Id.

Dissatisfied with the Award, Plaintiff filed another arbitration claim before the AAA, which purports to be an appeal of the Award.  Hyatt Dec., Exhibit A (Petition, par. 24).  However, the arbitration agreement between the parties to the Arbitration contained no appellate rights.  See generally Hyatt Dec., Exhibit A.  To circumvent this hurdle, Plaintiff filed the Arbitration Appeal relying on appellate rights in an unrelated Chase credit card agreement, Plaintiff's Chase Freedom Card Arbitration Agreement, which agreement was not even introduced or relied upon in

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

6

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

the Arbitration.  Id.

Chase filed the State Court Action to confirm the Award and reduce it to a final judgment.  Id.  The State Court denied Chase's Petition to Confirm the Award without prejudice, ruling that the AAA needed to take action before the Court would revisit Chase's Petition.  Hyatt Dec., Exhibit D.  This leaves Chase in the precarious position of having to defend Plaintiff's dual attempts to relitigate the findings of the Award, which Chase believes is final, in two different forums.  This creates the real threat of conflicting decisions.  While the AAA has yet to appoint arbitrators for the Arbitration Appeal, Chase is committed to working in good faith with Plaintiff and the AAA to move forward with the Arbitration Appeal, subject to Chase's objection to the arbitrability of the Arbitration Appeal.

Once the State Court has confirmed the Award, or any subsequent award from the Arbitration Appeal, it will have a preclusive effect on the instant action.  See NTCH-WA, Inc. v. ZTE Corp., 921 F.3d 1175, 1180. The findings of fact and issue determination in the Award necessarily goes to the evidence to support Plaintiff's FCRA Complaint.

Chase has diligently attempted to have the Award confirmed.  Plaintiff should not be able to thwart Chase's contractual rights under the Arbitration, and concomitant use of collateral estoppel, by filing the Arbitration Appeal and this suit at the same time.  A stay is necessary to protect Chase from inequity.

## V.      LEGAL ARGUMENT

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952); Landis v. North American Co., 299

7

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936); Collins Radio Co. v. Ex-Cell-O Corp., 467 F.2d 995-1000 (8th Cir. 1972); Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n, 387 F.2d 768, 773 (3d Cir. 1967); Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co., 339 F.2d 440 (2d Cir. 1964); Chronicle Publ. Co. v. National Broadcasting Co., 294 F.2d 744 (9th Cir. 1961). In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979).

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, supra. at 864.

Assessing the factors, the Court should grant a stay of the proceedings pending resolution of the Arbitration Appeal. There is no damage to Plaintiff in imposing a stay. Since Plaintiff is not seeking any injunctive relief, there is no imminent harm contemplated. And Plaintiff can suffer no future harm because the subject trade line for the Ink account has been deleted by Plaintiff's own admission. Dkt. 1, FCRA Complaint, par. 16. The Arbitration Appeal was initiated by Plaintiff before filing the instant action. Forcing Plaintiff to conclude his purported appeal before making this Court adjudicate the very same facts and issues will not harm

8

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Plaintiff in any way.

On the other hand, Chase will suffer substantial inequity in being required to litigate both the Arbitration Appeal and the FCRA Complaint at the same time. Rather than accept the findings of fact in the Award, Plaintiff seeks to relitigate those findings. By forcing Chase to continue with the instant action before resolution of the Arbitration Appeal, Chase faces the real possibility of conflicting rulings on the essential facts supporting Plaintiff's claims. The preclusive effect of the Award, once judicially confirmed, is undeniable. Chase should be able to have the benefit of the work already completed in the Arbitration come to final resolution before this Court takes up the very same facts.

Considering the "orderly course of justice", a stay makes the most sense. The issues, proof, and questions of law in the instant action will be substantially simplified by a stay. Resolution of the Arbitration Appeal and confirmation of a final award will have a preclusive effect on the instant action. The factual findings that underpin Plaintiff's claims will have been decided. Issues regarding proof of Plaintiff's claims will have been ruled on by the arbitrator(s) further simplifying adjudication of the claims in this action. All this leads to the conclusion that the questions of law presented in the instant action will be capable of quick determination by the Court since the facts will have already been determined.

There is no reason why the Arbitration Appeal cannot be resolved within a reasonable time, most likely within nine months. As discussed above, there is no urgency to Plaintiff's claims. Chase will work in good faith with Plaintiff and the AAA to resolve the Arbitration Appeal in an expeditious manner, consistent with its objection to the Arbitration Appeal's arbitrability. Chase maintains that the question of arbitrability is primary, and should resolve the Arbitration Appeal.

Having met all the factors necessitates a stay, Chase respectfully requests that the Court stay the proceedings in the instant action until resolution of the Arbitration Appeal.

9

## VI.    TRIAL CONTINUANCE

For the foregoing reasons, Chase believes that there is good cause for a stay, and continuance of the trial date and related dates on the Court's scheduling order. In the event that the Court, in its discretion, denies Chase's request for a stay, Chase respectfully requests that the Court continue the trial date and related dates on the Court's scheduling order.

There is good cause for a continuance of the discovery cut-off of October 31, 2023. The parties have yet to complete any depositions. Plaintiff has noticed two depositions. Chase intends to depose Plaintiff, and has sought clarification about the number of witnesses Plaintiff intends to use for emotional distress damages. Twelve witnesses have been identified and Chase should not have to depose all on the same issue. Chase has been attempting to subpoena the seven medical providers identified by Plaintiff, but has not yet been able to contact them all. In addition, the parties have outstanding issues with written discovery responses that still need to be resolved.

## VII.    CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court order proceedings in the instant action stayed until resolution of AAA Case No. 02-20-0015-1734 (the "Arbitration Appeal").

DATED: September 22, 2023          DYKEMA GOSSETT LLP

By: _____

ASHLEY R. FICKEL
ROBERT A. HYATT
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

008241.002262 4857-5222-3873.2

10

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR STAY AND TRIAL CONTINUANCE