**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458

*Attorneys for Plaintiff Joshua Johnson*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON, | No.: 2:22-cv-06718-AB-MAA |
| Plaintiff, | District Judge: Hon. André Birotte Jr. Magistrate: Judge Maria A. Audero |
| v. | **PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE** |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | Action Filed: Sept. 19, 2022<br>Trial Date: March 12, 2024<br>Date: October 20, 2023<br>Time: 10:00 a.m.<br>Courtroom 7B |

1

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................. 1

II.  RELEVANT FACTUAL BACKGROUND ....................................... 2

   A. Johnson Enters Into An Arbitration Agreement With Chase. ..................... 2

   B. Johnson Arbitrates A Dispute With Chase. .................................................. 3

   C. Chase Frustrates Johnson's Arbitration Appellate Rights And Refuses To
      Complete Timely The Arbitration Process. .................................................. 3

   D. Chase Refuses To Arbitrate The FCRA Action Presently Before The Court.
      ....................................................................................................................... 4

   E. This Case Proceeds For More Than A Year Before Chase Requests A Stay.
      ....................................................................................................................... 4

III. ARGUMENT ........................................................................................ 5

   A. Johnson Will Be Severely Damaged By The Open-Ended Stay Chase
      Requests. ....................................................................................................... 6

   B. Chase Will Not Suffer Any Hardship Or Inequity If It Proceeds. ............... 7

   C. The Arbitration Award Will Not Simplify This Case. ................................ 12

   D. Chase's Requested Stay Is A Dilatory Tactic. ........................................... 12

   E. Chase's Request For A Continuance Is Premature And Without Support In
      The Record. .................................................................................................. 12

IV. CONCLUSION .................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974) ...................................... 10

*Anderson v. Beland (In re Am. Exp. Fin. Advisors Sec. Litig.)*, 672 F.3d 113 (2d Cir.2011)............................................................................................................ 8

*Arizona v. California*, 530 U.S. 392, *supplemented*, 531 U.S. 1 (2000)................. 9

*Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313 (1971)................................................................................................................. 9

*Clark v. Bear Stearns & Co.*, 966 F.2d 1318 (9th Cir. 1992) .............................. 10

*CMAX v. Hall*, 300 F.2d 265 (9th Cir. 1962).................................................. 6, 7, 12

*Consumer Cellular, Inc. v. Consumeraffairs.com, Inc.*, No. 3:15-CV-01908-PK, 2016 WL 7242547 (D. Or. Dec. 13, 2016)......................................................... 7

*Consumer Cellular, Inc. v. ConsumerAffairs.com*, No. 3:15-CV-1908-PK, 2016 WL 7238919 (D. Or. Sept. 26, 2016) ................................................................. 7

*Costa v. Desert Palace, Inc.*, 299 F.3d 838 (9th Cir. 2002)................................. 10

*Fox v. GEICO Gen. Ins. Co.*, No. 13-CV-6436 MKB VVP, 2015 WL 5350243 (E.D.N.Y. Aug. 21, 2015)................................................................................. 8

*Golden Rule Fasteners, Inc. v. Oatey Co.*, No. 1:19CV341, 2019 WL 2330474 (N.D. Ohio May 31, 2019) .......................................................................... 6, 12

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) .............. 11

*Henderson v. United Student Aid Funds, Inc.*, No. 13-CV-1845, 2016 WL 5956041 (S.D. Cal. May 3, 2016)..................................................................... 6

*Howard v. Skolnik*, No. 2:08-CV-00728-GMN-GW, 2010 WL 5102251 (D. Nev. Dec. 8, 2010) .................................................................................................... 6

*Jackson v. Bunge Corp.*, 40 F.3d 239 (7th Cir. 1994) ......................................... 10

*Landis v. N. Am. Co.,* 299 U.S. 248 (1936)..................................................... 5, 8

