**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458

*Attorneys for Plaintiff Joshua Johnson*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

No.: 2:22-cv-06718-AB-MAA

District Judge: Hon. André Birotte Jr.
Magistrate: Judge Maria A. Audero

**DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE**

Action Filed: Sept. 19, 2022
Trial Date: March 12, 2024
Date: October 20, 2023
Time: 10:00 a.m.
Courtroom 7B

# DECLARATION OF JOSHUA JOHNSON

I, Joshua Johnson, declare as follows:

1. I am the Plaintiff in the above-captioned case and this declaration is made in support of my Opposition to Motion for Stay and Trial Continuance in the above-captioned case.

2. I have personal knowledge of the facts set forth in this declaration, known by me to be true and correct, and if called upon to testify in a court of law to the facts stated herein, I could and would competently testify pursuant to this declaration.

3. On **June 5, 2019**, JPMorgan Chase Bank, N.A. ("Chase") amended my credit card agreement to include an arbitration agreement (the "Arbitration Agreement"). A true and correct copy of the relevant email with the arbitration agreement is attached as Exhibit 1 and incorporated herein. Among other things, the Arbitration Agreement states the following:

a. "[A]ll disputes between you and Chase must be resolved by BINDING ARBITRATION whenever you or we choose to submit or refer a dispute to arbitration."

b. "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue."

c. "A party can file a written appeal to the arbitration administrator within 30 days after an award is issued. The appeal will proceed before a panel of three neutral arbitrators designated by the same arbitration administrator. That panel will consider all legal and factual issues anew, and make all decisions and awards by majority vote based on the documents and arbitration record without a hearing."

4. On **September 30, 2020**, I caused a Demand for Arbitration to be filed with the American Arbitration Association ("AAA") related to claims I had with Chase. I represented myself in the arbitration while Chase was represented by two attorneys employed by a national law firm, Dykema Gossett LLP. The Award of Arbitrator, which granted me injunctive relief but no damages, is attached to Mr. Hyatt's declaration as Exhibit B. *See* Dkt. 37-1 at 115. The Arbitration Award specifically carves out FCRA claims from the arbitration.

5. On **March 4, 2022**, I filed a written appeal with the AAA, pursuant to the appellate rights in the Arbitration Agreement attached to this Declaration as Exhibit 1. The associated AAA case number is 02-20-0015-1734 (the "Appeal"). A true and correct copy of the relevant email is attached as Exhibit 2 and incorporated herein.

6. On **April 6, 2022**, the AAA wrote that "[t]he Consumer Arbitration Rules have been applied to [the Appeal]", "$425.00 is now due from the Business", and "**<u>[p]ayment is due thirty days from the date of this letter, on or before May 6, 2022</u>**". The AAA sent an invoice ("Invoice 1"), marked "due upon receipt", to Chase. A true and correct copy of the relevant email and invoice is attached as Exhibit 3 and incorporated herein.

7. On **April 20, 2022**, Chase wrote that "the AAA is without jurisdiction to require any payments, appoint any arbitrator(s) or to pursue any act in administration of this claim," arguing that a different arbitration agreement governed that "contains no appellate rights." A true and correct copy of the relevant email is attached as Exhibit 4 and incorporated herein.

8. On **May 9, 2022**, AAA wrote that "[a]fter reviewing the parties respective positions regarding the jurisdiction of this matter, **<u>the AAA has made the determination to proceed with the administration of this case</u>**." A true and correct copy of the relevant email is attached as Exhibit 5 and incorporated herein.

9. On **May 27, 2022**, 51 days after the commencement of administration, Chase filed a lawsuit against me in the Superior Court of the State of California in the County of Los Angeles (the "Lawsuit"), which asked the Court to enjoin me from exercising the appellate rights in the Arbitration Agreement. The lawsuit is attached to Mr. Hyatt's declaration as Exhibit A. *See* 37-1 at 4.

10. On **July 7, 2022**, the AAA "**made an administrative appointment** of Janice L. Sperow and Hon. Michael J. Seng to serve as arbitrator[s]." A true and correct copy of the relevant email, Sperow's resume, and Seng's resume are attached as Exhibits 6, 7, and 8, respectively. They are incorporated herein.

11. On **July 22, 2022**, Chase "**request[ed] that Ms. Sperow be disqualified**." A true and correct copy of the relevant email is attached as Exhibit 9 and incorporated herein.

12. On **July 29, 2022**, the AAA "**made an administrative appointment** of Irene M Guimera to serve as arbitrator." A true and correct copy of the relevant email and of Guimera's resume are attached as Exhibits 10 and 11, respectively, and incorporated herein.

13. On **August 4, 2022**, Chase wrote that it "objects to the appointment of the Hon. Michel Seng and **requests that he otherwise be disqualified and that he not be appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 12 and incorporated herein.

14. On **August 12, 2022**, Chase wrote that it "**requests that Ms. Guimera be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 13 and incorporated herein.

15. On **September 26, 2022**, AAA wrote that "[i]n accordance with the California Arbitration Law (C.C.P. §1281.91), the three proposed neutral arbitrators [Sperow, Seng, & Guimera] are disqualified." A true and correct copy

of the relevant email is attached as Exhibit 14 and incorporated herein.

16. On **October 14, 2022**, the AAA "**made an administrative appointment** of Hon. Anita Rae Shapiro to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 15 and incorporated herein. A true and correct copy of Shapiro's resume is attached as Exhibit 16 and incorporated herein.

17. On **October 28, 2022**, Chase wrote that it "**requests that Hon. Anita Rae Shapiro be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 17 and incorporated herein. Shapiro did not have knowledge of the Lawsuit.

18. On **November 11, 2022**, the AAA wrote that "the proposed neutral arbitrator, Hon. Anita Shapiro, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 18 and incorporated herein.

19. On **December 7, 2022**, the Court denied Chase's Los Angeles Superior Court Chase's Petition. A copy of the order is attached to Mr. Hyatt's declaration. *See* 37-1 at 119.

20. On **February 13, 2023**, the AAA "**made an administrative appointment of Lori B. Sanford to serve as arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 19 and incorporated herein. A true and correct copy of Sanford's resume is attached as Exhibit 20 and incorporated herein.

21. On **February 28, 2023**, Chase wrote that it "**requests that Ms. Lori Sanford be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 21 and incorporated herein.

22. On **March 9, 2023**, the AAA wrote that "the proposed neutral arbitrator, Lori B. Sanford, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 22 and incorporated herein.

23. On **March 28, 2023**, the AAA "**made an administrative appointment** of Robert G. Badal to serve as arbitrator" A true and correct copy of the relevant email is attached as Exhibit 23 and incorporated herein. A true and correct copy of Badal's resume is attached as Exhibit 24 and incorporated herein.

24. On **April 12, 2023**, Chase wrote that it "**believes Badal has sufficient credentials" but nevertheless "requests that Mr. Robert G. Badal be disqualified and not appointed as an arbitrator"**. A true and correct copy of the relevant email is attached as Exhibit 25 and incorporated herein.

25. On **May 9, 2023**, the AAA wrote that "the proposed neutral arbitrator, Robert G. Badal, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 26 and incorporated herein.

26. On **May 17, 2023**, the AAA "**made an administrative appointment** of Sanford Jossen to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 27 and incorporated herein.

27. On **June 1, 2023**, Chase wrote that it "**requests that Sanford Jossen be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 28 and incorporated herein.

28. On **August 10, 2023**, the AAA "**made an administrative appointment** of Gregory B. Wood to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 29 and incorporated herein.

29. On **August 25, 2023**, Chase wrote that "Mr. Gregory Wood should not be appointed as an arbitrator" for the Appeal. A true and correct copy of the relevant email is attached as Exhibit 30 and incorporated herein.

30. Currently, Chase has not approved of any arbitrators that the AAA has appointed. The three neutral panel required by the Arbitration Agreement is completely empty and, as a result, the arbitration proceedings have not commenced in any meaningful way.

31. I have pursued this FCRA claim in this Court, at considerable expense, time, and effort, for the past year. It is unfair that, after one year, Chase simply asks the Court to hit the "pause" button after all this effort, including the time of the Magistrate Judge resolving discovery disputes. This is especially true because, in the intervening year, Chase's objections to the appointment of arbitrators in the arbitration appeal have meant that the arbitration appeal has not progressed at all.

32. If the stay is implemented, my case will be injured as evidence will likely be lost and witness memories will fade.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2023 in San Diego, California.




__/s/ Joshua Johnson________

Joshua Johnson

# EXHIBIT 1

Gmail Joshua Johnson <josh@jj88.org>

# Important information regarding changes to your Chase account

1 message

**Chase** <Chase@e.chase.com> Wed, Jun 5, 2019 at 10:18 AM
Reply-To: "Chase@e.chase.com" <Chase-HP2v40000016b28a5c42a9cbc84f4bbe5be50089@e.chase.com>
To: josh@jj88.org

**Email Security Information:**

**Email intended for: Joshua Johnson**

**Chase Freedom® credit card ending in 5301**

If you have concerns about the authenticity of this message, please visit chase.com/CustomerService for options on how to contact us.

## Important Changes to Your Account Terms

**Notice:** Your Cardmember Agreement and associated Rewards Program Agreement (if any) were assigned to JPMorgan Chase Bank, N.A., as successor by merger to Chase Bank USA, N.A., on **05/18/2019**. Furthermore, beginning **05/18/2019** all references to Chase Bank USA, N.A. in your Guide to Benefits and any additional account agreements and documents shall be read as JPMorgan Chase Bank, N.A.

**Summary of changes to your account terms effective 8/8/2019.**

- The description of the Minimum Payment calculation found under your Cardmember Agreement Rates and Fees Table is changing to **a minimum of $35** and to include unique payment obligations in connection with Flexible Financing Offers.
- We are introducing two new features, My Chase Loan℠ and My Chase Plan℠, under which Flexible Financing Offers may be available to you from time to time, subject to the new rates and fees and Cardmember Agreement terms described below.
- A binding arbitration provision is added and the Military Lending Act Notice is revised accordingly. **YOU CAN REJECT THE BINDING ARBITRATION AGREEMENT. YOU MUST MAIL YOUR REJECTION TO US BY 8/7/2019. PLEASE SEE THE END OF THIS NOTICE FOR INSTRUCTIONS**

**Details on the changes to your account, effective 8/8/2019.**

1. Your Cardmember Agreement Rates and Fees Table is amended as follows:

**Revised Terms as of 8/8/2019**

**INTEREST RATES AND INTEREST CHARGES**

| | |
|---|---|
| ***My Chase Loan* Annual Percentage Rate (APR)** | **17.24%**. This APR will vary with the market based on the Prime Rate.[a]<br><br>Promotional offers with fixed APRs and varying durations may be available from time to time on some accounts. |
| **Paying interest** | Your due date will be a minimum of 21 days after the close of each billing cycle. We will not charge you interest on new purchases if you pay your entire balance or Interest Saving Balance by the due date |

DocuSign Envelope ID: D7AEC122-CF86-4AF8-86CE-3EB4FD3ACDA1

| | |
|---|---|
| | each month. We will begin charging interest on balance transfers and cash advances on the transaction date. |

**FEES**

| | |
|---|---|
| ***My Chase Plan* Fee (fixed finance charge)** | **1.72%** of the amount of each purchase transaction selected to create a *My Chase Plan*. The *My Chase Plan* Fee will be determined at the time each *My Chase Plan* is created and will remain the same until the *My Chase Plan* balance is paid in full.[c] |

**ADDITIONAL INFORMATION ABOUT THESE CHANGES**

[a] ***My Chase Loan* APR:** We add **11.74%** to the Prime Rate to determine the *My Chase Loan* APR. Variable APRs are based on the highest U.S. prime rate published in the Money Rates section of *The Wall Street Journal* two business days (not weekends or federal holidays) before your statement closing date. The U.S. prime rate is currently **5.50%** as of **5/8/2019**. The daily periodic rate is **0.04723%**.

[c] ***My Chase Plan Fee***. The *My Chase Plan* Fee is calculated at the time each plan is created and is based on the amount of each purchase transaction selected to create the plan, the number of billing periods you choose to pay the balance in full, and other factors. The monthly and aggregate dollar amount of your *My Chase Plan* Fee will be disclosed during the activation of each *My Chase Plan*.

**2.** The description of Minimum Payment found under your Cardmember Agreement Rates and Fees Table is changed to read as follows:

**Minimum Payment:** We will calculate the minimum payment as:

1) Any past-due amounts; **PLUS**
2) Any special payment obligations in connection with Flexible Financing Offers which require repayment of the balance over a pre-selected number of billing periods; **PLUS**
3) The larger of:
   a) $35 (or total amount you owe if less than $35); or
   b) The sum of:
      i. 1% of the new balance (excluding any Flexible Financing Offer balances which require special payment obligations to ensure repayment of the balance over a pre-selected number of billing periods), **PLUS**
      ii. any periodic interest charges and late fees we have billed you on the statement for which your minimum payment is calculated.

