**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
  *AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE OPPOSITION TO MOTION FOR STAY AND TRIAL CONTINUANCE**<br><br>**Date: October 20, 2023**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7B**<br><br>Complaint Filed:　September 19, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Chase will suffer substantial inequity without a stay of the instant action to allow resolution of the Arbitration Appeal.

## I. ARBITRATION IS A MATTER OF CONTRACT

There is no dispute that both the instant complaint (the "FCRA Complaint") [Dkt. 1] and the arbitration before the American Arbitration Association ("AAA") in case no. 01-20-0015-1734 (the "Arbitration") arise from Plaintiff's use of his Chase Ink Business credit card. Declaration of Robert Hyatt in support of Motion for Stay ("Hyatt Dec."), Exhibit B, and Dkt. 1, 2:15-16. While the claim in the Arbitration was for breach of contract, and the claim in the FCRA Complaint is for violation of the Fair Credit Reporting Act, the underlying facts for both actions are identical as discussed in Chase's moving papers at Section III.

"The Federal Arbitration Act (the "FAA") provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes a general policy favoring arbitration agreements. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011); Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) ("Section 2 of the FAA creates a policy favoring enforcement of agreements to arbitrate."). This statute's principal purpose is to "ensure that private arbitration agreements are enforced according to their terms." Concepcion, 563 U.S. at 347 n.6. "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." Id. at 351." Ruderman v. Rolls Royce Motor Cars, LLC, 511 F. Supp. 3d 1055, 1057 (CACD Jan. 2021).

The Arbitration required an agreement between Plaintiff and Chase to arbitrate the dispute that Plaintiff presented. This is no mere technicality. The AAA rules require that the Demand for Arbitration include the contract between the parties that includes the arbitration agreement. Declaration of Robert Hyatt in

1  support of Reply re Opposition to Motion for Stay ("Hyatt Reply Dec."), par. 2.
2  Johnson and Chase agreed as to the particular arbitration agreement that governed
3  the Arbitration.

4  The arbitrator for the Arbitration, Charles Holton, emailed both Johnson and
5  Chase memorializing the parties agreement as to what arbitration provision
6  governed the claims of the particular case.  "Finally, an issue arose as to what
7  particular arbitration provision governs the claims in this particular case, given that
8  Chase has posted several ones from time to time that have variances in language.
9  The parties agreed today that the arbitration provision attached hereto as Arbitrator
10 Ex. 1 is the provision governing this arbitration."  Hyatt Dec., Ex. A Petition, Ex. A
11 July 15, 2021 email from Charles Holton to Joshua Johnson and Joseph Hickey
12 (counsel for Chase).  Attached to Mr. Holton's email is the text of the arbitration
13 agreement for the Arbitration ("Arbitrator Ex. 1").  Id.

14 Despite Plaintiff's Opposition ignoring the point, the Arbitration was
15 conducted pursuant to a specific agreement, Arbitrator Ex. 1.  Pursuant to its terms,
16 Arbitrator Ex. 1 required that the Arbitration be governed by the Federal Arbitration
17 Act, 9 U.S.C. sections 1-16; pursuant to the current rules of the AAA; and be filed
18 before the AAA.  Id.  Of particular note is that Arbitrator Ex. 1 contains no appellate
19 rights or any clauses regarding the potential preclusive effect of an arbitral award.

## II. JOHNSON FRUSTRATES CHASE'S CONTRACT RIGHTS

21 Despite agreeing to Arbitrator Ex. 1 governing the Arbitration, which
22 contained no appellate rights, Plaintiff filed a new arbitration with AAA,
23 purportedly as an appeal of the Arbitration (the "Arbitration Appeal").  Dkt. 39,
24 3:17-18.  ***It is important to keep in mind that the Arbitration concerned disputes***
25 ***over Plaintiff's Chase Ink credit card***.  Rather than follow the parties' agreement
26 that there would be no appeal of the Arbitration Award per the terms of Arbitrator
27 Ex. 1, ***Plaintiff supported his Demand for Arbitration of the Arbitration Appeal***
28 ***with an arbitration agreement from a completely different credit card, his Chase***

*Freedom credit card*, *that was not even admitted as an exhibit at the Arbitration*. Hyatt Reply Dec., par. 8. The use of an arbitration provision from Plaintiff's Freedom Card to support an arbitration regarding his Ink Card, after completing the Arbitration pursuant to Arbitrator Ex. 1 that contained no appellate rights, is a bizarre procedural move that is unsupported by law or common sense.

