**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
*AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
*RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DECLARATION OF ROBERT HYATT IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE OPPOSITION TO MOTION FOR STAY AND TRIAL CONTINUANCE**<br><br>**Date: October 20, 2023**<br>**Time: 10:00 a.m.**<br>**Courtroom: 7B**<br><br>Complaint Filed: September 19, 2022 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**DECLARATION OF ROBERT HYATT**

I, Robert Hyatt, declare as follows:

1. I am an attorney licensed to practice before all courts in the State of California. I am an attorney at Dykema Gossett LLP, counsel for JPMorgan Chase Bank, N.A. ("Chase") in this action. If called as a witness, I could and would testify competently under oath to the facts stated herein.

2. American Arbitration Association ("AAA") case no. 01-20-0015-1734 (the "Arbitration") was conducted pursuant to AAA's Consumer Arbitration Rules. Rule R-2 states in relevant part: "(a) Arbitration filed under an arbitration agreement naming the AAA shall be started in the following manner: … (2) … When sending a Demand to the AAA, the claimant must also send the following: A copy of the arbitration agreement contained in the contract and/or agreement …"

3. Rule R-14 states in relevant part: "… (c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection…"

4. Plaintiff's responses to Requests for Admissions demonstrated that Plaintiff intended to relitigate the essential facts underlying his claims that had been previously litigated to conclusion in the Arbitration. Chase received Plaintiff's responses to Chase's Request for Admissions, Set One on August 4, 2023, and Plaintiff's amended responses on September 6, 2023. A true and correct copy of JPMorgan Chase Bank, N.A.'s Requests for Admission, Set One, is attached as **Exhibit E**. A true and correct copy of Plaintiff's response is attached as **Exhibit F**, and his amended response as **Exhibit G**.

5. Johnson has admitted that as part of his Pre-Hearing Brief for the Arbitration dated June 7, 2021, discussing preemption under the Fair Credit

Reporting Act, he made the admission, "Claimant [Johnson] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate." I have reviewed records and transcripts from the Arbitration. I am not aware of any statement made by Mr. Johnson during a hearing in the Arbitration where he recanted his admission in his Pre-Hearing Brief. I have reviewed the discovery responses and documents produced in this action. Plaintiff has not indicated any document or specific hearing that supports his statement that he recanted his admission.

6. Plaintiff's amended responses to Requests for Admission, Set One show that Plaintiff is disputing the findings of the Arbitration. Chase is not yet aware if Mr. Johnson intends to do the same in his purported Arbitration Appeal.

7. On June 16, 2023, Chase served interrogatories on Plaintiff. The interrogatories are contention interrogatories regarding Plaintiff's allegations in his Complaint. Plaintiff disputed the number of interrogatories and failed to give any substantive answers regarding the factual basis for any allegation. After unsuccessful meet and confer attempts, the parties held an informal discovery conference that ended with Plaintiff agreeing to respond to the discovery. I received the amended interrogatory responses on October 4, 2023. As of the drafting of this declaration, I have not yet had time to review the amended responses.

8. After Chase brought its Petition to Confirm the Arbitration Award (see Hyatt Dec., Ex. A), Chase moved to confirm the Award. The Freedom Card Agreement was not an exhibit to the Arbitration. The State Court denied Chase's Petition without prejudice on December 7, 2023 (Hyatt Dec., Ex. C), essentially ruling that the Court would not consider Chase's position until there was a ruling from AAA. Both Chase and Mr. Johnson contacted AAA about the ruling. Subsequently, Chase waited for a decision from the AAA about the arbitrability of the Arbitration Appeal.

9. Despite having several discovery disputes, I have been able to work

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

with Plaintiff's counsel to resolve most of the disputes. There have been no previous motions in this action to continue trial or modify the scheduling order. Chase intends to move for summary judgment, and so has cooperated with Plaintiff's discovery requests and has produced documents. All of the documents that Chase has produced relating to its alleged liability were previously produced in the Arbitration, except for Chase's policies and procedures regarding investigation of a FCRA dispute. Chase has produced all documents in its custody and control regarding the Equifax investigation to Plaintiff.

10. Chase and Plaintiff executed a Joint Stipulation re Employees with Information re 2020 Investigation. A true and correct copy is attached as **Exhibit H**.

11. A true and correct copy of the Declaration of Carl Wills is attached as **Exhibit I**.

12. Realizing that arbitrability is a hurdle to resolving the Arbitration Appeal, the AAA proposed a single arbitrator to determine arbitrability. A true and correct copy of the July 26, 2023, letter from AAA to Chase and Mr. Johnson is attached as **Exhibit J**.

13. Mr. Johnson declined to accept the AAA's proposal for a single arbitrator. A true and correct copy of Mr. Johnson's email to the AAA dated August 22, 2023, is attached as **Exhibit K.**

14. While Chase agreed to the AAA's proposal regarding appointment of a single arbitrator to decide arbitrability, subject to Chase's objections about jurisdiction and arbitrability, Chase understands that Mr. Johnson rejected this proposal. Chase agrees to appointment of a three arbitrator panel subject to its ongoing objections to jurisdiction and arbitrability. Chase already accepted the proposed arbitrator Gregory Wood on these conditions, and would accept Mr. Wood on the three arbitrator panel. Chase would like to convene a call with Mr. Johnson and the AAA, as soon as possible, to discuss appointment of two other arbitrators

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

with similar qualifications to Mr. Wood. While Chase maintains its objections to the jurisdiction of any arbitrators to hear the Arbitration Appeal, and to the arbitrability of the Arbitration Appeal, Chase will not oppose the expeditious appointment of a three arbitrator panel. Chase's objection is consistent with the AAA rules.

15. Chase proposes a stay of nine months in order to resolve the Arbitration Appeal. This should give enough time to appoint the arbitrators, have them rule on jurisdictional and arbitrability matters, potential state court action, and final resolution of the Arbitration Appeal.

16. In the event the Court does not grant a stay, Chase requests in the alternative that the Court continue trial for 90 days along with the related scheduling order dates. Plaintiff has produced over five thousand pages of documents. Chase has subpoenaed eight health care providers and is still attempting to obtain records from two of them. The health care records require professional review to fully understand their contents. While Chase's counsel has begun the process of reviewing Plaintiff's produced documents, it is a large task that requires many hours. Given Plaintiff's attempt to relitigate the facts presented in the Arbitration, Chase may require additional discovery after its counsel has a chance to review Plaintiff's recently served interrogatory responses. The interrogatories are essentially contention interrogatories that may lead to further questions if Plaintiff insists on relitigating facts. Plaintiff's relitigation of the facts litigated to completion in the Arbitration, may also require completion of additional depositions. Chase is currently investigating the location of a potential witness that may have percipient knowledge.

