**DYKEMA GOSSETT LLP**
ASHLEY R. FICKEL, State Bar No. 237111
  AFickel@dykema.com
ROBERT A. HYATT, State Bar No. 166178
  RHyatt@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458

*Attorneys for Plaintiff Joshua Johnson*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>      Plaintiff,<br><br>      v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>      Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**JOINT STATUS REPORT RE MOTION FOR STAY AND TRIAL CONTINUANCE [DKT. 45]**<br><br>Complaint Filed:   September 19, 2022 |

Pursuant to the Court's October 27, 2023, order [Dkt. 45] for a joint status report to be filed by the parties, Joshua Johnson ("Plaintiff"), and Defendant JPMorgan Chase Bank, N.A. ("Chase") (jointly the "Parties") in conjunction with Chase's motion for stay [Dkt. 37] regarding the status of the arbitration proceedings before the American Arbitration Association ("AAA") in Case No. 02-20-0015-1734 (the "Arbitration"), the Parties submit the below joint status report:

On March 28, 2023, the AAA sent the parties a letter stating that it "has made an administrative appointment of Robert G. Badal to serve as arbitrator" and that "[p]ursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter."

On April 12, 2023, Chase sent a letter to the AAA and Johnson stating that it "objects to the appointment of Robert G. Badal and, though it believes Badal has sufficient credentials, Chase objects and requests that Mr. Robert G. Badal be disqualified and not appointed as an arbitrator."

On May 9, 2023, the AAA sent the parties a letter stating that "[i]n accordance with the California Arbitration Law (California Code of Civil Procedure section 1281.91), the proposed arbitrator, Robert G. Badal, is disqualified."

On July 26, 2023, the AAA sent the parties a letter requesting the consideration of "a single arbitrator to decide the arbitrability issue concerning the applicable contract".

On August 10, 2023, the AAA sent the parties a letter stating that it "has made an administrative appointment of Gregory B Wood to serve as arbitrator" and that "[p]ursuant to California Code of Civil Procedure Section 1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within fifteen (15) calendar days from the date of this letter."

On Aug 22, 2023, Johnson sent the AAA and Chase an email stating "I do not accept the proposal—I would like to stick with a three-arbitrator panel as originally

agreed upon.".

On August 24, 2023, Chase sent a letter to the AAA and Johnson stating that "Mr. Gregory B. Wood should not be appointed as an arbitrator except as noted in paragraph 6 below". Paragraph 6 stated that "Chase would accept Wood to determine arbitrability subject to the conditions and reservation of rights outlined in Chase's August 11, 2023, response to the AAA's proposal that a single arbitrator be appointed to determine arbitrability".

On October 25, 2023, Counsel for Chase emailed the AAA asking to schedule an administrative conference to develop a plan to resolve the Arbitration.

On October 30, 2023, Counsel for Chase again emailed the AAA and Plaintiff regarding the request for an administrative conference. Chase advised that it was prepared to accept Mr. Gregory Wood "for the purpose of this proceeding" and would "agree to the appointment of two additional arbitrators (three if Mr. Wood is no longer available)" "subject to Chase's rights under Consumer Rule R-14" and "to otherwise object".

On November 1, 2023, the AAA responded to the Parties, stating that it couldn't move forward with the appointment of Mr. Wood because the parties did not stipulate to the proposal to have a single arbitrator determine arbitrability, and that the AAA would continue to appoint arbitrators for the purpose of serving on the panel. The AAA confirmed the request for an administrative conference and directed the Parties on how to schedule it.

On November 3, 2023, Counsel for Chase responded to the AAA and Plaintiff that based on the Parties' availability, it looked like November 13 or 14 were the first available dates for an administrative conference. Chase advised the AAA of this Court's order and asked for an early date. Chase restated that it would agree to appointment of Mr. Wood along with two additional arbitrators. Chase also stated that it would accept a prior disqualified candidate, Robert G. Badal.

1. On November 6, 2023, the AAA responded that November 14, 2023 would be the date for the administrative conference, and that Plaintiff could provide comments regarding appointment of Mr. Badal.

The AAA administrative conference was held on November 14, 2023 and on November 15, 2023, Plaintiff wrote an email to AAA. The Parties discussed the appointment of Mr. Wood. Plaintiff stated that Wood and Badal were both previously objected to by Chase and disqualified by the AAA and could not now be appointed arbitrator.

The AAA administrator stated that the AAA had resumes of two potential arbitrators. Plaintiff confirmed with the AAA administrator that the Parties could propose arbitrators on their own so long as the candidates agreed to be compensated pursuant to the consumer fee schedule. On November 15, 2023, Plaintiff emailed the AAA and Chase to confirm that he would not accept the appointment of Mr. Wood.

On November 16, 2023, the AAA emailed the Parties a summary of the administrative conference call and resumes of two potential arbitrators. The AAA confirmed that it would remove Gregory Wood as an arbitrator. The AAA further stated that the two potential arbitrators were vetted and do not have disclosures related to either party, and that their disclosures would be transmitted.

On November 17, 2023, Counsel for Chase emailed the AAA and Plaintiff that Chase would appreciate receiving the disclosures for the potential arbitrators as soon as possible. Chase stated that "[i]f their disclosures check out, it is Chase's intent to accept these two arbitrators – subject of course to Chase's stated objection to jurisdiction. The AAA case manager responded the same day that they would be out of the office on November 17, 2023, and that there would be limited services the week of November 20, 2023, and that they would return on November 27, 2023.

As of the drafting of this joint report, the AAA has not sent any disclosures for the two proposed neutrals. There are currently no arbitrators appointed to the

panel.

DATED: November 21, 2023

                                                                 /s/ L. David Russell

                                                                 **RUSSELL LAW, PC**
                                                                 L. David Russell
                                                                 *Attorneys for Plaintiff Joshua Johnson*

DATED: November 21, 2023

                                                                 /s/ Robert Hyatt

                                                                 **DYKEMA GOSSETT LLP**
                                                                Robert Hyatt
                                                                 *Attorneys for Defendant JPMorgan Chase Bank, N.A*

    I attest that all other signatories listed above have authorized the filing of this document and concur in its content.

                                                                                           /s/ Robert Hyatt

008241.002262  4890-7640-0274.1