**DYKEMA GOSSETT LLP**
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JOSHUA JOHNSON,

      Plaintiff,

      v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DEFENDANT JPMORGAN CHASE BANK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Complaint Filed:   September 19, 2022

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

In support of its Motion for Summary Judgment, or in the alternative, Summary Adjudication, as to its own First Amended Cross Complaint, Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully requests, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the following:

Exhibit F:    A true and correct copy of the Judgment Confirming March 3, 2022 Arbitration Award, in Los Angeles Superior Court Case No. 22STCP02017.

Exhibit O:    A true and correct copy of the Declaration of Joshua Johnson in support of Opposition to JPMorgan Chase's Motion for Stay and Trial Continuance, in this matter. [Dkt. 39-1, exhibits excluded.]

Exhibit R:    A true and correct copy of the Findings and Ruling in AAA case no. 02-20-0015-1734 between Plaintiff and Chase.

Exhibit T:    A true and correct copy of the docket in Los Angeles Superior Court Case No. 22STCP02017.

DATED:  June 26, 2025          DYKEMA GOSSETT LLP


                               By: /s/ Robert Hyatt
                                   ROBERT HYATT
                                   Attorneys for Defendant
                                   JPMORGAN CHASE BANK N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT F

Electronically Received 05/08/2025 09:44 AM

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1  **DYKEMA GOSSETT LLP**
   ROBERT A. HYATT, State Bar No. 166178
2    *RHyatt@dykema.com*
   444 Flower Street, Suite 2200
3  Los Angeles, California 90071
   Telephone: (213) 457-1800
4  Facsimile: (213) 457-1850

5  Attorneys for Applicant,
   JPMORGAN CHASE BANK, N.A.

6

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                   **COUNTY OF LOS ANGELES**

9

10  JPMORGAN CHASE BANK, N.A.,              Case No.: 22STCP02017

11              Petitioner,                 Assigned for All Purposes to Hon., Department
                                            57
12       v.

13  JOSHUA JOHNSON, an individual,         **[PROPOSED] JUDGMENT CONFIRMING
                                            MARCH 3, 2022 ARBITRATION AWARD**
14              Respondent.

15

16

17

18

19

20

21          On March 5, 2025, this Court heard JPMorgan Chase Bank, N.A.'s ("Petitioner") Motion

22  to Confirm March 3, 2022 Arbitration Award, and Joshua Johnson's ("Respondent") Motion to

23  Vacate May 24, 2024 Arbitration Award.  Robert Hyatt appeared on behalf of Petitioner, and

24  Respondent appeared in pro per.

25          After hearing argument and taking the matters under submission, and finding proof

26  sufficient to the Court, **THE COURT MAKES THE FOLLOWING FINDINGS OF FACT**:

27          On March 3, 2022, Arbitrator Charles Holton, in an arbitration ("March 2022 Arbitration")

28  conducted under the auspices of the American Arbitration Association ("AAA"), that was initiated

FILED
Superior Court of California
County of Los Angeles

05/09/2025

David W. Slayton, Executive Officer/Clerk of Court

By: _____ J. Araujo _____ Deputy

1  by Respondent, issued an Award ("the March 3, 2022 Award").

2      Respondent sought AAA arbitration under a specific agreement with Petitioner, the Online

3  Service Agreement ("OSA"), and not any other agreement he had with Petitioner.

4      The March 3, 2022 Award rested on the OSA.

5      Respondent sought to appeal the March 3, 2022 Award with the AAA.  The AAA

6  appointed a panel of arbitrators to hear Respondent's appeal ("the Panel").

7      The Panel issued its Findings And Ruling on May 17, 2024 ("Findings And Ruling"),

8  wherein the Panel found that the OSA did not provide Respondent the right to pursue an appeal of

9  the March 3, 2022 Award within the AAA.

10      The Court finds that it was for the Panel, not the Court, to determine whether the OSA

11  conferred a right on Respondent to appeal the March 3, 2022 Award within the AAA.  The Court

12  further finds that the Panel's rules did not prevent Respondent from presenting material evidence

13  that he had appellate rights through another agreement with Petitioner, the Freedom Card

14  Agreement ("FCA"), and the Court finds that the selection process of arbitrators for the Panel was

15  not tainted.

16      The Court finds that Respondent's Motion to Vacate May 24, 2024 Arbitration Award is a

17  misnomer, and further finds that there was and is no such thing as the "May 24, 2022 Arbitration

18  Award."  The only arbitration award is the March 3, 2022 Award issued by Arbitrator Holton.

19  Respondent's "Motion to Vacate May 24, 2022 Arbitration Award" is the Panel's ruling issued on

20  May 17, 2024 that Johnson was not entitled under the OSA to appeal the March 3, 2022 Award.

21      The Court finds that Petitioner did not waive its right to arbitrate the issue of arbitrability,

22  and further finds that Respondent's access to past arbitration awards, even if limited, did not

23  unfairly advantage Petitioner.

24                              **ORDER**

25      **GOOD CAUSE APPEARING**, the Court grants JPMorgan Chase Bank, N.A.'s Petition

26  to Confirm Arbitration Award filed by Petitioner on November 19, 2024.  The Court denies

27  Joshua Johnson's Amended Motion to Vacate 2024 Arbitration Ruling filed by Respondent on

28  February 20, 2025.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA
90071

**IT IS ORDERED** that the award of Charles Holton dated March 3, 2022 is confirmed in all respects and that judgment be entered in conformity therewith.

Dated: 05/09/2025

Michael Small / Judge
Honorable Michael Small

### JUDGMENT

The award of Charles Holton in American Arbitration Association Case No. 01-20-0015-1734, dated March 3, 2022, and attached hereto as Exhibit A, having been confirmed by order of this Court on March 10, 2025, and no statement of decision having been requested by any party.

**IT IS ADJUDGED**, that the March 3, 2022 award of Charles Holton in American Arbitration Association Case No. 01-20-0015-1734 is confirmed and that Exhibit A, attached hereto, become the judgment of this Court.

Dated: 05/09/2025

Michael Small / Judge
Honorable Michael Small

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA
90071

# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-20-0015-1734

| | |
|---|---|
| Joshua Johnson | (Claimant) |
| -vs- | |
| JPMorgan Chase Bank N.A. | (Respondent) |

## AWARD OF ARBITRATOR

I, Charles R. Holton, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties at evidentiary hearings held on June 8, July 15, September 17, and Sept. 29, 2021, and Claimant appearing as *pro se,* and Respondent being represented by counsel, do hereby, AWARD, as follows:

**Summary:**
**Upon payment by Claimant Johnson of $238.52 to Respondent Chase or its attorney, Respondent Chase is ordered to retract and cause to be removed any and all adverse credit references which it has caused to be made regarding Claimant Johnson arising out of the Ink business credit card account. No damages or sanctions are awarded, and each party shall bear his/its own costs as incurred.**

**Explanation:**

A.     Johnson's original Claim in this arbitration, filed under the AAA Consumer Arbitration Rules, requested injunctive relief requiring Chase to correct his credit report, which he contended was incorrect. On April 2, 2021, with the permission of the Arbitrator, Johnson filed an Amended Claim reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent. Johnson sought Relief including a requirement that Chase cease reporting derogatory information regarding his account, that Chase be ordered not to discriminate in the future against Johnson for pursuing this claim, compensation for late fees charged by Chase, and compensation for Johnson's time and costs in pursuing this arbitration. Chase filed an Answer denying all pertinent allegations. In an email to the AAA and opposing counsel on April 2, 2021, Johnson stated that he was not pursuing a FairCredit Reporting Act (FCRA) claim in this arbitration.

