**DYKEMA GOSSETT LLP**
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAAx |
| Plaintiff, | The Hon. André Birotte Jr. Courtroom 7B |
| v. | Magistrate Maria A. Audero Courtroom: 690 |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | **STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| | Complaint Filed:   September 19, 2022 |

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase") submits the following statement of uncontroverted facts and references to supporting evidence in support of its Motion for Summary Judgment, or in the alternative, for Summary Adjudication.

1

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. On January 5, 2017, Plaintiff opened a Chase Ink credit card account ("Ink card"). *Evidence*: Declaration of Robert Hyatt ("Hyatt Dec."), par. 2, Exhibit A (Deposition of Joshua Johnson), 8:24-9:1 | |
| 2. Chase mailed a paper billing statement to Plaintiff for his first statement with payment due February 18, 2017. *Evidence*: Hyatt Dec., Exhibit A 17:10-14; Exhibit B,(Deposition of Barbara Burda), 108:20-23. | |
| 3. Plaintiff opted for electronic delivery of his statements. On February 16, 2017, Plaintiff received an email from Chase confirming his agreement for paperless delivery of his billing statements for his Ink card. The email stated "This means we'll no longer mail your statements and some account notices. We'll post them online and email you a reminder when they're ready." *Evidence*: Hyatt Dec., Exhibit A, 13:3-14:3.Exhibit C. | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 4. Chase emailed a billing statement notice regarding Plaintiff's Ink card on February 27, 2017.<br>*Evidence*: Hyatt Dec., Exhibit A, 21:23-22:12, Exhibit D. | |
| 5. Chase also emailed a payment due alert for the Ink card on March 8, 2017.<br>*Evidence*: Hyatt Dec., Exhibit A, 21:23-22:20, Exhibit E. | |
| 6. On September 6, 2017, Chase called Plaintiff to request payment on his Ink card because Plaintiff's account carried an unpaid balance.<br>*Evidence*: Hyatt Dec., Exhibit A, 31:8-11. | |
| 7. Plaintiff did make a payment that day, but did not pay the full balance, so that a balance of $238.52 remained on the Ink card following the September 6th payment.<br>*Evidence*: Request for Judicial Notice ("RJN"), Exhibit F (Judgment in LASC Case No. 22STCP02017), Award of Arbitrator, section 2. | |
| 8. Chase closed the account with the agreement of Johnson, but continued | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | to carry and bill, with e-statements, the unpaid balance and after several more months, charged off the account balance and reported the alleged delinquency to credit bureaus. *Evidence*: RJN, Exhibit F, Award of Arbitrator, section 2. | |
| | 9. After closing the Ink card account, Chase continued to email Plaintiff billing statement notices until it charged-off the account on April 30, 2018. *Evidence*: Hyatt Dec., Exhibit A 47:4-9, 53:6-11, 53:18-23, Exhibit I, and Exhibit G (Deposition of Carla Wills) 14:20-15:2. | |
| | 10. On August 24, 2020, Plaintiff submitted an online dispute with Equifax regarding his Ink card. *Evidence*: Compl. 2:12-15 | |
| | 11. As part of the online dispute process, Plaintiff provided a narrative description of his dispute in a text box provided. *Evidence*: Hyatt Dec., Exhibit A 59:7-19. | |
| | 12. Equifax transmitted an Automated Consumer Dispute | |

4
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S
MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| | Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Verification ("ACDV") to Chase in order for Chase to investigate the disputed information.<br>*Evidence*: Hyatt Dec., Exhibit B 45:20-49:11; Exhibit J. | |
| | 13. Equifax described the dispute as "claims account take-over, fradulent [sic] charges on account."<br>*Evidence*: Hyatt Dec., Exhibit J. | |
| | 14. Equifax also included in the FCRA Relevant Information field on the ACDV, Plaintiff's written text: "Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance."<br>*Evidence*: Hyatt Dec., Exhibit J. | |
| | 15. Plaintiff never mentioned fraud or identity theft when filling out the Equifax online dispute form, and has admitted that the account had not been fraudulently taken over. | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

