**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
8/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY____RYO____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No.: 2:22-cv-06718-AB-MAAx |
| Plaintiff, | |
| v. | The Hon. André Birotte Jr. Courtroom: 7B |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | Magistrate Maria A. Audero Courtroom: 690 |
| | **JOSHUA JOHNSON'S CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT** |

# EVIDENTIARY OBJECTIONS

Plaintiff Joshua Johnson ("Johnson") respectfully submits the following objections to the evidence submitted by Defendant JPMorgan Chase Bank, N.A. ("Chase") in support of Chase's Motion for Summary Judgement.

## I. OBJECTIONS TO CHASE'S STATEMENT OF UNCONTROVERTED FACTS

| Fact | Objections |
|---|---|
| 1 | — |
| 2 | Johnson testified only that he does not recall whether he received a paper statement. |
| | Burda relies solely on a memo from C3. C3 is untrustworthy. *See infra*, Objection to C3 Screens. |
| | This memo was created 17 months after the alleged mailing on June 6, 2018, authored by an unidentified employee, and states only that Johnson was "on paperless statements since 02/17/2017" and "no bounce back e-mail on file". An election to receive statements electronically in February 2017 does not support the allegation that Johnson received a paper statement in January 2017. Chase offers no witness with personal knowledge of its 2017 mailing logs or procedures. |
| 3 | Irrelevant as this fact is not cited in support of any argument in the MSJ. |

| Fact | Objections |
|------|------------|
|  | Vague and ambiguous as to "electronic delivery of his statements", especially considering that a theme throughout the various related proceedings has been Chase's repeated conflation of statement notices with statements. |
| 4 | Irrelevant as this fact is not cited in support of any argument in the MSJ. |
| 5 | Irrelevant as this fact is not cited in support of any argument in the MSJ. |
| 6 | — |
| 7 | The request for judicial notice of Ex. F attached to Chase's Request for Judicial Notice in Support of its Motion for Summary Judgment (Dkt. 68-1) ("RJN")  is defective. *See infra*, Objections to RJN.<br><br>Mistates the cited finding of fact, which was not that Johnson "did not pay the full balance" but that "[t]here was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment." |
| 8 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |

| Fact | Objections |
|------|-----------|
| | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>Mistates the cited award, which contains no finding that, after September 6, 2017, Chase "continued to carry and bill, with e-statements, the unpaid balance". The arbitrator expressly limited his finding regarding statement availability to the period ending in September 2017.<br><br>Mischaracterizes the cited award, which does not contain a finding that Johnson agreed solely to close the account, but that he agreed to pay the entire balance *and* close the account.<br><br>Vague and ambiguous as to "e-statements", especially considering that a theme throughout the various related proceedings has been Chase's repeated conflation of statement notices with statements.<br><br>Chase asserts that it "reported" the alleged "delinquency" to credit bureaus. However, in its responses to Johnson's requests for admission, Chase made repeated denials in which it asserted that "Chase does not 'report' information to the [credit bureaus]." Declaration of Joshua Johnson in Support of Opposition to Motion for Summary Judgement ("Johnson |

