

FILED
CLERK, U.S. DISTRICT COURT

8/10/2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ RYO _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No.: 2:22-cv-06718-AB-MAAx |
| Plaintiff, | The Hon. André Birotte Jr. |
| v. | Courtroom: 7B |
| JPMORGAN CHASE BANK, N.A., | Magistrate Maria A. Audero |
| Defendant. | Courtroom: 690 |

**JOSHUA JOHNSON'S CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT**

1

## STATEMENT OF GENUINE DISPUTES

Plaintiff Joshua Johnson ("Johnson") submits the following response to Defendant JPMorgan Chase Bank, N.A.'s ("Chase's") Statement of Uncontroverted Facts, together with references to supporting evidence, in opposition to Chase's Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-2, and this Court's Standing Order. (*See* Dkt. No. 26).

## I. RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact and Evidence | Disputed / Undisputed and Evidence |
|---|---|
| **1.** On January 5, 2017, Plaintiff opened a Chase Ink credit card account ("Ink card"). <br><br> *Evidence*: Declaration of Robert Hyatt ("Hyatt Dec."), par. 2, Exhibit A (Deposition of Joshua Johnson), 8:24-9:1 | **Undisputed**. |

| | |
|---|---|
| **2.** Chase mailed a paper billing statement to Plaintiff for his first statement with payment due February 18, 2017.<br><br>*Evidence:* Hyatt Dec., Exhibit A 17:10-14; Exhibit B, (Deposition of Barbara Burda), 108:20-23. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge; Misstates the Evidence; Lacks Foundation (unreliable C3 Record); Hearsay.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* Evidentiary Objections to Chase's Statement of Uncontroverted Facts ("EO") ¶ 2. |
| **3.** Plaintiff opted for electronic delivery of his statements. On February 16, 2017, Plaintiff received an email from Chase confirming his agreement for paperless delivery of his billing statements for his Ink card. The email stated "This means we'll no longer mail your statements and some account notices. We'll post them online and email you a reminder when they're ready."<br><br>*Evidence:* Hyatt Dec., Exhibit A, 13:3-14:3.Exhibit C. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Impermissibly Compound; Irrelevant; Vague and Ambiguous. |

| | |
|---|---|
| **4.** Chase emailed a billing statement notice regarding Plaintiff's Ink card on February 27, 2017.<br><br>*Evidence:* Hyatt Dec., Exhibit A, 21:23-22:12, Exhibit D. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant. |
| **5.** Chase also emailed a payment due alert for the Ink card on March 8, 2017.<br><br>*Evidence:* Hyatt Dec., Exhibit A, 21:23-22:20, Exhibit E. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant. |
| **6.** On September 6, 2017, Chase called Plaintiff to request payment on his Ink card because Plaintiff's account carried an unpaid balance.<br><br>*Evidence:* Hyatt Dec., Exhibit A, 31:8-11. | **Undisputed** for purposes of this motion, subject to the below objections. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **7.** Plaintiff did make a payment that day, but did not pay the full balance, so that a balance of $238.52 remained on the Ink card following the September 6th payment.<br><br>*Evidence:* Request for Judicial Notice ("RJN"), Exhibit F (Judgment in LASC Case No. 22STCP02017), Award of Arbitrator, section 2. | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Misstates the Evidence.<br><br>While a balance of $238.52 transactionally remained, the arbitrator found this was the result of a "mutual mistake of fact" where Johnson understood he was authorizing payment in full, not a knowing or negligent failure to pay on his part.<br><br>Declaration of Joshua Johnson in Support of Opposition to Motion for Summary Judgment. ("Johnson Decl.") ¶ 43. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **8.** Chase closed the account with the agreement of Johnson, but continued to carry and bill, with e-statements, the unpaid balance and after several more months, charged off the account balance and reported the alleged delinquency to credit bureaus.<br><br>*Evidence:* RJN, Exhibit F, Award of Arbitrator, section 2. | **Disputed.**<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Irrelevant; Misstates the Evidence; Vague and Ambiguous; Lacks Personal Knowledge; Lacks Foundation (due to obstruction of deposition); Inconsistent with Prior Discovery Responses; Hearsay.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 8.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Johnson Decl. ¶¶ 44–46. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **9.** After closing the Ink card account, Chase continued to email Plaintiff billing statement notices until it charged-off the account on April 30, 2018.<br><br>*Evidence:* Hyatt Dec., Exhibit A 47:4-9, 53:6-11, 53:18-23, Exhibit I, and Exhibit G (Deposition of Carla Wills) 14:20-15:2. | **Undisputed**, subject to the below objections.<br><br>Objections: Irrelevant; Lacks Foundation (miscitation).<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction. |
| **10.** On August 24, 2020, Plaintiff submitted an online dispute with Equifax regarding his Ink card.<br><br>*Evidence:* Compl. 2:12-15 | **Undisputed**. |
| **11.** As part of the online dispute process, Plaintiff provided a narrative description of his dispute in a text box provided.<br><br>*Evidence:* Hyatt Dec., Exhibit A 59:7-19. | **Undisputed**. |

7

| | |
|---|---|
| **12.** Equifax transmitted an Automated Consumer Dispute Verification ("ACDV") to Chase in order for Chase to investigate the disputed information.<br><br>*Evidence:* Hyatt Dec., Exhibit B 45:20-49:11: Exhibit J. | **Disputed in part.**<br><br>Objections: Lacks Authentication; Best Evidence Rule; Vague and Ambiguous.<br><br>Undisputed that Equifax transmitted an ACDV to Chase. Disputed that it was "disputed information" which is vague and disputed. Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 12. |
| **13.** Equifax described the dispute as "claims account take-over, fradulent [sic] charges on account."<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed.**<br><br>Objections: Lacks Authentication; Best Evidence Rule.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 13. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **14.** Equifax also included in the FCRA Relevant Information field on the ACDV, Plaintiffs written text: "Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance."<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed in part.**<br><br>Objections: Lacks Authentication; Best Evidence Rule; Lacks Foundation; Hearsay.<br><br>Undisputed that Equifax included a FCRA Relevant Information field on the ACDV. Disputed that the provided quote is unaltered text provided to Equifax by Johnson.<br><br>Johnson Dep. 58:18-21.<br><br>Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 14. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN SUPPORT
OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **15.** Plaintiff never mentioned fraud or identity theft when filling out the Equifax online dispute form, and has admitted that the account had not been fraudulently taken over.<br><br>Plaintiff has no recollection of whether or not he received a paper statement for his Ink card. Plaintiff acknowledged that Chase did call him about payment for the Ink card. In fact, Plaintiff produced many emails from Chase regarding his Ink card.<br><br>*Evidence:* Hyatt Dec., Exhibit A 17:10-14, 31:8-11, 63:9-15, 67:14-69:3. Exhibit B. 108:20-23. | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Misstates the Evidence; Irrelevant.<br><br>Undisputed that Johnson "never mentioned fraud or identity theft when filling out the Equifax online dispute form" and that "the account had not been fraudulently taken over". Undisputed that "Chase did call him about payment for the Ink card", to the extent that this refers to the phone call on September 6, 2017. Undisputed that Johnso has no recollection of whether he received a paper statement only in January 2017.<br><br>Johnson Dep. 17:10-20.<br><br>Disputed otherwise. Cited evidence is inadmissible and does not establish the disputed facts. *See* EO ¶ 15. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **16.** There is no indication in the ACDV as to what resolution Plaintiff wanted, and there is no indication that any debt for his Ink card is being disputed.<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Authentication; Best Evidence Rule; Improper Legal Conclusion.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 16. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **17.** Chase conducted an investigation of the disputed information and responded to Equifax, on September 8, 2020, that the disputed information was accurate.<br><br>*Evidence:* Hyatt Dec., Exhibit K, and Exhibit B 49:12-21. | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Speculation; Hearsay; Lacks Foundation (unreliable C3 record); Lacks Authentication (re: Ex. K); Best Evidence Rule (re: Ex. K).<br><br>Undisputed that Chase responded to Equifax. Disputed that Chase conducted an investigation "of the disputed information".<br><br>Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 17. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **18.** In conducting its investigation of the dispute as detailed in the ACDV (that the account was the product of a fraudulent takeover), Chase reviewed the Ink Card account and correctly determined that it was validly opened and used by the Plaintiff.<br><br>*Evidence:* Hyatt Dec., Exhibit B 52:14-25; 70:4-71:25, 72:24-73:11, 73:25-74:9 | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Speculation; Hearsay; Improper Legal Conclusion; Lacks Foundation (unreliable C3 Record); Lacks Authentication (re: Ex. K); Best Evidence Rule (re: Ex. K); Vague and Ambiguous.<br><br>Undisputed that the account was "opened" by Johnson. Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 18. |
| **19.** In doing so, Chase followed its then-current policies and procedures for verifying disputed information pursuant to an ACDV.<br><br>*Evidence:* Hyatt Dec., Exhibit B 58:21-59:9 | **Disputed.**<br><br>Objections: Lacks Personal Knowledge (per stipulation); Speculation; Hearsay; Lacks Foundation (unreliable C3 Record).<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 19. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **20.** Chase determined that payments to the account were made using a checking account in Plaintiff's name. Chase verified that it had made 11 calls to Plaintiff between September 6, 2017, and May 23, 2018. Chase also verified that it had sent several letters to Plaintiff at his address/email address of record stating that a payment was missed or notification of a possible change in status of the account. In addition, Chase confirmed that Plaintiff had enrolled in paperless statements, and that statement notifications were successfully sent monthly.<br><br>*Evidence:* Hyatt Dec., Exhibit L, Exhibit M, Exhibit G 20:25-21:8, 23:1-24:5, Exhibit B 97:3-98:8. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Lacks Foundation (due to obstruction of deposition); Irrelevant (re: Ex. L).<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 20; *see* EO, Section III (objection to Hyatt Decl. ¶ 13; Hyatt Decl. Ex. M).<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Burda Dep. 50:19-51:17; 55:19-21. |

| | |
|---|---|
| **21.** Based on the ACDV transmitted by Equifax, Chase determined that the information disputed by Plaintiff was accurate, the account had not been fraudulently taken over and Plaintiff received notifications and correspondence for his payment obligations.<br><br>*Evidence:* Hyatt Dec., Exhibit K. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Lacks Authentication; Best Evidence Rule; Lacks Foundation (due to obstruction of deposition); Conclusory.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 21.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Burda Dep. 50:19-51:17; 55:19-21. |

15

| | |
|---|---|
| **22.** On or about September 11, 2020, Equifax responded to Plaintiff's dispute at his address in Raleigh, North Carolina.<br><br>*Evidence:* Hyatt Dec. Exhibit N. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Authentication; Lacks Foundation; Vague and Ambiguous; Hearsay; Speculation.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 22.<br><br>Johnson Decl. ¶ 20. |
| **23.** In September 2020, Plaintiff owned the residence in Raleigh, North Carolina, and regularly received mail from that address at his current residence in Los Angeles, California.<br><br>*Evidence:* Hyatt Dec., Exhibit A 77:22-78:2, 79:20-80:24. | **Disputed.**<br><br>Objections: Impermissibly Compound; Irrelevant; Vague and Ambiguous; Misstates the Evidence; Incomplete Document.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 23.<br><br>Johnson Decl. ¶ 20. |

| | |
|---|---|
| **24.** Plaintiff filed a demand for arbitration regarding his Ink card with the American Arbitration Association ("AAA"), Case No. 01-20-0015-1734, on September 30, 2020.<br><br>*Evidence:* RJN, Exhibit O, ¶ 4. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice. |
| **25.** While Plaintiffs original claim in the Arbitration was for "injunctive relief requiring Chase to correct his credit report," Plaintiff amended his claim "reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent."<br><br>*Evidence:* RJN Exhibit F, section A. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Best Evidence Rule. |
| **26.** Despite raising the issue of incorrect credit reporting in his amended claim, Johnson stated that he was not pursuing a Fair Credit Reporting Act (FCRA) claim in the Arbitration.<br><br>*Evidence:* RJN Exhibit F, section A. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **27.** The Arbitration consisted of four days of evidentiary hearings, numerous conference calls to address motions, briefing, and evidentiary issues. "The | **Undisputed** for purposes of this motion, subject to the below objections. |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT
OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| parties submitted literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs."<br><br>*Evidence:* RJN Exhibit F, section B. | Objections: Improper Request for Judicial Notice. |
| **28.** As part of the Arbitration, in discussing whether the Fair Credit Reporting Act applied, Plaintiff stated, "Claimant [Plaintiff] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate."<br><br>*Evidence:* Hyatt Dec., Exhibit P (RFA No. 1, and Ex. A section II.A. p. 4), Exhibit Q (RFA No.1). | **Disputed in part.**<br><br>Objections: Mischaracterizes the Evidence.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 28. |
| **29.** On March 3, 2022, the arbitrator, Charles Holton, made his award.<br><br>*Evidence:* RJN Exhibit F (Ex. A). | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **30.** "Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access | **Disputed.**<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Vague and Ambiguous; Best Evidence Rule; Hearsay. |

| | |
|---|---|
| website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support."<br><br>*Evidence:* RJN Exhibit F,(Ex. A section C.1). | Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 30.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Johnson Decl. ¶¶ 44–46. |
| **31.** Arbitrator Holton found that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment."<br><br>*Evidence:* RJN Exhibit F (Ex. A, section C.2). | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice. |
| **32.** On March 4, 2022, Plaintiff sought to appeal the Arbitration Award with the AAA (the "Arbitration Appeal"). | **Undisputed** for purposes of this motion, subject to the below objections. |

| | |
|---|---|
| *Evidence:* RJN, Exhibit R, 4:11-15. | Objections: Irrelevant; Improper Request for Judicial Notice; Hearsay. |
| **33.** While Chase objected that the arbitration agreement under which Plaintiff commenced arbitration had no appellate arbitration terms, ultimately on March 28, 2024, the AAA's appointed panel of arbitrators for Johnson's appeal (the "Panel") commenced proceedings, including whether Plaintiff had any such right to appeal.<br><br>*Evidence:* RJN Exhibit R 5:6-12; Hyatt Dec., Exhibit S. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice; Hearsay. |
| **34.** The Panel issued its Findings and Ruling on May 17, 2024.<br><br>*Evidence:* RJN Exhibit R. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **35.** The Panel found that Johnson did not have the right to pursue an appeal of the Arbitration Award.<br><br>*Evidence:* RJN Exhibit R 7:13-15. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **36.** On May 27, 2022, Chase filed its Petition to Confirm the Arbitration Award, | **Undisputed** for purposes of this motion, subject to the below objections. |

20

| | |
|---|---|
| filed in the Los Angeles Superior Court as Case No. 22STCP02017.<br><br>*Evidence:* RJN, Exhibit T. | Objections: Irrelevant; Improper Request for Judicial Notice. |
| **37.** On March 5, 2025, Judge Michael Small of the Los Angeles Superior Court heard, and granted, Chase's Motion to Confirm March 3, 2022 Arbitration Award.<br><br>*Evidence:* RJN Exhibit F. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice. |
| **38.** Judge Small also ruled on Johnson's challenge to the Findings and Ruling of the Panel, denying his challenge and finding that he had no right to appeal the Arbitration Award with the AAA.<br><br>*Evidence:* RJN Exhibit F. | **Disputed.**<br><br>Objections: Impermissibly Compound; Irrelevant; Improper Request for Judicial Notice; Misstates the Evidence.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 38.<br><br>Judge Small did not "find[] that [Johnson] had no right to appeal the Arbitration Award with the AAA". He found "that it was for the Panel, not the Court, to determine whether the OSA conferred a right on Respondent to appeal the |

| | March 3, 2022 Award within the AAA." |
|---|---|
| **39.** Judge Small signed the judgment confirming the Arbitration Award on May 9, 2025.<br><br>*Evidence:* RJN Exhibit F | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice. |
| **40.** Plaintiff was served with Notice of Entry of Judgment on June 4, 2025.<br><br>*Evidence:* Hyatt Dec., ¶ 18, and RJN, Exhibit T. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |

## II. ADDITIONAL MATERIAL FACTS

| No. | Johnson's Additional Facts in Opposition to Chase's Motion for Summary Judgment | Supporting Evidence |
|---|---|---|
| **Collateral Estoppel Agreement** | | |
| **41.** | On June 5, 2019, Chase sent Johnson an email containing an amendment to his cardmember agreement. | Johnson Decl. ¶ 4 |
| **42.** | The amended agreement states that "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." | Johnson Decl. Ex. A at 8 |
| **43.** | Johnson was the prevailing party in AAA consumer arbitration 01-20-0015-1734. | Johnson Decl. ¶ 5 |

| 44. | Johnson was recorded by the AAA as the prevailing party AAA consumer arbitration 01-20-0015-1734. | Johnson Decl. ¶ 6 |
|---|---|---|
| 45. | Johnson requested, during the arbitration, that the arbitrator order Chase to compensate him for late fees charged on the Ink account. | Johnson Decl. ¶ 7 |
| 46. | On May 30, 2018, Johnson had a conversation via telephone with a Chase representative. | Johnson Decl. ¶ 8–10; Johnson Decl. Ex. B |
| 47. | During the call, Johnson told the representative that the balance wasn't the issue—he could pay it immediately—but he wanted the derogatory marks on his credit report removed first; he said he would pay the balance right away if the marks were removed. | Johnson Decl. ¶ 8–10; Johnson Decl. Ex. B |
| 48. | On May 21, 2018, Johnson had a conversation via telephone with a Chase representative. | Johnson Decl. ¶ 11–13 Johnson Decl. Ex. C |
| 49. | During the call, Johnson informed the representative that he had tried to cancel or close his account months, if not a year earlier, but believed the account was still open, and had received a collections notice from a third-party. | Johnson Decl. ¶ 11–13 Johnson Decl. Ex. C |
| **Credit Reporting** | | |
| 50. | In response to Johnson's request for the production of all technical manuals, industry guidelines, regulatory guidance, and agreements between Chase and any | Johnson Decl. ¶ 14–15; Johnson Decl. Ex. D; Johnson Decl. Ex. E |

23

| | | |
|---|---|---|
| | CRAs related to the interpretation of any communications to Johnson's Chase Ink credit card account (the "Account"), Chase directed Johnson to a single document titled "Card Dispute Resolution Processing" (the "Dispute Manual"). | |
| **51.** | On September 8, 2020, Chase furnished information to Equifax regarding the Ink account (the "Account") via the transmission of an ACDV response. | Johnson Decl. ¶ 16; Johnson Decl. Ex. F ("Burda Dep.") 45:21-22, 48:19-49:1, 49:9-11; 56:21-23 |
| **52.** | On September 8, 2020, Chase furnished to Equifax that the status of the Account was "Account paid in full, was a charge-off". | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Declaration of Robert Hyatt in Support of Chase's Motion for Summary Judgment ("Hyatt Decl.") (Dkt. 68-3) Ex. K; Johnson Decl. Ex. E |
| **53.** | On September 8, 2020, Chase furnished to Equifax that the Account's original charge off amount was $499. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **54.** | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in November 2017. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **55.** | On September 8, 2020, Chase furnished | Burda Dep. 45:21-22, |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | | to Equifax that the Account had been delinquent in December 2017. | 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
|---|---|---|---|
| **56.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in January 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **57.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in February 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **58.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in March 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **59.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in April 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **60.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in May 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| **61.** | | On September 8, 2020, Chase furnished to Equifax a Compliance Condition Code | 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; |

| | | |
|---|---|---|
| | of "XA" in connection with the Account. | Hyatt Decl. Ex. K; Johnson Decl. Ex. E |
| 62. | The Dispute Manual defines a Compliance Condition Code of "XA" as "Voluntary Closure + Resolved FCBA Dispute". | Johnson Decl. Ex. E |
| 63. | The Dispute Manual defines a Compliance Condition Code of "XE" as "Voluntary Closure + FCRA Dispute Resolved-Customer Disagrees with Action". | Johnson Decl. Ex. E |
| 64. | The Dispute Manual defines a Compliance Condition Code of "XC" as "FCRA Dispute Resolved-Customer Disagrees with Action". | Johnson Decl. Ex. E |
| 65. | Chase furnishes account information to the CRAs on a monthly basis. | Burda Dep. 100:11 |
| 66. | Chase furnished information to the CRAs monthly regarding the Account. | Burda Dep. 100:12-14 |
| **Existence** | | |
| 67. | On June 12, 2018, Johnson had a conversation via telephone with a Chase representative regarding the Account. | Johnson Decl. ¶ 17; Johnson Decl. Ex. H |
| 68. | During the call, the representative stated that there was a recording of the September 6, 2017 phone call. | Johnson Decl. Ex. H |
| 69. | During the call, the representative stated that he listened to a recording of the September 6, 2017 phone call. | Johnson Decl. Ex. H |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT
OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| 70. | During the call, the representative stated that, Johnson had complained that he was not receiving billing statements for his Ink account during the September 6, 2017 call. | Johnson Decl. Ex. H |
|---|---|---|
| 71. | Johnson does not remember receiving the document attached to the Hyatt Declaration as Exhibit N and described as a "a true and correct copy of a letter from Equifax to Plaintiff dated September 11, 2020" prior to the arbitration. | Johnson Decl. ¶ 20 |
| **"Admission"** | | |
| 72. | On October 14, 2020, Johnson received a response from Chase regarding his CFPB complaint. | Johnson Decl. ¶ 21; Johnson Decl. Ex. I |
| 73. | On April 29, 2021, Johnson received an email from counsel for Chase stating that "FCRA preempts all other credit reporting related claims regardless of the name under which they are pled; Mr. Johnson declined to make a FCRA claim in his amended complaint and is therefore not entitled to such relief because such relief could not be awarded in court under these circumstances." | Johnson Decl. ¶ 22 |
| 74. | When he wrote "Claimant [Plaintiff] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate", Johnson meant only to admit that he had opened the account and that all purchases | Johnson Decl. ¶ 23 |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | were made by him. | |
| **75.** | Johnson is not an attorney and had no prior legal experience before the arbitration. | Johnson Decl. ¶ 24 |
| **Prior Notice** | | |
| **76.** | Between May 21, 2018 and June 12, 2018, Johnson had 10 phone calls with Chase representatives. | Johnson Decl. ¶ 25; Johnson Decl. Ex. J |
| **77.** | During those calls, Johnson provided relevant information concerning his dispute. | Johnson Decl. ¶ 26; Johnson Decl. Ex. J |
| **78.** | During those calls, Johnson disputed the account's reported status, charged off balance, and payment history. | Johnson Decl. ¶ 27; Johnson Decl. Ex. J |
| **79.** | On August 19, 2020, Johnson submitted a complaint concerning his Ink account via the CFPB. | Johnson Decl. ¶ 28; Johnson Decl. Ex. K |
| **80.** | In his CFPB complaint, Johnson reported that he paid the account in full, stopped using it, and observed an unexpected $500 charge-off and derogatory credit marks, despite receiving no notice from Chase. | Johnson Decl. ¶ 28; Johnson Decl. Ex. K |
| **81.** | On August 25, 2020, Johnson served Chase with a written notice of dispute and intent to arbitrate. | Johnson Decl. ¶ 29; Johnson Decl. Ex. L |
| **82.** | In his notice of dispute and intent to arbitrate, Johnson reported that he paid the account in full, stopped using it, and observed an unexpected $500 charge-off | Johnson Decl. Ex. L |

28

| | | |
|---|---|---|
| | and derogatory credit marks, despite receiving no notice from Chase. | |
| **Rule 30(b)(6) Representative - Barbara Burda** | | |
| **83.** | Chase understood that Johnson's dispute included an allegation that there was an incorrect balance on his account. | Burda Dep. 55:4-8 |
| **84.** | The FCRA relevant information that Chase received on the ACDV did not suggest the complaint was about fraud. | Burda Dep. 74:11-14 |
| **85.** | Burda testified that the ACDV contains a dispute code of "104". | Burda Dep. 72:13-15 |
| **86.** | The investigation was performed based on a dispute code "104". | Burda Dep. 68:12-13, 72:7-8; Hyatt Decl. Ex. K |
| **87.** | The document that Hyatt swears is the ACDV contains dispute code "021". | Hyatt Decl. Ex. J |
| **88.** | The Dispute Manual contains the written procedure that Chase had in place in August and September 2020 conduct to FCRA dispute investigations. | Burda Dep. 23:7-10 |
| **89.** | The Dispute Manual defines dispute codes "019", "023", and "104". | Johnson Decl. Ex. E |
| **90.** | The Dispute Manual does not define dispute code "021". | Johnson Decl. Ex. E |
| **91.** | Hyatt asked Johnson about the "021" code on the ACDV during his deposition of Johnson, before he submitted the Hyatt Declaration. | Johnson Decl. ¶ 37; Johnson Decl. ¶ Ex. Q ("Johnson Dep.") 57:15-58:4 |

| **Complaint Draft** | | |
|---|---|---|
| **92.** | When Johnson submitted his dispute via Equifax's website in August 2020, he did not have access to billing statement, or to Chase's internal records, and relied solely on memory of events nearly three years prior. | Johnson Decl. ¶ 30 |
| **EO Letter** | | |
| **93.** | The document attached as Ex. M to the Hyatt Declaration and identified as an "October 13, 2020 letter from Chase to Plaintiff" ("EO Letter") states that it is from Chase's Executive Office. | Hyatt Decl. Ex. M |
| **94.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account **delinquent** to CRAs was an **accurate** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |
| **95.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account was a **charge off** to CRAs was an **accurate** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |
| **96.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account was a **charge off** to CRAs was a **complete** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |
| **97.** | The EO Letter, in conjunction with the Dispute Manual, forms the basis of Chase's contention that its investigation | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |

30

| | | |
|---|---|---|
| | of the dispute was **non-cursory**. | |
| **98.** | The EO Letter, in conjunction with the Dispute Manual, forms the basis of Chase's contention that its investigation of the dispute was **reasonable**. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |
| **99.** | Chase's interrogatory responses were verified by Burda. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M |
| **100.** | The investigation handled by Chase's Executive Office was separate from the FCRA/ACDV investigation conducted by the CBO Disputes team. | Burda Dep. 81:5-6; 98:9-13 |
| **101.** | When asked whether the document was "the final product" of the "FCRA investigation that Chase conducted in August and September 2020", Burda testified that the document had "nothing to do" with the FCRA investigation. | Burda Dep. 97:21-98:13 |
| **102.** | Johnson did not receive the EO Letter prior to its production in the arbitration. | Johnson Decl. ¶ 32 |
| **103.** | The EO Letter bears Carla Wills' name. | Hyatt Decl. Ex. M |
| **104.** | Carla Wills does not know whether she had seen the EO Letter before. | Johnson Decl. ¶ 33; Johnson Decl. Ex. N ("Wills Dep.") 23:1-10, 24:6-15 |
| **105.** | Carla Wills does not know whether she was involved in preparing the EO Letter. | Wills Dep. 23:1-10, 24:6-15 |
| **106.** | Carla Wills does not know whether she provided any of the information that is included in the EO Letter. | Wills Dep. 23:1-10, 24:6-15 |

| No Personal Knowledge | | |
|---|---|---|
| **107.** | No current Chase employees recalls the investigation into Johnson's notice of dispute, submitted to Equifax on or about August 25, 2020, concerning the accuracy of information Chase provided to Equifax. | Johnson Decl. ¶ 34; Johnson Decl. Ex. O |
| **108.** | Chase is unaware of any current or former employees who recall the investigation into Johnson's notice of dispute, submitted to Equifax on or about August 25, 2020, concerning the accuracy of information Chase provided to Equifax. | Johnson Decl. ¶ 34; Johnson Decl. Ex. O |
| **Unreasonableness** | | |
| **109.** | Burda did not try to identify the specialist who conducted the investigation before her deposition. | Burda Dep. 50:22-24 |
| **110.** | Chase does not know the name of the specialist who conducted the investigation, whether that person still works for Chase, or if that person was on Burda's team. | Burda Dep. 37:12-18, 50:11-21, 51:7-12 |
| **111.** | As part of its indirect dispute process, Chase does not contact the CRA to see if there is additional information. | Burda Dep. 35:5-8 |
| **112.** | Reviewing recorded phone calls is not | Burda Dep. 60:19-24 |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT
OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | part of Chase's FCRA investigation process for an Automated Consumer Dispute Verification ("ACDV"). | |
| **113.** | As part of its indirect dispute process, Chase does not contact the consumer to get more information, and Burda does not know why that is not part of the process. | Burda Dep. 33:4-12 |
| **114.** | On October 20, 2020, Johnson had a conversation via telephone with Carla Wills. | Johnson Decl. ¶ 35; Johnson Decl. Ex. P |
| **115.** | During the call, Carla told Johnson that, because over two years had passed, "we can't go back and listen to those calls" and so "there's no way to verify what you're actually saying". | Johnson Decl. ¶ 36; Johnson Decl. Ex. P |
| **Errata** | | |
| **116.** | The EO Letter states "[d]ue to the amount of time that has passed, we are unable to review the calls". | Hyatt Decl. Ex. M |
| **117.** | The EO Letter states "the calls we did find noted on your account cannot be reviewed due to the length of time that has passed". | Hyatt Decl. Ex. M |
| **118.** | On August 3, 2022, Johnson caused to be served on Chase a demand for arbitration, with claims identical to those in the complaint in the instant lawsuit. | Johnson Decl. ¶ 40; Johnson Decl. Ex. T-1 |
| **119.** | On August 18, 2022, Johnson received Chase's objection to his August 3, 2022 Demand for Arbitration. | Johnson Decl. ¶ 41; Johnson Decl. Ex. T-2 |

CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS  IN SUPPORT
OF OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| **120.** | On September 16, 2022, JAMS declined administration. | Johnson Decl. ¶ 42; Johnson Decl. Ex. T-3 |
| **121.** | On or about September 6, 2017, Johnson told Chase that he wanted to terminate his relationship with them concerning his Chase Ink credit card account, and authorized a withdrawal for the entire outstanding balance from his bank account. | Johnson Decl. ¶ 43 |
| **122.** | Prior to September 6, 2017, Johnson received several messages from Chase, via email and in connection with his Ink account, stating that a "credit card payment is due in 10 days". | Johnson Decl. ¶ 44 |
| **123.** | From September 6, 2017 through May 21, 2018, Johnson did not receive any emails from Chase stating that a "credit card payment is due in 10 days". | Johnson Decl. ¶ 45 |
| **124.** | From September 6, 2017 through May 21, 2018, Johnson did not receive any other form of communication from Chase indicating that his Ink account was delinquent, that an amount was owed, or that payment was due, or soon due. | Johnson Decl. ¶ 46 |

34

| | | |
|---|---|---|
| **125.** | On May 30, 2018 and August 19, 2020, Johnson informed Chase or counsel for Chase that he was willing to resolve this dispute by paying $499, the entire amount allegedly owed of, in exchange for the deletion of the account or correction of the reporting. | Johnson Decl. ¶ 47 |
| **126.** | On December 22, 2020, and December 30, 2020, March 2, 2021, having paid $499 on August 26, 2020, Johnson informed counsel for Chase that he was willing to resolve this dispute in exchange for the deletion of the account or correction of the reporting. | Johnson Decl. ¶ 48 |

**DATED:** August 10, 2025                          Joshua Johnson

/s/Joshua Johnson