1   **DYKEMA GOSSETT LLP**
    ROBERT A. HYATT, State Bar No. 166178
2     *RHyatt@dykema.com*
    444 South Flower Street, Suite 2200
3   Los Angeles, California 90071
    Telephone: (213) 457-1800
4   Facsimile: (213) 457-1850

5   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

6

7              **UNITED STATES DISTRICT COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9

10   JOSHUA JOHNSON,                     Case No. 2:22-cv-06718-AB-MAAx

11          Plaintiff,                   The Hon. André Birotte Jr.
                                         Courtroom  7B
12      v.
                                         Magistrate Maria A. Audero
13   JPMORGAN CHASE BANK, N.A.,          Courtroom: 690

14          Defendant.                   **DEFENDANT JPMORGAN CHASE
                                         BANK, N.A.'S REPLY RE MOTION
15                                       FOR SUMMARY JUDGMENT**

16                                       **Date:  September 19, 2025**
                                         **Time:  10:00 a.m.**
17                                       **Dept.  7B**

18
                                         Complaint Filed:   September 19, 2022
19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

---

                            1

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Joshua Johnson ("Plaintiff" or "Johnson") commenced the Arbitration[1] before the AAA five years ago.  Chase respectfully requests that this Court dismiss this action on the five year anniversary to bring this matter to conclusion.

## II.   THE ARBITRATOR'S FINDING OF MUTUAL MISTAKE REQUIRES THAT THIS MATTER BE DISMISSED WITH PREJUDICE.

The arbitrator, Charles Holton, issued his Award on March 3, 2022 (the "Arbitration Award").  Mr. Holton considered and issued his ruling on two issues:

- The first issue -- whether Johnson presented evidence that his Ink card account statements were not available from March 2017 through at least September 2017 – was decided in Chase's favor and against Johnson.  See Arbitration Award and Johnson Opposition, p. 13.

- The second issue related to a September 6, 2017 phone call between Chase and Johnson when Johnson closed the Ink card account:  Was Chase correct in applying only the minimum balance of $111.49 when closing the account?  Or was Johnson correct in his assertion that he had instructed Chase to draw funds to pay the full Ink card balance. After considering the evidence

---

[1] Capitalized terms are the same as those used by Chase in its June 26, 2025 Motion For Summary Judgment [Dkt 68].

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

presented, including the fact that "*we have no recording of the call*," Mr.

Holton determined that there was a mutual mistake of fact between the parties

and ordered the following remedy – an *equitable remedy* ordering (i) Chase to

remove the adverse credit information and (ii) Johnson to pay the outstanding

balance on the account.[2]

### A. Johnson Did Not Prevail And He May Not Collaterally Attack The Finding Of Mutual Mistake In The Arbitration Award.

The fundamental problem with Johnson's FCRA claim and why it must be

dismissed with prejudice is that he is operating under the mistaken presumption (in

this case unilateral) that he somehow prevailed on the second issue. Chase

respectfully submits that the Court may certainly take judicial notice that is not the

case.  For lack of a better term, the Arbitration Award represents a *draw* where

neither party was deemed to be correct.  Because the Arbitration Award was

confirmed as a judgment of the Los Angeles County Superior Court by order dated

May 9, 2025 (Response Facts, No. 39), the doctrines of collateral and judicial

estoppel bar relitigation of the actions of Chase and Johnson during the September

6, 2017 Ink card account closure telephone call.

Arbitrator Holton issued the Arbitration Award on March 3, 2022.  Response

Facts, No. 29.  All of the evidence proffered by Plaintiff in support of his opposition

[2] *See* Defendant JPMorgan Chase Bank, N.A.'S Response To Joshua Johnson's Statement Of Genuine Disputes In Support Of JPMorgan Chase Bank, N.A.'S Reply Re Motion For Summary Judgment ("Response Facts"), No. 31.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

is from before that date.  Therefore, all of the evidence on which Plaintiff relies was available for the Arbitration.  It is clear from Plaintiff's evidence that much of it comes directly from the Arbitration.  Since the Arbitration decided the issue of what occurred on September 6, 2017, all of Plaintiff's evidence in support of his opposition to this Motion for Summary Judgment, was necessarily included and/or available in the Arbitration.

Chase respectfully submits that Johnson seeks to relitigate the facts and issues that arose in the Arbitration.  He is precluded from doing so by the doctrine of collateral estoppel.  The Arbitration concluded that there had been a mutual mistake and the Arbitrator sought to place the parties in their original positions by the remedy he crafted.  Based on the judgment confirming the Arbitration Award, the information available to Chase showed that Plaintiff had not paid his Ink account in full, a fact undisputed by Plaintiff, and that the account was subsequently charged off, another undisputed fact.  This is the information Chase furnished to Equifax. The information furnished by Chase was accurate, and Chase's investigation of the Equifax dispute was reasonable.

**B.      Chase Conducted A Reasonable Investigation Of The Dispute Submitted Via Equifax.**

Via his Equifax dispute Johnson claimed his account had been taken over and that his account contained fraudulent charges [Dispute Code 104].  Response Facts, Nos. 12 and 85.  He also claimed that "Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance."  Response Facts, No. 14. There is no factual dispute that Chase conducted a reasonable investigation of the Equifax dispute.  Response Facts, Nos. 12-21.  More to the point, Mr. Holton found against

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Johnson on this issue in the Arbitration Award because Johnson failed to prove the

account statements were *not* available (Issue 1).[3]  There is simply no reference

anywhere in the Equifax dispute to the September 6, 2017 Ink account closure call

and/or to any alleged error in the payment credited to the account.

###### C.    The Finding Of Mutual Mistake Precludes Liability Under the Fair Credit Reporting Act.

Assuming *arguendo* that the Court were to agree with Johnson that the "104"

code and "FCRA Relevant Information" submitted by Equifax provided sufficient

notice to investigate the September 6, 2017 Ink card account closure call, Johnson's

foundational evidentiary burden would be to show that Chase did something wrong.

That is that Chase's "reasonable investigation" would lead to a discovery that it

misunderstood Johnson's instructions on September 6, 2017 and should have taken

action to correct the information furnished.  The problem for Johnson, though, is

that Arbitrator Holton already considered the evidence and issues surrounding

liability for the parties actions relating to the account closure, determined that both

parties were mistaken and ordered the equitable remedies noted above.  Johnson

cannot seek two bites from the apple and ask this Court to impose liability only

against Chase when Mr. Holton found both parties were mistaken.

###### III.    JOHNSON ADMITTED THE INFORMATION FURNISHED BY CHASE WAS ACCURATE, THEREBY BARRING HIS CLAIM,.

---

[3] As such, and as conceded by Johnson because he has not pursued this issue before this Court, there is no basis to assert liability under the FCRA for the claim disputed via Equifax.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

1    In addition to the fact that the Arbitration Award fully adjudicated the issues
2    relating to the September 6, 2017 Ink card account closure, an order of dismissal
3    with prejudice should also be entered because Plaintiff admitted during the course of
4    the Arbitration that the "information reported to the CRAs by Respondent was
5    accurate."  Response Facts, No. 28.

6    Federal Rule of Evidence 801(d)(2)(A) states in relevant part: "A statement
7    that meets the following conditions is not hearsay: (2) An Opposing Party's
8    Statement. The statement is offered against an opposing party and: (A) was made by
9    the party in an individual or representative capacity."

10    Johnson's statement, "Claimant [Plaintiff] admits (and Respondent [Chase]
11    concurs) that he was liable for the account, and hence the information reported to
12    the CRAs by Respondent was accurate." (Id.), is not hearsay under FRE 801
13    because the statement is offered against Johnson and was made in his individual or
14    representative capacity.  It is certainly relevant to the proceedings, and demonstrates
15    Johnson's belief that the information furnished by Chase to Equifax was accurate.
16    The relevancy of the statement is further demonstrated by the fact that Johnson
17    made it during the course of the Arbitration .

**IV.    OR IN THE ALTERNATIVE, HIS CLAIM IS PRECLUDED BY**
**JUDICIAL ESTOPPEL**

20    Assuming, arguendo, that Plaintiff's statement is not an admission, judicial
21    estoppel still bars Plaintiff from making his Fair Credit Reporting Act ("FCRA")
22    claim.  Plaintiff cannot make directly opposing arguments simply to gain advantage.

23    Johnson argues that his statement is legal argument, and not an admission.

On June 7, 2021, Johnson submitted a pre-hearing brief, wherein he argued
that his breach-of-contract claim was not preempted by section 1681t(b)(1)(F)
of the FCRA because "he was liable for the account":
Information is considered accurate if it "correctly [reflects] ... liability

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

6

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1    for the account." 12 C.F.R. § 1022.41(a); *Denan v. Trans Union LLC* ,

2    959 F.3d 290 ([7th] Cir. 2020). ... Claimant admits (and Respondent

3    concurs) that he was liable for the account, and hence the information

4    reported to the CRAs by Respondent was accurate. Claimant's claim

5    thus survives § 1681t(b)(1)(F), regardless of whether the total or

6    statutory preemption approach is utilized, because it does not arise

7    under a state statute and does not concern the reporting of inaccurate

8    information.

9    (Hyatt Decl. Ex. P at 11–16).

10   By "liable for the account", Johnson meant only that he had opened the

11   account and that all purchases were made by him. (SGD ¶ 74). Johnson's

12   statement was a legal argument, advanced to counter Chase's preemption

13   theory; it was not a binding judicial admission of fact. Chase conflates these

14   two distinct concepts. A party's interpretation of a complex legal standard

15   like FCRA "accuracy" in a brief is fundamentally different from a formal

16   admission of a concrete fact.  Opposition, 21:4-22

17

18   "Where a party assumes a certain position in a legal proceeding, and succeeds

19   in maintaining that position, he may not thereafter, simply because his interests have

20   changed, assume a contrary position, especially if it be to the prejudice of the party

21   who has acquiesced in the position formerly taken by him. … This is known as the

22   doctrine of judicial estoppel, in which a party is estopped from asserting a contrary

23   position "to protect the integrity of the judicial process." *Copelan v. Techtronics*

24   *Indus. Co.. Ltd.* (S.D.Cal. 2015) 95 F. Supp. 3d 1230, 1237 (internal citations

25   omitted).

26   In considering whether to invoke judicial estoppel, courts consider the

27   following factors: "(1) whether the party's new assertion is "clearly inconsistent"

28   with its earlier position, (2) whether the party was successful in persuading the

7

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1  earlier court to follow his first position (such that the finding of the earlier court

2  would now be incorrect and one court or the other appears to be misled in a finding),

3  and (3) whether the party asserting inconsistent positions would derive an unfair

4  advantage or impose an unfair detriment if not estopped." *Id*.

5      All of these elements apply for Plaintiff's statement made during the

6  Arbitration.  Johnson's present assertion that the information furnished by Chase is

7  inaccurate is clearly inconsistent with his earlier position that the furnished

8  information was accurate.  Johnson succeeded in defeating the pre-emption

9  argument and was able to move forward in the Arbitration on a claim for breach of

10  contract.  See RJN, Exhibit F, Award of Arbitrator, Section A.  Johnson certainly

11  derives an unfair advantage if not estopped.  Allowing Johnson to relitigate all the

12  issues present in the Arbitration essentially nullifies the Arbitration, and removes all

13  efficacy of the judgment confirming the Arbitration Award.

14      Johnson's admission that Chase furnished accurate information, or in the

15  alternative, Johnson's argument that Chase furnished accurate information, must

16  preclude Johnson from making the claim in this action that the information

17  furnished by Chase to Equifax regarding Plaintiff's Ink account was inaccurate.

18  **V.   PLAINTIFF HAS FAILED TO SHOW THAT COLLATERAL ESTOPPEL DOES NOT PRECLUDE HIS CLAIM IN THIS ACTION**

19

20      The only elements of Plaintiff's FCRA claim at issue are whether the

21  information furnished by Chase was in fact accurate, and whether Chase failed to

22  conduct a reasonable investigation.  See Chase's Moving Papers, Section II.B.

23  Collateral estoppel precludes Plaintiff from relitigating issues necessarily decided in

24  the prior litigation.

25      One of those issues is whether Plaintiff had appellate rights under the

26  governing arbitration agreement.  The State Court found that the Arbitration was

27  governed by the Online Service Agreement ("OSA"), which did not have appellate

28  rights.  See RJN, Exhibit F.  Rather than follow the judgment of the Court, Johnson

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1   again argues that a completely separate agreement for a completely different credit

2   card, the Freedom card, controls this action regarding his Ink card.  See Opposition,

3   Section V.A.1.  It does not and the State Court judgment clearly supports this

4   conclusion.

5        Johnson argues that the information Chase furnished to Equifax was

6   inaccurate or incomplete because it failed to furnish information that there was a

7   dispute regarding the Ink account, and that the Arbitrator's findings support this

8   conclusion.  See Opposition, Section V.A.3.  This conclusion shows a fundamental

9   misunderstanding by Johnson of the Arbitrator's conclusion and findings.  A finding

10  of "mutual mistake", especially coupled with no damages or other remedies

11  awarded, does not impute liability on one party as Johnson insists.  See RJN, Exhibit

12  F.

13       Plaintiff argues that the balance furnished by Chase on charge off ($499) was

14  inaccurate because the Arbitrator found that the balance as of September 6, 2017

15  was $238.52.  See Opposition, 16:8-20.  However, Plaintiff obfuscates the actual

16  facts.  The Arbitrator found that the balance on September 6, 2017 was $238.52.

17  RJN, Exhibit F, Section C.2.  Chase charged off the account in April 2018.

18  Response Facts, No. 9.  The increased balance was due to late charges and interest.

19  Id.  Regardless, Johnson fails to show how this difference would adversely affect

20  credit.

21       The Arbitrator's finding of mutual mistake does not impute liability on Chase

22  as Johnson argues.  The only "evidence" that Johnson has to support his claims of

23  inaccuracy and unreasonable investigation is that he told Chase he meant to pay the

24  balance in full.  It is undisputed that the balance was not paid in full.  Response

25  Facts, No. 31.  Based on the mutual mistake, Chase furnished accurate information

26  to Equifax.  As quoted in Chase's moving papers, "In other words, a furnisher does

27  not report "incomplete or inaccurate" information within the meaning of § 1681s-

28  2(b) simply by failing to report a meritless dispute, because reporting an actual debt

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

1   without noting that it is disputed is unlikely to be materially misleading." *Gorman*

2   *v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163.

3       Chase verified the accuracy of the information it furnished to Equifax.

4   Response Facts, Nos. 18-21. Johnson's reference to a recording of the September 6,

5   2017 call has no merit. The Arbitration necessarily considered the issue of what

6   happened on the September 6th call. The conclusion is a finding of mutual mistake.

7   This is the information that Chase had when investigating Johnson's FCRA dispute.

8   Chase investigated and found the information it furnished was accurate. Id.

9   Plaintiff's twisting of the Arbitration's finding to only afford him relief is not

10  accurate and belies the Arbitrator's intent to find issue with both sides.

11      Johnson's argument calls for a relitigation of all issues presented at the

12  Arbitration. As discussed in Chase's moving papers, the elements of collateral

13  estoppel are met. Johnson must be barred from relitigating issues necessarily

14  decided at the Arbitration.

## VI.    CONCLUSION

16      For the foregoing reasons, Chase respectfully requests that the Court grant

17  summary judgment in its favor as against Plaintiff's Complaint.

DATED:  August 26, 2025          DYKEMA GOSSETT LLP


                                 By:    */s/ Robert A. Hyatt*
                                        ROBERT A. HYATT
                                        Attorneys for Defendant
                                        JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

1

**<u>PROOF OF SERVICE</u>**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

2

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

4

5

On the date set forth below, I served the foregoing document(s) described as:

6

**DEFENDANT'S OPPOSITION TO JOSHUA JOHNSON'S CORRECTED OPPOSITION TO JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT**

7

8

on the interested parties in this action as follows:

9

Joshua Johnson                          **RESPONDENT IN PRO PER**
1373 Caminito Halago
La Jolla, CA 92037
Tel:  (336) 423-2594
Email: iosh@ii88.org

10

11

12

13

☒**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

14

15

16

17

18

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address AAyala@dykema.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

Executed on August 26, 2025, at Los Angeles, California.

23

24

25

*/s/ Annette Ayala*
Annette Ayala

26

27

28

11

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT