**DYKEMA GOSSETT LLP**
ROBERT A. HYATT, State Bar No. 166178
  *RHyatt@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>     Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>     Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:  September 19, 2025**<br>**Time: 10:00 a.m.**<br>**Dept. 7B**<br><br>Complaint Filed:   September 19, 2022 |

Defendant, JPMORGAN CHASE BANK, N.A. ("Defendant") hereby submits the following Response to Joshua Johnson's Corrected Statement of Genuine Disputes and Additional Material Facts in Support of Opposition to JPMorgan Chase Bank's Motion for Summary Judgment.

///

///

///

1

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## I. RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact and Evidence | Disputed / Undisputed and Evidence |
|---|---|
| **1.** On January 5, 2017, Plaintiff opened a Chase Ink credit card account ("Ink card"). *Evidence*: Declaration of Robert Hyatt ("Hyatt Dec."), par. 2, Exhibit A (Deposition of Joshua Johnson), 8:24-9:1 | **Undisputed**. |
| **2.** Chase mailed a paper billing statement to Plaintiff for his first statement with payment due February 18, 2017. *Evidence:* Hyatt Dec., Exhibit A 17:10-14; Exhibit B, (Deposition of Barbara Burda), 108:20-23. | **Disputed.** Objections: Impermissibly Compound; Lacks Personal Knowledge; Misstates the Evidence; Lacks Foundation (unreliable C3 Record); Hearsay. Cited evidence is inadmissible and does not establish the fact. *See* Evidentiary Objections to Chase's Statement of Uncontroverted Facts ("EO") ¶ 2. |

**2.** Moving Party's Response

Mr. Johnson's CFPB Complaint (Johnson Dec., Exhibit K) contains identical language to the Equifax Automated Consumer Dispute Verification transmitted to Chase (Hyatt Dec., Exhibit J), stating "Chase never sent a paper bill."  Mr. Johnson has no recollection of whether he received a paper bill for his first billing statement or not (Hyatt Dec., Exhibit A 17:10-14).  He subsequently signed up for electronic delivery of his statements (see Facts, No. 3).  The only reasonable inference is that Chase sent a paper bill for Mr. Johnson's first billing statement.

| | |
|---|---|
| **3.** Plaintiff opted for electronic delivery of his statements. On February 16, 2017, Plaintiff received an email from Chase confirming his agreement for paperless delivery of his billing statements for his Ink card. The email stated "This means we'll no longer mail your statements and some | **Undisputed** for purposes of this motion, subject to the below objections. Objections: Impermissibly Compound; Irrelevant; Vague and Ambiguous. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| account notices. We'll post them online and email you a reminder when they're ready." <br><br> *Evidence:* Hyatt Dec., Exhibit A, 13:3-14:3.Exhibit C. | |
| **4.** Chase emailed a billing statement notice regarding Plaintiff's Ink card on February 27, 2017. <br><br> *Evidence:* Hyatt Dec., Exhibit A, 21:23-22:12, Exhibit D. | **Undisputed** for purposes of this motion, subject to the below objections. <br><br> Objections: Irrelevant. |
| **5.** Chase also emailed a payment due alert for the Ink card on March 8, 2017. <br><br> *Evidence:* Hyatt Dec., Exhibit A, 21:23-22:20, Exhibit E. | **Undisputed** for purposes of this motion, subject to the below objections. <br><br> Objections: Irrelevant. |
| **6.** On September 6, 2017, Chase called Plaintiff to request payment on his Ink card because Plaintiff's account carried an unpaid balance. <br><br> *Evidence:* Hyatt Dec., Exhibit A, 31:8-11. | **Undisputed** for purposes of this motion, subject to the below objections. |
| **7.** Plaintiff did make a payment that day, but did not pay the full balance, so that a balance of $238.52 remained on the Ink card following the September 6th payment. <br><br> *Evidence:* Request for Judicial Notice ("RJN"), Exhibit F (Judgment in LASC Case No. 22STCP02017), Award of Arbitrator, section 2. | **Disputed in part.** <br><br> Objections: Impermissibly Compound; Improper Request for Judicial Notice; Misstates the Evidence. <br><br> While a balance of $238.52 transactionally remained, the arbitrator found this was the result of a "mutual mistake of fact" where Johnson understood he was authorizing payment in full, not a knowing or negligent failure to pay on his part. <br><br> Declaration of Joshua Johnson in Support of Opposition to Motion for Summary Judgment. ("Johnson Decl.") ¶ 43. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**7.** Moving Party's Response

Mr. Johnson does not really dispute this fact.  His only point is to add his interpretation of the Arbitration Award.

| | |
|---|---|
| **8.** Chase closed the account with the agreement of Johnson, but continued to carry and bill, with e-statements, the unpaid balance and after several more months, charged off the account balance and reported the alleged delinquency to credit bureaus.<br><br>*Evidence:* RJN, Exhibit F, Award of Arbitrator, section 2. | **Disputed.**<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Irrelevant; Misstates the Evidence; Vague and Ambiguous; Lacks Personal Knowledge; Lacks Foundation (due to obstruction of deposition); Inconsistent with Prior Discovery Responses; Hearsay.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 8.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Johnson Decl. ¶¶ 44–46. |

**8.** Moving Party's Response

It is difficult to determine what Mr. Johnson is disputing.  The language is a direct quote from the Award of the Arbitrator that has been confirmed as a judgment. (see Facts, No. 39).  The paragraphs from his declaration do not controvert this fact.  The judgment is certainly admissible as a judgment of a California State Court.

| | |
|---|---|
| **9.** After closing the Ink card account, Chase continued to email Plaintiff billing | **Undisputed**, subject to the below objections. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| statement notices until it charged-off the account on April 30, 2018.<br><br>*Evidence:* Hyatt Dec., Exhibit A 47:4-9, 53:6-11, 53:18-23, Exhibit I, and Exhibit G (Deposition of Carla Wills) 14:20-15:2. | Objections: Irrelevant; Lacks Foundation (miscitation).<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction. |
| **10.** On August 24, 2020, Plaintiff submitted an online dispute with Equifax regarding his Ink card.<br><br>*Evidence:* Compl. 2:12-15 | **Undisputed**. |
| **11.** As part of the online dispute process, Plaintiff provided a narrative description of his dispute in a text box provided.<br><br>*Evidence:* Hyatt Dec., Exhibit A 59:7-19. | **Undisputed**. |
| **12.** Equifax transmitted an Automated Consumer Dispute Verification ("ACDV") to Chase in order for Chase to investigate the disputed information.<br><br>*Evidence:* Hyatt Dec., Exhibit B 45:20-49:11: Exhibit J. | **Disputed in part.**<br><br>Objections: Lacks Authentication; Best Evidence Rule; Vague and Ambiguous.<br><br>Undisputed that Equifax transmitted an ACDV to Chase. Disputed that it was "disputed information" which is vague and disputed. Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 12. |

**12.** Moving Party's Response

Mr. Johnson does not dispute that Equifax transmitted an ACDV to Chase. His disagreement with the phrase "disputed information" makes no sense because

the very purpose of the ACDV is to provide information as to what is in dispute. (see Facts, Nos. 10 and 11). Exhibit J to the Hyatt Declaration, from Equifax, includes a Declaration of Equifax's Custodian of Records; and Exhibit K to the Hyatt Declaration, which contains much the same information, was authenticated by Chase's representative at a FRCP 30(b)(6) deposition. Both documents reflect what information was disputed.

| | |
|---|---|
| **13.** Equifax described the dispute as "claims account take-over, fradulent [sic] charges on account."<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed.**<br><br>Objections: Lacks Authentication; Best Evidence Rule.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 13. |

**13.** Moving Party's Response

Exhibit J to the Hyatt Declaration, from Equifax, includes a Declaration of Equifax's Custodian of Records; and Exhibit K to the Hyatt Declaration, which contains much the same information, was authenticated by Chase's representative at a FRCP 30(b)(6) deposition. Both documents contain this exact language, except for the misspelling on Exhibit J.

| | |
|---|---|
| **14.** Equifax also included in the FCRA Relevant Information field on the ACDV, Plaintiffs written text: "Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance."<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed in part.**<br><br>Objections: Lacks Authentication; Best Evidence Rule; Lacks Foundation; Hearsay.<br><br>Undisputed that Equifax included a FCRA Relevant Information field on the ACDV. Disputed that the provided quote is unaltered text provided to Equifax by Johnson.<br><br>Johnson Dep. 58:18-21. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| | Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 14. |

**14.** Moving Party's Response

Exhibit J to the Hyatt Declaration, from Equifax, includes a Declaration of Equifax's Custodian of Records; and Exhibit K to the Hyatt Declaration, which contains much the same information, was authenticated by Chase's representative at a FRCP 30(b)(6) deposition.  Both documents have the identical language in the FCRA Relevant Information field.

| | |
|---|---|
| **15.** Plaintiff never mentioned fraud or identity theft when filling out the Equifax online dispute form, and has admitted that the account had not been fraudulently taken over.<br><br>Plaintiff has no recollection of whether or not he received a paper statement for his Ink card. Plaintiff acknowledged that Chase did call him about payment for the Ink card. In fact, Plaintiff produced many emails from Chase regarding his Ink card.<br><br>*Evidence:* Hyatt Dec., Exhibit A 17:10-14, 31:8-11, 63:9-15, 67:14-69:3. Exhibit B. 108:20-23. | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Misstates the Evidence; Irrelevant.<br><br>Undisputed that Johnson "never mentioned fraud or identity theft when filling out the Equifax online dispute form" and that "the account had not been fraudulently taken over". Undisputed that "Chase did call him about payment for the Ink card", to the extent that this refers to the phone call on September 6, 2017. Undisputed that Johnson has no recollection of whether he received a paper statement only in January 2017.<br><br>Johnson Dep. 17:10-20. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| | Disputed otherwise. Cited evidence is inadmissible and does not establish the disputed facts. *See* EO ¶ 15. |
| **15.** Moving Party's Response | |
| Mr. Johnson does not dispute any part of this fact, except maybe the part about him producing many emails from Chase regarding his Ink card, which is evident from Mr. Johnson's evidence submitted in opposition to this motion. | |
| **16.** There is no indication in the ACDV as to what resolution Plaintiff wanted, and there is no indication that any debt for his Ink card is being disputed.<br><br>*Evidence:* Hyatt Dec., Exhibit J. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Authentication; Best Evidence Rule; Improper Legal Conclusion.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 16. |
| **16.** Moving Party's Response | |
| Exhibit J to the Hyatt Declaration, from Equifax, includes a Declaration of Equifax's Custodian of Records; and Exhibit K to the Hyatt Declaration, which contains much the same information, was authenticated by Chase's representative at a FRCP 30(b)(6) deposition. The documents speak for themselves in support of this fact. | |
| **17.** Chase conducted an investigation of the disputed information and responded to Equifax, on September 8, 2020, that the disputed information was accurate.<br><br>*Evidence:* Hyatt Dec., Exhibit K, and Exhibit B 49:12-21. | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per<br><br>stipulation); Speculation; Hearsay; Lacks Foundation (unreliable C3 record); Lacks Authentication (re: Ex. K); Best Evidence Rule (re: Ex. K). |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| | Undisputed that Chase responded to Equifax. Disputed that Chase conducted an investigation "of the disputed information". Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 17. |

**17.** Moving Party's Response

Mr. Johnson does not really dispute that Chase conducted an investigation (see Facts, Nos. 86 and 88), and only takes issue with "investigation 'of the disputed information.'" There is no dispute that Chase responded and the document speaks for itself (see Exhibit K to Hyatt Dec.) as to the content of the response. The only dispute here is argument and not over any facts.

| | |
|---|---|
| **18.** In conducting its investigation of the dispute as detailed in the ACDV (that the account was the product of a fraudulent takeover), Chase reviewed the Ink Card account and correctly determined that it was validly opened and used by the Plaintiff.<br><br>*Evidence:* Hyatt Dec., Exhibit B 52:14-25; 70:4-71:25, 72:24-73:11, 73:25-74:9 | **Disputed in part.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Speculation; Hearsay; Improper Legal Conclusion; Lacks Foundation (unreliable C3 Record); Lacks Authentication (re: Ex. K); Best Evidence Rule (re: Ex. K); Vague and Ambiguous.<br><br>Undisputed that the account was "opened" by Johnson. Cited evidence is inadmissible and does not establish the disputed fact. *See* EO ¶ 18. |

**18.** Moving Party's Response

Mr. Johnson doesn't dispute that he opened the account and used it. And the ACDV speaks for itself as to a dispute for fraudulent takeover. Chase's corporate representative, Ms. Burda, testified as to the investigation taken as reflected in Chase's business records.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| **19.** In doing so, Chase followed its then-current policies and procedures for verifying disputed information pursuant to an ACDV.<br><br>*Evidence:* Hyatt Dec., Exhibit B 58:21-59:9 | **Disputed.**<br><br>Objections: Lacks Personal Knowledge (per stipulation); Speculation; Hearsay; Lacks Foundation (unreliable C3 Record).<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 19. |

**19.** Moving Party's Response

Chase's corporate representative, Ms. Burda, testified as to the investigation taken as reflected in Chase's business records.  Mr. Johnson has acknowledged that Chase produced a Dispute Manual containing the written procedure that Chase had in place in August and September 2020 for conducting FCRA dispute investigations (see Facts, No. 88).

| | |
|---|---|
| **20.** Chase determined that payments to the account were made using a checking account in Plaintiff's name. Chase verified that it had made 11 calls to Plaintiff between September 6, 2017, and May 23, 2018. Chase also verified that it had sent several letters to Plaintiff at his address/email address of record stating that a payment was missed or notification of a possible change in status of the account. In addition, Chase confirmed that Plaintiff had enrolled in paperless statements, and that statement notifications were successfully sent monthly.<br><br>*Evidence:* Hyatt Dec., Exhibit L, Exhibit M, Exhibit G 20:25-21:8, 23:1-24:5, Exhibit B 97:3-98:8. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Lacks Foundation (due to obstruction of deposition); Irrelevant (re: Ex. L).<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 20; *see* EO, Section III (objection to Hyatt Decl. ¶ 13; Hyatt Decl. Ex. M).<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Burda Dep. 50:19-51:17; 55:19-21. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**20.** Moving Party's Response

The supporting evidence supports the Fact as stated.  There is no dispute that the account belonged to Mr. Johnson and was used by him.  There is also no dispute that he received phone calls from Chase, received emails from Chase, and that he agreed to receive paperless statements.

| | |
|---|---|
| **21.** Based on the ACDV transmitted by Equifax, Chase determined that the information disputed by Plaintiff was accurate, the account had not been fraudulently taken over and Plaintiff received notifications and correspondence for his payment obligations.<br><br>*Evidence:* Hyatt Dec., Exhibit K. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Personal Knowledge (per stipulation); Lacks Authentication; Best Evidence Rule; Lacks Foundation (due to obstruction of deposition); Conclusory.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 21.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Burda Dep. 50:19-51:17; 55:19-21. |

**21.** Moving Party's Response

It's not clear what Mr. Johnson is disputing here.  The ACDV speaks for itself and states Chase's conclusion.

| | |
|---|---|
| **22.** On or about September 11, 2020, Equifax responded to Plaintiff's dispute at his address in Raleigh, North Carolina.<br><br>*Evidence:* Hyatt Dec. Exhibit N. | **Disputed.**<br><br>Objections: Impermissibly Compound; Lacks Authentication; Lacks Foundation; Vague and Ambiguous; Hearsay; Speculation. |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 22.<br><br>Johnson Decl. ¶ 20. |
|---|---|
| **22.** Moving Party's Response<br><br>The supporting evidence was produced by Equifax in response to a subpoena and has an authenticating declaration. | |
| **23.** In September 2020, Plaintiff owned the residence in Raleigh, North Carolina, and regularly received mail from that address at his current residence in Los Angeles, California.<br><br>*Evidence:* Hyatt Dec., Exhibit A 77:22-78:2, 79:20-80:24. | **Disputed.**<br><br>Objections: Impermissibly Compound; Irrelevant; Vague and Ambiguous; Misstates the Evidence; Incomplete Document.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 23.<br><br>Johnson Decl. ¶ 20. |
| **23.** Moving Party's Response<br><br>Mr. Johnson's testimony establishes that he owned the residence and received mail from that residence. | |
| **24.** Plaintiff filed a demand for arbitration regarding his Ink card with the American Arbitration Association ("AAA"), Case No. 01-20-0015-1734, on September 30, 2020.<br><br>*Evidence:* RJN, Exhibit O, ¶ 4. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice. |
| **25.** While Plaintiffs original claim in the Arbitration was for "injunctive relief requiring Chase to correct his credit report," Plaintiff amended his claim "reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Best Evidence Rule. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent." <br><br> *Evidence:* RJN Exhibit F, section A. | |
| **26.** Despite raising the issue of incorrect credit reporting in his amended claim, Johnson stated that he was not pursuing a Fair Credit Reporting Act (FCRA) claim in the Arbitration. <br><br> *Evidence:* RJN Exhibit F, section A. | **Undisputed** for purposes of this motion, subject to the below objections. <br><br> Objections: Irrelevant; Improper Request for Judicial Notice. |
| **27.** The Arbitration consisted of four days of evidentiary hearings, numerous conference calls to address motions, briefing, and evidentiary issues. "The parties submitted literally volumes of evidence and briefs including five notebooks of documents and at least ten legal briefs." <br><br> *Evidence:* RJN Exhibit F, section B. | **Undisputed** for purposes of this motion, subject to the below objections. <br><br> Objections: Improper Request for Judicial Notice. |
| **28.** As part of the Arbitration, in discussing whether the Fair Credit Reporting Act applied, Plaintiff stated, "Claimant [Plaintiff] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate." <br><br> *Evidence:* Hyatt Dec., Exhibit P (RFA No. 1, and Ex. A section II.A. p. 4), Exhibit Q (RFA No.1). | **Disputed in part.** <br><br> Objections: Mischaracterizes the Evidence. <br><br> Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 28. |
| **28.** Moving Party's Response <br><br> Mr. Johnson's only objection is that the quoted language mischaracterizes what Mr. Johnson wrote. He does not dispute the quotes accuracy. | |
| **29.** On March 3, 2022, the arbitrator, Charles Holton, made his award. <br><br> *Evidence:* RJN Exhibit F (Ex. A). | **Undisputed** for purposes of this motion, subject to the below objections. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

|  |  |
|---|---|
|  | Objections: Irrelevant; Improper Request for Judicial Notice. |
| **30.** "Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support."<br><br>*Evidence:* RJN Exhibit F,(Ex. A section C.1). | **Disputed.**<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice; Vague and Ambiguous;<br><br>Best Evidence Rule; Hearsay.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 30.<br><br>Opposing counsel improperly instructed its Rule 30(b)(6) designee not to answer question regarding Topic Nos. 19-20 which has obstructed Johnson from obtaining evidence to refute this fact. *See* EO, Objection to Improper Instruction.<br><br>Johnson Decl. ¶¶ 44–46. |
| **30.** Moving Party's Response<br><br>This is a direct quote from the judgment.  The judgment is admissible. |  |
| **31.** Arbitrator Holton found that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment."<br><br>*Evidence:* RJN Exhibit F (Ex. A, section C.2). | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Impermissibly Compound; Improper Request for Judicial Notice. |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| **32.** On March 4, 2022, Plaintiff sought to appeal the Arbitration Award with the AAA (the "Arbitration Appeal").<br><br>*Evidence:* RJN, Exhibit R, 4:11-15. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice; Hearsay. |
| **33.** While Chase objected that the arbitration agreement under which Plaintiff commenced arbitration had no appellate arbitration terms, ultimately on March 28, 2024, the AAA's appointed panel of arbitrators for Johnson's appeal (the "Panel") commenced proceedings, including whether Plaintiff had any such right to appeal.<br><br>*Evidence:* RJN Exhibit R 5:6-12; Hyatt Dec., Exhibit S. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice; Hearsay. |
| **34.** The Panel issued its Findings and Ruling on May 17, 2024.<br><br>*Evidence:* RJN Exhibit R. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **35.** The Panel found that Johnson did not have the right to pursue an appeal of the Arbitration Award.<br><br>*Evidence:* RJN Exhibit R 7:13-15. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **36.** On May 27, 2022, Chase filed its Petition to Confirm the Arbitration Award, filed in the Los Angeles Superior Court as Case No. 22STCP02017.<br><br>*Evidence:* RJN, Exhibit T. | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Irrelevant; Improper Request for Judicial Notice. |
| **37.** On March 5, 2025, Judge Michael Small of the Los Angeles Superior Court heard, and granted, Chase's Motion to | **Undisputed** for purposes of this motion, subject to the below objections. |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| Confirm March 3, 2022 Arbitration Award.<br><br>*Evidence:* RJN Exhibit F. | Objections: Improper Request for Judicial Notice. |
|---|---|
| **38.** Judge Small also ruled on Johnson's challenge to the Findings and Ruling of the Panel, denying his challenge and finding that he had no right to appeal the Arbitration Award with the AAA.<br><br>*Evidence:* RJN Exhibit F. | **Disputed.**<br><br>Objections: Impermissibly Compound; Irrelevant; Improper Request for Judicial Notice; Misstates the Evidence.<br><br>Cited evidence is inadmissible and does not establish the fact. *See* EO ¶ 38.<br><br>Judge Small did not "find[] that [Johnson] had no right to appeal the Arbitration Award with the AAA". He found "that it was for the Panel, not the Court, to determine whether the OSA conferred a right on Respondent to appeal the March 3, 2022 Award within the AAA." |

**38.** Moving Party's Response

The Findings of Fact specifically state: "Respondent ("Johnson") sought AAA arbitration under a specific agreement with Petitioner ("Chase"), the Online Service Agreement ("OSA"), and not any other agreement he had with Petitioner. The March 3, 2022 Award rested on the OSA. … Respondent's 'Motion to Vacate May 24, 2022 Arbitration Award' is the Panel's ruling issued on May 17, 2024 that Johnson was not entitled under the OSA to appeal the March 3, 2022 Award."

| **39.** Judge Small signed the judgment confirming the Arbitration Award on May 9, 2025.<br><br>*Evidence:* RJN Exhibit F | **Undisputed** for purposes of this motion, subject to the below objections.<br><br>Objections: Improper Request for Judicial Notice. |
|---|---|
| **40.** Plaintiff was served with Notice of Entry of Judgment on June 4, 2025.<br><br>*Evidence:* Hyatt Dec., ¶ 18, and RJN, Exhibit T. | **Undisputed** for purposes of this motion, subject to the below objections. |

| | | Objections: Irrelevant; Improper Request for Judicial Notice. |
|---|---|---|

## II. ADDITIONAL MATERIAL FACTS

| No. | Johnson's Additional Facts in Opposition to Chase's Motion for Summary Judgment | Supporting Evidence |
|---|---|---|
| **Collateral Estoppel Agreement** | | |
| **41.** | On June 5, 2019, Chase sent Johnson an email containing an amendment to his cardmember agreement. | Johnson Decl. ¶ 4 |
| | 41.  Moving Party's Response: The Findings of Fact specifically state: "Respondent ("Johnson") sought AAA arbitration under a specific agreement with Petitioner ("Chase"), the Online Service Agreement ("OSA"), and not any other agreement he had with Petitioner.  The March 3, 2022 Award rested on the OSA. … Respondent's 'Motion to Vacate May 24, 2022 Arbitration Award' is the Panel's ruling issued on May 17, 2024 that Johnson was not entitled under the OSA to appeal the March 3, 2022 Award."  The agreement referred to is for a different credit card than the one at issue here, and this agreement has been specifically excluded from consideration by the judgment.  See RJN, Exhibit F and R. | |
| **42.** | The amended agreement states that "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." | Johnson Decl. Ex. A at 8 |
| | 42. Moving Party's Response: | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | |
|---|---|---|
| | The Findings of Fact specifically state: "Respondent ("Johnson") sought AAA arbitration under a specific agreement with Petitioner ("Chase"), the Online Service Agreement ("OSA"), and not any other agreement he had with Petitioner. The March 3, 2022 Award rested on the OSA. … Respondent's 'Motion to Vacate May 24, 2022 Arbitration Award' is the Panel's ruling issued on May 17, 2024 that Johnson was not entitled under the OSA to appeal the March 3, 2022 Award." The agreement referred to is for a different credit card than the one at issue here, and this agreement has been specifically excluded from consideration by the judgment. See RJN, Exhibit F and R. | |
| **43.** | Johnson was the prevailing party in AAA consumer arbitration 01-20-0015-1734. | Johnson Decl. ¶ 5 |
| | 43. Moving Party's Response: This does not matter for purposes of this motion, but a ruling of mutual mistake with no award of damages or sanctions should be considered a draw. | |
| **44.** | Johnson was recorded by the AAA as the prevailing party AAA consumer arbitration 01-20-0015-1734. | Johnson Decl. ¶ 6 |
| | 44. Moving Party's Response: This does not matter for purposes of this motion, but a ruling of mutual mistake with no award of damages or sanctions should be considered a draw. | |
| **45.** | Johnson requested, during the arbitration, that the arbitrator order Chase to compensate him for late fees charged on the Ink account. | Johnson Decl. ¶ 7 Moving Party's Response: Undisputed |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| 46. | On May 30, 2018, Johnson had a conversation via telephone with a Chase representative. | Johnson Decl. ¶ 8–10; Johnson Decl. Ex. B<br><br>Moving Party's Response: Undisputed |
|---|---|---|
| 47. | During the call, Johnson told the representative that the balance wasn't the issue—he could pay it immediately—but he wanted the derogatory marks on his credit report removed first; he said he would pay the balance right away if the marks were removed. | Johnson Decl. ¶ 8–10; Johnson Decl. Ex. B<br><br>Moving Party's Response: Undisputed |
| 48. | On May 21, 2018, Johnson had a conversation via telephone with a Chase representative. | Johnson Decl. ¶ 11–13 Johnson Decl. Ex. C<br><br>Moving Party's Response: Undisputed |
| 49. | During the call, Johnson informed the representative that he had tried to cancel or close his account months, if not a year earlier, but believed the account was still open, and had received a collections notice from a third-party. | Johnson Decl. ¶ 11–13 Johnson Decl. Ex. C<br><br>Moving Party's Response: Undisputed |
| **Credit Reporting** | | |
| 50. | In response to Johnson's request for the production of all technical manuals, industry guidelines, regulatory guidance, and agreements between Chase and any CRAs related to the interpretation of any communications to Johnson's Chase Ink credit card account (the "Account"), Chase directed Johnson to a single document titled "Card Dispute Resolution Processing" (the "Dispute Manual"). | Johnson Decl. ¶ 14–15; Johnson Decl. Ex. D; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 51. | On September 8, 2020, Chase furnished information to Equifax regarding the Ink | Johnson Decl. ¶ 16; Johnson Decl. Ex. F ("Burda Dep.") 45:21-22, 48:19-49:1, |

19

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | account (the "Account") via the transmission of an ACDV response. | 49:9-11; 56:21-23<br><br>Moving Party's Response: Undisputed |
|---|---|---|---|
| **52.** | | On September 8, 2020, Chase furnished to Equifax that the status of the Account was "Account paid in full, was a charge-off". | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Declaration of Robert Hyatt in Support of Chase's Motion for Summary Judgment ("Hyatt Decl.") (Dkt. 68-3) Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| **53.** | | On September 8, 2020, Chase furnished to Equifax that the Account's original charge off amount was $499. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| **54.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in November 2017. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| **55.** | | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in December 2017. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

| 56. | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in January 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| --- | --- | --- |
| 57. | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in February 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 58. | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in March 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 59. | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in April 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 60. | On September 8, 2020, Chase furnished to Equifax that the Account had been delinquent in May 2018. | Burda Dep. 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

| 61. | On September 8, 2020, Chase furnished to Equifax a Compliance Condition Code of "XA" in connection with the Account. | 45:21-22, 48:19-49:1, 49:9-11; 56:21-23; Hyatt Decl. Ex. K; Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| --- | --- | --- |
| 62. | The Dispute Manual defines a Compliance Condition Code of "XA" as "Voluntary Closure + Resolved FCBA Dispute". | Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 63. | The Dispute Manual defines a Compliance Condition Code of "XE" as "Voluntary Closure + FCRA Dispute Resolved-Customer Disagrees with Action". | Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 64. | The Dispute Manual defines a Compliance Condition Code of "XC" as "FCRA Dispute Resolved-Customer Disagrees with Action". | Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| 65. | Chase furnishes account information to the CRAs on a monthly basis. | Burda Dep. 100:11<br><br>Moving Party's Response: Undisputed |
| 66. | Chase furnished information to the CRAs monthly regarding the Account. | Burda Dep. 100:12-14<br><br>Moving Party's Response: Undisputed |
| **Existence** | | |
| 67. | On June 12, 2018, Johnson had a conversation via telephone with a Chase representative regarding the Account. | Johnson Decl. ¶ 17; Johnson Decl. Ex. H<br><br>Moving Party's Response: Undisputed |
| 68. | During the call, the representative stated that there was a recording of the September 6, 2017 phone call. | Johnson Decl. Ex. H<br><br>Moving Party's Response: Undisputed |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

22

| | | |
|---|---|---|
| **69.** | During the call, the representative stated that he listened to a recording of the September 6, 2017 phone call. | Johnson Decl. Ex. H<br><br>Moving Party's Response: Undisputed |
| **70.** | During the call, the representative stated that, Johnson had complained that he was not receiving billing statements for his Ink account during the September 6, 2017 call. | Johnson Decl. Ex. H<br><br>Moving Party's Response: Undisputed |
| **71.** | Johnson does not remember receiving the document attached to the Hyatt Declaration as Exhibit N and described as a "a true and correct copy of a letter from Equifax to Plaintiff dated September 11, 2020" prior to the arbitration. | Johnson Decl. ¶ 20<br><br>Moving Party's Response: Undisputed |
| **"Admission"** | | |
| **72.** | On October 14, 2020, Johnson received a response from Chase regarding his CFPB complaint. | Johnson Decl. ¶ 21; Johnson Decl. Ex. I<br><br>Moving Party's Response: Undisputed |
| **73.** | On April 29, 2021, Johnson received an email from counsel for Chase stating that "FCRA preempts all other credit reporting related claims regardless of the name under which they are pled; Mr. Johnson declined to make a FCRA claim in his amended complaint and is therefore not entitled to such relief because such relief could not be awarded in court under these circumstances." | Johnson Decl. ¶ 22<br><br>Moving Party's Response: Undisputed |
| **74.** | When he wrote "Claimant [Plaintiff] admits (and Respondent [Chase] concurs) that he was liable for the account, and hence the information reported to the CRAs by Respondent was accurate", Johnson meant only to admit that he had | Johnson Decl. ¶ 23 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | opened the account and that all purchases were made by him. | |
|---|---|---|---|
| | | 74. Moving Party's Response: This self serving "fact" has no efficacy. The statement speaks for itself. | |
| | **75.** | Johnson is not an attorney and had no prior legal experience before the arbitration. | Johnson Decl. ¶ 24  Moving Party's Response: Undisputed |
|  | **Prior Notice** | | |
| | **76.** | Between May 21, 2018 and June 12, 2018, Johnson had 10 phone calls with Chase representatives. | Johnson Decl. ¶ 25; Johnson Decl. Ex. J  Moving Party's Response: Undisputed |
| | **77.** | During those calls, Johnson provided relevant information concerning his dispute. | Johnson Decl. ¶ 26; Johnson Decl. Ex. J |
| | | 77. Moving Party's Response: Relevant information is undefined and in this context has no meaning. Undisputed that Mr. Johnson provided information in the calls. | |
| | **78.** | During those calls, Johnson disputed the account's reported status, charged off balance, and payment history. | Johnson Decl. ¶ 27; Johnson Decl. Ex. J |
| | | 78. Moving Party's Response: Chase disputes this fact in so far as it is inconsistent with the findings in the judgment confirming the Arbitration Award.  Regardless of Mr. Johnson's | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | desire to relitigate the facts fundamental to the arbitration, the judgment found a mutual mistake of fact regarding any payment made on September 6, 2017. See RJN, Exhibit F. | |
|---|---|---|---|
| **79.** | | On August 19, 2020, Johnson submitted a complaint concerning his Ink account via the CFPB. | Johnson Decl. ¶ 28; Johnson Decl. Ex. K<br><br>Moving Party's Response: Undisputed |
| **80.** | | In his CFPB complaint, Johnson reported that he paid the account in full, stopped using it, and observed an unexpected $500 charge-off and derogatory credit marks, despite receiving no notice from Chase. | Johnson Decl. ¶ 28; Johnson Decl. Ex. K<br><br>Moving Party's Response: Undisputed |
| **81.** | | On August 25, 2020, Johnson served Chase with a written notice of dispute and intent to arbitrate. | Johnson Decl. ¶ 29; Johnson Decl. Ex. L<br><br>Moving Party's Response: Undisputed |
| **82.** | | In his notice of dispute and intent to arbitrate, Johnson reported that he paid the account in full, stopped using it, and observed an unexpected $500 charge-off and derogatory credit marks, despite receiving no notice from Chase. | Johnson Decl. Ex. L<br><br>Moving Party's Response: Undisputed |
| **Rule 30(b)(6) Representative - Barbara Burda** | | | |
| **83.** | | Chase understood that Johnson's dispute included an allegation that there was an incorrect balance on his account. | Burda Dep. 55:4-8<br><br>Moving Party's Response: Undisputed |
| **84.** | | The FCRA relevant information that Chase received on the ACDV did not suggest the complaint was about fraud. | Burda Dep. 74:11-14<br><br>Moving Party's Response: Undisputed |
| **85.** | | Burda testified that the ACDV contains a dispute code of "104". | Burda Dep. 72:13-15<br><br>Moving Party's Response: |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | |
|---|---|---|
| | | Undisputed |
| **86.** | The investigation was performed based on a dispute code "104". | Burda Dep. 68:12-13, 72:7-8; Hyatt Decl. Ex. K<br><br>Moving Party's Response: Undisputed |
| **87.** | The document that Hyatt swears is the ACDV contains dispute code "021". | Hyatt Decl. Ex. J<br><br>Moving Party's Response: Undisputed |
| **88.** | The Dispute Manual contains the written procedure that Chase had in place in August and September 2020 conduct to FCRA dispute investigations. | Burda Dep. 23:7-10<br><br>Moving Party's Response: Undisputed |
| **89.** | The Dispute Manual defines dispute codes "019", "023", and "104". | Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| **90.** | The Dispute Manual does not define dispute code "021". | Johnson Decl. Ex. E<br><br>Moving Party's Response: Undisputed |
| **91.** | Hyatt asked Johnson about the "021" code on the ACDV during his deposition of Johnson, before he submitted the Hyatt Declaration. | Johnson Decl. ¶ 37; Johnson Decl. ¶ Ex. Q ("Johnson Dep.") 57:15-58:4<br><br>Moving Party's Response: Undisputed |
| **Complaint Draft** | | |
| **92.** | When Johnson submitted his dispute via Equifax's website in August 2020, he did not have access to billing statement, or to Chase's internal records, and relied solely on memory of events nearly three years prior. | Johnson Decl. ¶ 30<br><br>Moving Party's Response: Undisputed |
| **EO Letter** | | |
| **93.** | The document attached as Ex. M to the Hyatt Declaration and identified as an "October 13, 2020 letter from Chase to | Hyatt Decl. Ex. M<br><br>Moving Party's Response: |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | |
|---|---|---|
| | Plaintiff' ("EO Letter") states that it is from Chase's Executive Office. | Undisputed |
| **94.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account **delinquent** to CRAs was an **accurate** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **95.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account was a **charge off** to CRAs was an **accurate** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **96.** | The EO Letter is the basis for Chase's determination, after its investigation of the dispute, that reporting the Account was a **charge off** to CRAs was a **complete** report of information. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **97.** | The EO Letter, in conjunction with the Dispute Manual, forms the basis of Chase's contention that its investigation of the dispute was **non-cursory**. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **98.** | The EO Letter, in conjunction with the Dispute Manual, forms the basis of Chase's contention that its investigation of the dispute was **reasonable**. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **99.** | Chase's interrogatory responses were verified by Burda. | Johnson Decl. ¶ 31; Johnson Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **100.** | The investigation handled by Chase's Executive Office was separate from the FCRA/ACDV investigation conducted by the CBO Disputes team. | Burda Dep. 81:5-6; 98:9-13<br><br>Moving Party's Response: Undisputed |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

| 101. | When asked whether the document was "the final product" of the "FCRA investigation that Chase conducted in August and September 2020", Burda testified that the document had "nothing to do" with the FCRA investigation. | Burda Dep. 97:21-98:13<br><br>Moving Party's Response: Undisputed |
|------|------|------|
| 102. | Johnson did not receive the EO Letter prior to its production in the arbitration. | Johnson Decl. ¶ 32<br><br>Moving Party's Response: Undisputed |
| 103. | The EO Letter bears Carla Wills' name. | Hyatt Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| 104. | Carla Wills does not know whether she had seen the EO Letter before. | Johnson Decl. ¶ 33; Johnson Decl. Ex. N ("Wills Dep.") 23:1-10, 24:6-15<br><br>Moving Party's Response: Undisputed |
| 105. | Carla Wills does not know whether she was involved in preparing the EO Letter. | Wills Dep. 23:1-10, 24:6-15<br><br>Moving Party's Response: Undisputed |
| 106. | Carla Wills does not know whether she provided any of the information that is included in the EO Letter. | Wills Dep. 23:1-10, 24:6-15<br><br>Moving Party's Response: Undisputed |
| **No Personal Knowledge** | | |
| 107. | No current Chase employees recalls the investigation into Johnson's notice of dispute, submitted to Equifax on or about August 25, 2020, concerning the accuracy of information Chase provided to Equifax. | Johnson Decl. ¶ 34; Johnson Decl. Ex. O<br><br>Moving Party's Response: Undisputed |
| 108. | Chase is unaware of any current or former employees who recall the | Johnson Decl. ¶ 34; Johnson Decl. Ex. O |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT

| | investigation into Johnson's notice of dispute, submitted to Equifax on or about August 25, 2020, concerning the accuracy of information Chase provided to Equifax. | Moving Party's Response: Undisputed |
|---|---|---|
| **Unreasonableness** | | |
| **109.** | Burda did not try to identify the specialist who conducted the investigation before her deposition. | Burda Dep. 50:22-24<br><br>Moving Party's Response: Undisputed |
| **110.** | Chase does not know the name of the specialist who conducted the investigation, whether that person still works for Chase, or if that person was on Burda's team. | Burda Dep. 37:12-18, 50:11-21, 51:7-12<br><br>Moving Party's Response: Undisputed |
| **111.** | As part of its indirect dispute process, Chase does not contact the CRA to see if there is additional information. | Burda Dep. 35:5-8<br><br>Moving Party's Response: Undisputed |
| **112.** | Reviewing recorded phone calls is not part of Chase's FCRA investigation process for an Automated Consumer Dispute Verification ("ACDV"). | Burda Dep. 60:19-24<br><br>Moving Party's Response: Undisputed |
| **113.** | As part of its indirect dispute process, Chase does not contact the consumer to get more information, and Burda does not know why that is not part of the process. | Burda Dep. 33:4-12<br><br>Moving Party's Response: Undisputed |
| **114.** | On October 20, 2020, Johnson had a conversation via telephone with Carla Wills. | Johnson Decl. ¶ 35; Johnson Decl. Ex. P<br><br>Moving Party's Response: Undisputed |
| **115.** | During the call, Carla told Johnson that, because over two years had passed, "we can't go back and listen to those calls" and so "there's no way to verify what you're actually saying". | Johnson Decl. ¶ 36; Johnson Decl. Ex. P<br><br>Moving Party's Response: Undisputed |
| **Errata** | | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| **116.** | The EO Letter states "[d]ue to the amount of time that has passed, we are unable to review the calls". | Hyatt Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| --- | --- | --- |
| **117.** | The EO Letter states "the calls we did find noted on your account cannot be reviewed due to the length of time that has passed". | Hyatt Decl. Ex. M<br><br>Moving Party's Response: Undisputed |
| **118.** | On August 3, 2022, Johnson caused to be served on Chase a demand for arbitration, with claims identical to those in the complaint in the instant lawsuit. | Johnson Decl. ¶ 40;<br>Johnson Decl. Ex. T-1<br><br>Moving Party's Response: Undisputed |
| **119.** | On August 18, 2022, Johnson received Chase's objection to his August 3, 2022 Demand for Arbitration. | Johnson Decl. ¶ 41;<br>Johnson Decl. Ex. T-2<br><br>Moving Party's Response: Undisputed |
| **120.** | On September 16, 2022, JAMS declined administration. | Johnson Decl. ¶ 42;<br>Johnson Decl. Ex. T-3<br><br>Moving Party's Response: Undisputed |
| **121.** | On or about September 6, 2017, Johnson told Chase that he wanted to terminate his relationship with them concerning his Chase Ink credit card account, and authorized a withdrawal for the entire outstanding balance from his bank account. | Johnson Decl. ¶ 43 |
| | 121. Moving Party's Response:<br><br>Chase disputes this fact in so far as it is inconsistent with the findings in the judgment confirming the Arbitration Award.  Regardless of Mr. Johnson's desire to relitigate the facts fundamental to the arbitration, the judgment found a mutual mistake of fact regarding any | |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | | |
|---|---|---|
| | payment made on September 6, 2017. See RJN, Exhibit F. | |
| **122.** | Prior to September 6, 2017, Johnson received several messages from Chase, via email and in connection with his Ink account, stating that a "credit card payment is due in 10 days". | Johnson Decl. ¶ 44<br><br>Moving Party's Response: Undisputed |
| **123.** | From September 6, 2017 through May 21, 2018, Johnson did not receive any emails from Chase stating that a "credit card payment is due in 10 days". | Johnson Decl. ¶ 45 |
| | 123. Moving Party's Response:<br><br>Chase disputes this fact in so far as it is inconsistent with the findings in the judgment confirming the Arbitration Award.  Regardless of Mr. Johnson's desire to relitigate the facts fundamental to the arbitration, the judgment found a mutual mistake of fact regarding any payment made on September 6, 2017. See RJN, Exhibit F. | |
| **124.** | From September 6, 2017 through May 21, 2018, Johnson did not receive any other form of communication from Chase indicating that his Ink account was delinquent, that an amount was owed, or that payment was due, or soon due. | Johnson Decl. ¶ 46 |
| | 124. Moving Party's Response:<br><br>Chase disputes this fact in so far as it is inconsistent with the findings in the judgment confirming the Arbitration Award.  Regardless of Mr. Johnson's desire to relitigate the facts fundamental to the arbitration, the judgment found a mutual mistake of fact regarding any payment made on September 6, 2017. See RJN, Exhibit F. | |

| 125. | On May 30, 2018 and August 19, 2020, Johnson informed Chase or counsel for Chase that he was willing to resolve this dispute by paying $499, the entire amount allegedly owed of, in exchange for the deletion of the account or correction of the reporting. | Johnson Decl. ¶ 47<br><br>Moving Party's Response: Undisputed |
|------|------|------|
| 126. | On December 22, 2020, and December 30, 2020, March 2, 2021, having paid $499 on August 26, 2020, Johnson informed counsel for Chase that he was willing to resolve this dispute in exchange for the deletion of the account or correction of the reporting. | Johnson Decl. ¶ 48<br><br>Moving Party's Response: Undisputed |

DATED:  August 26, 2025          DYKEMA GOSSETT LLP


By:  _____/s/ Robert A. Hyatt_____
       ROBERT A. HYATT
       Attorneys for Defendant
       JPMORGAN CHASE BANK. N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT'S RESPONSE TO JOSHUA JOHNSON'S CORRECTED STATEMENT OF GENUINE DISPUTES AND ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO JPMORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT**

on the interested parties in this action as follows:

Joshua Johnson                                    **RESPONDENT IN PRO PER**
1373 Caminito Halago
La Jolla, CA  92037
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address AAyala@dykema.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2025, at Los Angeles, California.

_____
*/s/ Annette Ayala*
Annette Ayala

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO JOSHUA JOHNSON'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S REPLY RE MOTION FOR SUMMARY JUDGMENT