UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-06718-AB-MAA | Date: | October 10, 2025 |
|---|---|---|---|

| Title: | *Joshua Johnson v. JPMorgan Chase Bank, N.A.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>DENYING</u> DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. No. 68]**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Summary Judgment ("Motion," Dkt. No. 68). Plaintiff Joshua Johnson ("Plaintiff"), pro se, filed an opposition and Chase filed a reply. The Court heard oral argument on September 19, 2025. The Motion is **<u>DENIED</u>**.

**I.   BACKGROUND**

Plaintiff's Complaint alleges claims under the Fair Credit Reporting Act ("FCRA") and the California Consumer Reporting Agencies Act ("CCRAA"). The Complaint alleges that on August 24, 2020, Plaintiff filed a dispute with Equifax contesting the completeness and accuracy of information related to a credit card account Plaintiff previously held with Chase. Compl. ¶ 8. "Plaintiff disputed Chase's reporting that Plaintiff's Chase Ink credit card account was delinquent and was a charge-off, without reporting that there was a bona fide dispute regarding this reporting and that Plaintiff had meritorious defenses, including that (a) in September 2017, Plaintiff contacted Chase to pay off the entire balance of his account and terminate his account relationship with a $0 balance and (b) Plaintiff's

payments had never come due because Chase never provided him a statement with the due date." *Id.* Around August 25, Equifax notified Chase of the dispute. *Id.* ¶ 10. Chase had 30 days to conduct a reasonable investigation and report the results to Equifax. *Id.* Plaintiff alleges that Chase failed to conduct a reasonable investigation into the dispute because it failed to review all relevant information relating to the dispute that it had, including not only the information provided by Equifax, but also its own internal emails discussing Plaintiff's claims, notes, call records, and a parallel complaint Plaintiff filed with the Consumer Financial Protection Bureau ("CFPB") and Chase's investigation into the CFPB complaint.

After Chase completed its investigation on or about September 8, 2020, Chase updated the information it reported to Equifax: Chase previously reported that "Unpaid balance reported as a loss (charge-off)," and its updated report stated that "Account was paid in full, was a charge-off." Compl. ¶ 14. Plaintiff alleges the updated report was also inaccurate and not verified and was materially misleading because it still suggested that he intentionally or negligently failed to pay the account when in fact he tried to pay off the complete balance when he closed the account. Chase also failed to correct previous reports that his account was delinquent or charged-off. *Id.* Such entries should have been deleted or permanently blocked under the FCRA. *Id.* Plaintiff only learned about Chase's failure to correct the entries in mid-October 2020. *Id.* Plaintiff alleges that Chase's misleading reported damaged his credit, causing it to drop by 200 points, leading to various kinds of consequential damages, including increased home and car insurance rates, and foregone opportunities to purchase properties in late 2020 that have since appreciated in value by about 50%. *Id.* ¶ 16. Both Plaintiff's FCRA and CCRAA claims arise from the same facts alleged above.

Before Plaintiff filed this case, on September 30, 2020, Plaintiff commenced an arbitration before the American Arbitration Association arising out of his September 2017 attempt to close his Chase Ink card. Arbitrator Horton issued an award on March 3, 2022, and it was confirmed by the Superior Court on May 9, 2025. *See* Defs.' RJN Ex. F (judgment confirming arbitration award, with Award attached thereto as Ex. A). The record concerning the arbitration is somewhat messy. But the parties agree that Plaintiffs original claim in the Arbitration was for "injunctive relief requiring Chase to correct his credit report," but Plaintiff amended his claim "reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent." SUF 26. "Despite raising the issue of incorrect credit

reporting in his amended claim, Johnson stated that he was not pursuing a Fair Credit Reporting Act (FCRA) claim in the Arbitration." SUF 26. Arbitrator Holton appeared to treat Plaintiff's claim as a contract claim and defined the issue relevant to this case as "When a Chase representative contacted Johnson by telephone call on Sept. 6, 2017, was there an agreement made that Johnson, in paying $111.49 to Chase, was paying off the entire balance of his account, and then closing the account with a $0 balance, such that no adverse credit report should have been made?" Arb. Award p. 2. Arbitrator Holton found that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment." SUF 31. Arbitrator Holton then awarded a equitable remedy: ordering Chase to retract and cause to be remove all adverse credit references regarding Johnson arising out of the Ink credit card within 30 days of Johnson paying $238.52, which is the amount Johnson agrees he owed as of September 6, 2017. *See* Arb. Award p. 2.

Chase now moves for summary judgment on several grounds, including that collateral estoppel bars Plaintiff's claims, that Plaintiff's claims are barred by the statute of limitations, and that the undisputed facts otherwise foreclose Plaintiff's claims.

## II. LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party has the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id*. The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

//
//
//

## III.   DISCUSSION

### A. Plaintiff's Claims are Not Barred By Collateral Estoppel

Chase argues that Plaintiff's FCRA and CCRAA claims are collaterally estopped by the Arbitration Award that was reduced to a judgment in state court. In his opposition, Plaintiff argues that collateral estoppel is foreclosed by an amendment to his cardmember agreement that was emailed to him on June 5, 2019, well before his September 30, 2020 demand for arbitration.

The amendment says: "**All claims or disputes** between you and us about or **relating in any way to your account, any prior account**, your cardmember agreement with us (including any future amendments), **any prior cardmember agreement, or our relationship** are referred to as 'Claims' for purposes of this agreement to arbitrate. ... **All Claims are subject to arbitration** whether they arose in the past, may currently exist, or may arise in the future. ... **No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue.**" Add'l Facts 41, 42; Johnson Decl. Ex. A, p. 8.

This language forecloses Chase's argument that the Arbitration Award has a preclusive effect on Plaintiff's claims in this case. As the Court understands it, the claims adjudicated in the arbitration were fundamentally contract claims: did the parties agree that Plaintiff's September 6, 2017, payment paid off his balance? By contrast, the claims in this case arise under the FCRA and CCRAA, and are directed to the reasonableness (or lack thereof) Chase's investigation into Plaintiff's August 24, 2020 dispute that Plaintiff filed with Equifax. These are not the same claims so the arbitration cannot have any preclusive effect as to the claims in this case.

Chase responds that the arbitration was conducted pursuant to a different agreement, the Online Service Agreement ("OSA"), and not the emailed amendment. But the emailed amendment defines "claims" broadly to include disputes arising from that account, or any prior account, any prior cardmember agreement, or "our relationship." Thus, that the arbitration was conducted pursuant to the previously-issued OSA does not matter; by its own terms, the amendment, which was drafted by Chase, amended the OSA to establish that any arbitration conducted thereunder would have no preclusive effect as to any other claims.

The Court therefore concludes that the Arbitration Award has no preclusive effect on Plaintiff's FCRA and CCRAA claims, so Chase's argument that these claims are collaterally estopped fails.

### B. Plaintiff's Claims Are Not Barred by the Statute of Limitations.

The statute of limitations governing Plaintiff's FCRA claim is "2 years after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(1). The statute of limitations for Plaintiff's CCRAA claim is "two years from the date the plaintiff knew of or should have known of the violation, but not more than seven years from the earliest date on which liability could have arisen." Cal. Civ. Code § 1785.33 "Courts treat the FCRA, CCRAA and ICRAA two-year discovery similarly." *Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 2019 WL 6482221, at *2 (C.D. Cal. July 8, 2019).

Chase argues that the statute of limitations began on September 8, 2020 because that is the date that Chase responded to Equifax that the information Plaintiff disputed regarding his Ink card was accurate. SUF 17. Plaintiff filed suit more than two years later—on September 19, 2022—so his claims are barred.

Chase is incorrect that the statute of limitations began to run when it responded to Equifax. The statutes of limitations here are discovery provisions. Therefore, Chase must "demonstrate that a reasonably diligent plaintiff would have *discovered* the facts constituting the violation.... [it must] demonstrate how a reasonably diligent plaintiff ... would have discovered the violations." *Strategic Diversity, Inc. v. Alchemix Corp.,* 666 F.3d 1197, 1206 (9th Cir. 2012). If a defendant fails to meet this burden, material issues of fact remain as to "whether plaintiffs knew or had reason to know of the specific" violation, and summary judgment must be denied. *Norman–Bloodsaw v. Lawrence Berkeley Lab.,* 135 F.3d 1260, 1266 (9th Cir. 1998).

Here, Chase neither addresses, let alone establishes, that Plaintiff either did discover, or should have discovered, Chase's alleged violation when Chase communicated its results only to Equifax. Chase points to no particular date when Plaintiff discovered or should have discovered Chase's violation. Chase has therefore failed to establish that the statute of limitations bar Plaintiff's claims. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (reversing summary judgment because furnisher-defendant did not establish when the plaintiff discovered or should have discovered its alleged violations).

The Court therefore **DENIES** Chase's Motion for Summary Judgment based on the statute of limitations.

### C. Material Issues of Fact as to the Elements of Plaintiff's Claims Preclude Summary Judgment.

Finally, Chase argues that Plaintiff's claims otherwise fail because the undisputed facts foreclose Plaintiff from proving various elements of his claims. The Court has reviewed all of the filings. The Court will not engage in a belabored analysis because it suffices to say that the material facts that Chase contends are undisputed and warrant judgment in its favor are in fact subject to genuine disputes that foreclose summary judgment. Plaintiff has raised triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment.

Given the previous stay, the Court did not set trial-related dates. At the hearing, the Court raised the issue of attempting to mediate this case sooner rather than later, whether through private mediation, the Court's panel, or, if available, a magistrate judge. The parties are **ORDERED** to meet and confer and file a Joint Report stating their preferred method of mediation and proposing a deadline. The parties should also meet and confer and propose trial-related dates, including for first and second round trial filings, a final pretrial conference and motion in limine hearing, and a trial date no earlier than February 2026. The parties must also file a Stipulation and Proposed Order for the Court's use. These items must be filed **within 21 days of this Order**.

**IT IS SO ORDERED**.

---

[1] In light of this conclusion, the Court finds it unnecessary to adjudicate any evidentiary objections. Therefore, they are all overruled as moot.