1 | **DYKEMA GOSSETT LLP**
  | ABIRAMI GNANADESIGAN, State Bar No. 263375
2 | *AGnanadesigan@dykema.com*
  | 444 South Flower Street, Suite 2200
3 | Los Angeles, California 90071
  | Telephone: (213) 457-1800
4 | Facsimile: (213) 457-1850

5 | Attorneys for Defendant
  | JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAAx |
|---|---|
| Plaintiff, | The Hon. André Birotte Jr.<br>Courtroom 7B |
| v. | Magistrate Maria A. Audero<br>Courtroom: 690 |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]** |
| | Date: December 5, 2025<br>Time: 10:00 AM<br>Location: Dept 7B |
| | Complaint Filed: September 19, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mindful that motions for reconsideration are reserved only for highly unusual circumstances, Defendant JPMorgan Chase Bank, N.A. (Chase) presents this motion with the utmost respect for this Court, in an effort to correct clear error, prevent a manifest injustice, and promote judicial efficiency (specifically, the relitigation of factual issues previously considered and decided in the parties' arbitration). The Court's Order Denying Chase's Motion for Summary Judgment (Order, Dkt. 80) is worthy of reconsideration because, even though this Court acknowledged that Arbitrator Holton's March 3, 2022 award (Award) was confirmed by the Los Angeles Superior Court on May 9, 2025 (Dkt. 80, pg. 2), this Court did not consider that upon confirmation the Award became a Judgment. That Judgment is entitled to the same full faith and credit and preclusive effect as any other judgment rendered by the Los Angeles Superior Court.

If the Order remains undisturbed, the parties and this Court will be forced to relitigate factual issues—whether Chase sent paper bills, called, emailed or otherwise attempted to make Plaintiff aware that his account carried a balance while the account was open and whether Plaintiff logged into his Chase account and observed a balance—already decided by Arbitrator Holton. It would be patently unjust if this litigation resulted in inconsistent findings of fact and opposite rulings on the same issues between the same parties. While the legal standards applicable to Plaintiff's FCRA and CCRAA claims admittedly differ from the contract claim at issue in the arbitration, the factual findings are central and, indeed, dispositive of the liability issues present here.

## II. RELEVANT FACTS

As covered in Chase's Motion for Summary Judgment (Dkt. 68), the parties arbitrated a dispute before the American Arbitration Association (AAA), Case No. 01-20-0015-1734, in September 2020 (the "Arbitration"). Arbitrator Holton of AAA

issued an Arbitration Award on March 3, 2022. On March 5, 2025, upon an application by Chase, the Los Angeles Superior Court confirmed the Arbitration Award and reduced it to a judgment. (Statement of Undisputed Facts, Dkt. 68-2, No. 37; RJN, Dkt. 68-1, Exh. F).

> **JUDGMENT**
>
> The award of Charles Holton in American Arbitration Association Case No. 01-20-0015-1734, dated March 3, 2022, and attached hereto as Exhibit A, having been confirmed by order of this Court on March 10, 2025, and no statement of decision having been requested by any party.
>
> **IT IS ADJUDGED**, that the March 3, 2022 award of Charles Holton in American Arbitration Association Case No. 01-20-0015-1734 is confirmed and that Exhibit A, attached hereto, become the judgment of this Court. Petitioner is to give notice.
>
> Dated: 05/09/2025
>
> Michael Small / Judge
> Honorable Michael Small

### III.  ARGUMENT

####   A.  Legal Standard (Fed. R. Civ. P. 59(e) and L.R. 7-18)

A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, *committed clear error*, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted, emphasis added). The movant bears the burden of proving that reconsideration is proper. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Gish v. Newsom*, 2020 U.S. Dist. LEXIS 192714, at *6 (C.D. Cal. Oct. 9, 2020) (citation omitted). Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court that, in the

exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) *a manifest showing of a failure to consider material facts presented to the Court before the Order was entered*.  L.R. 7-18.

### B. The Order Erroneously Treats the State Court Judgment As An Arbitration Award

In addressing Chase's collateral estoppel argument, the Order cites an amendment to Plaintiff's cardmember agreement ("Freedom Card Agreement") that states in relevant part: "No arbitration *award* or *decision* will have any preclusive effect on any issues or claims in any subsequent proceedings beyond the Claims at issue." (Dkt. 80, pg. 4, emphasis added.)

Chase maintains that the Freedom Card Agreement has no application to this case. But even if it did (for the sake of argument), that agreement states that an arbitration *award* or *decision* is not entitled to preclusive effect. There is no provision in the Freedom Card Agreement limiting the preclusive effect of a court *judgment*. To the contrary, the Freedom Card Agreement expressly contemplates that an award may be enforced as a judgment: "This agreement to arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*." (Johnson Decl. Ex. A, p. 18, Dkt. 74) . "Any final arbitration award will be binding on the named parties and enforceable by any court having jurisdiction." (Johnson Decl. Ex. A, p. 19, Dkt. 74). Section 9 of the Federal Arbitration Act sets forth the mechanism to confirm an arbitration award (9 U.S.C. § 9), and the record before this Court establishes there is no dispute that Chase complied with those requirements when, on May 27, 2022, it filed its Petition to Confirm the Arbitration Award in the Los Angeles Superior Court. (Statement of Undisputed Facts, Dkt. 68-2, No. 36.) On May 5, 2025, the Los Angeles Superior Court confirmed the Arbitration Award. (Statement of Undisputed Facts, Dkt. 68-2, No. 37.)

1  A state court judgment confirming an arbitration award (as opposed to the
2  arbitration award itself) must be given "preclusive effect" as it is entitled to "the full
3  faith and credit it would receive under state law." *Caldeira v. County of Kauai*, 866
4  F.2d 1175, 1178 (9th Cir. 1989) (citing 28 U.S.C. § 1738) (holding collateral
5  estoppel barred the re-litigation of matters subject to a confirmed arbitration award).
6  "Federal courts apply the collateral estoppel doctrine of the state where the
7  judgment was rendered." *N. Improvement Co. v. United States*, 398 F. Supp. 3d 509,
8  527 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct.
9  892, 79 L. Ed. 2d 56 (1984)).

10  Here, the Order erroneously fails to recognize that a confirmed arbitration
11  award has the same force and effect of a civil judgment. Cal. Code Civ. Proc.
12  § 1287.4. California distinguishes between confirmed arbitration awards, which are
13  enforceable as any other civil judgment, and unconfirmed arbitration awards, which
14  function as a contract between the parties. *Compare* Cal. Code Civ. Proc., § 1287.4
15  *with id.* § 1287.6; *see also Loeb v. Record*, 162 Cal. App. 4th 431, 451 (Ct. App.
16  2008) ("A further consequence of Edwards's failure to obtain confirmation of the
17  arbitration award is that the superior court could not treat the arbitration award as
18  though it were an enforceable judgment.")

**C.   Issue Preclusion Applies to Plaintiff's FCRA and CCRAA Claims Because the Underlying Factual Issues Are Identical to Those in Plaintiff's Breach of Contract Arbitration Claim**

22  Issue preclusion applies only (1) after final adjudication (2) of an identical
23  issue (3) actually litigated and necessarily decided in the first suit and (4) asserted
24  against one who was a party in the first suit or one in privity with that party.
25  *Gavriiloglou v. Prime Healthcare Mgmt., Inc..*, 83 Cal. App. 5th 595, 602 (Ct. App.
26  2022). Confirmed arbitration awards can have issue preclusion effect. *JPV I L.P. v.*
27  *Koetting*, 88 Cal. App. 5th 172, 192 (2023).
28  First, here, there is no dispute that there was a final adjudication. Arbitrator

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Holton issued the Arbitration Award on March 3, 2022. On March 5, 2025, the Los Angeles Superior Court confirmed the Arbitration Award and reduced it to a court judgment. (Statement of Undisputed Facts, Dkt. 68-2, No. 37.) Second, as described in more detail below, the issues in the Arbitration and in this action are identical. Third, the factual issues central to the breach of contract claims in arbitration (which are the same issues central to Plaintiff's FCRA and CCRAA claims) were actually litigated and necessarily decided during the Arbitration, which consisted of four days of evidentiary hearings, numerous conference calls to address motions, briefing, and evidentiary issues. (Statement of Undisputed Facts, Dkt. 68-2, No. 27.) Finally, the parties to the Arbitration and this litigation are identical—Plaintiff and Chase.

With regard to the similarity of the issues in the arbitration and this litigation, Chase does not dispute that Plaintiff's amended and operative claims in the Arbitration were breach of contract claims. But those breach of contract claims were not simply directed to whether the parties agreed that Plaintiff's September 6, 2017 payment paid off his balance to Chase as the Order states. The breach of contract claims were broader, and premised on the same factual questions at issue here: "a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent." (Statement of Undisputed Facts, Dkt. 68-2, No. 25.)

As the Order correctly states, the claims in this case "arise under the FCRA and CCRAA, and are directed at the reasonableness (or lack thereof) [of] Chase's investigation into Plaintiff's August 24, 2020 dispute that Plaintiff filed with Equifax." (Dkt. 80, pg. 4.) But the Court did not recognize that while the legal elements of the claims may be different, the factual predicates for that dispute – *Did Chase send bills? Did Chase call and/or email Johnson? Did Chase attempt to*

*make Johnson aware that his account carried a balance? Did Johnson even log into his account?* – were all considered and decided adverse to Johnson in the arbitration. Indeed, the Award / Judgment, substantiates that Johnson's Equifax dispute was factually unfounded from the start (the claims were not true).

A comparison of Johnson's Equifax dispute with the arbitrator's findings unmistakably establishes this:

Plaintiff's Equifax Dispute:

| Dispute Code 1: | 104 - Claims account take-over, fraudulent charges on account |
|---|---|
| Dispute Code 2: | |
| FCRA Relevant Information: | Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance. |

Arbitration Award:

Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support.

And when coupled with an application of the primary rights theory, which prohibits Plaintiff from asserting the same right in the previous arbitration and this litigation, the record establishes that Plaintiff's arbitrated breach of contract claim and his instant lawsuit seek recovery for the same injury and are based on the same facts. Chase should not be forced to relitigate the issues of whether Chase sent paper bills, called, emailed or otherwise attempted to make Johnson aware that his account carried a balance while the account was open, or whether Johnson logged into his Chase account and observed a balance because these factual issues were already decided by the arbitrator. *Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 576–579 (Ct. App. 2006). Chase is entitled to rely on and enforce those Arbitration

rulings and findings because they were confirmed in a judgment. Chase respectfully submits the reasonableness of its investigation cannot be contested as a matter of law.

Moreover, the fact that Plaintiff's claims are titled or packaged differently as FCRA and CCRAA claims does not change this result. In *Grinham v. Fielder*, 99 Cal. App. 4th 1049 (Ct. App. 2002), employers who had not signed the arbitration agreement participated in arbitration for the purpose of proving they had no liability to the party with whom their employee had contracted in excess of the scope of his agency and employment. That award and its resulting judgment were entitled to res judicata and collateral estoppel effect in a cross complaint by the employee seeking declaratory relief, contribution, and equity indemnity. The issues of the employee's actual or ostensible agency and the employer's liability for the employee's actions were determined in the arbitration, in which employers participated. Therefore, it was appropriate to grant their motion for summary judgment in the later action for indemnity. *See also Khaligh v. Hadaegh (In re Khaligh)* 506 F. 3d 956, 957 (9th Cir. 2007) (holding arbitration award for defamation that included punitive damages was entitled to preclusive effect to allow summary judgment in adversary proceeding establishing debt as malicious and willful and nondischargeable under 11 U.S.C. § 523(a)(6) or another cause of action based on the same primary right). The same result is required here. Plaintiff's breach of contract, FCRA, and CCRAA claims are all based on the same primary right, for which Arbitrator Holton issued a written award, and that Chase had reduced to a judgment of the Los Angeles County Superior Court. That Judgment contains findings of fact, entitled to preclusive effect here, that support the fact that Chase's investigation of the information it had previously furnished to Equifax was reasonable and that the resultant response to Plaintiff's dispute was accurate.

///

///

## IV. CONCLUSION

For the foregoing reasons, Chase respectfully urges the Court to reconsider the Order and grant summary judgment on Plaintiff's FCRA and CCRAA claims.

DATED: Click or tap to enter a date.

DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]** on the interested parties in this action as follows:

Joshua Johnson  **RESPONDENT IN PRO PER**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 24, 2025, at Los Angeles, California.

_____
Mitzi Mendoza