**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Judge Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]**<br><br>**Date:** December 5, 2025<br>**Time:** 10:00 AM<br>**Location:** Dept 7B<br><br>Complaint Filed:　September 19, 2022 |

008241.002262 4913-0844-6331.1

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff fails to address in any meaningful way the key dispositive point in Defendant's Motion for Reconsideration—that the Order denying Defendant's Motion for Summary Judgment does not account for the legal differences between an unconfirmed arbitration *award* or *decision* and an award that has been reduced to a court *judgment* pursuant to Section 9 of the Federal Arbitration Act. The express terms of the Freedom Card Agreement, an agreement that Defendant does not concede applies, but that the Court relied on when issuing the Order, afforded both Defendant *and Plaintiff* the contractual right to seek confirmation of an award or decision as a judgment. Defendant expended significant effort and resources exercising that right, and as such, the Judgment of the Los Angeles Superior Court is entitled to full faith and credit under the Federal Arbitration Act.

Instead of addressing this dispositive point head on, Plaintiff attempts to muddy the waters by contesting the governing standard for Motions for Reconsideration and attempting to misrepresent Defendant's extensive meet and confer efforts. The Court should disregard Plaintiff's red-herring arguments and utilize its inherent authority and authority under Local Rule 7-18 to correct its ruling.

## II. LOCAL RULE 7-18 AND THIS COURT'S INHERENT AUTHORITY GOVERN DEFENDANT'S MOTION FOR RECONSIDERATION, AND DEFENDANT COMPLIED WITH LOCAL RULE 7-18 IN BRINGING THIS MOTION

Local Rule 7-18 was implemented to allow reconsideration of an order upon a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18. As stated in Defendant's moving papers, Defendant respectfully submits that the Order fails to consider the preclusive effect of the May 9, 2025 Superior Court Judgment, erroneously relying on the waiver

language of the Freedom Card Agreement, which by it's express terms applies only to arbitration awards or decisions. Plaintiff does not dispute that these material and claim-dispositive facts were presented to the Court before the Order was entered.[1] Plaintiff also concedes that this Court has the inherent power to reconsider the Order. *See Intamin, Ltd. v. Magnetar Techs. Corp.,* 623 F.Supp.2d 1055, 1068 (C.D. Cal. 2009) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment").

Contrary to Plaintiff's arguments, Defendant did not contravene Local Rule 7-18 by repeating arguments already made, or now asserting arguments that could have been made, in support of the Motion for Summary Judgment. While Defendant did previously argue the preclusive effect of the Superior Court Judgment, it did not do so in the context of the precise language of the Freedom Card Agreement because Defendant has always maintained that agreement has no application in this case. Given the procedural history here *(this case was stayed for 14 months pending the outcome of Plaintiff's efforts to appeal the Award before a AAA panel and the time necessary to have the Award confirmed by the Los Angeles Superior Court)*[2], Defendant had no grounds or other reason to believe that this Court would overlook the Judgment and its significance. Disregarding the significance of the Judgment

---

[1] Even if Reconsideration of the Order is governed by Rule 54(b), the analysis is the same. Rule 54(b) allows for reconsideration where the trial court failed to consider material evidence presented in the summary judgment papers. This is consistent with the standard discussed in the context of Local Rule 7-18, which is applicable to all orders (interlocutory or final), and is the governing standard as a Local Rule of this Court.

[2] Indeed, the timing for submission of the stipulation and order lifting the stay was expressly based on "allowing [time] for a judgment to be entered based on the arbitration." March 28, 2025 Civil Minutes, Dkt 63.

constitutes failure to consider material evidence requiring reconsideration. The Court incorporating the term "judgment" into the waiver provision where it does not exist would also constitute a failure to consider the material evidence in front of it The express language of the Freedom Card Agreement limits any waiver exclusively to "awards" or "decisions." Defendant respectfully submits that either reason for this Court's determination that waiver applies and the Judgment is not entitled to collateral estoppel effect warrants reconsideration under Local Rule 7-18.

## III. PLAINTIFF DOES NOT ADDRESS OR DISPUTE THE LEGAL DIFFERENCES BETWEEN AN AWARD, DECISION, AND JUDGMENT

Plaintiff does not address, and thus concedes, the argument that a confirmed arbitration award has the same force and effect as a civil judgment, as opposed to an unconfirmed arbitration award which functions as a contract between the parties. *Compare* Cal. Code Civ. Proc. § 1287.4 *with* § 1287.6. Indeed, the authority that Plaintiff relies on does not even address the effect of confirmed arbitration awards, and discusses only the contractual nature of arbitration awards, which Defendant does not dispute. *See Benasra v. Mitchell Silberberg & Knupp,* 96 Cal.App.4th 96 (2002). On the other hand, the authority accurately cited by Defendant turns on this key distinction. While *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (citing 28 U.S.C. § 1738) does analyze preclusion under Hawaii law, it is instructive on the issue of re-litigation of matters subject to confirmed arbitration awards. It is undisputed that Defendant properly applies the collateral estoppel doctrine of California in its analysis.

Contrary to Plaintiff's argument and the improper assumption made by the Order, the parties did not agree to waive any preclusive or collateral estoppel effect of a confirmed arbitration award or court judgment. Such language appears nowhere in the Online Services Agreement, Amendment to the Freedom Card Agreement, or any other agreement between the Parties. Defendant took the meaningful step of

converting and confirming the arbitration award into a judgment, and the Court even stayed the case pending entry of the Judgment, but the Court's Order essentially nullifies this exercise. Also contrary to Plaintiff's argument, the Amendment to the Freedom Card Agreement expressly contemplates the preclusive effect of a confirmed arbitration award or judgment by stating: "This agreement to arbitrate is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*." (Johnson Decl. Ex. A, p. 18, Dkt. 74) . "Any final arbitration award will be binding on the named parties and enforceable by any court having jurisdiction." (Johnson Decl. Ex. A, p. 19, Dkt. 74).

This is not a mere disagreement with the Court's interpretation of the contractual relationship between the Parties. Defendant respectfully submits that the Motion is based on the Order's failure to consider that the parties never agreed to limit the preclusive effect of a court judgment in the Freedom Card Agreement, and in fact expressly agreed to the binding nature and enforceability of such a judgment.

## IV.   ISSUE PRECLUSION APPLIES

As discussed in detail in Defendant's moving papers, the factual predicates for the prior breach of contract action -- *Did Defendant send bills? Did Defendant call and/or email Johnson? Did Defendant attempt to make Johnson aware that his account carried a balance? Did Johnson even log into the correct account?* – are identical to the issues raised by Johnson in his August 24, 2020 Equifax dispute. And Plaintiff correctly asserts that these issues were "lifted" from his Equifax dispute. The reason Defendant did so is because its alleged failure to investigate these issues is at the heart of the FCRA case before this Court ***and*** the breach of contract claims that were arbitrated. Given the clear overlap it is simply specious for Plaintiff to contend that "[n]one of these five issues were decided in the arbitration" All of these issues were thoroughly considered and decided adverse to Johnson in Part 1 of the Arbitrator's decision. (Statement of Undisputed Facts, Dkt. 68-2, No. 27.)

While Defendant acknowledges that the standards for liability under the Fair Credit Reporting Act differ from those for breach of contract, if the Court does not reverse its order denying summary judgment, Defendant must be entitled to rely on the Superior Court Judgment when it presents argument that its investigation was reasonable.

## V. DEFENDANT'S MOTION SHOULD NOT BE DENIED BECAUSE THE MEET AND CONFER OCCURRED FEWER THAN SEVEN DAYS BEFORE ITS FILING

Plaintiff misleadingly omits the history of Defendant's extensive meet-and-confer efforts. Counsel for Defendant emailed Plaintiff on October 18, 2025, informing Plaintiff of Defendant's intent to file the Motion for Reconsideration, and asking about availability for a telephonic meet and confer. (Declaration of Abirami Gnanadesigan ("Gnanadesigan Decl."), ¶ 2, Exh. A).  Plaintiff responded by email on October 19, asking for Defendant's grounds for reconsideration without providing availability for a meet and confer conference. (*Id.*, ¶ 3, Exh. B).  Counsel for Defendant responded on October 20 with a detailed factual and legal explanation of Defendant's position and again asked for Plaintiff's availability to discuss by phone on the same day. (*Id.*, ¶ 4, Exh. C).  Without receiving any response, Defendant's counsel followed up about Plaintiff's availability by email on October 22. (*Id.*, ¶5, Exh. D).  Plaintiff texted Defendant's counsel later that same day, claiming that his emails may be going to a spam filter, but Defendant's counsel confirmed with her firm's IT department that no emails were sent from josh@jj88.org to her with the subject line shown in the email string between counsel for Defendant and Plaintiff. (*Id.*, ¶ 6-7, Exh. E).  Subsequently, counsel for Defendant and Plaintiff set a telephonic meet and confer for a mutually available time on October 23, discussed the substance of the Motion for Reconsideration thoroughly, and were unable to come to an agreement. (*Id.*, ¶ 8).

Moreover, Plaintiff does not dispute that the parties ultimately met and

conferred about this Motion before it was filed. Plaintiff also does not dispute that an earlier meet and confer would have been no more successful than the telephonic meet and confer that occurred on October 23. This Court has on numerous occasions considered motions where there was not strict compliance with the seven-day rule in L.R. 7-3. *E.g.*, *Kaupelis v. Harbor Freight Tools USA, Inc.,* No. SACV 19-1203 JVS (DFMx), 2020 U.S. Dist. LEXIS 186249, at *10-11 (C.D. Cal. Sept. 23, 2020) ("The Court declines to deny the motion on this procedural ground. This Court has previously rejected an invitation to deny a fully briefed motion for failure to comply with Local Rule 7-3 were the party opposing the motion 'fail[ed] to show how any issue could have been resolved out of court because [that party] contests every issue raised…in [the] motion." *Patton v. Experian Data Corp.,* 2018 U.S. Dist. LEXIS 231731 (C.D. Cal. Dec. 4, 2018….Although the purpose of Rule 7-3 is to promote judicial economy, *Pollard v. FCA US LLC,* 2018 WL 10701619, at *1 (C.D. Cal. June 25, 2019), Plaintiffs have failed to show how agreement would easily have been reached so as to obviate the filing of the motion."); *SPEX Techs., Inc. v. Apricorn, Inc.,* No. CV 16-7349 JVS (AGRx), 2020 U.S. Dist. LEXIS 193349, at *4 (C.D. Cal. Sept. 30, 2020) (denying request not to consider a fully briefed motion where the moving party requested the meet and confer less than seven days before the filing because "SPEX has failed to show how agreement would easily have been reached so as to obviate the filing of this motion"); *Munchoff v. Munchoff,* No. SACV 15-00883 JVS (JCGx), 2015 U.S. Dist. LEXIS 118012, at *6 (C.D. Cal. Sept. 3, 2015) (denying request not to consider a motion where the meet and confer occurred fewer than seven days before filing because "the Court finds that [the moving party] has complied with the heart and spirit of the rule; namely, that the parties met and conferred prior to the motion being filed").

     Here, Defendant's counsel was not trying to deprive Plaintiff of adequate time to consider Defendant's request that the Court reconsider its Order denying

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

summary judgment on all of Plaintiff's claims, although Plaintiff's response and position would have undoubtedly been the same with more time. Defendant would have deferred filing this Motion for Reconsideration until October 25 (seven days after the October 18 email) or even October 30 (seven days after the October 23 telephonic conference) if not for L.R. 7-18, which was amended in December 2020 to require motions for reconsideration to be filed within 14 days of the subject order. Given the strict 14-day limitation mandated by L.R. 7-18, the truncated time in which Defendant had to determine whether it would be filing such a serious motion, Plaintiff's failure to timely respond to counsel for Defendant's requests to meet and confer, the telephonic conference took place later than required. Defendant understands the importance of complying with all applicable rules and made every effort to do so here.

## VI.   CONCLUSION

For these reasons, Defendant respectfully urges the Court to reconsider the Order and grant summary judgment on Plaintiff's FCRA and CCRAA claims.

DATED: November 21, 2025         DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Defendant JPMORGAN CHASE BANK, N.A., certifies that this brief contains 2,023 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 21, 2025         DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4913-0844-6331.1

9

DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY
IN SUPPORT OF MOTION FOR RECONSIDERATION

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]** on the interested parties in this action as follows:

Joshua Johnson                                    **DEFENDANT PRO SE**
2201 5th Street, Apt. 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2025, at Los Angeles, California.

Mitzi Mendoza