1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JOSHUA JOHNSON,

      Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Judge Maria A. Audero
Courtroom: 690

**DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]**

**Date:**       **December 5, 2025**
**Time:**       **10:00 AM**
**Location:**     **Dept 7B**

Complaint Filed:   September 19, 2022

1

GNANADESIGAN DECLARATION IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY

## DECLARATION OF ABIRAMI GNANADESIGAN

I, Abirami Gnanadesigan, declare and state as follows:

1.    I am an attorney duly admitted to practice before this Court. I am a member at Dykema Gossett LLP, and counsel of record for Defendant JPMorgan Chase Bank, N.A. ("Defendant") in this action. I make this Declaration from my personal knowledge and, if called as a witness, I could and would competently testify hereto.

2.    I emailed Plaintiff on October 18, 2025, informing Plaintiff of Defendant's intent to file the Motion for Reconsideration, and asking about availability for a telephonic meet and confer. A true and correct copy of my October 18, 2025 email is attached hereto as Exhibit A.

3.    Plaintiff responded by email on October 19, asking for Defendant's grounds for reconsideration without providing availability for a meet and confer conference. A true and correct copy of Plaintiff's October 19, 2025 email is attached hereto as Exhibit B.

4.    I responded to Plaintiff on October 20 with a detailed factual and legal explanation of Defendant's position and again asked for Plaintiff's availability to discuss by phone on the same day. A true and correct copy of my October 20, 2025 email is attached hereto as Exhibit C.

5.    Without receiving any response, I followed up about Plaintiff's availability by email on October 22. A true and correct copy of my October 22, 2025 email is attached hereto as Exhibit D.

6.    Plaintiff texted me later on October 22, claiming that his emails may be going to a spam filter.

7.    I confirmed with my firm's IT department that no emails were sent from josh@jj88.org to me with the subject line shown in the email string between me and Plaintiff. A true and correct copy of my correspondence with my firm's IT department is attached hereto as Exhibit E.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

8.      On October 22, Plaintiff and I set a telephonic meet and confer for a mutually available time on October 23. On October 23, we discussed the substance of the Motion for Reconsideration thoroughly, and were unable to come to an agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 21, 2025 in Los Angeles, California.

_____
Abirami Gnanadesigan

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4899-6522-1499.1

3

GNANADESIGAN DECLARATION IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY

# Exhibit A

## Mendoza, Mitzi

| | |
|---|---|
| **From:** | Gnanadesigan, Abirami |
| **Sent:** | Saturday, October 18, 2025 6:00 PM |
| **To:** | josh@jj88.org |
| **Cc:** | Hickey, Joseph |
| **Subject:** | Johnson v. JPMorgan Chase Bank |

Mr. Johnson,

Please let us know your availability to meet and confer regarding JPMorgan Chase Bank's anticipated Motion for Reconsideration of the Court's Order regarding the Motion for Summary Judgment. We will do our best to make ourselves available at your convenience.

In addition, please let us know when you can discuss a proposed trial schedule and related deadlines as required by the Court. The Parties' Joint Stipulation must be filed by **October 31**.

Thank you.

Abi

# Exhibit B

**Mendoza, Mitzi**

| | |
|---|---|
| **From:** | Joshua Johnson <josh@jj88.org> |
| **Sent:** | Sunday, October 19, 2025 11:44 AM |
| **To:** | Gnanadesigan, Abirami |
| **Cc:** | Hickey, Joseph |
| **Subject:** | Re: Johnson v. JPMorgan Chase Bank |

---

**CAUTION: External Sender**
Verify sender before opening links or files

> Report Suspicious

What specific grounds for reconsideration do you intend to assert?

On Sat, Oct 18, 2025 at 5:59 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

> Mr. Johnson,
>
> Please let us know your availability to meet and confer regarding JPMorgan Chase Bank's anticipated Motion for Reconsideration of the Court's Order regarding the Motion for Summary Judgment. We will do our best to make ourselves available at your convenience.
>
> In addition, please let us know when you can discuss a proposed trial schedule and related deadlines as required by the Court. The Parties' Joint Stipulation must be filed by **October 31**.
>
> Thank you.
>
> Abi
>
> **Abirami Gnanadesigan** (she/her)
> Member
>
> D 213-457-1823 · M 818-370-4240
> AGnanadesigan@dykema.com · dykema.com
>
> **BIO  VCARD  LINKEDIN**
>
> 444 South Flower Street, Suite 2200
> Los Angeles, California 90071
>
> 

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# Exhibit C

## Mendoza, Mitzi

| | |
|---|---|
| **From:** | Gnanadesigan, Abirami |
| **Sent:** | Monday, October 20, 2025 10:43 AM |
| **To:** | Joshua Johnson |
| **Cc:** | Hickey, Joseph |
| **Subject:** | RE: Johnson v. JPMorgan Chase Bank |

Mr Johnson,

An overview of Chase's position is below. Please let us know your availability to discuss by phone today.

Chase will be arguing that the Court failed to consider the legal differences between an arbitration award or decision and a judgment. A state court judgment confirming an arbitration award (as opposed to the arbitration award itself) must be given "preclusive effect" as it is entitled to "the full faith and credit it would receive under state law." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (citing 28 U.S.C. § 1738) (holding collateral estoppel barred re-litigation of matters subject to confirmed arbitration award).  Even if the Freedom Card Agreement applies, that agreement specifically states that the FAA (including section 9) applies, and Chase is within its contractual rights to have the judgment that it obtained enforced.

For purposes of collateral estoppel, while the legal elements for establishing breach of contract differ from those for an FCRA claim, the facts necessary to prove the claims are the same.  A comparison of your Equifax dispute to the arbitrator's findings clearly shows this:

### Equifax Dispute:

| | |
|---|---|
| Dispute Code 1: | 104 - Claims account take-over, fraudulent charges on account |
| Dispute Code 2: | |
| FCRA Relevant Information: | Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance. |

### From the Arbitration Award:

Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support.

Chase should not be forced to relitigate the issue of whether Chase sent a paper bill, called, emailed or otherwise attempted to make you aware that your account carried a balance while the account was opened, or whether you logged into your Chase account and observed a balance because these issues were already decided by the arbitrator. Chase is entitled to rely on and enforce those rulings because they were confirmed in a judgment.

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Sunday, October 19, 2025 11:44 AM
**To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** Re: Johnson v. JPMorgan Chase Bank

**CAUTION: External Sender**
Verify sender before opening links or files

Report Suspicious

What specific grounds for reconsideration do you intend to assert?

On Sat, Oct 18, 2025 at 5:59 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

Mr. Johnson,


Please let us know your availability to meet and confer regarding JPMorgan Chase Bank's anticipated Motion for Reconsideration of the Court's Order regarding the Motion for Summary Judgment. We will do our best to make ourselves available at your convenience.


In addition, please let us know when you can discuss a proposed trial schedule and related deadlines as required by the Court. The Parties' Joint Stipulation must be filed by **October 31**.


Thank you.


Abi


**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 • M 818-370-4240
AGnanadesigan@dykema.com • dykema.com

**BIO   VCARD   LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071

Dykema


*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# Exhibit D

**Mendoza, Mitzi**

---

| | |
|---|---|
| **From:** | Gnanadesigan, Abirami |
| **Sent:** | Wednesday, October 22, 2025 8:59 AM |
| **To:** | Joshua Johnson |
| **Cc:** | Hickey, Joseph |
| **Subject:** | RE: Johnson v. JPMorgan Chase Bank |

Mr. Johnson,

Following up. Please let me know your availability to telephonically meet and confer.

Thanks.

---

**From:** Gnanadesigan, Abirami
**Sent:** Monday, October 20, 2025 10:43 AM
**To:** Joshua Johnson <josh@jj88.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Johnson v. JPMorgan Chase Bank

Mr Johnson,

An overview of Chase's position is below. Please let us know your availability to discuss by phone today.

Chase will be arguing that the Court failed to consider the legal differences between an arbitration award or decision and a judgment. A state court judgment confirming an arbitration award (as opposed to the arbitration award itself) must be given "preclusive effect" as it is entitled to "the full faith and credit it would receive under state law." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (citing 28 U.S.C. § 1738) (holding collateral estoppel barred re-litigation of matters subject to confirmed arbitration award). Even if the Freedom Card Agreement applies, that agreement specifically states that the FAA (including section 9) applies, and Chase is within its contractual rights to have the judgment that it obtained enforced.

For purposes of collateral estoppel, while the legal elements for establishing breach of contract differ from those for an FCRA claim, the facts necessary to prove the claims are the same. A comparison of your Equifax dispute to the arbitrator's findings clearly shows this:

Equifax Dispute:

| Dispute Code 1: | 104 - Claims account take-over, fraudulent charges on account |
|---|---|
| Dispute Code 2: | |
| FCRA Relevant Information: | Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance. |

From the Arbitration Award:

> Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support.

Chase should not be forced to relitigate the issue of whether Chase sent a paper bill, called, emailed or otherwise attempted to make you aware that your account carried a balance while the account was opened, or whether you logged into your Chase account and observed a balance because these issues were already decided by the arbitrator. Chase is entitled to rely on and enforce those rulings because they were confirmed in a judgment.

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Sunday, October 19, 2025 11:44 AM
**To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** Re: Johnson v. JPMorgan Chase Bank

**CAUTION: External Sender**
Verify sender before opening links or files

Report Suspicious

What specific grounds for reconsideration do you intend to assert?

On Sat, Oct 18, 2025 at 5:59 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

Mr. Johnson,


Please let us know your availability to meet and confer regarding JPMorgan Chase Bank's anticipated Motion for Reconsideration of the Court's Order regarding the Motion for Summary Judgment. We will do our best to make ourselves available at your convenience.


In addition, please let us know when you can discuss a proposed trial schedule and related deadlines as required by the Court. The Parties' Joint Stipulation must be filed by **October 31**.


Thank you.


Abi


**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 ▪ M 818-370-4240
AGnanadesigan@dykema.com ▪ dykema.com

**BIO   VCARD   LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071

# Dykema

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

# Exhibit E

**Mendoza, Mitzi**

| | |
|---|---|
| **From:** | Newman, David |
| **Sent:** | Thursday, October 30, 2025 1:51 PM |
| **To:** | Gnanadesigan, Abirami |
| **Subject:** | RE: Johnson v. JPMorgan Chase Bank |

Hi Abi,

I looked on our system and didn't find any emails sent from josh@jj88.org or directly to you with JPMorgan in the subject line.  I'm wondering if the address that's showing up is different from the mail server he's actually using.  Do you know how many he has sent to you and on what dates?

I did find one that had the Johnson v. JPMorgan Chase Bank subject line but it was marked as spam message and didn't have a recipient on it.  You might be able it by going into your Proofpoint Spam Manager under Google Chrome > Dykema Bookmarks > Proofpoint Spam Manager.  Then click on Quarantine when you're on the page.

**David Newman**
Technology Projects and Asset Manager

D 213-457-1727
DNewman@dykema.com ▪ dykema.com

444 South Flower Street, Suite 2200
Los Angeles, California 90071

**Dykema**

**From:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Sent:** Thursday, October 30, 2025 1:19 PM
**To:** Newman, David <DNewman@dykema.com>
**Subject:** FW: Johnson v. JPMorgan Chase Bank

Hi David,

Hope you're doing well. I think emails from Joshua Johnson (email shown below) are being filtered to my spam because he claims he is sending me emails that I am not receiving. Do you know how I can remedy this?

Thanks.

Abi

**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 ▪ M 818-370-4240
AGnanadesigan@dykema.com ▪ dykema.com

**BIO   VCARD   LINKEDIN**

1

444 South Flower Street, Suite 2200
Los Angeles, California 90071

# Dykema

**From:** Gnanadesigan, Abirami
**Sent:** Wednesday, October 22, 2025 8:59 AM
**To:** 'Joshua Johnson' <josh@jj88.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Johnson v. JPMorgan Chase Bank

Mr. Johnson,

Following up. Please let me know your availability to telephonically meet and confer.

Thanks.

**From:** Gnanadesigan, Abirami
**Sent:** Monday, October 20, 2025 10:43 AM
**To:** Joshua Johnson <josh@jj88.org>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** RE: Johnson v. JPMorgan Chase Bank

Mr Johnson,

An overview of Chase's position is below. Please let us know your availability to discuss by phone today.

Chase will be arguing that the Court failed to consider the legal differences between an arbitration award or decision and a judgment. A state court judgment confirming an arbitration award (as opposed to the arbitration award itself) must be given "preclusive effect" as it is entitled to "the full faith and credit it would receive under state law." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (citing 28 U.S.C. § 1738) (holding collateral estoppel barred re-litigation of matters subject to confirmed arbitration award). Even if the Freedom Card Agreement applies, that agreement specifically states that the FAA (including section 9) applies, and Chase is within its contractual rights to have the judgment that it obtained enforced.

For purposes of collateral estoppel, while the legal elements for establishing breach of contract differ from those for an FCRA claim, the facts necessary to prove the claims are the same. A comparison of your Equifax dispute to the arbitrator's findings clearly shows this:

Equifax Dispute:

| Dispute Code 1: | 104 - Claims account take-over, fraudulent charges on account |
|---|---|
| Dispute Code 2: | |
| FCRA Relevant Information: | Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance. |

From the Arbitration Award:

Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot. Chase presented evidence that such statements were available on the Ink account access website. So, there was no showing of failure on the part of Chase to provide access to statements and promised tech support.

Chase should not be forced to relitigate the issue of whether Chase sent a paper bill, called, emailed or otherwise attempted to make you aware that your account carried a balance while the account was opened, or whether you logged into your Chase account and observed a balance because these issues were already decided by the arbitrator. Chase is entitled to rely on and enforce those rulings because they were confirmed in a judgment.

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Sunday, October 19, 2025 11:44 AM
**To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Cc:** Hickey, Joseph <JHickey@dykema.com>
**Subject:** Re: Johnson v. JPMorgan Chase Bank

**CAUTION: External Sender**
Verify sender before opening links or files

Report Suspicious

What specific grounds for reconsideration do you intend to assert?

On Sat, Oct 18, 2025 at 5:59 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

Mr. Johnson,

Please let us know your availability to meet and confer regarding JPMorgan Chase Bank's anticipated Motion for Reconsideration of the Court's Order regarding the Motion for Summary Judgment. We will do our best to make ourselves available at your convenience.

In addition, please let us know when you can discuss a proposed trial schedule and related deadlines as required by the Court. The Parties' Joint Stipulation must be filed by **October 31**.

Thank you.

Abi

**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 ▪ M 818-370-4240
AGnanadesigan@dykema.com ▪ dykema.com

**BIO  VCARD  LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071



*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]** on the interested parties in this action as follows:

Joshua Johnson                                  **DEFENDANT PRO SE**
2201 5th Street, Apt. 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2025, at Los Angeles, California.

_____
Mitzi Mendoza

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071