**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
11/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>Hon. André Birotte Jr.<br>Courtroom: 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**JOSHUA JOHNSON'S OPPOSITION TO JPMORGAN CHASE BANK'S MOTION FOR RECONSIDERATION [DKT. 81]** |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joshua Johnson respectfully opposes JPMorgan Chase Bank's motion for reconsideration because it is both procedurally improper and substantively meritless. Chase has again disregarded this Court's repeated admonitions and Local Rule 7-3 by conferring only on the eve of filing, and it violates Local Rule 7-18 by rehashing arguments the Court has already considered and rejected. It also invokes the wrong legal standard—Rule 59(e)—to attack a non-final, interlocutory order that is governed instead by Rule 54(b) and the Court's inherent authority. On the merits, the motion depends on a mischaracterization of the Court's Order, an untenable reading of the parties' arbitration agreement that disclaims any preclusive effect, and a newly minted "primary rights" theory that is both forfeited and wrong. Because Chase identifies no intervening change in law, no newly discovered evidence, and no failure by the Court to consider material facts, reconsideration is neither warranted nor permitted under Local Rule 7-18.

## II. ARGUMENT

### A. Chase Violated L.R. 7-3 by Failing to Timely Meet and Confer

L.R. 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." C.D. Cal. L.R. 7-3.

On June 8, 2023, this Court reminded Chase that it "strictly enforces Local Rule 7-3". (Dkt. 26). On September 26, 2023, Chase was admonished by this Court for submitting a motion that failed to comply with L.R. 7-3. (Dkt. 38).

The instant motion was filed on October 24, 2025. (Dkt. 81). Because the conference was held on October 23, 2025, one day prior to the filing of its motion,

Chase failed to comply with L.R. 7-3. *Id*. Chase offers no explanation for this repeated failure.

**B. Chase Violated L.R. 7-18 by Repeating Arguments the Court Already Rejected**

L.R. 7-18 states that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." C.D. Cal. L.R. 7-18.

In Section II.B of its motion, Chase argues that the parties did not agree that the arbitration award—confirmed and reduced to a judgment—would not have a preclusive effect. (Dkt. 81). In Section II.C, it argues that the arbitration award must have a preclusive effect because there was a final adjudication of various issues that were identical, actually litigated, and necessarily decided in the arbitration. *Id*. All of these arguments were made previously—in Chase's motion for summary judgment, in its reply in support of its motion for summary judgment, and at the hearing. (Dkts. 68, 77, 79).

**C. Chase Applies the Incorrect Legal Standard for Reconsideration**

Chase moves pursuant to Rule 59(e) and L.R. 7-18, seeking to correct "clear error". (Dkt. 81). But Rule 59(e) is not the appropriate vehicle for a motion for reconsideration of the Order denying summary judgment, which is a non-appealable interlocutory order. *Baldwin v. United States*, 823 F. Supp. 2d 1087 (D. N. Mar. I. 2011); *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (holding that interlocutory orders are subject to the court's inherent power and Rule 54(b), not Rule 59(e)).

"Local Rule 7-18 is narrower than the standard articulated in Carroll and the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure". *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRWx), 2016 WL 911816 (C.D. Cal. Mar. 7, 2016). "[T]hat the Court committed 'clear error' resulting in a manifestly unjust decision, is not a permitted ground for

reconsideration under Local Rule 7-18". *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRWx), 2015 WL 2084469 (C.D. Cal. May 5, 2015).

**D. The Court Correctly Considered the Confirmed Arbitration Award as a Judgment**

A valid ground for reconsideration under L.R. 7-18 is "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. L.R. 7-18(c).

Chase argues that this Court "did not consider that upon confirmation the Award became a Judgment". (Dkt. 81). This argument is flatly contradicted by the Order, which expressly references the judgment twice, and correctly restates Chase's argument as being "that Plaintiff's FCRA and CCRAA claims are collaterally estopped by the Arbitration Award that was reduced to a judgment". (Dkt. 80).

Ultimately, Chase does not identify a single "fact" the Court failed to consider. It identifies one fact the Court expressly considered—the confirmation judgment—and complains about the Court's legal analysis. That is not a permissible ground under L.R. 7-18.

**E. The Court Correctly Found the Parties' Agreement Disclaims Preclusive Effect**

Chase is correct when it argues that, because the arbitration award was confirmed in state court, this Court must apply California law when deciding its preclusive effect. "Since the confirmation of a private arbitration award by a state court has the status of a judgment, federal courts must, as a matter of full faith and credit, afford the confirmation the same preclusive consequences as would occur in state court". *In re Khaligh*, 338 B.R. 817, 826 (B.A.P. 9th Cir. 2006) (citing *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (*Caldeira*)).

However, Chase is wrong when it argues that state law *requires* that this Court give the findings in the award a preclusive effect. Under California law,

"determinations on particular legal or factual issues made in private arbitrations [will] not be given collateral estoppel effect unless the parties clearly agreed otherwise." *Benasra v. Mitchell Silberberg & Knupp*, 96 Cal. App. 4th 96, 106 (2002) (citing *Vandenberg v. Superior Ct.*, 21 Cal. 4th 815, 833–34 (1999)).[1] Both the FAA or C.C.P. § 1287.4 speak to enforcement—neither forbids parties from limiting the preclusive effect of arbitration in later, separate disputes.

Here, they agreed to the opposite. Johnson's cardmember agreement, as amended, states in relevant part: "No arbitration award or decision will have any preclusive effect on any issues or claims in any subsequent proceedings beyond the Claims at issue." (Dkt. 81). This Court reasonably interpreted that provision to "establish that any arbitration conducted thereunder would have no preclusive effect as to any other claims." (Dkt. 80).

Consequently, under the plain language of the parties' agreement, this Court *must not* give the arbitration any preclusive effect as to Johnson's FCRA and CCRAA claims, which were not among the "Claims at issue" in the arbitration.

Moreover, the agreement constitutes a clear and express waiver of the right to assert issue preclusion based on any issues decided by an arbitrator, irrespective of whether the issues are presented via an unconfirmed award or a judicially confirmed award. *See Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82, 89 (a collateral estoppel defense may be waived).

Chase's argument that the provision does not apply to judgments confirming arbitration awards—because the agreement only says "award or decision" and not "judgment"—is unpersuasive. A confirmed award and its corresponding judgment are functionally inseparable. If Chase truly intended to strip preclusive effect only from unconfirmed awards, then it—as the drafter of this consumer contract of

---

[1] Chase mischaracterizes *Caldeira*, which applied Hawaii law to a confirmed arbitration award where no agreement addressed preclusive effect. Here, California law applies and the parties expressly agreed to disclaim "any preclusive effect on any issues or claims in any subsequent proceedings."

adhesion—should have said "no unconfirmed arbitration award" instead of "[n]o arbitration award". The provision's apparent purpose is to limit the preclusive effect of arbitration proceedings on future disputes. Chase's interpretation would render this provision superfluous; the limitation could be easily circumvented by the simple act of confirmation.

Chase simply disagrees with this Court's interpretation—in large part because it confuses the distinct concepts of enforcement and preclusion—but "[a] party seeking reconsideration must show more than a disagreement with the Court's decision". *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Mere dissatisfaction over the Court's reading of a contract is not "clear error", nor is it a permissible ground for reconsideration under Local Rule 7-18.

**F. Chase Improperly Repeats Its Rejected Issue Preclusion Arguments**

Chase argues that various issues were identical, actually litigated, and necessarily decided in the arbitration. (Dkt. 81). This argument was fully briefed and rejected by this Court. As previously discussed, it is improper to "repeat any oral or written argument made in support of, or in opposition to, the original motion" in a motion for reconsideration. Chase does not even explain where it thinks the Court went wrong in its Order.

**G. Chase's New Claim Preclusion Theory Is Both Forfeited and Meritless**

Chase also introduces a new argument—an "application of the primary rights theory"—claiming that Johnson is "asserting the same right in the previous arbitration and this litigation" because they are based on the same injury and the same facts. They are not. While the arbitration involved several claims, they all centered on the same primary right: the alleged breach of Chase's contractual duties regarding account servicing and closure in 2017. By contrast, the primary right in this FCRA action is wholly distinct. It is the statutory right to a reasonable investigation of a credit report dispute, a duty

that was triggered by a separate event—Johnson's August 2020 dispute with Equifax.

These are fundamentally different rights. The first arises from the parties' private contract and concerns Chase's performance in 2017. The second arises from federal law and concerns Chase's procedural obligations as a data furnisher in 2020. The fact that the 2020 investigation revisited the 2017 events does not merge two distinct legal wrongs into a single primary right.

Moreover, this argument could have been raised prior to this motion but was not, and is thus forfeited. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, Chase's motion for reconsideration falls well outside the narrow bounds of Local Rule 7-18. It violates the Local Rules, repeats arguments this Court has already rejected, misstates the governing standard, and advances a new "primary rights" theory that is untimely and legally unsound. The Court correctly treated the confirmed arbitration award as a judgment, correctly applied California preclusion principles, and correctly enforced the parties' express agreement to disclaim any preclusive effect as to Johnson's FCRA and CCRAA claims. Chase's disagreement with that result is not a cognizable basis for reconsideration, and its motion should be denied in its entirety.

OPPOSITION TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR RECONSIDERATION