**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING EXPERT DISCOVERY DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ABIRAMI GNANADESIGAN**<br><br>Complaint Filed:   September 19, 2022 |

008241.002262 4896-4078-2461.1

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant JPMorgan Chase Bank, N.A. (Chase) hereby submits this Application to this Court for an Order Extending the Expert Discovery Cut-Off from December 5, 2025 until December 19, 2025 to allow Chase the opportunity to depose Plaintiff's retained expert Thomas Tartar ("Application"). This Application is being filed because the Court's next available hearing date (on regular motion and notice) is not until January 9, 2026, weeks after the current expert discovery cut-off of December 5, 2025.

Chase's counsel provided Plaintiff notice of this Application by phone on November 26, 2025 and again by email on November 30, 2025, and advised of the date and substance of Chase's Application. Chase's counsel provided Plaintiff with notice that opposing papers are due 48 hours (2 court days) after service on December 1, 2025. Plaintiff advised that he opposes the relief sought. Pursuant to Local Rule 7-19.1, the address and contact information for Plaintiff is as follows:

Joshua Johnson
josh@jj88.org
(336) 423-2594
2201 5th St. Apt 208
Santa Monica, CA 90405

This Application is based on the complete files and records in this action, and on any oral argument or other written argument with regard to this Application. A proposed order is also submitted herewith.

DATED:  December 1, 2025            DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 18, 2025, the Court issued its Scheduling Order and set the expert discovery cut-off in this case for December 5, 2025. [Dkt. 83] (Scheduling Order). Upon receipt of the Scheduling Order, Defendant JPMorgan Chase Bank, N.A. (Chase) promptly served Plaintiff's expert Thomas Tartar with a deposition subpoena on November 20, 2025 and provided Plaintiff notice of the same.[1] Chase has not received an objection to the deposition subpoena from Plaintiff or his expert, and no motion for protective order has been filed [2], but Plaintiff has represented that he and Mr. Tartar are not available until December 11, 2025 at the earliest.

By this *ex parte* application, Chase requests immediate relief from the Court to mitigate irreparable prejudice that Chase will suffer if it is not permitted to depose Plaintiff's expert, Thomas Tartar. This relief is needed on an expedited basis because, despite Chase's diligence, Plaintiff refuses to produce his expert witness and comply with his discovery obligations before the current expert discovery cut-off of December 5, 2025. *Ex parte* relief is mandated rather than requesting this relief by a noticed motion, which could not be heard until January 9, 2026, weeks after the currently scheduled expert discovery cut-off.

Chase has done everything possible to accommodate Plaintiff's schedule and Mr. Tartar's apparent limitations, including agreeing to proceed with the deposition

---

[1] Chase anticipates that Plaintiff will argue that notice provided to him on November 21, 2025 was insufficient. However, because the subpoena to Mr. Tartar was a deposition subpoena, prior notice to Plaintiff was not required. The notice to Plaintiff was reasonable under the circumstances and pursuant to Fed. R. Civ. Proc. 30(b).

[2] Plaintiff has requested an Informal Discovery Conference regarding an anticipated Motion for Protective Order that is set for December 2, 2025.

1  remotely. Nevertheless, Plaintiff has failed to provided available dates for Mr.
2  Tartar's deposition until December 11, 12 or 15 – several days after the current
3  expert discovery cut-off. Despite Chase's best efforts, and although fully
4  understanding that an extension of the expert discovery cut-off is necessary, Plaintiff
5  refuses to cooperate with Chase on reaching a stipulated extension.
6       Based on the foregoing, a short extension best serves the interests of all
7  parties involved, prejudices no one, and avoids further unnecessary motion practice.
8  Therefore, good cause exists to modify the current Scheduling Order to allow Chase
9  to properly and adequately complete expert discovery.

10  **II.  LEGAL ARGUMENT**

11       Under the Federal Rule of Civil Procedure 16(b)(4), a schedule may be
12  modified for good cause with the judge's consent. "Good cause" includes
13  circumstances where scheduled deadlines cannot be met despite the diligence of the
14  party seeking the extension. *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609
15  (9th Cir. 1992).
16       After receipt of the Court's Scheduling Order, Chase promptly subpoenaed
17  Mr. Tartar for deposition and notified Plaintiff of the same. Chase's efforts have
18  been met with Plaintiff's delay, unreasonable willingness to agree to a short
19  extension of the expert discovery cut-off so that Mr. Tartar can be deposed based on
20  his stated availability, and tactical maneuvering in violation of the discovery rules
21  and this Court's standing order requiring parties to work cooperatively and
22  professionally to resolve routine issues, including scheduling disputes and
23  reasonable requests for continuances.
24       Chase anticipates that Plaintiff will argue that Chase could have deposed Mr.
25  Tartar sooner. However, Chase was within its rights in choosing to not expend the
26  time and resources conducting the deposition while its Motion for Summary
27  Judgment was pending. Rather, Chase exercised its right to depose Mr. Tartar per
28  the deadline set forth in the Court's Scheduling Order, and did so with adequate

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

notice.

Chase recognizes that the *ex parte* process is reserved for extraordinary relief. However, *ex parte* relief is appropriate where, for instance, there is some "genuine urgency" such that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." *In re Intermagnetics Am., Inc.,* 101 B.R. 191, 193-94 (C.D. Cal. 1989) (internal citations omitted.) Such relief is justified where the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995). Given the pending expert-discovery cutoff, Chase is in need of immediate relief from the Court on an *ex parte* basis. Good cause exists for the Court to grant an extension to Chase of the expert-discovery deadline by two-weeks, until December 19, 2025.

## IV. CONCLUSION

For the foregoing reasons, Chase respectfully urges the Court to extend the expert discovery cut-off until December 19, 2025.

DATED: December 1, 2025        DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as: **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT[DKT. 80]** on the interested parties in this action as follows:

Joshua Johnson                                                    **RESPONDENT IN PRO PER**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ESalmon@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 1, 2025, at Los Angeles, California.

*/s/ Emma Salmon*

Emma Salmon