1  **DYKEMA GOSSETT LLP**
   ABIRAMI GNANADESIGAN, State Bar No. 263375
2  *AGnanadesigan@dykema.com*
   444 South Flower Street, Suite 2200
3  Los Angeles, California 90071
   Telephone: (213) 457-1800
4  Facsimile: (213) 457-1850

5  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAAx |
| Plaintiff, | The Hon. André Birotte Jr.<br>Courtroom 7B |
| v. | Magistrate Judge Maria A. Audero<br>Courtroom: 690 |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | **DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING EXPERT DISCOVERY DEADLINE** |
| | Complaint Filed: September 19, 2022 |

008241.002262 4929-4997-7213.1

1

GNANADESIGAN DECLARATION IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S EX PARTE APPLICATION

# DECLARATION OF ABIRAMI GNANADESIGAN

I, Abirami Gnanadesigan, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member at Dykema Gossett LLP, and counsel of record for Defendant JPMorgan Chase Bank, N.A. ("Defendant") in this action. I make this Declaration from my personal knowledge and, if called as a witness, I could and would competently testify hereto.

2. My office caused a deposition subpoena to be served on Thomas Tartar on November 20, 2025. A true and correct copy of the Proof of Service of the Subpoena is attached hereto as **Exhibit A**.

3. My office provided Plaintiff with notice of the deposition subpoena on November 21, 2025. A true and correct copy of the Notice to Plaintiff is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 1, 2025 in Los Angeles, California.

Abirami Gnanadesigan

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
for the

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON<br>*Plaintiff*<br>v.<br>JPMORGAN CHASE BANK, N.A.<br>*Defendant* | )<br>)<br>) Civil Action No. 2:22-cv-06718-AB-MAAx<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: THOMAS A. TARTER
18783 Tribune Street, Northridge, CA   91326

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>444 S. Flower Street, Suite 2200, Los Angeles, CA   90071 | Date and Time:<br>December 4, 2025, 10:00 AM |
|---|---|

The deposition will be recorded by this method:   Stenographic and Video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2025

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JPMORGAN CHASE BANK, N.A.                                            , who issues or requests this subpoena, are:
Abirami Gnanadesigan AGnanadesigan@dykema.com
Dykema Gossett LLP 444 So. Flower St Ste 2200 Los Angeles, CA 90071 213-457-1800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. **2:22-cv-06718-AB-MAAx**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **THOMAS A. TARTER**
on *(date)* **November 20, 2025**

☑ I served the subpoena by delivering a copy to the named person as follows: **THOMAS A. TARTER,** personally at **18783 Tribune Street , Porter Ranch, CA 91326** on *(date)* **11/20/2025** at **6:50 PM** or

☐ I returned the summons unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

**$ 89.42**

My fees are $ .00 for travel and $ for services, for a total of $ .00

I declare under penalty of perjury that this information is true.

Date: **11/21/2025**

*Mark A. Frankel*
*Server's signature*

**Mark Frankel**
*Printed name and title*

**Ace Attorney Service, Inc.**
**800 S. Figueroa Street, Suite 900, Los Angeles, CA 90017**
**Phone: (213) 623-3979 / Fax: (213) 623-7527**
**Registration No.: 2025027512 / County: LOS ANGELES**
*Server's Address*

Additional information regarding attempted service, etc.:

JOSHUA JOHNSON vs JPMORGAN CHASE BANK, N.A.

AO88A-2519468

# EXHIBIT "B"

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A,<br><br>  Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Judge Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF TAKING DEPOSITION OF PLAINTIFF'S NON-RETAINED EXPERT THOMAS A. TARTER**<br><br>**Date:** December 4, 2025<br>**Time:** 10:00 AM<br>**Location:** Dykema Gossett LLP<br>444 So. Flower Street<br>Suite 2200<br>Los Angeles, CA 90071<br><br>Complaint Filed: September 19, 2022 |

1

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that in accordance with the provisions of Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant JPMORGAN CHASE BANK, N.A. hereby provides notice that they will take the deposition of Plaintiff's Expert THOMAS A. TARTER on December 4, 2025. Said deposition shall commence at 10:00 a.m. and will take place at Dykema Gossett, LLP, 444 South Flower Street, Suite 2200, Los Angeles, CA 90071. A true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that said deposition will be taken upon oral examination by stenographic means before a notary public, or some other officer authorized by law to administer oaths. Defendant reserves the right to record said deposition by videotape. If the deposition is not completed on December 4, 2025, it will be continued day to day thereafter, until completed, or at some mutually agreeable date within a reasonable period of time.

DATED: November 21, 2025     DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

2
DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF TAKING DEPOSITION OF PLAINTIFF'S NON-RETAINED EXPERT THOMAS A. TARTER

# Exhibit A

# UNITED STATES DISTRICT COURT
for the

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON </br>*Plaintiff* </br>v. </br>JPMORGAN CHASE BANK, N.A. </br>*Defendant* | ) </br> ) </br> ) Civil Action No. 2:22-cv-06718-AB-MAAx </br> ) </br> ) </br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: THOMAS A. TARTER
18783 Tribune Street, Northridge, CA  91326

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: </br>444 S. Flower Street, Suite 2200, Los Angeles, CA  90071 | Date and Time: </br>December 4, 2025, 10:00 AM |
|---|---|

The deposition will be recorded by this method: Stenographic and Video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2025

*CLERK OF COURT*     OR     /s/ AG

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JPMORGAN CHASE BANK, N.A. , who issues or requests this subpoena, are:
Abirami Gnanadesigan AGnanadesigan@dykema.com
Dykema Gossett LLP 444 So. Flower St Ste 2200 Los Angeles, CA 90071 213-457-1800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**ATTACHMENT**

**DOCUMENT REQUEST No. 1**

All documents, other than draft reports or disclosures, as defined by Rule 26(b)(4)(B), which you considered in forming your opinions in the case, including, but not limited to:

- ◦ All treatises and articles
- ◦ All documents that identify any facts or data considered
- ◦ All documents that identify any assumptions considered
- ◦ All notes, data, and testing records prepared in the course of your analysis
- ◦ Any materials referred to in your report

**DOCUMENT REQUEST No. 2**

All treatises, articles, or other publications you have written on the subject matter at issue.

**DOCUMENT REQUEST No. 3:**

All billing and payment records relating to Joshua Johnson.

**DOCUMENT REQUEST No. 4:**

All documents reflecting communications that identify assumptions that Joshua Johnson provided and that you relied on in forming the opinions to be expressed.

**DOCUMENT REQUEST No. 5:**

All documents reflecting communications relating to compensation for your study or testimony.

Civil Action No. 2:22-cv-06718-AB-MAAx

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF TAKING DEPOSITION OF PLAINTIFF'S EXPERT THOMAS A. TARTER**

on the interested parties in this action as follows:

Joshua Johnson                                   **DEFENDANT PRO PER**
2201 5th Street, Apt. 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2025, at Los Angeles, California.

Mitzi Mendoza

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUMMARY JUDGMENT [DKT. 80]** on the interested parties in this action as follows:

Joshua Johnson                                **DEFENDANT PRO SE**
2201 5th Street, Apt. 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ESalmon@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 1, 2025, at Los Angeles, California.

_____
Emma Salmon