**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
12/4/25
CENTRAL DISTRICT OF CALIFORNIA
BY      MRV      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom: 7B<br><br>Magistrate Maria A. Audero<br>Courtoom: 690<br><br>**DISCOVERY MATTER**<br><br>**JOSHUA JOHNSON'S MOTION FOR PROTECTIVE ORDER** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

  **PLEASE TAKE NOTICE** that plaintiff Joshua Johnson ("Johnson") will and hereby does move for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(B) regarding the subpoena ("Subpoena") issued by defendant JPMorgan Chase Bank, N.A. ("Chase") seeking deposition testimony and document production from Thomas A. Tarter ("Tarter") on December 4, 2025.

  This motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed declaration of Joshua Johnson and upon all papers and documents on file herein. A proposed order is also submitted herewith.

**DATED: December 3, 2025**             /s/ Joshua Johnson

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On June 14, 2023, this Court issued a Scheduling Order, stating that "[t]he parties should begin expert discovery shortly after the initial designation of experts", and setting the expert discovery cut-off as January 26, 2024. *See* Dkt. 27 at 4. On December 5, 2023, Johnson disclosed Tarter as a retained expert witness, and provided Chase with his written report. On January 12, 2024, this case was stayed at Chase's request. *See* Dkt. 59. On May 27, 2025, the stay was lifted. *See* Dkt. 65. On October 10, 2025, Chase's motion for summary judgment was denied. *See* Dkt. 80. On November 14, 2025, this Court reset the expert discovery cut-off to December 5, 2025. *See* Dkt. 83.

On November 20, 2025, without prior notice to Johnson, Chase served Tarter with a subpoena seeking deposition testimony and document production on December 4, 2025. *See* Dkt. 88-1 at 11. On November 21, 2025, Chase served Johnson with notice of the subpoena. *See* Dkt. 88-1 at 7. On the same day, Johnson spoke on the phone with Tarter, who informed Johnson that, given the two-year pause, it would be very difficult to prepare for the scheduled deposition, and that health issues had arisen during those two years. (Decl. Johnson ¶ 4).

## II. ARGUMENT

Johnson brings this motion pursuant to Fed. R. Civ. P. 26(c)(1)(B) to seek an order precluding enforcement of the Subpoena as currently noticed for December 4, 2025, in light of the short notice. Fed. R. Civ. P. 32(a)(5)(A) provides that a deposition taken on less than 14 days' notice must not be used against a party who promptly moves for a protective order under Rule 26(c)(1)(B).

### A. Chase Violated Rule 45(a)(4)'s Prior-Notice Requirement

If a subpoena commands the production of documents, a notice and a copy of the subpoena *must* be served on each party in the case *before* it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). This is "mandatory and

failure to abide by this requirement constitutes grounds to quash a subpoena". *Mirra v. Jordan*, No. 13 CIV. 5519 AT, 2014 WL 2511020 (S.D.N.Y. May 28, 2014). The notice provision is printed on the Subpoena. *See* Dkt. 88-1 at 4. Nevertheless, Chase violated Fed. R. Civ. P. 45(a)(4) by failing to serve notice on Johnson before serving the subpoena commanding the production of documents on Tarter.

**B. The Subpoena Provides Unreasonable Notice and Imposes Undue Burden**

Rule 45 requires that a subpoena "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). What is reasonable depends on the circumstances. *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D. Idaho 2008). Rule 45 also requires the issuing party to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena and directs courts to quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(1), 45(d)(3)(A)(iv). Consistent with those provisions, Rule 26(c) authorizes the Court to issue a protective order to shield a party or person from undue burden or expense. Fed. R. Civ. P. 26(c).

Courts have recognized that notice of less than 14 days is often unreasonable, particularly where (1) the subpoena also demands document production, (2) the target is a non-party, and (3) the compliance period overlaps holidays or other constraints. *See*, e.g., *U.S. Wholesale Outlet & Dist., Inc. v. Innovation Ventures, LLC*, No. 18-cv-1077, 2019 WL 8504726, at *2 (C.D. Cal. Jan. 14, 2019) (holding that subpoenas requiring deposition attendance and document production within 13-14 days were unreasonable and must be modified to allow at least 14 days for depositions and 30 days for document production); *Fernandez v. Penske Truck Leasing Co., L.P.*, No. 2:12-cv-00295, 2013 WL 438669, at *1 (D. Nev. Feb. 1, 2013) (Fernandez) (notice unreasonable where plaintiff waited until two weeks before discovery closed, gave only eleven days' notice during the Christmas season, and offered no explanation for the delay);

*Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (fifteen days nominal notice reduced to nine business days by holiday period was "clearly inadequate"); *United Healthcare Servs., Inc. v. Next Health, LLC*, No. 3:17-cv-00243, 2021 WL 4734503, at *1 (N.D. Tex. Sep. 29, 2021) (noting that "less than 14 days [is] likely unreasonable").

     *Fernandez* is helpful. There, the court found notice unreasonable where the plaintiff (1) waited until two weeks before discovery closed, (2) noticed depositions during the Christmas season with only eleven days' notice, (3) offered no explanation for the delay, and (4) did so after deadlines had already been extended seven months. While *Fernandez* involved 11 days' notice versus 13 here, the expert discovery deadline in this case was extended roughly 22 months, versus the 7 in *Fernandez*, and unlike *Fernandez*, which involved a party subpoena, this subpoena duces tecum targets a non-party expert who has not focused on this case in the two years since he wrote his report.

## III. CONCLUSION

     It is unfair to force Johnson to choose between acquiescing to Chase's last-minute timing and protecting his non-party expert from the burden of preparing for and complying with a subpoena on short notice. Chase claims it wanted to wait until summary judgment before pursuing the expense of a deposition. It could have simply sought the deposition six weeks earlier on October 10, 2025, which would have provided more than enough time. For the reasons stated above, Johnson respectfully requests that the Court enter a protective order precluding enforcement of the Subpoena as currently noticed for December 4, 2025.

**DATED:** December 3, 2025                                                           Joshua Johnson

                                                                                                        /s/ Joshua Johnson