**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
12/3/25
CENTRAL DISTRICT OF CALIFORNIA
BY  MRV  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>   Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**JOSHUA JOHNSON'S OPPOSITION TO JPMORGAN CHASE'S EX PARTE APPLICATION FOR ORDER EXTENDING EXPERT DISCOVERY DEADLINE**<br><br>Place:     Courtroom 7B<br>Judge:    Hon. André Birotte Jr. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ex parte relief is "reserved for extraordinary circumstances" and is not a vehicle to rescue a party from the foreseeable consequences of its own lack of diligence. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Under *Mission Power*, Chase must show both that it will suffer irreparable prejudice if its request is heard on regular notice and that it is without fault in creating the very "crisis" it now invokes.

Any such crisis here is entirely self-inflicted: Chase ignored the Court's directive to begin expert discovery shortly after expert designation and then waited nearly two years—through a stay, the lifting of the stay, and the denial of its own summary judgment motion—before serving an overbroad, short-notice subpoena duces tecum over a major holiday. That is not irreparable prejudice; it is the predictable result of Chase's own delay.

## II. ARGUMENT

### A. Chase Failed to Diligently Pursue Expert Discovery as Required by the Court's Scheduling Order

This Court's Scheduling Order states: "The parties should begin expert discovery shortly after the initial designation of experts." *See* Dkt. 27 at 4. But Chase did not begin expert discovery shortly after Mr. Tarter was disclosed nearly two years ago on December 5, 2023. Nor had Chase done so when the case was stayed, at its request, on January 12, 2024. *See* Dkt. 59.

In fact, the original and mutually agreed upon schedule left no meaningful window for expert discovery after the MSJ order: the *hearing* was January 12, 2024; the cut-off was January 26, 2024. *See* Dkts. 27, 46, 50. This was intentional and discussed at the time between Johnson and prior counsel for Chase.

Nor did Chase do so when the stay was lifted on May 27, 2025. *See* Dkt. 65. Nor when Chase's MSJ was denied on October 10, 2025. *See* Dkt. 80. Instead, Chase waited *six full weeks* to subpoena Mr. Tarter, without any prior notice to Johnson, and with an overbroad demand for production of documents, e.g., for everything Mr. Tarter has ever written on the "subject matter at issue" over his 60-year career. *See* Dkt. 88-1 at 11.

This is the very opposite of diligence. Any "crisis" Chase now claims is a function of its own strategic decision to sit on expert discovery for nearly two years. For the same reasons, Chase cannot show "good cause" under Rule 16(b)(4): its long-standing failure to pursue expert discovery defeats any claim of diligence.

**B. The Short-Notice Subpoena Over a Holiday Period Is Unreasonable and Cannot Support Ex Parte Relief**

Chase claims that "Chase's efforts have been met with Plaintiff's delay." The record shows the opposite. Johnson received notice, while at work, on Friday, November 21, 2025. On Monday, Johnson reached out to counsel for Chase, requesting to "meet and confer promptly." Counsel for Chase was unavailable on Tuesday so the parties met and conferred on Wednesday. Thursday was Thanksgiving.

On Black Friday—after spending much of his vacation weekend and holiday scrambling to determine how to deal with this short-notice subpoena—Johnson filled out a request for an IDC and asked counsel for Chase to provide a required position statement so that he could submit it. Counsel for Chase informed Johnson that Thursday was a holiday. Counsel for Chase provided the required position statement on Monday, and Johnson requested an IDC.

Thirteen days' notice given on a Friday, inclusive of two holidays and two weekends, without any prior notice whatsoever, for a deposition commanding production of a massive volume of documents, is not the reasonable written notice

required by Rule 30(b)(1), Rule 45(d)(3)(A)(i), and Rule 32(a)(5)(A). *See U.S. Wholesale Outlet and Dist., Inc. v. Innovation Ventures, LLC*, 2019 WL 8504726 (C.D. Cal. 2019); *Dickinson Frozen Foods, Inc. v. FPS Food Process Solutions Corporation*, 2020 WL 2841517 (D. Idaho 2020); *Automated Transactions LLC v. First Niagara Financial Group, Inc.*, 2011 WL 13213256 (W.D.N.Y. 2011); *Nguyen v. La. State Bd. of Cosmetology*, Civ. A. No. 14-80-BAJ-RLB (M.D. La. Jan. 26, 2016); *Hall v. Louisiana*, Civ. A. No. 12-657-BAJ-RLB, 2014 WL 1652791 (M.D. La. Apr. 23, 2014); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 2405297 (D. Nev. 2013); *Insurance Safety Consultants, LLC v. Nugent*, 2018 WL 4732430 (N.D. Tex. 2018).[1]

Chase says "no motion for protective order has been filed." A motion for protective order is forthcoming; per this Court's rules, two meet and confers and an IDC were required first, and now responding to this ex parte application had to be prioritized.

In short, Chase's own delay, combined with an overbroad, short-notice subpoena over a major holiday, cannot justify the extraordinary remedy of ex parte relief.

**C. Chase's Mischaracterization of Objections and Its Rule 45 Violation Further Undermine Its Request**

Chase noticed Johnson *after* serving the subpoena to Mr. Tarter. Chase argues that "because the subpoena to Mr. Tartar [sic] was a deposition subpoena, prior notice to Plaintiff was not required." Chase cites no authority because there is none. The argument is flatly contradicted by the relevant rule, which is printed on the subpoena signed by counsel for Chase:

---

[1] Johnson has unpredictable access to Westlaw via a local law library only when intermittent "seats" are available. Johnson collected these cases last night but then lost access. Consequently, he apologizes for the lack of pin cites.

> OR
>
> _____  _____
> *Signature of Clerk or Deputy Clerk*         *Attorney's signature*
>
> The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
> JPMORGAN CHASE BANK, N.A. _____, who issues or requests this subpoena, are:
> Abirami Gnanadesigan AGnanadesigan@dykema.com
> Dykema Gossett LLP 444 So. Flower St Ste 2200 Los Angeles, CA 90071 213-457-1800
>
> **Notice to the person who issues or requests this subpoena**
> If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Chase also claims that "Chase's efforts have been met with Plaintiff's delay" and that "Chase has not received an objection to the deposition subpoena from Plaintiff or his expert." That is incorrect. Johnson objected when the parties met and conferred, and he reiterated his objections in writing afterwards, in the IDC request form, and at the IDC.

Chase further says "no motion for protective order has been filed." A motion for protective order is forthcoming; per this Court's rules, two meet and confers and an IDC were required first, and responding to this ex parte application then had to be prioritized. The absence of a filed motion at this precise moment is a function of the Court's procedures and Chase's own timing—not any acquiescence by Johnson.

Taken together, Chase's violation of Rule 45's notice requirement, its mischaracterization of Johnson's objections, and its attempt to leverage a "crisis" of its own making do not provide a basis for ex parte relief under *Mission Power* or any other authority.

### III. CONCLUSION

Johnson has no obligation nor desire to cure Chase's incredible lack of diligence and reneging on its prior agreement. This behavior has been constant for for the *five years* that this dispute has been active.

1  In light of the foregoing, Johnson respectfully requests that the Court deny JPMorgan Chase's Ex Parte Application for Order Extending Expert Discovery Deadline and, in connection with that ruling, quash the subpoena to Mr. Tarter.

DATED: December 3, 2025                                  Joshua Johnson

                                                         /s/ Joshua Johnson