**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER



FILED
CLERK, U.S. DISTRICT COURT
1/10/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ___RYO___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| JOSHUA JOHNSON, | Case No.: 2:22-cv-06718-AB-MAAx |
| Plaintiff, | |
| v. | **DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF HIS OPPOSITION TO JPMORGAN CHASE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER** |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Judge:     Hon. André Birotte Jr.
Place:     Courtroom 7B
Date:      January 30, 2026
Time:      10:00 AM

1

## DECLARATION OF JOSHUA JOHNSON

I, Joshua Johnson, declare as follows:

1. I am the Plaintiff in this matter.

2. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

3. I make this declaration in support of my Opposition to JPMorgan Chase's Motion to Exclude Opinions and Testimony of Thomas Tarter.

4. Between November 24, 2025 and December 3, 2025, I met and conferred, or discussed via email, the short-notice deposition and certain document requests. A true and correct copy of the relevant portions of our correspondence is attached hereto as **Exhibit A**.

5. On December 1, 2025, I requested an urgent informal discovery conference. A true and correct copy of my request is attached hereto as **Exhibit B**.

6. On December 4, 2025 at 4:47:09 AM, via the Electronic Document Submission System ("EDSS"), I filed a motion for a protective order under Rule 26(c)(1)(B) requesting that it not be taken. A true and correct copy of my filing receipt is attached hereto as **Exhibit C**.

7. On June 8, 2021, I emailed counsel for Chase, Joseph Hickey, to request permission to record the audio of the arbitration hearing. A true and correct copy of the relevant portions of our correspondence is attached hereto as **Exhibit D**.

8. On June 8, 2021, during the arbitration hearing, Chase and I agreed that the recording would not be used outside of the arbitration proceedings. A true and correct copy of the relevant portions of the purported transcript is attached hereto as **Exhibit E**.

9. On July 15, 2021, Joseph Hickey informed me and the arbitrator that Sheila and his Chicago office had created a transcript from that recording, that it

2

was created in exchange for an offered dinner and drink, and acknowledged its unreliability. He also stated that Chase would not share the recording outside of the arbitration proceeding. A true and correct copy of the relevant portions of the purported transcript is attached hereto as **Exhibit F**.

10. On December 4, 2025, during the deposition of Thomas Tarter, I objected to the use of a transcript derived from that recording. A true and correct copy of the relevant portions of Tarter's deposition transcript is attached hereto as **Exhibit G**.

11. The transcript of June 8, 2021 is inaccurate. I did not state that "there was a separate account that was extensively linked to this card"; instead, I stated "there was a separate account that was ostensibly linked to this card".

12. I have searched for, and have been unable to find, the recording from which this transcript was allegedly derived.

13. I possess an unmodified Dropbox file folder containing all documents provided to Tarter.

14. Prior to the completion of Tarter's report, I provided Tarter with a screenshot from PenFed Credit Union, referring to a pending mortgage pre-approval for a primary home with a contract closing date of November 16, 2020.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on January 9, 2026 in San Diego, California.

Joshua Johnson

/s/ Joshua Johnson

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF HIS OPPOSITION TO JPMORGAN CHASE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF HIS OPPOSITION TO JPMORGAN CHASE'S
MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER

 

Joshua Johnson <josh@jj88.org>

---

## Fwd: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
1 message

---

**Joshua Johnson** <josh@jj88.org>                                    Mon, Nov 24, 2025 at 5:11 PM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Abi,

Given the very short lead time and the intervening Thanksgiving holiday week, we need to meet and confer promptly to see whether there is any workable way to address the timing and logistics of the deposition notice. I am not available on December 4th. Please send over your availability for a call as soon as possible.

In the meantime, I'm reviewing the notice and subpoena; I expect to have several objections and issues to discuss.

Josh

---------- Forwarded message ---------
From: **Mendoza, Mitzi** <MMendoza@dykema.com>
Date: Fri, Nov 21, 2025 at 11:27 AM
Subject: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
To: josh@jj88.org <josh@jj88.org>
Cc: Gnanadesigan, Abirami <AGnanadesigan@dykema.com>, Peregrino, Kathleen <KPeregrino@dykema.com>

Good morning,

Attached please find service of **DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF TAKING DEPOSITION OF PLAINTIFF'S EXPERT THOMAS A. TARTER**.

A hard copy will follow via U.S. mail.

Thank you,

**Mitzi Mendoza**
Administrative Assistant

D 213-457-1785 ▪ F 213-289-7775
MMendoza@dykema.com ▪ dykema.com

444 S. Flower Street, Suite 2200
Los Angeles, California 90071



*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.



Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
1 message

---

**Joshua Johnson** <josh@jj88.org>                                              Tue, Nov 25, 2025 at 1:10 PM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Abi,

I hope you feel better soon. I'll check in with you tomorrow morning to see if a call is feasible; we can discuss my concerns with the deposition and whether a stipulation is appropriate. FYI, I will be on vacation and unavailable on Thanksgiving and the day afterward.

I have spoken with Mr. Tarter. He was surprised to receive a short-notice subpoena without any prior coordination with me, particularly given that his expert report was submitted and the case has been effectively paused for nearly two years. Moreover, he has mobility issues that will make an in-person deposition impracticable. I don't believe he has sufficient time to prepare for a deposition on the noticed date and I'm not sure why Chase waited until the eleventh hour.

Josh

On Tue, Nov 25, 2025 at 7:54 AM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

> Josh,
>
> I am under the weather and have no voice so I can't talk on the phone today. Depending on how I am feeling I may be able to do a call tomorrow. I suggest that we enter into a stipulation to extend the expert discovery cut-off to accommodate your schedule. As you know, the current cut-off is December 5, and if you intend to rely on Mr. Tarter as an expert Chase is entitled to depose him. Have you spoke to Mr. Tarter about his availability?
>
> If you agree to the stipulation I will draft it for your review. Please let me know.
>
> Abi
>
> **Abirami Gnanadesigan** (she/her)
> Member
>
> D 213-457-1823 ▪ M 818-370-4240
> AGnanadesigan@dykema.com ▪ dykema.com
>
> **BIO  VCARD  LINKEDIN**
>
> 444 South Flower Street, Suite 2200
> Los Angeles, California 90071
>
> **Dykema**
>
> ---
>
> **From:** Joshua Johnson <josh@jj88.org>
> **Sent:** Monday, November 24, 2025 5:12 PM
> **To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
> **Subject:** Fwd: Joshua Johnson vs. JPMorgan Chase Bank, N.A.

 

Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
1 message

**Joshua Johnson** <josh@jj88.org>                                                    Tue, Nov 25, 2025 at 5:01 PM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

How about 11am. I can also most anytime before 4pm if 11am does not work.

On Tue, Nov 25, 2025 at 2:01 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

> Josh,
>
> Thanks. My voice is better than it was when I emailed you early this morning so I could do a call today or tomorrow morning. We would be amenable to proceeding with the deposition remotely if Mr. Tarter's mobility is an issue. Let me know what time works for you.
>
> Abi
>
>
> **Abirami Gnanadesigan** (she/her)
> Member
>
> D 213-457-1823 ▪ M 818-370-4240
> AGnanadesigan@dykema.com ▪ dykema.com
>
> **BIO   VCARD   LINKEDIN**
>
> 444 South Flower Street, Suite 2200
> Los Angeles, California 90071
>
> **Dykema**
>
> ---
>
> **From:** Joshua Johnson <josh@jj88.org>
> **Sent:** Tuesday, November 25, 2025 1:10 PM
> **To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
> **Subject:** Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
>
>
> Abi,
>
>
> I hope you feel better soon. I'll check in with you tomorrow morning to see if a call is feasible; we can discuss my concerns with the deposition and whether a stipulation is appropriate. FYI, I will be on vacation and unavailable on Thanksgiving and the day afterward.
>
>
> I have spoken with Mr. Tarter. He was surprised to receive a short-notice subpoena without any prior coordination with me, particularly given that his expert report was submitted and the case has been effectively paused for nearly two years. Moreover, he has mobility issues that will make an in-person deposition impracticable. I don't believe he has sufficient time to prepare for a deposition on the noticed date and I'm not sure why Chase waited until the eleventh hour.

 

Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
1 message

**Joshua Johnson** <josh@jj88.org>                                    Wed, Nov 26, 2025 at 11:54 AM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Abi,

To quickly follow up w/ our calls—

You and I have the following actions:

- I will email the clerk w.r.t. the settlement conference date of 2026
- We will jointly work to resolve the email issues after the holidays
- You will file supplemental declaration on or before Monday
- ~~You will request an IDC ASAP with respect to the deposition since no resolution was reached~~ Your position is that the magistrate judge does not have the authority to modify the scheduling order, consequently you will file a motion to continue with Birotte, which I will oppose

With respect to my objections:

- **In-person:** *Resolved*. Chase is amenable to remote
- **Fees:** *Outstanding*. You will discuss Mr. Tartar's fees with Chase (Mr. Tartar estimates 10 hours of prep time at $350/h; depo time is $495/h)
- **Documents:** *Outstanding*. My position is that most of the requests are vague and overbroad, e.g. "subject matter at issue", "all documents" without time bound, and "billing and payment records"
- **Notice:** *Impasse*. My position is that 13 days' notice—inclusive of two weekends, a holiday, and the day before the discovery cut-off—is not reasonable notice and imposes an undue burden; a Dec 5 deposition is a "deposition taken on short notice" under FRCP; serving of a subpoena to expert before notice to party violates Rule 45(a)(4)
- **Availability:** Mr. Tatar is available on December 11, 12, and 15

Josh

On Wed, Nov 26, 2025 at 7:50AM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

Can we please push our call to 11?

**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 • M 818-370-4240
AGnanadesigan@dykema.com • dykema.com

**BIO   VCARD   LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071

**Dykema**

---

**From:** Gnanadesigan, Abirami
**Sent:** Tuesday, November 25, 2025 8:44:13 PM
**To:** Joshua Johnson <josh@jj88.org>
**Subject:** RE: Joshua Johnson vs. JPMorgan Chase Bank, N.A.

I will plan to call you at 9 am. Thanks.

 

Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.

1 message

---

**Joshua Johnson** <josh@jj88.org>                                    Fri, Nov 28, 2025 at 11:48 AM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Abi,

See attached for my request for an IDC. Will you please (1) provide a paragraph for Chase's position so that I can drop it in the appropriate box and (2) provide your dates/times for the conference? I can make myself available anytime on 12/1.

Josh

On Wed, Nov 26, 2025 at 12:54 PM Joshua Johnson <josh@jj88.org> wrote:

Abi,

To quickly follow up w/ our calls—

You and I have the following actions:

- I will email the clerk w.r.t. the settlement conference date of 2026
- We will jointly work to resolve the email issues after the holidays
- You will file supplemental declaration on or before Monday
- ~~You will request an IDC ASAP with respect to the deposition since no resolution was reached~~ Your position is that the magistrate judge does not have the authority to modify the scheduling order, consequently you will file a motion to continue with Birotte, which I will oppose

With respect to my objections:

- **In-person:** *Resolved.* Chase is amenable to remote
- **Fees:** *Outstanding.* You will discuss Mr. Tartar's fees with Chase (Mr. Tartar estimates 10 hours of prep time at $350/h; depo time is $495/h)
- **Documents:** *Outstanding.* My position is that most of the requests are vague and overbroad, e.g. "subject matter at issue", "all documents" without time bound, and "billing and payment records"
- **Notice:** *Impasse.* My position is that 13 days' notice—inclusive of two weekends, a holiday, and the day before the discovery cut-off—is not reasonable notice and imposes an undue burden; a Dec 5 deposition is a "deposition taken on short notice" under FRCP; serving of a subpoena to expert before notice to party violates Rule 45(a)(4)
- **Availability:** Mr. Tatar is available on December 11, 12, and 15

Josh

On Wed, Nov 26, 2025 at 7:50 AM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

## Can we please push our call to 11?

**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 • M 818-370-4240
AGnanadesigan@dykema.com • dykema.com

**BIO   VCARD   LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071



 **Gmail**                                                      Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.

1 message

---

**Joshua Johnson** <josh@jj88.org>                                    Fri, Nov 28, 2025 at 4:14 PM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Ok, thanks for letting me know. I will wait for your position before submitting. Early Monday morning is fine as the court will not read before then anyways.

On Fri, Nov 28, 2025 at 4:02 PM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

Josh - today is a holiday and I am not in front of a computer. I will do my best to respond later today or over the weekend.

**Abirami Gnanadesigan** (she/her)
Member

D 213-457-1823 ▪ M 818-370-4240
AGnanadesigan@dykema.com ▪ dykema.com

**BIO   VCARD   LINKEDIN**

444 South Flower Street, Suite 2200
Los Angeles, California 90071



---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Friday, November 28, 2025 11:48:32 AM
**To:** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Subject:** Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.

Abi,

See attached for my request for an IDC. Will you please (1) provide a paragraph for Chase's position so that I can drop it in the appropriate box and (2) provide your dates/times for the conference? I can make myself available anytime on 12/1.

Josh

On Wed, Nov 26, 2025 at 12:54 PM Joshua Johnson <josh@jj88.org> wrote:

Abi,

To quickly follow up w/ our calls—

You and I have the following actions:

- I will email the clerk w.r.t. the settlement conference date of 2026
- We will jointly work to resolve the email issues after the holidays
- You will file supplemental declaration on or before Monday
- ~~You will request an IDC ASAP with respect to the deposition since no resolution was reached~~ Your position is that the magistrate judge does not have the authority to modify the scheduling order, consequently you will file a motion to continue with Birotte, which I will oppose

With respect to my objections:

- **In-person:** *Resolved*. Chase is amenable to remote
- **Fees:** *Outstanding*. You will discuss Mr. Tartar's fees with Chase (Mr. Tartar estimates 10 hours of prep time at $350/h; depo time is $495/h)



Joshua Johnson <josh@jj88.org>

---

## Re: Joshua Johnson vs. JPMorgan Chase Bank, N.A.
1 message

**Joshua Johnson** <josh@jj88.org>                                            Wed, Dec 3, 2025 at 9:58 AM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Hi Abi,

After review, I have determined that the information conveyed at the IDC concerning my rights was inaccurate. I have also found supporting authority, including in C.D. Cal., for the proposition that less than 14 days for a non-party deposition that commands document production is unreasonable. *See* U.S. Wholesale Outlet and Dist., Inc. v. Innovation Ventures, LLC, 2019 WL 8504726 (C.D.Cal., 2019) ("motion to quash is GRANTED ... the subpoenas do not provide 14-days notice prior to the deposition date or allow the third-party 30 days to produce relevant documents"); *see also* F.R.C.P. 32(a)(5)(A).

As Section B.2 of Judge Birotte's Scheduling Order states: "The parties should begin expert discovery shortly after the initial designation of experts." Chase did not begin expert discovery "shortly after" Mr. Tarter was designated on Dec 5, 2023, nor when the stay was lifted on May 27, 2025, nor immediately after Oct 10, 2025, when Chase's MSJ was denied. Instead, it waited until the eve of the discovery cut-off.

I have no obligation to reward the gamesmanship of prior counsel for Chase and will not do so.

Consequently, as discussed during our conferences, I intend to proceed by filing a motion for protective order today to protect my rights. That motion will be pending when the deposition occurs tomorrow.

Josh

On Wed, Dec 3, 2025 at 6:35 AM Gnanadesigan, Abirami <AGnanadesigan@dykema.com> wrote:

> Josh,
>
>
> I didn't receive an email from you last night so I am following up to make sure there is not something I missed.
>
>
> Thanks.
>
>
> Abi
>
>
>
> **Abirami Gnanadesigan** (she/her)
> Member
>
> D 213-457-1823 ▪ M 818-370-4240
> AGnanadesigan@dykema.com ▪ dykema.com
>
> **BIO  VCARD  LINKEDIN**
>
> 444 South Flower Street, Suite 2200
> Los Angeles, California 90071





## Document objections

1 message

**Joshua Johnson** <josh@jj88.org>                                    Thu, Dec 4, 2025 at 9:50 AM
To: "Gnanadesigan, Abirami" <AGnanadesigan@dykema.com>

Abi,

As discussed previously, I object to several document production requests described in the subpoena. Generally, there is insufficient time to produce what is demanded on the compressed schedule.

With respect to document request 1, "documents" is vague and undefined, and "all" contains no temporal limitation.

With respect to document request 2, vague and overbroad, there's no temporal limitation, and "subject matter at issue" is not defined.

With respect to document request number 3, vague and overbroad, it is unclear if these are records between myself and Mr. Tartar or records involving myself and Chase.

Thanks.

Josh

# Exhibit B

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF HIS OPPOSITION TO JPMORGAN CHASE'S
MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER

# REQUEST FOR INFORMAL TELEPHONIC DISCOVERY CONFERENCE

*Please submit the completed form to MAA_Chambers@cacd.uscourts.gov.*
*The parties are encouraged not to exceed the space provided.*

Case Name: Joshua Johnson v. JPMorgan Chase Bank, N.A.    Case Number: 2:22-cv-06718-AB-MAA

Today's Date: 12/1/25    Fact Discovery Cutoff: Passed    Expert Discovery Cutoff: 12/5/25

Dates of the two conferences of counsel pursuant to Local Rule 37-1: *1.* 11/26/25    *2.* 11/26/25

Primary counsel of record who will appear at the informal telephonic conference:
*For Moving Party*    *For Responding Party*
*( ⊙ Plaintiff ○ Defendant ○ Third Party):*    *( ○ Plaintiff ⊙ Defendant ○ Third Party):*

Joshua Johnson, pro se    Abirami Gnanadesigan

Stipulated dates and times proposed for the conference:
*1.* Between 11a - 2p on 12/1/25    *2.* Between 12p - 5p on 12/2/25    *3.* Between 10a - 1p on 12/3/25

Brief, neutral statement of dispute (please also email the discovery requests and responses, if applicable):

On 11/20, Chase served Johnson's expert, Tom Tarter, with a subpoena duces tecum for a deposition on 12/4. On 11/21, Chase noticed Johnson. Johnson and Tarter are unavailable on 12/4. The expert discovery cut-off is 12/5. Johnson raised objections (see below) to the notice. Chase intends to proceed with the deposition.

Relief requested by party seeking discovery:

Protective order foreclosing the 12/4 subpoenaed deposition and document production of Tom Tarter

Summary of parties' respective positions:
*Moving Party*:

First, 13 days' notice for a subpoenaed deposition and document production—spanning 2 weekends and Thanksgiving—is not reasonable notice and imposes undue burden. Chase had nearly 2 years since Tarter's report and over 7 months after the 4/11 lift of the stay, yet waited to notice a 12/4 deposition (the day before the cut-off) when neither Johnson nor Tarter is available. Johnson is pro se, not an attorney, and works full-time; in that same short window he must determine how to object to the subpoena and at the deposition, and how to raise this issue with the Court, while relying on a law library that is closed after work hours and over the holiday. Second, Chase has not agreed to compensate Tarter for his preparation time. Third, the document requests are overbroad, vague, and otherwise objectionable. See FRCP 30(b)(1), 32(a)(5)(A), 26(b)(1), 26(b)(4)(E), 26(c)(1), 45(d)(1), 45(d)(2)(B), and 45(d)(3)(A)(iv); Miller v. Sawant, 114 F.4th 1071 (9th Cir. 2024).

*Responding Party*:

Defendant JPMorgan Chase Bank, N.A. properly served Plaintiff's expert witness, Thomas Tarter, with a deposition subpoena on November 21, 2025 noticing a deposition within the expert discovery cut-off for December 4, 2025. Chase has agreed to reimburse Mr. Tarter's reasonable fees as required and has also agreed to accommodate Plaintiff's request for a remote deposition. Plaintiff is obligated to use his best efforts to produce Mr. Tarter for deposition, but has provided no explanation or reason for his and Mr Tarter's unavailability on December 4, 2025. See Fed. R. Civ. P. 37 (d); see also St. Louis Condo. Ass'n v. Rockhill Ins. Co., 5 F.4th 1235, 1243 (11th Cir. 2021) (expert excluded from trial where proponent refused to make im available for deposition during discovery period). Plaintiff did provide availability after the expert discovery cut-off, but refuses to agree to a stipulation extending that deadline to allow for the deposition.

# Exhibit C

 **Gmail**

Joshua Johnson <josh@jj88.org>

## Submission Confirmation

1 message

**Civil Intake** <do-not-reply@cacd.uscourts.gov>                          Thu, Dec 4, 2025 at 4:47 AM
To: josh@jj88.org

**Dear Joshua Johnson:**

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Joshua Johnson
**Tracking Number:** EDS-251204-002-7748
**Date:** 12/4/2025 4:47:09 AM

Uploaded files:

- **MOTION FOR PROTECTIVE ORDER.pdf**
- **MOTION FOR PROTECTIVE ORDER - DECLARATION.pdf**
- **MOTION FOR PROTECTIVE ORDER - PROPOSED ORDER.pdf**

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

# Exhibit D



Joshua Johnson <josh@jj88.org>

---

### RE: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734 - Chase Summary Exhibit / Exhibit List
1 message

---

**Hickey, Joseph** <JHickey@dykema.com>                                    Tue, Jun 8, 2021 at 6:52 AM
To: Joshua Johnson <josh@jj88.org>
Cc: Pro Se Administrator 9 <ProSeAdministrator9@adr.org>

Hi Josh, That is fine with me as long as you agree to share any recording.

Joe

I will be out of the office the week of June 14th.  I will be working remotely, but will not have consistent availability (i.e., access to email and phone).  If you anticipate an issue requiring attention the week of the 14th please advise.

---

**From:** Joshua Johnson <josh@jj88.org>
**Sent:** Tuesday, June 8, 2021 9:43 AM
**To:** Hickey, Joseph <JHickey@dykema.com>
**Cc:** Pro Se Administrator 9 <ProSeAdministrator9@adr.org>
**Subject:** Re: Joshua Johnson v. JPMorgan Chase Bank N.A. - Case 01-20-0015-1734 - Chase Summary Exhibit / Exhibit List

**\*\*\* EXTERNAL\*\*\***

Joe,

Do you object to me recording the audio of the Zoom hearing? I would like a transcript, in the event that post-hearing briefs are necessary. Because I am the only one attending the hearing, I do not have anyone to take notes.

Josh

On Mon, Jun 7, 2021 at 3:13 PM Hickey, Joseph <JHickey@dykema.com> wrote:

Josh and Pro Se #9,  I attach two items.  1. A timeline summary that we will use with our witnesses tomorrow.  Per my previous communications, there is nothing new here.  It is simply a summary of information contained in the various documents.  Hopefully you find it self explanatory.  The second column is the statement activity, the third column is are Chase system notes and purged note activity, along with the ACDV and AUD documents, The fourth column lists the various items of correspondence. The fifth column is the references to the source documents for the related activity.

The second item is an exhibit list which it occurs to me has become somewhat unnecessary over time, but it may be beneficial for you to see how we view the order and listing of exhibits.

Thanks,

Joe

I will be out of the office the week of June 14th.  I will be working remotely, but will not have consistent availability (i.e., access to email and phone).  If you anticipate an issue requiring attention the week of the 14th please advise.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit E

DECLARATION OF JOSHUA JOHNSON IN SUPPORT OF HIS OPPOSITION TO JPMORGAN CHASE'S
MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER

## Johnson v Chase Hearing on 6-8-21

| | | |
|---|---|---|
| | | sufficient time to get some sustenance and we'll resume at 1:30. And in fact at that time, let me just pose a question to both sides. I heard Josh say in his opening statement that as late as March of this year essentially that offer was what he was willing to accept. Did I understand you correct, Josh, that's the case? Clearing your credit record and you would pay off the balance? |
| | Johnson | That was my stance in March. That's no longer my stand. |
| | Arbitrator | Okay. I understand that. The question evidentiarily is for Joe, was that offer made back as he says in 2018 and refused, and we can talk further about it when we come back on the record. All right. We'll resume – I'm gonna leave the site going. I'm just going to mute myself and turn off the screen and come back. |
| | Johnson | Can I say something that actually I should have disclosed this a the beginning. So Joe and I discussed, since I don't have anybody with me to like take notes that I would record this and send it to the parties at the end. So I've been recording this on my phone. I forgot to mention that totally. If nobody consents, I guess I can remove it now. But I'd like to ask for that. |
| | Arbitrator | Joe, is that okay with you? |
| | Hickey | It's fine. |
| | Arbitrator | Okay. You should have asked. I could have recorded it easily on the Zoom but have not done so, but if you're satisfied that the recording you're getting is accurate, can hear it well enough, then that's fine. The Zoom recording would actually show the screen too. But it's – I don't want to start in the middle doing that.<br><br>Okay. Um. I was going to ask something else. Let me think what it was. Oh. I've got a hard stop today at about five minutes until four. So hopefully we will be done by that time. But I just want to let you know that. Okay. See you back at 1:30 Eastern time. |
| 02:11:15 | | **[BREAK TAKEN]** |
| 02:36:52 | Arbitrator | Josh, where are you now, you're in California, are you in the San Francisco area? |
| | Johnson | I'm actually in Los Angeles, in Santa Monica. |
| | Arbitrator | What are you doing there? |
| | Johnson | Software engineering, yeah, same stuff I did in Raleigh. But sunnier, better weather. Ten times more expensive. |
| 02:37:37 | Arbitrator | Okay. Are we ready to resume? |
| | Hickey | I think we're waiting for Andy. |
| | Arbitrator | He was on a minute ago, then went back. |
| | (Andy) | I'm here. I just have my video off. |
| | Hickey | One thing before we start again, I was talking to Andy during our break. We would appreciate it – we don't mind the recording being taken, but I approached Josh before about keeping stuff confidential. There is absolutely no use for any recording being used outside of these proceedings. And we would like that understood. |
| | Arbitrator | Okay. Are you agreeable to that, Josh, that the recording will be limited to this proceeding and anything that may flow from this proceeding? |
| | Johnson | I agree with the recording, not anything else. |
| | Arbitrator | I'm sorry. I don't understand your limitation. |

## Johnson v Chase Hearing on 6-8-21

| | Johnson | Yes, I will specifically not share the recording with anyone outside of this. I otherwise am free to take advantage of the private but not confidential aspect of arbitration. |
|---|---|---|
| | Arbitrator | Okay.  I think that the concern only was with regard to the recording.  So that's fine then, I think we have agreement that the recording will not be used beyond this proceeding in any off-shoot from this proceeding. <br><br> Okay.  Joe, I think I had asked you if you were – if your client was disputing what Josh said about the offer that he made back in 2018 to pay the balance and have the adverse credit references removed.  Were you able to confirm (a) that that offer was made and (b) that it was rejected? |
| | Hickey | I believe [we will] have testimony about it, but I believe the offer was made.  But it was – because the information was being reported accurately, it was declined. |
| | Arbitrator | I understand.  Okay. <br> All right, Josh, go ahead, and keep an eye on the time.  We want to leave time for Chase to have its opportunity as well. |
| | Johnson | Yeah, so I was thinking about that over the break.  I'm gonna quick – I'm gonna get through all of the core allegation stuff fairly quickly here.  Lots of stuff for damages and for stuff like I would – some of it I think is more weak.  So if you were looking at it and you're like this is no gonna fly, let's move past it.  So.  Okay.  So I'm going to share my screen again.  Okay.  In the interest of time, I'm going to rearrange in the order in which I was going to do stuff too.  So, I believe I'm just about done with the timeline here.  Okay.  So this is what we were on.  I think we were up to June of 2018, which was when I was having a conversation with Chase after I found out about the fact that the account was charged off.  This conversation kind of died out in late June.  June 12th was when I took these screen shots.  And I'm gonna bring those up now.  Okay.  So this is CX6 I believe.  These are pictures that I took on June 7th – I'm sorry, June 12th. |
| | Arbitrator | It should be claimant exhibit 5 I think. |
| | Johnson | Oh is it?  Okay. <br> Okay.  Exhibit 5.  So these are pictures that I took of Chase's online system as of June 12th of 2018.  So the context in which I took these pictures – I've got a page of prepared testimony that kind of speaks to that but roughly I – somehow, I don't know exactly how, but I was able to log in.  Maybe it was through my own you know attempts or maybe I figured it out with Chase, but somehow I got in.  And this is – what you're seeing is the Chase Inc. online account, or the online account linked with the Chase Inc. card as of that day.  This is the first page.  What you're seeing here at the bottom, this is last session summary.  So this is a picture of the account as of mid-2018 saying that I did not log in – the last time that I logged in was April 4th of 2017.  So this is the key piece of evidence that I'm using to, you know, provide what I think is kind of air tight proof that between the 4th through well past when the account was charged off I didn't log in.  And if I didn't' log in, I couldn't have received statements.  And so if I didn't receive statements, unless there's some implied you know obligation on my part to you know attempt to work with Chase to get them, which I did, then that's a breach of contract and would excuse I think under the circumstances by non-performance.  There's that. |

# Exhibit F

Arbitrator (00:00:02):

And it's recording now, Mr. Hickey has asked for access to the recording. Mr. Johnson, what do you say about that at this point in time?

Josh (00:00:16):

I maintain my objection.

Arbitrator (00:00:18):

Okay. And what's the basis if you already recorded the first hearing anyway?

Josh (00:00:23):

Yeah. So my basis is so the first recording was under different circumstances. There were constraints placed on the recording as far as the sharing of parties. Frankly, I don't think it's in my advantage to have it recorded because I think it will be used in an attempt to vacate a potential award or on an appeal. I don't think that's in my favor. And so that's the honest answer.

Joe (00:00:48):

And if I may reply to the constraints for the Mr. Johnson's recording, the first hearing certainly applied here as well. We're not going to share it outside of this proceeding. That's not our intent. And I know Mr. Johnson is concerned about appeals and action to vacate any award. I think that being a litigator, which Mr. Johnson is not, but he certainly has demonstrated a particular skillset that would make him a very good one. That's always a risk in virtually every proceeding. So the fact that I don't plan, I'd often chase plans and move to vacate anything or appeal anything at this point because there's no ruling, but I think it's always good to have as much of a record as possible. And that's why I'm glad he actually recorded the first one. So that's all I'll say.

Arbitrator (00:01:38):

Am I correct in understanding that a transcript of the first hearing has been prepared?

Joe (00:01:45):

Our word processing has gone through it and took them more than a few days to go through it because I wanted to review it. It occurred to me last week. I was like, I do not intend to recross on areas where I am satisfied with the cross exam from the first hearing or Mr. Johnson's direct testimony. So in fact, I have a very limited area of coverage with him today.

Arbitrator (00:02:11):

Are you willing to provide a copy of that transcript to Mr. Johnson and to me?

Joe (00:02:17):

Sure. Yeah. And with the understanding it's our word processing but the benefit is you can also listen to the audio there may be a misspelling or there may be... It may not be accurate. If you have an issue, just go and listen to it. So what Sheila and our Chicago office did, she did a very credible job and I offered dinner and a drink, but it's with that understanding. Yeah we'll provide it.

Arbitrator (00:02:45):

Okay. Please plan to do so this week. Was there any effort to only selectively transcribe the recording?

**Joe (00:02:55):**

I think on Sheila's part there was, but I didn't let her do that. So I think she was a bit over it. And so I said, no you need to finish it. Because the initial one was, I just wanted Josh's direct exam. And then it occurred to me. I needed to know what issues I crossed on because again, the efficacy of this proceeding is we get to rely on his direct testimony and the certain cross exam is already in the record. And I was like, go ahead and do the cross. And I initially had not asked for that. And then she's like, but you didn't want this. I'm like, well I want it now.

**Arbitrator (00:03:28):**

So as best you can say the entire recorded proceeding has been transcribed?

**Joe (00:03:37):**

Yes. Including the three pages devoted to my inability to screen share.

Arbitrator (00:03:42):

Okay very good. That being said, I will allow access to the recording today. Also when I get it, usually it takes a few hours for me to get it. It comes with a voice recognition transcript, which in my experience has been fairly accurate, but not hugely accurate. And you can decide for yourselves as to whether you wish to go further. And I would ask Mr. Hickey, if you would to provide this week to me and Mr. Johnson, the transcript of the first hearing.

Joe (00:04:20):

Sure.

Arbitrator (00:04:21):

And I will provide to both parties, the transcript and recording of the hearing today. All right. Then the next point is this case continues to appear to grow. And I want to just let you know, now that I have a three o'clock Eastern time phone call, it's a faculty meeting that I must do so we will stop there. It will be over in an hour or less. And if by chance we're not finished by three o'clock Eastern time, I could resume for another hour at four o'clock, but then I have another appointment at five o'clock. So we can get in four to five hours today as may be needed. Hopefully that will be sufficient, but I want everybody to understand that. And we'll probably want to take 15 to 20 minutes for a lunch break around one o'clock maybe Eastern time, somewhere in there.

Joe (00:05:19):

Okay.

Arbitrator (00:05:21):

All right. One other point of clarification. I, I noticed in the back and forth of the parties regarding where we stood at the end of last hearing, Mr. Hickey, you were taking the position that Josh had rested his case. I don't believe he did. So I believe that he finished his direct examination and said that that was all the evidence that he had, but you were in the midst of cross examination and certainly he would have the opportunity for redirect if he wanted to. So I want to let you know that it's not my view or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit G

1           UNITED STATES DISTRICT COURT
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
2
    Civil Action Number 2:22-cv-06718-AB-MAAx
3
    JOSHUA JOHNSON,
4
          Plaintiff,
5
    vs.
6
    JPMORGAN CHASE BANK, N.A.,
7
          Defendant.
8
    ----------------------------------------------------------
9
        REMOTE VIDEO DEPOSITION OF THOMAS A. TARTER
10
                   December 4, 2025
11
    ----------------------------------------------------------
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                          Page  1

```
 1                    I N D E X
 2
     EXAMINATION:                                  PAGE
 3
          By Ms. Gnanadesigan                        7
 4
          By Mr. Johnson                           105
 5
          By Ms. Gnanadesigan                      162
 6
 7
     DEPOSITION EXHIBITS:
 8
     Exhibit 1      Plaintiff Joshua Johnson's Expert    31
 9                  Witness Disclosure Pursuant to
                    FRCP 26(a)(2)
10
     Exhibit 2      Subpoena                          38
11
     Exhibit 3      Complaint                         54
12
     Exhibit 4      Transcript, Johnson v. Chase      66
13                  Hearing on 6-8-21
14   Exhibit 5      Transcript, transcript, AAA       85
                    hearing, 7/15/21
15
     Exhibit 6      Pre-Hearing Brief                98
16
     Exhibit 7      Ink and Sapphire payment summary  109
17
     Exhibit 8      Sapphire statements             115
18
     Exhibit 9      CFPB Investigation Response,     119
19                  10/14/20
20   Exhibit 10     Online Profile Alerts           124
21   Exhibit 11     Email to Johnson from Chase,     126
                    7/23/11, Subject:  Your Credit Card
22                  Payment is Due Alert from Chase
                    Case Services
23
     Exhibit 12     Email to Johnson from Chase,     127
24                  2/8/18, Subject:  Your Credit Card
                    Payment is Due Alert from Chase
25                  Case Services


                                              Page 4
```

| | | |
|---|---|---|
| 1 | (Deposition Exhibit 4 was marked.) | 12:18 |
| 2 | Q.   (BY MS. GNANADESIGAN)   I'd like to turn | 12:18 |
| 3 | to Exhibit 4. | 12:18 |
| 4 | A.   Yes, ma'am.   Let me do something here. | 12:18 |
| 5 | I'm going to put this away in a second. | 12:18 |
| 6 | Q.   Okay. | 12:18 |
| 7 | A.   Yes, ma'am.   I just want to make sure the | 12:19 |
| 8 | Exhibit 4 that I have here is the "Johnson versus | 12:19 |
| 9 | Chase Hearing on 6-8."   Is that the title at the top? | 12:19 |
| 10 | Q.   Correct. | 12:19 |
| 11 | A.   So this is a transcript of the hearing -- | 12:19 |
| 12 | MR. JOHNSON:   I object to the use of this | 12:19 |
| 13 | document. | 12:19 |
| 14 | MS. GNANADESIGAN:   Can you let me finish | 12:19 |
| 15 | speaking before you object.   Let me finish what I'm | 12:19 |
| 16 | saying, and then you can object when I'm done. | 12:19 |
| 17 | MR. JOHNSON:   Go ahead. | 12:19 |
| 18 | MS. GNANADESIGAN:   So I'm just going to | 12:19 |
| 19 | represent what this is.   This is a transcript of the | 12:19 |
| 20 | hearing in the Johnson v. Chase matter, the AAA | 12:20 |
| 21 | arbitration that took place on June 8, 2021. | 12:20 |
| 22 | MR. JOHNSON:   I'm going to jump in real | 12:20 |
| 23 | quick.   So I'm going to object to the introduction of | 12:20 |
| 24 | this.   There was an agreement made during the hearing | 12:20 |
| 25 | that this recording and transcript would not be used | 12:20 |

Page 66

1    outside of the arbitration.  That was an agreement                12:20

2    between Chase and I and should not be used here.                  12:20

3         MS. GNANADESIGAN:  We can proceed.                           12:20

4         Q.  (BY MS. GNANADESIGAN)  Mr. Tarter, have                  12:20

5    you seen this document before?                                   12:20

6         A.  Not before this morning.  No, ma'am.                    12:20

7         Q.  Okay.  Are you aware that Mr. Johnson had               12:20

8    two different online profiles with Chase?                        12:20

9         A.  Could you please explain two different                  12:20

10   profiles?  I don't understand.                                   12:20

11        Q.  Are you aware that he had two different                 12:20

12   user names and accounts, online accounts, with Chase?           12:20

13        MR. JOHNSON:  Objection.  Form.                             12:21

14   Misleading.  Calls for speculation.                             12:21

15        A.  Could you restate your question?                       12:21

16        MS. GNANADESIGAN:  Could you please read                    12:21

17   it back.                                                        12:21

18        (The question was read back as follows:                    12:21

19   "Are you aware that he had two different user names             12:21

20   and accounts, online accounts, with Chase?")                    12:21

21        A.  I am aware that he had two different                   12:21

22   accounts at one point in time.                                  12:21

23        Q.  (BY MS. GNANADESIGAN)  Were you aware                   12:21

24   that he had two different online profiles with Chase?          12:21

25        A.  I don't know -- recollect.  You're using              12:21

Page 67