**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>             Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>             Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Judge Maria A. Audero<br>Courtroom: 690<br><br>**DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER**<br><br>**Date:** January 30, 2026<br>**Time:** 10:00 AM<br>**Location:** Dept 7B<br><br>Complaint Filed:   September 19, 2022 |

008241.002262 4929-8939-5593.1

1

# DECLARATION OF ABIRAMI GNANADESIGAN

I, Abirami Gnanadesigan, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member at Dykema Gossett LLP, and counsel of record for Defendant JPMorgan Chase Bank, N.A. ("Defendant") in this action. I make this Declaration from my personal knowledge and, if called as a witness, I could and would competently testify hereto.

2. A true and correct copy of the Proof of Service of the Deposition Subpoena for Thomas Tarter is attached hereto as Exhibit 1.

3. A true and correct copy of the relevant portions of the transcript from the October 23, 2023 Deposition of Barbara Burda is attached hereto as Exhibit 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 16, 2026 in Los Angeles, California.

_____
Abirami Gnanadesigan

008241.002262 4929-8939-5593.1

2

GNANADESIGAN DECLARATION IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER

# Exhibit 1

# UNITED STATES DISTRICT COURT
for the

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON<br>*Plaintiff*<br>v.<br>JPMORGAN CHASE BANK, N.A.<br>*Defendant* | )<br>)<br>) Civil Action No. 2:22-cv-06718-AB-MAAx<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: THOMAS A. TARTER
18783 Tribune Street, Northridge, CA  91326

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>444 S. Flower Street, Suite 2200, Los Angeles, CA  90071 | Date and Time:<br>December 4, 2025, 10:00 AM |
|---|---|

The deposition will be recorded by this method: Stenographic and Video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2025

*CLERK OF COURT*                                                OR                    [signature]

_____                                  _____
*Signature of Clerk or Deputy Clerk*                                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JPMORGAN CHASE BANK, N.A._____, who issues or requests this subpoena, are:
Abirami Gnanadesigan AGnanadesigan@dykema.com
Dykema Gossett LLP 444 So. Flower St Ste 2200 Los Angeles, CA 90071 213-457-1800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. **2:22-cv-06718-AB-MAAx**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **THOMAS A. TARTER**
on *(date)* **November 20, 2025**

☑ I served the subpoena by delivering a copy to the named person as follows: **THOMAS A. TARTER,** personally at **18783 Tribune Street , Porter Ranch, CA 91326** on *(date)* **11/20/2025** at **6:50 PM** or

☐ I returned the summons unexecuted because; _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

**$ 89.42**

My fees are $ .00 for travel and $  for services, for a total of $ .00

I declare under penalty of perjury that this information is true.

Date: **11/21/2025**

*Mark A. Frankel*
*Server's signature*

**Mark Frankel**
*Printed name and title*

**Ace Attorney Service, Inc.**
**800 S. Figueroa Street, Suite 900, Los Angeles, CA 90017**
**Phone: (213) 623-3979 / Fax: (213) 623-7527**
**Registration No.: 2025027512 / County: LOS ANGELES**
*Server's Address*

Additional information regarding attempted service, etc.:

JOSHUA JOHNSON vs JPMORGAN CHASE BANK, N.A.

AO88A-2519468

# Exhibit 2

# Deposition Transcript

Case Number: 2:22-cv-06718-RSWL-MAA

Date: October 23, 2023

In the matter of:

# JOHNSON v JPMORGAN CHASE BANK, N.A.

# BARBARA BURDA - 30(b)(6)



Reported by:

Michelle L. Goehring

Notary Public

**CONFIDENTIAL**



Steno
Official Reporters

315 W 9th St.
Suite 807
Los Angeles, CA 90015
concierge@steno.com
(310) 573-8380
NV: FIRM #108F

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                         -  -  -
    JOSHUA JOHNSON,               )
 4                                ) No.:
                                  ) 2:22-cv-06718-RSWL-MAA
 5            Plaintiff,          )
                                  )
 6                                ) REMOTE VIDEOTAPED
                                  ) DEPOSITION 30(B)(6) OF
 7                                ) BARBARA BURDA
            -vs-                  )
 8                                ) Filed on Behalf of the
                                  ) Plaintiff
 9                                )
                                  ) Counsel of Record For
10   JPMORGAN CHASE BANK,         ) This Party:
     N.A.,                        )
11                                ) L. David Russell, Esq.
                                    RUSSELL LAW, PC
12            Defendant.            1500 Rosecrans Avenue
                                    Suite 500
13                                  Manhattan Beach, CA
                                    90266
14

15

16

17

18
                           -  -  -
19

20              *** CONFIDENTIAL ***

21     REPRODUCTION OF THIS TRANSCRIPT IS PROHIBITED
       WITHOUT AUTHORIZATION FROM THE CERTIFYING
22     AGENCY

23

24

25
```

```
 1              REMOTE VIDEOTAPED DEPOSITION 30(B)(6)

 2    OF BARBARA BURDA, a witness herein, called by

 3    the Plaintiff, for examination, taken pursuant

 4    to the Rule 30(b)(6) of the Federal Rules of

 5    Civil Procedure by and before Michelle L.

 6    Goehring, a court reporter and a notary public

 7    in and for the Commonwealth of Pennsylvania,

 8    held remotely with all parties appearing from

 9    their respective locations, on Monday, October

10    23, 2023, at 9:32 a.m. Pacific Time

11    COUNSEL PRESENT:

12
      For the Plaintiff:
13

14    by L. David Russel, Esq.
      1500 Rosecrans Avenue
15    Suite 500
      Manhattan Beach, CA 90266
16    david@russelllaw.com

17    For the Defendant:

18    DYKEMA GOSSETT LLP
      by Robert A. Hyatt, Esq.
19    444 S. Flower Street
      Suite 2200
20    Los Angeles, CA 90071
      rhyatt@dykema.com
21

22    Also Present:     Autumn Taylor, Videographer

23                      Joshua Johnson, Plaintiff

24                      Andrew Cho, In-house counsel
                        for JPMorgan Chase Bank
25
```

```
                          -   -   -
                        I N D E X

WITNESS                                              PAGE

BARBARA BURDA

      By Mr. Russell                                   6
```

BARBARA BURDA - 30(B)(6) - CONFIDENTIAL JOB NO. 729375
OCTOBER 23, 2023

```
 1   the ACDV and back to the CRAs.
 2        Q.    Do you know what date Chase received
 3   this ACDV?
 4        A.    Scroll down.  Let me see.
 5              Right there.  Receive date.
 6        Q.    So Chase received the ACDV on
 7   August 24, 2020?
 8        A.    Correct.
 9        Q.    And then the response date, the
10   closeout date was September 8, 2020; correct?
11        A.    Correct.
12        Q.    So did the investigation take
13   about -- actually, do you know when the
14   investigation started for Mr. Johnson's
15   complaint?
16        A.    I don't.
17        Q.    Who would have that information?
18        A.    I don't know.
19        Q.    Would an investigation normally
20   start the day the ACDV was received by Chase?
21        A.    No.
22        Q.    How long would an ACDV usually sit
23   in a queue before a specialist would start
24   investigating it?
25        A.    It depends.
```

```
 1      Q.    Would it normally be a week or two?
 2      A.    It could be.
 3      Q.    Is it fair to say it would at least
 4   take a few days?
 5      A.    Yes.  That's fair.
 6      Q.    And you don't know how long Chase
 7   actually investigated Mr. Johnson's FCRA
 8   complaint; correct?
 9      A.    I don't.
10      Q.    Do you know what specialist was
11   assigned the investigation?
12      A.    I don't.  It's redacted on there.
13      Q.    So it would be -- Under Submitted
14   By, normally it would say who actually --
15      A.    Yep.
16      Q.    -- who actually conducted the
17   investigation?
18      A.    Correct.
19      Q.    You don't know who investigated
20   Mr. Johnson's FCRA complaint?
21      A.    I don't.
22      Q.    Did you try to get the identity of
23   that person before your testimony today?
24      A.    I did not.
25      Q.    You didn't try to reach out to that
```

```
 1        Q.    Okay.  But it doesn't tell you
 2   specifically what was reviewed?
 3        A.    On the next page, besides the SCC
 4   that we reviewed, which our procedure would
 5   have told us to review that.  We verified -- we
 6   validated the SCC in C3.  We verified the
 7   open/close status, so we verified that
 8   information.  We verified that it correctly
 9   charged off in C3, which would have been the
10   balance and the chargeoff status.
11              We validated the account was paid in
12   full, which, again, would have been the
13   balance.  And then it had chargeoff status and
14   we validated that account status in our system
15   of record.  And the fraud memo found that there
16   was liability on the customer based on those
17   payments.
18        Q.    Was there any investigation as to
19   how the basis accrued -- sorry.  Let me strike
20   that.
21              Was there any investigation as to
22   how the account balance accrued?
23        A.    We were responding to the
24   information on the ACDV as to the accuracy of
25   what was reflected at that moment.  So we did
```

1   validate that the balance was charged off.
2              We did validate that the customer
3   did make the payment on the account to bring
4   that account balance to zero.  And we validated
5   those other components based on those disputes.
6        Q.   Was there any investigation as to
7   how the balance accrued?  Yes or no.
8        A.   No, there was no investigation of
9   how that balance was made.
10       Q.   Was there any investigation as to
11  whether Mr. Johnson tried to pay off his entire
12  balance when he closed his account September
13  2017?
14       A.   We would have reviewed memos to see
15  if there's anything on those memos that would
16  suggest that the balance was paid.  But there
17  wasn't anything on the memo that would suggest
18  that.  The account was still at a balance and
19  we showed that he paid in 2020, I think, it
20  was.
21       Q.   So there were no memos that would
22  have showed that Mr. Johnson tried to pay his
23  account?
24       A.   I don't know.  I would have to -- I
25  don't know.

```
 1   everything they could have looked at or is
 2   there additional information or data on the C3
 3   system that the investigator could have also
 4   pulled from?
 5       A.    There would have been no additional
 6   information from C3 that they would have pulled
 7   from.
 8       Q.    So the only information would have
 9   been on Exhibit -- on Chase 129 through
10   Chase 147?
11       A.    Correct.  And the statements.
12       Q.    And the statements that we just
13   looked at; correct?
14       A.    Correct.
15       Q.    So I'm sharing my screen to show you
16   the Excel spreadsheet that we've marked as
17   Exhibit 5.  And, I apologize, it's a little
18   hard to read here.
19             So here there are entries -- so,
20   again, just to lay some foundation here.  This
21   is data from the C3 system that's in the
22   spreadsheet; correct?
23       A.    That's my understanding.
24       Q.    Would all of the data in this
25   spreadsheet been available to the processor
```

```
 1   working on the CRA investigation?
 2       A.   I'm not sure.  I don't know when
 3   that information -- no, I'm not sure.
 4       Q.   Okay.  So do you see here on
 5   Row 1191 there's an entry for May 21, 2018; do
 6   you see that?
 7       A.   Not really.  It's really hard to see
 8   that.  I can't.  Sorry.
 9            What's the date you have on there?
10       Q.   2018-5-21.
11       A.   I do see that, May 27, 2018.  Yes.
12       Q.   Okay.  Would that information have
13   been available to processors working on the
14   FCRA investigation?
15       A.   It might have, in 2020, have been
16   there.
17       Q.   So why wouldn't it have been
18   there -- well, why is it possible it wouldn't
19   have been there in 2020?
20       A.   Because of the length of time that
21   has passed between this comment and the
22   investigation.  Some of those comments may --
23   and I don't know the criteria -- may have
24   purged off the system.
25       Q.   Okay.  How long does it take for
```

```
 1   that's being reported to the CRAs and Chase
 2   receives that as part of the FCRA process, does
 3   Chase's investigation go into seeing that
 4   information that's being disputed is
 5   misleading?
 6                MR. HYATT:  Objection,
 7   unintelligible.
 8   BY MR. RUSSELL:
 9       Q.   Do you understand, Ms. Burda?
10       A.   I don't.  Sorry.
11       Q.   Okay.
12       A.   I don't.
13       Q.   Did Chase determine that the
14   information it reported to Equifax regarding
15   Mr. Johnson's account was misleading?
16       A.   No.  We did not determine it was
17   misleading.
18       Q.   Did Chase investigate whether it was
19   misleading?
20       A.   We investigated the information on
21   ACDV and the accuracy based on our system of
22   record.
23       Q.   So you investigated whether it was
24   inaccurate; is that correct?
25       A.   Yes.  That's correct.
```

```
 1                    MR. RUSSELL:  A standard video
 2   is good.
 3                    THE VIDEOGRAPHER:  Okay.
 4              Shelly, did you have any other
 5   questions about orders before we go off the
 6   record?
 7                    THE COURT REPORTER:  No.  I
 8   think that's it.
 9                    THE VIDEOGRAPHER:  This
10   concludes the deposition of the Defendant
11   Corporate Rep in the matter of Johnson versus
12   JPMorgan Chase Bank, N.A.
13              We are now off the record.  The time
14   is 1:17 p.m. Pacific.
15                    (The deposition was concluded
16   at 1:17 p.m. Pacific, and signature was
17   waived.)
18
19
20
21
22
23
24
25
```

```
 1   COMMONWEALTH OF PENNSYLVANIA        )
                                         ) SS
 2   COUNTY OF ALLEGHENY                 )

 3                   CERTIFICATE

 4        I, Michelle L. Goehring, a notary public
     in and for the Commonwealth of Pennsylvania, do
 5   hereby certify that the witness, BARBARA BURDA,
     was by me first duly sworn to testify the
 6   truth, the whole truth, and nothing but the
     truth; that the foregoing deposition was taken
 7   at the time and place stated herein; and that
     the said deposition was recorded
 8   stenographically by me and then reduced to
     typewriting under my direction, and constitutes
 9   a true record of the testimony given by said
     witness.
10
          I further certify that the inspection,
11   reading and signing of said deposition were
     waived by counsel for the respective parties
12   and by the witness.

13        I further certify that I am not a
     relative, employee or attorney of any of the
14   parties, or a relative or employee of either
     counsel, and that I am in no way interested
15   directly or indirectly in this action.

16        IN WITNESS WHEREOF, I have hereunto set my
     hand and affixed my seal of office this 5th day
17   of November, 2023.

18
            [signature: Michelle L. Goehring]
19
            Michelle L. Goehring, Notary Public
20          Court Reporter
            My Commission Expires: July 12, 2025
21          Commission No. 1317058

22

23

24

25
```

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DECLARATION OF ABIRAMI GNANADESIGAN IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER** on the interested parties in this action as follows:

Joshua Johnson                           **PLAINTIFF PRO SE**
2201 5th Street, Apt. 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY OVERNIGHT SERVICE:** I enclosed the documents in an envelope/package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the prepaid envelope/package, for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 16, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

008241.002262  4929-8939-5593.1

3

GNANADESIGAN DECLARATION IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF THOMAS TARTER