**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
PRO SE

FILED
CLERK, U.S. DISTRICT COURT
2/3/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No.: 2:22-cv-06718-AB-MAAx <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER STRIKING DEFENDANT'S NOTICE OF LODGING** <br><br> Judge:  Hon. André Birotte Jr. <br> Place:  Courtroom 7B |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Joshua Johnson ("Johnson") respectfully applies *ex parte* for an order striking Defendant's Notice of Lodging (Dkt. 114) and disregarding the attached exhibits for all purposes, including in ruling on Defendant's Motion to Exclude Opinions and Testimony of Thomas Tarter (Dkt. 105) (the "Motion").

This application is brought *ex parte* because Defendant filed its Notice of Lodging at 4:57 p.m. on Friday, January 30, 2026—after its Motion was taken under submission and on the last date to hear a motion—leaving Johnson with no procedural mechanism to be heard before the Court rules. Absent immediate relief, the Court may consider the untimely transcripts without any opportunity for Johnson to respond, causing immediate and irreparable prejudice.

Johnson provided notice of this application to Defendant's counsel, Abirami Gnanadesigan ("Gnanadesigan"), by email on February 1, 2026 and telephone on February 3, 2026, describing the relief requested and the grounds for the application. Counsel stated that Defendant opposes the relief sought. Defendant's position is described below. On February 3, 2026, Johnson transmitted the application to Gnanadesigan, and advised that any opposition must be filed within 48 hours (2 court days).

Pursuant to Local Rule 7-19.1, the address of Defendant's counsel is 444 South Flower Street, Suite 2200, Los Angeles, California 90071, her email address is AGnanadesigan@dykema.com, and her phone number is (213) 457-1800.

**DATED:** February 3, 2026

Joshua Johnson

/s/ Joshua Johnson

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case was filed in 2022. Discovery closed years ago. Yet Defendant continues to seek procedural advantages from its sloth. In November 2025, this Court rejected Defendant's attempt to "restart[] this 2022 case from scratch" after it failed to take sufficient discovery. Dkt. 83 at 2. In December 2025, the Court denied Defendant's *ex parte* application to extend the expert discovery deadline after it waited until the eleventh hour to take an expert deposition. Dkt. 94.

Defendant's Notice of Lodging follows the same pattern. Defendant has possessed recordings of the parties' prior arbitration since July 2021. Yet at 4:57 PM on Friday, January 30, 2026—the last date to hear a motion—Defendant filed new purported transcripts of those recordings, after briefing closed and after its Motion was taken under submission. This left Johnson no procedural mechanism to be heard before the Court rules.

These transcripts are unauthenticated and materially differ from those Defendant originally submitted. They were also created in violation of the parties' agreement that there would be "absolutely no use" of the recordings outside the arbitration and Defendant's own representation that it would not "share [the recordings] outside of [the arbitration] proceeding." The Court should strike the Notice of Lodging and disregard the attached transcripts for all purposes, including in ruling on Defendant's Motion.

### II. FACTUAL BACKGROUND

1. On June 8, 2021, during the first day of the hearing in a prior arbitration between the parties, an audio recording of that day's hearing was made ("Recording"). Dkt. 105-2 (Gnanadesigan Decl.) ¶ 4.

2. On July 15, 2021, during the second day of the hearing, a video recording of that day's hearing was made. Dkt. 105-2 (Gnanadesigan Decl.) ¶ 5.

3. The parties agreed that the two recordings (collectively, the "Recordings") would have absolutely no use outside of the arbitration (the "Non-Use Agreement"). *See* Dkt. 107 (Johnson Decl.) ¶¶ 8–9; Dkt. 108 (Reply) at 5:17–18 (the parties "agreed to keep the recording of the June 8th hearing confidential"), 5:22–23 (counsel for Defendant requested, during the arbitration, "absolutely no use for any recording being used outside of these proceedings"); Dkt. 114 (Notice of Lodging), Ex. D at 5:16–19 (counsel for Defendant stated, during the arbitration, that "[w]e're not going to share [the recordings] outside of this proceeding").

4. On January 2, 2026, Defendant filed its Motion, which relies upon excerpts of purported transcripts of the Recordings ("Dykema Transcripts"). Dkt. 105-1 (Motion) at 9:14–19. The Dykema Transcripts were created in 2021 by an employee of Dykema, the law firm retained by Defendant. That employee's identity is not known to Johnson. *See* Dkt. 107 (Johnson Decl.) ¶ 9.

5. In a declaration accompanying its Motion, Gnanadesigan declared "based on personal knowledge" that each of the Dykema Transcripts was "a true and correct copy of the relevant portions of the transcript" for that day of the arbitration hearing. Dkt. 105-2 (Gnanadesigan Decl.) ¶¶ 4–5. Gnanadesigan did not represent Defendant in the arbitration and did not attend the June 8, 2021 hearing.

6. On January 10, 2026, Johnson filed his opposition. Dkt. 106 (Opposition). In his Opposition, Johnson objected to the use of the Dykema Transcripts on the grounds that they lacked foundation, were materially inaccurate, and that their use was barred by the Non-Use Agreement. *Id.* at 5–8.

7. On January 16, 2026, Defendant filed its reply. Dkt. 108 (Reply). In its Reply, Defendant conceded that the Recording was subject to the Non-Use Agreement. *Id.* at 5:17–18, 5:22–23. Defendant did not address Johnson's

4

argument that the Dykema Transcripts lacked foundation or his argument they were inaccurate.

8. On January 29, 2026, this Court took the Motion under submission. Dkt. 111.

9. On January 30, 2026, Defendant filed excerpts of purported transcripts of the Recordings, dated January 20, 2026, created by U.S. Legal Support (the "USLS Transcripts"). Dkt. 114. The USLS Transcripts were transcribed by Janene Cleary ("Cleary") "while listening to the provided recording." *Id.*, Ex. C at 167. The contents of the USLS Transcripts differ from the Dykema Transcripts.

## III. LEGAL STANDARD

Local Rule 7-19 permits an *ex parte* application upon a showing that the moving party has notified the opposing party or provided a satisfactory explanation for why such notice should not be required. Local Rule 7-19.1 requires that the application set forth: (a) the contact information of opposing counsel, (b) the notice provided, and (c) whether opposing counsel opposes the application. Federal courts routinely hold that *ex parte* relief is appropriate where a deadline will expire before the matter can be heard on a noticed motion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* applications may be granted when "the moving party is without fault in creating the crisis" and "will be damaged or prejudiced if the request is denied." *Id.*

## IV. ARGUMENT

### A. Defendant's Post-Submission Filing Violates the Local Rules

Defendant has possessed the Recordings since July 2021. Nevertheless, it waited until 4:57 p.m. on Friday, January 30, 2026—the last date to hear a motion—to file the USLS Transcripts. Dkt. 83 (Scheduling Order). This was over two years after discovery closed, after its Motion had been taken under submission, and

without leave of Court. *See* L.R. 7-5, 7-9, 7-10 (no provision for supplemental filings after briefing closes without leave of court).

This is procedurally improper and unfair to Johnson who has no procedural mechanism to challenge the authenticity, accuracy, or admissibility of the USLS Transcripts. Defendant's post-submission evidentiary supplementation violates the Local Rules, violates Judge Birotte's Standing Order, and the exhibits should not be considered. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."); Dkt. 26 (Standing Order) at 4 ("The parties must adhere to the [L.R. 7 motion schedule] ... so that Chambers has sufficient time to prepare.").

**B. Defendant Failed to Authenticate the USLS Transcripts**

Defendant's Notice of Lodging does not include a sworn declaration; instead, both transcripts include a certificate signed by Cleary, wherein she states that "the transcript is a true and accurate transcription, to the best of my ability, taken while listening to the provided recording." Dkt. 114 (Notice), Ex. C at 167. Cleary was not present at the arbitration hearing. Consequently, her transcription is only as accurate as the recording provided to her. Defendant cannot authenticate a transcript of a recording without first authenticating the recording itself. Because Defendant has not done so, the USLS Transcripts lack foundation. *See* Fed. R. Evid. 901(a).

Moreover, despite Johnson's notice that he does not possess the recording of the June 8, 2021 hearing, Defendant has not provided that recording to Johnson. Dkt. 106 (Opposition) at 6:27–7:3. The accuracy of the USLS Transcripts are therefore unknown. What is known, however, is that the USLS Transcripts materially differ from the Dykema Transcripts originally filed in support of Defendant's Motion. For example, in a passage relied on in Defendant's Motion, one transcript uses the word "extensively" while the other uses "ostensibly". This word choice significantly alters the meaning of the passage. *See* Dkt. 105-2, Ex. C at 11; Dkt. 114, Ex. C at 33:9.

**C. The USLS Transcripts Were Created in Violation of the Parties' Agreement**

During the arbitration, Defendant solicited an agreement that there would be "absolutely no use for any recording being used outside of these proceedings" and went so far as to state "[w]e're not going to share [the recordings] outside of this proceeding". Section I, ¶ 3. Yet, in its Notice of Lodging, Defendant states that it "had the recording of [the June 8, 2021] hearing transcribed by a certified court reporter from U.S. Legal Support".

That is "use" and it is in violation of the agreement. The fruit of that breach, the USLS Transcripts, should be stricken. *See Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1041 (9th Cir. 2011) (excluding evidence of "what was said and not said during the mediation" because the parties' confidentiality agreement provided that "'[n]o aspect of the mediation shall be relied upon or introduced as evidence in any arbitral, judicial, or other proceeding'"); *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1027 (N.D. Cal. 2003) (granting a motion to strike where a party attached and relied on mediation materials subject to a confidentiality agreement); *Mitchell Health Techs., Inc. v. Naturewell, Inc.*, No. 02-C-0439-C, 2002 WL 32356855, at *1–2 (W.D. Wis. Dec. 2, 2002) (granting motion to strike where "plaintiffs disclosed testimony covered by a confidential arbitration agreement"). Nor should Defendant be permitted to assert a position contrary to its prior on-the-record representation that it would not share the recordings.

**D. Neither Custom nor Subjective Intent Alters the Agreement**

When Johnson spoke with counsel for Defendant by phone on February 3, 2026, counsel explained Defendant's position regarding the recordings: a confidentiality agreement was in place, but Defendant's recent use was not violative because sharing confidential materials with vendors (such as court reporters) is customary practice in litigation and Defendant's purpose in seeking the original agreement was to prevent public dissemination of the recording (but not transcripts).

None of these arguments withstands scrutiny. First, whether sharing confidential materials with a vendor is customary practice in litigation is irrelevant—it does not override the parties' express on-the-record agreement that there would be "absolutely no use" of the recordings "outside of these proceedings." *See Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265 ("If contractual language is clear and explicit, it governs."); *see also C.J. Wood, Inc. v. Sequoia Union High School Dist.* (1962) 199 Cal.App.2d 433, 436–437 ("custom and usage are admissible only as an instrument of interpretation … and not to vary express terms of a contract.") This is especially true where, as here, one party to the agreement was a self-represented non-attorney without litigation experience. Second, Defendant's subjective purpose in seeking the agreement does not override its plain terms; whatever Defendant internally hoped to achieve, it proposed and obtained an agreement providing for "absolutely no use" outside the arbitration, not merely an agreement against public dissemination. *See Winet v. Price*, 4 Cal. App. 4th 1159, 1166 n.3 (1992) ("[E]vidence of the undisclosed subjective intent of the parties is irrelevant to determining the meaning of contractual language.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Notice of Lodging and disregard the USLS Transcripts for all purposes, including in ruling on Defendant's Motion.


**DATED:** February 3, 2026                                    Joshua Johnson

                                                               /s/ Joshua Johnson

## <u>DECLARATION OF JOSHUA JOHNSON</u>

I, Joshua Johnson, declare as follows:

1. I am the Plaintiff in this matter.

2. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

3. I make this declaration in support of my Application to the Court for an Order Striking Defendant's Notice of Lodging ("Application").

4. On February 1, 2026, I provided notice of the Application to Defendant's counsel, Abirami Gnanadesigan, by email, describing the relief requested and the grounds for the Application. Defendant's counsel stated that Defendant opposes the relief requested in the Application.

5. On February 3, 2026, I discussed this matter again with Defendant's counsel by phone, transmitted the Application to Defendant's counsel, and advised that any opposition may be filed within two court days.

6. I have reviewed the excerpts of the USLS Transcripts. They differ from the excerpts of the Dykema Transcripts. For example, the Dykema Transcripts uses the word "extensively", where the USLS transcript uses "ostensibly", and this alters the meaning of the transcribed statement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Joshua Johnson

<u>/s/ Joshua Johnson</u>

Executed on February 3, 2026 in San Diego, California.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 2,313 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** February 3, 2026                                              Joshua Johnson

<u>/s/ Joshua Johnson</u>

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER STRIKING DEFENDANT'S NOTICE OF LODGING