**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAAx |
| Plaintiff, | The Hon. André Birotte Jr. Courtroom 7B |
| v. | Magistrate Maria A. Audero Courtroom: 690 |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO *EX PARTE* APPLICATION FOR AN ORDER STRIKING DEFENDANT'S NOTICE OF LODGING** |
| | Complaint Filed:   September 19, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff brings his *ex parte* application based on a purported lack of opportunity to respond to Defendant JPMorgan Chase Bank, N.A.'s (Chase) Notice of Lodgment filed on January 30, 2026 [ECF 114]. But the *one* argument he claims he was precluded from making regarding the accuracy of the transcripts was already made in his opposition to Chase's Motion to Exclude Thomas Tarter. [ECF 106, p. 6-7]. As stated in Chase's reply brief, Chase simply submitted the official transcriptions of the arbitration hearings once they were available.

Plaintiff also argues that the transcripts were created in violation of the parties' agreement that the *recordings* taken on June 8 and July 15, 2021 would be confidential. Chase in no way violated that agreement. Chase only transmitted the recordings to U.S. Legal Support; a certified court reporting and transcription agency that is bound to keep the recordings confidential by a code of professional ethics.

Finally, Plaintiff ignores the well-settled principles regarding public access to materials relevant to motions requesting dispositive judicial action. He also fails to articulate how any of the information contained in the transcripts is confidential, trade secret, or otherwise protected from public disclosure. Plaintiff's repeated efforts to exclude his testimony and admissions from the prior arbitration are telling.

## II. DEFENDANT DID NOT SUBMIT ANY NEW EVIDENCE OR ARGUMENT AFTER TIMELY FILING ITS REPLY BRIEF

The U.S. Legal Support transcripts do not constitute additional evidence in support of Chase's *Daubert* motion; they are simply the certified versions of what was already submitted. The arguments concerning the content of the transcripts were fully briefed in Chase's moving papers, Plaintiff's Opposition, and Chase's Reply. As such any arguments Plaintiff asserts regarding prejudice are simply red-herrings.

## III. THE TRANSCRIPTS ARE PROPERLY AUTHENTICATED

Plaintiff's argument regarding the authentication of the transcripts is nonsensical. The relevant portions of each transcript are followed by a Certificate of Transcriber stating "I, Janene Cleary, Michigan CSR No. 16359, do hereby certify that I was authorized to transcribe the foregoing recorded proceeding; and that the transcript is a true and accurate transcription, to the best of my ability, taken while listening to the provided recording." Chase does not represent that the transcripts are anything other than what they are certified to be.

## IV. THE TRANSCRIPTS WERE NOT CREATED IN VIOLATION OF ANY AGREEMENT BETWEEN THE PARTIES

Chase does not dispute the agreement between the parties to not share the *recordings* of the hearings. Even the Arbitrator clarified "I think that the concern only was with regard to the recording." (Johnson Declaration, ECF 107, Exh. E, p. 31). Chase has abided by that agreement. Chase simply transmitted the recordings to U.S. Legal Support; a professional court reporting and transcription service that is bound by The Association for Court Reporters and Captioners Code of Professional Ethics. Provision 4 provides that a member shall: "[p]reserve the confidentiality and ensure the security of information, oral or written, entrusted to the Member by any of the parties in a proceeding." *See* https://www.ncra.org/home/the-profession/NCRA-Code-of-Professional-Ethics. While there was no Protective Order in place outlining the parameters of the parties' agreement here, this Court's Model Protective Order, as an example, contemplates parties' disclosure of "Confidential" information to, among others, "Court reporters and their staff." Such disclosure is routine in the course of litigation despite any confidentiality designation applied.

Moreover, Plaintiff cannot credibly dispute that there was no agreement to maintain the confidentiality of the transcripts themselves as Plaintiff himself contemplated using information from the arbitration in future proceedings. Plaintiff

stated at the June 8 hearing : "I otherwise am free to take advantage of the private *but not confidential* aspect of arbitration." (emphasis added) (Johnson Declaration, ECF 107, Exh. E, p. 31). No confidentiality agreement made extends to the transcripts at issue.

Finally, Courts have consistently rejected arguments concerning the confidentiality of arbitration materials, even where a valid confidentiality agreement existed. In *Lohnn v. IBM,* No. 21-cv-6379 (LJL), 2022 U.S. Dist. LEXIS 1444, 40-41 (S.D.N.Y. Jan. 4, 2022), the court rejected an argument that arbitration documents should be sealed to honor a confidentiality agreement, stating, "the fact that information exchanged between private parties [that] is subject to a confidentiality agreement that binds them is not itself sufficient to deprive the public of the right of access to that information when it is properly filed in support of a motion asking the Court to take dispositive judicial action on a matter properly before the Court." The cases that Plaintiff cites related to confidentiality of mediation proceedings are inapplicable.

Again, while Chase does not concede that any confidentiality agreement existed as to the transcripts, Plaintiff seems to want to exclude everything that took place in the Arbitration, regardless of whether it would qualify as private, trade secret, or proprietary. This should not be permitted.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Chase respectfully urges the Court to deny Plaintiff's *ex parte* application.

DATED: February 5, 2026        DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4902-0943-9629.1

5

DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO *EX PARTE* APPLICATION FOR AN ORDER STRIKING NOTICE OF LODGING

# PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER STRIKING DEFENDANT'S NOTICE OF LODGING** on the interested parties in this action as follows:

Joshua Johnson                                **RESPONDENT IN PRO PER**
1373 Caminito Halago
La Jolla, CA 92037

Tel: (336) 423-2594
Email: iosh@ii88.org

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 5, 2026, at Los Angeles, California.

_____
Mitzi Mendoza