**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.:  2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE**<br><br>**Date:      April 17, 2026**<br>**Time:      10:00 AM**<br>**Location:   Dept 7B**<br><br>Complaint Filed: September 19, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE
2:22-CV-06718-AB-MAA

## I.      INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") seeks an order precluding Plaintiff Joshua Johnson ("Plaintiff") (or other lay witnesses) from introducing speculative evidence or argument regarding alleged credit-related damages. In particular, Plaintiff should be barred from offering lay testimony, argument, or exhibits purporting to show that (1) Chase's credit reporting caused fluctuations in Plaintiff's credit score; (2) because of Chase's credit reporting, Plaintiff would have been denied credit or offered credit on unfavorable terms had he applied for financing; or (3) in the absence of Chase's reporting, Plaintiff would have qualified for, obtained, and completed a real estate purchase. Each of these theories rests on layered speculation, lacks the requisite causation evidence , and would invite the jury to guess at matters requiring expert analysis.

## II.     LEGAL STANDARD

Plaintiff sues Chase for violation of the Fair Credit Reporting Act ("FCRA"), specifically under 15 U.S.C. §1681s-2(b), and under the California Consumer Credit Reporting Agencies Act ("CCRAA") section 1785.25(a) of the California Civil Code.

To prevail on his FCRA claim, Plaintiff must prove not only a failure to conduct a reasonable investigation of a credit dispute Chase received from a consumer reporting agency, but also that he suffered damages *as a result* of that failure. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154–55 (9th Cir. 2009); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106–07 (9th Cir. 2012). The same causal requirement applies to Plaintiff's claim under CCRAA. *See* Cal. Civ. Code § 1785.25(a); §1785.31(a). Speculative evidence that lacks a logical connection—or "fit"—to the damages element is inadmissible under Rules 401 and 402, and must also be excluded under Rules 602, 701, 702, and 403.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE 2:22-CV-06718-AB-MAA

## III.    ARGUMENT

Under Fed. R. Evid. 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." However, a witness can testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

Chase anticipates Plaintiff will attempt to introduce lay witness testimony (his own testimony, or testimony of other lay witnesses) suggesting that 1) the data furnished by Chase to consumer reporting agencies impacted his credit score, and 2) that this alleged impact on his score led to credit related damage, including an inability to obtain financing or to purchase real estate. As set forth below, such testimony rests on layered speculation, requires technical and specialized knowledge beyond the scope of lay testimony, and lacks a causal connection to any admissible damages theory.

### A. Lay Testimony Purporting to Link Chase's Reporting to Credit Score Fluctuations Is Speculative and Inadmissible

The anticipated lay testimony from Plaintiff that changes in his credit score were the consequence of Chase's reporting is nothing more than unsubstantiated speculation about subjects that require technical and specialized knowledge of credit mechanics and credit scoring that falls within the scope of Rule 702.

Neither Plaintiff nor any of the lay witnesses on his witness list has the requisite expertise to perform a credit score analysis or to competently opine on how information furnished by Chase may have impacted Plaintiff's credit score, by how much, or at what time. Credit scores are influenced by numerous variables

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE
2:22-CV-06718-AB-MAA

unrelated to derogatory reporting, including changes in revolving credit utilization, payment timing relative to statement cycles, changes in available credit, credit mix, and differences in how consumers are scored based on the length and makeup of their credit histories. None of these factors can be discerned from the face of a credit report or from isolated credit score snapshots.

Accordingly, any lay testimony attributing credit score fluctuations to Chase's reporting would be nothing more than unsubstantiated speculation. Such testimony is barred by Rules 602 and 701, and its limited probative value—if any— would be substantially outweighed by the risk of unfair prejudice, jury confusion, and misleading the jury under Rule 403.

**B. Lay Testimony Inviting the Jury to Infer That Plaintiff Would Have Been Denied Credit Is Impermissibly Speculative**

Plaintiff is expected to argue that an alleged reduction in his credit score was caused by Chase's reporting and that it rendered him unable to obtain financing, including a mortgage to invest in real estate. That theory is not grounded in personal knowledge or admissible evidence and instead rests on layered speculation regarding credit scoring and hypothetical third-party lending decisions.

Moreover, any testimony about Plaintiff's alleged inability to obtain a mortgage to invest in real estate because of his allegedly diminished credit score is nothing more than conjecture that is built upon the prior speculation relating to Chase's alleged harm to his score.

There should be no doubt that testimony about the extent to which credit reporting by one furnisher could have impacted Plaintiff's credit score, creditworthiness, or any creditor's lending decisions requires technical or specialized knowledge of the credit industry, credit mechanics, and credit scoring that Plaintiff does not possess. In the absence of any expert testimony by someone who has performed a credit score analysis or evaluated underwriting criteria,

Plaintiff and any non-expert witnesses may not opine that the Chase reporting impacted his credit score, rendered him unqualified for credit, or caused a lender to deny financing.

Such testimony would be pure speculation and would be based upon hearsay regarding hypothetical third-party decision-making offered for the truth of the matter asserted therein.

## C. Plaintiff May Not Speculate That He Would Have Qualified for Credit or Completed a Real Estate Transaction

Because Plaintiff did not apply for credit, and because no lender decision exists, any lay testimony purporting to establish that Plaintiff would have been denied financing necessarily depends on conjecture about how unidentified creditors, applying unknown underwriting criteria, would have evaluated a hypothetical application. Testimony of this type exceeds the scope of permissible lay opinion under Rules 602 and 701, intrudes into matters governed by Rule 702, and because any probative value will be substantially outweighed by the danger of unfair prejudice to Chase, confusion of the issues, misleading the jury, and likelihood of undue delay, waste of time, or needlessly cumulative testimony, it should also be excluded under Rule 403.[1]

Plaintiff has indicated that he will attempt to prove damages by arguing he was shopping for real estate and stopped doing so because of the alleged credit impact that he claims was caused by Chase. But Plaintiff may not speculate that he would have qualified for financing, obtained credit on acceptable terms, completed a real estate purchase, or realized financial gains but for Chase's actions. Courts have repeatedly excluded similar speculative damage evidence. *See Phillips v.*

---

[1] Plaintiff has retained an expert witness, Thomas Tartar, and Mr. Tatar's opinions and testimony are subject to a pending *Daubert* motion and a separate motion in limine.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE
2:22-CV-06718-AB-MAA

*Archstone Simi Valley LLC*, Case No. CV 15-5559 DMG (PLAx), 2017 WL 11683679, *1-2 (C.D. Cal. Feb. 1, 2017) (granting defendant's motion in limine to exclude evidence of economic damages, including speculative lost credit opportunities, citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474-76 (2d Cir. 1995); *Noori v. Bank of Am.*, Case No. CV 15-01467-AB (AFMx), 2016 U.S. Dist. LEXIS 76141, *13 (C.D. Cal. May 26, 2016) (plaintiff's own testimony "that she was rejected for a loan to purchase a house that has since appreciated about $1.3 million, that she was denied consumer credit to purchase a car and a television, and that she was denied one or more leases" based on erroneous reporting not sufficient because plaintiff had no first-hand knowledge why third parties denied credit or lease applications; plaintiff must show each transaction involved use of credit report); *Byrd v. Trans Union LLC*, Case No. 3:09-609-JFA, 2010 WL 2555119, *3 (D.S.C. June 18, 2010) ("The court initially notes that loss of opportunity to receive credit, absent some evidence that Byrd actually applied for and was denied credit because of an error in an Equifax credit report, is too speculative to support a claim for economic damages."); *cf. Casella v. EquifaxCredit Info. Servs.*, 56 F.3d 469, 474-76 (2d Cir. 1995) ("District Court properly found that, in the absence of any evidence that appellant made an offer to purchase property or applied for a home mortgage, the 'lost opportunity' damages he alleged were too speculative. . . . [Appellant] identified no bank that was interested in giving him a home mortgage. Indeed, as noted above, he presented no evidence that any potential creditor bank even received his credit report."); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LKH, 2017 WL 6513662, *18 (N.D. Cal. Dec. 20, 2017) (citing *Casella*: "Defendant is more persuasive in arguing that Plaintiff's loss of ability to purchase a property near Seattle is too speculative a basis for damages. As Defendant points out, not only did Plaintiff never apply for a mortgage, but Plaintiff never even identified a particular property that she was

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE 2:22-CV-06718-AB-MAA

interested in buying. . . . This requires speculation about the property Plaintiff might have bought, the loan terms she might have received, what other offers might have been made on the property, and what level of appreciation the hypothetical property might have experienced after she purchased it. Lost opportunity damages this speculative fail to survive summary judgment."); *Markosyan v. Hunter Warfield, Inc.*, Case No. CV 17-5400 DMG (JCx), 2018 U.S. Dist. LEXIS 244191, *30 (C.D. Cal. May 11, 2018) (granting summary judgment on all damages relating to Plaintiff's inability to finance a real estate transaction on favorable credit terms where it was undisputed that Plaintiff did not apply for a real estate loan).

Plaintiff's damages theory is built upon the same speculative foundation described above and extends it further. It requires the jury to assume that Plaintiff would have applied for financing; that he would have met all underwriting criteria; that a lender would have approved the loan; that he would have successfully bid upon and then purchased a particular property; and that the transaction would have resulted in calculable damages. Each step in this chain depends on facts not supported by evidence and decisions that were never made.

Absent admissible expert testimony establishing credit qualification, underwriting standards, and causation, asking the jury to calculate damages based on hypothetical lending outcomes or unrealized real estate transactions would invite conjecture rather than fact-finding. Such testimony should be excluded under Rules 401, 402, 602, 701, 702, and 403.

Plaintiff has retained an expert witness whose opinions are the subject of a pending *Daubert* motion and a separate motion in limine. Permitting Plaintiff to offer causation opinions through his own testimony or other lay witnesses would allow him to circumvent Rule 702 and the Court's gatekeeping role by presenting expert conclusions without expert scrutiny. The Federal Rules do not permit a party to accomplish indirectly what it cannot do directly.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE
2:22-CV-06718-AB-MAA

## IV.   CONCLUSION

Chase respectfully requests an order precluding Plaintiff from:

1. Offering lay testimony or argument that Chase's credit reporting caused changes in Plaintiff's credit score;

2. Introducing credit score or credit report exhibits for the purpose of proving that Chase's reporting caused any score decrease or adverse credit outcome, absent admissible expert testimony establishing causation;

3. Testifying or arguing that Plaintiff would have been denied credit had he applied because of Chase's reporting;

4. Testifying or arguing that Plaintiff would have qualified for credit, obtained financing, or completed a real estate purchase but for Chase's reporting; and

5. Asking the jury to calculate damages based on hypothetical credit approvals, denials, or unrealized real estate transactions.

DATED: March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE
2:22-CV-06718-AB-MAA

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
    Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 1 – TO EXCLUDE SPECULATIVE EVIDENCE OF ALLEGED CREDIT DAMAGE**

on the interested parties in this action as follows:

Joshua Johnson                              **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

_____
Alisa Givental

1

PROOF OF SERVICE
WBD (US) 4899-5823-7206