**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendant. | Case No.:  2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 7 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO PLAINTIFF'S CONTRACT CLAIMS**<br><br>**Date:       April 17, 2026**<br>**Time:       10:00 AM**<br>**Location:  Dept 7B**<br><br>Complaint Filed: September 19, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 7   2:22-CV-06718-AB-MAA

## I.       INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves in limine to exclude all evidence, testimony, and argument related to plaintiff Joshua Johnson's ("Plaintiff") contract claims that were the subject of the parties' prior arbitration proceedings. Specifically, Chase moves to exclude evidence of: (1) the alleged breach of an obligation by Chase to furnish monthly statements of account; (2) the alleged breach of an agreement made by Chase to link Plaintiff's Ink account with Plaintiff's personal accounts such that Plaintiff could receive and pay all statements at one online location; (3) the alleged breach of an agreement made on September 6, 2017, that Plaintiff, in paying $111.49 to Chase, was paying off the entire balance of his Ink account; and (4) any damages Plaintiff allegedly incurred as a consequence of litigating his claims in arbitration.

Plaintiff's contract claims were fully litigated and resolved in the prior binding arbitration between the parties. In this case, by contrast, Plaintiff is pursuing claims against Chase based upon allegedly inaccurate credit reporting under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). Allowing Plaintiff to present evidence or argument aimed at establishing alleged contractual breaches by Chase, and or seek recovery for damages incurred in connection with those claims – including the act of litigating those claims – would unfairly prejudice Chase, waste time by retrying issues that have already been adjudicated, risk inconsistent factual determinations, and would improperly transform this trial into a collateral attack on the arbitration award.

Plaintiff must prove his statutory claims, if at all, without relitigating the contract disputes he already chose to arbitrate. Evidence relating to his alleged breach of contract claims must be excluded.

## II.     LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.     PLAINTIFF'S CONTRACT CLAIMS WERE LITIGATED IN ARBITRATION AND ARE DISTINCT FROM THE ISSUES TO BE TRIED HERE

### A.  Relevant Background

This action concerns a Chase business credit card account ("Ink account") that Plaintiff opened in January 2017. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a), alleging that Chase knowingly furnished inaccurate information and failed to conduct a reasonable investigation in response to a credit dispute he submitted through Equifax.

Before filing this action, however, Plaintiff sued Chase in an AAA arbitration in connection with the same Ink account. As amended, Plaintiff's arbitration claims alleged Chase failed to provide agreed-upon monthly statements, failed to provide online access or technical support, and failed to properly settle and close the account. *See* Dkt. No. 80, p. 2 (citations omitted).

In a March 3, 2022 arbitration award that was later confirmed by the California Superior Court, the arbitrator framed Plaintiff's claim as a matter of contract. *Id.* at p. 3. The arbitrator found that Plaintiff had failed to carry his burden

to prove the existence or breach of a promise to link the accounts, that "Johnson presented no evidence that his Ink account statements were not available from March, 2017 at least through Sept., 2017 on the separate account website access that he had set up and then apparently forgot," and that "Chase presented evidence that such statements were available on the Ink account access website." Dkt. No. 68-1, pp. 8-9.

The arbitrator also found that "[t]here was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment," which precluded the finding of breach of contract but merited an equitable remedy requiring Plaintiff to pay off the balance on the Ink account – which Plaintiff "acknowledges he owed" and for Chase to thereafter request deletion of the account from his report. *Id.* at p. 9.

Chase moved for summary judgment in this action, arguing, *inter alia*, in part that the arbitration resolved the contractual disputes underlying Plaintiff's claims in this Action. *See* Dkt. No. 80, p. 4. In response, Plaintiff argued the arbitration award has no preclusive effect on the claims in this case based on an amendment to his cardmember agreement in June 2019, which stated in relevant part that "**No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue.**" *Id.* (emphasis in original).

The Court agreed with Plaintiff that the language forecloses the claim preclusion arguments advanced by Chase because "[a]s the Court understands it, the claims adjudicated in the arbitration were fundamentally contract claims… By contrast, the claims in this case arise under the FCRA and CCRAA, and are directed to the reasonableness (or lack thereof) Chase's investigation into Plaintiff's August 24, 2020 dispute that Plaintiff filed with Equifax. These are not the same claims so the arbitration cannot have any preclusive effect as to the claims in this

case." *Id.*

Chase moved for reconsideration of the Court's MSJ ruling, Dkt. No. 81, and by this Motion in Limine does not withdraw that Motion. Rather, Chase argues here that if the MSJ ruling stands, then it is consistent with the arguments made herein and dictates the in limine relief sought herein.

### B. The Plaintiff Cannot Offer Evidence of Claims Actually Litigated in and Decided by the Arbitration

The Court's ruling on Chase's motion for summary judgment observed that the account agreement expressly states that an arbitration award has no preclusive effect on issues or claims in subsequent proceedings "**beyond the Claims at issue**." *See* Dkt. No. 80, p. 4 (emphasis retained from MSJ order). Thus, the contract claims – which were undeniably "at issue" in arbitration – may not be relitigated here.

For this reason, even if the Court does not reconsider its ruling on the summary judgment motion, there is no question that Plaintiff *is* precluded from relitigating the contract claims that have already been finally decided in the arbitration.

### C. Plaintiff Should Not Be Permitted to Present Evidence on Decided Breach of Contract Claims

Plaintiff's CCRAA and FCRA claims arise under statutes governing the duties of furnishers in communicating information to consumer reporting agencies and after receiving consumer credit disputes. To prevail, Plaintiff must establish, among other things, that the information furnished was inaccurate or materially misleading, that Chase knew or should have known of the inaccuracy when it furnished the information, and/or that Chase failed to conduct a reasonable investigation in light of the dispute it received. *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) (joining the First Circuit and Eleventh Circuit, and noting: "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play."); *Gorman v. Wolpoff &*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 7   2:22-CV-06718-AB-MAA

*Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (furnisher's failure to report a consumer's dispute of a debt was misleading and thus inaccurate); *Id.* at 1157 (In assessing the reasonableness of a furnisher's investigation, "[t]he pertinent question is thus whether the furnisher's procedures were reasonable ***in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute***.") (emphasis added); *Mensah v. Experian Info. Sols., Inc.*, No. 16-CV-05689-WHO, 2017 WL 1246892, at \*10 (N.D. Cal. Apr. 5, 2017) ("The failure to plead an actionable inaccuracy, as discussed above, is also grounds for dismissal of plaintiffs' CCRAA claims.").

These elements do not require a jury to decide whether Chase was in breach of contract as alleged in the arbitration. The statutory claims at issue here focus instead on Chase's credit reporting and investigative conduct.

Permitting Plaintiff to present evidence and argument that Chase breached a payoff or account-linking agreement would invite a mini-trial on issues the jury is not tasked with deciding. Jurors would be asked to revisit years-old contractual disputes, hear conflicting narratives, and potentially reach conclusions inconsistent with the arbitration—despite those conclusions having no legal relevance to the statutory claims. The risk of confusion, delay, and unfair prejudice substantially outweighs any minimal probative value such evidence might have. Exclusion under Rule 403 is warranted.

/

/

/

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 7    2:22-CV-06718-AB-MAA

## IV.    CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant this Motion in Limine and exclude all evidence, testimony, and argument offered to relitigate contractual issues previously decided in arbitration, including alleged payoff agreements, account-linking promises, or related access-to-statements theories, and any damages Plaintiff contends he incurred as a result.

DATED: March 20, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
     Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
     Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## **PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 7 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO PLAINTIFF'S CONTRACT CLAIMS**

on the interested parties in this action as follows:

Joshua Johnson                           **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

_____
Alisa Givental

PROOF OF SERVICE