**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 9 – TO EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB DISPUTES**<br><br>**Date:** **April 17, 2026**<br>**Time:** **10:00 AM**<br>**Location:** **Dept 7B**<br><br>Complaint Filed: September 19, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 9          2:22-cv-06718-AB-MAA

## I.    INTRODUCTION

Plaintiff Joshua Johnson ("Plaintiff") intends to introduce evidence and argument concerning a series of disputes he submitted directly to defendant JPMorgan Chase Bank, N.A. ("Chase") and indirectly through the Consumer Financial Protection Bureau ("CFPB"). Plaintiff apparently will argue  this evidence is relevant to his claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code § 1785.25(a) because it purportedly shows Chase "knew" it was furnishing inaccurate information about his account, and to his claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) because it establishes information known and/or available to Chase when it investigated the August 2020 credit dispute he submitted through a consumer reporting agency ("CRA").

Both theories are legally incorrect. Neither the FCRA nor the CCRAA permits liability to be premised on allegations submitted by a consumer directly to a furnisher or through the CFPB, or upon a furnisher's voluntary investigation of such allegations. Allowing Plaintiff to rely on this evidence would improperly expand the scope of both statutes, circumvent FCRA's pre-emption provisions, and invite the jury to apply an erroneous "notice equals liability" standard that Congress expressly rejected.

Plaintiff's theory would nullify Congress's carefully crafted enforcement scheme. Congress anticipated that consumers would submit complaints directly to furnishers and to regulators, yet it deliberately declined to make those communications privately actionable. Allowing Plaintiff to use such disputes as evidence of "knowledge" to support his CCRRA claim, or of investigative inadequacy to support his section 1681s-(b) claim, would permit an end-run around the statutory limits on private enforcement and collapse the distinction between regulatory compliance and civil liability.

Accordingly, the Court should exclude all evidence, testimony, and argument

concerning disputes Plaintiff submitted directly to Chase, complaints submitted through the CFPB or other third parties, and Chase's responses to those communications.

## II.    ARGUMENT

### A.  Duties Under the FCRA and CCRAA Are Carefully Defined and Do Not Include a Duty to Investigate Non-CRA or Non-Qualifying Disputes

The Fair Credit Reporting Act establishes a comprehensive and carefully tiered framework governing the responsibilities of furnishers of credit information.

### 1.  Furnisher's Duties Under 15 U.S.C. § 1681s-2(a)

Section 1681s-2(a) prohibits furnishing information to consumer reporting agencies if the furnisher knows or "has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Importantly, "reasonable cause to believe that the information is inaccurate" means "having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

This same sub-section of the FCRA also requires furnishers to correct any information previously furnished determined to be not complete or not accurate. 15 U.S.C. § 1681s-2(a)(2). And it allows consumers to trigger the furnisher's obligation to investigate a dispute about the accuracy of information in the consumer's file by submitting a dispute directly to the furnisher, provided however, that such dispute meets the requirements for such direct dispute prescribed by the CFPB. 15 U.S.C. § 1681s-2(a)(8); *see also:* 12 C.F.R. § 1022.43.

As set forth in Regulation V, a furnisher's obligation to investigate a direct dispute is not triggered unless sufficient information about the nature of the dispute is submitted **in writing** to the **address designated by the furnisher** for receiving such disputes and none of the enumerated exclusions apply. 12 C.F.R. § 1022.43(a-c). There is no obligation to investigate a dispute received directly from a consumer

if the dispute does <u>not</u> meet these requirements. A bona fide written direct dispute also triggers the obligation to notify the consumer reporting agencies of the dispute. 15 U.S.C. § 1681s-2(a)(3).

Notably, none of the duties imposed under 1681s-2(a) are privately enforceable. 15 U.S.C. § 1681s-2(c-d); *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1154 (9th Cir.2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.") (citations omitted).

### 2. *Furnisher's Duties Under 15 U.S.C. § 1681s-2(b)*

Section 1681s-2(b) imposes the obligation for furnishers to investigate disputes received indirectly from a consumer reporting agency. 15 U.S.C. § 1681s-2(b); *Gorman,* F.3d at1154 ("These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).") (citing *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1059–1060 (9th Cir.2002)). The FCRA creates a private right of action for consumers to enforce this obligation. *Gorman,* F.3d at1154 ("§ 1681 s–2 limits this private right of action to claims arising under subsection (b)").

Notably, section 1681s-2(b) does <u>not</u> create the obligation to investigate indirect disputes received from any other third party. Thus, although the CFPB is tasked with promulgating regulations under the FCRA, there is no obligation imbedded in the FCRA to investigate a dispute the consumer submits through the CFPB. CFPB complaints are mechanisms for regulatory oversight, not statutory triggers for private liability.

### 3. *Furnisher's Duties Under Cal. Civ. Code § 1785.25*

The CCRAA follows similar structural logic to the FCRA. "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.' " *Carvalho v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 9       2:22-cv-06718-AB-MAA

*Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010).

Civil Code section 1785.25(a), like section 1681s-2(a)(1), prohibits a furnisher from knowingly or willfully furnishing inaccurate information to consumer reporting agencies. Section 1785.25(b), like section 1681s-2(a)(2), creates a duty to correct any information previously furnished that is determined to be not complete or not accurate. Section 1785.25(c), like section 1681s-2(a)(3), requires furnishers to notify CRAs of an ongoing dispute about the accuracy of furnished information. Section 1785.25(f), like section 1681s-2(b), requires furnishers to investigate credit disputes the furnisher receives from a CRA.

Only the obligations under Section 1785.25(a) of the Civil Code are enforceable in a private right of action, however, because the FCRA expressly preempts all state laws regulating furnisher activities, with the express exclusion of only Section 1785.25(a). 15 U.S.C. § 1681t(b)(1)(F)(ii) ("[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681 s–2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply with respect to section 1785.25(a) of the California Civil Code ...."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (recognizing that section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA preemption).

**B. Only a Narrow Subset of Furnisher Duties Is Privately Enforceable, and Plaintiff's Theory Impermissibly Expands That Subset**

Although the FCRA and CCRAA impose a range of duties on furnishers, Congress and the California Legislature made deliberate policy choices to limit which of those obligations may be enforced through private litigation. Plaintiff's anticipated reliance on evidence of the contents of his direct disputes, and his CFPB complaint, and evidence of the related investigations by Chase, disregards that limitation and would invite the jury to impose liability for conduct that is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 9          2:22-cv-06718-AB-MAA

non-actionable as a matter of law.

**2. Plaintiff May Not Use Evidence of Non-Actionable Conduct to Support His Section 1681s-2(b) Claim and Section 1782.25(a) Claim**

Plaintiff intends to argue that direct disputes and CFPB complaints are relevant because they purportedly show what Chase "knew" at the time it furnished information or what information was "available" during the CRA dispute investigation.

The FCRA forecloses this argument. Section 1681s-2(a)(1)(D) defines "reasonable cause to believe that the information is inaccurate" to require "specific knowledge, other than solely allegations by the consumer." A furnisher's receipt of consumer complaints—or its decision to investigate those complaints for business or regulatory reasons—does not alter that definition.

If consumer allegations contained in a dispute letter or CFPB complaint could nevertheless be used to establish "knowledge" for purposes of liability, the statutory exclusion of "solely allegations by the consumer" would have no practical effect. Every non-actionable direct dispute or regulatory complaint could be repackaged as evidence of scienter, converting duties Congress reserved for regulatory enforcement into privately obligations.

Nor does the FCRA permit plaintiffs to expand the scope of a § 1681s-2(b) claim by aggregating information from outside the CRA dispute process. The statute evaluates the reasonableness of a furnisher's investigation based on the notice and information provided by the CRA, not on the furnisher's broader historical knowledge, regulatory correspondence, or parallel complaint processes. *Gorman*, 584 F.3d at 1155-57 ("The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute."); *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (summary judgment for furnisher; investigation was reasonable given the scant information it

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 9            2:22-cv-06718-AB-MAA

received regarding the nature of Westra's dispute). Evidence offered to suggest otherwise invites the jury to apply a legally incorrect standard.

### 3. Preemption Forecloses Plaintiff's Attempt to Expand CCRAA Liability

The same limitation applies to Plaintiff's CCRAA claim. While California Civil Code § 1785.25(a) survives federal preemption as a narrow prohibition on knowingly or willfully furnishing inaccurate information, it does not authorize private plaintiffs to enforce the CCRAA's dispute-handling or investigation provisions.

FCRA preemption under 15 U.S.C. § 1681t(b)(1)(F) expressly precludes states from imposing additional requirements or prohibitions on furnishers with respect to the subject matter regulated by § 1681s-2, except for § 1785.25(a). Allowing Plaintiff to rely on direct disputes, CFPB complaints, to help establish liability under § 1785.25(a) would effectively re-impose these preempted duties.

In other words, Plaintiff may not accomplish indirectly—through offering evidence and argument about direct disputes and CFPB disputes —what federal law preempts him from doing directly.

### 4. The Evidence Risks Imposing Liability on a Legally Impermissible Theory

Permitting the jury to hear evidence of direct disputes, CFPB complaints, and Chase's responses to both would invite the jury to decide the case on an impermissible theory of liability: that being "put on notice," responding to complaints, or engaging in regulatory processes creates legal exposure.

Such evidence is irrelevant under Federal Rules of Evidence 401 and 402 because it does not tend to prove any fact of consequence under the governing law. *See* Fed. R. Evid. 401 (evidence is relevant only if it makes a fact of consequence more or less probable); Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

Even if marginally relevant, the evidence should be excluded under Federal

Rule of Evidence 403 because any limited probative value is substantially outweighed by the risk of confusing the issues and misleading the jury. *See* Fed. R. Evid. 403. Allowing Plaintiff to introduce evidence of complaints and investigations that are not legally actionable would invite jurors to apply a "notice equals liability" standard that is inconsistent with the statutory scheme, diverting the jury from the narrow statutory questions before it.

The Federal Rules of Evidence do not permit a case to be tried on a theory of liability that the substantive law does not recognize. Evidence that would cause the jury to impose liability on an improper legal basis is irrelevant, misleading, and must be excluded.

DATED: March 20, 2026                **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
　　　Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026      **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
     Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## **PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 9 – TO EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB DISPUTES**

on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

Alisa Givental

1

PROOF OF SERVICE

WBD (US) 4899-5823-7206