**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No.: 2:22-cv-06718-AB-MAA <br><br> The Hon. André Birotte Jr. <br> Courtroom 7B <br><br> Magistrate Maria A. Audero <br> Courtroom: 690 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 10 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO ALLEGED FAILURE TO NOTIFY CONSUMER REPORTING AGENCIES OF A DISPUTE** <br><br> **Date:         April 17, 2026** <br> **Time:         10:00 AM** <br> **Location:     Dept 7B** <br><br> Complaint Filed: September 19, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

## I.        INTRODUCTION

To the extent that plaintiff Joshua Johnson ("Plaintiff") contends that defendant JPMorgan Chase Bank, N.A. ("Chase") violated any law by failing to notify consumer reporting agencies that Plaintiff disputes the reporting of his Chase account as inaccurate, Chase seeks an order excluding argument and evidence in support of this claim.

Plaintiff sues Chase for violations of the California Consumer Credit Reporting Agencies Act ("CCRAA") and Fair Credit Reporting Act ("FCRA"). Although both statutes contain provisions requiring furnishers, in certain circumstances, to notify consumer reporting agencies that information is has been directly disputed by a consumer, **neither statute permits private enforcement of those dispute-notification provisions**. Plaintiff's claims are therefore limited to provisions that are privately enforceable—namely, Civil Code section 1785.25(a) and 15 U.S.C. § 1681s-2(b).

Despite this, Plaintiff alleges—and appears poised to argue—that Chase acted unlawfully by failing to advise consumer reporting agencies that Plaintiff directly disputed the reporting of his account. Because any such theory rests on statutory provisions that are either expressly preempted or expressly barred from private enforcement, evidence and argument regarding Chase's alleged failure to report the account was directly disputed are legally irrelevant, risk confusing the issues, and should be excluded.

## II.       LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence can be excluded "if its probative value is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**III.      RELEVANT BACKGROUND**

Plaintiff sues Chase for violations of Civil Code section 1785.25(a), which prohibits furnishing information that one knows or should know is incomplete or inaccurate, and United States Code section 1681s-2(b), which requires furnishers to conduct a reasonable investigation of a dispute that the furnisher received from a consumer reporting agency.

In support of his CCRAA claim, Plaintiff alleges that "until approximately March 2022, Chase furnished information regarding Plaintiff's Chase [] account which it knew or should have known was inaccurate and incomplete," including "reporting Plaintiff's Chase [] credit card account [] delinquent and [] a charge-off, … *failing to mention that there was a bona fide dispute regarding this claim*." Dkt. No. 1, ¶ 18 (emphasis added). This Motion in Limine concerns the emphasized phrase, above.

**IV.      DISPUTE REPORTING OBLIGATIONS NOT ENFORCEABLE**

Pursuant to FCRA, 15 U.S.C. §1681s-2(a)(3), "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."[1]

---

[1] Notably, this obligation is triggered only when a furnisher receives a dispute directly from the consumer "at the address specified by the [furnisher] for such notices." 15 U.S.C. 1681s-2(a)(8)(D) ("**Submitting a notice of dispute** A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices") (emphasis in original).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

The FCRA makes clear, however, that this obligation is not privately enforceable, because the private enforcement provisions of the FCRA, 15 U.S.C. §§ 1681n, 1681o, are not applicable to any obligations in subsection (a) of 15 U.S.C. § 1681s-2. *See* 15 U.S.C. § 1681s-2(c)(1) ("sections 1681n and 1681o of this title do not apply to any violation of— … subsection (a) of this section, including any regulations issued thereunder…"); *Nelson v. Chase Manhattan Mortg. Co.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Kar v. Lincoln Auto. Fin. Servs.*, No. CV 24-05538-KS, 2024 WL 5274620, at *5 (C.D. Cal. Nov. 15, 2024) ("The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements…However, § 1681s-2 limits this private right of action to claims arising under subsection (b)") (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009)).[2]

The CCRAA has a similar provision to the FCRA. Pursuant to California Civil Code section 1785.25(c), "So long as the completeness or accuracy of any information … furnished by any person to a consumer credit reporting agency is subject to a continuing dispute between the affected consumer and that person, the person may not furnish the information to any consumer credit reporting agency without also including a notice that the information is disputed by the consumer."

But, this CCRAA provision is preempted by the FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State ... relating to the responsibilities of persons who furnish information to consumer

---

[2] Notably, *Gorman* recognizes that while "a furnisher's initial failure to comply with [the §1681s-2(a)(3)] requirement is not privately enforce-able," a private right of action may exist if the furnisher subsequently fails to correct the initial omission after investigating the dispute pursuant to § 1681s-2(b)(1)(D). *Gorman*, 584 F.3d at 1154. Such a claim is not in question here because Plaintiff has not alleged to have submitted any written dispute to Chase at the address designated for direct disputes.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

reporting agencies," except with respect to section 1785.25(a)[3] of the California Civil Code. 15 U.S.C. § 1681t(b)(1)(F); *Levinson v. Transunion LLC*, No. CV1600837RSWLPLAX, 2016 WL 3135642, at *5 (C.D. Cal. June 2, 2016) ("Section 1785.25(c) is also preempted by the FCRA."); *Farrell v. Portfolio Recovery Assocs.,* No. CV 14-03941 RGK, 2014 WL 7745881, at *4 (C.D. Cal. Sept. 19, 2014) ("[T]he Court finds that it is preempted by the FCRA. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim as it relates to § 1785.25(c)."); *Robles v. Carver Fin., Inc.,* No. CV09-7121 DMG (PLAX), 2010 WL 11921721, at *12 (C.D. Cal. Aug. 6, 2010) ("section 1785.25(c) of the California Civil Code is expressly preempted by the FCRA, as provided in 15 U.S.C. section 1681t(b)(1)(F)"); *see also: Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, Carvalho's section 1785.25(f) claim is preempted.").

Thus, to the extent that Plaintiff seeks to sue Chase based on its alleged failure to notify the consumer reporting agencies of a direct dispute as a violation of the CCRAA or FCRA, there is no mechanism for him to do so in this case. *See* 15 U.S.C. § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of

---

[3] California district courts have rejected the notion that consumers can avoid preemption of a claim that arises under section 1785.25(c) by characterizing as one under section 1785.25(a). See e.g. *Faircloth v. AR Res., Inc.,* No. 19-CV-05830-JCS, 2020 WL 2747781, at *7 (N.D. Cal. May 27, 2020) ("The Court is persuaded by this reasoning and holds Plaintiff's allegation that Defendant did not notify credit reporting agencies about the dispute does not state a claim under section 1785.25(a), but instead must be construed as a claim under section 1785.25(c), which is preempted as discussed above.") (citing *Wang v. Asset Acceptance LLC*, 681 F.Supp.2d 1143, 1147-48 (N.D. Cal. 2010) (construing a § 1725.25(a) claim as a § 1725.25(c)); *Marseglia v. JP Morgan Chase Bank*, No. 09CV2857 JAH(RBB), 2011 WL 13134334, at *3-4 (S.D. Cal. Aug. 3, 2011) ("This Court is persuaded by the reasoning presented in *Wang*")).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

subsection (c) [referring to 15 U.S.C. §§ 1681s-2(a), 1681s-2(e), and 1681m(e)], … shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title.").

## V.   EVIDENCE ESTABLISHING A FAILURE TO REPORT PLAINTIFF'S ACCOUNT AS DISPUTED AND ARGUMENT REGARDING SAME SHOULD BE EXCLUDED

Because Plaintiff cannot recover under either the FCRA or the CCRAA based on a failure to report a direct dispute, evidence offered to prove such a failure does not make any fact of consequence more or less probable. *See* Fed. R. Evid. 401. Accordingly, evidence or argument concerning Chase's alleged failure to report a direct dispute is irrelevant and inadmissible under Rules 401 and 402.[4]

Even if evidence regarding an alleged failure to report a direct dispute had some marginal relevance, which it does not, it should still be excluded under Rule 403 because its probative value is substantially outweighed by the risk of confusion and unfair prejudice. Permitting Plaintiff to present evidence or argument that Chase failed to report the account as disputed would invite the jury to impose liability based on conduct that is not actionable as a matter of law. Jurors are likely to assume—incorrectly—that failing to report a dispute is itself unlawful and compensable, thereby blurring the distinction between non-enforceable statutory duties and the limited claims actually at issue in this case.

Allowing such evidence would also risk transforming the trial into a referendum on Chase's compliance with provisions of the FCRA and CCRAA that

---

[4] This does not affect Plaintiff's ability to argue and present evidence that the information about the Account itself (rather than his dispute) was inaccurate or incomplete in violation of California Civil Code section 1785.25(a), or a claim under 15 U.S.C. § 1681s-2(b), based on an alleged failure to conduct a reasonable investigation of his dispute to a consumer reporting agency.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

Congress and the courts have expressly removed from private enforcement. That risk of confusion and misapplication of the law substantially outweighs any limited probative value such evidence could have. See Fed. R. Evid. 403.

Because Plaintiff cannot recover based on Chase's alleged failure to report a direct dispute, and because evidence and argument on that topic would risk misleading the jury and confusing the issues, the Court should exclude all evidence, testimony, exhibits, and argument offered to suggest that Chase violated the FCRA or CCRAA by failing to notify consumer reporting agencies that Plaintiff directly disputed the account.

## VI.     CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant this motion in limine and enter an order precluding Plaintiff from introducing evidence, testimony, or argument regarding any alleged failure to notify consumer reporting agencies that the account was directly disputed or otherwise notate the account as disputed.

DATED: March 20, 2026              **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
    Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE NO. 10          2:22-CV-06718-AB-MAA

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
    Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 10    2:22-CV-06718-AB-MAA

## PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 10 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO ALLEGED FALILURE TO NOTIFY CONSUMER REPORTING AGENCIES OF A DISPUTE**

on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

_____
Alisa Givental

1

PROOF OF SERVICE