**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.:  2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 11 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO TIME-BARRED CLAIMS**<br><br>**Date:          April 17, 2026**<br>**Time:          10:00 AM**<br>**Location:      Dept 7B**<br><br>Complaint Filed: September 19, 2022 |

## I.      INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves in limine to exclude all evidence, testimony, and argument offered to establish alleged violations of California Civil Code section 1785.25(a) of the California Consumer Credit Reporting Agencies Act ("CCRAA") occurring prior to August 24, 2020. Any such alleged violations are time-barred because Plaintiff knew or should have known of the alleged inaccuracies no later than August 24, 2020, yet did not file this Action within the CCRAA's two-year limitations period.

Evidence concerning time-barred CCRAA claims is irrelevant under Federal Rules of Evidence 401 and 402 and, even if marginally relevant, must be excluded under Rule 403. Allowing Plaintiff to present evidence of alleged violations for which he cannot recover would mislead the jury, confuse the issues, and waste trial time by inviting the jury to consider conduct that is no longer legally actionable.

## II.      LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.      RELEVANT BACKGROUND

This Action concerns a Chase business credit card account ("Ink credit card account") that Plaintiff opened in January 2017.

Plaintiff alleges that, on or around August 24, 2020, he submitted a dispute to Equifax, a consumer reporting agency, challenging the accuracy and completeness

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE NO. 11                                    2:22-CV-06718-AB-MAA

of information Chase furnished regarding the Ink credit card account. Specifically, Plaintiff alleges that he disputed Chase's reporting that the account was delinquent and had been charged off. Dkt. No. 1 ¶ 8. Plaintiff alleges that Chase failed to conduct a reasonable investigation of this dispute and therefore violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Dkt. No. 1 ¶¶ 11–12.

Plaintiff also asserts a claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"), alleging a violation of California Civil Code section 1785.25(a), which prohibits any party from furnishing information to consumer reporting agencies it knows or should know is inaccurate or incomplete. Dkt. No. 1 ¶ 18.

According to Plaintiff, Chase furnished information regarding the Ink credit card account on multiple occasions between August 25, 2017 and February 25, 2022, including through regular monthly reporting and automated dispute responses. Declaration ¶ 2, Exh. A (Plaintiff Joshua Johnson's Amended Responses to Defendant JPMorgan Chase Bank, N.A.'s Interrogatories, Set One). Plaintiff contends these reports were inaccurate because the account was reported as delinquent and charged off. [1] *Id.*; *see also* Dkt. No. 1 ¶ 18.

Plaintiff did not file this action until September 19, 2022. Dkt. No. 1.

---

[1] Plaintiff may also be challenging the reporting on the basis that it did not disclose the reporting of the account as disputed. See Dkt. No. 1, ¶ 18 ("For example, Chase's reporting that Plaintiff's Chase Ink credit card account was delinquent and was a charge-off, []failing to mention that there was a bona fide dispute regarding this claim"). As discussed in the concurrently filed Motion in Limine No. 9, there is no actionable claim to support such a challenge. But, even if there were, Plaintiff's knowledge on August 24, 2020 of such inaccuracy, renders any alleged violation not raised within two years of August 24, 2020 time-barred under the CCRAA, Cal. Civ. Code § 1785.33, as discussed below.

## IV. ANY CLAIM FOR ALLEGED VIOLATION OF SECTION 1785.25(a) PRIOR TO AUGUST 24, 2020 IS TIME-BARRED

Pursuant to Cal. Civ. Code § 1785.33, "An action to enforce any liability created under [the CCRAA] may be brought in any appropriate court of competent jurisdiction within two years from the date the plaintiff knew of, or should have known of, the violation… ."

Here, Plaintiff's own allegations establish he had actual knowledge of the alleged inaccuracy underlying his CCRAA claim no later than August 24, 2020, when he allegedly disputed Chase's reporting of the Ink credit card account as delinquent and charged off. Dkt. No. 1 ¶ 8. Thus, no later than August 24, 2020, he indisputably had knowledge of the precise conduct he now claims violated California Civil Code section 1785.25(a).

Despite this knowledge, Plaintiff did not file this action until **September 19, 2022**, more than two years after the statute of limitations began to run. Dkt. No. 1. As a result, any claim for alleged violations of California Civil Code section 1785.25(a) occurring prior to August 24, 2020 is time-barred as a matter of law.[2]

## V. EVIDENCE IN SUPPORT OF A CCRAA VIOLATION THAT IS TIME-BARRED SHOULD BE EXCLUDED

Because Plaintiff's CCRAA claim is subject to a two-year statute of limitations, any alleged violation of California Civil Code section 1785.25(a) that occurred before August 24, 2020 is legally barred. Cal. Civ. Code § 1785.33. As a result, evidence or argument offered to establish such time-barred violations is irrelevant to any claim on which Plaintiff may recover and must be excluded under Federal

---

[2] Chase does not concede that any subsequent inaccuracies were furnished, nor that any alleged inaccuracies furnished on or before September 18, 2020 are actionable. Chase further notes that, to the extent Plaintiff alleges post-August 24, 2020 inaccuracies based on a different theory or discovery date, Chase does not concede that the record establishes undisputed accrual dates for such claims.

Rules of Evidence 401 and 402.

Permitting Plaintiff to introduce evidence of alleged CCRAA violations occurring prior to August 24, 2020 would serve no proper purpose. The jury will not be asked to determine liability or damages for conduct outside the limitations period, and such evidence therefore has no tendency to make any fact of consequence more or less probable.

Moreover, even if marginally relevant, evidence of alleged pre-limitations conduct should be excluded under Rule 403 because its probative value—if any—is substantially outweighed by the risk of unfair prejudice, juror confusion, and wasted time. Allowing Plaintiff to present evidence of alleged violations for which he cannot recover would invite the jury to improperly consider stale conduct as a basis for liability or damages, conflate time-barred conduct with actionable claims, and punish Chase for conduct that is no longer legally cognizable.

**VI.      CONCLUSION**

For the foregoing reasons, Chase respectfully requests that the Court grant this Motion in Limine and enter an order excluding all evidence, testimony, and argument offered to establish alleged violations of California Civil Code section 1785.25(a) occurring prior to August 24, 2020, as such claims are time-barred, irrelevant, and unduly prejudicial.

DATED: March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE NO. 11                           2:22-CV-06718-AB-MAA

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
    Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## **PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 11 – TO EXCLUDE ARGUMENT OR EVIDENCE RELATING TO TIME-BARRED CLAIMS**

on the interested parties in this action as follows:

Joshua Johnson                                  **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

_____
Alisa Givental

PROOF OF SERVICE