**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 12 – TO EXCLUDE EVIDENCE OF ALLEGED VIOLATIONS OF CALIFORNIA LAW OCCURING BEFORE PLAINTIFF BECAME A CALIFORNIA RESIDENT**<br><br>**Date:** April 17, 2026<br>**Time:** 10:00 AM<br>**Location:** Dept 7B<br><br>Complaint Filed: September 19, 2022 |

## I.    INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") seeks an order excluding argument and evidence, including testimony, aimed at establishing that a violation of California Consumer Credit Reporting Agencies Act, section 1785.25(a) of the California Civil Code ("CCRAA") occurred prior to March 29, 2019, when plaintiff Joshua Johnson ("Plaintiff") allegedly moved from North Carolina and became a California resident. Such evidence should be excluded because the CCRAA is a California law that does not apply extraterritorially and Plaintiff cannot recover for any alleged violation of this law while he resided outside California. Evidence aimed at establishing a violation for which Plaintiff cannot recover is irrelevant, will only mislead the jury, create confusion, and ultimately waste everyone's time, making it far more prejudicial than probative.

## II.    LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## III.    RELEVANT BACKGROUND

This Action concerns a Chase business credit card account ("Ink account") that Plaintiff opened in January 2017, while he was residing in North Carolina. Declaration of Alisa A. Givental ¶ 2, Exh. B, 9:3-4 ("Q: What state were you living in when you opened the card? A: North Carolina."").

Plaintiff contends that he moved to Los Angeles County, California in March

2019. Dkt. No. 1, ¶ 1; Declaration of Alisa A. Givental ¶ 2, Exh. B, at 9:12-15 ("Q All right. So in the beginning of 2017 you were living in North Carolina. When did you move to California? A Early 2019, I believe."). The earliest reference to a California address associated with Plaintiff in documents he produced in this case is March 29, 2019. Declaration of Alisa A. Givental ¶ 3. Plaintiff cannot credibly claim he had a California residence prior to March 29, 2019.[1]

Plaintiff sues Chase under the CCRAA for violation of California Civil Code section 1785.25(a), which prohibits furnishing information that a defendant knows or should know is inaccurate or incomplete. Dkt. No. 1, Second Claim. Specifically, he claims "Chase furnished information to a credit bureau 232 separate times, concerning the Ink account, via its regular monthly reporting, or via an AUD, or via an ACDV" and claims Chase furnished inaccurate information about the Ink account at various times between August 25, 2017 and February 25, 2022.[2] Declaration of Alisa A. Givental ¶ 4, Exh. A (Plaintiff Joshua Johnson's Amended Responses to Defendant JPMorgan Chase Bank, N.A.'s Interrogatories, Set One.).

## IV.      THE CCRAA DOES NOT APPLY EXTRATERRITORIALLY

"California has a strong presumption against extraterritorial application of its laws." *Crawford v. Uber Techs., Inc.,* No. 17-CV-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018) (citing *North Alaskan Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)).

"The presumption against extraterritoriality is one against an intent to encompass conduct occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute." *Diamond Multimedia Sys., Inc. v. Superior Ct.,* 19

---

[1] Chase does not concede by this motion that Plaintiff has or can establish California residency as of any specific date, only that he cannot do so prior to March 2019.

[2] Chase does not concede that it furnished inaccurate information or that it furnished any information at all the times identified by Plaintiff.

Cal. 4th 1036, 1060, fn. 20 (1999) (citations omitted). "However far the Legislature's power may theoretically extend, [it is] presume[d] the Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state, ... unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.' " *Sullivan v. Oracle Corp.,* 51 Cal. 4th 1191, 1207 (2011) (citations omitted); *In re Albert W.,* 240 Cal. App. 4th 411, 418 (2015) ("statutes do not apply extraterritorially absent an explicit legislative indication").

Where a California law "contains no language that indicates its protections should be extended to individuals in other states . . . basic principles of federalism prevent the extension of the California protections to people who do not live in California and have not suffered harm in the state." *Crawford,* 2018 WL 1116725, at *15 (citation omitted.)

The CCRAA is **not** an exception to the general rule that California statutes have no extraterritorial effect. The CCRAA was expressly enacted to "regulate consumer credit reporting agencies pursuant to this title in a manner which will ***best protect the interests of the people of the State of California***." Cal. Civ. Code § 1785.1(e) (emphasis added). Consistent with that intent, the CCRAA further provides that "[t]he notices and disclosures to consumers provided for in this title shall be required to be made ***only to those consumers who have a mailing address in California.***" Cal. Civ. Code § 1785.6 (emphasis added).

By its plain terms, then, the CCRAA only protects California residents from inaccurate or incomplete credit reporting, not residents of other states.[3]

---

[3] Courts also recognize that injuries from alleged credit reporting violations occur where the claimant is located. *See Kapeluck v. Experian Info. Sols.,* No. 03 C 3777, 2003 WL 23509647, at *2 (N.D. Ill. Dec. 18, 2003) (transferring FCRA case to plaintiff's home state of Ohio, because "Plaintiff's efforts to correct the [credit reporting] errors and, importantly, the injuries she claims to have suffered as a result occurred in the Southern District of Ohio."); *Brewer v. Transunion, L.L.C.,*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 12                                    2:22-CV-06718-AB-MAA

## V.   EVIDENCE IN SUPPORT OF A CCRAA VIOLATION PRIOR TO MARCH 29, 2019 SHOULD BE EXCLUDED

Because Plaintiff was not a resident of California until at the earliest March 29, 2019, and because the CCRAA does not apply extraterritorially, Plaintiff should not be permitted to introduce evidence aimed at proving a CCRAA violation (or damages stemming therefrom) that occurred prior to March 29, 2019. Such evidence is irrelevant because it does not make any fact of consequence to Plaintiff's CCRAA claim more or less probable. Fed. R. Evid. 401–402.

Permitting Plaintiff to present evidence of Chase's alleged credit reporting activity while Plaintiff resided in North Carolina would improperly invite the jury to consider conduct that cannot give rise to liability under the CCRAA. That evidence would blur the temporal and geographic limits of the statute and risk misleading the jury into believing that Chase may be held liable under California law for conduct allegedly affecting a non-California resident. *See* Fed. R. Evid. 403.

Any marginal probative value of such evidence is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and waste of time. Plaintiff alleges that Chase furnished information to credit reporting agencies hundreds of times over a multi-year period beginning in 2017. Allowing evidence of alleged inaccuracies during the period when Plaintiff undisputedly lived outside California would require the jury to sift through evidence that cannot support liability, dramatically expanding the scope of trial while offering no lawful basis for recovery. This is precisely the type of evidentiary sprawl that Rule 403 is designed to prevent.

---

453 F. Supp. 2d 1346, 1350 (S.D. Ala. 2006) (damages from the defendant's "alleged actions in not correcting the plaintiff's credit report" were "clearly suffered in Alabama," where the plaintiff was located).

## VI.      CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant this motion in limine and enter an order precluding Plaintiff from introducing evidence, testimony, or argument regarding any alleged violation of the CCRAA, or damages related thereto, based on conduct occurring before Plaintiff became a California resident on or after March 29, 2019.

DATED: March 20, 2026                        **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
_____
Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026                        **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
_____
Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION IN LIMINE NO. 12 – TO EXCLUDE EVIDENCE OF ALLEGED VIOLATIONS OF CALIFORNIA LAW OCCURING BEFORE PLAINTIFF BECAME A CALIFORNIA RESIDENT**

on the interested parties in this action as follows:

Joshua Johnson                                **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

Alisa Givental

1

PROOF OF SERVICE