TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
DYKEMA GOSSETT LLP
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | CASE NO.: 2:22-cv-06718-AB-MAAx<br><br>**JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date: April 17, 2026<br>Time: 11:00 a.m.<br>Courtroom: Courtroom 7B,<br>Los Angeles<br><br>The Honorable André Birotte Jr. |

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this Memorandum of Contentions of Fact and Law pursuant to this Court's Civil Trial Order dated November 14, 2025 (Dkt. No. 83) and Civil Local Rule 16-4.

## I.    L.R. 16-4.1 — CLAIMS AND DEFENSES

**A. Summary Statement of Plaintiff's Claims**

Plaintiff has pleaded and purports to pursue the following two claims:

1. *Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)*

2. *Violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a)*

Chase denies each claim and contends Plaintiff cannot establish the required elements.

**B.  Elements Required to Establish Plaintiff's Claims and Authority for Same**

*1. Claim Under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)*

To prevail on a claim for violation of 15 U.S.C. § 1681s-2(b), Plaintiff bears the burden of proving each of the following:

    i.   Chase is a "person" under the FCRA that furnished information about Plaintiff to a consumer reporting agency;

    ii.   Plaintiff notified a consumer reporting agency that he disputed the information that Chase furnished about him as "inaccurate";

    iii.   The disputed information was in fact inaccurate;

    iv.   A consumer reporting agency notified Chase of the dispute;

    v.   Chase failed to conduct a reasonable investigation into the dispute;

    vi.   The failure was willful or negligent;

    vii.   If the failure was negligent Plaintiff suffered actual damages as a result of the failure.

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

Authority for Elements:

- *Elements i-ii, iv*: 15 U.S.C. §§ 1681s-2(b)

- *Element iii: Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) ("if there is no inaccuracy, then the reasonableness of the investigation is not in play") (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025) ("The Second Circuit recently … held that 'reported information is actionably "inaccurate" only if that information is objectively and readily verifiable' as mistake- or error-free."); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) ("in determining whether a claimed inaccuracy is potentially actionable under [§ 1681s-2], a court must determine, *inter alia*, whether the information in dispute is 'objectively and readily verifiable' ")

- *Element v: Gross,* 33 F.4th at 1251 ("if there is an inaccuracy, to succeed, the plaintiff must establish that the investigation was unreasonable"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (the "investigation" must be at least "reasonable" and "non-cursory"); *id.* at 1160 (9th Cir. 2009) ("We agree that '[w]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable ... depends in large part on ... the allegations provided to the furnisher by the credit reporting agency.'")

- *Elements vi-vii:* 15 U.S.C. §§ 1681n, o; *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017)

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

    *2. Alleged violation of the California Consumer Credit Reporting*

        *Agencies Act, Cal. Civ. Code § 1785.25(a)*

To prevail on a claim for violation of Cal. Civ. Code 1785.25(a), Plaintiff bears the burden of proving each of the following:

    i.   Plaintiff was a California resident subject to the protections of the CCRAA at the time of the alleged violation(s);

    ii.   Chase is a person under the CCRAA;

    iii.   Chase furnished information about Plaintiff to a consumer reporting agency;

    iv.   The information furnished was inaccurate;

    v.   Plaintiff suffered damage as a result;

    vi.   Chase knew or should have known the information was inaccurate.

Chase may overcome liability by proving by a preponderance of the evidence the legal defense under Cal. Civ. Code 1785.25(g), that at the time of the failure to comply with Section 1785.25(a), it maintained reasonable procedures to comply with this provision.

<u>Authority for Elements:</u>

- *Element i: Crawford v. Uber Techs., Inc.,* No. 17-CV-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018) ("California has a strong presumption against extraterritorial application of its laws." (citing *North Alaskan Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)); Cal. Civ. Code §§ 1785.1(e), 1785.6; *see also: Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at *2 (C.D. Cal. Aug. 28, 2018) (recognizing that in the context of a copyright infringement claim, extraterritoriality is decided as an element of a claim rather than an issue of subject matter jurisdiction).

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW      CASE NO. 2:22-cv-06718-AB-MAA

- *Elements ii-vi:* Cal. Civ. Code §§ 1785.25(a), 1785.31(a); *Robbins v. CitiMortgage*, Inc., No. 16-CV-04732-LHK, 2017 WL 6513662, at *14 (N.D. Cal. Dec. 20, 2017)
- *Legal Defense:* Cal. Civ. Code § 1785.25(g); *Robbins,* 2017 WL 6513662, at *14; Fed. R. Civ. Proc. 12(h)(2))(C)

**C. Key Evidence in Opposition to Each Claim**

1. *Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)*
   - Information Chase furnished was accurate at all times
   - The accuracy of the information identified in Plaintiff's dispute was not objectively or readily verifiable because it involves a complex factual and legal dispute
   - Chase's investigation of Plaintiff's dispute addressed all aspects of the dispute communicated in the dispute notice Chase received and was reasonable based on the information provided to Chase
   - Plaintiff cannot prove actual damages and seeks recovery only for speculative harm

2. *Violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a)*
   - Information Chase furnished was accurate at all times
   - Plaintiff's bases for claiming the information furnished was inaccurate has been adjudicated in the arbitration and cannot be relitigated
   - Plaintiff concedes he incurred the charges that comprised the reported balance and that Plaintiff failed to pay that balance until August 2020
   - Chase's policies and procedures for furnishing accurate

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

information precludes liability

- Plaintiff cannot prove actual damages and seeks recovery only for speculative harm

**D. Affirmative Defenses Chase Plans to Pursue**

1. *Statute of Limitations Under the FCRA:* Plaintiff is barred from recovery for any alleged violation of 15 U.S.C. § 1681s-2(b) of which he knew or should have known more than two years prior to September 19, 2022

2. *Statute of Limitations Under the CCRAA:* Plaintiff is barred from recovery for any alleged violation of Cal. Civ. Code § 1785.25(a) of which he knew or should have known more than two years prior to September 19, 2022

3. *Mitigation of Damages:* Plaintiff is barred from recovery damages for any alleged violation because he failed to use reasonable efforts to mitigate damages

4. *Mutual Mistake:* the Arbitrator's finding of mutual mistake regarding Plaintiff's intent to pay off his account in September 2017 negates Plaintiff's claim that the information furnished by Chase was inaccurate and negates a finding of willful violation under either statute alleged in the Complaint

5. *Estoppel:* Plaintiff submitted to the arbitration forum to adjudicate his contract disputes with Chase on the premise that the findings of the arbitrator would be binding – a premise on which all parties relied – and for this reason is estopped from taking the inconsistent position in this proceeding that the arbitrator's findings are not binding and can be relitigated.

6. *Waiver:* Plaintiff intentionally relinquished his right to pursue credit reporting claims in arbitration and has therefore waived the right to do

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

so in this proceeding

7. *Laches:* Plaintiff's four-year delay in challenging the allegedly inaccurate reporting prejudiced Chase's ability to defend itself because many of the records relevant to the dispute were no longer available by the time Plaintiff exercised his rights.

8. *Unclean Hands:* the Equifax Dispute was not submitted in good faith because he (i) received the emails, (ii) acknowledged (in the Chase October 2020 calls and during the June 8th hearing [page 99]) that Chase called him, (iii) he admitted he forgot the Ink Business online account and/or he was logging into the wrong account (the online account he used for his personal account) when seeking account information for the Ink Business card. Each of these facts establishes that his dispute was untruthful.  Hence, he acted in bad faith, unethically and fraudulently.

9. *Intervening/superseding cause and wrongful acts of third parties* To the extent Plaintiff establishes Equifax transmitted the wrong dispute code (104) to Chase, or that Equifax did not provide all documentation supplied by Plaintiff regarding his dispute, to Chase, then any damages incurred by Plaintiff are attributable to Equifax's conduct.

**E. Elements required to establish Chase's Affirmative Defenses**

1. *Statute of Limitations Under the FCRA*

Elements:

Chase contends that Plaintiff's lawsuit was not filed within the time set by law. To succeed on this defense, Chase must prove that Plaintiff knew of the alleged violation before September 19, 2020.

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW         CASE NO. 2:22-cv-06718-AB-MAA

Authority:

15 U.S.C. § 1681p(1) ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability").

## 2. Statute of Limitations Under the CCRAA

Elements:

Chase contends that Plaintiff's lawsuit was not filed within the time set by law. To succeed on this defense, Chase must prove that Plaintiff knew or should have known of the alleged violation before September 19, 2020.

Authority:

Cal. Civ. Code § 1785.33 ("An action to enforce any liability created under this chapter may be brought in any appropriate court of competent jurisdiction within two years from the date the plaintiff knew of, or should have known of, the violation of this title").

## 3. Mitigation of Damages

Elements:

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Chase has the burden of proving by a preponderance of the evidence that:

(i)  Plaintiff failed to use reasonable efforts to mitigate damages; and

(ii) the amount by which damages would have been mitigated.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3; *see also:* *Riley v. Equifax Info. Servs., LLC*, 2021 U.S. Dist. LEXIS 15945, *21-22 (M.D. Fla. Aug. 24, 2021) (rejecting argument that CRA cannot raise a failure to

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

mitigate defense); *Graham v. CSC Credit Servs.*, 306 F. Supp. 2d 873, 880 (D. Minn. 2004) (assuming that duty to mitigate exists in FCRA case).

### 4. *Mutual Mistake*

Elements:

Chase claims that there was no agreement that Plaintiff would pay off his Ink account on September 6, 2017 because both parties were mutually mistaken about Plaintiff's intent and the amount required to effectuate payoff. To succeed, Chase must prove both of the following:

(i) That both parties were mistaken about Plaintiff's intent and amount required to effectuate payment; and

(ii) That Chase would not have agreed to enter into the payoff agreement if it had known about the mistake. If you decide that Chase has proved both of the above, then no agreement was created.

Authority:

Judicial Counsel of California Civil Jury Instructions (2026 Edition), CACI No. 331, Affirmative Defense—Bilateral Mistake (revised) (citing Cal. Civ. Code § 1577); *Crocker-Anglo 146 Nat'l Bank v. Kuchman,* 224 Cal.App.2d 490, 496 (1964) (discussing mutual mistake of fact).

### 5. *Estoppel*

Elements:

The elements of judicial estoppel are:

    i.    the same party has taken two positions;

    ii.    the positions were taken in judicial or quasi-judicial administrative proceedings;

    iii.    the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true);

    iv.    the two positions are totally inconsistent; and

v.  the first position was not taken as a result of ignorance, fraud, or mistake.

Authority:

*Victrola 89, LLC v. Jaman Props. 8 LLC*, 46 Cal. App. 5th 337, 357 (2020)

*6. Waiver*

Elements:

Chase claims that it cannot be liable to Plaintiff under the FCRA and CCRAA because Plaintiff gave up his right to seek recovery under these theories. This is called a "waiver." To succeed, Chase must prove both of the following by clear and convincing evidence:

i.  That Plaintiff knew Chase has obligations under the FCRA and CCRAA; and

ii.  That Plaintiff freely and knowingly gave up his right to have Chase's liability under these laws decided.

A waiver may be oral or written or may arise from conduct that shows that Plaintiff gave up that right. If Chase proves that Plaintiff gave up his right to sue Chase under the FCRA and CCRAA, then Chase cannot be liable under these statutes.

Authority:

Judicial Counsel of California Civil Jury Instructions (2026 Edition), CACI No. 336 (Modified); *Roesch v. De Mota*, 24 Cal.2d 563, 572 (1944) ("Waiver is the intentional relinquishment of a known right after knowledge of the facts.")

*7. Laches*

Elements:

Laches is an equitable time limit on a party's right to bring suit and bars a claim upon a showing of:

i. unreasonable delay by plaintiff in bringing suit, and

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

ii. prejudice.

Authority:

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006); El *Carmen, Inc. v. Rubio,* No. CV 21-2070-MWF (AJRX), 2025 WL 996545, at *29 (C.D. Cal. Apr. 2, 2025)

**F. Key Evidence in Support of Each Affirmative Defense Raised by Chase**

1. *Statute of Limitations Under the FCRA*

- Equifax notified Plaintiff on or about September 11, 2020 about the results of the dispute investigations by Chase and Equifax.

2. *Statute of Limitations Under the CCRAA:*

- Chase stopped monthly furnishing on Plaintiff's account in July 2018
- Plaintiff was aware of the alleged inaccurate reporting by Chase as of at least August 24, 2020 when he disputed the reporting with Equifax

3. *Mitigation of Damages:*

- Plaintiff failed to monitor his account despite available access to statements
- Plaintiff delayed paying off the account by over two years, thereby retaining an unpaid charge off notation on his credit instead of a paid charge off
- Plaintiff delayed by over two years in disputing the reporting on the account, by which point some records were no longer available for review

4. *Mutual Mistake:*

- Finding of mutual mistake has already been made by the arbitrator with respect to Plaintiff's allegation that he paid off the account in

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

September 2017, which bars the argument that the reporting was inaccurate due to prior payment

5.  *Estoppel:*

- Plaintiff's attempt to argue in this proceeding that the arbitrator's findings in the arbitration are not binding on him contradicts the premise of the arbitration proceeding

6.  *Waiver:*

- In the arbitration proceeding Plaintiff knowingly withdrew a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

7.  *Laches:*

- Plaintiff's four-year delay between discovering allegedly inaccurate reporting to his credit and filing this action prejudiced Chase because many records relevant to Chase's defense are no longer available

**G. Identification of any anticipated evidentiary issues, together with the party's position on those issues**

Chase has identified key anticipated evidentiary issues in the Motions in Limine filed concurrently herewith and in its objections to Plaintiff's exhibits identified in the parties' Joint Exhibit List, also filed concurrently herewith.

**I. Identification of any issues of law, such as the proper interpretation of a governing statute, which are germane to the case, together with the party's position on those issues.**

Chase anticipates a number of disputes about the interpretation of the FCRA and CCRAA obligations will reach an impasse when the parties complete meeting and conferring about proposed jury instructions. These disputes will likely include but not be limited to the definition of an actionable inaccuracy

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

under the FCRA (Chase posits that to be actionable, the inaccuracy must involve an issue in dispute that is objectively and readily verifiable); the impact of the information relayed to the furnisher by a consumer reporting agency on the nature of the furnisher's investigation (Chase believes the nature of the investigation is defined in large part by the allegations provided to the furnisher by the credit reporting agency); the effect of the arbitrator's findings in the parties' arbitration (Chase believes that Plaintiff cannot ignore and relitigate those findings and is bound thereby in this case); and a number of issues triggered by and briefed in Chase's concurrently filed motions in limine.

## II.   OTHER MATTERS

### A. Bifurcation of Issues

Chase does not seek bifurcation. Chase does, however, contend that to the extent that Plaintiff seeks punitive damages, the imposition of those damages would not be made by the jury. Punitive damages may only be awarded in an amount that the Court may allow.

### B. Jury Trial

A timely demand for a jury has been made. While Plaintiff's claims are triable to a jury, if the jury finds a willful violation, punitive damages are decided by the Court. *See* 15 U.S.C. § 1681n(a)(2) ("such amount of punitive damages ***as the court may allow***") (emphasis added); Cal. Civ. Code § 1785.31(a)(2)(B) ("In the case of a willful violation: …  (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation ***as the court deems proper***…") (emphasis added).

Additionally, Chase's estoppel affirmative defense is to be decided by the Court.

### C. Attorneys' Fees

Under the CCRAA, "[i]f a plaintiff brings an action … against a debt

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    CASE NO. 2:22-cv-06718-AB-MAA

collector, as defined in subdivision (c) of Section 1788.2, and the basis for the action is related to the collection of a debt, whether issues relating to the debt collection are raised in the same or another proceeding, the debt collector shall be entitled to recover reasonable attorney's fees upon a finding by the court that the action was not brought in good faith." Cal. Civ. Code § 1785.31(e). Under the FCRA, "[u] pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action … was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. § 1681n(c); 15 U.S.C. § 1681o(b) (same).

Chase reserves the right to seek attorneys' fees if the evidence at trial renders the request appropriate.

**D. Abandonment of Issues**

None.

Respectfully submitted,

DATED:  March 20, 2026

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
ALISA A. GIVENTAL

By:  _/s/Alisa A. Givental_
Alisa A. Givental
Attorneys for JPMorgan Chase
Bank, N.A.

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S**
**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5ᵗʰ St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at San Francisco, California.

_____
Alisa Givental

---

JPMORGAN CHASE BANK, N.A.'S DEFENDANT'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          CASE NO. 2:22-cv-06718-AB-MAA