**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SNB 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| | |
|---|---|
| JOSHUA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. 2:22-cv-06718-AB-MAAx <br><br> The Hon. André Birotte Jr. <br> Courtroom 7B <br><br> Magistrate Maria A. Audero <br> Courtroom: 690 <br><br> **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME** <br><br> **Date:          April 17, 2026** <br> **Time:          10:00 AM** <br> **Location:     Dept 7B** <br><br> Complaint Filed:    September 19, 2022 |

008241.002262  4896-8476-8665.1

1

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 2– TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME

## I.      INTRODUCTION

The procedural history of this action is lengthy, but the dispute between the parties is simple. It concerns only the accuracy of information furnished and reasonableness of JPMorgan Chase Bank, N.A.'s ("Chase") investigation into Plaintiff Joshua Johnson's ("Plaintiff") dispute that he submitted to Equifax on August 24, 2020. Dkt. 80, p. 4. Despite the simple nature of this dispute and the nominal monetary damages at issue, Plaintiff seeks damages stemming from alleged emotional distress and what he claims are physical manifestations on his health.

Chase expects that Plaintiff will seek to bolster his claim for emotional distress damages by offering alleged opinions and/or diagnoses contained in his medical records from various providers including, but not limited to, Dr. Daniel Normal, M.D., One Medical Group, and Dr. Trilok Shah, M.D. Any such evidence must be excluded, however, because any opinions and diagnoses in these records constitute hearsay. Plaintiff cannot lay the proper foundation for the records, and he has not designated any witnesses capable of laying a foundation for them. Nor will he be able to offer any competent testimony establishing a causal connection between the contents of the records and Chase's conduct. He has not designated a witness qualified or capable of establishing causation.

Therefore, any such evidence is unduly prejudicial and must be excluded under FRE 403 and 703.

## II.      ARGUMENT

### A.      The Hearsay Opinions and/or Diagnoses in Plaintiff's Medical Records Are Inadmissible

Chase expects that Plaintiff will rely on his past medical records, including records from Dr. Daniel Normal, M.D., One Medical Group, and Dr. Trilok Shah, M.D. to attempt to prove his alleged emotional distress and medical damages. But statements in medical records, including statements that relate to observations, findings and conclusions reached by medical providers, are indisputably hearsay. To

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4896-8476-8665.1

2

the extent Plaintiff seeks to introduce the opinions and diagnoses contained in his medical records for the truth of the matters asserted, and without additional testimony, authentication, or foundation, they must be excluded.

In order to lay a proper foundation for their admission, medical records and reports must be identified and authenticated by an appropriate witness. Federal Rule of Evidence 901(a) states: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."

In the case of medical records, Rule 901(a) must be read in conjunction with Rule 803(6), which provides that records of regularly conducted activities may be introduced through the custodian of the records or "other qualified witness." *Byrd v. Hunt Tool Shipyards, Inc.*, 650 F.2d 44 (5th Cir. 1981).

Plaintiff has not listed any of his treating physicians or custodians of records from their practices on his witness list. Plaintiff did not prepare these records and cannot testify as to their accuracy. As such, Plaintiff will not be able to lay a foundation for these medical records, or the opinions therein, rendering them inadmissible. *See NLRB v. First Termite Control Co.,* 646 F.2d 424, 427 (9th Cir. 1981) (freight bill was inadmissible because bookkeeper had no knowledge as to how records were prepared and no reason to be interested in accuracy of records).

**B.    Plaintiff Has Not Disclosed Treating Physicians as Retained or Unretained Experts and Cannot Lay Foundation for Their Opinions**

Plaintiff has not disclosed or designated any of his treating physicians or other medical experts pursuant to Fed. R. Civ. Proc. 26(a)(2). He is a layperson with no medical training and he should not be permitted to testify regarding the significance of his treating physicians' records.

It is an abuse of discretion to admit medical records without any accompanying expert testimony as to their significance. *Fowler v. Carrollton Pub.*

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4896-8476-8665.1

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 2– TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME

*Library*, 799 F.2d 976, 983 (5th Cir. 1986) (mere hospitalization of plaintiff was of equivocal value in proving pain and suffering without expert testimony); *See also Petrocelli v. Gallison*, 679 F.2d 286, 289-290 (1st Cir. 1982) (entries in hospital record stating that the nerve was severed, the most critical issue in the case, were properly excluded; it was impossible to determine whether patient or physician was source of information, and plaintiff made no attempt to depose or otherwise seek clarification from physicians); *Bruneau v. Borden, Inc.*, 644 F.Supp. 894, 895 (D. Conn. 1986) (letter from doctor was inadmissible because Plaintiff failed to show that letter was made and kept in regular course and practice of clinic; opinions in medical records tend to be inadmissible; to admit evidence of expert opinions, parties should qualify their sources as experts and have them testify).

Here, Plaintiff did not disclose any of his treating physicians as retained or unretained experts, and has not listed them on his witness list. Plaintiff has not taken their depositions or otherwise demonstrated how they are qualified to render any opinions regarding his treatment or diagnoses. Plaintiff, of course, did not prepare the medical records and cannot testify as to their accuracy or significance. As such, the opinions and diagnoses in Plaintiffs' medical records should be excluded.

**C.     Plaintiff's Treating Doctors Have Not Developed Causation Opinions Linking Plaintiff's Claims to Chase's Conduct, and Any Testimony Concerning the Cause of Plaintiff's Medical Conditions Must Be Excluded**

Chase anticipates that Plaintiff will try to claim his various psychological and physical ailments were caused by Chase's conduct. But any such evidence is wholly lacking in foundation and speculative, as his treating physicians have not developed any medical causation opinions during the course of their treatment of Plaintiff. Based on a review of the records, Plaintiff's doctors were focused on resolution of his complained-of symptoms, not determining causation.

Again, Plaintiff has not designated a treating physician who can speak competently to his injury claims, let alone who can provide an expert opinion on

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4896-8476-8665.1

4

medical causation with reasonable medical probability and without speculating. Plaintiff cannot provide testimony on causation. This requires expert testimony regarding medical causation beyond common law experience and "special expertise" is necessary to draw a causal inference. *Claar v. Burlington Northern R.R. Co.,* 29 F.3d 499, 504 (9th Cir. 1994).

As such, any opinions or evidence regarding Chase's conduct being the cause of Plaintiff's psychological or physical damages is unduly prejudicial and must be excluded under FRE 703.

## III.    CONCLUSION

For the reasons set forth below, Chase respectfully requests that the Court grant the instant motion and exclude Plaintiff from introducing any evidence (including testimony and/or documents) related to the opinions or diagnoses in his medical records or the cause of his alleged psychological or medical injuries.

DATED:  March 20, 2026              DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4896-8476-8665.1

5

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 20, 2026          DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4896-8476-8665.1

6

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 2– TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME** on the interested parties in this action as follows:

Joshua Johnson                              **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

008241.002262  4896-8476-8665.1

7

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 2– TO EXCLUDE MEDICAL RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED TO SAME