**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SNB 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 4  TO EXCLUDE REFERENCE TO PAST SETTLEMENT DISCUSSIONS**<br><br>**Date:        April 17, 2026**<br>**Time:        10:00 AM**<br>**Location:    Dept 7B**<br><br>Complaint Filed:    September 19, 2022 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4917-5762-9334.1

1

DEFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 4 – TO EXCLUDE REFERENCE TO SETTLEMENT DISCUSSIONS

## I.    INTRODUCTION

Plaintiff Joshua Johnson's ("Johnson") intends to invite the jury to infer liability in his case by introducing evidence relating to settlement discussions. The Federal Rules of Evidence expressly prohibit this tactic. Rule 408 bars the use of settlement-related communications to prove liability or damages, and such evidence is independently inadmissible because it is irrelevant under Rule 402, and unduly prejudicial and likely to confuse the jury under Rule 403.

Accordingly, any reference to prior settlement discussions between Plaintiff and JP Morgan Chase Bank, N.A. ("Chase") should be excluded.

## II.    ARGUMENT

### A.    FRE 408 Prohibits Use of Settlement-Related Evidence to Prove Liability

Federal Rule of Evidence 408 prohibits the admission of evidence concerning offers to compromise, and statements made during compromise negotiations, when offered to prove the validity or amount of a disputed claim. Fed. R. Evid. 408(a).

Plaintiff has made clear that he intends to rely on communications exchanged leading up to and during the parties' prior arbitration – including discussions concerning potential resolution – to attempt to establish his own damages and/or Chase's liability, willfulness, or lack of good faith. That is precisely the use Rule 408 forbids. Evidence of settlement discussions may not be used to invite the jury to infer liability from a party's willingness or unwillingness to compromise a disputed claim.

Plaintiff may not circumvent Rule 408 by testifying that he "attempted to resolve" the dispute or by characterizing Chase's response as unreasonable; such testimony would invite the same prohibited inference.

### B.    Settlement-Related Evidence Is Irrelevant and Inadmissible Under FRE 401 and 402

Settlement communications or conduct have no tendency to make any fact of

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4917-5762-9334.1

2

consequence more or less probable. Parties consider settlement for countless reasons unrelated to liability, including cost, risk, and efficiency. As courts routinely recognize, a party's settlement posture is not probative of the merits of a claim. *See Hart v. RCO Hosp. Holdings, Inc.,* 90 F.Supp.3d 250, 286 (S.D.N.Y. 2015) ("settlement offers are commonly made where both parties adhere to their positions on the merits, but where settlement nonetheless makes sense as a business matter" to "avoid the business risk" associated with the fact that "courts could come out either way"); *see also Pac. Gas & Elec. Co. v. Lynch,* 216 F.Supp.2d 1016, 1026 (N.D. Cal. 2002).

Here, Chase's response, or lack of response, to Plaintiff's proposed resolution leading up to or during the prior arbitration is irrelevant because there are countless reasons why some parties settle their disputes, and others do not. The parties' respective positions on settlement do not establish the relative merits of their claims and defenses and their settlement behavior does not inform the elements the jury must decide. As a result, the settlement-related evidence is irrelevant and inadmissible under Rules 401 and 402.

**C.    Settlement-Related Evidence Would Cause Unfair Prejudice and Jury Confusion Under FRE 403**

Even if marginally relevant, settlement-related evidence should be excluded under Rule 403. Allowing the jury to hear settlement-related evidence would create a substantial risk of unfair prejudice to Chase, as jurors would be invited to conclude that an offer of settlement or a refusal of a settlement offer bears on ultimate liability. *See United States v. Hays,* 872 F.2d 582, 589 (5th Cir. 1989).

Admission of such evidence would also invite confusion and a waste of time, as the jury would be drawn into collateral issues concerning the prior arbitration, the parties' strategic considerations, and the context of communications that have no bearing on liability.

Limiting instructions are not sufficient to avoid prejudice to Chase. Once the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4917-5762-9334.1

3

jury is exposed to settlement-related evidence, limiting instructions cannot sufficiently eliminate the threat of an impermissible interference. *See Samsung Elecs. Co. v. Quanta Computer, Inc.,* 2006 WL 2850028, at \*2 (N.D. Cal. Oct. 4, 2006) ("even with a limiting instruction, a jury may still impermissibly infer that [the plaintiff's] settlement with third parties bears on the validity of [the plaintiff's] claims vis-à-vis [the defendant].").

Thus prejudice substantially outweighs any relevance the settlement-related evidence may have, rendering it inadmissible under FRE 403.

## III.    CONCLUSION

For the reasons set forth herein, Chase respectfully requests that the Court grant the instant motion and preclude Plaintiff from introducing any settlement-related evidence at trial, whether from prior arbitration or otherwise.

DATED:  March 20, 2026                    DYKEMA GOSSETT LLP

By: _____

ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

008241.002262  4917-5762-9334.1

4

DEFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 4 – TO EXCLUDE REFERENCE TO SETTLEMENT DISCUSSIONS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 20, 2026                    DYKEMA GOSSETT LLP


By: _____
    ABIRAMI GNANADESIGAN
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

008241.002262  4917-5762-9334.1

5

DEFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 4 – TO EXCLUDE REFERENCE TO SETTLEMENT DISCUSSIONS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 4  TO EXCLUDE REFERENCE TO PAST SETTLEMENT DISCUSSIONS** on the interested parties in this action as follows:

Joshua Johnson                                  **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at Los Angeles, California.

_____
                    Mitzi Mendoza