**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>      Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 5 – TO EXCLUDE 2018 AUDIO RECORDINGS**<br><br>**Date:      April 17, 2026**<br>**Time:     10:00 AM**<br>**Location:   Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

*DYKEMA GOSSETT LLP*
*444 SOUTH FLOWER STREET*
*SUITE 2200*
*LOS ANGELES, CALIFORNIA 90071*

1

## I.   INTRODUCTION

JPMorgan Chase Bank, N.A. ("Chase") hereby moves to exclude from trial Plaintiff Joshua Johnson's ("Plaintiff") use of or introduction into evidence of audio recordings of purported calls with Chase representatives from 2018. These recordings, which were not produced to Chase until the arbitration proceedings commenced in 2021, were made by Plaintiff without Chase's knowledge and/or consent, they have not been authenticated, they constitute inadmissible hearsay, and are unduly prejudicial.  They cannot possibly have any bearing on Chase's investigation of Plaintiff's August 2020 Equifax dispute as they were not even provided to Chase until a year later during the parties' arbitration. Because the Federal Rules of Evidence plainly preclude introduction of these audio recordings at trial, Chase respectfully requests that the Court issue an order to exclude such evidence.

## II.   STATEMENT OF FACTS

This matter involves Plaintiff's claims that Chase furnished information it knew or should have known was inaccurate and failed to conduct a reasonable investigation of his August 2020 dispute with Equifax in violation of the California Consumer Credit Reporting Agencies Act ("CCRAA") and the Fair Credit Reporting Act ("FCRA").

This motion involves a total of twenty-four audio recordings that Plaintiff has included on his exhibit list as Exhibit Nos. 143-166 (the "Audio Recordings"). Fourteen of these Audio Recordings were purportedly made by Plaintiff during telephone calls with Chase employees in 2018 and ten were versions of some of the same recordings "amplified" by Plaintiff at an unknown time because the originals were difficult to hear.

| Ex. # | Exhibit Description |
|-------|---------------------|
| 143 | 5/21/18 11:25 AM ET Call Recording (800-432-3117) JOHNSON00149 (original)] |
| 144 | 5/21/18 11:25 AM ET Call Recording (800-432-3117) [JOHNSON00116 (amplified) |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO.5 – TO EXCLUDE 2018 AUDIO RECORDINGS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

| 145 | 5/21/18 11:29 AM ET Call Recording (866-335-4158) JOHNSON00150 (original)] |
| --- | --- |
| 146 | 5/21/18 11:29 AM ET Call Recording (866-335-4158) [JOHNSON00117 (amplified) |
| 147 | 5/21/18 11:58 AM ET Call Recording (866-335-4158) JOHNSON00151 (original)] |
| 148 | 5/21/18 11:58 AM ET Call Recording (866-335-4158) [JOHNSON00118 (amplified) |
| 149 | 5/21/18 12:32:07 PM ET Call Recording (866-335-4158) [JOHNSON00152 (original)] |
| 150 | 5/21/18 12:32:19 PM ET Call Recording (866-335-4158) JOHNSON00153 (original)] |
| 151 | 5/21/18 12:32:19 PM ET Call Recording (866-335-4158) [JOHNSON00119 (amplified) |
| 152 | 5/23/18 2:31 PM ET Call Recording (210-520-0004) JOHNSON00145 (original)] |
| 153 | 5/23/18 2:31 PM ET Call Recording (210-520-0004) [JOHNSON00120 (amplified) |
| 154 | 5/23/18 2:35 PM ET Call Recording (210-520-0004) [JOHNSON00154 (original)] |
| 155 | 5/30/18 6:02 PM ET Call Recording (210-520-0004) JOHNSON00146 (original)] |
| 156 | 5/30/18 6:02 PM ET Call Recording (210-520-0004) [JOHNSON00121 (amplified) |
| 157 | 6/7/18 4:40 PM ET Call Recording (800-432-3117) JOHNSON00155 (original)] |
| 158 | 6/7/18 4:40 PM ET Call Recording (800-432-3117) [JOHNSON00122 (amplified) |
| 159 | 6/7/18 4:50 PM ET Call Recording (800-436-7958) [JOHNSON00156 (original)] |
| 160 | 6/7/18 4:51 PM ET Call Recording (800-436-7958) JOHNSON00157 (original)] |
| 161 | 6/7/18 4:51 PM ET Call Recording (800-436-7958) [JOHNSON00123 (amplified) |
| 162 | 6/7/18 5:11 PM ET Call Recording (800-436-7958) JOHNSON00158 (original)] |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

3

| 163 | 6/7/18 5:11 PM ET Call Recording (800-436-7958) [JOHNSON00124 (amplified) |
| 164 | 6/12/18 1:35 PM ET Call Recording (844-540-9610) [JOHNSON00147 (original)] |
| 165 | 6/12/18 2:33 PM ET Call Recording (844-540-9610) JOHNSON00148 (original)] |
| 166 | 6/12/18 2:33 PM ET Call Recording (844-540-9610) [JOHNSON00125 (amplified) |

## III.   ARGUMENT

### A.   The Audio Recordings Are Inadmissible Because They Cannot Be Authenticated, Are Unreliable, and Lack Foundation Under Fed. R. Evid. 901

The Central District of California has previously recognized the standards to admit a purported audio recording into evidence:

When offered into evidence, a tape recording must normally be accompanied by proof that the recording is what it is purported to be. ROBERT E. JONES, GERALD E. ROSEN, WILLIAM E. WEGNER, AND JEFFREY S. JONES, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE § 8:472 (2009); Fed. R. Evid. 901(a). The proponent of the evidence must show that the tape is a 'true, accurate, and authentic recording of the conversation, at a given time, between the parties involved.' *United States v. Andreas*, 23 F. Supp. 2d 835, 840 (N.D. Ill. 1998). Courts generally consider the following foundational factors when determining whether a tape recording is admissible: (1) whether the recording device was capable of taking the conversation; (2) whether the operator of the device was competent to operate it; (3) whether the recording is authentic and correct; (4) whether no change, additions or deletions have been made to the recording; (5) whether the recording has been preserved in a manner that is shown to the court; (6) whether the speakers are identified; and (7) whether the conversation elicited was made voluntarily and in good faith. JONES & ROSEN ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE § 8:472.2 (citing *United States v. Osland*, 453 F.3d 1048, 1057 (8th Cir. 2006), *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 264 (S.D.N.Y. 2003)).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

4

*Asia Economic Institute v. Xcentric Ventures, LLC*, Case CV 10-1360 SVW (PJWx), 2010 WL 4977054 (C.D. Dal. July 19, 2010).  These requirements follow Federal Rule of Evidence 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  Additionally, Plaintiff must be able to establish a chain of custody to have the Audio Recordings admitted into evidence.  *See, e.g., Nwandu v. Bach*, 513 Fed. Appx. 642, 644 (9th Cir. 2013).

Plaintiff has not produced the original Audio Recordings, but has only produced alleged copies of the Audio Recordings.  He has also not established whether any changes, additions, or deletions were made to the Audio Recordings (and indeed changes were made to at least ten of the recordings).  *See Asia Economic Institute*, 2010 WL 4977054 (C.D. Cal. July 19, 2010).  Plaintiff has not provided any declaration attesting to the method of recording, the equipment he used to record, or how the Audio Recordings were maintained to establish their authenticity and reliability.  Chase therefore submits that the Audio Recordings should be excluded because they have not been and cannot be properly authenticated.

## B.    The Audio Recordings Should Be Excluded as Inadmissible Hearsay Without an Exception

The Audio Recordings indisputably constitute hearsay under Fed. R. Evid. 801. Because they do not qualify under any hearsay exception, they must be excluded.

First, the Audio Recordings do not meet the requirements of a party admission under 801(d)(2)(D).  To satisfy Fed. Rule Evid. 801(d)(2)(D), two conditions must be met. First, an agency or employment relationship must have existed between the declarant and the party, during which time the statement must have been made. And the statement must have related to a matter within the scope of the agency or employment.  *See Santo v. Efco Forms*, Case No. CV-F-04-6401LJO, 2005 U.S. Dist. LEXIS 55813, at *17 (E.D. Cal. Sept. 21, 2005) ("With regard to a F.R.EVID. 801(d)(2)(D) vicarious admission, the proffering party must 'lay a foundation to show

5

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

that an otherwise excludable statement relates to a matter within the scope of the agent's employment.'")

Inquiries relating to an agency or employment relationship and its scope must be treated as preliminary questions to be established to a judge's satisfaction under Fed. R. Evid. 104(a). *See Bourjaily v. United States*, 483 U.S. 171, 180, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987) (Rule 104(a) applies to preliminary factual determinations concerning admissibility of statements under Rule 801(d)(2)(E)); *In re Coordinated Pretrial Proceedings*, 906 F.2d 432, 458 (9th Cir. 1990) (applying *Bourjaily* principles to determinations of admissibility under Rule 801(d)(2)(D)); *Santo*, 2005 U.S. Dist. LEXIS 55813 at *17 ("The existence of an agency relationship is a question for the judge under [F.R.Evid.] 104(a) and must be proved by substantial evidence but not by a preponderance of the evidence") (citations omitted). Independent proof is required to show the existence of agency and the scope of the agency. *Oki Am., Inc. v. Microtech Int'l, Inc.*, 872 F.2d 312, 314 (9th Cir. 1989) (testimony of third party that defendant's sales manager told him defendant had no intention of delivering product at price agreed upon was inadmissible under Rule 801(d)(2)(D) as party admission because plaintiff presented no evidence that statement was within scope of manager's agency).

Here, Plaintiff cannot even establish the identity of the declarant(s) in the Audio Recordings, let alone their position(s) with Chase and the scope of their agency relative to those position(s). At most, Plaintiff can attest that he called a telephone number affiliated with Chase and identify the declarant by first name only. Because Plaintiff does not have evidence to establish who made the statements in the Audio Recordings, their role(s) or title(s) at Chase, or that their statements were related to matters within the scope of their employment, Plaintiff cannot establish that the Audio Recordings are admissions by a party opponent.

Similarly, Plaintiff cannot establish that the Audio Recordings constitute statements against interest under Fed. R. Evid. 804(b)(3). To invoke this hearsay

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

6

exception, Plaintiff will have to first establish that each declarant on each of the Audio Recordings is unavailable as a witness. *See* Fed. R. Evid. 804(a) and (b)(3); *Blankenship v. Dollar Tree Stores, Inc.*, 2020 U.S. Dist. LEXIS 116361, at \*12 (S.D. Ohio July 2, 2020) (statement against interest did not apply because "Plaintiff has not proven that the alleged declarant is unavailable"). Here, he cannot even identify speaker on any of the calls. Even if Plaintiff were able to identify the speakers and show that each declarant on each Audio Recording is unavailable, he would not be able to establish that this hearsay exception applies.

For Fed. R. Evid. 804(b)(3) to apply, a "reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability[.]" Fed. R. Evid. 804(b)(3)(A); *see also: Donovan v. Crisostomo*, 689 F.2d 869, 877 (9th Cir. 1982) ("This rule requires that the statement be so decidedly against the declarant's interest 'that a reasonable [person] in his position would not have made the statement unless he believed it to be true.'"), quoting Fed. R. Evid. 804(b)(3).

Here, Plaintiff cannot establish that the Audio Recordings constitute statements against interest under Rule 804(b)(3)(A). In *United States v. Arthur*, 2012 U.S. Dist. LEXIS 59236, at \*28 (E.D. Mo. Apr. 27, 2012), an employee's statement was not a statement against the interest of the employer and therefore the hearsay exception did not apply because "there is nothing to suggest that the alleged statement was against the declarant's pecuniary interest, or even that the employee would reasonably have believed that the statement ***would have exposed the title company [employer] to liability***." (emphasis added). Further, a statement purportedly against the interest of a declarant's *employer* does not qualify. *See e.g. Gilmour v. Strescon Indus., Inc.*, 66 RD 146, 150 (E.D. Pa. 1975) (applying FRE 804) (a statement by employee not admissible as statement against interest of employer). Here, the Audio Recordings

7

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

simply do not include statements by defendant declarants that were "so contrary to the declarant's proprietary or pecuniary interest." The Audio Recordings reflect the declarants' review of Plaintiff's account and confirmation that his Ink Business account was closed, charged off, and sent to collections because there was an outstanding balance on the account. The Audio Recordings do not include statements *against* the declarants' own pecuniary interests or *against* Chase's pecuniary interest. Indeed, the statements on the Audio Recordings establish the opposite position, that Chase's records showed that an amount remained outstanding on Plaintiff's account.

And, even if Plaintiff could establish that the deponent made a discrete statement against interest during an Audio Recording, at most, that portion of the Audio Recording would be admissible. *See Barbounis v. Middle East Forum*, 2021 U.S. Dist. LEXIS 106979, at *13 (E.D. Pa. June 8, 2012) ("The fact that [declarant] may have made discrete statements against interest during a longer conversation does not make the entire conversation admissible."). In short, Plaintiff will not be able to show that the Audio Recordings are admissible as statements against interest under 804(b)(3(A).

Finally, Plaintiff cannot move to introduce these Audio Recordings into evidence under the business records exception, Fed. R. Evid. 803(6). These were Audio Recordings by Plaintiff, not Chase, and Plaintiff cannot assert that these Audio Recordings were "kept in the course of a regularly conducted activity of a business." Fed. R. Evid. 803(6).

Because the Audio Recordings constitute hearsay without an exception, they must be excluded.

**C.    The Audio Recordings Should Be Excluded Under Fed. R. Evid. 403 Because They are Unduly Prejudicial and Would Result in Jury Confusion**

Finally, these Audio Recordings should be excluded under Fed. R. Evid. 403 for the additional reason that they are not relevant, and even if relevant, their probative

8

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

value is substantially outweighed by the risk of confusing the issues, misleading the jury, and wasting time.

Chase submits that the Audio Recordings, which all purportedly occurred in 2018, are not relevant to Chase's investigation of the Equifax dispute in August 2020 or any of the information furnished by Chase during the statute of limitations period under the CCRAA. *See* MIL No.11 (filed concurrently). They were not Chase's business records and Chase did not have access to them until they were produced in connection with the prior arbitration in July 2021. Because these Audio Recordings were not provided to Chase until July 2021, it was impossible for Chase to have reviewed them during its August 2020 investigation into Plaintiff's dispute with Equifax nearly a year earlier or otherwise rely on them in its furnishing activities that terminated by August 2020. Because the recordings were not available at the time of Chase's investigation and furnishing activity, the Audio Recordings have no relevance to the reasonableness of Chase's investigation of Plaintiff's FCRA dispute or accuracy of Chase's reporting to consumer reporting agencies, and should be excluded on that basis. [1]

/ / /

/ / /

/ / /

---

[1] Chase anticipates that Plaintiff will argue that the Audio Recordings are relevant not just for the content of Audio Recordings, but also to demonstrate that Chase was on notice of Plaintiff's dispute. But this is a red-herring for the reasons discussed in Chase's concurrently filed Motion in Limine No. 5.

9

## IV.   CONCLUSION

For the reasons set forth above, Chase respectfully requests that the Court grant the instant motion and preclude Johnson from introducing any of the Audio Recordings at trial.

DATED:  March 20, 2026          DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

10

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED: March 20, 2026          DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION IN LIMINE NO.5 – TO EXCLUDE 2018 AUDIO RECORDINGS

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 5 – TO EXCLUDE 2018 AUDIO RECORDINGS** on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO.5 – TO EXCLUDE 2018 AUDIO RECORDINGS
