**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850


**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 6 – TO EXCLUDE (OTHER THAN FOR PURPOSES OF IMPEACHMENT) ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL**<br><br>**Date:        April 17, 2026**<br>**Time:        10:00 AM**<br>**Location:    Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

008241.002262  4913-5102-7865.1

1

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## I.    INTRODUCTION

Plaintiff Joshua Johnson ("Johnson") asserts claims against JPMorgan Chase Bank, N.A. ("Chase") under the Fair Credit Reporting Act and the California Credit Reporting Agencies Act, alleging that Chase furnished inaccurate information about his credit card account to consumer reporting agencies and failed to conduct a reasonable investigation in response to a credit dispute. Before filing this action, however, Plaintiff litigated contract-based claims concerning the same account in a binding arbitration that resulted in a final award later confirmed by the California Superior Court.

Plaintiff indicated his intent to rely on briefing, correspondence, testimony, and other materials from the arbitration. Chase moves in limine to exclude arbitration materials from being offered as substantive evidence at trial. Such evidence is irrelevant to the elements of Plaintiff's statutory claims, would waste time, and would invite jury confusion and an improper collateral retrial of contract disputes already adjudicated.

Chase does not seek to bar all reference to the arbitration under all circumstances. Rather, Chase seeks a tailored ruling, excluding the wholesale use of arbitration materials as substantive proof, while permitting the limited use of arbitration materials for impeachment purposes.

## II.    LEGAL STANDARD

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant only if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403. The Court also retains broad authority to control the mode and order of proof to ensure the effective determination of the truth and to avoid needless consumption of time. Fed. R. Evid. 611(a).

008241.002262 4913-5102-7865.1

2

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## III.   ARBITRATION MATERIALS SHOULD BE EXCLUDED FROM THIS PROCEEDING

### A. Arbitration Materials Are Irrelevant to the Claims to Be Tried

In ruling on Chase's motion for summary judgment, the Court expressly held that the claims adjudicated in the arbitration are "fundamentally contract claims," whereas the claims to be tried here arise under the FCRA and CCRAA. For this reason, the Court concluded that these are "not the same claims," and that the arbitration therefore has no preclusive effect on the claims asserted in this action. Dkt. No. 80, p. 4.

If this ruling remains unchanged, it follows that the wholesale use of statements, arguments, and legal positions advanced by the parties in arbitration—made for the purpose of litigating Plaintiff's contract claims in that forum—are not relevant to the statutory claims to be decided here and may not be offered as substantive evidence at trial in this case.

Evidence offered for the purpose of proving or disproving alleged breaches of contract previously litigated in arbitration does not bear on any fact "of consequence in determining the action" and is therefore irrelevant under Rule 401.[1]

### B. Admission of Evidence Used for Adjudicating Plaintiff's Contract Claims Would Invite Jury Confusion and an Improper Collateral Retrial

Even if arbitration materials had some marginal relevance, their admission would pose a substantial risk of jury confusion, waste of time, and unfair prejudice.

Plaintiff's apparent intent to present the testimony and evidence from the arbitration proceeding would inevitably invite jurors to reassess the claims tried in

---

[1] Chase addresses in Motion in Limine No. 7, Plaintiff's attempts to present evidence or argument inconsistent with the arbitration's resolution of his contract claims. This Motion concerns the distinct evidentiary question whether arbitration materials themselves may be offered as substantive proof in this trial.

008241.002262  4913-5102-7865.1

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

the arbitration and draw conclusions about issues that are not before them in this case. Doing so would blur the distinction the Court has already drawn, i.e., the distinction between the contract claims resolved in arbitration and the statutory claims to be tried here.  It would invite jury confusion as the jury would be invited to assess evidence generated for a different set of claims and legal standards, without the context necessary to understand its proper significance.

The wholesale admission of arbitration materials would also result in a classic "mini-trial" on claims that are not before the jury. The parties would be forced to explain the scope of the arbitration, the claims asserted, the evidence presented, and the arbitrator's reasoning—diverting the jury from the elements of the FCRA and CCRAA claims and inviting re-litigation of claims that have already been decided (and that this Court has already determined are outside the scope of this action).

There is no practical way to present arbitration materials "neutrally" without encouraging the jury to revisit issues outside the scope of this trial. Rule 403 therefore provides an independent basis for exclusion.

## IV.    IMPEACHMENT EXCEPTION IS APPROPRIATE

Arbitration materials should be excluded as substantive evidence, with the exception that the use of arbitration materials should be permitted for impeachment purposes. *See, e.g., SEC v. Frost*, 2022 U.S. Dist. LEXIS 216795, at *6 (C.D. Cal. Feb. 23, 2022) ("The Court concludes that references to the Arbitration proceeding generally should be excluded . . . . On the other hand, the Court will not exclude references to Arbitration Proceeding testimony as needed for the purposes of witness cross-examination and impeachment."), citing *United States v. Johnson*, 1996 WL 640072, at*1 (9th Cir. Nov. 1, 1996) ("The district court did not err when it allowed the evidence [of the prior proceeding] to come in for impeachment purposes[.]").

Neither party should be allowed to testify in a way that is directly contrary to the positions they took during the Arbitration. Thus, both parties should be free to use documents or evidence from the Arbitration for purposes of impeachment.

008241.002262  4913-5102-7865.1                    4

## V.    CONCLUSION

For the reasons set forth above, Chase respectfully requests that the Court grant the instant motion and exclude all arbitration materials from this proceeding, except for purposes of impeachment.

DATED:  March 20, 2026            DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4913-5102-7865.1

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 20, 2026                DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4913-5102-7865.1

6

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 6 – TO EXCLUDE (OTHER THAN FOR PURPOSES OF IMPEACHMENT) ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL** on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4913-5102-7865.1

7

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO 6 -- TO EXCLUDE ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL