**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 8– TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES**<br><br>**Date:        April 17, 2026**<br>**Time:        10:00 AM**<br>**Location:    Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

0

## I.   INTRODUCTION

Plaintiff Joshua Johnson ("Plaintiff") asserts JPMorgan Chase Bank, N.A. ("Chase") failed to conduct a reasonable investigation of his dispute that Chase furnished inaccurate information about one of his credit card accounts in alleged violation of section 1681s-2(b) of the Fair Credit Reporting Act. The grounds for his dispute as they appear on the face of the document submitted to Chase by Equifax in August 2020 were that there was an "account takeover, [and] fraudulent charges on [the] account" as well as that Chase never sent Plaintiff a bill, never called, never emailed, or otherwise made him aware of a balance on the account while it was open, and that the online portal always showed a $0 balance owed.

Chase anticipates, however, that at trial Plaintiff will argue and seek to introduce evidence that the dispute Chase was required to investigate additionally involved his claim that he had paid the account off in full during a September 6, 2017 phone call with Chase. This dispute appears nowhere in the ACDV (dispute form)[1] that was transmitted to Chase in August 2020. Accordingly, Chase respectfully requests that any testimony or argument about this dispute be excluded.

Such testimony is irrelevant under F.R.E. 401 because it does not relate to the issue of whether Chase conducted a reasonable investigation of the dispute it actually received. And any argument or testimony relating to a dispute Chase that was not communicated to Chase would confuse the issues and/or be unfairly prejudicial to Chase pursuant to F.R.E. 403.

Moreover, the dispute about whether or not Chase accepted a payment in September 2017 in full payment on the subject account is a separate issue that was fully litigated in a binding arbitration proceeding between Chase and Plaintiff, concluding in the finding by an arbitrator that what happened during the September

---

[1] An Automated Consumer Dispute Verification ("ACDV") is a form used by consumer reporting agencies to communicate consumer credit disputes to furnishers.

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

2017 phone call was a mutual mistake that merited an equitable resolution.

As discussed in Chase's Motion in Limine No. 1, the arbitrator's ruling cannot be relitigated to a different result. Even if a jury could plausibly find that Plaintiff's August 2020 dispute included the claim that Chase accepted full payoff on the account in September 2017, it would not be appropriate for the jury to decide that issue because it has already been decided by an arbitrator in a different case.

A dispute about what happened in the September 2017 call cannot be relitigated as an FCRA claim in this Action for the additional reason that it does not involve an actionable claim of inaccuracy. Courts all over the U.S. are embracing the standard that to be actionable under the FCRA, a dispute must involve an issue of accuracy that is objectively and readily verifiable; furnishers and consumer reporting agencies are not equipped—nor does the FCRA require them—to resolve disputes turning on subjective credibility assessments, complex factual scenarios, or unsettled points of law. Instead, only those inaccuracies that can be confirmed or disproven through straightforward, objective evidence fall within the statute's scope.

Here, if Plaintiff's FCRA dispute were understood to involve the parties' disagreement about the effect of a payment in September 2017 that Plaintiff contends was intended to fully pay off his account, it would not be a dispute that involves assessment of information that was objectively and readily verifiable by Chase in September 2020. It would therefore not be an actionable dispute that can be resolved through a claim under the FCRA.

## II.    BACKGROUND AND SUMMARY

On August 24, 2020, Plaintiff submitted an online dispute with Equifax regarding his Ink card. Dkt. 73, Fact No. 10 ("Undisputed"). As part of the online dispute process, Plaintiff provided a narrative description of his dispute in a text box provided on the form. *Id.* at Fact No. 11 ("Undisputed'). Equifax transmitted an ACDV to Chase with the narrative description to Chase for investigation. *Id.* at Fact No. 12 ("Undisputed that Equifax transmitted an ACDV to Chase").

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

2

In the ACDV, Equifax described the dispute as "Claims account take-over, fraudulent charges on account," and relayed a narrative in the "FCRA Relevant Information" field of the ACDV as follows:

Dispute Information:

| Dispute Code 1: | 104 - Claims account take-over, fraudulent charges on account |
| --- | --- |
| Dispute Code 2: | |
| FCRA Relevant Information: | Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open. I regularly logged into my Chase account online and observed a $0 balance. |

*See* Dkt. No. 68-3, p. 80; *see also:* Joint Exhibit List, Exhibit No. 4.

In paragraph 8 of his Complaint Plaintiff attempts to expand on the "FCRA Relevant Information" in the Equifax Dispute by asserting: "Plaintiff disputed Chase's reporting that Plaintiff's Chase Ink credit card account was delinquent and was a charge off, without reporting that there was a bona fide dispute regarding this reporting and that Plaintiff had meritorious defenses, including that (a) *in September 2017, Plaintiff contacted Chase to pay off the entire balance of his account and terminate his account relationship with a $0 balance….*" (emphasis added). While Plaintiff is free to assert that Chase did not conduct a reasonable investigation of the ACDV as it was submitted to Chase, he is not free to retroactively broaden the scope of the ACDV to include disputes that were never transmitted to Chase.

Moreover, before filing this action, Plaintiff sued Chase in an AAA arbitration in connection with the same Ink account. As amended, Plaintiff's arbitration claims alleged Chase failed to provide agreed-upon statements, failed to provide online access or technical support, and failed to properly settle and close the account. *See* Dkt. No. 80, p. 2 (citations omitted). In a March 3, 2022 arbitration award that was later confirmed by the Superior Court, the arbitrator found, among other things, that as to what happened in the September 2017 phone call, "[t]here was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

3

minimum payment." *Id.* at p. 9.

Finally, it is undisputed that only a minimum payment was applied to the Account in September 2017, and that Plaintiff paid off the remaining balance several years later. *See* Dkt. No. 80, p. 3.

## III.    ARGUMENT

### A. Plaintiff Cannot Be Permitted to Retroactively Expand the Nature of the Dispute Communicated to Chase

Section 1681-2(b) of the FCRA imposes duties on furnishers to conduct an investigation after receipt of a notice of a dispute from a consumer reporting agency and correct information that the furnisher finds, during the course of the investigation, is incomplete or inaccurate. 15 U.S.C. §1681s-2(b)(1) ("After receiving notice … of a dispute [from a consumer reporting agency] with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall- (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title").

Case law establishes that the investigation a furnisher must conduct in response to a dispute received from a consumer reporting agency must be "reasonable." *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("investigation pursuant to §1681s–2(b)(1)(A) may not be unreasonable").

Case law further establishes that reasonableness depends on the nature of the dispute communicated. As explained in *Gorman*, "a furnisher's obligation to conduct a reasonable investigation under § 1681s–2(b)(1)(A) arises when it receives a notice of dispute from a CRA." *Gorman*, 584 F.3d at 1157. "Such notice must include 'all relevant information regarding the dispute that the [CRA] has received from the consumer.' " *Id.* (citing 15 U.S.C. § 1681i(a)(2)(A)). This is critical because "[i]t is *from this notice that the furnisher learns the nature of the consumer's challenge* to the reported debt, and it is the receipt of this notice that

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

4

gives rise to the furnisher's obligation to conduct a reasonable investigation." *Gorman*, 584 F.3d at 1157 (emphasis added).

In assessing the reasonableness of a furnisher's investigation, "[t]he pertinent question is thus whether the furnisher's procedures were reasonable ***in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute***." *Id.* (emphasis added) (quoting *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("[The furnisher's] investigation in this case was reasonable given the scant information it received regarding the nature of [the consumer's] dispute.")); *id.* at 1160 ("We agree that '[w]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable ... depends in large part on ... the allegations provided to the furnisher by the credit reporting agency.' ") (quoting *Krajewski v. Am. Honda Fin. Corp.,* 557 F.Supp.2d 596, 610 (E.D.Pa.2008)); *id.* at 1160 ("the reasonableness of an investigation depends on the facts of the particular case, most importantly the CRA's description of the dispute in its notice") (citing *Johnson v. MBNA Am. Bank, NA,* 357 F.3d 426, 431 (4th Cir.2004)); *see also: Johnson v. Freedom Mortg. Corp.*, 165 F.4th 1128, 1131 (8th Cir. 2026) ("Because a furnisher's obligation to conduct a reasonable investigation under § 1681s-2(b) arises when it receives a notice of dispute from a [reporting agency], it need investigate only 'what it learned about the nature of the dispute from the description in the [reporting agency]'s notice of dispute.' ") (quoting *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 908 (8th Cir. 2011)).

Based on the allegations contained in paragraph 8 of his Complaint, Plaintiff intends to argue that Chase failed to conduct a reasonable investigation of his dispute based on a claim that was not communicated in the dispute Chase received from Equifax – that in September 2017 Plaintiff contacted Chase to pay off the entire balance of his account and terminate his account relationship with a $0 balance. *See* Complaint, ¶8. Plaintiff therefore seeks to have the jury assess the reasonableness of Chase's investigation not based on the information Chase was

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

5

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

told to investigate (that Plaintiff alleges fraudulent charges on the account due to account takeover, and that Chase failed to communicated about a balance being owed on the account), but on information that Chase was never told to investigate (that Plaintiff claims to have paid off the account during a specific date in the past).

Evidence or arguments of this nature would be improper because the single ACDV received by Chase never made reference to a claim about a September 2017 payment, and thus Chase's duty to investigate it was never triggered.

## B. Plaintiff's Claim About Having Paid Off the Account in September 2017 Was Already Decided in Another Proceeding

Allowing retroactive expansion of Plaintiff's dispute to include his claim that he paid off his account in a September 2017 phone call, is problematic also because the claim was adjudicated in the arbitration, where it was resolved by the arbitrator's finding of that "[t]here was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment." Dkt. No. 80, p. 9.

Expanding the ACDV to include this dispute and asking the jury to assess the reasonableness of Chase's investigation thereof would force the jury to reevaluate a question the arbitrator had already decided. This should not be permitted because the outcome will either lead to an inconsistent result or require the jury to assess the legal consequence under the FCRA of the mutual mistake finding of the arbitrator.

Moreover, presentation of such evidence would confuse the jury and prejudice Chase. The question of what was communicated by Plaintiff to Chase at the time Plaintiff closed his Ink Card is not at issue. Moreover, the account closure and payoff issue was put at issue by Plaintiff in the AAA Arbitration and resolved by the arbitrator's finding of mutual mistake in the March 3, 2022 Award.

## C. Plaintiff's Payment Dispute Does Not Involve an Actionable Inaccuracy Because It Is Not Objectively and Readily Verifiable

A plaintiff asserting a claim under § 1681s-2(b) must show that the furnisher

6

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

failed to reasonably investigate information that was inaccurate or misleading in the first place. *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) (joining the First Circuit and Eleventh Circuit, and noting: "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play."); *Gorman,* 584 F.3d at 1161–63. While the FCRA focuses on the reasonableness of the investigation rather than the ultimate outcome, a plaintiff must still identify facts that a reasonable investigation would have uncovered showing the reported information was inaccurate. *See Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023).

Courts across the country have increasingly recognized the limiting principle implicit in this framework: to be actionable under the FCRA, a claimed inaccuracy must involve information that is **objectively and readily verifiable**, not subjective determinations involving credibility and intent, or adjudication of complex factual or legal questions. *Reyes v. Equifax Info. Servs., L.L.C.,* 140 F.4th 279, 288 (5th Cir. 2025) ("the alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA"); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025) ("both legal and factual disputes can form the basis of a § 1681s-2(b) claim, so long as they are objectively and readily verifiable"); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) ("in determining whether a claimed inaccuracy is potentially actionable under [§ 1681s-2], a court must determine, *inter alia*, whether the information in dispute is 'objectively and readily verifiable.'").

As the Fourth Circuit in *Roberts v. Carter-Young, Inc.* recently explained, [2]

---

[2] *Id.* at 131 F.4th at 251 ("a dispute that involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform is not objectively and readily verifiable… A dispute that …requires credibility determinations and quasi-discovery isn't either. …Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions").

7

use of this standard "makes sense. Furnishers are not tribunals. They have neither the resources nor the expertise to conduct the level of investigation that takes place in judicial proceedings or to make the kinds of determinations about disputes that courts make. But furnishers can investigate disputes about 'objectively and readily verifiable' information." 131 F.4th at 251 (citing *Mader*, 56 F.4th at 270).

This principle is fully consistent with Ninth Circuit precedent. As *Gorman* explains, an inaccuracy must be either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 584 F.3d at 1163. Both formulations presuppose an objective inquiry grounded in verifiable facts, not one that depends on resolving disputed testimony or reconstructing events through credibility assessments. Likewise, the Ninth Circuit has emphasized that investigations must be reasonable in scope, and has cautioned against imposing obligations that would require investigations resembling full adjudicatory proceedings. *Id.* at 1155; *see also*: *Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025) ("Given the Ninth Circuit's skepticism towards the legal-factual distinction, and in light of the weight of authority from other Circuits, the Court will instead apply the "objectively and readily verifiable" test to analyze whether Plaintiffs' claimed inaccuracies are actionable.") (citations omitted).

Here, even if Plaintiff were permitted to expand his August 2020 dispute to include his claim that in a September 2017 phone call he fully paid off the account, that dispute would not involve an actionable inaccuracy under the FCRA. The question of what occurred during that call—and whether the payment was intended and understood to be a full payoff—cannot be resolved through reference to objective, readily verifiable data (or if it were, there would be no dispute because there is no dispute about how much was actually paid out of Plaintiff's deposit account and applied to the subject credit card in payment). Instead, it turns on the parties' competing understandings, recollections, and intent.

8

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

That is precisely why the issue was litigated in a separate arbitration proceeding, spanning over the course of four days, where the arbitrator evaluated the evidence and concluded that "[t]here was a mutual mistake of fact between the parties," with Plaintiff believing he was paying the entire balance and Chase understanding the payment to be a minimum payment. Dkt. No. 80 at 9. The resolution required weighing the parties' positions and fashioning an equitable outcome, tasks that underscore the inherently non-objective nature of the dispute.

The FCRA does not require furnishers to resolve such disputes, nor to revisit them years later in response to an ACDV. Allowing Plaintiff to frame this subjective, adjudicated disagreement as an FCRA "inaccuracy" would improperly transform the statute into a vehicle for relitigating complex factual disputes that are not susceptible to verification through straightforward review of records.

Moreover, permitting evidence and argument concerning the September 2017 call would invite the jury to do precisely what the FCRA does not contemplate: reassess a dispute that has already been adjudicated through a credibility-based and equitable process, and to second-guess Chase's investigation based on information that was neither objectively verifiable nor communicated through the ACDV.

For these reasons, evidence or argument suggesting that Chase violated the FCRA by failing to investigate whether Plaintiff's September 2017 payment fully satisfied the account should be excluded. Such evidence is irrelevant to the reasonableness of Chase's investigation of the dispute it actually received, would confuse the issues, and would unfairly prejudice Chase by forcing it to defend against a claim that falls outside the statute's proper scope.

/ / /

/ / /

/ / /

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES

**IV.    CONCLUSION**

For the reasons set forth below, Chase respectfully requests that the Court grant the instant motion and exclude Plaintiff from introducing any evidence (including testimony and/or documents) which reflects, refers, or relates to the September 6, 2017 Payoff Call.


DATED:  March 20, 2026              DYKEMA GOSSETT LLP



By:  _____
          ABIRAMI GNANADESIGAN
          Attorneys for Defendant
          JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

10

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.


DATED:  March 20, 2026          DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

11

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## PROOF OF SERVICE
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 8– TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES** on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 20, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

DEFT'S MEMO OF POINTS & AUTHORITIES ISO MIL NO. 8 – TO EXCLUDE EVIDENCE OF ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER REPORTING AGENCIES