**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
3/21/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____jji_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO PRECLUDE TESTIMONY OF ROB WILKINS**<br><br>Judge:    Hon. André Birotte Jr.<br>Place:    Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

PLEASE TAKE NOTICE that on April 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, First Street Courthouse, and United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Joshua Johnson will and hereby does move this court in limine pursuant to Federal Rules of Civil Procedure 26(a), 26(e), and 37(c)(1) to exclude the testimony of Rob Wilkins. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and any oral argument that may be presented at the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via videoconference on March 6 and March 13, 2026. A proposed order is also submitted herewith.

**DATED:** March 21, 2026                                      /s/ Joshua Johnson

                                                                      Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to identify a witness as required by Rule 26(a) or Rule 26(e), that party may not use the witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). That rule applies here. Chase disclosed only a generic "Chase Representative," later designated Barbara Burda as its Rule 30(b)(6) designee, and produced Burda for deposition. Only in March 2026, after discovery had closed and on the eve of trial, did Chase identify Rob Wilkins as Burda's replacement. Johnson never had an opportunity to depose him. Because Chase's failure to disclose Wilkins was neither substantially justified nor harmless, Wilkins should be excluded.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) further requires a party to supplement or correct its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Ninth Circuit has repeatedly held that Rule 37(c)(1) is a "self-executing," "automatic" sanction that gives "teeth" to Rule 26's disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir.

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

2021). The burden is on the party facing sanctions to prove that its failure to disclose was substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107; *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

The failure is not harmless where the late disclosure would require the opposing party to conduct additional discovery, prepare for new testimony on the eve of trial, or where reopening discovery would burden the parties and disrupt the Court's schedule. *Hoffman*, 541 F.3d at 1180; *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861–63 (9th Cir. 2014).

## II. BACKGROUND

On January 20, 2023, Chase served its initial disclosures under Rule 26(a). *See* Johnson Decl., Ex. A. In those disclosures, Chase did not identify any witness by name. Instead, Chase generically identified only "Chase Representative."

On June 14, 2023, the Court entered its Scheduling Order. *See* Dkt. 27. The Order set the non-expert discovery cutoff for October 31, 2023. Chase later designated Barbara Burda as its Rule 30(b)(6) designee, and Johnson deposed Burda on October 23, 2023.

The case was later stayed. On May 27, 2025, the Court vacated the stay. After the stay was lifted, Chase attempted to obtain what was effectively a reset of expired discovery deadlines. The Court rejected that effort, explaining that Chase was proposing "an entirely new schedule, even for discovery deadlines that expired before the stay," which would mean "restarting this 2022 case from scratch, including reopening discovery entirely." Dkt. No. 83. Later, Chase also filed an *ex parte* application seeking to extend the expert discovery deadline, which the Court denied on December 8, 2025. Dkt. No. 94.

On March 13, 2026, Chase informed Johnson that Barbara Burda was "not available for trial" and that "Rob Wilkins" would be "replacing" her. Johnson Decl. ¶ 4. On March 21, 2026, Chase provided Johnson with its witness list, identifying "Rob Wilkins, Vice President Business Analysis Manager Credit Bureau Operations

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

Disputes, JP Morgan Chase Bank, N.A." Chase did not provide an address or a telephone number for Wilkins.

## III. ARGUMENT

### A. Chase failed to disclose Wilkins as required by Rule 26(a), and did not timely supplement under Rule 26(e).

Rule 26(a)(1)(A)(i) required Chase to disclose the name of each individual it might use to support its defenses. Chase did not do that. "Chase Representative" is not a person's name, and it does not satisfy Rule 26(a).

Nor did Chase timely supplement. If Chase believed Wilkins had discoverable information that it might use at trial, Chase was required to identify him during the discovery period, or at minimum to supplement its disclosures in a timely manner under Rule 26(e). It did neither. Instead, Chase waited until March 21, 2026, long after the October 31, 2023 non-expert discovery cutoff, to identify Wilkins on its witness list. *See* Dkt. 126. Even now, Chase has not provided Wilkins' address or phone number.

The Ninth Circuit has made clear that a party's disclosure obligations are not satisfied by vague references or by forcing the opposing party to guess who might be called at trial. In *Ollier*, the court held that Rule 26(a) requires a party to identify "each individual likely to have discoverable information," and that "[a]n adverse party should not have to guess which undisclosed witnesses may be called to testify." 768 F.3d at 861.

### B. Rule 37(c)(1) therefore bars Chase from using Wilkins at trial unless Chase proves substantial justification or harmlessness.

Because Chase failed to identify Wilkins as required by Rule 26(a) and (e), Rule 37(c)(1) bars Chase from using him at trial unless Chase proves the failure was substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1106–07; *Hoffman*, 541 F.3d at 1179; *Merchant*, 993 F.3d at 740–42. Chase cannot make either showing.

### 1. The failure was not substantially justified.

Wilkins is not some newly discovered third party. He is Chase's own employee. Based on his title, he appears to be a management employee in the very Chase business unit relevant to the FCRA investigation at issue here. If Chase wanted to rely on Wilkins to support its defense, Chase knew of him—or easily could have known of him—during discovery.

Nor does Burda's alleged unavailability supply substantial justification. If Chase believed it needed testimony from a specific employee with knowledge in Credit Bureau Operations Disputes, it was required to disclose that person during discovery. Chase cannot wait until after discovery has closed, after the stay has been lifted without reopening expired discovery deadlines, and just before trial, to "replace" one witness with another.

**2. The failure was not harmless.**

The late disclosure is also not harmless. Wilkins appears to be a central merits witness. Chase is plainly offering him, not for impeachment, but to support its defense. Johnson has never deposed him. He therefore has had no opportunity to discover:

- the precise subject matter of Wilkins's testimony;
- the facts on which Wilkins claims to rely;
- the documents Wilkins reviewed;
- whether Wilkins has personal knowledge of any relevant events;
- whether Chase intends to use Wilkins to explain, defend, or rehabilitate its FCRA investigation; and
- whether Wilkins's anticipated testimony differs from, contradicts, or expands on Burda's deposition testimony.

In *Hoffman*, the Ninth Circuit held the failure was not harmless where the late disclosure would have required the opposing party to reopen discovery and alter trial preparation. 541 F.3d at 1180. In *Ollier*, the court held late witness disclosures were not harmless because the opposing party would have had to depose the witnesses,

6

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

decide which of them to depose, and prepare to examine them at trial, and because reopening discovery would have burdened the parties and disrupted the schedule. 768 F.3d at 862–63.

That is the situation here. To cure Chase's late disclosure, Johnson would need to depose Wilkins and likely seek related documents and follow-up discovery. It is entirely possible that Wilkins, like Burda, would be improperly instructed by Chase's counsel to answer Johnson's questions, necessitating a noticed motion to compel. *See* Johnson Decl., Ex. B (Burda Dep.).

This would require reopening discovery that closed years ago, compressed meet-and-confer efforts, motion practice, and a disruption of the trial schedule. The Ninth Circuit has already made clear that such a last-minute cure is not "harmless." *Hoffman*, 541 F.3d at 1180; *Ollier*, 768 F.3d at 862–63.

The prejudice is heightened because the prior Rule 30(b)(6) deposition was taken by Johnson's former counsel, while Johnson is now proceeding *pro se*, and works full-time. Requiring him to absorb the burden of a new merits deposition on the eve of trial—after Chase failed to disclose the witness when required—would be manifestly unfair.

**C. Chase should not be permitted to use Wilkins as an end-run around expired discovery and its prior Rule 30(b)(6) designation.**

Chase chose Barbara Burda as its Rule 30(b)(6) designee during discovery, and Johnson deposed her. Chase now represents that Burda is unavailable and seeks to identify Wilkins only in its March 2026 witness list. *See* Dkt. 126.

At trial, a fact witness must testify from personal knowledge. Fed. R. Evid. 602. Rob Wilkins and Barbara Burda are different individuals with different personal knowledge. But even setting Rule 602 aside, the core problem remains the same: Chase did not timely identify Wilkins, did not produce him for deposition, and now seeks to present him at trial on matters central to its defense. Rule 26 forbids that sandbagging, and Rule 37(c)(1) supplies the consequence.

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

This Court's post-stay rulings reinforce the point. After the stay was lifted, the Court rejected Chase's effort to reset deadlines that had expired before the stay, expressly refusing to restart the case "from scratch" by reopening discovery entirely. Allowing Chase to call Wilkins now would do exactly that in practical effect.

**IV. CONCLUSION**

Plaintiff Johnson respectfully requests that the Court enter an order excluding Rob Wilkins from testifying at trial, and prohibiting Chase from using Wilkins to supply evidence at trial, because Chase failed to disclose him as required by Rule 26(a) and (e), and because Chase cannot show that its failure was substantially justified or harmless under Rule 37(c)(1).

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE TESTIMONY OF ROB WILKINS

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,667 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 21, 2026                                            /s/ Joshua Johnson
                                                                                            Joshua Johnson

9