OPPOSITION TO MOTION FOR STAY

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979)........ 7

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013)............. 11

*Miller v. Runyon*, 77 F.3d 189 (7th Cir.1996)........................................................ 9

*Nken v. Holder*, 556 U.S. 418 (2009)..................................................................... 5

*Robbins v. CitiMortgage, Inc.,* No. 16-CV-04732-LHK, 2017 WL 6513662 (N.D.
   Cal. Dec. 20, 2017).......................................................................................... 11

*Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2015 WL 12434307
   (S.D. Cal. Feb. 26, 2015).............................................................................. 6, 12

*Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823 (9th Cir. 2018) ............................. 10

*TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No.
   SACV1400341JVSANX, 2016 WL 7041172 (C.D. Cal. July 25, 2016).......... 10

*United States v. Vandewater Int'l Inc.*, No. 2:17-CV-04393-RGK-KS, 2020 WL
   4380951 (C.D. Cal. June 23, 2020) ............................................................... 7, 9

*Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002).................................................. 9

*Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000).................................................... 5, 8

## **Statutes**

15 U.S.C. § 1681s-2(b) ........................................................................................ 11

OPPOSITION TO MOTION FOR STAY

## I.   **INTRODUCTION**

After vigorously litigating this case for over a year, Defendant JPMorgan Chase Bank, N.A. ("Chase") is now asking the Court to stay Plaintiff Joshua Johnson's ("Johnson's") FCRA case.  Attempting to stall this case indefinitely, Chase now asserts that the subject matter of an unrelated appeal of an arbitration (which has been pending for 19 months) somehow overlaps with this dispute (filed more than one year ago), and that necessitates an open-ended stay while the arbitration appeal proceeds (or rather, continues not to proceed as Chase refuses to allow the appointment of arbitrators).  Chase's motion fails for several reasons.

*First*, Chase is disingenuous when it states that it is committed to completing the arbitration appeal in an "expeditious" matter.  *See* Dkt. 37 at 14:22-24.  If Chase was serious about completing the arbitration appeal, it would already be completed (or at very least, underway).  Instead, Chase disqualified the nine arbitrators appointed by the American Arbitration Association ("AAA") for contrived reasons in order to delay that proceeding, leaving the tripartite panel completely empty, 19 months after Johnson initiated the appeal.

And even now, in its moving papers, **Chase makes clear that it will not proceed with the arbitration appeal** pursuant to the Arbitration Agreement entered by the parties but only on terms that Chase finds satisfactory.  Endorsing this open-ended stay will deprive Johnson of a timely adjudication of his FCRA claim while evidence is lost and witnesses' memories continue to fade.  Moreover, this stay request is just another one of Chase's many dilatory tactics that it has utilized throughout this case (including refusing to arbitrate the FCRA claim and forcing Johnson to file this court action).

*Second*, Chase does not explain why it failed to file its motion for stay a year ago, when this litigation commenced.  Johnson has expended significant time, energy, and resources litigating this case over the last year.  It would be

OPPOSITION TO MOTION FOR STAY

inequitable now to press pause 11 days away from the discovery deadline—jointly agreed upon months ago—when the case has already been worked up for trial.

*Third*, Chase's justification for the stay—that when the Arbitration Award is confirmed, issue preclusion will apply to its findings—is a red herring.  Most obviously, the Arbitration Agreement explicitly provides that it will not have any preclusive effect outside of the arbitration.  "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue."  *See* Johnson Decl., Ex. 1.  Moreover, Chase failed to plead a collateral estoppel or issue preclusion affirmative defense in its answer, and the deadline for amending the pleadings has long expired.  *See* Dkt. 11 (answer); Dkt. 27 at 3 (amended scheduling order noting that last day to amend pleadings has passed).

For these reasons, Johnson respectfully requests that the Court deny Chase's motion for stay.

## II.   RELEVANT FACTUAL BACKGROUND

### A.   Johnson Enters Into An Arbitration Agreement With Chase.

On July 5, 2019, Chase amended Johnson's credit card agreement to include an arbitration agreement (the "Arbitration Agreement").  Johnson Decl., Ex. 1 at 6-7.  The Arbitration Agreement contained several relevant clauses, including the following:

- "[A]ll disputes between you and Chase must be resolved by BINDING ARBITRATION whenever you or we choose to submit or refer a dispute to arbitration."
- "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue."
- "A party can file a written appeal to the arbitration administrator

OPPOSITION TO MOTION FOR STAY

within 30 days after an award is issued.  The appeal will proceed before a panel of three neutral arbitrators designated by the same arbitration administrator.  That panel will consider all legal and factual issues anew, and make all decisions and awards by majority vote based on the documents and arbitration record without a hearing."

*Id.*

**B.      Johnson Arbitrates A Dispute With Chase.**

On September 30, 2020, Johnson caused a Demand for Arbitration to be filed with the AAA related to a billing dispute.  Johnson Decl. ¶ 4.  After the arbitration, on March 3, 2022, the arbitrator issued an award granting Johnson injunctive relief but no damages.  *Id; see also* Dkt. 37-1 (Hyatt Decl., Ex. B) at 115.  The Arbitration Award specifically carves out FCRA claims from the arbitration.  *Id.*

**C.      Chase Frustrates Johnson's Arbitration Appellate Rights And Refuses To Complete Timely The Arbitration Process.**

On March 4, 2022, Johnson filed a written appeal with the AAA, pursuant to the appellate rights in the Arbitration Agreement.  Johnson Decl. ¶ 5, Ex. 2. Chase, however, refused to pay the requisite fee and objected to the AAA's administration of the arbitration, arguing that an older arbitration agreement that contained no appellate rights governed.  Johnson Decl. ¶¶ 6-7, Exs. 3-4.  After soliciting briefs from both parties, the AAA "made the determination to proceed with the administration of the case."  Johnson Decl. ¶ 8, Ex. 5.

Chase then undermined and delayed the AAA's administration.  First, Chase filed a petition against Johnson in Los Angeles Superior Court which, among other things, asked the Court to enjoin him from exercising the appellate rights in the Arbitration Agreement.  Johnson Decl. ¶ 9; Dkt. 37-1 (Hyatt Decl.,

Ex. A) at 4.[1]  The Superior Court denied the petition on December 7, 2022. Johnson Decl. ¶ 19; Dkt. 37-1 (Hyatt Decl., Ex. C) at 119.

At the same time, Chase embarked on a campaign to disqualify any arbitrator appointed by the AAA.  In the 19 months since Johnson initiated the arbitration, Chase disqualified 9 arbitrators without any justifiable objections. Johnson Decl. ¶¶ 10-29, Exs. 6-20.  At one point, Chase admitted in its objection that the appointed arbitrator "has sufficient credentials," but disqualified him, nonetheless.  Johnson Decl. ¶ 24, Ex. 25.  Chase has refused to agree to any arbitrators to sit on the tripartite panel required by the Arbitration Agreement. Johnson Decl. ¶ 30; *see* Johnson Decl., Ex. 1 at 6-7.

**D.     Chase Refuses To Arbitrate The FCRA Action Presently Before The Court.**

On August 3, 2022, Johnson submitted a JAMS Arbitration Demand against Chase.  Russell Decl. ¶ 2, Ex. 1.  The claim at issue was the FCRA claim that forms the basis of this lawsuit currently before the Court.  *Id.*  Even though these claims are clearly governed by the parties' Arbitration Agreement, Chase objected to the demand for arbitration, arguing absurdly there was "no agreement between the parties for arbitration," and requested that JAMS dismiss or strike the demand.  Russell Decl. ¶ 4, Ex. 3.  On September 16, 2022, JAMS wrote that—because of Chase's objection—it was unable to proceed with the arbitration.  Russell Decl. ¶ 5, Ex. 4.  *See* Dkt. 1.

**E.     This Case Proceeds For More Than A Year Before Chase Requests A Stay.**

On September 19, 2022—the next court day following the JAMS dismissal of the arbitration demand—Johnson filed this action with the Court.  Dkt. 1.  In the Joint Report filed with the Court, Chase did not identify its intent to file a

---

[1] Filing the petition also violated the Arbitration Agreement, which required arbitration of claims for injunctive relief.  *See* Johnson, Ex. 1.

OPPOSITION TO MOTION FOR STAY

stay motion. *See* Dkt. 16. Over the course of the following year, the parties engaged in extensive discovery (including four informal discovery conferences before Magistrate Judge Audero) and a mediation. Russell Decl. ¶¶ 10-12. Johnson has noticed depositions of Chase's witnesses for October 11 and 13, 2023. *Id.* ¶ 8. Chase finally filed its motion for stay on September 22, 2023. Dkt. 37.

Importantly, the Answer Chase filed in November 2022 did not plead a collateral estoppel or issue preclusion affirmative defense, and Chase did not amend its answer to add such a defense. *See* Dkt. 11; *see also* Dkt. 17 (setting March 10, 2023 as the last day to amend pleadings); Dkt. 27 at 3 (amended scheduling order noting that last day to amend pleadings passed).

## III.   **ARGUMENT**

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotations and citations omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.* The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936).

The following factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to

go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Henderson v. United Student Aid Funds, Inc.*, No. 13-CV-1845, 2016 WL 5956041, at *2 (S.D. Cal. May 3, 2016) (denying stay based on *CMAX* factors).

Further, courts consider "whether the party seeking the stay has done so in good faith or for the purposes of delay." *Golden Rule Fasteners, Inc. v. Oatey Co.*, No. 1:19CV341, 2019 WL 2330474, at *2 (N.D. Ohio May 31, 2019) (citations and quotations omitted); *see also Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2015 WL 12434307, at *3 (S.D. Cal. Feb. 26, 2015) (examining whether moving party was "seeking a stay as a dilatory tactic"); *Howard v. Skolnik*, No. 2:08-CV-00728-GMN-GW, 2010 WL 5102251, at *1 (D. Nev. Dec. 8, 2010) (examining whether the stay is being requested "for purposes of delay").

### A.     Johnson Will Be Severely Damaged By The Open-Ended Stay Chase Requests.

The first factor the court considers is the "the possible damage which may result from the granting of a stay[.]" *CMAX*, 300 F.2d at 268.

For the past 19 months, Chase has held up the final determination of the arbitration, objecting to nine qualified arbitrators on spurious grounds. Most recently, just a month ago on August 25, 2023, Chase objected to the appointment of an arbitrator, on the grounds that "[b]ecause it cannot waive its objection to this proceeding, Chase has been placed between a rock and a hard place by the AAA's continued administration of this putative appeal of the Award." Johnson Decl., Ex. 30 ¶ 5.

Tellingly, Chase has not provided any evidence (*i.e.*, representations from its counsel or corporate representatives in a declaration) demonstrating a

6

OPPOSITION TO MOTION FOR STAY

commitment to ceasing its tactic of endlessly delaying the arbitration appeal by filing boilerplate arbitrator objections with the AAA. Chase's brief makes the reason for this omission clear. While Chase states that it "will work in good faith with Plaintiff and the AAA to resolve the Arbitration Appeal in an expeditious manner," it adds the caveat that it will only do so "consistent with its objection to the Arbitration Appeal's arbitrability." Dkt. 37 at 14. Thus, essentially, Chase admits that it will only accede to a process that it approves of, which is contrary to the Arbitration Agreement that Johnson agreed to. Accordingly, when Johnson demands that Chase honor its contractual obligations in the Arbitration Agreement, the two parties will likely continue to lock horns indefinitely. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.")

This open-ended stay will harm Johnson. Johnson "has an interest in the speedy resolution of this action and will be harmed by a lengthy stay." *United States v. Vandewater Int'l Inc.*, No. 2:17-CV-04393-RGK-KS, 2020 WL 4380951, at *2 (C.D. Cal. June 23, 2020); *see* Johnson Decl. ¶ 31. Moreover, "witness memory could be expected to fade during the period of such delay, the likelihood that evidence could be lost would necessarily increase at least marginally in consequence of such delay, and final resolution of the claim would inevitably be delayed." *Consumer Cellular, Inc. v. ConsumerAffairs.com*, No. 3:15-CV-1908-PK, 2016 WL 7238919, at *5 (D. Or. Sept. 26, 2016), *aff'd sub nom. Consumer Cellular, Inc. v. Consumeraffairs.com, Inc.*, No. 3:15-CV-01908-PK, 2016 WL 7242547 (D. Or. Dec. 13, 2016); *see* Johnson Decl. ¶ 32.

Accordingly, the "possible damage" *CMAX* factor favors Johnson.

**B.    Chase Will Not Suffer Any Hardship Or Inequity If It Proceeds.**

The second factor the Court considers is "the hardship or inequity which a

party may suffer in being required to go forward[.]" *CMAX*, 300 F.2d at 268. Because the stay Chase seeks is indefinite, it is required to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis*, 299 U.S. at 255; *see also Yong*, 208 F.3d at 1119 (9th Cir. 2000).

Chase fails to provide any evidence supporting its claim that it will suffer hardship if the litigation continues. *See* Dkt. 37-1. In its brief, however, Chase argues that it "will suffer substantial inequity in being required to litigate both the Arbitration Appeal and the FCRA Complaint at the same time." Dkt. 37 at 14:2-5. This cannot be true. One year ago, when this action was filed, Chase reviewed the Complaint and the Arbitration Award and, rather than moving for a stay, made the decision to litigate this case in the normal course for one year—including filing an answer, conducting discovery, and conducting a mediation—without even mentioning seeking a stay. Indeed, Chase failed to even identify this motion in the Joint Report filed with the Court. *See* Dkt. 16.

Rather, it would be inequitable now—after Johnson litigated this case for a year—to force him to stay the case indefinitel. *See* Johnson Decl. ¶¶ 31-32. To cite one of the oldest rules of equity, Chase should be estopped from suddenly switching tactics from aggressively defending this case on the merits to seeking a stay after one year.

*Second*, even if the arbitration ever concludes, any findings will not have any preclusive effect. This is because the Arbitration Agreement—drafted by Chase—states so expressly: "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." Johnson Decl., Ex. 1 at 6. Courts have enforced similar "anti-preclusion" language in other arbitration agreements where a party was trying to apply collateral estoppel in another forum. *See Fox v. GEICO Gen. Ins. Co.*, No. 13-CV-6436 MKB VVP, 2015 WL 5350243, at *3–5 (E.D.N.Y. Aug. 21, 2015),

OPPOSITION TO MOTION FOR STAY

*report and recommendation adopted*, No. 13-CV-6436 MKB VVP, 2015 WL 5334413 (E.D.N.Y. Sept. 14, 2015); *see also Anderson v. Beland (In re Am. Exp. Fin. Advisors Sec. Litig.*), 672 F.3d 113, 133 (2d Cir.2011) ("Given the contractual nature of arbitration, it can be argued that the preclusive effect of either a judicial judgment or an arbitration award on a subsequent arbitration should depend on what the parties agreed to.") (*internally quoting Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir.1996), *cert. denied*, 519 U.S. 937 (1996)).

Moreover, Chase failed to plead a collateral estoppel or issue preclusion affirmative defense. *See* Dkt. 11; Dkt. 17 (setting March 10, 2023 as the last day to amend pleadings); Dkt. 27 at 3 (amended scheduling order noting that last day to amend pleadings has passed). *See also Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 350 (1971) (defendant relying on a collateral estoppel as a defense must plead it as an affirmative defense). Accordingly, it has waived the ability to raise such a defense in this case. *Arizona v. California*, 530 U.S. 392, 410, *supplemented*, 531 U.S. 1 (2000).[2]

*Third*, there is not a high likelihood that the Arbitration Award will be confirmed. The Arbitration Agreement calls for *de novo* review of the award, where the "panel will consider all legal and factual issues anew[.]" Johnson Decl., Ex. 1 at 6. This Court should "not risk a delay of such extended and potentially indefinite duration based on the chance that" Chase will prevail on a *de novo* appeal. *Vandewater Int'l Inc.*, 2020 WL 4380951, at *2. Chase's success on the appeal is not automatic, and indeed requires all the issues to be litigated anew.

---

[2] In its Answer, Chase pleaded the following "estoppel" affirmative defense: "By virtue of Plaintiff's acts, omissions, carelessness and negligence, and by virtue of his conduct, Plaintiff is estopped from recovering any damages against Chase." Dkt. 11 at 6. This defense refers to the affirmative defense of "equitable estoppel." *See Wenger v. Monroe*, 282 F.3d 1068, 1077 n.8 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002).

OPPOSITION TO MOTION FOR STAY

*Fourth*, even if the Court declined to apply the anti-preclusion language in the Arbitration Agreement and the Arbitration Award was confirmed, there is no guarantee that the Court would determine that collateral estoppel applies.[3] Collateral estoppel only applies when a Court determines that the issue decided in the arbitration and the issue litigated in court are "identical" for purposes of issue preclusion. *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828–29 (9th Cir. 2018). To undertake this analysis, courts review the **entire** record of the first proceeding. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). When reviewing the record, courts consider the following four factors:

> (1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

> (2) Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

> (3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

> (4) How closely related are the claims involved in the two proceedings?

*Stein*, 906 F.3d at 828–29.

Here, the Court cannot undertake the analysis required by *Clark* because Chase has failed to provide the full record. *See* Dkt. 37-1. Regardless, a review

---

[3] For that matter, admission of the arbitration award into evidence is not automatic. "A trial court has the discretion to admit an arbitration decision into evidence and to accord it such weight as is deemed appropriate, but there is no requirement that the court must allow an arbitration decision to be admitted at all." *Jackson v. Bunge Corp.*, 40 F.3d 239, 246 (7th Cir. 1994) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 60 (1974)). *See also Costa v. Desert Palace, Inc.*, 299 F.3d 838, 863 (9th Cir. 2002) (not abuse of discretion for trial court to exclude arbitrator's decision under a hearsay objection); *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. SACV1400341JVSANX, 2016 WL 7041172, at *2–3 (C.D. Cal. July 25, 2016) (excluding arbitration award).

OPPOSITION TO MOTION FOR STAY

of the Arbitration Award still demonstrates that collateral estoppel should not apply. The arbitrator framed the arbitration as consisting of two issues: (a) was there an agreement between Chase and Johnson whereby Chase *agreed* to link John's Chase Ink credit card account with a previous personal account and did Chase breach that agreement; and (b) was there an *agreement* between Chase and Johnson whereby the parties agreed that Johnson would pay off his entire balance for $111.49.

Johnson's FCRA claim is entirely different from the contract claims litigated in the arbitration. Johnson's FCRA claim focuses on whether Chase's credit reporting was incomplete, misleading, or could not be verified. 15 U.S.C. § 1681s-2(b); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009); *Robbins v. CitiMortgage, Inc.,* No. 16-CV-04732-LHK, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017). Thus, whether the parties reached agreement regarding whether Johnson would pay off his entire balance for $111.49 is not the critical question. Regardless, it would be misleading for Chase to report someone like John—who *attempted* to pay off his balance and would have done so but for a mistake—the same as someone who intentionally shirked their obligations to repay a loan.

Indeed, "the FCRA's requirement that furnishers of information correct 'incomplete or inaccurate' information extends not only to false information, which is clearly inaccurate, but to information provided in such a manner as to create a materially misleading impression as well." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1186 (10th Cir. 2013) (internal citations and quotations omitted). Thus, "a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." *Gorman*, 584 F.3d at 1163 (quotations and citations omitted).

For these reasons, the second *CMAX* factor favors Johnson.

OPPOSITION TO MOTION FOR STAY

**C.      The Arbitration Award Will Not Simplify This Case.**

For the third factor, the Court determines how granting the stay will impact "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.  As explained above, in Section III.C, *supra,* the Arbitration Award will not have any preclusive effect in this case.  Accordingly, this factor also favors Johnson.

**D.      Chase's Requested Stay Is A Dilatory Tactic.**

Further, courts consider "whether the party seeking the stay has done so in good faith or for the purposes of delay." *Golden Rule Fasteners, Inc.*, 2019 WL 2330474, at \*2; *see also Rodriguez*, 2015 WL 12434307, at \*3 (examining whether moving party was "seeking a stay as a dilatory tactic."  As explained in Section III.A., *supra*, Chase has made a mockery of the arbitration appeal by rejecting nine qualified arbitrators for specious reasons.  And Chase makes clear in its brief that it will only proceed with the arbitration appeal on its own terms; not the contractual terms agreed upon by the parties.  *See* Dkt. 37 at 14:20-25.

Chase's dilatory behavior is reinforced by the fact that this case is only in this Court because it refused to arbitrate it, even though the Arbitration Agreement clearly applies to Johnson's FCRA claim.  *See* Russell Decl. ¶¶ 2-8, Exs. 1-5.  Accordingly, this factor again favors denying the stay motion.

**E.      Chase's Request For A Continuance Is Premature And Without Support In the Record.**

This Court provides very specific rules regarding continuances:

> Continuances are granted only on a showing of good cause. Requests for continuances must be by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance. The declaration also should include whether there have been any previous requests for continuances and whether these requests were granted or denied by the Court.

---

12

OPPOSITION TO MOTION FOR STAY

Hon. André Birotte Jr. Law and Motion Schedule, *available at* https://www.cacd.uscourts.gov/honorable-andré-birotte-jr (last accessed September 26, 2023).

Here, the moving party's declaration fails to provide any showing "reasons for the requested continuance," or even how long of a continuance it requests. *See* Dkt. 37-1.  In its moving papers, Chase argues that that there is "good cause for continuance of the discovery cut-off of October 31, 2023" because "the parties have yet to complete any depositions."  DKT 37 at 15:7-8.  Plaintiff, however, has diligently pursued depositions of Chase witnesses and expects to complete them by no later than October 13, 2023.  Russell Decl. ¶ 8.

While Chase recites other tasks that need to be completed before the cutoff, as of the time of the filing of Chase's motion, there was well over a month to complete these tasks (including deposing witnesses, all of which were disclosed almost a year ago in the Initial Disclosures).  *See* Russell Decl., Ex. 6.  Accordingly, at this time this request is premature and fails to satisfy the required "good cause" showing.

Johnson does not object to minor changes to the discovery schedule and is happy to meet-and-confer with Chase on individual requests.  There is, however, no justification for a blanket, open-ended continuance of the fact discovery cutoff, which would necessarily interfere with the other upcoming dates scheduled by the Court.

## IV.   CONCLUSION

For the foregoing reasons, Johnson respectfully requests that this Court deny Plaintiff's motion for stay and trial continuance.

DATED: September 29, 2023          Respectfully submitted,

*/s/ L. David Russell*
**RUSSELL LAW, PC**

*Attorneys for Plaintiff Joshua Johnson*

13