**3. IMPORTANT DEFINITIONS**

The *Important Definitions* section of your Cardmember Agreement is amended to include two new terms, *Interest Saving Balance* and *Flexible Financing Offers*, as follows:

| TERM | WHAT IT MEANS |
|---|---|
| **Interest Saving Balance** | When you take advantage of Flexible Financing Offers, we will not charge you interest on new purchases if you pay your entire Interest Saving Balance by the due date each month.<br><br>If your Interest Saving Balance for any billing cycle is less than your minimum payment due, your Interest Saving Balance amount will reflect your minimum payment due to avoid a late fee. |

| | |
|---|---|
| | If you take advantage of Flexible Financing Offers, like those available with *My Chase Loan* and *My Chase Plan*, you can pay those balances over time based on their offer terms and still avoid additional interest charges on new purchases. |

**4. USING YOUR CARD**

We are adding *My Chase Loan* and *My Chase Plan* to your account. These are two new features under which Flexible Financing Offers may be available to you from time to time. Therefore, the *Using Your Card* section of your Cardmember Agreement is amended to include two new transaction types, *My Chase Loan* and *My Chase Plan* as follows:

| TRANSACTIONS | WHAT IT MEANS TO YOU | OUR RESPONSIBILITY |
|---|---|---|
| My Loan | If eligible, you may use the *My Chase Loan* feature to obtain cash as an electronic deposit into an eligible bank account held by a financial institution located in the United States by accepting a *My Chase Loan* offer. Each offer will include a *My Chase Loan* APR and the number of billing periods it will take to pay the *My Chase Loan* balance in full by making regular payments each monthly billing period.<br><br>Your ability to create a *My Chase Loan* balance is based on a variety of factors, such as your creditworthiness, your credit limit, and your past account behavior. You will not be able to create a *My Chase Loan* balance if you enroll in a debt management program or if your account is closed or in default.<br><br>*My Chase Loan* transactions are not Cash Advances or Balance Transfers. *My Chase Loan* provides Flexible Financing Offers. Therefore, when you have a *My Chase Loan* balance on your account, we will not charge you interest on new purchases if you pay your entire Interest Saving Balance by the due date each month. | At our discretion, we may make *My Chase Loan* available to you; we may decline a *My Chase Loan* transaction for any reason. |
| My Plan | If eligible, you may use the *My Chase Plan* feature through Chase.com or the Chase Mobile App to create, from recent eligible purchase transactions, a *My Chase Plan* balance with set repayment terms, subject to the *My Chase Plan* Fee. From the available offers, you select how many billing periods it will take to pay the *My Chase Plan* balance in full by making regular payments each monthly billing period. For each billing period during which there is a balance in the *My Chase Plan*, you will be charged the *My Chase Plan* Fee, rather than interest under the Purchase APR.<br><br>An eligible purchase transaction for | At our discretion, we may make *My Chase Plan* available to you; we may decline a *My Chase Plan* transaction for any reason. |

| | |
|---|---|
| | *My Chase Plan* is a purchase of at [illegible]cified dollar amount but may not include certain purchase transactions, such as cash-like transactions and any fee owed to us, including Annual Membership Fees. Cash advance, balance transfer and *My Chase Loan* transactions are not eligible for *My Chase Plan*.<br><br>Your ability to create a *My Chase Plan* balance is based on a variety of factors, such as your creditworthiness, your credit limit, and your account behavior. You will not be able to create a *My Chase Plan* balance if you enroll in a debt management program or if your account is closed or in default.<br><br>When you have a *My Chase Plan* balance on your account, we will not charge you interest on new purchases if you pay your entire Interest Saving Balance by the due date each month. |

## 5. PAYING US BACK

- The second bullet under "What it Means to You" for the *Interest-Free Period on Purchases* within the *Paying Us Back* section of your Cardmember Agreement is amended to include a reference to Interest Saving Balance, as follows:
  - Your account is in an interest-free period when you pay your New Balance or Interest Saving Balance, as shown on your statement, every month by the due date and time. During this period, you will not pay interest on new purchases.
- The "What it Means to You" column for *Payment Allocation* under the *Paying Us Back* section of your Cardmember Agreement is amended in its entirety to read as follows:
  - When you make a payment, generally, we first apply your minimum payment to the monthly obligation for any Flexible Financing Offer balances with special payment obligations which require repayment of the balance over a pre-selected number of billing periods, and then to the balance on your monthly statement with the lowest APR.
  - Any payment above your minimum payment would generally then be applied to the balance on your monthly statement with the highest APR first.
  - If you do not pay your New Balance or Interest Saving Balance, as shown on your statement, in full each month, you may not be able to avoid interest charges on new purchases.

## 6. ABOUT OUR RELATIONSHIP

- The *About Our Relationship* section of your Cardmember Agreement is amended to include a new section titled Binding Arbitration as follows:

| **IMPORTANT INFORMATION** | **WHAT IT MEANS** |
|---|---|
| **Binding Arbitration** | Unless you timely reject the agreement to arbitrate, disputes with us may be resolved by binding arbitration. With arbitration, you cannot go to court, have a jury trial or initiate or participate in a class action for your dispute(s) with us. In arbitration, disputes are resolved by an arbitrator, not a judge or jury, and procedures are simpler and more limited |

than rules applicable in court.

Please see the *Arbitration Agreement* section for more details, including instructions for how to reject the agreement to arbitrate.

- The *Military Lending Act* Notice within the *About Our Relationship* section of your Cardmember Agreement is amended by replacing the second to last sentence with the following:

  If you are covered by the Military Lending Act, (i) then you are not bound by the Arbitration Agreement below, and (ii) notwithstanding anything to the contrary in this agreement, to the extent required by the Military Lending Act, nothing in this agreement will be deemed a waiver of the right to legal recourse under any otherwise applicable provision of state or federal law.

**7. INTEREST CHARGES**

With the introduction of *My Chase Loan*, the description of when we add transactions and fees to your daily balance within the *Interest Charges* section of your Cardmember Agreement is amended as follows:

"We add transactions and fees to your daily balance no earlier than:

- For new purchases, balance transfers, cash advances or *My Chase Loans* - the date of the transaction.
- For new cash advance checks or balance transfer checks - the date the payee deposits the check.
- Fees - either on the date of a related transaction, the date they are posted to your account, or the last day of the billing cycle, whichever we may choose."

**8. ARBITRATION AGREEMENT**

A new section titled *Arbitration Agreement* is hereby added to the end of the agreement as follows (following the section titled *Your Billing Rights*):

**ARBITRATION AGREEMENT**
**PLEASE REVIEW-IMPORTANT-AFFECTS YOUR LEGAL RIGHTS**

This arbitration agreement provides that all disputes between you and Chase must be resolved by BINDING ARBITRATION whenever you or we choose to submit or refer a dispute to arbitration. By accepting this arbitration agreement you GIVE UP YOUR RIGHT TO GO TO COURT (except for matters that may be taken to a small claims court). Arbitration will proceed on an INDIVIDUAL BASIS, so class actions and similar proceedings will NOT be available to you.

YOU HAVE THE RIGHT TO REJECT THIS AGREEMENT TO ARBITRATION, BUT IF YOU WISH TO REJECT IT, YOU MUST DO SO PROMPTLY. If you do not reject this agreement to arbitration by **8/7/2019** in the manner set forth below, then:

* In arbitration, your rights will be determined by a NEUTRAL ARBITRATOR and NOT A JUDGE OR JURY.

* The procedures in arbitration are simpler and more limited than rules applicable in court.

* Arbitrator decisions are subject to VERY LIMITED REVIEW BY A COURT.

If you do not reject this agreement by **8/7/2019**, you or we may elect to resolve any Claim by arbitration.

For purposes of this agreement to arbitrate, "you" includes any co-applicant or authorized user on your account, or anyone else connected with you or claiming through you; and "we" or "us" includes JPMorgan Chase Bank,

N.A. and Chase Bank USA. N.A., all of their parents, subsidiaries, affiliates, [illegible] employees, and related persons or entities and all third parties who are regarded as agents or representatives of us in connection with the account, or the subject matter of the claim or dispute at issue.

All claims or disputes between you and us about or relating in any way to your account, any prior account, your cardmember agreement with us (including any future amendments), any prior cardmember agreement, or our relationship are referred to as "Claims" for purposes of this agreement to arbitrate. Claims include, for example, claims or disputes arising from or relating in any way to transactions involving your account; any interest, charges, or fees assessed on your account; any service(s) or programs related to your account; any communications related to your account; and any collection or credit reporting of your account. Claims also include claims or disputes arising from or relating in any way to advertising and solicitations, or the application for, approval, or establishment of your account. Claims are subject to arbitration regardless of whether they are based on contract, tort, statute, regulation, common law or equity, or whether they seek legal or equitable remedies. All Claims are subject to arbitration whether they arose in the past, may currently exist, or may arise in the future. Arbitration will apply even if your account is closed, sold, or assigned; you pay us in full any outstanding debt you owe; or you file for bankruptcy. In the event that your account is sold and/or assigned, we retain our right to elect arbitration of Claims by you and you retain your right to elect arbitration of Claims by us.

* If you are covered by the Military Lending Act, then you are not bound by this arbitration agreement, and to the extent required by the Military Lending Act, nothing in this agreement will be deemed a waiver of the right to legal recourse under any otherwise applicable provision of state or federal law.

The only other exception to the arbitration requirement is that you have the right to file and pursue a Claim in a small claims court instead of arbitration if the Claim is in that court's jurisdiction and proceeds on an individual basis.

If you initiate a Claim in arbitration, no changes to the terms of this agreement to arbitrate that are made after we receive your Claim will apply to that Claim.

This agreement to arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

***Can I (the customer) reject this agreement to arbitrate?***

Yes. You have the right to reject this agreement to arbitrate if you notify us no later than **8/7/2019**. You must do so in writing by stating that you reject this agreement to arbitrate and include your name, account number, address and personal signature. Your notice must be mailed to us at P.O. Box 15298, Wilmington, DE 19850-5298. Rejection notices sent to any other address, or sent by electronic mail or communicated orally, will not be accepted or effective.

***What about class actions or representative actions?***

Individuals sometimes seek to bring lawsuits on behalf of other, similarly situated individuals. This is often called a class action. Class actions, other similar representative procedures, and consolidation of Claims (except for claimants on the same account) are *not* available under this agreement to arbitrate. Claims in arbitration will proceed only on an individual basis. Additionally, you may not join your claims with other persons on other accounts in the arbitration; each person must arbitrate his or her own claims separately.

UNLESS YOU REJECT THIS AGREEMENT TO ARBITRATE, YOU AND [illegible] T TO ASSERT OR PARTICIPATE IN A CLASS ACTION, OR ANY REPRESENTATIVE OR CONSOLIDATED PROCEEDING IN COURT OR IN ARBITRATION.

The arbitrator shall have no authority to entertain any Claim as a class action or on any other similar representative basis, nor shall the arbitrator have any authority to consolidate Claims brought by separate claimants (except for claimants on the same account). To be clear, this means that the arbitrator also shall have no authority to make any award for the benefit of, or against, any person other than the individual who is the named party. If these terms prohibiting class, representative, or consolidation procedures are held to be legally unenforceable for any reason with respect to a Claim, then the Claim must be handled through litigation in court instead of by arbitration.

***How does arbitration work?***

Arbitration is different from a lawsuit in state or federal court. Arbitration is conducted by private organizations that specialize in alternative dispute resolution, and is conducted before a neutral arbitrator instead of a judge or jury. Arbitration procedures are generally simpler and more informal than court procedures. For example, discovery is more limited in arbitration than in court. Also, arbitrator decisions are subject to only limited review by courts. As discussed above, certain rights that you may have in court are not available in arbitration. At the same time, in arbitration you are entitled to recover attorneys' fees from us to the same extent as you would be in court.

Under this agreement to arbitrate, the party filing a Claim must select either Judicial Arbitration and Mediation Services ("JAMS") or the American Arbitration Association ("AAA") as the arbitration administrator. You can learn more about these organizations online, at the addresses provided below. Each of these organizations will apply its code of procedures in effect at the time the arbitration claim is filed. If there is a conflict between that code of procedures and this arbitration provision and/or any sections of this agreement, this arbitration provision and/or this agreement will control. In the event that JAMS or the AAA is unable or unwilling to handle the Claim for any reason, then the matter shall be arbitrated instead by a neutral arbitrator selected by agreement of the parties (or, if the parties cannot agree, selected by a court in accordance with the Federal Arbitration Act).

A single arbitrator designated by the arbitration administrator will decide the Claim under applicable law. The arbitrator is bound by the terms of this agreement to arbitrate. All issues are for the arbitrator to decide, except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide. The arbitrator will honor all claims of privilege recognized by law. Subject to the prohibition on class, representative, and consolidation procedures set forth above, the arbitrator will have the power to award to a party any damages or other relief provided for under applicable law. That is, a party will be entitled to recover in arbitration any damages or other relief that it could recover if it prevailed in a court proceeding as an individual. No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue. The arbitrator's authority is limited to claims between you and us, and the arbitrator can award damages or relief only to you, but not to or on behalf of anyone else.

Although under some laws we may have a right to an award of attorneys' fees and expenses if we prevail, we agree that we will not seek such an award.

If your Claim is for $10,000 or less, you may choose whether the arbitration will be conducted solely on the basis of documents, through a telephonic hearing, or in an in-person hearing. Any in-person hearing will take place in

the federal judicial district that includes your address at the time the Claim is filed, unless the parties agree to a different place.

***Is the arbitrator's decision final? Is there an appeal process?***

The arbitrator’s decision will be final and binding on the parties. An arbitrator's award shall consist of a written statement setting forth the disposition of each Claim. At the request of any party, the arbitrator shall also set forth a written explanation of the essential findings and conclusions on which the award is based.

A party can file a written appeal to the arbitration administrator within 30 days after an award is issued. The appeal will proceed before a panel of three neutral arbitrators designated by the same arbitration administrator. That panel will consider all legal and factual issues anew, and make all decisions and awards by majority vote based on the documents and arbitration record without a hearing. Any review by a court shall be governed by the Federal Arbitration Act. Any final arbitration award will be binding on the named parties and enforceable by any court having jurisdiction.

***Who will pay for costs?***

We will pay any costs that are required to be paid by us under the arbitration administrator's rules of procedure. Even if not otherwise required, we will reimburse you up to $500 for any initial arbitration filing fees you have paid. We will also pay any fees of the arbitrator and arbitration administrator for the first two days of any hearing. If you win the arbitration, we will reimburse you for any fees you paid to the arbitration organization and/or arbitrator. All other fees will be allocated according to the arbitration administrator’s rules and applicable law. If you consider that you are unable to afford any fees that would be yours to pay to the arbitration administrator, you may request that we pay or reimburse them, and we will consider your request in good faith.

You may represent yourself in arbitration, or you may be represented by a lawyer. Except as described above, you will be responsible for your own attorneys' fees and costs.

***How do I (the customer) file an arbitration claim?***

Rules and forms may be obtained from, and Claims may be filed with, JAMS at (800) 352-5267 or jamsadr.com; or the AAA at (877) 495-4185 or www.adr.org. Both of these administrators have particular rules for arbitrations initiated by a consumer.

**ABOUT THIS MESSAGE:**
This service message gives you updates and information about your Chase relationship.

This email was sent from an unmonitored mailbox. Go to chase.com/CustomerService for options on how to contact us.

Your privacy is important to us. See our online Security Center to learn how to protect your information.

Chase Privacy Operations P.O. Box 659752, San Antonio, TX 78265-9752.

©2019 JPMorgan Chase & Co.

EM10496

# EXHIBIT 2

Gmail Joshua Johnson <josh@jj88.org>

## Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734

1 message

**Joshua Johnson** <josh@jj88.org> Fri, Mar 4, 2022 at 12:30 AM
To: ProSeManager8@adr.org
Cc: JHickey@dykema.com

Pro se manager,

First, would you please confirm that the consumer is the prevailing party, and that the AAA case will show this when the quarterly case statistics are published?

Second, I wish to file an appeal ("[a] party can file a written appeal to the arbitration administrator within 30 days after an award is issued"). Please advise on the process to do so.

Thanks,
Josh

On Thu, Mar 3, 2022 at 11:10 AM <ProSeManager8@adr.org> wrote:

> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.
>
> Thank you.
>
> [Logo]
> Pro Se Manager 8
>
> F: 866 644 0234 E: ProSeManager8@adr.org
> PO Box 19609, Johnston, RI 02919
> www.adr.org/prose<https://www.adr.org/prose>
> [cid:image80c6c0.PNG@79a17372.40ae97f9]
>
> The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT 3

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

April 6, 2022

Joshua Johnson
907A Saint Marys Street
Raleigh, NC 27605
**Via Email to: josh@jj88.org**

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
**Via Email to: jhickey@dykema.com**

Case Number: **<u>02</u>-20-0015-1734 (APPEAL)**
Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This will acknowledge that the filing requirements have been met. Your case is now assigned to me for administration. This case is filed as an appeal to the award of case 01-20-0015-1734.

I am a member of the Pro Se Arbitration Administration Team. Please review the enclosed Standards of Conduct and Pro Se Arbitration Information Sheet, which will provide you with some basic information about the AAA's arbitration process. You may also view our website at www.adr.org/pro-se for additional information and resources.

Joshua Johnson, please let us know if you intend to get an attorney or continue representing yourself in this case. If you need help finding an attorney, please reference the "Find an Attorney or Other Legal Representation" document from our Pro Se website.

The **Consumer Arbitration Rules** have been applied to this matter.

**<u>Answer</u>**

- The Respondent has until **<u>April 20, 2022</u>** to file an answer to the claim.
- Answers received after the due date will still be provided to the arbitrator.
- Please reference the Rules if filing a counterclaim.
- Per Consumer Rule R-2(e) "If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant."

**<u>Initial List of People Form</u>**

- Please complete and return the enclosed Initial List of People Form by **<u>April 20, 2022</u>**. Further instructions are provided on the enclosed reference sheet as well as on the Initial List form.

**<u>Hearing Type and Locale of In-Person Hearing</u>**

- If an in-person hearing is to be held, the requested hearing locale is Raleigh, NC. Please refer to the Consumer Arbitration Rules for information regarding the Fixing of Locale (the city, county, state, territory and/or country where the arbitration will take place).
- If no disclosed claim or counterclaim exceeds $25,000, this matter shall be resolved by the Procedures for the Resolution of Disputes through Document Submission contained in the Consumer Arbitration Rules, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

**The Costs of Arbitration effective November 1, 2020**

- The costs for this case are detailed in the Consumer Rules Costs of Arbitration effective November 1, 2020, available on our website at www.adr.org.

**Amounts Paid or Due**

- The Consumer has met the filing requirements regarding their filing fee.
- The Business has paid $0.00.
- $425.00 is now due from the Business and an invoice will separately follow. Please reference the invoice for payment options.
- **Payment is due thirty days from the date of this letter, on or before May 6, 2022.**

**Cybersecurity and Privacy**

- Please review the enclosed *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy,* and *AAA-ICDR® Cybersecurity Checklist*.

**AAA WebFile®**

- If you have a WebFile account, you should see this case listed when you log in. If you do not see the case number when you login, please contact the undersigned.
- If you do not have a WebFile account, please email a request for a registration code to: customerservice@adr.org. AAA Customer Service will send you an email with the code and instructions for registering for immediate case access.
- WebFile can be accessed via our mobile app, where you can see your case at a glance.

**Small Claims Court Option**

- We draw your attention to R-9 of the Consumer Arbitration Rules. If a party's claim is within the jurisdiction of a small claims court, either party may choose to exercise the small claims option. If either party would like this matter decided by a small claims court, please send your written request to me with a copy all other parties. If the parties disagree over whether the claim is within the jurisdiction of a small claims court, the case will proceed in arbitration and the arbitrator may make a final determination on whether the claim may proceed to small claims court.

**Next Administrative Step after Answer Due Date has Passed**

- We now encourage you to attempt settlement. However, if any party requests that this case proceed, we will appoint an arbitrator as the next administrative step.

Please review the enclosed Consumer Arbitration Reference Sheet for more information or view our website at www.adr.org/consumer.

The AAA appreciates the opportunity to assist you with your dispute resolution needs.

Sincerely,
/s/
Pro Se Manager 8
Manager of ADR Services
Email: ProSeManager8@adr.org

Supervisor Information: Pro Se Director, prosedirector@adr.org

Enclosures

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

| Invoice Date |
|---|
| 06-Apr-2022 |
| **Invoice Balance** |
| $425.00 |
| **Case #** |
| 02-20-0015-1734-2-PM |

**Pay PIN**: 11401560

Unless instructed otherwise, invoice balance due upon receipt.

# Invoice

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304

**Representing: JPMorgan Chase Bank N.A.**

Re: Joshua Johnson
Vs.
JPMorgan Chase Bank N.A.

| Bill Line Date | Bill Line # | Description | Amount |
|---|---|---|---|
| 06-Apr-2022 | 13389200 | Initial Administrative Fee - 3 Arb Panel | $425.00 |
| | | **Net Due Amount** | **$425.00** |

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

| Invoice Date |
|---|
| 06-Apr-2022 |
| **Invoice Balance** |
| $425.00 |
| **Case #** |
| 02-20-0015-1734-2-PM |

**Pay PIN**: 11401560
Unless instructed otherwise, invoice balance due upon receipt.

# Payment Options

## Paying by Credit Card or eCheck

To pay with a credit card or eCheck online, go to www.adr.org, click on "***File or Access your Case***" and then select "***Quick Pay an Invoice***" and use this **Pay PIN**: **11401560**.

## Wire Transfer

As information transmitted by the bank is often truncated due to limited space, please email your reference information (Case #/Bill Line #/Program #/Party Name) with the date and amount of your wire, to ensure that your payment is credited promptly and correctly (e.g. 011400021841 P1 or #1234567 P2 or EDU1234). Please email as follows:

For active cases: send to your AAA case representative and corpfinance@adr.org
For new filings (where your case number is not known): send to casefiling@adr.org and corpfinance@adr.org

FOR WIRES / ACH / EFT

**Name of Bank:** Wells Fargo Bank
**Address:** 150 East 42nd Street, 24th FL., New York, NY 10017, USA
**Account Name:** AAA/American Arbitration Association
**Account Number:** 2000017952068
**ABA/Transit Number:** 121000248
**Reference:** Case # and Bill Line #/Party Name; or Program # (as applicable)
**Swift Code/BIC:** WFBIUS6S

Note: Please take steps to ensure that your bank does in fact wire the entire amount to our account. From time to time, certain banks will keep a portion of the wire transfer for their own service fee, leaving a balance due to the AAA/ICDR.

## Paying by Check

*Payment by mailing checks is strongly discouraged due to significant disruptions in mail delivery as a result of COVID-19.*

In the event that this is the only way you are able to make a payment, please return this page with your payment (please indicate the Case # on the check) to:

P.O. Box 19609
Johnston, RI 02919

# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant, AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
907A St. Marys Street
Raleigh, North Carolina
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S OBJECTION TO DEMAND FOR ARBITRATION AND REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") objects to Claimant Joshua Johnson's claim and, pursuant to AAA Rule A-1, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734. Claimant Johnson's purported appeal should be dismissed and stricken. In support of this objection and request, Chase states as follows:

1. Claimant commenced Arbitration Case No 01-20-0015-1734 on October 7, 2020.

2. Arbitrator Charles Holton was appointed on January 4, 2021.

3. During the course of those proceedings Claimant Johnson objected to arbitration of Case No. 01-20-0015-1734 pursuant to and governed by the terms of the arbitration clause Claimant submitted as ATTACHMENT B to his October 7, 2020 claim.

4. On July 15, 2021, Claimant Johnson proffered an arbitration agreement from the Chase Online Services Agreement, which agreement differed from the one attached to his October 7, 2020 claim. Arbitrator Holton heard argument from Claimant Johnson and Chase and thereafter determined that the arbitration agreement from the Online Services Agreement applied to the arbitration of Case No. 01-20-0015-1734. *See* Arbitrator Holton's July 15, 2021 Hearing Update Email, together with attachment entitled **Arbitrator Ex. 1**, forwarded to Pro Se Administrator 9 and the parties:

> An issue arose as to what particular arbitration provision governs the claims in this particular case, given that Chase has posted several ones from time to time that have variances in language. The parties agreed today that the arbitration agreement attached hereto as Arbitrator Ex. 1 is the provision governing this arbitration.

See attached Exhibit "A."

5. Arbitrator Holton rendered his Final Award in Arbitration Case No. 01-20-0015-1734 on March 3, 2022. On that same date, Pro Se Manager 8 provided a document entitled "What Happens After the Arbitrator Issues an Award." Consistent with the Consumer Arbitration Rules, that document stated:

> The AAA can only handle an appeal of the arbitration award if the parties have agreed that an appeal is allowed. There is no right to appeal in arbitration like there is in court.

6. The **Arbitrator Ex. 1** arbitration agreement contains no appellate rights and does not constitute an agreement to allow the AAA to administer an appeal of the Arbitrator's Final Award rendered in Arbitration Case No. 01-20-0015-1734. See Exhibit "A."

7. On or about March 22, 2022, Claimant Johnson commenced this matter, which purports to be an appeal of Arbitrator Holton's final award in Case No. 01-20-0015-1734:

Case Number: **02-20-0015-1734 (APPEAL)**
Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Claimant Johnson contemporaneously filed with the AAA two irrelevant and otherwise inapplicable arbitration agreements containing appellate rights.

8. Having specifically advocated against the application of the arbitration agreement attached to his original claim on October 7, 2020 [Case No. 01-20-0015-1734] and having argued instead for the application of the agreement contained in **Arbitrator Ex. 1**, Claimant Johnson may not rely on any appellate rights contained in that rejected arbitration agreement to support this purported appeal.

9. The dispute in Arbitration Case No. 01-20-0015-1734 did not arise from Johnson's use of his Chase Freedom credit card ending in 5301 and, in any case, because Arbitrator Holton specifically held that the arbitration agreement in **Arbitrator Ex. 1** governed the proceedings in Arbitration Case No. 01-20-0015-1734, Claimant Johnson similarly may not rely on appellate rights contained in the "Important Changes to Your Account Terms" document he filed with the AAA on March 22, 2022.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal and the AAA is without jurisdiction to require any payments, appoint any arbitrator(s) or to pursue any act in administration of this claim. Chase requests that the AAA strike and dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

# EXHIBIT A

## Hickey, Joseph

| | |
|---|---|
| **From:** | Charles Holton <holton@law.duke.edu> |
| **Sent:** | Thursday, July 15, 2021 2:02 PM |
| **To:** | Pro Se Administrator 9 |
| **Cc:** | Joshua Johnson; Maison, Jeannie; Hickey, Joseph |
| **Subject:** | hearing update RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734 |
| **Attachments:** | Arbitrator Ex. 1.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

*** EXTERNAL***

The hearing today is adjourned, but we are not finished with the taking of evidence. A further hearing is required. An issue has arisen with regard the recent production of newly discovered evidence by the Claimant, as well as Claimant's concerns regarding the thoroughness of prior productions of documents by the Respondent.
Respondent is searching its records further regarding specific items that have been designated by Claimant, and Mr. Hickey will report to the Arbitrator, the Claimant, and the AAA as to what is found.

We hope to reconvene and complete the hearing on next Tuesday, July 20 from 10:00-6:00 EDT – but I will not formally set that date until we hear back from Mr. Hickey.

Finally, an issue arose as to what particular arbitration provision governs the claims in this particular case, given that Chase has posted several ones from time to time that have variances in language. The parties agreed today that the arbitration provision attached hereto as Arbitrator Ex. 1 is the provision governing this arbitration.

C. Holton

Arbitrator Ex. 1

**ARBITRATION AGREEMENT**

The governing agreement, in full:

> YOU HEREBY AGREE THAT ANY DISPUTE, CLAIM OR CONTROVERSY ARISING NOW OR IN THE FUTURE UNDER OR RELATING IN ANY WAY TO THIS AGREEMENT, OR TO THE ONLINE SERVICE ("CLAIM"), REGARDLESS OF THE NATURE OF THE CAUSE(S) OF ACTION ASSERTED (INCLUDING CLAIMS FOR INJUNCTIVE, DECLARATORY, OR EQUITABLE RELIEF), SHALL BE RESOLVED BY BINDING ARBITRATION. CLAIMS SUBJECT TO ARBITRATION INCLUDE CLAIMS THAT ARE MADE AS COUNTERCLAIMS, CROSS CLAIMS, THIRD PARTY CLAIMS, INTERPLEADERS, OR OTHERWISE. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, AND YOU THEREFORE AGREE TO WAIVE ANY RIGHT THAT YOU OR WE MIGHT OTHERWISE HAVE HAD TO A JURY TRIAL OR THE OPPORTUNITY TO LITIGATE ANY CLAIMS IN COURT BEFORE EITHER A JUDGE OR JURY. YOU FURTHER AGREE THAT YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION (SUCH AS AN ACTION IN THE FORM OF A PRIVATE ATTORNEY GENERAL) TO LITIGATE ANY CLAIMS IN COURT BEFORE EITHER A JUDGE OR JURY; NOR WILL YOU BE ABLE TO PARTICIPATE AS A CLASS MEMBER IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN ARBITRATION OR IN COURT BEFORE EITHER A JUDGE OR JURY. IF THE PRECEDING SENTENCE IS NOT ENFORCED FOR ANY REASON, THEN YOU AGREE THAT IN SUCH CASE ANY CLASS DISPUTE WILL NOT BE RESOLVED THROUGH ARBITRATION.

This binding arbitration provision applies to any and all Claims that you have against us, our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and against all of their respective employees, agents, or assigns, or that we have against you; it also includes any and all Claims regarding the applicability of this arbitration clause or the validity of the Agreement, in whole or in part. It is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16, as it may be amended.

The party filing a Claim(s) in arbitration must file its Claim(s) before the American Arbitration Association under the rules of such arbitration administrator in effect at the time the Claim(s) was filed. Rules and forms of the may be obtained and Claims made may be filed at American Arbitration Association, 335 Madison Avenue, Floor 10, New York, NY 10017-4605, 800-778-7879, www.adr.org. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitrator administrator within the federal district in which you reside at the time the Claim(s) is filed, or at some other place to which you and we agree in writing. Judgment upon any arbitration award may be entered in any court having jurisdiction.

This Arbitration Agreement shall survive: (i) termination or changes in the Agreement, and the relationship between you and us concerning the Agreement; and (ii) the bankruptcy of any party or any similar proceeding initiated by you or on your behalf. If any portion of this Arbitration provision is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force.

**PROOF SERVICE**

I certify under penalty of perjury that on April 20, 2022, I filed and served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO DEMAND FOR ARBITRATION AND REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (to Pro Se Manager 8 [prosemanager8@adr.org] and upon Claimant Joshua Johnson (josh@jj88.org).

Dated: April 20, 2022

By: */s/ Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 5

Gmail

Joshua Johnson <josh@jj88.org>

**RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734**

1 message

**Pro Se Manager 8** <ProSeManager8@adr.org> Mon, May 9, 2022 at 8:15 AM
To: Pro Se Manager 8 <ProSeManager8@adr.org>, Joshua Johnson <josh@jj88.org>
Cc: "Hickey, Joseph" <JHickey@dykema.com>

Good Morning Parties:

After reviewing the parties respective positions regarding the jurisdiction of this matter, the AAA has made the determination to proceed with the administration of this case.

**Given this, please be reminded that Respondent's filing fee is due no later than May 20, 2022.**

-

Thank you,

Pro Se Manager 8

-

**Pro Se Manager 8**

F: 866 644 0234 E: ProSeManager8@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2022★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Sent:** Monday, May 9, 2022 10:13 AM
**To:** Joshua Johnson <josh@jj88.org>; Pro Se Manager 8 <ProSeManager8@adr.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

Good Morning:

This will confirm receipt of Claimant's Response to Respondent's Objection, which has been made a part of the case file.

The AAA is reviewing the parties' positions and will advise once a determination has been made.

Thank you,

Pro Se Manager 8

**Pro Se Manager 8**

F: 866 644 0234 E: ProSeManager8@adr.org
PO Box 19609, Johnston, RI 02919

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Thursday, May 5, 2022 9:35 PM
**To:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

Hello,

Please see attached for response brief (3 pages + exhibits). Please make sure that whoever is tasked with reviewing the brief on the AAA side understands that I am not an attorney (i.e. please construe arguments liberally).

On a related note, will you please forward me a copy of the invoice that was sent to Chase on or about Apr 6 2022?

Thanks,
Josh

On Fri, Apr 29, 2022 at 8:08 AM Pro Se Manager 8 <ProSeManager8@adr.org> wrote:

> Good Morning:
>
> Mr. Johnson: please provide your response regarding Respondent's objection to my attention **no later than May 6, 2022.**
>
> Thank you,
>
> Pro Se Manager 8
>
> **Pro Se Manager 8**
>
> F: 866 644 0234 E: ProSeManager8@adr.org
> PO Box 19609, Johnston, RI 02919
> www.adr.org/prose
>
> NPT's BEST NONPROFITS TO WORK FOR ★2022★
>
> The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.
>
> ---
>
> **From:** Joshua Johnson <josh@jj88.org>
> **Sent:** Friday, April 29, 2022 9:56 AM
> **To:** Pro Se Manager 8 <ProSeManager8@adr.org>

**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

If the AAA intends to review Chase's brief in support of its objection, then I wish to submit a response.

On Fri, Apr 29, 2022 at 6:45 AM Pro Se Manager 8 <ProSeManager8@adr.org> wrote:

Good Morning:

This will confirm receipt of the below, which has been made a part of the case file.

The AAA is reviewing the parties' positions and will advise once a determination has been made.

Thank you,

Pro Se Manager 8

**Pro Se Manager 8**

F: 866 644 0234 E: ProSeManager8@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2022★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Hickey, Joseph <JHickey@dykema.com>
**Sent:** Thursday, April 28, 2022 4:44 PM
**To:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Cc:** Joshua Johnson <josh@jj88.org>; Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

For the reasons set forth in JPMorgan Chase Bank. N.A.'s April 20th Objection To Demand For Arbitration And Request For Arbitration To Be Stricken / Dismissed, Chase's position is that there is no agreement between the parties for arbitration of Claimant Johnson's purported appeal of Arbitrator Holton's March 3, 2022 ruling in 01-20-0015-1734.

The AAA does not have authority and is without jurisdiction to administer claim 02-20-0015-1734, including requests that Chase pay fees and/or to appoint an arbitrator(s). Chase takes no position on Claimant Johnson's April 21, 2022 request.

Thank you.

**Joseph H. Hickey** (he/him)
Member

D 248-203-0555
JHickey@dykema.com ▪ dykema.com

**BIO VCARD**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

---

Dykema

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

---

**From:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Sent:** Thursday, April 21, 2022 9:10 AM
**To:** Joshua Johnson <josh@jj88.org>; Pro Se Manager 8 <ProSeManager8@adr.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734
**Importance:** High

***** EXTERNAL*****

Good Morning Parties:

This will confirm receipt of the below email from Claimant informing that he is now located in California.

At this time, the AAA is requesting comments from the parties' regarding the change of the locale in this matter from North Carolina to California. **Please respond to this email with your comments no later than <u>April 28, 2022.</u>**

Thank you,

Pro Se Manager 8

**Pro Se Manager 8**

F: 866 644 0234 E: ProSeManager8@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Thursday, April 21, 2022 12:34 AM
**To:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Subject:** Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

Pro se manager,

Separately, I noticed that the Initiation document states that "[i]f an in-person hearing is to be held, the requested hearing locale is **Raleigh, NC**". That is incorrect. I reside in southern CA. The requested hearing locale is **Los Angeles, CA**.

Thanks,

Josh

On Wed, Apr 6, 2022 at 12:15 PM <ProSeManager8@adr.org> wrote:

> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.
>
> Thank you.
>
> [Logo]
> Pro Se Manager 8
>
> F: 866 644 0234 E: ProSeManager8@adr.org
> PO Box 19609, Johnston, RI 02919
> www.adr.org/prose<https://www.adr.org/prose>
> [cid:image3c5d81.PNG@1ba82364.4e89d459]
>
> The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT 6

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

July 7, 2022

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Janice L. Sperow and Hon. Michael J. Seng to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated June 28, 2022, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of June 28, 2022, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Janice L. Sperow is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator please submit your request in writing to the AAA with a copy to all parties.

Billing for arbitrator compensation and administrative fees will be transmitted with the disclosure information for the third arbitrator.

Thank you.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

bcc: Hon. Michael J. Seng
Janice L. Sperow, Esq.

# EXHIBIT 7

# Janice L. Sperow, Esq.

**Panelist Video** View Video

**Current Employer-Title** Janice Sperow, Sperow ADR Services – Full Time Domestic and International Arbitrator, Judge Pro Tem, Hearing Officer, and Special Master
Willing to hold both in-person and remote hearings.

Experienced in in-person, video conference, teleconference, documents only, hybrid, expedited, emergency Rule 38, multi-jurisdictional, individual, class action, coordinated, and mass claims hearings. Also serve as both substantive and Case Management Arbitrator coordinating multiple individual arbitrations based upon common legal issues (mass claims) to maximize efficiency and lower costs, while still preserving individualized arbitrations.

**Profession** Third-Party Neutral, Special Master, Hearing Officer, Arbitrator, Mediator, Judge Pro Tem, Workplace Investigator, Attorney

**Work History** Full-time Neutral, 2017 – Present; Court-Appointed Special Master, 2021 – Present, Judge Pro Tem and judicial mediator, San Diego Superior Court 2018 – Present; Hearing Officer, Port of San Diego, 2020 – 2023; Hearing Officer, City & County of Los Angeles, 2022 – 2023; Hearing Officer, City & County of San Francisco, 2021 – 2022; Managing Partner, Ruiz & Sperow LLP, 1995 – 2018; Adjunct Professor of Law, University of San Diego, 2007 – 2017; Instructor/Director of Writing Skills Program, University of San Diego, 2004 – 2007; Litigator, Morrison & Foerster LLP, 1987 – 1994; Hearing Officer, City & County of San Francisco (transportation disputes by appointment of then San Francisco Mayor Willie Brown with confirmation by both union and management), 1997; Federal Judicial Law Clerk for Hon. Richard J. Cardamone, United States Court of Appeals for the Second Circuit, 1986 – 1987; New York and Federal Judicial Extern for Hon J Clifford Wallace, United States Court of Appeals for the Ninth Circuit San Diego, 1986.

**Consumer Experience** Have served as arbitrator in wide range of consumer matters, including pro se and appellate panels on which I served as the chair of the tripartate panel, in addition to traditional arbitrations. Also serve on rotating panels in consumer mass claims arbitrations and as Case Manager Arbitrator in mass claims cases with coordinated pre-hearing procedures. Substantively the consumer cases have included the following claims and statutes: TCPA, Rosenthal, FDCPA, CLRA, Lemon law, warranty, insurance, credit card, attorney fee disputes, telephone recording, data breach, security breach, SIM card swapping, identity theft, overdraft fees, public injunctive relief, unauthorized debits, negligence, elder abuse, fraud, UCL, false advertising, deceptive business practices, standardized tests, negligent misrepresentation, telecommunications, CCRAA, breach of contract, defect product, defect design, privacy intrusions, false credit reports, indemnity, third

party claims, credit fraud, balance refund, rate disputes, Unruh, age discrimination, choice of law, pricing discrimination,

**Experience**

Before full time neutral, was PT arbitrator and FT litigator, specialized in commercial, employment, and ADR for Morrison & Foerster. Litigated a wide variety of cases including IP, healthcare, energy, alternative energy, contract, fraud, technology, medical devices, antitrust, Clayton Act, FTC Act, financial services, banking, aviation, transportation, and all forms of commercial and employment disputes. Helped defend to successful global resolution then largest Title VII class action, involving 1,093 claimants and over $2 billion exposure. Won multi-million dollar jury verdict in distributor fraud case. Represented a class against the local utility company for antitrust and CPUC violations. Also lead counsel for alternative energy producers in their $100 million breach of contract and fraud suit against the utility, resulting in alternative power distribution. Frequently used creative approaches to achieve clients' goals. For example, represented aviation co owed money by another aviation co. Used the sheriff's attachment procedures to attach the other's aircraft. After its fleet locked and key deposition admissions, the company paid its debt in full plus fees without trial. Represented computer chip company in its suit against its former head of R&D for trade secret violations when he took key data to start his own co. After successful motion practice, negotiated a royalties-based business solution. Today, most computers use both chips. Represented the Japanese royal family's interests when they sued for construction delays. After key admissions, settled the case through a restructured business partnership, today a multi-billion dollar enterprise. Unlike many large law firm litigators, represented both employers and employees and plaintiffs and defendants.

After MOFO, became Managing Partner of Ruiz & Sperow, a woman-owned, minority-owned firm, specializing in employment, civil litigation and ADR for private and public sector employers and employees. Handled all facets of commercial, employment, and education law including harassment, discrimination, retaliation, wage and hour, Labor Code, FEHA, FLSA, ADA, ADEA, contract, disability accommodation, employee discipline and termination, misclassification, government contracts, general business, and FMLA medical leave matters. Lead on all of the firm's employment and commercial arbitration and litigation. Successfully defended employers in several highly complex state and federal litigation involving anti-discrimination statutes, race, gender, age, and disability discrimination, sexual harassment, whistle blowing, retaliation, and workplace search and seizure, including class actions and cases of first impression. Represented California's largest school districts in employment, commercial, and education matters. Practiced before administrative agencies, including NLRB, PERB, DLSE, DOL, DFEH, EEOC, STRS, and EDD. Successfully represented a large city when an ex-employee sued for wrongful termination claiming discrimination and whistleblower status. Case raised several issues of first impression. Unanimous jury verdict for the city. Successfully defended at trial and on appeal a case of first impression alleging reverse discrimination in allocating energy contracts. Represented CPUC in an age discrimination class action of over 500 plaintiffs. Jury unanimously found for CPUC and awarded it its costs. Litigated successfully ADA, FEHA, 504 , FMLA, CFRA, and PDL disability claims. Handled hundreds of workplace investigations as both outside counsel and a neutral. Most started with an employee complaint or whistleblower tip and

resulted in a full investigation, findings, and report to the CEO and governing board. In 2017, became full time independent neutral and have used breadth of experience as counsel to serve as sole, chair, and panelist arbitrator on hundreds of arbitrations.

**Alternative Dispute Resolution Experience**

Arbitrator for 35+ years in over 450+ arbitrations, counsel in 1,000+ arbitrations. Manage multiparty, complex commercial and employment mass claims arbitrations as well as single issue disputes worth thousands to billions. Respected for fair, efficient, organized, legally-sound, well-managed, responsive, value-delivered, & cost-effective arbitrations. Known for multi-discipline cases & wide breadth of experience.

COMMERCIAL: Experienced in all business, trade, & commercial domestic and international disputes. Recent cases include complex commercial contract, fraud, business torts, negligence, payment default, fiduciary duties, Clayton Act, Sherman Act, hospitality, warranty, alternative energy, interstate commerce, unfair competition, cannabis, franchise, mass claims, class actions, venture investment, marketing, distribution, elder abuse, telecommunications, good faith & fair dealing, false advertising, insurance, defamation, design defects, and goods and services disputes. Recent examples include franchise disputes over encroachment, the business opportunity rule, franchise agreement breach, internet sales, and sales underreporting. Also arbitrator for the ICC handling international business and trade disputes and CPR and NewEra ADR complex commercial panels.

LIFE SCIENCES & HEALTHCARE: As former UC Berkley biology student, have expertise in pharma, healthcare, and life science disputes. Recent cases include payment, reimbursement billing, coding, hospital services contracts, down-coding, claim denials, underpayments, managed care disputes, payor-provider disputes, network suspension, accountability, risk sharing, insurance, diversion of medical products from one distribution channel to another, patient safety claims, product liability and defect claims, & risk management controversies. Also arbitrator for AHLA.

TECHNOLOGY & IP: Handle trade secret, intellectual property, misappropriation, medical device, hardware/software, bio-tech, technology, and emerging technology disputes. Recent cases include slowdown issues, quantum computing as applied to predictive analysis, use of XR (augmented reality) to visualize executive decision-making, FET (field effect transistor), chip, x-ray, smartphone, gastric bypass, eye, and other laser surgery cases, software trademark, pharmaceutical licenses, publishing copyright, biotech extraction, online licenses, and data processing software for the banking industry. Also serve as arbitrator for WIPO (World Intellectual Property Organization).

CYBERSECURITY & DATA BREACH: Recent cases include the Computer Fraud and Abuse Act, Stored Communications Act, Wiretap Act, Electronic Funds Transfer Act, and Comprehensive Computer Data Access & Fraud Act, core business function, data breach, data privacy, SIM card technology use, data misappropriation, app misappropriation, & computer file ownership issues. Also member IAPP.

FINANCIAL: Experienced in banking, securities, unauthorized trading, suitability, fiduciaries, FDIC, hedge fund, venture investment, commodities, and all fiscal matters. Recent arbitrations involved the ACH, NACHA, RDFI, and ODFI duties and overdraft fees. Also NFA & FINRA arbitrator.

LEGAL SERVICES: As former Chief Arbitrator for the Bar Association of San

Francisco, heard attorney-client fee, billing, & substantive disputes.
TRANSPORTATION: Experienced in interstate, DOT, auto, Lemon law, Song Beverly, Tanner Act, & aviation disputes. Recent cases include aviation contract, aviation aging technology infrastructure, oil price volatility, pilot shortages, government shutdowns, & disputes over low-cost carriers' emergence into the market.
EMERGENCY & EXPEDITED: Experienced Rule 38 emergency arbitrator for all TRO & other injunctive relief. Also handle expedited matters.
CONSUMER: TCPA, Rosenthal, false advertising, warranty, data breach, CCRAA, CLRA & all consumer disputes.

**Alternative Dispute Resolution Training**

ACE 22 - Process Essentials for AAA Arbitrators, 2022; AAA West Coast Roundtable, Dispute Prevention 2021, ABA, Dispute Resolution Conference, Third-Party Discovery Subpoenas in Domestic Arbitrations, 2021
ACE21 Impartiality: Do You Know Where Your Biases Are? 2021; ADS S01 - Cybersecurity Awareness Training for AAA Panelists, 2020; Frequent Presenter & Trainer. Most recent Presentations: AAA West Coast Roundtable, Dispositive Motions in Arbitration, 2020; AAA: Arbitrator Technology & Case Management Practices & Cybersecurity; Best Practices for a Tri-partite Arbitration Panel; Motion Practice under AAA Rules: What You Need to Know; ACE20 Cyber Security: A Shared Responsibility, 2019; ACE02 Managing Cases with Pro Se Parties; AAA ACE19 Case Finances: What Arbitrators Need to Know, 2019; Arbitrator Performance and Demeanor ~ Meeting Participant Expectations, 2018; Recommendations and Observations from a Lifetime in Arbitration; Sexual Harassment Presentation for Panelists; Getting Started in ADR: A How To for Women Attorneys; AAA Preparing Your Arbitration Disclosures: What to Include in Your Disclosure Letter; AAA A Practical Guide To The Consumer Arbitration Process; 2018 AAA National Labor Conference; Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2017; AAA Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2017; AAA Arbitration Awards; Safeguarding, Deciding & Writing Awards ACE01, 2017.

Completed several ODR - online dispute resolution training programs for arbitrators and mediators through CPR, ABA, NADN, and Zoom. Completed arbitration, cybersecurity, cultural awareness, and mediation training with AAA, CPR, ICC, USCIB, NADN, ABA, FINRA, BBB, NFA, NITA. IADC, San Diego Superior Court, and many other associations. Completed Judge Pro Tem training San Diego, Riverside, and Los Angeles Superior Courts. Completed Hearing Officer Training for the Port of San Diego. Full list of hundreds of hours of training available upon request.

**Professional Associations**

Judge Pro Tem, San Diego Superior Court;
Arbitrator & Mediator, San Diego Superior Court;
Hearing Officer, City & County of San Francisco;
Hearing Officer, Port of San Diego;
Hearing Officer, City & County of Los Angeles;
Member, Academy of Court-Appointed Masters (ACAM);
Arbitrator, International Chamber of Commerce (ICC) and United States Council for International Business (USCIB);
Arbitrator & Mediator, American Health Law Association Dispute Resolution

Services (AHLA);
Arbitrator & Mediator, New Era ADR;
Distinguished Neutral, National Academy of Distinguished Neutrals (NADN), National and California chapters;
Member, American Bar Association (ABA), ABA Dispute Resolution Section, ABA Business Law Section, ABA Employment Law Section; ABA Health Law Section; and Women Rainmakers;
Member, International Association of Privacy Professionals (IAPP);
Member, California State Bar;
Member, Arbitral Women;
Board Member, Federal Bar Association Dispute Resolution Section;
Arbitrator, Mediator, & Dispute Prevention Specialist, International Institute for Conflict Resolution & Prevention (CPR);
Arbitrator & Mediator, Resolute Systems;
Arbitrator, World Intellectual Property Organization (WIPO);
Arbitrator & Mediator, the FORUM;
Arbitrator, National Arbitration & Mediation Association (NAM);
Arbitrator, Better Business Bureau (BBB);
Arbitrator, Quick Pleas;
Arbitrator, National Futures Association (NFA);
Arbitrator, Financial Industry Neutral Regulatory Authority (FINRA);
Arbitrator, Rose IPR Arbitration;
Member, San Diego County Bar Association, Dispute Resolution, Intellectual Property, Privacy & Cybersecurity, Entertainment Law, and Employment Sections; and
Speaker, ADR Inclusion Network Speakers Bureau.

Formerly:
President of the National Association of the Women Lawyers (NAWL)
Executive Board Member, Healthcare Committee Chair, and Treasurer, NAWL
Second Vice-President of California Women Lawyers (CWL),
Executive Committee, CWL
Board of Governors Member, Healthcare Chair, and Educational Foundation Member, CWL
Chair, California State Bar Litigation Section Education Committee
Member, Law Practice Management Section and Women Rainmakers Group, ABA
Member, San Diego Chamber of Commerce Business Roundtable.

**Professional Licenses**

Admitted to the Bar: California, 1986.

**Education**

University of California at San Francisco, UCSF, Hastings College of the Law (JD, summa cum laude, Order of the Coif – 1986); University of California at Berkeley (BA, magna cum laude with honors – 1982).

**Publications and Speaking Engagements**

RECENT PUBLICATIONS:
"Navigating Risks in FDA's New Digital Health Tech Guidance," Law360 Newsletter, Expert Analysis, March 15, 2022.
"Increased Mobile Health Triggers Increased FTC Enforcement," Federal Bar Assn, Federal Lawyer, Jan/Feb 2022 Issue
"Time to Restore Arbitration's Promise of Efficiency for All," Law360 Newsletter, Expert Analysis, October 6, 2021.

"Nonparty Discovery in US Arbitrations: The Legal Challenges & Differences from Litigation," Arbitral Women, Issue 46, July 2021 Newsletter
"Do You Know How to Obtain Third Party Discovery in Arbitration?" Federal Bar Ass'n, Federal Lawyer & Resolver, March/April 2021 FBA DR Newsletter
"The Benefits of Dispute Prevention" AAA, Dispute Resolution Journal, 2021, Volume 75, No. 3.
"Playing with the Big Boys, The New Girls Club," American Bar Association, Women in Dispute Resolution Section, April 2021, Just Resolutions Newsletter
"California Ruling Offers NDA Compliance Insights for Employers," Law360 Newsletter, Expert Analysis, December 17, 2020, https://www.law360.com/articles/1335375
"Dispositive Motions in Arbitration: Authority, Rules, and Practical Tips," CPR blog, September 24, 2020, https://blog.cpradr.org/2020/09/24/dispositive-motions-in-arbitration-authority-rules-practical-tips/
"What to Know When Making Dispositive Motions in Arbitration," Law360 Newsletter, Expert Analysis, September 10, 2020, https://www.law360.com/articles/1307538
"6 Dispute Prevention Steps as Lawsuits Rise Amid Pandemic," Law360 Newsletter, July 7, 2020, https://www.law360.com/articles/1289177
"10 Reasons Arbitration Beats Traditional Litigation," CPR blog, May 22, 2020, https://blog.cpradr.org/2020/05/21/10-reasons-arbitration-beats-traditional-litigation/
"Discovery in Arbitration: Agreement, Plan, and Fairness-One Arbitrator's View," April 2019, ABA, Section of Litigation, Alternative Dispute Resolution Website, Practice Point.

SPEAKING ENGAGEMENTS:
-[forthcoming] Federal Bar Assn, "Elevating Your ADR Practice," June 17, 2022, with co-presenters CEO Rich Lee, mediator Winter Wheeler, and Marketing Strategist Natalie Armstrong.
-San Diego County State Bar Association, "Hot Topics in Arbitration: the 2022 Update," March 25, 2022.
-AAA West Coast Roundtable, "New Developments in Third-Party Subpoenas," March 9, 2022.
-CPR Annual Meeting, "Corporate Counsel Roundtable: How to Use Technology to Prevent Disputes & Minimize Risk," March 2, 2022, with in-house counsel from Microsoft, Bath & Body Works, General Dynamics, and Lotame.
- AAA Webinar, "Restore Arbitration's Promise: Fast Efficient Neutrality for All," February 15, 2022, On Demand AAA Library
-New York State Bar Association, Nonparty Discovery in US Arbitrations, January 11, 2022, with co-presenter Theo Cheng.
-AAA, Commercial Arbitrators, September 8, 2021, "Efficiency Tips for Arbitrators," with co-presenter Saloni Mavani.
-ABA, Dispute Resolution Section, July 21, 2021, "Dispute Prevention and Clause Drafting," with co-presenter AAA VP Aaron Gothelf.
-ABA, Arbitration Institute, "The Evidentiary Hearing," June 18, 2021.
-ABA, Arbitration Institute, "The All-Important Preliminary Hearing," June 14, 2021.
-ABA, Dispute Resolution Section, April 14, 2021, Third Party Subpoenas in U.S. Arbitrations, with co-presenter Theo Cheng.
-AAA, Commercial Arbitrators, February 17, 2021, "Dispute Prevention: from

Reaction to Pro-action."
-ABA, Dispute Resolution Section, December 2, 2020, "Dispositive Motions in Arbitration."
-AAA Commercial Arbitrators, Septe

**Awards and Honors**

Inducted into the Academy of Court-Appointed Masters and the National Academy of Distinguished Neutrals (NADN); State of California Senate Certificate of Recognition in Honor of Outstanding Community Service 2015; Award for Outstanding Sexual Harassment Training Coronado Naval Base, U.S. Navy, 2013; National Association of Women Lawyers, President's Award 2004; California Women Lawyers, President's Award 2002; State California Board of Governors' Award for Outstanding Pro Bono Legal Services Contributions, 1989.
Several law school awards including: Full merit scholarship award for being scholastically first out of over 400 students after the first year of law school, Order of the Coif, over seven Am.Jur. Awards, Milton Green Scholarship award, and several other academic achievement awards.

**Locations Where Parties Will Not be Charged for Travel Expenses**

Available worldwide via Zoom and other platforms without travel expense. Parties not charged for travel in California or West coast destinations.

**Citizenship** United States of America
**Languages** English; French
**Locale** La Mesa, California, United States of America

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 8

# Hon. Michael J. Seng

**Current Employer-Title** Seng ADR - Arbitrator & Mediator

**Profession** Federal Judge, Attorney

**Work History** Arbitrator/Mediator, Seng ADR, 2020-Present; United States Magistrate Judge, United States District Court for the Southern District of California, 2019-2020; United States Magistrate Judge, United States District Court for the Eastern District of California, 2010-2018; United States Administrative Law Judge, Office of Disability Adjudication and Review - Social Security Administration, 2008-2010; Adjunct Professor, San Joaquin College of Law, 2000-2003, 1985-1987; Partner/Civil Litigator, Seng & Stratton Attorneys at Law, 2002-2008; Partner, Farley Seng DeSantos & Green Attorneys at Law, 1997-2002; Partner, Blumberg Seng Ikeda & Green A Professional Corporation Attorneys at Law (and predecessor entities), 1978-2008; Staff Attorney, Office of Hearings and Appeals - Social Security Administration, 1975-1978.

**Experience** Thirty years of civil litigation experience and 10 years as a federal judge.

Litigation experience was devoted to preparation for trial and trial of a very wide range of civil cases with a primary focus on complex business and professional liability cases. Experience included defending attorneys (on behalf of California's largest attorney mutual liability insurance company), accountants (on behalf of California's largest accountant mutual liability insurance company), banking institutions (for two of the country's largest national banks), and, to a lesser extent, insurance and real estate professionals. The need to address not only professional negligence but also the proper handling of the underlying case or transaction in attorney and accountant malpractice cases necessitated, in each case, quickly mastering the substantive law of the underlying matter, regardless of whether criminal, civil, transactional, tax, etc. Defended banks against lender liability, bookkeeper defalcation, forged and fraudulent check, personal injury, and other civil claims. Over the years, practice also included personal injury, wrongful death, product liability, contract, commercial code, real estate, crop loss and a variety of other cases generated by non-litigating tax, business, real estate and estate planning associates. Tried to verdict 15 jury trials and a similar number of court trials to judgement.

Judicial experience as a Federal Magistrate Judge entailed presiding over and adjudicating a perpetually replenishing docket of several hundred of the full range of civil cases filed in the United States District Court for the Eastern District of California, including commercial, banking, class action, employment, wage and hour, discrimination, negligence, personal injury, insurance, trademark, immigration, constitutional, civil rights, and misdemeanor criminal cases.

Duties included case management, legal research, scheduling, resolving and issuing orders and opinions on dispositive and non-dispositive discovery and other

motions, conducting settlement conferences mediations and early neutral evaluations, and trying some 35 cases (22 bench, 13 jury) trials to conclusion during eight-year term as Magistrate Judge. Federal Administrative Law Judge duties included holding hearings and issuing written decisions on disability, other eligibility, overpayment and related claims filed and appealed under the Social Security Act. This required review, analysis and development of detailed medical and other evidence, legal research, managing an average caseload of 300 cases, holding hearings to protect the rights of the claimant and the government, and issuing an average of more than 50 written decisions per month.

**Alternative Dispute Resolution Experience**

ADR experience extends over entire career as a practicing lawyer and as a judge. From 1995 through 2006, served as a Fresno County Superior Court Judge Pro Tempore, acting as an arbitrator or a settlement conference judge/mediator in approximately 50 cases. Regularly submitted to private arbitrators/mediators to resolve cases on behalf of clients; virtually every piece of litigation went to mediation at least once.

Defended a multi-million-dollar lender liability claim before a three-arbitrator panel, which, after a four-day hearing, awarded only about 5% of amount sought by plaintiff. Resolved a complex, multi-party, multi-million-dollar ERISA quasi-class action before a retired federal district court judge, producing an approximate 90% recovery for participants in a defunct medical benefits plan. As a federal judge, did not participate in arbitration, but did preside as sole judge over hundreds of cases and also acted as settlement conference judge/mediator in an estimated 50 cases, with a success rate above 90%.

**Alternative Dispute Resolution Training**

ACE 22 - Process Essentials for AAA Arbitrators, 2022; AAA Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2021; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards, 2021.

**Professional Associations**

Federal Magistrate Judges Association; Federal Bar Association, Eastern District of California; California Bar Association; Association of Business Trial Lawyers, San Joaquin Valley Chapter; Fresno County Bar Association.

**Professional Licenses**

Admitted to the Bar: California (1975-inactive), Tennessee (1976-inactive).

**Education**

University of Tennessee College of Law (JD-1975); University of Tennessee (BS-1969).

**Publications and Speaking Engagements**

While on the bench, the following courses were created, course materials prepared, and presentations provided:

"Avoiding Sanctions, Discipline and Malpractice in, and on the Road to, the Courtroom"; Federal Bar Association, San Joaquin Valley Chapter; one of three judge panel; three-hour MCLE approved course; 2012.

"Ethical Considerations of Limited Scope Representation in Domestic Violence Cases"; Legal Services presentation; one of several successive speakers; one-hour MCLE approved segment; 2013.

"Sequoia/Kings Canyon Law Enforcement Ranger Legal Update Training"; two

hour required bi-annual training, 2014.

"Bias"; Federal Bar Association, San Joaquin Valley Chapter; three-hour MCLE approved course; 2015.

"Civil Rights Litigation"; Federal Bar Association, San Joaquin Valley Chapter; one of two judge panel; two-hour MCLE approved course; 2015.

"Federal Trial Training: A Demonstration of Federal Civil Rights Trial Techniques"; Federal Bar Association, San Joaquin Valley Chapter; presided over multiple successive presentations; six hour MCLE approved course; 2016.

"An Orientation to Federal Court"; Association of Business Trial Lawyers, San Joaquin Valley Chapter; one-and-one half hour MCLE approved course; 2017.

Also initiated and presided over an Annual Law Day Yosemite celebration (now in its eighth year) from 2012-2018, in which nationally recognized speakers addressed the importance of law and equal rights in America before visiting state and federal judges, other dignitaries and several hundred rural area students.

Prior to judicial appointment, presented nine courses and published nine articles devoted to professional ethics and legal malpractice.

**Awards and Honors**

Selected to serve and served for a one or two year term each on the Ninth Circuit Courts and Community Committee, Ninth Circuit Magistrate Judges Education Committee, the Federal Magistrate Judges Association (FMJA) Diversity Committee and History Committee, and the Eastern District of California Rules Committee and History Committee.

Chair of FMJA Diversity Committee two years. 2007 Mentor of the Year and 2008 Match of the Year, California Volunteers in Parole, Fresno, California. Special Deputy Trial Counsel, Office of the Chief Trial Counsel, California Bar Court, 1996-2008.

**Citizenship** United States of America
**Languages** English
**Locale** Madera, California, United States of America

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 9

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant,

AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

Joshua Johnson
907A St. Marys Street
Raleigh, North Carolina
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

**JPMORGAN CHASE BANK, N.A.'S
OBJECTION TO APPOINTMENT OF JANICE L. SPEROW AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF JANICE L. SPEROW AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Janice L. Sperow should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No 22STCP02017 forwarded to Pro Se Case

Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. Chase will address the potential appointment of the Hon. Michael Seng per the instructions provided in the AAA correspondence dated July 20, 2022.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase requests that

Ms. Sperow be disqualified and that she not be appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on July 22, 2022, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF JANICE L. SPEROW AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF JANICE L SPEROW AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: July 22, 2022

By: /s/ *Joseph H. Hickey*
JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 10

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

July 29, 2022

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Irene M Guimera to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated July 27, 2022, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of July 27, 2022, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Irene M Guimera is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator please submit your request in writing to the AAA with a copy to all parties.

An arbitrator is appointed; therefore, the Case Management Fee of $1775 and arbitrator compensation deposit of $7500 are now due from the business per the Costs of Arbitration provision of the Consumer Arbitration Rules. We will not schedule a Preliminary Hearing until payment is received.

An invoice is enclosed to facilitate payment by the Business pursuant to California Code of Civil Procedure sections 1281.97 and 1281.98. This is provided to all case participants pursuant to these statutes. Payment is due upon receipt of this letter. As this arbitration is subject to California Code of Civil Procedure sections 1281.97 and 1281.98, payment must be received by August 29, 2022 or the AAA may close the parties' case per the Consumer Rules. Pursuant to California Code of Civil Procedure section 1281.98, the AAA cannot grant any extensions to this payment deadline unless all parties agree.

If the Business does not pay the required fees for this arbitration by August 29, 2022, the AAA will seek direction from the Consumer regarding their options under California Code of Civil Procedure section 1281.98. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer this arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

bcc: Irene M. Guimera, Esq.
Hon. Michael J. Seng
Janice L. Sperow, Esq.

# EXHIBIT 11

American Arbitration Association® | International Centre for Dispute Resolution®

# Irene M. Guimera, Esq.

**Current Employer-Title**

The Lodestar Group – Arbitrator
Available for Virtual and In-Person Hearings

**Work History**

Arbitrator, Commercial and Real Property Matters, 1985 – Present; Attorney, Self-employed, 2007-2010; Partner and Shareholder, Guimera & Guimera A Law Corporation, 1984 – 2007; Staff Attorney, System Development Corporation, 1981 – 1984; Staff Attorney, General Instrument Corporation, 1979 – 1980; Associate Attorney, Golenbock & Barell, 1977 – 1979.

**Experience**

Thirty years of experience as a business and real estate attorney. Practice included commercial and real estate disputes and litigation; counseling closely held businesses including corporations, partnerships and LLC's; drafting and negotiating contracts; technology law, trade secrets and intellectual property matters; commercial and industrial leases; real estate transactions, financing and development; construction; representation of real estate brokers, developers, contractors, investors, and credit union and bank lenders.

**Alternative Dispute Resolution Experience**

Member of the American Arbitration Association's national Commercial and Large and Complex Case Panels. FINRA Arbitrator. Experience includes hundreds of commercial and real estate arbitration matters as sole arbitrator, panel member, and panel chair and as emergency arbitrator. Very experienced at hosting and conducting online arbitration hearings via Zoom videoconference.

Experience in a broad array of matters:

Commercial and business disputes, including breach of contract, contract interpretation, force majeure, frustration of purpose, fraud, and misrepresentation; shareholder and partnership matters; business financing; purchase and sale of businesses; intellectual property;  service level agreements, data privacy, information security, cybersecurity, software licensing, technology vendors, website developers; breach of fiduciary duty claims.

Real property disputes, including commercial, residential, and unimproved land contract purchase and sale disputes; real estate financing issues; real estate investments; development rights; construction; commercial, retail, and industrial real property lease disputes; and rent setting for lease option terms.

**Alternative Dispute Resolution Training**

ACE 22 - Process Essentials for AAA Arbitrators, 2022; ACE21 Impartiality: Do You Know Where Your Biases Are? 2021; ADS 05 - Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics, 2020; ADS S01 - Cybersecurity Awareness Training for AAA Panelists, 2020; ACE20 Cyber Security: A Shared Responsibility, 2019; AAA ACE19 Case Finances: What Arbitrators Need to Know, 2019; FINRA arbitrator training, 2018; ACE 18 - Arbitrator Performance and Demeanor ~ Meeting Participant Expectations, 2018;

AAA Red Flags & Risk Areas; Challenges to Arbitrator Authority ACE14, 2017; AAA ACE13 ~ Dealing with Difficult Attorneys in Arbitration, 2016; AAA Arbitrator Subpoenas: Are They Worth the Paper They're Printed On?, 2015; AAA, Writing Arbitration Awards ~ A Guide for Arbitrators, 2014; AAA Maximizing Efficiency & Economy in Arbitration: Challenges at the Preliminary Hearing, 2012, 2011; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics ACE05, 2010, 2006; AAA Webinar, Electronic Discovery in Arbitration: What You Need to Know, 2010; AAA Pro Se: Managing Cases Involving Self-Represented Parties ACE02, 2009; AAA Arbitrator Ethics & Disclosure ACE03, 2007; AAA Dealing With Delay Tactics in Arbitration ACE04, 2005; AAA Commercial Arbitrator II Training: Advanced Case Management Issues, 2004; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards ACE01, 2004; AAA Annual Arbitrator Update, 2004; AAA Commercial Arbitrator Training, 1999; Faculty, AAA Basic Commercial Arbitrator Training, 1993; faculty, AAA Basic Arbitrator Training 1993; faculty, AAA Advanced Arbitrator Training Commercial/Construction, 1993; various other ADR training.

**Professional Associations**

State Bar of California; American Bar Association; ABA Dispute Resolution Section; California Lawyers Association.

**Professional Licenses**

Admitted to the Bar: New York (1978), California (1981); U.S. District Court: Central (1981) and Southern (1981) Districts of California, Southern (1978) and Eastern (1978) Districts of New York. Licensed California Real Estate Broker (1986).

**Education**

Columbia University (JD, Harlan Fiske Stone Scholar-1977); New York University (BA, magna cum laude, Phi Beta Kappa-1974).

**Publications and Speaking Engagements**

Setting Commercial Real Property Rents in Arbitration, Arbitration Insights, September 2018; Emails as Evidence in Arbitration, Arbitration Insights, November, 2018.

Speaker, AAA Panel Conference, February 2021- Managing Cases with Self-Represented Parties

**Citizenship** United States of America
**Languages** Spanish
**Locale** Manhattan Beach, California, United States of America

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 12

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant,

AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
907A St. Marys Street
Raleigh, North Carolina
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S
OBJECTION TO APPOINTMENT OF HON. MICHAEL SENG AS ARBITRATOR,
REQUEST FOR DISQUALIFICATION OF MICHAEL SENG AND RENEWED
REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and the Hon. Michel Seng ("Seng") should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No 22STCP02017 forwarded to Pro Se Case

Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. On July 20, 2022, Pro Se Manager 1 forwarded email correspondence wherein Seng disclosed he and his wife have and frequently use a United Airlines credit card issued by Chase. While Seng stated this would not impact his ability to be impartial, Chase does object to Seng's appointment and requests that he be disqualified under R-19(a)(1 -3):

(a) Chase would prefer that any arbitrator(s) not have a Chase card or account because the possession of either and prior experiences with Chase may color their

disposition. In fact, the existence of a customer relationship with Chase is one of the most frequent bases asserted by judges as a reason for disqualification in matters involving Chase.

(b) While Claimant Johnson advised he has no objection to the appointment of Seng, Chase is concerned if this matter proceeds Claimant Johnson may change his mind. Claimant's propensity to change his mind is best evidenced by his pursuit of this putative appeal in a matter where he previously agreed to a binding arbitration knowing he waived his right to pursue an appeal before the AAA.

(c) Relatedly, should Johnson believe a decision or procedural ruling is unfair / not in his favor and/or if Chase prevails, Chase believes there is a foreseeable risk Johnson would use the customer relationship between Seng and Chase as a basis to assert the bias of the AAA and/or disqualify Seng and/or possibly vacate any award. For example, Claimant Johnson did investigate disqualification of Arbitrator Holton during the arbitration of the original matter upon which the Award is based. See Ex. "A."

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment of the Hon. Michel Seng and requests that he otherwise be disqualified and that he not be appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on August 4, 2022, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF* HON. MICHEL SENG *AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF* HON. MICHEL SENG *AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: August 4, 2022

By: /s/ *Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT A

## Hickey, Joseph

**From:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Sent:** Tuesday, September 21, 2021 2:22 PM
**To:** Joshua Johnson; Pro Se Manager 8
**Cc:** Hickey, Joseph
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734

*** EXTERNAL***

Good Afternoon:

Answers to your questions are as follows:

1. In the event that an arbitrator is disqualified, the AAA will need time to find another arbitrator willing to serve on this matter.
2. The arbitrator will only be notified if the AAA's determines it appropriate to remove the arbitrator from the matter.
3. The AAA is responsible for notifying the arbitrator if removal is determined.
4. The AAA will request comments from the parties.
5. 7 calendar days is the typical timeline for requesting comments and once received, the AAA will render their determination once a complete review of all party contentions has been conducted.

As previously advised, parties need to copy each other on all correspondence.

Thank you.

**Pro Se Manager 8**

F: 866 644 0234 E: ProSeManager8@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2021★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Monday, September 20, 2021 11:38 AM
**To:** Pro Se Manager 8 <ProSeManager8@adr.org>
**Subject:** Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734

***** External E-Mail – Use Caution *****

Hi Pro Se Manager,

Rule R-19 of the AAA Consumer Arbitration Rules covers disqualification of the arbitrator. I would like to know more about the process for doing so. Do you have any documentation that you could provide me with that describes the process? I would specifically like to know the following:

1. What effect would disqualification have on the pending arbitration? Would it, in effect, be withdrawn? Or would a new arbitrator be appointed to carry out the arbitration?
2. Is the arbitrator notified that a disqualification motion has been filed?
3. Is the other party allowed to notify the arbitrator of (2)?
4. How are the "opinions of the parties" gathered?
5. What is the timeline for an administrative decision?

Thank you,
Josh

# EXHIBIT 13

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant, AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
907A St. Marys Street
Raleigh, North Carolina
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S
OBJECTION TO APPOINTMENT OF IRENE M. GUIMERA AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF IRENE M. GUIMERA AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Irene M. Guimera should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No 22STCP02017 forwarded to Pro Se Case

Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment and requests that Ms. Guimera be disqualified and not appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on August 12, 2022, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF IRENE M. GUIMERA AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF IRENE M. GUIMERA AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: August 12, 2022

By: /s/ *Joseph H. Hickey*
JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 14

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Pro Se Arbitration Administration Team

P.O. Box 19609
Johnston, RI 02919

September 26, 2022

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This will acknowledge receipt of a notice of disqualification regarding proposed arbitrators,

- August 12, 2022 objection to Irene Guimera
- August 4, 2022 objection to Hon. Michael Seng
- July 28, 2022 objection to Janice Sperow

In accordance with the California Arbitration Law (C.C.P. §1281.91), the three proposed neutral arbitrators are disqualified.

We will contact you shortly with the name and any disclosures of another proposed arbitrators.

Sincerely,

Pro Se Manager 1
Manager of ADR Services
ProSeManager1@adr.org
Fax: (866) 644-0234

# EXHIBIT 15

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

October 14, 2022

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Hon. Anita Rae Shapiro to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated October 10, 2022, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of October 10, 2022, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Hon. Anita Rae Shapiro is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator please submit your request in writing to the AAA with a copy to all parties.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

# EXHIBIT 16

# Hon. Anita Rae Shapiro

**Current Employer-Title** Self-employed - Private Judge

**Profession** Private Judge; Commissioner (Retired)

**Work History** Private Judge, Self-employed, 1997-present; Commissioner, Los Angeles County Superior Court, 1982-97; Senior Research Attorney, California Courts of Appeal, 1971-82; Associate Editor, Lawyers Co-operative Pub. Co., 1969-70; Office Auditor, United States Internal Revenue Service, 1961-62.

**Experience** Has been an independent private judge in southern California since retiring from the bench in 1997. Currently serves as an arbitrator, mediator, discovery referee, accounting referee, and temporary judge (hearings and trials) in all areas of civil law heard in the state courts (including contracts, business, eminent domain, legal malpractice and real estate), as well as probate (trusts, wills and conservators) and family law. Also served as a Long Beach Civil Service Hearing Officer. During 15 years as a Los Angeles Superior Court Commissioner, sat in trial departments and Civil Law and Motion Department, hearing all Long Beach Superior Court law and motion and ex-partes for over five years. Conducted over 600 civil mandatory settlement conferences with an 80% settlement rate. During the previous 12 years, served as a senior research attorney for the California Courts of Appeal in Los Angeles and San Bernardino, writing proposed opinions (approximately 1100) in appeals and writs.

**Alternative Dispute Resolution Experience** Has handled arbitrations and mediations in thousands of disputes since 1997 in all areas of civil law heard in the state courts, including business, eminent domain, personal injury, medical and legal malpractice, employment and labor, construction, insurance, maritime, land use, commercial contracts, product liability, and transportation. Some of these matters involved consumers.

**Alternative Dispute Resolution Training** ACE 22 - Process Essentials for AAA Arbitrators, 2022; ACE21 Impartiality: Do You Know Where Your Biases Are? 2021; ACE 20 - Cyber Security: A Shared Responsibility, 2020; AAA ACE 19 Case Finances: What Arbitrators Need to Know, 2019; AAA Arbitrator Performance and Demeanor - Meeting Participant Expectations ACE18, 2018; AAA Challenges at the Preliminary Hearing ACE06, 2017: AAA Arbitrator Discretion - A Look at Some Best Practices ACE11, 2016; AAA Roundtable - Arbitration Panels, 2015; AAA Avoiding Ten Common Missteps Arbitrators Make ACE10, 2015; AAA Pro Se: Managing Cases Involving Self-Represented Parties ACE02, 2012; California Judges Association, Retired Judges Conference, Mediation Confidentiality: Issues & Current Cases, ADR Update, Arbitration Roundtable, 2011; California Judges Association, Annual Meeting, 2010; California Judges Association, Retired Judges Conference, 2009; AAA ADR Update, 2008; National Arbitration Forum, National Arbitration Forum Arbitrator Education Course, 2007; AAA Dealing With Delay Tactics in Arbitration ACE04, 2006; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics ACE05, 2006; AAA Arbitration Awards:

Safeguarding, Deciding & Writing Awards ACE01, 2004; AAA Arbitrator Update 2003; AAA Commercial Arbitrator II Training, 2002; AAA Arbitrator I Training-Fundamentals of the Arbitration Process, 2002; Orange County Bar Association/Pepperdine University, Mediation and Settlement Skills Training, 1997; Straus Institute for Dispute Resolution, Advanced Mediation Skills, 1997; California Center for Judicial Education and Research, ADR Workshop, 1996.

**Professional Associations**

California Judges Association (Ethics Committee); Los Angeles County Bar Association; California Women Lawyers (Board of Governors; Treasurer); Long Beach Women Lawyers Association; Orange County Women Lawyers; Women Lawyers' Association of Los Angeles.

**Professional Licenses**

Admitted to the Bar: California, 1966; New York (inactive), 1969; District of Columbia (inactive), 1978.

**Education**

Mills College (BA, Psychology and Philosophy/Religion-1961); University of Pennsylvania (LLB-1965); New York University School of Law, Graduate Division (Tax Law-1966).

**Publications and Speaking Engagements**

Panel speaker, "Effective Legal Negotiation, Settlement and Use of ADR (Advanced Course of Study)," Continuing Education of the Bar (CEB), Los Angeles, September 2006; panel speaker, "ADR Marketing," California Judges Association, Oakland, March 1999.

**Citizenship** United States of America
**Languages** English
**Locale** Brea, California, United States of America

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 17

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant,

AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
907A St. Marys Street
Raleigh, North Carolina
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S OBJECTION TO APPOINTMENT OF HON. ANITA RAE SHAPIRO AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF HON. ANITA RAE SHAPIRO AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Hon. Anita Rae Shapiro should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No

22STCP02017 forwarded to Pro Se Case Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. The resume for the Hon. Anita Rae Shapiro does not demonstrate that she has any relevant experience relating to the banking disputes or credit card

agreements involved in the underlying dispute. Nor does the Hon. Anita Rae Shapiro's resume demonstrate any relevant appellate experience.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment and requests that Hon. Anita Rae Shapiro be disqualified and not appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

# PROOF SERVICE

I certify under penalty of perjury that on October 28, 2022, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF* HON. ANITA RAE SHAPIRO *AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF* HON. ANITA RAE SHAPIRO *AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: October 28, 2022

By: /s/ *Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 18

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

Pro Se Arbitration Administration Team

P.O. Box 19609
Johnston, RI 02919

November 11, 2022

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This will acknowledge receipt of a notice of disqualification regarding proposed arbitrator Shapiro, dated October 28, 2022, from Respondent.

In accordance with the California Arbitration Law (C.C.P. §1281.91), the proposed neutral arbitrator, Hon. Anita Shapiro, is disqualified. Any party may file a response to the notice of disqualification, which will be made part of our administrative file.

Please be advised, Susan Barlich did not return her appointment documents. Pursuant to California statute she was not deemed a proposed arbitrator. Therefore, the objection to her appointment is moot and will not be addressed.

We will contact you shortly with the name and any disclosures of another proposed arbitrator.

Thank you.

Sincerely,

Pro Se Arbitration Manager
Manager of ADR Services
ProSeManager1@adr.org
Fax: (866) 644-0234

# EXHIBIT 19

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

February 13, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Lori B. Sanford to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated February 9, 2023, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of February 9, 2023, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Lori B. Sanford is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their

representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator, please submit your request in writing to the AAA with a copy to all parties.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Pro Se Director 2; prosedirector2@adr.org

Enclosures

# EXHIBIT 20

# Lori B. Sanford, Esq.

| | |
|---|---|
| **Current Employer-Title** | Lori Sanford Law, PC – Arbitrator, Mediator, Litigator<br>Laser Leasing Company, LLC - Administrator<br><br>Experienced in using online platforms including Zoom. Willing to conduct arbitrations and mediations via videoconference or teleconference. |
| **Profession** | Attorney, Arbitrator, Mediator, Administrator |
| **Work History** | Attorney, Lori Sanford Law (formerly Lori B. Sanford Mediation Services), 2009-Present; Administrator, Laser Leasing Company LLC, 2006-Present; Administrator, Sanford Medical Corporation, 2000-2016; Adjunct Professor, La Sierra University-Zapara School of Business, Fall 2017 & 2018; Senior Trial Attorney, Kelly Hodukavich and Goldberg (in-house counsel Royal Sun Alliance), 1994-2000; Associate, Law Office of Michael H. Manning, 1992-1994; Associate/Law Clerk, Morton Schlegel Stone and Manning, 1990-1992. |
| **Experience** | Attorney with more than 31 years experience litigating civil matters for the defense and plaintiff bar. Former insurance defense litigator and senior trial attorney for an in-house law firm. Recent work involves civil motion practice, business litigation and personal injury litigation. |
| **Alternative Dispute Resolution Experience** | American Arbitration Association Arbitrator serving on the Consumer, Commercial, Employment panels and Consumer and Commercial Mediation panels. Superior Court of California, County of Riverside Court appointed arbitrator and mediator. Desert Bar Association President, Mediation Chair and volunteer administrator of the First Friday Voluntary Settlement Conference program in the Palm Springs Courthouse. Riverside County Bar Association Dispute Resolution Service Mediation panel and Trial Assignment Panel handling day of trial mediations where litigants are told to settle or pick a jury.<br><br>Subject matter experience in the following areas:<br><br>BUSINESS: breach of contract, business ownership, partnership dissolution, business valuation, business property dispute, conversion, joint venture and collections.<br><br>FINANCIAL: services, management fee dispute, misappropriation of funds, diminished value, loss of use, lemon law.<br><br>HEALTHCARE: buy sell agreements, equipment purchase, warranty contracts, business asset disposition, equipment rental contracts.<br><br>EMPLOYMENT: discrimination, wage and hour, wrongful termination, sexual harassment, retaliation. |

CONSTRUCTION: construction defect, breach of contract, failure to disclose, latent defects, mechanic's lien, leasing of heavy equipment.

TORTS: motor vehicle, slip and fall, professional liability, medical, dental and legal malpractice, dog bite, product liability, property damage, premises liability, wrongful death, assault and battery.

REAL ESTATE: failure to disclose, property defects, HOA disputes, mold, California Association of Realtors Mediation Panel.

**Alternative Dispute Resolution Training**

ACE 22 - Process Essentials for AAA Arbitrators, 2022; Mediation and Arbitration of Disputes Arising Under the California Real Estate Purchase Act, 2022; ACE21 Impartiality: Do You Know Where Your Biases Are? 2021; AAA Managing Cases with Self-Represented Parties, 2021; AAA Best Practices for Arbitrators in Expedited/Fast Track Arbitrations, 2021; AAA Managing Arbitration Discovery to Preserve the Benefits of Arbitration, 2020: AAA Dispositive Motion Practice in Arbitration, 2020; ACE20 Cyber Security: A Shared Responsibility, 2020; Arbitration Fundamentals and Best Practices for New AAA Arbitrators, 2019; AAA Arbitration Awards: Safeguarding, Deciding & Writing Awards, ACE01, 2019; Basic Fee Arbitrator Training, 2019; State Bar of California Local Bar Mandatory Fee Arbitration Administrator's Training, 2019, 2020; The Devil's in the Details: A Litigator's Guide to Dispute Resolution, 2018; Getting the Most out of Mediation, 2014; Turning the State Budget Crises into Opportunity for ADR, 2013; Pepperdine University School of Law, Strauss Institute for Dispute Resolution, Mediating the Litigated Case, 2009.

**Professional Associations**

Superior Court of California, Riverside County Court Ordered Mediation panel, Desert Bar Association, Riverside County Bar Association, Inns of Court, California Association of Realtors Mediation panel; Resolute Systems Mediation panel; State Bar of California, New York and Connecticut.

**Professional Licenses**

Admitted to the Bar: New York (1995), Connecticut (1994), California (1991); U. S. District Court: Central District of California (1991), Eastern and Western Districts of New York (1995); U.S. Supreme Court (1995).

**Education**

La Sierra University, Zapara School of Business (MBA, customized concentration in Healthcare Management-2017); University of the Pacific, McGeorge School of Law (JD-1991); University of California, San Diego (BA-1984).

**Publications and Speaking Engagements**

"The First Friday Volunteer Settlement Conference Program and its Dedicated Volunteer Panel" Riverside Lawyer 2022 Article, "ADR as the Pathway to Reducing Case Numbers," Riverside County Bar Association DRS 2019 article; "Mediating in a Bad Economy" Riverside County Bar Association DRS 2010 article; "2025 Future Practice of Law" Inns of Court presentation 2013; "How to have an Effective Mediation" Riverside County Law Library MCLE instructor 2014; "An Ounce of Mediation" Inns of Court presentation 2014; "The Future of Mediation and the Current and Future Status of Court Sponsored Mediation" Inns of Court presentation 2014; "Future Trends: Healthcare and the Law" Eisenhower Medical Center MBA presentation 2015. "Conducting Remote Mediations," Superior Court of California, County of Riverside, ADR presentation 2020.

| | |
|---|---|
| **Awards and Honors** | Superior Court of California, County of Riverside, Certificate of Appreciation Top 10 Civil Mediation Panel member; Superior Court of California, County of Riverside, Certificate of Appreciation for dedicated service to Court ADR programs; Palm Springs Life magazine, Top Lawyers edition, Arbitration and Mediation category, 2017-2022. |
| **Citizenship** | United States of America |
| **Languages** | English |
| **Locale** | Palm Desert, California, United States of America |

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 21

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant, AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S OBJECTION TO APPOINTMENT OF MS. LORI B. SANFORD AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF MS. LORI B. SANFORD AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Ms. Lori B. Sanford should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No

22STCP02017 forwarded to Pro Se Case Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. The resume for Ms. Lori B. Sanford does not demonstrate that she has any relevant experience relating to the banking disputes or credit card agreements

involved in the underlying dispute. Ms. Sanford's "financial" experience is limited to "services, management fee dispute[s], misappropriation of funds, diminished value, loss of use [and] lemon law." Indeed, based on Chase's investigation, it appears Ms. Sanford's primary employment (and/or a large %) has been as the administrator for two limited liability companies – Sanford Medical Corporation and/or Laser Leasing Company (which company appears to lease medical equipment) -- unrelated to banking or the provision of financial services. Nor does Ms. Lori B. Sanford's resume demonstrate any relevant appellate experience.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal, and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment and requests that Ms. Lori B. Sanford be disqualified and not appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on February 28, 2023, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF LORI B. SANFORD AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF LORI B. SANFORD AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: February 28, 2023

By: /s/ *Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 22

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

March 9, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This acknowledges receipt of the enclosed correspondence dated February 28, 2023 from Respondent.

In accordance with the California Arbitration Law (California Code of Civil Procedure section 1281.91), the proposed arbitrator, Lori B. Sanford, is disqualified. Any party may file a response to the notice of disqualification, which will be made part of our administrative file.

We will contact you shortly with the name and appointment documents of another proposed arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

# EXHIBIT 23

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

March 28, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Robert G. Badal to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated March 14, 2023, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of March 14, 2023, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Robert G. Badal is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their

representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator, please submit your request in writing to the AAA with a copy to all parties.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

# EXHIBIT 24

American Arbitration Association | International Centre for Dispute Resolution®

# Robert G. Badal, Esq.

**Profession** — Mediator, Arbitrator, Litigation Consultant

**Work History** — Mediator, Arbitrator, Consultant, 2009 – Present; Partner, WilmerHale LLP, 2008 – 2012; Partner, Heller Ehrman LLP, 2001 – 2008; Founder/Partner, Belin Rawlings & Badal LLP, 1992 – 2001; Attorney, Bureau of Consumer Protection Federal Trade Commission (Washington, D.C).

**Consumer Experience** — Litigated or provided counseling in consumer and consumer class actions brought under Unfair Competition, Consumer Legal Remedies and False Advertising statutes, and under the Lanham Act, the Telecommunications Consumer Protection Act, and the federal Securities laws, among others. Attorney and Attorney Adviser in the Bureau of Consumer Protection at the Federal Trade Commission, Washington D.C.

**Experience** — Over 40 years of litigation and trial experience in antitrust and intellectual property (patent, copywrite, and trademark) matters.

Counseled clients on antitrust compliance matters and risk avoidance, with a particular focus on antitrust liability arising from licensing and standard setting issues in the technology sectors, involving, among others, companies who manufacture or distribute computer chips, peripheral equipment, applications software, proprietary OS software, computer clearinghouse services, computerized point-of-sale equipment, and chemical additives.

Litigated or provided counseling in consumer and consumer class actions brought under Unfair Competition, Consumer Legal Remedies and False Advertising statutes, and under the Lanham Act, the Telecommunications Consumer Protection Act, and the Securities laws, among others.

**Alternative Dispute Resolution Experience** — Panel mediator for the ADR Program of the United States District Court for the Central District of California (2015 – Present). Served as party-appointed arbitrator in a number of matters. Participated in a number of arbitrations as counsel to one of the parties. Recognized in 2010, 2011, and 2012 by Chambers USA: America's Leading Lawyers for Business; by Southern California Super Lawyers from 2007-2012; and by Super Lawyers, Corporate Counsel Edition from 2009-2011, for work in the antitrust and competition law fields.

**Professional Licenses** — Admitted to the Bar:  California (1978), District of Columbia (1974).

**Education** — Harvard Law School (JD - 1973); University of Pennsylvania (BA magna cum laude - 1969).

**Recent Publications & Speaking Engagements** — Publications

• Senior Contributor, Antitrust & Competition Matters, American Lawyer Media,

Inc.

• "9th Circuit Extends IP Protections to Web Hosts", Los Angeles Daily Journal, p. 4, Wednesday, February 8, 2012

• "The Redbox Antitrust Litigation: Should Copyright Owners Be Concerned ?", Los Angeles Lawyer, May 2010

• "The FTC's Continuing Challenge to Reverse Payment Patent Settlements in the Pharmaceutical Industry", (editor), BNA Pharmaceutical Law & Industry, June 2009

• "Speculation, Overdeterrence and Consumer Standing in Walker Process Litigation: A Response to Professor Leslie" – Southwestern Law Journal – 2007

• Hearing Issues – Effective Advocacy/The Use of Party-Appointed Arbitrators in Tripartite Panels – March 26, 2007

• "Setting A Higher Standard: The FTC Takes A Tougher Stand On The Ways IP Owners Try To Influence Standard-Setting Organizations" – ABA's Intellectual Property Committee Newsletter – November 1, 2006

• "From Magill to Microsoft: Is the European Union's Insistence on Compulsory Licensing of Intellectual Property Rights a Threat to Innovation?" – Antitrust & Intellectual Property – October 1, 2004

• Co-Author, "Merging Traffic: The Intersection Between Antitrust Law and Intellectual Property Right" – IP Litigator – July 2, 2003

• "A Continental Divide: How the United States and the European Union Differ in Their Antitrust Treatment of a Firm's Unilateral Refusal to License Intellectual Property" – Antitrust & Intellectual Property – July 1, 2003

• "A Growing Suspicion Over the Validity of Shrinkwrap Licensing" – July 1, 2003

• "Be Careful What You Ask For: When Enforcement of Intellectual Property Rights Trigger Potential Antitrust Exposure" – 7th Annual Intellectual Property Institute – June 29, 2003

• "U.S. Company Compelled to License Its Software by E.U. Antitrust Authorities" – March 1, 2002

• "Economic Testimony Under Fire" – ABA Journal – 2001

• "Preparing for Daubert Challenges in Antitrust Cases" – Antitrust Section, ABA Newsletter – 2001

• "Restrictive State Laws and the Federal Trade Commission" – 29 Administrative Law Review 239

Speaking Engagements

• "Law and Economics", USC Gould School of Law, Adjunct Professor of Law co-taught with Professor Gillian Hadfield-Spring 2013

• "Single Firm Behavior in the IP Context" (moderator), USC Gould School of Law Intellectual Property Institute – Los Angeles, California – March 2010

• "Consumer Standing for Walker Process Litigation," Commentator, A Symposium in Celebration of the Work of Lawrence A. Sullivan – Southwestern Law School – February 23, 2007

• "Hearing Issues – Effective Advocacy/The Use of Party-Appointed Arbitrators in

Tripartite Panels," Arbitrating the Mega-Case Workshop – Los Angeles, California – March 2007
• "Antitrust and IP: Case Studies," USC Gould School of Law, Adjunct Professor of Law co-taught with Professor Gillian Hadfield – Spring 2006
• "The Antitrust Risks Raised by Standard Setting Activities," USC Gould School of Law Intellectual Property Institute – Los Angeles, California – May 2005
• "The Tension Between Antitrust Obligations and IP Rights: Where to Draw the Line?," USC Gould School of Law Intellectual Property Institute – Los Angeles, California – May 2004
• "Expert Testimony in the Aftermath of Daubert and Kuhmo," The Tenth Annual Golden State Antitrust and Unfair Competition Institute – April 2003

| | |
|---|---|
| **Locations Where Parties Will Not be Charged for Travel Expenses** | Santa Barbara, CA and Los Angeles, CA |
| **Citizenship** | United States of America |
| **Languages** | English; Spanish |
| **Locale** | Santa Barbara, California, United States of America |

**Compensation**

| | |
|---|---|
| Cancellation Period: | 0 Days |
| Comment: | Compensation rates, established by the AAA, are set forth in the applicable Consumer Arbitration Rules. |

# EXHIBIT 25

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant, AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S OBJECTION TO APPOINTMENT OF MR. ROBERT G. BADAL AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF MR. ROBERT G. BADAL, RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED AND ACCEPTANCE OF BADAL'S CREDENTIALS**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Mr. Robert G. Badal should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan*

*Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No 22STCP02017 forwarded to Pro Se Case Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. Because it cannot waive its objection to this proceeding, Chase has been placed between a rock and a hard place by the AAA's continued administration of this putative appeal of the Award. Therefore, Chase states only that it believes Badal has sufficient credentials. Chase otherwise maintains and reserves all rights it has to object to the appointment of Badal and/or any other arbitrator proposed by the AAA.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal, and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment of Robert G. Badal and, though it believes Badal has sufficient credentials, Chase objects and requests that Mr. Robert G. Badal be disqualified and not appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on April 12, 2023, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF ROBERT G. BADAL AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF ROBERT G. BADAL AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED AND ACCEPTANCE OF BADAL'S CREDENTIALS* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: April 12, 2023

By: /s/ *Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 26

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

May 9, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This acknowledges receipt of the objection dated April 12, 2023 from Respondent as well as Claimant's response dated April 12, 2023.

In accordance with the California Arbitration Law (California Code of Civil Procedure section 1281.91), the proposed arbitrator, Robert G. Badal, is disqualified. Any party may file a response to the notice of disqualification, which will be made part of our administrative file.

We will contact you shortly with the name and appointment documents of another proposed arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

# EXHIBIT 27

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

May 17, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Sanford Jossen to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated May 11, 2023, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of May 11, 2023, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service.

If any objections are received, the other party will be given an opportunity to respond before the AAA makes a determination, in accordance with the Rules, regarding the arbitrator's continued service.

Absent our receipt of a notice of disqualification within the time specified, the appointment of Sanford Jossen is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their

representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator, please submit your request in writing to the AAA with a copy to all parties.

A Preliminary Hearing will be scheduled after payment is received.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
Pro Se Manager 1
Manager of ADR Services
Email: ProSeManager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

# EXHIBIT 28

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant, AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S OBJECTION TO APPOINTMENT OF SANFORD JOSSEN AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF SANFORD JOSSEN AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022 Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken and Sanford Jossen should not be appointed as an arbitrator.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No

22STCP02017 forwarded to Pro Se Case Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and in the Lawsuit seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022.

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. The resume for Sanford Jossen does not demonstrate that he has any relevant experience relating to the banking disputes or credit card agreements

involved in the underlying dispute. Mr. Jossen's experience is limited to personal injury (including automobile, motorcycle, truck, bicycle, and related claims, uninsured motorist claims, insurance claims, bad faith insurance practices), governmental tort claims, civil rights violations, legal malpractice, attorney-client fee disputes, entertainment industry matters, premises liability, education rights, and disability rights and ADA. Nor does Sanford Jossen's resume demonstrate any relevant appellate experience.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal, and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment and requests that Sanford Jossen be disqualified and not appointed as an arbitrator. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**PROOF SERVICE**

I certify under penalty of perjury that on June 1, 2023, I served *JPMORGAN CHASE BANK, N.A.'s OBJECTION TO APPOINTMENT OF SANFORD JOSSEN AS ARBITRATOR, REQUEST FOR DISQUALIFICATION OF SANFORD JOSSEN AND RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [prosemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: June 1, 2023

By: /s/ *Joseph H. Hickey*

JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467

# EXHIBIT 29

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

August 10, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

Per the applicable Consumer Arbitration Rules, the American Arbitration Association (AAA) has made an administrative appointment of Gregory B Wood to serve as arbitrator.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and California Arbitrator Oath Form, the Notice of Compensation Arrangements, as well as the arbitrator's resume.

For your review, we have also enclosed the Provider Organization Disclosure dated July 27, 2023, which is required under California Code of Civil Procedure Section 1281.9.

Also enclosed is the AAA's Neutrals Data Base Search information as of July 27, 2023, which is provided to you pursuant to California's Ethics Standards for Neutral Arbitrators in Contractual Arbitration Standard 8(b)(1)(A). This search provides whether a party, a lawyer in the arbitration, or an attorney of the law firm with which a lawyer in the arbitration is currently associated is a member of the AAA's panel of arbitrators.

Pursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter. Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service. Absent our receipt of a notice of disqualification within the time specified, the appointment of Gregory B Wood is confirmed, as indicated by the signed Oath of Arbitrator contained in the Notice of Appointment.

As requested by the arbitrator, and specified in the Consumer Arbitration Rules, the parties and their representatives must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. Further, such obligation to provide disclosure information remains in effect throughout the arbitration.

If additional information is needed from the proposed arbitrator, please submit your request in writing to the AAA with a copy to all parties.

A copy of this correspondence has been provided to the arbitrator.

Sincerely,
/s/
AAA Case Manager 1
Manager of ADR Services
Email: aaacasemanager1@adr.org
Fax: (866)644-0234

Supervisor Information: Pro Se Director 2; prosedirector2@adr.org

Enclosures

# EXHIBIT 30

AMERICAN ARBITRATION ASSOCIATION

Joshua Johnson,

Claimant,

AAA Case: 02-20-0015-1734-2-PA

vs.

JPMorgan Chase Bank, N.A.,

Respondent.

---

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
(336) 423-2594
josh@jj88.org

Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0555
jhickey@dykema.com

---

**JPMORGAN CHASE BANK, N.A.'S (I) RESPONSE AND RESERVATION OF OBJECTION AND RIGHT TO LATER REQUEST DISQUALIFICATION OF MR. GREGORY B. WOOD, AND (II) RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED**

JPMorgan Chase Bank, N.A. ("Chase") continues its objection to Claimant Joshua Johnson's claim and, requests that the American Arbitration Association decline administration. There is no agreement between the parties for arbitration of an appeal of the March 3, 2022, Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734 (the "Award"). Claimant Johnson's purported appeal should be dismissed and stricken, and Mr. Gregory B. Wood should not be appointed as an arbitrator except as noted in paragraph 6 below.

1. The AAA should provide any potential arbitrator the materials associated with this claim, including the purported arbitration agreement, Chase's April 20, 2022 objections to this matter proceeding, and Chase's complaint, *JPMorgan*

*Chase Bank, N.A. v. Joshua Johnson*, Los Angeles Superior Court Case No 22STCP02017 forwarded to Pro Se Case Manager 1 on June 15, 2022 (the "Lawsuit"). If a copy of the Lawsuit was not forwarded to the potential arbitrators, Chase believes it would be prudent to do so.

2. Chase disputes that there is an agreement between the parties for arbitration of this appeal claim and, in the Lawsuit, seeks to confirm the Award *and enjoin Claimant Johnson from pursuing his claim here*. Nonetheless, the AAA is administering this claim in apparent reliance on the arbitration agreement contained in Claimant Johnson's Freedom Card agreement submitted by him on March 22, 2022 (the "Freedom Card Agreement").

3. The Freedom Card arbitration agreement is inapplicable and does not provide rights to pursue an appeal of the Award, but even if it were to apply, the plain terms of that agreement provide that arbitrability issues are reserved for a court:

> All issues are for the arbitrator to decide, ***except that issues relating to the scope, enforceability, interpretation, formation, and validity of this arbitration agreement are for a court to decide.***

4. The fact that a potential arbitrator would accept appointment in this matter with knowledge of this language, as well as knowledge of Chase's Lawsuit wherein Chase is requesting that the Los Angeles Superior Court determine the arbitrability of this claim, provides a more than adequate basis for Chase to seek disqualification under Consumer Arbitration Rule R-19 (a)(2): "The AAA may disqualify an arbitrator who shows inability or refusal to perform his or her duties with diligence and in good faith."

5. Because it cannot waive its objection to this proceeding, Chase has been placed between a rock and a hard place by the AAA's continued administration of this putative appeal of the Award.

6. Chase would accept Wood to determine arbitrability subject to the conditions and reservation of rights outlined in Chase's August 11, 2023, response to the AAA's proposal that a single arbitrator be appointed to determine arbitrability (Chase's response is attached as Exhibit "A" and incorporated herein by reference).

7. As for the appointment of Wood to an appellate panel pursuant to the terms of the Freedom Card Agreement, Chase continues its protest and, as it has done throughout these proceedings, reserves all rights to object (pursuant to AAA R-14 and otherwise) and later move to disqualify Wood, as it does with any other arbitrator proposed by the AAA.

Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal, and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase would accept the appointment of Wood subject to the terms Chase proposes in paragraph 6. Chase otherwise reserves its rights as noted in paragraph 7. The AAA should dismiss this claim.

/s/ Joseph H. Hickey
**DYKEMA GOSSETT PLLC**
*Attorneys for JPMorgan Chase Bank, N.A.*

**Hickey, Joseph** **EXHIBIT A**

**From:** Hickey, Joseph
**Sent:** Friday, August 11, 2023 4:41 PM
**To:** 'AAA Case Manager 1'
**Cc:** josh@jj88.org; Hickey, Joseph
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

JPMorgan Chase Bank, N.A. ("Chase") has considered the AAA's July 26th proposal to "reconsider[ ] a single arbitrator to decide the arbitrability issue concerning the applicable contract." (for ease of reference defined terms are in bold format)

For reasons expressed in various filings and communications with the AAA (as noted in the AAA's July 26th letter), Chase continues to object to the AAA's administration of Joshua Johnson's claim in Case No. 02-20-0015-1734 (the "**AAA Appeal**"). Chase expressly reserves these rights and, by proceeding here, does not waive its right to challenge in a judicial proceeding or otherwise any ruling or holding of or by the AAA or any arbitrator(s).

Subject to its continuing objection and non-waiver, Chase agrees to the proposal to have a single arbitrator in the first instance determine the **Arbitrability Claim**. Chase's agreement is subject to the following conditions:

1. The issue to be resolved is expressly limited to the applicability of the arbitration agreement contained in the "Important Changes to Your Account Terms" sent to Claimant on June 5, 2019 (the "**Freedom Card Arbitration Agreement**") submitted by Claimant to the AAA on or about March 22, 2022 (the "**Arbitrability Claim**");

2. Appeal of the **Arbitrability Claim**: A decision that the **AAA Appeal** is arbitrable will be reserved by Chase as an issue for appeal if the **AAA Appeal** proceeds and appellate arbitrators are appointed; and

3. Any arbitrator appointed by the AAA for resolution of the **Arbitrability Claim** may not further serve in any capacity in any dispute between Chase and Claimant -- specifically including as an arbitrator on any panel that may hear the **AAA Appeal**.

Thank you,

Joe

**From:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Sent:** Thursday, August 10, 2023 12:43 PM
**To:** Hickey, Joseph <JHickey@dykema.com>; AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

*** EXTERNAL***

Dear Parties:

**PROOF SERVICE**

I certify under penalty of perjury that on August 25, 2023, I served *JPMORGAN CHASE BANK, N.A.'S (I) RESPONSE AND RESERVATION OF OBJECTION AND RIGHT TO LATER REQUEST DISQUALIFICATION OF MR. GREGORY B. WOOD, AND (II) RENEWED REQUEST FOR ARBITRATION TO BE STRICKEN / DISMISSED* via email to the AAA (Pro Se Manager 1 [aaacasemanager1@adr.org] and Pro Se Director 2 [prosedirector2@adr.org]) and upon Claimant Joshua Johnson (josh@jj88.org).

***We understand that this document should not be disclosed to the potential arbitrators ("Copies of the objection are to be provided to all parties. However, do not copy the arbitrator on any correspondence regarding objection to their service."). As such, we have not filed this document with the case record which may be accessible to the arbitrators.***

Dated: August 25, 2023

By: */s/ Joseph H. Hickey*
JOSEPH H. HICKEY
*JHickey@dykema.com*
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Tel.: +1 248 203-0555
Fax: +1 855 233-1467