AAA rule R-14 requires that a party object to the jurisdiction of an arbitrator or to the arbitrability of a claim, or risk waiving that objection. Hyatt Reply Dec., par. 3. Chase objected to AAA administering the Arbitration Appeal because there is no agreement between the parties for an appeal of the Arbitration Award (Hyatt Dec., Ex. B, and Johnson Dec., Ex. 4, par. 6), and because the dispute did not arise from his Freedom Card (Johnson Dec., Ex. 4, par. 9). Arbitrator Ex. 1 controls the terms of the Arbitration between Plaintiff and Chase. Plaintiff's statement that Chase objected to administration of the Arbitration Appeal because "an older arbitration agreement that contained no appellate rights governed" is disingenuous. Dkt. 39, 3:20-21.

Plaintiff knows that he agreed to hold the Arbitration pursuant to a particular agreement. *Dissatisfied with the Arbitration Award, Plaintiff sought to frustrate Chase's contractual rights by unilaterally asserting that a completely different agreement for a completely different credit card, governed the Arbitration Appeal*.

### III. THE ARBITRATION MUST HAVE MEANING

From Chase's moving papers, it is clear that the underlying facts are the same for the Arbitration and the FCRA Complaint. See Chase's moving papers, section III. Plaintiff essentially ignores this point in his opposition. In a disingenuous attempt to distinguish the Arbitration from the FCRA Complaint, Plaintiff states "whether the parties reached agreement regarding whether Johnson would pay off his entire balance for $111.49 is not the critical question." Dkt. 39, 11:13-15. Yet this contradicts the FCRA Complaint where Plaintiff alleges that one of his meritorious defenses was that "Plaintiff believed he had paid off his entire balance

4

before closing his Ink account …" Dkt. 1, 3:1-6.  Findings of fact from the Arbitration will clearly be relevant to the facts supporting Plaintiff's FCRA claim.

Resolution of the Arbitration Appeal will resolve factual issues that are subsumed in the FCRA Complaint.  Each of Plaintiff's purported meritorious defenses alleged in the FCRA Complaint (belief he had paid off entire balance before closing Ink account; amount owed never becoming due because Chase never provided a statement; and inability to verify balance due to lack of access), have been fully litigated in the Arbitration.  Id. and Hyatt Dec., Ex. B.  For Plaintiff to pretend otherwise is simply deceptive.

Chase expended considerable resources and money in the Arbitration. Arbitrator Holton makes that clear in the Arbitration Award when he states that the parties engaged in extensive document discovery, attended four days of evidentiary hearings, had numerous conference calls to address motions, and that the parties submitted "literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs."  Hyatt Dec., Ex. B.

There is the very real chance of conflicting rulings.  At this time the Court has made no evidentiary rulings in the instant action.  In contrast, the Arbitration has completed with conclusions and findings directly relevant to the instant action. And, as Plaintiff has argued, there is a possibility that the Arbitration Appeal will consist of a de novo review of the Arbitration Award.  Dkt. 39, 9:16-19.  It does not make sense for this Court to proceed while the Arbitration Appeal is pending.

While Chase asserts that the Arbitration Award should be confirmed, it is not seeking a stay simply with the hope that will happen.  Chase is seeking a resolution of the Arbitration Appeal, consistent with its objections to arbitrability, for finality in this action.  Judicial economy will be furthered by a stay.  A resolution of the Arbitration Appeal will provide this Court with findings of fact as to the fundamental factual issues in this matter.  The timing is good because the parties have not yet commenced expert discovery, summary judgment, or trial preparation.

Plaintiff has decided to relitigate the facts presented during the Arbitration. He presumably seeks to have the arbitrator panel reconsider the factual findings of the Arbitration Award. Contemporaneously, he wants this Court to redo the work of the Arbitration. This relitigation of the facts only became apparent after Plaintiff served responses to Chase's Requests for Admission. Hyatt Reply Dec., par. 4.

Johnson has admitted that as part of his Pre-Hearing Brief for the Arbitration dated June 7, 2021, discussing preemption under the Fair Credit Reporting Act, he made the admission, "Claimant [Johnson] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate." Hyatt Reply Dec., Exhibit E, RFA 1, Ex. A, and Exhibit F, Response to RFA 1. Yet in response to a request for admission that he argued that his claim in the Arbitration was not preempted because it did not concern the reporting of inaccurate information, he responded that he had made the statement, but now says that he recanted the statement during the "hearing". Hyatt Reply Dec., Exhibit G, RFA 5. Plaintiff has identified no evidence to support this statement. Hyatt Reply Dec., par. 5. Similarly, Plaintiff has made admissions regarding his online access and billing statements that directly contradict the Arbitration Award. Hyatt Dec., Ex. B, and Hyatt Reply Dec., par. 6 and Exhibit G. Chase has just received Plaintiff's interrogatory responses and has not yet had a chance to review them. Hyatt Reply Dec., par. 7.

By allowing Plaintiff to relitigate the facts in two separate forums contemporaneously, essentially renders the Arbitration meaningless. A stay in this Court would allow the Arbitration Appeal to resolve so that this Court may move ahead without risk of conflicting rulings.

## IV.  THERE IS NO HARM TO PLAINTIFF

Plaintiff created the procedural morass that requires a stay by filing for the Arbitration Appeal. There is absolutely no basis, and Plaintiff has shown none, why Plaintiff should be able to appeal from an Arbitration Award based on an agreement

with no appellate rights, by asserting a completely different arbitration agreement from a different credit card than the one in dispute. Plaintiff has no cause to complain of delay when he initiated the Arbitration Appeal and seeks to relitigate the factual findings of the Arbitration Award.

Arguing that Chase "will not proceed with the arbitration appeal pursuant to the Arbitration Agreement entered by the parties but only terms that Chase finds satisfactory." [Dkt. 39, 1:18-19], is not supported by the record. Plaintiff defines "Arbitration Agreement" as the arbitration agreement for Plaintiff's Chase Freedom credit card. Dkt. 39, 2:19. As previously discussed above in section II, the Arbitration was not conducted according to the agreement asserted by Plaintiff, but under Arbitrator Ex. 1. Chase objected to the jurisdiction of arbitrators and to the arbitrability of the Arbitration Appeal as permitted by the AAA rules. Hyatt Reply Dec., par. 3.

Chase has not been dilatory. Chase anticipated that the Arbitration Award would be confirmed, but had its Petition denied without prejudice on December 7, 2023. Hyatt Dec., Ex. C. At that point Chase waited for AAA to make a decision on arbitrability. Hyatt Reply Dec., par. 8.

While Plaintiff argues that the stay request is "just another one of Chase's many dilatory tactics" [Dkt. 39, 1:23], the only example does not involve this case and Plaintiff gives no others. Chase was not dilatory in objecting to arbitrate the FCRA claim. See Dkt. 39, 1:24-25. Chase objected to arbitration of the FCRA claim regarding Plaintiff's Chase Ink card because of the pending action with AAA and because the agreement offered for the arbitration was from Plaintiff's Chase Freedom card. Declaration of L. David Russell in support of Opposition to Motion for Stay, ("Russell Dec."), par. 4, Ex. 3.

Chase's counsel has worked with Plaintiff's counsel to resolve discovery disputes regarding Plaintiff's discovery. Hyatt Reply Dec., par. 9. There have been no previous motions to change the scheduling order or continue trial. Id. Since

7

Chase intends to move for summary judgment, Chase has cooperated with Plaintiff's discovery and produced documents. Id.

Plaintiff is completely disingenuous in arguing that he will be harmed by a stay because witnesses' memories may fade or evidence could be lost. Dkt. 39, 7:19-22, Russell Dec., par. 13, and Declaration of Joshua Johnson in support of Opposition to Motion for Stay, ("Johnson Dec."), par. 32. Plaintiff intends to only take two depositions of Chase: a PMK deposition, and a Chase employee, Carla Wills. Russell Dec., par. 8. The parties have already stipulated that "None of Chase's current employees have any recollection of the [Equifax] 2020 Investigation." Hyatt Reply Dec., Exhibit H, par. 1. Despite this stipulation, Plaintiff has noticed the deposition of Carla Wills. Russell Dec., par. 8. Ms. Wills has stated under oath that she has no recollection of Mr. Johnson. Hyatt Reply Dec., Exhibit I. The stipulation also states that Chase's corporate representative will testify as to Chase's business records concerning the investigation. Hyatt Reply Dec., Exhibit H, par. 4.

All documents related to the Equifax investigation have been produced to Plaintiff. Hyatt Reply Dec., par. 9 All of these documents had been previously produced to Plaintiff during the Arbitration. Id. This is a further showing of how much overlap there is between the Arbitration and the FCRA Complaint.

Plaintiff's argument over witness memory and lost evidence is pretextual. Plaintiff has known that the only witness he wants to call has no memory of him or his dispute, and already has in his possession the relevant documents in Chase's possession.

## V.   **STAY NOT INDEFINITE**

Chase had no choice but to object to the jurisdiction of the arbitrators and to the arbitrability of the claim pursuant to the AAA rules, or risk waiving its objection. Hyatt Reply Dec., par. 3. Chase has found some of the proposed arbitrators to have acceptable qualifications, but felt it must maintain its objection to

8

jurisdiction or waive it. See Johnson Dec., Ex. 25. "Because there is no agreement between the parties for the AAA to administer this purported appeal, Claimant Johnson has no right to appeal, and the AAA is without jurisdiction to appoint any arbitrators and otherwise pursue any act in administration of this claim. Chase objects to the appointment of Robert G. Badal and, though it believes Badal has sufficient credentials, Chase objects …" Id.

Realizing that the issue of arbitrability was a stumbling block, on July 26, 2023, the AAA "requests the reconsideration of a single arbitrator to decide the arbitrability issue concerning the applicable contract. If the arbitrator determines that arbitrability issue and administration should proceed, then the remaining two panelists will be appointed to fulfill the panel." Hyatt Reply Dec., Exhibit J.

Chase agreed to the AAA's proposal with some provisos. See Johnson Dec., Ex. 30, par. 6 and Ex. A. Chase also accepted the proposed single arbitrator, Mr. Wood. Id. Plaintiff declined to accept AAA's proposal. Hyatt Reply Dec., Exhibit K. Since Mr. Johnson insists on moving forward with a three arbitrator panel (Id.), Chase is prepared to agree to appointment of three arbitrators, subject to Chase's continuing objection to jurisdiction and arbitrability. Hyatt Reply Dec., par. 14. Chase is willing to accept Gregory Wood as part of the panel. Id. Chase will accept two other panelists, of similar quality to Mr. Wood, subject to its ongoing objection to jurisdiction and arbitrability. Id. With Plaintiff's cooperation, Chase would like the parties to meet with AAA to discuss potential candidates, and have the three panelists appointed as expeditiously as possible. Id.

Chase believes that a stay of nine months would be sufficient to resolve the Arbitration Appeal. This time will allow for appointment of the arbitrators, motion practice over jurisdiction and arbitrability, potential state court action, and final resolution of the Arbitration and Arbitration Appeal. Hyatt Reply Dec., par. 15.

## VI.  THERE IS GOOD CAUSE FOR GRANTING A STAY

A stay will allow the prior actions, the Arbitration and the Arbitration Appeal

to come to resolution. It simply makes no sense to have this Court repeat what has already been done in the Arbitration, and may be potentially re-done in the Arbitration Appeal. The orderly course of justice dictates that a stay is necessary.

## VII. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court order proceedings in the instant action stayed until resolution of AAA Case No. 02-20-0015-1734 (the "Arbitration Appeal").

DATED: October 6, 2023             DYKEMA GOSSETT LLP

By: _____
ASHLEY R. FICKEL
ROBERT A. HYATT
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

008241.002262  4868-5527-0276.1