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was signed on October 6, 2023 in Los Angeles, California.

Robert Hyatt

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT E

**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
*AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
*RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE**

Complaint Filed: September 19, 2022

**PROPOUNDING PARTY:** **DEFENDANT JPMORGAN CHASE BANK, N.A.**

**RESPONDING PARTY:** **PLAINTIFF JOSHUA JOHNSON**

**SET NUMBER:** **ONE**

**REQUESTS FOR ADMISSION**

Defendant JP Morgan Chase Bank, N.A. ("Chase") through its attorneys, Dykema Gossett LLP, hereby submits the following first set of requests for admission ("Requests for Admission") pursuant to Fed. R. Civ. P. 26 and 36 to



DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Plaintiff Joshua Johnson ("Plaintiff"). Chase requests that Plaintiff respond to the following Requests for Admission within 30 days from service hereof.

**INSTRUCTIONS**

1. These Requests for Admission are to be read and interpreted in accordance with the Instructions and Definitions set forth herein.

2. These Requests for Admission are deemed to be continuing so as to require the filing of supplemental responses promptly in accordance with Rule 26 of the Federal Rules of Civil Procedure.

3. Each Requests for Admission is to be responded to separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request as fully as possible.

4. Words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make the requests inclusive rather than exclusive.

5. The word "or" is used herein in its inclusive sense. In other words, "or" should be read as "and/or." Similarly, the word "any" should be read as "any and all" and the word "each" should be read as "each and every." The word "including" should be read as "including, but not limited to" and the word "includes" should be read as "includes, but is not limited to."

6. The singular shall include the plural and the plural shall include the singular as necessary to make a request inclusive rather than exclusive.

7. If any Requests for Admission is not responded to on the grounds that the Requests for Admission calls for privileged documents or things, provide the following information with respect to any such documents or things:

   a. The nature of the privilege claimed (e.g., attorney-client, work product, etc.);

   b. The facts upon which Plaintiff relies as the basis for claiming the privilege as to the specific information;

c. Identify:

(1) each person who prepared the documents or things;

(2) the title (if any) of the documents or things;

(3) the date of the documents or things;

(4) the number of pages in the documents or things;

(5) the Requests for Production to which the documents or things respond;

(6) whether any matter that is not privileged or not work product is discussed or mentioned in the documents or things;

(7) the name and job title of each person to whom the documents or things were addressed, distributed, or shown; and

(8) the general subject matter of the documents or things.

8. If any document or thing responsive to a Requests for Admission cannot be produced because a document or thing containing responsive information has been lost or destroyed, or transferred to a third party over whom Plaintiff claims he lacks control, please identify the document or thing by author, date, and subject matter, the date and circumstances surrounding the loss, destruction, or transfer, the reason for the loss, destruction, or transfer, the person or entity to whom transferred, the present location of the document or thing, and the date and manner in which the document or thing may be obtained.

9. Should you claim that any information requested by these Requests for Admission is beyond the scope of permissible discovery, such claim shall specify in detail all the grounds on which the claim rests. Pursuant to Fed. R. Civ. P. 37(c)(1), Defendant may, before or at the time of hearing, move the Court for an order excluding from evidence all tangible or intangible things that were known to

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Plaintiff at the time of his responses to these Requests for Production but not disclosed in his responses thereto.

10. Insofar as a term contained in these Requests for Admission is not explicitly defined, the meaning to be used is the commonly accepted definition of the term.

11. The terms "concerning," "relate," "related" and "relating" are intended in their broadest meaning, including, without limitation, the following concepts: anything that embodies, comprises, reflects, identifies, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the subject matter. The terms are not restricted to the notion of legal relevance for the purposes of admissibility of evidence at trial.

12. References to "rules" are to the Federal Rules of Civil Procedure. Responses must be supplemented pursuant to Fed. R. Civ. P. 26.

13. These Requests for Admission shall be deemed continuing so as to require further and supplemental responses if Plaintiff receives, generates or tardily discovers additional information which changes or alters Plaintiff's response in any way within the scope of this request following compliance herewith.

14. "Identify" shall mean:

a. When used with respect to a person;

(1) the person's name;

(2) the person's last known residence, business address, and telephone number;

(3) the person's company or business affiliation at the date of the transaction, correspondence, or thing referred to; and

(4) the person's title and duties in the company or business with which he was or is affiliated.

b. When used with respect to a document or thing:

(1) the identity of each person who prepared and/or authored and/or signed the document or thing;

(2) the date of the document or thing;

(3) the general nature of the document or thing (e.g., letter, memorandum, photograph, computer printout, model, etc.);

(4) the identity of each person to whom the document or thing was addressed or distributed;

(5) the present location and the identity of the present custodian of the document or thing;

(6) the nature and substance of the document or thing with sufficient particularity to enable the document or thing to be identified.

c. When used with respect to a communication:

(1) if written, the identity of the document or documents in which the communication was made, and the identity of all documents or things that refer to, relate to, or reflect such communication, in whole or in part, or that were discussed, displayed, or used during such communication;

(2) if oral:

(i) whether the communication was made in person or by telephone;

(ii) the identity of each person who attended, heard, or observed the communication;

(iii) the location of each such person at the time of communication; and

(iv) the substance of what each person said.

15. Whenever reasonably practicable, organize and label the documents produced to correspond with the categories. Alternatively, the documents demanded

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

should be produced as they are kept in the usual course of business. Label the documents to indicate their source (for example, "Desk file of John Doe"). Also, where applicable, please be certain to copy the front and back of all file folders from which the documents are obtained, and paper clip, bind, and staple documents in the same manner as the originals.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to each Request:

1. "YOU" or "YOUR" means and refers to Plaintiff Joshua Johnson and his representatives and/or agents.

2. "CHASE" shall refer to Defendant JPMorgan Chase Bank, N.A. and its representatives and/or agents.

3. "COMPLAINT" shall refer to the Complaint YOU filed in this action on or about September 19, 2022.

4. "DOCUMENT(S)" is used in its customary broad sense and includes, without limitation, the following items regardless of origin or location, whether printed or recorded, or filmed, or reproduced by any other mechanical, electronic, or magnetic process, or written or produced by hand, whether or not claimed to be privileged against discovery on any ground, and whether an original, master or copy, namely contracts; agreements; COMMUNICATIONS, including inter-company communications; correspondence; cablegrams, radiograms and telegrams; records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews, books, manuals; publications and diaries; calendars, laboratory and engineering reports and notebooks; blueprints; charts; plans; sketches and drawings; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents and applications for patents; patent appraisals and patent ability or validity searches and studies; sales records, including purchase

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

orders and invoices; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press releases; publicity, trade and product releases; draft or original or preliminary notes on, and marginal comments appearing on, any DOCUMENT; other reports and records; and any other information-containing paper, writing or physical thing in the possession, custody or control of YOU or YOUR attorneys. If the original of the DOCUMENT contains information not reflected on the copy, please produce the original. DOCUMENT is broadly defined to include all media on which information is recorded or stored. Fed. R. Civ. P. 34(a)(1)(A).

5. "COMMUNICATIONS" means all conversations, agreements, inquiries or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all DOCUMENTS, correspondence, transmittal slips, memoranda, or notes.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## REQUESTS FOR ADMISSION

**REQUEST TO ADMIT No. 1:** Admit that the document attached as Exhibit A is a true and correct copy of YOUR Pre-Hearing Brief in American Arbitration Association ("AAA") Case No. 01-20-0015-1734.

**REQUEST TO ADMIT No. 2:** Admit that YOU were liable for the Chase Ink credit card account identified in YOUR COMPLAINT.

**REQUEST TO ADMIT No. 3:** Admit that the information furnished to the credit reporting agencies by CHASE was accurate because YOU were liable for the Chase Ink credit card account identified in YOUR COMPLAINT.

**REQUEST TO ADMIT No. 4:** Admit that the information furnished to Equifax regarding YOUR Chase Ink credit card account identified in YOUR COMPLAINT was accurate.

**REQUEST TO ADMIT No. 5:** Admit that YOU argued that YOUR claim in arbitration was not preempted because it did not concern the reporting of inaccurate information.

**REQUEST TO ADMIT No. 6:** Admit that the Chase Ink credit card account identified in YOUR COMPLAINT, required the creation of a separate online profile from YOUR previous online profile with CHASE.

**REQUEST TO ADMIT No. 7:** Admit that on February 17, 2017, YOU enrolled in online billing and approved receipt of paperless statements for YOUR Chase Ink credit card.

**REQUEST TO ADMIT No. 8:** Admit that YOU created a unique user id for online account access for YOUR Chase Ink credit card account.

**REQUEST TO ADMIT No. 9:** Admit that on February 17, 2017, YOU entered into a E-Sign Disclosure and Consent Agreement with CHASE.

**REQUEST TO ADMIT No. 10:** Admit that YOU don't know whether YOU were logging into the wrong account when YOU tried to log into YOUR online access for YOUR Chase Ink credit card account.

**REQUEST TO ADMIT No. 11:** Admit that YOU forgot about YOUR separate online access for YOUR Chase Ink credit card account.

**REQUEST TO ADMIT No. 12:** Admit that YOU had a phone call with CHASE employee Jeremiah Pressley on June 12, 2018, where YOU stated that "This is the first time I've been made aware that I had multiple accounts to be honest."

**REQUEST TO ADMIT No. 13:** Admit that YOU have no recollection of YOUR phone call with CHASE on September 6, 2017.

**REQUEST TO ADMIT No. 14:** Admit that after YOUR September 6, 2017, call with CHASE, that CHASE sent YOU an email noting YOUR authorization for payment of $111,49 to YOUR Chase Ink credit card account.

**REQUEST TO ADMIT No. 15:** Admit that CHASE sent YOU emails through April 2018 stating that YOUR credit card statement for YOUR Chase Ink credit card were available online.

**REQUEST TO ADMIT No. 16:** Admit that YOU did not read the emails

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

YOU received from CHASE regarding YOUR Chase Ink credit card from September 2017 to April 2018.

DATED: June 16, 2023 DYKEMA GOSSETT LLP

By: ______________________

ASHLEY R. FICKEL
ROBERT A. HYATT
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A

AAA Case 01-20-0015-1734

Joshua Johnson v. JPMorgan Chase Bank N.A.

June 7, 2021

**PRE-HEARING BRIEF**

Claimant responds herein to arguments Respondent is expected to raise at the hearing, based on a disclosure that "federal preemption" will be argued and prior correspondence:

> [Claimant] requests as relief that [Respondent] cease making "derogatory" credit marks in his amended complaint. However, a request for a change in credit reporting is relief granted in response to a Fair Credit Reporting Act claim. FCRA preempts all other credit reporting related claims regardless of the name under which they are pled; [Claimant] declined to make a FCRA claim in his amended complaint and is therefore not entitled to such relief because such relief could not be awarded in court under these circumstances.

## I. THE FAIR CREDIT REPORTING ACT

The Fair Credit Reporting Act (FCRA), as originally enacted in 1970, was designed to regulate credit reporting agencies (CRAs). In 1996, it was amended to regulate entities that furnish debt information to CRAs (furnishers). *Ross v. FDIC*, 625 F.3d 808, 812 (4th Cir. 2010).

### A. Furnishers May Not Report Inaccurate Information

Under the FCRA, furnishers are prohibited from knowingly reporting inaccurate information to CRAs. 15 U.S.C. § 1681s–2(a). Information is considered

accurate if it "correctly [r]eflects ... liability for the account." 12 C.F.R. § 1022.41(a); *Denan v. Trans Union LLC*, 959 F.3d 290 (7th Cir. 2020).

### B. Consumers May Only Sue after CRA Dispute

No private right of action exists under § 1681s-2(a), however one does exist under § 1681s–2(b), which establishes that furnishers also have a duty to verify the accuracy of reported information once they are notified of a possible inaccuracy by a CRA, i.e. consumers must file a complaint with a CRA (which is then required to pass the complaint on to the furnisher) before bringing an action. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438 (D.N.J. 2010).

### C. Certain Tort Claims Expressly Preempted

A general preemption provision, § 1681t(a), preempts state laws only "to the extent that those laws are inconsistent with any provision of [the FCRA]". A qualified immunity provision, § 1681h(e), preempts certain state tort claims:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency, ... based on information disclosed pursuant to [a FCRA-mandated disclosure] ... except as to false information furnished with malice or willful intent to injure such consumer.

### D. All Accuracy-Related Statutory Laws Preempted

An express preemption provision, § 1681t(b), preempts state statutory laws relating to a furnisher's duties under § 1681s–2:

> No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under ... (F)

section 1681s–2 ... except [a Massachusetts statute and a California statute].

Courts have struggled to reconcile § 1681h(e) with this provision, which *appears* to preempt all state laws regarding the duties of furnishers under § 1681s–2, including common law claims laws such as defamation with malice, that would otherwise survive § 1681h(e) preemption. *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696 (D.S.C. 2005).

**E. Accuracy-Related Tort Claims: Preempted in Some Courts**

Under the "total preemption approach", which the Second and Seventh Circuits have adopted, § 1681t(b)(1)(F) preempts all state laws that fall within the ambit of § 1681s–2, rendering § 1681h(e) superfluous. *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011).

**F. Accuracy-Related Tort Claims: Not Preempted in Fourth Circuit**

Under the "statutory approach", for which there "is [uniform] support for ... among the district courts within the United States Court of Appeals for the Fourth Circuit and in two unpublished opinions by the Fourth Circuit", § 1681t(b)(1)(F) preempts all state statutory claims, while § 1681h(e) continues to preempt certain state tort claims. *Evans v. Trans Union LLC*, No. 2:10-CV-00945, 2011 WL 672061 (S.D.W. Va. Feb. 14, 2011); *Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471 (D. Md. 2006).

### G. Contract Claims Not Preempted

Breach of contract claims are not prohibited under either the total or statutory approach, as they are not "imposed" under state law. *Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353 (N.D. Ga. 2011). "[T]he few courts to address the issue hold that a 'breach of contract claim ... is not preempted by the FCRA.'" *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1152 (C.D. Cal. 2012).

### H. Injunctive Relief Not Available

Most district courts, and the only circuit court to directly rule on the issue, have held that a FCRA claim may not seek injunctive relief unless it is brought by the FTC. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263 (5th Cir. 2000).

## II. CLAIM NOT PREEMPTED

### A. Claim Not Accuracy-Related Statutory Claim

Claimant admits (and Respondent concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate. Claimant's claim thus survives § 1681t(b)(1)(F), regardless of whether the total or statutory preemption approach is utilized, because it does not arise under a state statute and does not concern the reporting of inaccurate information.

### B. Claim Not Expressly Preempted Tort Claim Based On FCRA Disclosure

The claim survives § 1681h(e) because it is not in the nature of one of the three expressly enumerated tort laws, nor is it based on information obtained exclusively via a FCRA-mandated disclosure.

### C. Injunctive Relief Available

Injunctive relief is unavailable for consumer claims brought under (or preempted by) the FCRA. Claimant's claim is neither a FCRA claim and is not preempted by the FCRA, hence injunctive relief is available.

## III. <u>RELIEF UNAVAILABLE IN COURT</u>

Whether or not relief could be awarded in court under these circumstances, it is not correct that Claimant is "not entitled to [relief] that could not be awarded in court under these circumstances":

1. The Federal Arbitration Act does not impose this restriction.
2. Neither does the Delaware Uniform Arbitration Act, § 5714(a) of which states "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award".
3. Respondent has not produced a clause that imposes this restriction on the arbitrator's authority, which is typically where such restrictions would be found.
4. While Rule R-44(a) of the AAA Consumer Rules states that the arbitrator "may grant any remedy, relief, or outcome that the parties could have received in court ...", this provides express permission to the arbitrator, it does not prohibit outcomes not expressly provided for in the rules.
5. Respondent did not timely object to the arbitrator's statement three months ago on March 8th, that he "will consider substantive law *and*

*equity/fairness*". Such appeals are, by definition, outside of the scope of substantive law.

## IV. ARBITRATION COST REIMBURSEMENT IS A REASONABLE REMEDY

J.P. Morgan Chase is the number one credit card issuer in the U.S., serving over 63 million households[1]. Despite the ubiquity of forced arbitration clauses in their cardmember agreements, in the five years between 2016 and 2021, 56 consumers represented themselves versus Chase. *Three* of them won an arbitral award[2]. Perhaps Chase's customer service is that good, or perhaps it has something to do with the 2,000 employees that its General Counsel oversees[3], its history of anti-consumer collusion[4], and $3 trillion in assets under management[1]. Claimant recognizes that non-attorney *pro se* litigants are not often permitted to recover attorney's fees in litigation, but highlights the obvious unfairness of the broader system, the economic disincentives for any attorney to proceed in arbitration over a $500 debt, Claimant's immense opportunity cost, and the availability of such a remedy in arbitration.

---

1 https://www.jpmorgan.com/commercial-banking/solutions/asset-management

2 https://www.adr.org/ConsumerArbitrationStatistics

3 https://www.americanbanker.com/news/most-powerful-women-in-banking-2019-no-9-jpmorgan-chases-stacey-friedman

4 https://www.wsj.com/articles/SB112553966818328701

**PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE**

on the interested parties in this action as follows:

| | |
|---|---|
| L. David Russell, Esq.<br>RUSSELL LAW, PC<br>1500 Rosecrans Avenue, Suite 500<br>Manhattan Beach, CA 90266<br>Telephone: (323) 638-7551<br>Facsimile: (323) 760-7468<br>E-mail: david@russelllawpc.com | ***Attorneys for Plaintiff JOSHUA JOHNSON*** |

☒ (**BY ELECTRONIC SERVICE**), I caused to electronically served the document(s) listed above to the attorney(s) listed on the service list and at the electronic service address(es) listed by their name(s).

☒ (Federal) I declare that I employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 16, 2023 at Los Angeles, California.

Nanette Leali [signature]

Nanette Leali

008241.002262 4886-3481-6362.1

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT F

Russell Law, P.C.
L. David Russell (SBN 260043)
1500 Rosecrans Ave, Suite 500
Manhattan Beach, CA 90266
Tel: (323) 638-7551
Fax: (323) 760-7458
david@russelllawpc.com

Attorneys for Plaintiff
JOSHUA JOHNSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION - FIRST STREET UNITED STATES COURTHOUSE**

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>vs.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | CASE NO: 2:22-cv-06718-AB-MAAx<br>**PLAINTIFF JOSHUA JOHNSON'S RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A'S REQUESTS FOR ADMISSION, SET ONE** |

**PROPOUNDING PARTY**: Defendant JPMORGAN CHASE BANK, N.A

**RESPONDING PARTY**: Plaintiff JOSHUA JOHNSON

**SET NUMBER**: ONE

Plaintiff Joshua Johnson ("Johnson") hereby objects and responds to Defendant JPMorgan Chase Bank, N.A's ("Defendant") Requests for Admission, Set One as follows:

## PRELIMINARY STATEMENT

Johnson makes these responses solely for the purpose of this action. Johnson has not completed discovery in this action, or an investigation of all the facts underlying this lawsuit, or preparation of this case for trial. The responses contained herein are in a good faith effort to supply as much information as is presently known to Johnson. Further discovery and investigation may lead to the discovery of additional information responsive to these requests. Accordingly, the following responses are without prejudice to Johnson's right to produce evidence of any subsequently discovered information.

Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. The following responses are subject to all objections if offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time.

Johnson makes no incidental or implied admissions by these responses. Accordingly, JPMorgan Chase Bank, N.A shall not construe Johnson's responses or objections to these requests as an admission of the existence of any fact set forth or assumed by these requests, or that such responses constitute admissible evidence. The fact that Johnson has answered any request or any portion thereof is not intended to nor shall it be construed to be as a waiver of all or any part of any objection to any request.

## GENERAL OBJECTIONS

Johnson's responses to each request are subject to the general objections set forth below. These general objections form a part of the response to each request and are set forth here to avoid the duplication and repetition of restating them for each response.

1. Johnson objects to these requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileged or protected information. To the extent that the requests may be construed as seeking such privileged or protected information, Johnson hereby claims such privilege and invokes such privilege. The fact that Johnson does not specifically object to an individual request on the ground that it seeks such privileged or protected information is not a waiver of the protection afforded by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

2. Johnson objects to the extent that these requests seek information or documents from third parties or which is protected from compelled disclosure under the California Constitution, Article 1, Section 1, and the United States Constitution.

3. Johnson objects to the extent that these requests seek information that is irrelevant and/or not calculated to lead to the discovery of admissible evidence.

4. Johnson objects to the extent that the requests seek documents or information that are not in Johnson's possession, custody, or control.

The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

**RESPONSES AND OBJECTIONS**

**REQUESTS FOR ADMISSION NO. 1:**

Admit that the document attached as Exhibit A is a true and correct copy of YOUR Pre-Hearing Brief in American Arbitration Association ("AAA") Case No. 01-20-0015-1734.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 1:**

Johnson objects to this request on the grounds that it is vague and

ambiguous. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that the document attached as Exhibit A is a copy of a written submission Johnson filed in *pro per* titled "Pre-Hearing Brief" in the AAA arbitration. Deny that Johnson made the red marking on page 4 of Exhibit A.

**REQUESTS FOR ADMISSION NO. 2:**

Admit that YOU were liable for the Chase Ink credit card account identified in YOUR COMPLAINT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 2:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that Johnson opened that Chase Ink credit card account and made purchases using the Chase Ink credit card account from January 14, 2017 through July 6, 2017.

**REQUESTS FOR ADMISSION NO. 3:**

Admit that the information furnished to the credit reporting agencies by CHASE was accurate because YOU were liable for the Chase Ink credit card account identified in YOUR COMPLAINT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 3:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny, to the extent the term "accurate" is used as defined by the

Fair Credit Reporting Act.

**<u>REQUESTS FOR ADMISSION NO. 4:</u>**

Admit that the information furnished to Equifax regarding YOUR Chase Ink credit card account identified in YOUR COMPLAINT was accurate.

**<u>RESPONSE TO REQUESTS FOR ADMISSION NO. 4:</u>**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny. Some information may have been accurate. Request does not identify specific information furnished to Equifax or the dates on which it was furnished.

**<u>REQUESTS FOR ADMISSION NO. 5:</u>**

Admit that YOU argued that YOUR claim in arbitration was not preempted because it did not concern the reporting of inaccurate information.

**<u>RESPONSE TO REQUESTS FOR ADMISSION NO. 5:</u>**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that the arbitrator did not consider any claim related to an investigation under the FCRA and therefore did not concern preemption.

**<u>REQUESTS FOR ADMISSION NO. 6:</u>**

Admit that the Chase Ink credit card account identified in YOUR COMPLAINT, required the creation of a separate online profile from YOUR

previous online profile with CHASE.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 6:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Johnson has made a reasonable inquiry, and the information known and readily obtainable is insufficient to enable Johnson to admit or deny the truth of that representation.

**REQUESTS FOR ADMISSION NO. 7:**

Admit that on February 17, 2017, YOU enrolled in online billing and approved receipt of paperless statements for YOUR Chase Ink credit card.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 7:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that, on or about February 17, 2017, Johnson contacted Chase, in accordance with the express instructions described on Chase's website which state "[t]o see both business and personal accounts using the same User ID and Password […] call 1-877-CHASEPC", and informed Chase of his designation of his pre-existing "forepus1" chase.com user account, created on December 13, 2010, and used continuously and exclusively for credit card account management and the receipt of billing statements since that time, for the receipt of electronic billing statements for his Chase Ink credit card.

**REQUESTS FOR ADMISSION NO. 8:**

Admit that YOU created a unique user id for online account access for YOUR Chase Ink credit card account.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that he created a "forepus1" chase.com user account on December 13, 2010, and designated this account for the credit card account management and the receipt of billing statements for all credit card accounts, including his Chase Ink account.

**REQUESTS FOR ADMISSION NO. 9:**

Admit that on February 17, 2017, YOU entered into a E-Sign Disclosure and Consent Agreement with CHASE.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 9:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Johnson admits that he entered into one or more agreements on or about February 17, 2017. The contents of said agreements are in Chase's possession.

**REQUESTS FOR ADMISSION NO. 10:**

Admit that YOU don't know whether YOU were logging into the wrong account when YOU tried to log into YOUR online access for YOUR Chase Ink credit card account.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 10:**

Johnson objects to this request on the grounds that it is vague and ambiguous, especially as to the term "wrong account." Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny.

**REQUESTS FOR ADMISSION NO. 11:**

Admit that YOU forgot about YOUR separate online access for YOUR Chase Ink credit card account.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 11:**

Johnson objects to this request on the grounds that it is vague and ambiguous, especially as to the term "forgot". Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny.

**REQUESTS FOR ADMISSION NO. 12:**

Admit that YOU had a phone call with CHASE employee Jeremiah Pressley on June 12, 2018, where YOU stated that "This is the first time I've been made aware that I had multiple accounts to be honest."

**RESPONSE TO REQUESTS FOR ADMISSION NO. 12:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit.

**REQUESTS FOR ADMISSION NO. 13:**

Admit that YOU have no recollection of YOUR phone call with CHASE on September 6, 2017.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 13:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny.

**REQUESTS FOR ADMISSION NO. 14:**

Admit that after YOUR September 6, 2017, call with CHASE, that CHASE sent YOU an email noting YOUR authorization for payment of $111,49 to YOUR Chase Ink credit card account.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 14:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that Johnson received an email on September 06, 2017, which did not mention “Chase Ink” and stated “Account Ending in 0256 … We are writing to confirm the following electronic payments you authorized to your credit card account during our recent phone conversation. […] Payment Amount […] $111.49”.

**REQUESTS FOR ADMISSION NO. 15:**

Admit that CHASE sent YOU emails through April 2018 stating that YOUR credit card statement for YOUR Chase Ink credit card were available online.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 15:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds:

Deny. Johnson received over 300 unsolicited emails from Chase through April 25, 2018, including many from no-reply@alertsp.chase.com that stated "the statement for your credit card account ending in [9959, 0256, 4945, 5301, 1787, 0789, 5301, 7207, 5827, 5159, or 6650] is now available online. To see your statement or download it as a PDF, log on to www.Chase.com. You can also make a payment online or set up an Account Alert so you'll receive a reminder when your payment is due." None of these emails referenced "Chase Ink", nor did they reference the user account which Chase purports to have provided statements under, nor did Johnson "receive a reminder when your payment is due" after the closure of the Chase Ink credit card account, despite enrollment in the account alerts program, nor did they indicate a payment was due.

**REQUESTS FOR ADMISSION NO. 16:**

Admit that YOU did not read the emails YOU received from CHASE regarding YOUR Chase Ink credit card from September 2017 to April 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 16:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny.

DATED: August 4, 2023

RUSSELL LAW, P.C.

/s/ L. David Russell
L. David Russell
Attorneys for Plaintiff
JOSHUA JOHNSON

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is Russell Law, P.C., 1500 Rosecrans Ave, Suite 500, Manhattan Beach, CA 90266. On the date below, I served the foregoing document(s) described as:

**PLAINTIFF JOSHUA JOHNSON'S RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A'S REQUESTS FOR ADMISSION, SET ONE**

By sending a true copy thereof to the address listed below:

**SEE ATTACHED SERVICE LIST**

☐ **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

☐ **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

☒ **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

☐ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Manhattan Beach, California.

☐ **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 4, 2023 at Manhattan Beach, California.

/s/ L. David Russell

**SERVICE LIST**

ASHLEY R. FICKEL
ROBERT A. HYATT
DYKEMA GOSSETT LLP
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
AFickel@dykema.com
RHyatt@dykema.com
Attorneys for Defendant JPMorgan Chase Bank, N.A

# EXHIBIT G

Russell Law, P.C.
L. David Russell (SBN 260043)
1500 Rosecrans Ave, Suite 500
Manhattan Beach, CA 90266
Tel: (323) 638-7551
Fax: (323) 760-7458
david@russelllawpc.com

Attorneys for Plaintiff
JOSHUA JOHNSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION - FIRST STREET UNITED STATES COURTHOUSE**

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>vs.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | CASE NO: 2:22-cv-06718-AB-MAAx<br>**PLAINTIFF JOSHUA JOHNSON'S AMENDED RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A'S REQUESTS FOR ADMISSION, SET ONE** |

**PROPOUNDING PARTY**: Defendant JPMORGAN CHASE BANK, N.A

**RESPONDING PARTY**: Plaintiff JOSHUA JOHNSON

**SET NUMBER**: ONE

Plaintiff Joshua Johnson ("Johnson") hereby objects and responds to Defendant JPMorgan Chase Bank, N.A's ("Defendant") Requests for Admission, Set One as follows:

## PRELIMINARY STATEMENT

Johnson makes these responses solely for the purpose of this action. Johnson has not completed discovery in this action, or an investigation of all the facts underlying this lawsuit, or preparation of this case for trial. The responses contained herein are in a good faith effort to supply as much information as is presently known to Johnson. Further discovery and investigation may lead to the discovery of additional information responsive to these requests. Accordingly, the following responses are without prejudice to Johnson's right to produce evidence of any subsequently discovered information.

Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. The following responses are subject to all objections if offered in court, and all such objections are reserved and may be interposed at the time of trial or at any other time.

Johnson makes no incidental or implied admissions by these responses. Accordingly, JPMorgan Chase Bank, N.A shall not construe Johnson's responses or objections to these requests as an admission of the existence of any fact set forth or assumed by these requests, or that such responses constitute admissible evidence. The fact that Johnson has answered any request or any portion thereof is not intended to nor shall it be construed to be as a waiver of all or any part of any objection to any request.

## GENERAL OBJECTIONS

Johnson's responses to each request are subject to the general objections set forth below. These general objections form a part of the response to each request and are set forth here to avoid the duplication and repetition of restating them for each response.

1. Johnson objects to these requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileged or protected information. To the extent that the requests may be construed as seeking such privileged or protected information, Johnson hereby claims such privilege and invokes such privilege. The fact that Johnson does not specifically object to an individual request on the ground that it seeks such privileged or protected information is not a waiver of the protection afforded by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

2. Johnson objects to the extent that these requests seek information or documents from third parties or which is protected from compelled disclosure under the California Constitution, Article 1, Section 1, and the United States Constitution.

3. Johnson objects to the extent that these requests seek information that is irrelevant and/or not calculated to lead to the discovery of admissible evidence.

4. Johnson objects to the extent that the requests seek documents or information that are not in Johnson's possession, custody, or control.

The foregoing objections and qualifications apply to the responses contained herein and are incorporated by reference to the extent applicable to the specific responses set forth below as though fully set forth therein. The failure to mention any of the foregoing objections and qualifications in the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

**RESPONSES AND OBJECTIONS**

**REQUESTS FOR ADMISSION NO. 5:**

Admit that YOU argued that YOUR claim in arbitration was not preempted because it did not concern the reporting of inaccurate information.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 5:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and

proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that the arbitrator did not consider any claim related to an investigation under the FCRA and therefore did not concern preemption.

**AMENDED RESPONSE TO REQUESTS FOR ADMISSION NO. 5:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds:

Admit that Johnson submitted a pre-hearing brief in which he wrote that “he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate … Claimant’s claim thus survives § 1681t(b)(1)(F), regardless of whether the total or statutory preemption approach is utilized, because it does not arise under a state statute and does not concern the reporting of inaccurate information” but that, during the hearing, Johnson clarified that what he wrote in the pre-hearing brief was incorrect and that he had since read case law clarifying that there is a difference between legally accurate and factually accurate in case law that changed his view with respect to Chase’s liability under FCRA.

**REQUESTS FOR ADMISSION NO. 7:**

Admit that on February 17, 2017, YOU enrolled in online billing and approved receipt of paperless statements for YOUR Chase Ink credit card.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 6:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's

reasonable interpretation of the request and without waiving said objections, Johnson responds: Johnson has made a reasonable inquiry, and the information known and readily obtainable is insufficient to enable Johnson to admit or deny the truth of that representation.

**AMENDED RESPONSE TO REQUESTS FOR ADMISSION NO. 7:**

Johnson objects to this request on the grounds that it is vague and ambiguous, especially as to the definition of "enrolled", "online billing", and "paperless". Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that, on or about February 17, 2017, Johnson agreed to receive billing statements electronically via his "forepus1" online profile.

**REQUESTS FOR ADMISSION NO. 8:**

Admit that YOU created a unique user id for online account access for YOUR Chase Ink credit card account.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Johnson objects to this request on the grounds that it is vague and ambiguous. Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Admit that he created a "forepus1" chase.com user account on December 13, 2010, and designated this account for the credit card account management and the receipt of billing statements for all credit card accounts, including his Chase Ink account.

**AMENDED RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Johnson objects to this request on the grounds that it is vague and ambiguous, specifically as it is unbounded in time, and as to the definition of "unique user id".

Moreover, Johnson objects to this request as it lacks both relevance and proportionality to the matters and issues in dispute in this case. Subject to Johnson's reasonable interpretation of the request and without waiving said objections, Johnson responds: Deny.

DATED: September 6, 2023

RUSSELL LAW, P.C.

/s/ L. David Russell
L. David Russell
Attorneys for Plaintiff
JOSHUA JOHNSON

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is Russell Law, P.C., 1500 Rosecrans Ave, Suite 500, Manhattan Beach, CA 90266. On the date below, I served the foregoing document(s) described as:

**PLAINTIFF JOSHUA JOHNSON'S AMENDED RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A'S REQUESTS FOR ADMISSION, SET ONE**

By sending a true copy thereof to the address listed below:

**SEE ATTACHED SERVICE LIST**

☐ **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

☐ **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

☒ **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

☐ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Manhattan Beach, California.

☐ **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 6, 2023 at Manhattan Beach, California.

/s/ L. David Russell

**SERVICE LIST**

ASHLEY R. FICKEL
ROBERT A. HYATT
DYKEMA GOSSETT LLP
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
AFickel@dykema.com
RHyatt@dykema.com
Attorneys for Defendant JPMorgan Chase Bank, N.A

# EXHIBIT H

**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458
*Attorneys for Plaintiff Joshua Johnson*

**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL (Cal. Bar No. 237111)
AFickel@dykema.com
ROBERT A. HYATT (Cal. Bar No. 166178)
RHyatt@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

No.: 2:22-cv-06718-RSWL-MAA

District Judge: Hon. André Birotte Jr.
Magistrate Judge: Maria A. Audero

**JOINT STIPULATION RE EMPLOYEES WITH INFORMATION RE 2020 INVESTIGATION**

Action Filed: Sept. 19, 2022
Trial Date: March 12, 2024

It is hereby Stipulated by and between the parties, Plaintiff Joshua Johnson ("Plaintiff") and Defendant JPMorgan Chase Bank, N.A. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, Plaintiff served interrogatories and requests for production on Defendant requesting information regarding Defendant's employees (former and current) that investigated Plaintiff's notice of dispute submitted to Equifax on or about August 25, 2020 related to the accuracy of information Defendant submitted to Equifax, which Defendant received shortly thereafter (the "2020 Investigation");

WHEREAS, Defendant objected to providing that information, leading to meet-and-confer discussions among counsel and the presentation of the issue to Magistrate Judge Audero at IDC #1; and

WHEREAS, during meet-and confer discussions, Defendant represented that, after looking into the issue, it discovered that there were no current employees with any personal and first-hand recollection of the 2020 Investigation and that Chase did not plan on presenting testimony from any employees (current or former) involved in the 2020 Investigation in this case.

THEREFORE, Plaintiff and Defendant agree and stipulate that:

1. None of Chase's current employees have any recollection of the 2020 Investigation.[1]

[1] Plaintiff still reserves the right to take the deposition of Chase employees, including Carla Wills, a current Chase employee whom Plaintiff believes may have been involved in the 2020 Investigation or may otherwise have discoverable information related to that investigation.

2. Chase is unaware of any employees who have any recollection of the 2020 Investigation.

3. Chase will not present testimony from any employees (current or former) involved in the 2020 Investigation in any way, with the one exception that if Plaintiff calls a former employee as a trial witness, then Chase reserves their right to use that witness' testimony.

4. Chase will provide a corporate representative as to Chase's business records concerning the 2020 Investigation.

**IT IS SO STIPULATED AND AGREED.**

DATED: July __ 2023

**RUSSELL LAW, PC**

*Attorneys for Plaintiff Joshua Johnson*

DATED: August 9, 2023

**DYKEMA GOSSETT LLP**

*Attorneys for Defendant JPMorgan Chase Bank*, N.A

# EXHIBIT I

**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
*AFickel@dykema.com*
ROBERT A. HYATT, State Bar No. 166178
*RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DECLARATION OF CARLA WILLS**

Complaint Filed: September 19, 2022

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# DECLARATION OF CARLA WILLS

I, Carla Wills, declare as follows:

1. I am employed by JPMorgan Chase Bank, N.A. ("Chase") as an Executive Office Sr. Specialist IV. If called as a witness, I could and would testify competently under oath to the facts stated herein.

2. I have no recollection of Joshua Johnson or any issues or investigations regarding his credit card accounts with Chase

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was signed on October 4, 2023 in Newark, Ohio.

E-SIGNED by Carla Wills
on 2023-10-04 18:14:17 GMT

Carla Wills

008241.002262 4889-8284-4548.1

# EXHIBIT J

AMERICAN ARBITRATION ASSOCIATION®
INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

P.O. Box 19609
Johnston, RI 02919

July 26, 2023

Joshua Johnson
2201 5th Street
Apartment 208
Santa Monica, CA 90405
Via Email to: josh@jj88.org

Joseph Hickey, Esq.
Dykema Gossett, PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Via Email to: jhickey@dykema.com

Case Number: 02-20-0015-1734

Joshua Johnson
-vs-
JPMorgan Chase Bank N.A.

Dear Parties:

This acknowledges receipt of the enclosed correspondence from Claimant regarding the progress of this matter. The American Arbitration Association (AAA) has invited ten (10) neutrals to serve as a panelist. Three of the ten neutrals have declined the invitation to serve and the remaining seven have been removed per applicable California law. AAA has invited another arbitrator to serve as a panelist.

In the objections received from Respondent, there is a request for AAA to decline administration on the basis of the applicable agreement provided with the Notice of Appeal is not applicable to this matter. AAA previously advised of its administrative determination that AAA would proceed with the administration of this matter. Any contentions regarding the applicable contract are reserved for the panel.

AAA requests the reconsideration of a single arbitrator to decide the arbitrability issue concerning the applicable contract. If the arbitrator determines that arbitrability issue and administration should proceed, then the remaining two panelists will be appointed to fulfill the panel. If there is agreement to this reconsideration proposal, please advise by August 2, 2023. If no agreement is provided, AAA will continue to invite arbitrators to serve as a panelist for this case.

Sincerely,
/s/
AAA Case Manager 1
Manager of ADR Services
Email: aaacasemanager1@adr.org
Fax: (866)644-0234

Supervisor Information: *AAA Self-Represented Case Director 2 at director2@adr.org*

Enclosure

# EXHIBIT K

**Hyatt, Robert**

---

**From:** Hickey, Joseph
**Sent:** Tuesday, August 22, 2023 7:37 PM
**To:** Kaluza, Kristina; Fickel, Ashley; Hyatt, Robert; Bowman, Marcy
**Subject:** FW: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

**Joseph H. Hickey** (he/him)
Member

D 248-203-0555
JHickey@dykema.com ▪ dykema.com

**BIO VCARD**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

Dykema

---

**From:** Joshua Johnson
**Sent:** Tuesday, August 22, 2023 10:37:03 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** AAA Case Manager 1
**Cc:** Hickey, Joseph
**Subject:** Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** EXTERNAL*****

I do not accept the proposal—I would like to stick with a three-arbitrator panel as originally agreed upon. Thanks.

On Tue, Aug 15, 2023 at 5:17 PM AAA Case Manager 1 <AAACaseManager1@adr.org> wrote:

> Dear Parties:
>
> The AAA is in receipt of Respondent's response regarding the AAA's July 26, 2023 letter.
>
> We ask the Claimant to please advise his response to the proposal no later than August 22, 2023.
>
> Thank you.
>
> AAA Case Manager 1

**AAA Case Manager 1**
**Self-Represented Case Administration Team**

Self-Represented Case Administration Team
F: 866 644 0234 E: AAACaseManager1@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Hickey, Joseph <JHickey@dykema.com>
**Sent:** Friday, August 11, 2023 1:41 PM
**To:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org; Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

JPMorgan Chase Bank, N.A. (“Chase”) has considered the AAA’s July 26th proposal to “reconsider[ ] a single arbitrator to decide the arbitrability issue concerning the applicable contract.” (for ease of reference defined terms are in bold format)

For reasons expressed in various filings and communications with the AAA (as noted in the AAA’s July 26th letter), Chase continues to object to the AAA’s administration of Joshua Johnson’s claim in Case No. 02-20-0015-1734 (the “**AAA Appeal**”). Chase expressly reserves these rights and, by proceeding here, does not waive its right to challenge in a judicial proceeding or otherwise any ruling or holding of or by the AAA or any arbitrator(s).

Subject to its continuing objection and non-waiver, Chase agrees to the proposal to have a single arbitrator in the first instance determine the **Arbitrability Claim**. Chase’s agreement is subject to the following conditions:

1. The issue to be resolved is expressly limited to the applicability of the arbitration agreement contained in the "Important Changes to Your Account Terms" sent to Claimant on June 5, 2019 (the "**Freedom Card Arbitration Agreement**") submitted by Claimant to the AAA on or about March 22, 2022 (the "**Arbitrability Claim**");

2. Appeal of the **Arbitrability Claim**: A decision that the **AAA Appeal** is arbitrable will be reserved by Chase as an issue for appeal if the **AAA Appeal** proceeds and appellate arbitrators are appointed; and

3. Any arbitrator appointed by the AAA for resolution of the **Arbitrability Claim** may not further serve in any capacity in any dispute between Chase and Claimant -- specifically including as an arbitrator on any panel that may hear the **AAA Appeal**.

Thank you,

Joe

**Joseph H. Hickey** (he/him)
Member

D 248-203-0555
JHickey@dykema.com ▪ dykema.com

**BIO VCARD**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

Dykema

**From:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Sent:** Thursday, August 10, 2023 12:43 PM
**To:** Hickey, Joseph <JHickey@dykema.com>; AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** EXTERNAL*****

Dear Parties:

As there are no objections, the deadline will be August 11, 2023.

Thank you.

AAA Case Manager 1

**AAA Case Manager 1**
**Self-Represented Case Administration Team**

Self-Represented Case Administration Team
F: 866 644 0234 E: AAACaseManager1@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2023★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Hickey, Joseph <JHickey@dykema.com>
**Sent:** Wednesday, August 9, 2023 2:48 PM
**To:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org; Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

Chase respectfully requests an additional two days to submit its response to this proposal.

Thank you,

Joe

I will be out of the office on vacation from Monday August 14th and returning on Tuesday August 22nd. During that time I will not have access to email and phone. Please advise before August 11th if you are aware of a deadline or other issue requiring assistance during that time so I can address it in advance.

**Joseph H. Hickey** (he/him)
Member

D 248-203-0555
JHickey@dykema.com ▪ dykema.com

**BIO VCARD**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

Dykema

---

**From:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Sent:** Tuesday, August 1, 2023 12:36 PM
**To:** Hickey, Joseph <JHickey@dykema.com>; AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** EXTERNAL*****

Dear Parties:

The extension request is granted as reasonable and necessary.

AAA Case Manager 1

**AAA Case Manager 1**
**Self-Represented Case Administration Team**

Self-Represented Case Administration Team
F: 866 644 0234 E: AAACaseManager1@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2023★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Hickey, Joseph <JHickey@dykema.com>
**Sent:** Tuesday, August 1, 2023 9:15 AM
**To:** AAA Case Manager 1 <AAACaseManager1@adr.org>
**Cc:** josh@jj88.org; Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

***** External E-Mail – Use Caution *****

We raised and are currently vetting your proposal with our in-house attorney colleagues at Chase. Given vacations and scheduling conflicts, we respectfully request another week (August 9th) to respond to your proposed single arbitrator resolution.

Thanks,

Joe

I will be out of the office on vacation from Monday August 14th and returning on Tuesday August 22nd. During that time I will not have access to email and phone. Please advise before August 11th if you are aware of a deadline or other issue requiring assistance during that time so I can address it in advance.

**Joseph H. Hickey** (he/him)
Member

D 248-203-0555
JHickey@dykema.com ▪ dykema.com

**BIO VCARD**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

Dykema

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

---

**From:** aaacasemanager1@adr.org <aaacasemanager1@adr.org>
**Sent:** Wednesday, July 26, 2023 7:20 PM
**To:** Hickey, Joseph <JHickey@dykema.com>; josh@jj88.org
**Subject:** Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 02-20-0015-1734

*** EXTERNAL***

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

**AAA Case Manager 1**
**Self-Represented Case Administration Team**

Self-Represented Case Administration Team
F: 866 644 0234 E: AAACaseManager1@adr.org
PO Box 19609, Johnston, RI 02919
www.adr.org/prose

NPT's BEST NONPROFITS TO WORK FOR ★2023★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.