B.     The parties engaged in extensive document discovery, and there were several disputes which ultimately gave rise to a Motion for Sanctions brought by Johnson. Contrary to the original estimate of one hearing day, there were four days of evidentiary hearings, along with numerous conference calls to address motions, briefing, and evidentiary issues. The parties submitted literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs.

C.     During the course of this hotly contested case, Mr. Johnson has very ably represented himself, and Chase has been ably represented by counsel, Mr. Hickey. Two basic issues have emerged from the claims and evidence, and I will briefly discuss each issue and the reasons for my decision regarding each:

**1. First Issue**: On or around Feb. 17, 2017 when Johnson opened his Ink business account with Chase, was there an agreement made by the representative of Chase during a phone call with Johnson that Chase would link the new Ink account with a previously used personal account such that Johnson could receive and pay all statements at one online location, and, if so, did Chase breach this agreement by failing to link the accounts, failing to provide tech support when Johnson made inquiry, and ultimately cause Johnson to fail to fully pay off his Ink account when he canceled it, resulting in adverse credit reports by Chase?

**Analysis**: As Claimant, Johnson carries the burden of proof on this issue. He has failed to carry this

burden.  Understandably, Johnson has had great difficulty during the course of this arbitration in reconstructing many conversations which he had going back over 4 years concerning the opening of his Ink account. Also understandably, his renditions of what he thinks may have happened have changed, even during the course of this arbitration. Early in this arbitration, he acknowledged that he established a separate User ID*[jsjohns3]* for this new business account, different from the User ID *[forepus1]* for his pre-existing personal account. He admitted at the hearings on June 8 and July 15 that his difficulty in being unable to log-in to the Ink account and seeing his statements for that account may have been the result of his forgetting that he had created a separate User ID for that account and later not being aware that the separate account access existed.

Later in the arbitration, Johnson attempted to explain his failure to access his Ink account statements using the *jsjohns3* ID by saying that he thought an agreement had been made over the telephone with a Chase representative back around Feb. 17, 2021 to link the new account with the old one so that all statements could be seen at one website location.  However, his testimony regarding this explanation was speculative at best. At the hearing on July 15, he said "I believe it's likely what happened" regarding the Feb. 17, 2021 phone call and later "And what I suspect happened is this …." Further, in a telephone conversation with a Chase representative Mr. Pressley in June, 2018 about the account opening, Johnson said "My best guess is I had a conversation with a rep….." Suspicions and best guesses about an unrecorded telephone conversation from 4 years ago are <u>not</u> sufficient evidence upon which to base a claim for breach of contract and related damages.

Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support.

2. **Second Issue:** When a Chase representative contacted Johnson by telephone call on Sept. 6, 2017, was there an agreement made that Johnson, in paying $111.49 to Chase, was paying off the entire balance of his account and then closing the account with a $0 balance, such that no adverse credit report should have been made?

**Analysis:** We have no recording of this call. Johnson has testified reasonably that he was intending to pay off and close out his account and that there would have been no good reason for him to make only a minimum payment when he could have paid off the entire balance for a few hundred dollars more – and that he had more than adequate funds with which to do so. Chase has put on evidence that their standard practice in such account collection calls would be to always communicate the entire account balance as well as the minimum payment needed – this is also reasonable. The full account balance as of Sept. 6, 2017 was $350.01, and the minimum payment was $111.49. Regardless, only the minimum payment $111.49 was ever made by Johnson. Chase closed the account with the agreement of Johnson, but continued to carry the unpaid balance and after several more months, wrote off the account and reported the alleged delinquency to credit bureaus.

My conclusion is that a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment. The equitable remedy which I hereby apply is to order that Chase retract and cause to be removed any and all adverse credit references regarding Johnson arising out of the Ink business credit card account within 30 days of payment by Johnson to Chase or its attorney of the $238.52 which Johnson acknowledges he owed as of Sept.6. 2017 and which remains unpaid. No damages or other remedies are awarded.

D.      There is no basis for punitive or treble damages to be awarded in this case given my analyses above. With regard to Johnson's Motion for Sanctions, this Motion is denied on the basis that both parties appear to have participated in good faith in locating and producing extensive documents, albeit sometimes later than anticipated.  Part of the difficulties in production were the result of the evolving claims made by Claimant as well as the understandable ambiguities in defining exactly what searches needed to be made.

The administrative fees of the American Arbitration Association (AAA) totaling $2,400.00 shall be borne as incurred, and tecompensation of the arbitrator totaling $10,000.00 shall be borne as incurred.


This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.


Date: March 3, 2022

*/s/ Charles R. Holton*
Charles R. Holton, Arbitrator

## **PROOF OF SERVICE**

### **JPMORGAN CHASE BANK, N.A. v. JOHNSON**
### **22STCP02017**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On May 8, 2025, I served true copies of the following document(s) described as **DECLARATION OF ROBERT HYATT IN SUPPORT OF PETITIONER JPMORGAN CHASE BANK, N.A.'S MOTION TO CONFIRM MARCH 3, 2022 ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** on the interested parties in this action as follows:

Joshua Johnson                                         Respondent in Pro Per
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel: (336) 423-2594
Email: josh@ij88.org

☒**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Bchude@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2025, at Los Angeles, California.

_____
Brancy Chude

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA
90071

# EXHIBIT O

1

**RUSSELL LAW, PC**

2   L. David Russell (Cal. Bar No. 260043)
    david@russelllawpc.com

3   1500 Rosecrans Ave, Suite 500

4   Manhattan Beach, California 90266

5   Telephone: (323) 638-7551
    Fax: (323) 760-7458

6

7   *Attorneys for Plaintiff Joshua Johnson*

8

9              **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12   JOSHUA JOHNSON,                  No.: 2:22-cv-06718-AB-MAA

13                                    District Judge: Hon. André Birotte Jr.
              Plaintiff,              Magistrate:   Judge Maria A. Audero
14

15        v.                         **DECLARATION OF JOSHUA**
                                     **JOHNSON IN SUPPORT OF**
16                                   **OPPOSITION TO JPMORGAN**
     JPMORGAN CHASE BANK, N.A.,      **CHASE'S MOTION FOR STAY**
17                                   **AND TRIAL CONTINUANCE**
18              Defendant.
                                     Action Filed: Sept. 19, 2022
19                                   Trial Date:   March 12, 2024
20                                   Date:         October 20, 2023
                                     Time:         10:00 a.m.
21                                   Courtroom     7B
22

23

24

25

26

27

28

1

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

## <u>DECLARATION OF JOSHUA JOHNSON</u>

I, Joshua Johnson, declare as follows:

     1.     I am the Plaintiff in the above-captioned case and this declaration is made in support of my Opposition to Motion for Stay and Trial Continuance in the above-captioned case.

     2.     I have personal knowledge of the facts set forth in this declaration, known by me to be true and correct, and if called upon to testify in a court of law to the facts stated herein, I could and would competently testify pursuant to this declaration.

     3.     On **June 5, 2019**, JPMorgan Chase Bank, N.A. ("Chase") amended my credit card agreement to include an arbitration agreement (the "Arbitration Agreement"). A true and correct copy of the relevant email with the arbitration agreement is attached as Exhibit 1 and incorporated herein.  Among other things, the Arbitration Agreement states the following:

          a.  "[A]ll disputes between you and Chase must be resolved by BINDING ARBITRATION whenever you or we choose to submit or refer a dispute to arbitration."

          b.  "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue."

          c.  "A party can file a written appeal to the arbitration administrator within 30 days after an award is issued. The appeal will proceed before a panel of three neutral arbitrators designated by the same arbitration administrator.  That panel will consider all legal and factual issues anew, and make all decisions and awards by majority vote based on the documents and arbitration record without a hearing."

1

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

4.      On **September 30, 2020**, I caused a Demand for Arbitration to be filed with the American Arbitration Association ("AAA") related to claims I had with Chase. I represented myself in the arbitration while Chase was represented by two attorneys employed by a national law firm, Dykema Gossett LLP. The Award of Arbitrator, which granted me injunctive relief but no damages, is attached to Mr. Hyatt's declaration as Exhibit B. *See* Dkt. 37-1 at 115. The Arbitration Award specifically carves out FCRA claims from the arbitration.

5.      On **March 4, 2022**, I filed a written appeal with the AAA, pursuant to the appellate rights in the Arbitration Agreement attached to this Declaration as Exhibit 1. The associated AAA case number is 02-20-0015-1734 (the "Appeal"). A true and correct copy of the relevant email is attached as Exhibit 2 and incorporated herein.

6.      On **April 6, 2022**, the AAA wrote that "[t]he Consumer Arbitration Rules have been applied to [the Appeal]", "$425.00 is now due from the Business", and "**[p]ayment is due thirty days from the date of this letter, on or before May 6, 2022**". The AAA sent an invoice ("Invoice 1"), marked "due upon receipt", to Chase. A true and correct copy of the relevant email and invoice is attached as Exhibit 3 and incorporated herein.

7.      On **April 20, 2022**, Chase wrote that "the AAA is without jurisdiction to require any payments, appoint any arbitrator(s) or to pursue any act in administration of this claim," arguing that a different arbitration agreement governed that "contains no appellate rights." A true and correct copy of the relevant email is attached as Exhibit 4 and incorporated herein.

8.      On **May 9, 2022**, AAA wrote that "[a]fter reviewing the parties respective positions regarding the jurisdiction of this matter, **the AAA has made the determination to proceed with the administration of this case**." A true and correct copy of the relevant email is attached as Exhibit 5 and incorporated herein.

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

9.   On **May 27, 2022**, 51 days after the commencement of administration, Chase filed a lawsuit against me in the Superior Court of the State of California in the County of Los Angeles (the "Lawsuit"), which asked the Court to enjoin me from exercising the appellate rights in the Arbitration Agreement. The lawsuit is attached to Mr. Hyatt's declaration as Exhibit A.  *See* 37-1 at 4.

10.   On **July 7, 2022**, the AAA "**made an administrative appointment** of Janice L. Sperow and Hon. Michael J. Seng to serve as arbitrator[s]."  A true and correct copy of the relevant email, Sperow's resume, and Seng's resume are attached as Exhibits 6, 7, and 8, respectively. They are incorporated herein.

11.   On **July 22, 2022**, Chase "**request[ed] that Ms. Sperow be disqualified**." A true and correct copy of the relevant email is attached as Exhibit 9 and incorporated herein.

12.   On **July 29, 2022**, the AAA "**made an administrative appointment** of Irene M Guimera to serve as arbitrator." A true and correct copy of the relevant email and of Guimera's resume are attached as Exhibits 10 and 11, respectively, and incorporated herein.

13.   On **August 4, 2022**, Chase wrote that it "objects to the appointment of the Hon. Michel Seng and **requests that he otherwise be disqualified and that he not be appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 12 and incorporated herein.

14.   On **August 12, 2022**, Chase wrote that it "**requests that Ms. Guimera be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 13 and incorporated herein.

15.   On **September 26, 2022**, AAA wrote that "[i]n accordance with the California Arbitration Law (C.C.P. §1281.91), the three proposed neutral arbitrators [Sperow, Seng, & Guimera] are disqualified." A true and correct copy

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

of the relevant email is attached as Exhibit 14 and incorporated herein.

16.     On **October 14, 2022**, the AAA "**made an administrative appointment**" of Hon. Anita Rae Shapiro to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 15 and incorporated herein. A true and correct copy of Shapiro's resume is attached as Exhibit 16 and incorporated herein.

17.     On **October 28, 2022**, Chase wrote that it "**requests that Hon. Anita Rae Shapiro be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 17 and incorporated herein. Shapiro did not have knowledge of the Lawsuit.

18.     On **November 11, 2022**, the AAA wrote that "the proposed neutral arbitrator, Hon. Anita Shapiro, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 18 and incorporated herein.

19.     On **December 7, 2022**, the Court denied Chase's Los Angeles Superior Court Chase's Petition. A copy of the order is attached to Mr. Hyatt's declaration.  *See* 37-1 at 119.

20.     On **February 13, 2023**, the AAA "**made an administrative appointment of Lori B. Sanford to serve as arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 19 and incorporated herein. A true and correct copy of Sanford's resume is attached as Exhibit 20 and incorporated herein.

21.     On **February 28, 2023**, Chase wrote that it "**requests that Ms. Lori Sanford be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 21 and incorporated herein.

22.     On **March 9, 2023**, the AAA wrote that "the proposed neutral arbitrator, Lori B. Sanford, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 22 and incorporated herein.

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

23.     On **March 28, 2023**, the AAA "**made an administrative appointment** of Robert G. Badal to serve as arbitrator"  A true and correct copy of the relevant email is attached as Exhibit 23 and incorporated herein. A true and correct copy of Badal's resume is attached as Exhibit 24 and incorporated herein.

24.     On **April 12, 2023**, Chase wrote that it "**believes Badal has sufficient credentials" but nevertheless "requests that Mr. Robert G. Badal be disqualified and not appointed as an arbitrator"**. A true and correct copy of the relevant email is attached as Exhibit 25 and incorporated herein.

25.     On **May 9, 2023**, the AAA wrote that "the proposed neutral arbitrator, Robert G. Badal, is disqualified". A true and correct copy of the relevant email is attached as Exhibit 26 and incorporated herein.

26.     On **May 17, 2023**, the AAA "**made an administrative appointment** of Sanford Jossen to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 27 and incorporated herein.

27.     On **June 1, 2023**, Chase wrote that it "**requests that Sanford Jossen be disqualified and not appointed as an arbitrator**". A true and correct copy of the relevant email is attached as Exhibit 28 and incorporated herein.

28.     On **August 10, 2023**, the AAA "**made an administrative appointment** of Gregory B. Wood to serve as arbitrator". A true and correct copy of the relevant email is attached as Exhibit 29 and incorporated herein.

29.     On **August 25, 2023**, Chase wrote that "Mr. Gregory Wood should not be appointed as an arbitrator" for the Appeal. A true and correct copy of the relevant email is attached as Exhibit 30 and incorporated herein.

30.     Currently, Chase has not approved of any arbitrators that the AAA has appointed.  The three neutral panel required by the Arbitration Agreement is completely empty and, as a result, the arbitration proceedings have not commenced in any meaningful way.

31.     I have pursued this FCRA claim in this Court, at considerable expense, time, and effort, for the past year.  It is unfair that, after one year, Chase simply asks the Court to hit the "pause" button after all this effort, including the time of the Magistrate Judge resolving discovery disputes.  This is especially true because, in the intervening year, Chase's objections to the appointment of arbitrators in the arbitration appeal have meant that the arbitration appeal has not progressed at all.

32.     If the stay is implemented, my case will be injured as evidence will likely be lost and witness memories will fade.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on September 28, 2023 in San Diego, California.


DocuSigned by:

7EFC8C80A9CC450...

___/s/ Joshua Johnson_____

Joshua Johnson

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF OPPOSITION TO
JPMORGAN CHASE'S MOTION FOR STAY AND TRIAL CONTINUANCE

# EXHIBIT R

**AMERICAN ARBITRATION ASSOCIATION**
**CONSUMER ARBITRATION RULES**
**BINDING ARBITRATION**

| | |
|---|---|
| In the Matter of Arbitration Between:<br><br>**Joshua Johnson**,<br><br>    Claimant,<br><br>and<br><br>**JPMorgan Chase Bank N.A.**,<br><br>    Respondent. | AAA Case No.  **02-20-0015-1734**<br><br>**FINDINGS AND RULING** |

   The UNDERSIGNED ARBITRATORS (collectively, the "Panel"), having been designated in accordance with the arbitration agreement between the above-named parties, having been duly appointed in accordance with the Consumer Arbitration Rules of the American Arbitration Association (the "Consumer Rules"), and pursuant to the Consumer Rules, hereby make the following Findings and Ruling (this "Ruling") regarding the issues brought before the Panel.

<u>Procedural Background</u>

  1.  Claimant has been a consumer customer of Respondent's for quite some time, having held and used various credit cards issued by Respondent over a period of years and having received various advances of credit thereunder.

  2.  The matter at hand arises from certain claims originally set forth by Claimant against Respondent in a September 2020 Demand for Arbitration filed with the AAA (the "Original Demand") in which Claimant asserted that Respondent had failed to make certain credit card account statements available to Claimant online and that Respondent had falsely reported one of Claimant's accounts to various credit bureaus as delinquent.

  3.  Claimant appeared *in propria persona* in the Original Demand and has continued to do so throughout the history of this matter under the AAA Consumer Rules, although he has retained counsel to represent him in certain other matters filed in state and federal court which are related to essentially the same underlying

facts as are at issue in the matter at hand but are intended to address various jurisdictional issues.

4.     The Original Demand was assigned by the AAA to Arbitrator Charles R. Holton, who granted Claimant leave to file an amended demand (the "Amended Demand") that included a range of additional claims against Respondent and sought certain specific relief in relation thereto, as to all of which Respondent answered with a general denial.

5.     Following what Arbitrator Holton characterized as "extensive document discovery," including "numerous conference calls," motions, "submittal of [five] volumes of evidence," and "at least ten legal briefs,"[1] Arbitrator Holton heard testimony and received evidence over the course of four in-person evidentiary hearings conducted between June and September 2021.

6.     In his Award Below, Arbitrator Holton found that Claimant had "failed to carry [his evidentiary] burden" regarding his claims that Respondent had verbally agreed to "link" certain credit card accounts for online review by Claimant and that Respondent had subsequently breached this verbal agreement.[2]

7.     Arbitrator Holton also found that "mutual mistake" had occurred between Claimant and Respondent regarding the parties' certain "separate contract" of September 6, 2017,[3] and accordingly as to the amount due from Claimant on the account at issue, *viz.*, whether a certain amount quoted by Respondent to Claimant constituted the amount required for Claimant to pay off in full and close the account as of that date or rather was quoted as simply the minimum payment that was due on the account to keep it current as of that date.[4]

---

[1]  *Joshua Johson v. JPMorgan Chase Bank, N.A.* (AAA Case No. 01-20-0015-1734), Award of Arbitrator, March 3, 2022 (the "Award Below"), ¶B.

[2]  *Id.*, ¶C.1.

[3]  This separate contract was found to arise from a telephone conversation that occurred on that date between Claimant and Respondent.

[4]  *Id.*, ¶C.2.

8.    Based upon these findings, Arbitrator Holton's Award Below ordered the following remedy:

8.1.    Claimant is to pay $238.52 to Respondent[5] as the amount Claimant "acknowledges he owed as of Sept.6. 2017 [*sic*] and which remains unpaid" as of that date.

8.2.    Within 30 days following receipt of Claimant's payment, Respondent is to "retract and cause to be removed any and all adverse credit references regarding [Claimant] arising out of the Ink business credit card account."[6]

9.    One day following Arbitrator Holton's rendering of the Award Below, Claimant tendered an email to the AAA in which:

9.1.    He requested that the AAA "confirm that the consumer is the prevailing party, and that the AAA case will show this when the quarterly case statistics are published";[7] and

9.2.    He stated his "wish to file an appeal" (presumably as to the Award Below) and requested the AAA to "advise on the process to do so."[8]

10.    In response, the AAA advised Claimant that the Association "no longer has jurisdiction over this matter now that the award has been rendered,"[9] following which Claimant inquired further of the AAA regarding how to file an appeal from the Award Below and stated specifically that "the arbitration agreement, reviewed by the AAA and registered in the public registry, states '[a] party can file a written appeal to the arbitration administrator within 30 days after an award is issued.'"[10]

---

[5]  This being the total balance due on the account following Claimant's remittance of the minimum payment quoted by Respondent and paid by Claimant at the time of the September "contract."

[6]  Award Below, ¶C.2.

[7]  Email dated as of March 4, 2022, from Claimant to AAA Pro Se Manager 8 (with copy to Respondent counsel).

[8]  *Ibid.*

[9]  Email dated as of March 4, 2022, from AAA Pro Se Manager 8 to Claimant (with copy to Respondent counsel).

[10]  Email dated as of March 4, 2022, from Claimant to AAA Pro Se Manager 8 (with copy to Respondent counsel).

11.     Following a further exchange of emails with the AAA, Claimant stated that "[m]y arbitration agreement provides for appeal rights."[11]

12.     In subsequent correspondence with the AAA, Claimant continued to assert his "appeal rights" under "the arbitration agreement," presumably referring to the arbitration provision of the contract between him and Respondent that he believes controlled the case below.

13.     Following Claimant's meeting of various additional administrative requirements (including the payment of filing fees), the AAA entered the matter at hand as an appeal from the Award Below, accordingly providing a new case number and assigning the members of the Panel to hear the matter.[12]

14.     Claimant makes the following assertions regarding the question of "appeal rights" in this matter.

14.1.   Claimant asserts that he was confused by the initial AAA filing process, that he consequently relied on a third party ("FairShake") to file his Original Demand, and that FairShake produced and filed with the AAA on his behalf a document entitled Deposit Account Agreement ("DAA"), which Claimant now claims was not applicable in the case below.[13]

14.2.   Rather, Claimant asserts that he entered into two other agreements with Respondent, *viz.*, the "Freedom" credit card agreement and the "Ink" credit card agreement,[14] and that the Freedom agreement should have been the controlling agreement for purposes of the arbitration below.[15]

---

[11] Email dated as of March 16, 2022, from Claimant to AAA Case Filing (*ex parte*).

[12] AAA Case Initiation Letter dated as of April 6, 2022, from AAA Pro Se Manager 8 to Claimant (again appearing *pro se*) and Respondent's counsel.

[13] *Joshua Johnson's Brief re: Arbitrability* ("Claimant's Brief"), ¶8.  In this regard, Claimant states that he "never held a deposit account with [Respondent]." *Id.*, ¶7.

[14] *Id.*, ¶1.

[15] *Id.*, ¶3.  The parties appear to agree that Claimant's Ink account was charged off by Respondent prior to these proceedings and that the related credit card agreement is accordingly no longer applicable.  Neither the Freedom agreement nor the Ink agreement included a right of appeal from an arbitration award.

02-20-0015-1734
FINDINGS AND RULING
- 4 -

14.3.  Claimant asserts further that the Freedom agreement, which was entered into between the parties in November 2010,[16] was superseded through the promulgation by Respondent of an amended agreement (the Amended Card Agreement, or "ACA"), dated as of January 2019, which, among many other additions and changes, includes a right of appeal from an arbitration award.[17]

15.  Respondent objects to Claimant's claims on appeal, stating that "[t]here is no agreement between the parties for arbitration of an appeal of the March 3, 2022, Final Award of Arbitrator Charles Holton in Case No. 01-20-0015-1734,"[18] and including an excerpt from Arbitrator Holton's "July 15, 2021, Hearing Update email" stating that "[t]he parties agreed today that the arbitration agreement attached hereto [*i.e.*, attached to Arbitrator Holton's Update] as Ex. 1 is the provision governing this arbitration."[19]

16.  Given the dispute between the parties regarding the controlling agreement in the arbitration below, and considering specifically the threshold question of whether or not the controlling agreement actually provides Claimant with a contractual right to bring the appeal he seeks (and which gives rise to the matter at hand), the Panel sought to be provided with the parties' evidence and to hear the parties' argument regarding this specific question.[20]

17.  Accordingly, the parties were directed to submit written briefs and documentary evidence, all of which were timely submitted; and a properly noticed

---

[16] *Id.,* ¶1.

[17] *Id.,* ¶3.

[18] *JPMorgan Chase Bank, N.A.'s Objection to Demand for Arbitration and Request for Arbitration to be Stricken/Dismissed*, undated ("Respondent's Objection"), preamble.

[19] *Id.,* ¶4.  Although not labeled as such, the language recited in Arbitrator Holton's Exhibit 1 appears to be taken from the contract identified by both parties as the Online Service Agreement ("OSA"), which does not include a right of appeal from an arbitration award and is discussed further hereinbelow.

[20] The Panel made clear to the parties that the Panel would hear no evidence regarding the substance of the case below, the Award Below, or the matter at hand pending the Panel's determination of whether or not an appeal by Claimant from the Award Below is in order.

and stenographically recorded oral hearing of argument on this one issue was held before the Panel on April 19, 2024 (the "Oral Hearing").

Issues Raised

18.    Through their respective submissions and oral argument, the parties have put the following specific issues before the Panel:

18.1.  Which of several different consumer contracts purporting to have been entered into between Claimant and Respondent over the course of several years is the contract whose arbitration provision controls the case below?

18.2.  Does the contract controlling the case below include a provision for the appeal of an arbitration award?

18.3.  Does the contract controlling the case below also control this purported appellate proceeding (*i.e.*, is the Panel in the matter at hand properly constituted under the controlling contract, and does the appellate Panel have jurisdiction to make a ruling regarding the appeal)?

Findings

19.    The Panel, having reviewed all of the parties' submissions, having heard the parties' oral argument, and having given due consideration to all of the parties' submissions and argument, has met and conferred and makes the following findings.

20.    As to the controlling contract:

20.1.  The Panel has carefully reviewed all of the documents provided by the parties, including the Freedom agreement, the Ink agreement, the OSA, the DAA, and the ACA, and the Panel has reviewed the respective origins and histories of these agreements as presented by the parties.

20.2.  The Panel places great probative weight on the findings of Arbitrator Holton below, with particular emphasis on his conclusion that the parties agreed during the course of the arbitration below that the arbitration provision found in the OSA (and cited specifically by Arbitrator Holton) was the controlling agreement for the arbitration.

20.3. The Panel has seen no compelling evidence that Claimant objected to or disagreed with Arbitrator Holton's conclusion in this regard, and the Panel finds Claimant's more recent objections to this conclusion (with which he initially agreed) and his reasons for objecting, including his assertion that the ACA superseded and replaced the OSA, to be untimely and unpersuasive.[21]

20.4. Accordingly, the Panel finds that the document giving rise to the arbitration below, and according to the terms of which the arbitration was fully and completely carried out and resulted in a final award, is the OSA.

21.    As to the right of appeal:

21.1. The Panel finds that the OSA, as noted elsewhere in this Ruling, does not include a right for any party to appeal from a final award under the AAA Rules.

21.2. Accordingly, the Panel finds that Claimant had no contractual right under the contract that controlled the arbitration below and controls this proceeding to appeal the Award Below through the AAA appellate process.

22.    As to the Panel's jurisdiction:

22.1. The Panel finds that the arbitration below was properly (and in accordance with Claimant's own apparent wishes) carried out under the AAA Consumer Rules as applied to a *pro se* consumer claimant.

22.2. Under the Consumer Rules, the "[Panel] shall have the power to rule on [its] own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."[22]

22.3. Accordingly, the Panel finds that objections to its jurisdiction over the matter of the application of any specific arbitration contract or provision,

---

[21] Claimant argues that his lack of objection was due to Respondent's withholding or failing to produce the ACA, yet he was able to find and produce the ACA (including its right of appeal) almost immediately after Arbitrator Holton rendered his award.

[22] *AAA Consumer Arbitration Rules (eff. 2018)*, Rule R-14.

and over the matter of its interpretation or arbitrability in the matter at hand, are without merit and are overruled.

<u>Ruling</u>

23.     Based upon the Panel's review of the parties' submissions and hearing of the parties' extensive oral argument, and based upon the resulting findings of the Panel as set forth hereinabove, the Panel hereby rules that Claimant in the matter at hand was not entitled to appeal the Award Below under the contract that controlled that proceeding.

24.     Accordingly, the Panel hereby rules that the matter at hand shall be terminated with prejudice.

25.     The AAA is directed to take such administrative actions as may be required to effect the termination and conclusion of this proceeding.

26.     The administrative fees of the American Arbitration Association totaling $2,400 shall be borne as incurred, and the compensation of the Panel totaling $7,500 collectively shall be borne as incurred.

27.     For all purposes in any subsequent proceeding with respect to this proceeding, no party is deemed by the Panel to be the prevailing party.

28.     This Ruling is in full settlement of all claims submitted to this arbitration proceeding.  All claims not expressly granted herein are hereby denied.

Dated:  May 17, 2024



_____
Paul Bent, Chair
for the Panel

Paul Bent, Esq.
Stephen C. Drummy, Esq.
Steve A. Miller, Esq.

# EXHIBIT T



THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español   Tiếng Việt   한국어   中文   հայերեն

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|-----------------|------------------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Civil Case Access



Language Access

English

Case Information   |   FUTURE HEARINGS   |   PARTY INFORMATION   |   Documents Filed   |   Past Proceedings

CASE INFORMATION:    22STCP02017
Case Title:              JPMORGAN CHASE BANK, N.A., VS JOSHUA JOHNSON
Filing Courthouse:       Stanley Mosk Courthouse
Filing Date:             5/27/2022
Case Type:               Petition to Compel/Confirm/Vacate Arbitration (General Jurisdiction)
Status:                  Court Finding - (Denied) on 12/7/2022
Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

New Search

## FUTURE HEARINGS

Case Information   |   FUTURE HEARINGS   |   PARTY INFORMATION   |   Documents Filed   |   Past Proceedings

## PARTY INFORMATION

Case Information   |   FUTURE HEARINGS   |   PARTY INFORMATION   |   Documents Filed   |   Past Proceedings

FICKEL ASHLEY R.             Attorney for Petitioner
JOHNSON JOSHUA               Respondent
JPMORGAN CHASE BANK N.A.     Petitioner

## DOCUMENTS FILED

Case Information   |   FUTURE HEARINGS   |   PARTY INFORMATION   |   Documents Filed   |   Past Proceedings

| 6/4/2025 | Notice | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
|----------|--------|--------------------------------------------------|
| 5/9/2025 | Judgment | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 5/9/2025 | Notice of Rejection of Electronic Filing | Filed by Clerk |
| 3/10/2025 | Certificate of Mailing for | Filed by Clerk |
| 3/10/2025 | Minute Order | Filed by Clerk |
| 3/7/2025 | Objection | Filed by JOSHUA JOHNSON (Respondent) |
| 3/5/2025 | Minute Order | Filed by Clerk |
| 2/26/2025 | Reply | Filed by JOSHUA JOHNSON (Respondent) |
| 2/20/2025 | Declaration | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/20/2025 | Motion to Vacate | Filed by JOSHUA JOHNSON (Respondent) |
| 2/20/2025 | Opposition | Filed by JOSHUA JOHNSON (Respondent) |
| 2/20/2025 | Opposition | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/21/2024 | Notice | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |

| 11/20/2024 | Minute Order | Filed by Clerk |
| 11/19/2024 | Declaration | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/19/2024 | Declaration | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/19/2024 | Petition to Confirm Arbitration Award | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 8/22/2024 | Petition | Filed by JOSHUA JOHNSON (Respondent) |
| 6/20/2024 | Minute Order | Filed by Clerk |
| 6/20/2024 | Notice of Continuance | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 12/20/2023 | Minute Order | Filed by Clerk |
| 3/29/2023 | Notice | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/21/2023 | Minute Order | Filed by Clerk |
| 3/17/2023 | Certificate of Mailing for | Filed by Clerk |
| 3/17/2023 | Minute Order | Filed by Clerk |
| 3/17/2023 | Notice | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/15/2023 | Notice of Case Reassignment and Order for Plaintiff to Give Notice | Filed by Clerk |
| 3/14/2023 | Minute Order | Filed by Clerk |
| 3/8/2023 | Opposition | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/8/2023 | Response | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/7/2023 | Reply | Filed by JOSHUA JOHNSON (Respondent) |
| 3/7/2023 | Reply | Filed by JOSHUA JOHNSON (Respondent) |
| 3/7/2023 | Reply | Filed by JOSHUA JOHNSON (Respondent) |
| 3/3/2023 | Opposition | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/3/2023 | Response | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/2/2023 | Opposition | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/2/2023 | Response | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/1/2023 | Opposition | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/1/2023 | Response | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/21/2023 | Motion to Compel Further Discovery Responses | Filed by JOSHUA JOHNSON (Respondent) |
| 2/21/2023 | Motion to Compel Further Discovery Responses | Filed by JOSHUA JOHNSON (Respondent) |
| 2/21/2023 | Motion to Compel Further Discovery Responses | Filed by JOSHUA JOHNSON (Respondent) |
| 2/17/2023 | Motion to Compel Further Discovery Responses | Filed by JOSHUA JOHNSON (Respondent) |
| 12/8/2022 | Notice of Change of Address or Other Contact Information | Filed by Ashley R. Fickel (Attorney) |
| 12/7/2022 | Minute Order | Filed by Clerk |
| 11/30/2022 | Reply | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/16/2022 | Opposition | Filed by JOSHUA JOHNSON (Respondent) |
| 9/29/2022 | Minute Order | Filed by Clerk |
| 9/26/2022 | Case Management Statement | Filed by JOSHUA JOHNSON (Respondent) |
| 9/13/2022 | Case Management Statement | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 8/16/2022 | Declaration | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 8/16/2022 | Motion re: | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 7/11/2022 | Answer | Filed by JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Declaration | Filed by JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Memorandum of Points & Authorities | Filed by JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Response to Petition | Filed by JOSHUA JOHNSON (Respondent) |
| 6/14/2022 | Proof of Personal Service | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 6/1/2022 | Notice of Case Management Conference | Filed by Clerk |
| 5/27/2022 | Alternative Dispute Resolution Packet | Filed by Clerk |
| 5/27/2022 | Civil Case Cover Sheet | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 5/27/2022 | Complaint | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 5/27/2022 | First Amended General Order re: Mandatory Electronic Filing | Filed by Clerk |
| 5/27/2022 | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| 5/27/2022 | Summons | Filed by JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 5/27/2022 | Voluntary Efficient Litigation Stipulation Packet | Filed by Clerk |

## PROCEEDINGS HELD

Case Information  |  FUTURE HEARINGS  |  PARTY INFORMATION  |  Documents Filed  |  Past Proceedings

| | | | |
|---|---|---|---|
| 3/10/2025 12:00 AM | Department 57 | Ruling on Submitted Matter | |
| 3/5/2025 12:00 AM | Department 57 | Hearing on Motion to Confirm Arbitration Award | Held - Taken under Submission |
| 3/5/2025 12:00 AM | Department 57 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) | Held - Taken under Submission |
| 3/5/2025 12:00 AM | Department 57 | Post-Arbitration Status Conference | Held - Taken under Submission |
| 2/4/2025 12:00 AM | Department 57 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) | Not Held - Advanced and Continued - by Court |
| 11/21/2024 12:00 AM | Department 57 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) | Not Held - Vacated by Court |
| 11/20/2024 12:00 AM | Department 57 | Post-Arbitration Status Conference | Held - Continued |
| 6/20/2024 12:00 AM | Department 57 | Post-Arbitration Status Conference | Held - Continued |
| 1/5/2024 12:00 AM | Department 57 | Hearing on Motion for Order | |
| 12/20/2023 12:00 AM | Department 57 | Post-Arbitration Status Conference | Held - Continued |
| 5/18/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Arbitration | Not Held - Taken Off Calendar by Party |
| 3/21/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Motion Denied |
| 3/21/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Motion Denied |
| 3/21/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Motion Denied |
| 3/21/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Continued |
| 3/21/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Motion Denied |
| 3/17/2023 12:00 AM | Department 57 | Court Order | |
| 3/16/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Continued |
| 3/15/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Continued |
| 3/14/2023 12:00 AM | Department 57 | Hearing on Motion to Compel Further Discovery Responses | Held - Continued |
| 12/7/2022 12:00 AM | Department 57 | Case Management Conference | Held |
| 12/7/2022 12:00 AM | Department 57 | Hearing on Motion to Confirm Arbitration Award | Held - Motion Denied |
| 9/29/2022 12:00 AM | Department 57 | Case Management Conference | Held - Continued |
| 9/8/2022 12:00 AM | Department 57 | Status Conference | Not Held - Vacated by Court |

## REGISTER OF ACTIONS

Case Information  |  FUTURE HEARINGS  |  PARTY INFORMATION  |  Documents Filed  |  Past Proceedings

| | |
|---|---|
| 6/4/2025 | Notice of Entry of Judgment; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 5/9/2025 | Judgment; Signed and Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 5/9/2025 | Updated -- Judgment: Filed By: JPMORGAN CHASE BANK, N.A., (Petitioner); Result: Granted ; Result Date: 05/09/2025 |

| | |
|---|---|
| 5/9/2025 | Order to Show Cause Re: Entry of Order Confirming Arbitration Award and Entry of Judgment scheduled for 07/23/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Not Held - Vacated by Court on 05/09/2025 |
| 3/10/2025 | Updated -- Amended Motion to Vacate 2024 Arbitration Ruling: Filed By: JOSHUA JOHNSON (Respondent); Result: Denied ; Result Date: 03/10/2025 |
| 3/10/2025 | Order to Show Cause Re: Entry of Order Confirming Arbitration Award and Entry of Judgment scheduled for 07/23/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/10/2025 | Minute Order (Ruling on Submitted Matter) |
| 3/10/2025 | Certificate of Mailing for (Ruling on Submitted Matter) of 03/10/2025; Filed by: Clerk |
| 3/10/2025 | Updated -- Petition to Confirm Arbitration Award: Filed By: JPMORGAN CHASE BANK, N.A., (Petitioner); Result: Granted ; Result Date: 03/10/2025 |
| 3/7/2025 | Objection To Consideration of Waiver Theory and Request for Submission of Supplemental Brief and Supplemental Brief; Filed by: JOSHUA JOHNSON (Respondent) |
| 3/5/2025 | Minute Order (Hearing on Motion to Confirm Arbitration Award; Post-Arbitrat...) |
| 3/5/2025 | Hearing on Motion to Confirm Arbitration Award scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/05/2025; Result Type to Held - Taken under Submission |
| 3/5/2025 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/05/2025; Result Type to Held - Taken under Submission |
| 3/5/2025 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/05/2025; Result Type to Held - Taken under Submission |
| 2/26/2025 | Reply to Opposition to Motion to Vacate 2024 Ruling; Filed by: JOSHUA JOHNSON (Respondent) |
| 2/20/2025 | Opposition to Motion to Confirm 2022 Award; Filed by: JOSHUA JOHNSON (Respondent) |
| 2/20/2025 | Opposition to Motion to Vacate May 24, 2024 Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/20/2025 | Declaration of Robert A. Hyatt in Support of Opposition to Motion to Vacate May 24, 2024 Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/20/2025 | Motion to Vacate 2024 Arbitration Ruling; Filed by: JOSHUA JOHNSON (Respondent) |
| 11/21/2024 | Notice of Entry of Order re Post Arbitration Status Conference; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 11/20/2024 | Hearing on Motion to Confirm Arbitration Award scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 11/20/2024 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 11/20/2024 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) scheduled for 03/05/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 11/20/2024 | Minute Order (Post-Arbitration Status Conference RE: AAA Proceedings) |
| 11/20/2024 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 11/20/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 03/05/2025 08:30 AM |
| 11/20/2024 | On the Court's own motion, Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) scheduled for 02/04/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Not Held - Advanced and Continued - by Court was rescheduled to 03/05/2025 08:30 AM |
| 11/19/2024 | Petition to Confirm Arbitration Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 11/19/2024 | Declaration of Robert A. Hyatt in Support of Petition to Confirm Arbitration Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/19/2024 | Declaration of Joseph Hickey in Support of Petition to Confirm Arbitration Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 8/23/2024 | Updated -- Petition to Vacate Arbitration Award: Name Extension changed from Arbitration Award to to Vacate Arbitration Award ; Document changed from Motion to Vacate (name extension) to Petition (name extension) |
| 8/23/2024 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) scheduled for 02/04/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 8/22/2024 | Petition to Vacate Arbitration Award; Filed by: JOSHUA JOHNSON (Respondent) |
| 6/27/2024 | Hearing on Motion to Vacate or Alter Arbitration Award (CCP 1285 - 1287.6) scheduled for 11/21/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Not Held - Vacated by Court on 06/27/2024 |
| 6/20/2024 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 11/20/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 6/20/2024 | Notice of Continuance; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 6/20/2024 | Minute Order (Post-Arbitration Status Conference RE: AAA Proceedings) |
| 6/20/2024 | On the Court's own motion, Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 06/20/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 11/20/2024 08:30 AM |
| 12/20/2023 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 06/20/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 12/20/2023 | Minute Order (Post-Arbitration Status Conference RE: AAA Proceedings) |

| | |
|---|---|
| 12/20/2023 | On the Court's own motion, Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 12/20/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 06/20/2024 08:30 AM |
| 4/24/2023 | Pursuant to the request of moving party, Hearing on Motion to Compel Arbitration scheduled for 05/18/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Not Held - Taken Off Calendar by Party on 04/24/2023 |
| 3/29/2023 | Notice of Entry of Order Re Joshua Johnson&rsquo;s Motions to Compel Further Responses to Form Interrogatories, Special Interrogatories, Requests for Admission, Requests for Production; and Notice of Postarbit; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 3/21/2023 | Updated -- Motion to Compel Further Discovery Responses: Filed By: JOSHUA JOHNSON (Respondent); Result: Denied ; Result Date: 03/21/2023 |
| 3/21/2023 | Updated -- Motion to Compel Further Discovery Responses: Filed By: JOSHUA JOHNSON (Respondent); Result: Denied ; Result Date: 03/21/2023 |
| 3/21/2023 | Updated -- Motion to Compel Further Discovery Responses: Filed By: JOSHUA JOHNSON (Respondent); Result: Denied ; Result Date: 03/21/2023 |
| 3/21/2023 | Updated -- Motion to Compel Further Discovery Responses: Filed By: JOSHUA JOHNSON (Respondent); Result: Denied ; Result Date: 03/21/2023 |
| 3/21/2023 | Post-Arbitration Status Conference RE: AAA Proceedings scheduled for 12/20/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/21/2023 | The case is placed in special status of: Stay - Entire Action/Case |
| 3/21/2023 | Minute Order (Hearing on Motion to Compel Further Discovery Responses; Hear...) |
| 3/21/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/21/2023; Result Type to Held - Motion Denied |
| 3/21/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/21/2023; Result Type to Held - Motion Denied |
| 3/21/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/21/2023; Result Type to Held - Motion Denied |
| 3/21/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 03/21/2023; Result Type to Held - Motion Denied |
| 3/17/2023 | Notice of Case Reassignment and Order; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/17/2023 | Minute Order (Court Order Re: Request for Informal Discovery Conference) |
| 3/17/2023 | Certificate of Mailing for (Court Order Re: Request for Informal Discovery Conference) of 03/17/2023; Filed by: Clerk |
| 3/15/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/15/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/15/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/15/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 3/15/2023 | Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk |
| 3/15/2023 | Case reassigned to Stanley Mosk Courthouse in Department 57 - Hon. Michael Small; Reason: Inventory Transfer |
| 3/15/2023 | On the Court's own motion, Hearing on Motion to Compel Further Discovery Responses scheduled for 03/14/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 03/21/2023 08:30 AM |
| 3/15/2023 | On the Court's own motion, Hearing on Motion to Compel Further Discovery Responses scheduled for 03/15/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 03/21/2023 08:30 AM |
| 3/15/2023 | On the Court's own motion, Hearing on Motion to Compel Further Discovery Responses scheduled for 03/16/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 03/21/2023 08:30 AM |
| 3/15/2023 | On the Court's own motion, Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 03/21/2023 08:30 AM |
| 3/14/2023 | Minute Order (Hearing on Motion to Compel Further Discovery Responses) |
| 3/8/2023 | Response to Separate Statement Re Motion to Compel Further Responses to Special Interrogatories; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/8/2023 | Opposition to Respondent Joshua Johnson&rsquo;s Motion to Compel Further Responses Special Interrogatories, and Request for Sanctions; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/7/2023 | Reply TO OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION, SET ONE; Filed by: JOSHUA JOHNSON (Respondent) |
| 3/7/2023 | Reply TO OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE; Filed by: JOSHUA JOHNSON (Respondent) |
| 3/7/2023 | Reply TO OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE; Filed by: JOSHUA JOHNSON (Respondent) |

| | |
|---|---|
| 3/3/2023 | Response to Separate Statement Re Motion to Compel Further Responses to Request for Production of Documents; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/3/2023 | Opposition to Respondent Joshua Johnson&rsquo;s Motion to Compel Further Responses to Request for Production, and Request for Sanctions; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/2/2023 | Opposition to Motion to Compel Further Responses to Form Interrogatories; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/2/2023 | Response to Separate Statement re Motion to Compel Further Responses to Form Interrogatories; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/1/2023 | Opposition to Respondent Joshua Johnson&rsquo;s Motion to Compel Further Responses to Request for Admissions, Set One, and Request for Sanctions; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 3/1/2023 | Response Response to Separate Statement re Motion to Compel Further Responses to Request for Admissions; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/22/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/16/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 2/22/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/15/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 2/22/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/21/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 2/21/2023 | Motion to Compel Further Discovery Responses; Filed by: JOSHUA JOHNSON (Respondent); As to: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/21/2023 | Motion to Compel Further Discovery Responses; Filed by: JOSHUA JOHNSON (Respondent); As to: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/21/2023 | Motion to Compel Further Discovery Responses; Filed by: JOSHUA JOHNSON (Respondent); As to: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 2/21/2023 | Hearing on Motion to Compel Further Discovery Responses scheduled for 03/14/2023 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 2/17/2023 | Motion to Compel Further Discovery Responses; Filed by: JOSHUA JOHNSON (Respondent); As to: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 12/8/2022 | Notice of Change of Address or Other Contact Information; Filed by: Ashley R. Fickel (Attorney) |
| 12/8/2022 | Address for Ashley R. Fickel (Attorney) updated |
| 12/7/2022 | Updated -- Motion re: to Confirm Arbitration Award: Filed By: JPMORGAN CHASE BANK, N.A., (Petitioner); Result: Denied ; Result Date: 12/07/2022 |
| 12/7/2022 | Minute Order (Hearing on Motion to Confirm Arbitration Award; Case Manageme...) |
| 12/7/2022 | Hearing on Motion to Confirm Arbitration Award scheduled for 12/07/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 12/07/2022; Result Type to Held - Motion Denied |
| 12/7/2022 | Case Management Conference scheduled for 12/07/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 updated: Result Date to 12/07/2022; Result Type to Held |
| 11/30/2022 | Reply Petitioner JPMorgan Chase Bank, N.A.'s Reply In Support of Motion to Confirm March 3, 2022 Arbitration Award and for Entry of Judgment; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 11/16/2022 | Opposition to Motion to Confirm Arbitration Award and Declaration of Joshua Johnson; Filed by: JOSHUA JOHNSON (Respondent) |
| 9/29/2022 | Minute Order (Case Management Conference) |
| 9/29/2022 | Case Management Conference scheduled for 09/29/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Held - Continued was rescheduled to 12/07/2022 08:30 AM |
| 9/26/2022 | Case Management Statement; Filed by: JOSHUA JOHNSON (Respondent) |
| 9/13/2022 | Case Management Statement; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 8/17/2022 | Hearing on Motion to Confirm Arbitration Award scheduled for 12/07/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 8/16/2022 | Motion re: to Confirm Arbitration Award; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 8/16/2022 | Declaration of Joseph Hickey in Support of Petitioner&rsquo;s Motion to Confirm March 3, 2022 Arbitration Award and for Entry of Judgment; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner) |
| 7/11/2022 | Answer; Filed by: JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Declaration in support of Memorandum of Points &amp; Authorities; Filed by: JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Response to Petition; Filed by: JOSHUA JOHNSON (Respondent) |
| 7/11/2022 | Memorandum of Points &amp; Authorities; Filed by: JOSHUA JOHNSON (Respondent) |
| 6/14/2022 | Proof of Personal Service; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent); Service Date: 06/09/2022; Service Cost: 136.25; Service Cost Waived: No |
| 6/1/2022 | Notice of Case Management Conference; Filed by: Clerk |
| 6/1/2022 | Case Management Conference scheduled for 09/29/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 6/1/2022 | Case Management Conference scheduled for 12/07/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |

| 6/1/2022 | Status Conference scheduled for 09/08/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 Not Held - Vacated by Court on 06/01/2022 |
| 6/1/2022 | Status Conference scheduled for 09/08/2022 at 08:30 AM in Stanley Mosk Courthouse at Department 57 |
| 5/27/2022 | Complaint; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 5/27/2022 | Civil Case Cover Sheet; Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 5/27/2022 | Summons on Complaint; Issued and Filed by: JPMORGAN CHASE BANK, N.A., (Petitioner); As to: JOSHUA JOHNSON (Respondent) |
| 5/27/2022 | Alternate Dispute Resolution Packet; Filed by: Clerk |
| 5/27/2022 | First Amended General Order re: Mandatory Electronic Filing; Filed by: Clerk |
| 5/27/2022 | Voluntary Efficient Litigation Stipulation Packet; Filed by: Clerk |
| 5/27/2022 | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| 5/27/2022 | Case assigned to Hon. Steven J. Kleifield in Department 57 Stanley Mosk Courthouse |

Back To Top

Privacy Statement   |   Disclaimer   |   Employment   |   ADA   |   Holidays   |   Comment on our Website          Copyright © 2025 Superior Court of California, County of Los Angeles