5
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| Plaintiff has no recollection of whether or not he received a paper statement for his Ink card. Plaintiff acknowledged that Chase did call him about payment for the Ink card. In fact, Plaintiff produced many emails from Chase regarding his Ink card.<br>*Evidence*: Hyatt Dec., Exhibit A 17:10-14, 31:8-11, 63:9-15, 67:14-69:3. Exhibit B, 108:20-23. | |
| 16. There is no indication in the ACDV as to what resolution Plaintiff wanted, and there is no indication that any debt for his Ink card is being disputed.<br>*Evidence*: Hyatt Dec., Exhibit J. | |
| 17. Chase conducted an investigation of the disputed information and responded to Equifax, on September 8, 2020, that the disputed information was accurate.<br>*Evidence*: Hyatt Dec., Exhibit K, and Exhibit B 49:12-21. | |
| 18. In conducting its investigation of the dispute as detailed in the ACDV (that the account was the product of | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| a fraudulent takeover), Chase reviewed the Ink Card account and correctly determined that it was validly opened and used by the Plaintiff.<br>*Evidence*: Hyatt Dec., Exhibit B 52:14-25; 70:4-71:25, 72:24-73:11, 73:25-74:9. | |
| 19. In doing so, Chase followed its then-current policies and procedures for verifying disputed information pursuant to an ACDV.<br>*Evidence*: Hyatt Dec., Exhibit B 58:21-59:9. | |
| 20. Chase determined that payments to the account were made using a checking account in Plaintiff's name. Chase verified that it had made 11 calls to Plaintiff between September 6, 2017, and May 23, 2018. Chase also verified that it had sent several letters to Plaintiff at his address/email address of record stating that a payment was missed or notification of a possible change in status of the account. In addition, Chase confirmed that Plaintiff had | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| enrolled in paperless statements, and that statement notifications were successfully sent monthly. *Evidence*: Hyatt Dec., Exhibit L, Exhibit M, Exhibit G 20:25-21:8, 23:1-24:5, Exhibit B 97:3-98:8. | |
| 21. Based on the ACDV transmitted by Equifax, Chase determined that the information disputed by Plaintiff was accurate, the account had not been fraudulently taken over and Plaintiff received notifications and correspondence for his payment obligations. *Evidence*: Hyatt Dec., Exhibit K. | |
| 22. On or about September 11, 2020, Equifax responded to Plaintiff's dispute at his address in Raleigh, North Carolina. *Evidence*: Hyatt Dec. Exhibit N. | |
| 23. In September 2020, Plaintiff owned the residence in Raleigh, North Carolina, and regularly received mail from that address at his | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| current residence in Los Angeles, California.<br>*Evidence*: Hyatt Dec., Exhibit A 77:22-78:2, 79:20-80:24. | |
| 24. Plaintiff filed a demand for arbitration regarding his Ink card with the American Arbitration Association ("AAA"), Case No. 01-20-0015-1734, on September 30, 2020.<br>*Evidence*: RJN, Exhibit O, ¶ 4. | |
| 25. While Plaintiff's original claim in the Arbitration was for "injunctive relief requiring Chase to correct his credit report," Plaintiff amended his claim "reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent."<br>*Evidence*: RJN Exhibit F, section A. | |

9
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 26. Despite raising the issue of incorrect credit reporting in his amended claim, Johnson stated that he was not pursuing a Fair Credit Reporting Act (FCRA) claim in the Arbitration. *Evidence*: RJN Exhibit F, section A. | |
| 27. The Arbitration consisted of four days of evidentiary hearings, numerous conference calls to address motions, briefing, and evidentiary issues. "The parties submitted literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs." *Evidence*: RJN Exhibit F, section B. | |
| 28. As part of the Arbitration, in discussing whether the Fair Credit Reporting Act applied, Plaintiff stated, "Claimant [Plaintiff] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| to the CRAs by Respondent was accurate." *Evidence*: Hyatt Dec., Exhibit P (RFA No. 1, and Ex. A section II.A. p. 4), Exhibit Q (RFA No.1). | |
| 29. On March 3, 2022, the arbitrator, Charles Holton, made his award. *Evidence*: RJN Exhibit F (Ex. A). | |
| 30. "Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support." *Evidence*: RJN Exhibit F,(Ex. A section C.1). | |
| 31. Arbitrator Holton found that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment." *Evidence*: RJN Exhibit F (Ex. A, section C.2). | |
| 32. On March 4, 2022, Plaintiff sought to appeal the Arbitration Award with the AAA (the "Arbitration Appeal"). *Evidence*: RJN, Exhibit R, 4:11-15. | |
| 33. While Chase objected that the arbitration agreement under which Plaintiff commenced arbitration had no appellate arbitration terms, ultimately on March 28, 2024, the AAA's appointed panel of arbitrators for Johnson's appeal (the "Panel") commenced proceedings, including whether Plaintiff had any such right to appeal. Evidence: RJN Exhibit R 5:6-12; Hyatt Dec., Exhibit S. | |

12
STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 34. The Panel issued its Findings and Ruling on May 17, 2024.  *Evidence*: RJN Exhibit R. | |
| 35. The Panel found that Johnson did not have the right to pursue an appeal of the Arbitration Award.  *Evidence*: RJN Exhibit R 7:13-15. | |
| 36. On May 27, 2022, Chase filed its Petition to Confirm the Arbitration Award, filed in the Los Angeles Superior Court as Case No. 22STCP02017.  *Evidence*: RJN, Exhibit T. | |
| 37. On March 5, 2025, Judge Michael Small of the Los Angeles Superior Court heard, and granted, Chase's Motion to Confirm March 3, 2022 Arbitration Award.  *Evidence*: RJN Exhibit F. | |
| 38. Judge Small also ruled on Johnson's challenge to the Findings and Ruling of the Panel, denying his challenge and finding that he had no right to appeal the Arbitration Award with the AAA.  *Evidence*: RJN Exhibit F. | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 39. Judge Small signed the judgment confirming the Arbitration Award on May 9, 2025.<br>*Evidence*: RJN Exhibit F. | |
| 40. Plaintiff was served with Notice of Entry of Judgment on June 4, 2025.<br>*Evidence*: Hyatt Dec., ¶ 18, and RJN, Exhibit T. | |

DATED:  June 26, 2025                    DYKEMA GOSSETT LLP

By: _____
ROBERT A. HYATT
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.