| Fact | Objections |
|------|------------|
|      | Decl.") Ex. R. Similarly, Chase objected to various requests for admission that used the term "deliquent", claiming that it was "vague and ambiguous". *Id.*<br><br>Relates to statements allegedly made available online to Johnson after account closure in September 2017, yet opposing counsel improperly instructed Burda, Chase's Rule 30(b)(6) designee, not to answer any questions regarding properly noticed Topic No. 20 concerning "[t]he procedure for customers to access closed and charged off accounts online, including whether charged off accounts are removed from online access." Johnson Decl. Ex. R; Burda Dep. 14:21-15:1, 15:12-19, 15:21-24, 16:1-2. Burda also testified that she was not prepared to testify on that topic, and that she had no personal knowledge of that topic. |
| 9 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>Will's cited testimony appears to be a miscitation as it is irrelevant. |
| 10 | — |
| 11 | — |
| 12 | Hyatt Decl. Ex. J is not a true and correct copy of the |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|------------|
| | underlying ACDV request. *See infra*, Objection to ACDV Reproductions. |
| | Vague and ambiguous as to the "disputed information". |
| 13 | Hyatt Decl. Ex. J is not a true and correct copy of the underlying ACDV request. *See infra*, Objection to ACDV Reproductions. |
| 14 | Hyatt Decl. Ex. J is not a true and correct copy of the underlying ACDV request. *See infra*, Objection to ACDV Reproductions. |
| | The sole cited evidence, a document from Equifax, cannot support that "FCRA Relevant Information field on the ACDV" is Johnson's "written text". |
| 15 | Johnson was asked, and testified, that he did not remember receiving a paper statement in January 2017, not whether he ever remembered receiving any paper statement at all. |
| | Whether Johnson produced "many emails", without reference to any particular subject matter, is irrelevant. |
| | Burda's cited testimony is irrelevant and appears to be a miscitation. |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|-----------|
| 16 | Hyatt Decl. Ex. J is not a true and correct copy of the underlying ACDV request. *See infra*, Objection to ACDV Reproductions. <br><br> Whether there is a "indication in the ACDV as to what resolution Plaintiff wanted" is a legal conclusion. Whether there is an "indication that any debt for his Ink card is being disputed" is a legal conclusion. |
| 17 | Hyatt Decl. Ex. K is not a true and correct copy of the underlying ACDV response. *See infra*, Objection to ACDV Reproductions. <br><br> No Chase employee has personal knowledge of the investigation. *See infra,* Objection re Employee Stipulation. Burda also testified that she has no personal knowledge of the investigation. Her testimony as to what Chase "would have" done is speculative and inadmissible hearsay. <br><br> Burda's testimony is based on memos in Chase's "C3" system of record. C3 is untrustworthy. *See infra*, Objection to C3 Screens. <br><br> Neither Burda's cited testimony, nor the cited Ex. K, support that Chase's investigation was "of the disputed information". |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|-----------|
| 18 | Vague and ambiguous as to "validly" opened and used. |
|    | Hyatt Decl. Ex. K is not a true and correct copy of the underlying ACDV response. *See infra*, Objection to ACDV Reproductions. |
|    | No Chase employee has personal knowledge of the investigation. *See infra,* Objection re Employee Stipulation. Burda also testified that she has no personal knowledge of the investigation. Her testimony as to what Chase "would have" done is speculative and inadmissible hearsay. |
|    | Burda's testimony is based on memos in Chase's "C3" system of record. C3 is untrustworthy. *See infra*, Objection to C3 Screens. |
|    | Whether the ACDV "detailed" that "the account was the product of a fraudulent takeover" is a legal conclusion. Whether Chase "correctly determined" an alleged fact is a legal conclusion. |
| 19 | No Chase employee has personal knowledge of the investigation. *See infra,* Objection re Employee Stipulation. Burda also testified that she has no personal knowledge of the |

| Fact | Objections |
|------|-----------|
|  | investigation. Her testimony as to what Chase "would have" done is speculative and inadmissible hearsay. <br><br> Burda's testimony is based on memos in Chase's "C3" system of record. C3 is untrustworthy. *See infra*, Objection to C3 Screens. |
| 20 | <u>The cited document has "nothing to do" with the FCRA investigation.</u> *See infra*, Section III (objection to Hyatt Decl. ¶ 13; Hyatt Decl. Ex. M). <br><br> No Chase employee has personal knowledge of the investigation. *See infra,* Objection re Employee Stipulation. <br><br> Chase asserts that "Plaintiff had enrolled in paperless statements". Opposing counsel obstructed Johnson from obtaining evidence related to statements made available online. *See infra*, Objection to Improper Instruction. |
| 21 | No Chase employee has personal knowledge of the investigation. *See infra,* Objection re Employee Stipulation. <br><br> Chase asserts "[b]ased on the ACDV". Neither Hyatt Decl. Ex. J nor Hyatt Decl. Ex. K are true and correct copies of the ACDV request. *See infra,* Objection to ACDV Reproductions. |

| Fact | Objections |
|---|---|
| | Chase asserts that "Plaintiff received notifications and correspondence for his payment obligations". Opposing counsel obstructed Johnson from obtaining evidence related to such electronic correspondence (statements and payment due alerts). *See infra* Objection to Improper Instruction.<br><br>Chase cites no testimony and instead cites a document that conclusory states only that "[d]isputed information accurate". |
| 22 | The cited document is not properly authenticated. *See infra*, Objections to Exhibits, Ex. N.<br><br>Vague and ambiguous as to "responded".<br><br>To the extent that Chase suggests the document was created on a particular date, meant to be mailed, mailed, or received on or about September 11, 2020:<br><br>• The first page of the document described the date of Johnson's "credit file" as September 11, 2020. This implies that letter was created on or after September 11, 2020. It does not indicate how many dayes after September 11, 2020 it was created.<br>• The document is a digital document with an address block. That does not establish that it was meant to be |

| Fact | Objections |
|------|------------|
| | mailed or the act of mailing nor a presumption of receipt: no postmark, no mailing receipt, no affidavit from a mailroom employee.<br><br>• If the document was mailed, the document does not establish where. On page 1, there is an address block with a street address of "907 ST MARYS ST # A" in Raleigh, NC. That is not a valid mailing address for the referenced property. On page 9, the document describes the street address of Johnson's "Current Address" as "311 S Swall Dr Apt 204" in Los Angeles, CA, and one of Johnson's "Previous Address(es)" as "907 Saint Marys, Raleigh, NC 27605". |
| 23 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>Vague and ambiguous as to "the residence".<br><br>Vague and ambiguous as to "regularly received".<br><br>In the cited testimony, Johnson testified only that he "filled out a USPS Change of Address Form" when he "moved from North Carolina to California" in 2019. When Johnson moved to CA, he lived in Santa Monica, CA. 18 months later, in September 2020, he did not live in Santa Monica, CA. |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|------------|
|  | Chase cites to pages 79 and 80 of the deposition of Johnson but did not attach these pages to the Hyatt Declaration. |
| 24 | The request for judicial notice of RJN Ex. O is defective. *See infra*, Objections to RJN. |
| 25 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN.<br><br>Describes Johnson's demand for arbitration and amended demand for arbitration, both of which have been produced, but Chase instead cites to a secondary summary of those documents. |
| 26 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |
| 27 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |
| 28 | Mischaracterizes what Johnson wrote by omitting context of document. |
| 29 | Irrelevant as this fact is not cited in support of any argument in |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|-----------|
|  | the MSJ.<br><br>The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |
| 30 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN.<br><br>Vague and ambiguous, because the fact is in bare quotations, as to whether the fact is an assertion (i) that the arbitrator made the statement or (ii) for the truth of the matter.<br><br>To the extent that Chase asserts that evidence was or was not presented in the arbitration, it cites instead to a secondary summary, instead of to the arbitration record. |
| 31 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |
| 32 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN. |

| Fact | Objections |
|------|-----------|
|  | Chase asserts that Johnson took action related to a prior proceeding, but RJN Ex. R is inadmissible hearsay to prove that he took that action. |
| 33 | The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN.<br><br>Chase asserts that too action in a prior proceeding, but RJN Ex. R is inadmissible hearsay to prove that Chase took that action. |
| 34 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN. |
| 35 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN. |
| 36 | Irrelevant as this fact is not cited in the MSJ.<br><br>The request for judicial notice of RJN Ex. T is defective. *See infra*, Objections to RJN. |

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK,
N.A.'S MOTION FOR SUMMARY JUDGMENT

| Fact | Objections |
|------|------------|
| 37 | The request for judicial notice of RJN Ex. F is defective. *See infra*, Objections to RJN. |
| 38 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN.<br><br>Mistakes the cited judgment. Judge Small did not "find[] that [Johnson] had no right to appeal the Arbitration Award with the AAA" but "that it was for the Panel, not the Court, to determine whether the OSA conferred a right on Respondent to appeal the March 3, 2022 Award within the AAA." |
| 39 | The request for judicial notice of RJN Ex. R is defective. *See infra*, Objections to RJN. |
| 40 | Irrelevant as this fact is not cited in support of any argument in the MSJ.<br><br>The request for judicial notice of RJN Ex. T is defective. *See infra*, Objections to RJN. |

## II. OBJECTION TO IMPERMISSIBLY COMPOUND FACTS

Subsection 7(c)(i) of this Court's Standing Order ("SO") states, with respect to the movant's statement of undisputed facts, that "[t]he left column sets forth

narrowly-focused, undisputed facts as concisely as possible in sequentially
numbered paragraphs." Statement of Uncontroverted Facts in Support of its
Motion for Summary Judgment (Dkt. 68-2) ("SUF") ¶¶ 2–3, 7–8, 15–18, 20–23,
25, 30–31, and 38 are in violation of the SO.

### III. OBJECTIONS TO SPECIFIC DECLARATION EXHIBITS

| Exhibit | Objections |
|---------|------------|
| Hyatt Decl. Ex. H | Hyatt states that the attached Ex. H is a "true and correct copy of an email from OTP CDV Escalation to Carla L. Wills dated August 25, 2020". Hyatt is not a Chase employee and does not have any personal knowledge related to Ex. H. <br><br> No Chase employee has personal knowledge of Ex. H. *See infra,* Objection re Employee Stipulation. <br><br> Wills, the alleged recipient of the email, is a Chase employee covered by the Stipulation and has no apparent knowledge of the FCRA Investigation. Wills also testified that she could not confirm that she received the email because "it doesn't have my E-mail address" and she did not remember receiving the email. Johnson Decl. ¶ 33; Johnson Decl. Ex. N ("Wills Dep."). 12:20. <br><br> Chase does not identify Kohles, the alleged sender of the email. To the extent that he is a Chase employee, he is a |

16

| Exhibit | Objections |
|---------|------------|
| | Chase employee subject covered by the Stipulation and has no apparent knowledge of the FCRA Investigation.<br><br>No fact in the SUF references Ex. H. |
| Hyatt Decl. Ex. J; Hyatt Decl. Ex. K | Neither Ex. J nor Ex. K are true and correct copies of the underlying ACDV request or response. *See infra*, Objection to ACDV Reproductions. |
| Hyatt Decl. Ex. L | Hyatt states that the attached Ex. L is a "true and correct copy of an August 27, 2020 email from Luke Williams to Carla Wills". Hyatt is not a Chase employee and does not have any personal knowledge related to Ex. L.<br><br>No Chase employee has personal knowledge of Ex. L. *See infra,* Objection re Employee Stipulation.<br><br>Wills, the alleged recipient of the email, is a Chase employee subject covered by the Stipulation and has no apparent knowledge of the FCRA Investigation. Wills also testified that she could not confirm that she received this email because "it doesn't have my E-mail address" and she did not remember receiving this email. Wills Dep. 12:20. |
| Hyatt Decl. Ex. M | Hyatt states that the attached Ex. M is a "October 13, 2020 letter from Chase to Plaintiff". Hyatt is not a Chase |

17

| Exhibit | Objections |
|---------|-----------|
| | employee and does not have any personal knowledge related to Ex. M. <br><br> No Chase employee has personal knowledge of Ex. M. *See infra,* Objection re Employee Stipulation. <br><br> Carla Wills, the alleged author of this document, testified that "[t]his appears to be a response letter from my department" but she did did not know whether she had seen the document before, she did not remember whether she was involved in preparing the document, she does not remember if she provided any of the information that is included in the document. Wills Dep. 21:1. <br><br> Burda testified that the document "looks like a document from our executive office to our customer", but that she had no "firsthand knowledge of information on the letter itself except for what I'm reading". Johnson Decl. ¶ 16; Johnson Decl. Ex. F ("Burda Dep.") 81:5-6; 98:9-13. When asked whether the document was "the final product" of the "FCRA investigation that Chase conducted in August and September 2020", Burda testified that the Wills Letter had "<u>nothing to do</u>" with the FCRA investigation. Burda Dep. 97:3-98:13. |

| Exhibit | Objections |
|---------|-----------|
| Hyatt Decl. Ex. N | Hyatt states that the attached Ex. N is a "true and correct copy of a letter from Equifax to Plaintiff dated September 11, 2020". Hyatt is not a Equifax employee and does not have any personal knowledge related to Ex. N.

No declaration or testimony from Equifax regarding Ex. N is in the record.

No testimony from any Chase employee regarding Ex. N is in the record.

The first page of the document described the date of the "credit file" as September 11, 2020. It does not indicate when it was created. |

## IV. OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE (RJN) EXHIBITS

| Exhibit | Objections |
|---------|-----------|
| RJN Ex. F | Fails to explain how the proffered document meets Rule 201. Ex. F is inadmissible hearsay because its author, an arbitrator, cannot be called to testify or be cross-examined. |
| RJN Ex. O | Fails to explain how the proffered document meets Rule 201. *Id*. |

| Exhibit | Objections |
|---------|-----------|
| RJN Ex. R | Fails to explain how the proffered document meets Rule 201. *Id.* Ex. R is inadmissible hearsay because its authors, a panel of arbitrators, cannot be called to testify or be cross-examined. |
| RJN Ex. T | Fails to explain how the proffered docket meets Rule 201. *Id.* |

## V. STANDING OBJECTION BASED ON STIPULATION OF NO KNOWLEDGE

Chase stipulated that "No current Chase employees recall" the FCRA Investigation, "Chase is unaware of any current or former employees who recall the investigation", and "Chase will not present testimony from any current or former employees involved in the investigation". Joint Stipulation re Employees with Information re 2020 Investigation ("Employee Stipulation").

Johnson asserts a standing objection to any evidence, testimony, or argument offered by Chase purporting to describe its investigation. Per the parties' Joint Stipulation (Johnso Decl. Ex. O), Chase has stipulated that: (1) "No current Chase employees recall" the investigation; (2) "Chase is unaware of any current or former employees who recall the investigation"; and (3) "Chase will not present testimony from any current or former employees involved in the investigation." Accordingly, any evidence offered to prove the details of the investigation necessarily lacks personal knowledge (FRE 602) and is based on inadmissible hearsay (FRE 802).

## VI. GENERAL OBJECTIONS TO CATEGORIES OF EVIDENCE
## A. OBJECTION TO RELIANCE ON "C3" SYSTEM SCREENSHOTS

Burda Dep. Ex. 6 is a collection of screenshots ("C3 Screens") of Chase's

system of record ("C3"). Burda Dep. 22:11-13; 31:1. The C3 Screens have many
evidentiary problems:

1. **Unauthenticated.** The C3 Screens are not attached to the Hyatt Declaration
   submitted in support of the SUF and have not been properly authenticated..
   *Id*. The C3 Screens were generated on an unspecified date—no evidence in
   the record indicates whether the C3 Screens reflect what employees would
   have seen in 2017, 2018, or 2020.

2. **Inaccurate.** C3 can contain mistakes or misstated comments. Burda Dep.
   61:10-11, 61:18-19.

3. **Incomplete.** Information can be removed from C3 over time, and a
   employee conducting an investigation would not have access to removed
   comments. Burda Dep. 94:21-24; 96:7-10. Chase does not know the criteria
   for when information is removed from the C3 or how long it takes for them
   to be removed. Burda Dep. 95:1-2. An employee would not necessarily
   know if a relevant comment had been removed from C3. Burda Dep.
   95:18-21. The C3 screens contain *some* references to phone calls between
   Johnson and Chase but do not contain *all* references—phone calls that took
   place on September 6, 2017, September 15, 2017, multiple June 12, 2018
   phone calls, and a August 26, 2020 phone call are missing. (Johnson Decl. ¶
   17, 25, 35). Similarly, the C3 screens contain *some* references to prior
   disputes between Johnson and Chase but are missing references to an
   investigation on June 12, 2018, Johnson's CFPB complaint sent on August
   19, 2020, Johnson's notice of dispute sent on August 25, 2020, and
   Johnson's demand for arbitration sent on September 30, 2020. (Johnson
   Decl. ¶ 17, 28–29; SUF ¶ 24).
   Moreover, the C3 Screens document is not attached to the Hyatt Declaration.

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK,
N.A.'S MOTION FOR SUMMARY JUDGMENT

## B. OBJECTION TO EVIDENCE ON TOPICS WHERE DISCOVERY WAS OBSTRUCTED

On September 24, 2023, Chase was served with a Rule 30(b)(6) Notice of Deposition, which requested that Chase prepare its designee to testify as to matters known or reasonably available to regarding the following topics:

1. "Procedures regarding merging or linking Chase business and personal banking/credit card accounts in 2017" (Topic No. 19)

2. "The procedure for customers to access closed and charged off accounts online, including whether charged off accounts are removed from online access." (Topic No. 20)

3. "Procedures for sending "payment due" alerts to Chase Ink Card holders, including whether "payment due" notices were sent to Plaintiff for his Chase Ink Card account" (Topic No. 21)

Opposing counsel improperly instructed Burda not to answer any questions related to the above topics, she testified that she was not prepared to testify on those topics, and that she had no personal knowledge of any of the topics. Burda Dep. 14:21-15:1; 15:12-19; 15:21-24; 16:1-2.

## C. OBJECTION TO INAUTHENTIC AND CONTRADICTORY ACDV REPRODUCTIONS

### 1. 2023 reproduction of 2020 Chase ADCV response by Equifax (Ex. J)

Hyatt Decl. Ex. J bears Equifax markings, indicates that it was printed on September 22, 2023, and appears to be a reproduction of the electronic ACDV response sent from Chase to Equifax on September 8, 2020.

Hyatt states that Ex. J is a "Automated Consumer Dispute Verification ("ACDV") created August 24, 2020, sent by Equifax to Chase". Hyatt is not a Equifax employee and does not have any personal knowledge related to Ex. J.

Ex. J cannot have been "created August 24, 2020" because has a "response

date" of "09/08/2020", which corresponds to when Chase allegedly sent its ACDV response to Equifax.

No declaration or testimony from Equifax regarding Ex. J is in the record. The last page of Ex. J does not continue the bate stamp sequence on the first four pages of of Ex. J. It appears to be a "declaration of custodian of records" from an Equifax employee which has not been authenticated and is not a constituent part of an ACDV.

No testimony from any Chase employee regarding Ex. J is in the record.

Ex. J was produced on or around Sep 22, 2023, well after Chase responded on February 9, 2023 that "Chase has produced all communications between Chase and Equifax related to the DISPUTE" in response to Johnson's request for "ALL COMMUNICATIONS between CHASE AND CREDIT REPORTING AGENCIES RELATED to Plaintiff's Chase Ink credit card account".

**2. 2021 reproduction of 2020 Chase ADCV response by Equifax (Ex. K)**

Hyatt Decl. Ex. K bears Chase markings, is dated March 17, 2021, and appears to be a reproduction of the electronic ACDV response sent from Chase to Equifax on September 8, 2020.

Hyatt states that the attached Ex. K is a "true and correct copy of the ACDV Response from Chase to Equifax dated September 8, 2020". Hyatt is not a Chase employee and does not have any personal knowledge related to Ex. K.

Chase, through it's Rule 30(b)6 witness, testified that the document attached to the Hyatt Decl. as Ex. K is an ACDV that reflects the information Chase received from Equifax on August 24, 2020. Burda Dep. 45:15.

**3. Ex. J and Ex. K have completely different dispute codes.**

While Ex. J and Ex. K appear to be reproductions of the ACDV *response* sent from Chase to Equifax, Chase relies on Ex. K to support what the Equifax *request* to Chase contained.

23

Central to Chase's defense is its assertion, based on the testimony of Burda, is that Equifax sent it an ACDV request with a dispute code of "104", which should be interpreted as fraud, and which was investigated as fraud. Ex. K indeed has a dispute code of "104". But Ex. J, which Hyatt swears is a "true and correct copy" of the ACDV "sent by Equifax to Chase" has a dispute code of "021".

**4. Ex. J and Ex. K also have different response data.**

The two documents also have conflicting ACDV response data:

| Field | Equifax | Chase |
|---|---|---|
| **"Past Due Amount"** | $NaN | 0 |
| **"Monthly Payment"** | $NaN | 0 |
| **"Date Closed"** | September 1, 2017 | September 15, 2017 |
| **"Date of First Deliquency"** | October 1, 2017 | October 24, 2017 |
| **"Date of Last Payment"** | August 1, 2020 | August 26, 2020 |

## VII. LEGAL BASIS FOR OBJECTIONS

**A. Argumentative**

This Court's Standing Order § 7(c)(i) explicitly prohibits legal argument in a Statement of Undisputed Facts: "[d]o not include legal argument in this document." Statements that assert legal conclusions or improperly frame evidence to persuade the Court rather than state a fact are objectionable.

**B. Improper Judicial Notice**

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of the existence of public records, such as court filings. However, a court cannot take judicial notice of the truth of the matters asserted in those documents, as the facts contained therein are often hearsay and subject to dispute. *See, e.g., Lee v.*

1 *City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may

2 take judicial notice of another court's orders, but not of the truth of the factual

3 findings made in that order).

4 **C. Relevance**

5      Evidence is relevant only if it has a tendency to make a fact of consequence

6 more or less probable. Fed. R. Evid. 401. Even if relevant, evidence may be

7 excluded if its probative value is substantially outweighed by a danger of unfair

8 prejudice, confusing the issues, misleading the jury, undue delay, or needlessly

9 presenting cumulative evidence. Fed. R. Evid. 403.

10 **D. Authentication**

11      To be admissible, evidence must be authenticated. This requires the

12 proponent to produce evidence sufficient to support a finding that the item is what

13 the proponent claims it is. Fed. R. Evid. 901(a).

14 **E. Hearsay**

15      Hearsay is an out-of-court statement offered to prove the truth of the matter

16 asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless it falls under a

17 statutory exception. Fed. R. Evid. 802, 803, 804. Furthermore, hearsay within

18 hearsay is inadmissible unless each part of the combined statement conforms with

19 an exception to the hearsay rule. Fed. R. Evid. 805.

20 **F. Completeness (Rule of Completeness)**

21      Under the rule of completeness, if a party introduces all or part of a writing

22 or recorded statement, an adverse party may require the introduction of any other

23 part—or any other writing or recorded statement—that in fairness ought to be

24 considered at the same time. Fed. R. Evid. 106.

25 **G. Foundation (Lack of Personal Knowledge)**

26      A witness may testify to a matter only if evidence is introduced sufficient to

27 support a finding that the witness has personal knowledge of the matter. Fed. R.

28

Evid. 602. Testimony and declarations not based on the declarant's personal knowledge lack a proper foundation and are inadmissible.

**H. Best Evidence Rule**

The "best evidence rule" requires an original writing, recording, or photograph to prove its content, unless these rules or a federal statute provide otherwise. Fed. R. Evid. 1002. *See Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1986).


**DATED:** August 10, 2025                    Joshua Johnson

                                              /s/Joshua Johnson

CORRECTED EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT