**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/21/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE**<br><br>Judge:     Hon. André Birotte Jr.<br>Place:     Courtroom 7B<br>Date:      April 17, 2026<br>Time:      10:00 AM |

1

**PLEASE TAKE NOTICE** that on April 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, First Street Courthouse, and United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Joshua Johnson will and hereby does move this court *in limine* pursuant to Federal Rules of Evidence 401, 402, 403, and 801(c) to exclude evidence and argument regarding online statement availability and notice of payment obligations. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and any oral argument that may be presented at the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via videoconference on March 6, 2026. A proposed order is also submitted herewith.

**DATED:** March 21, 2026                                          /s/ Joshua Johnson

Joshua Johnson

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Chase has been aware of Johnson's allegation that it failed to make account statements available for the credit card account in question for at least eight years, when its own written records reflected his complaint. Even so, Chase arrives at trial with *zero* evidence that statements were actually posted online. Chase cannot now ask the jury to infer what it never proved. The Court should exclude that evidence and argument.

## I. LEGAL STANDARD

Rule 30(b)(6) testimony is not a judicial admission, but a party generally may not, without adequate explanation, offer evidence that truly conflicts with its designee's testimony after the opposing party has relied on that testimony. Later evidence may clarify, explain, or supplement Rule 30(b)(6) testimony, but it may not simply replace corporate non-knowledge with a new affirmative factual theory. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103–04 (9th Cir. 2018).

## II. BACKGROUND

### A. The Chase Ink Account, Online Enrollment, and Monthly Emails

Johnson opened a Chase Ink credit card account on January 5, 2017. On February 17, 2017, he enrolled the account for online access and consented to receiving "paperless" statements. Chase sent a confirmation email stating that it would no longer mail statements, that it would post them online, and that it would email a reminder when they were ready.

Between February 2017 and August 2017, Chase sent Johnson monthly emails stating that a statement was "now available online." Those emails did not state a balance, a due date, or an amount due. During the same period, when a payment was due in 10 days, Chase sent a separate email stating that a "payment is due in 10 days." During this period, statements were not actually available online. Consequently, all of Johnson's payments were made via telephone, and Johnson repeatedly raised the issue with Chase. See Johnson Decl., Exs. H, I.

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

On September 6, 2017, Chase called Johnson to request payment. There is no dispute that, during that call, Johnson stated that he was unable to access statements for the account online. Johnson Decl., Ex. E (Dkt. 77-1, Fact No. 70 (Undisputed)). Johnson then made a payment and received a payment confirmation email stating that the payment amount was $111.49. The parties dispute whether Johnson authorized a payment of the full balance or only the minimum payment. On September 15, 2017, Johnson called Chase and the account was closed. See also Johnson Decl., Ex. J (payment confirmation email).

Between October 2017 and April 2018, Chase continued sending monthly "statement available online" emails, but it did not send any further "payment due in 10 days" emails. During that period, Chase reported the account as increasingly delinquent and in April 2018 reported it as charged off.

**B. Chase's Internal Notes Documented Johnson's Complaint**

Chase's internal records include a May 21, 2018 note stating: "TOOK SUP CALL//CM STATED TO HAVE TALKED TO ANOTHER SUP EARLIER AND WANTED TO ADD TO NOTES THAT WERE SUBMITTED THAT CM DOES RECEIVE EMAILS HOWEVER EMAIL STATES CM CAN LOG ONLINE TO VIEW ACCT AND CM STATED HAS NEVER BEEN ABLE TO VIEW THE ACCT ONLINE//" Johnson Decl., Ex. F (Purged C3 Records [CHASE00154]).

In this litigation, Barbara Burda testified that the spreadsheet containing that entry was "an extract" of Chase's C3 data and that the information in it would have been in Chase's system of record. She also testified that Chase specialists would have reviewed the "full, complete system of record memos." Johnson Decl., Ex. D (Burda Dep.).

In the prior arbitration, Valerie Kopecki identified and read from the May 21, 2018 note, stating: "e-mail states card member can log online to view account, and card member stated has never been able to." Johnson Decl., Ex. A (Kopecki Testimony).

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

**C. The October 20, 2020 Wills Call**

On October 20, 2020, Johnson spoke with Carla Wills, a Chase Executive Office specialist, in connection with a CFPB complaint. Wills stated that there was "no way to verify" what Johnson was saying and that she had "never heard of the statements not being available to be viewed online." She then added: "It would be one thing if you said that your account didn't show up at all." Johnson responded: "Yes, that is what I'm saying." Wills nevertheless maintained that there was "no confirmed bank error."

**D. Kopecki's Arbitration Testimony and Chase's Arbitration Brief**

On September 29, 2021, Kopecki testified in the arbitration as Chase's corporate representative. When the arbitrator asked whether Chase had any evidence that statements were in fact posted to the website associated with Johnson's username, Kopecki answered (Johnson Decl., Ex. A): "No. There wouldn't be anything in the C3s or the purged notes that would reflect that." When the arbitrator then asked whether there could be evidence somewhere else, Kopecki answered: "Not that I'm aware of, no." When asked whether she could prove or disprove whether the statements were actually posted to an online account Johnson could access, she answered: "I cannot prove or disprove that, no." *Id*.

The arbitrator also asked whether Chase ever looked into the contention that the statements were not being posted online through technical support. Kopecki testified that Chase "do[es]n't have the evidence" of that, and when asked whether she saw any indication that anyone looked into it, she answered: "The answer is no." *Id*.

When discussing what Chase representatives had "validated," Kopecki testified that they had validated Johnson's email address and that he was receiving emails. When the arbitrator clarified, "When you say receiving e-statements, you mean just e-mails saying —," Kopecki answered: "E-mails, correct." *Id*. Kopecki

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

also testified that if Johnson's statements were not online when he logged in, "that would be a bank error for sure." *Id.*

On January 18, 2022, Chase filed a post-hearing brief in the arbitration. In a footnote, Chase stated that "there is no record evidence of what was available to Johnson via his jsjohns3 online profile." In the same brief, Chase also asserted that a summary exhibit "establishes that Chase posted 16 Account Statements for the Ink Business card commencing on January 25, 2017 through April 25, 2018." Johnson Decl., Ex. B.

**E. Chase's Discovery Responses in This Case**

On July 26, 2023, Chase served interrogatory responses to Special Interrogatory Nos. 12 through 14, which asked Chase to describe how it investigated Johnson's claims about online access and statement availability. Chase responded to each that the claim "was not part of the Dispute." Johnson Decl., Ex. G.

On October 23, 2023, Barbara Burda testified as Chase's Rule 30(b)(6) designee. Burda testified that she had no personal knowledge of the online-access topics. When asked whether billing statements are provided by email or whether email is only a reminder that a statement is available, Burda answered: "I'm not sure. I don't have a lot of knowledge on the online process." When asked who would know, she answered: "I don't know." Burda likewise testified that she was "not sure" whether statement nondelivery is a bank error that would require a credit reporting correction, and again answered "I don't know" when asked who would know. Chase also objected to questioning on all online-access topics and instructed Burda not to answer those questions. Johnson Decl., Ex. D.

## III. ARGUMENT

**A. Chase should be precluded from offering evidence or argument that statements were posted and accessible online because its own corporate record does not support that proposition.**

The main problem here is not the wording of a handful of emails. It is that Chase has no competent evidentiary basis for the factual proposition it has repeatedly tried to advance: that Johnson's monthly statements were actually posted to an online profile he could access.

Chase has been asked that same question in multiple settings over multiple years, and its answer has never been yes. In the arbitration, the arbitrator pressed Kopecki repeatedly on whether Chase had any evidence that the statements were actually posted to the relevant online profile. Her answer was no. Not in the C3s. Not in the purge notes. Not anywhere else she was aware of. She then confirmed that she could not prove or disprove Johnson's claim that the statements were not accessible online.

Chase later made the same point in writing. In its January 18, 2022 arbitration brief, it conceded that "there is no record evidence of what was available to Johnson via his jsjohns3 online profile." That concession is directly about the issue Chase now seeks to argue to the jury.

The same void appears in this case. Chase's Rule 30(b)(6) designee, Burda, was not prepared to testify on the online-access topics, had no personal knowledge of them, did not know whether billing statements are delivered by email or posted online, did not know whether statement nondelivery is a bank error, and did not know who would know. Chase's interrogatory responses likewise state that Johnson's claim about online access and statement availability "was not part of the Dispute," i.e., Chase did not investigate it.

Chase's Rule 30(b)(6) testimony on online statement access was not an affirmative corporate position that statements were posted and accessible online; its

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

designee repeatedly disclaimed knowledge. Under *Snapp*, a corporation may not replace Rule 30(b)(6) non-knowledge with a later affirmative factual theory. As the District of Arizona put it in *BBK Tobacco & Foods LLP v. Skunk Inc.*, "if the duly noticed 30(b)(6) deponent was asked, 'Do you make balloons?' and answered 'I don't know'—'I don't know' is the binding answer on the company." No. CV-18-02332-PHX-JAT, 2020 WL 13878711, at *1 (D. Ariz. May 19, 2020). That is the situation here. Chase's binding Rule 30(b)(6) answer was not that statements were available online, but that its designee was "not sure," lacked knowledge of the online process, and did not know who could supply that information.

Nor was Burda's testimony an isolated failure by a single witness. Every Chase employee Johnson has been permitted to examine on this issue has given the same essential answer. Kopecki testified that Chase had no evidence the statements were actually posted to an online account Johnson could access, was not aware of any other evidence showing that they were, and could not prove or disprove whether they were. Wills stated there was "no way to verify" what Johnson was saying. And Burda, Chase's Rule 30(b)(6) designee in this case, testified that she was "not sure," lacked knowledge of the online process, and did not know who would know. The problem, in other words, is not one unprepared witness. It is that Chase has never produced any witness who can supply the affirmative factual theory it now wants to present at trial.

**C. The "statement available online" emails do not supply the missing proof.**

The only thing Chase has consistently pointed to on this topic is a series of generic emails stating that a statement was "available online." But those emails do not prove what Chase needs them to prove.

First, if Chase offers those emails to prove that statements were in fact posted and accessible online, the emails are hearsay. That is an out-of-court assertion offered for its truth. And that is exactly how Chase has repeatedly tried to use them: to move from an email saying a statement was available online to the factual

conclusion that the statement was actually posted to Johnson's profile and could be accessed there.

Second, Chase's own witnesses have already drawn the distinction between a notification email and actual online access. When pressed in the arbitration, Kopecki confirmed that what Chase had "validated" was email only. When the arbitrator clarified, "When you say receiving e-statements, you mean just e-mails," Kopecki answered: "E-mails, correct." Burda likewise did not know whether billing statements are delivered by email or merely posted online, answering: "I'm not sure. I don't have a lot of knowledge on the online process." Those answers underscore the point: an email saying a statement is available is not proof that the statement was in fact posted to and accessible through the relevant online profile.

Third, the emails are not proof that Johnson had notice of a payment obligation. They do not state a balance, a due date, or an amount due. The record also shows that when Chase wanted to notify Johnson that a payment was due, it sent a different email stating that a "payment is due in 10 days." Those payment-due emails stopped after August 2017 even though Chase continued sending "statement available online" emails through April 2018. And Chase used the same type of "statement available online" notification for other Chase accounts even when no payment was due at all. See Johnson Decl., Exs. K, L (Sapphire Reserve zero-dollar statement and corresponding "statement available online" notification). Those comparator emails confirm that this generic notification does not itself communicate that a balance is due. The mere fact that such an email was sent therefore does not show that Johnson had notice of any outstanding balance or payment obligation.

So the emails matter only if the jury is invited to make the very inferential leap Chase's own record does not support: an email said a statement was available; therefore the statement was actually posted; therefore Johnson could access it; therefore he had notice of a payment obligation. Rules 401, 402, and 801 do not permit that.

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

On the present record, Chase also cannot avoid the hearsay problem by treating these emails as its own authenticated business records proving the truth of the embedded assertion. The emails in evidence are printouts from Johnson's email account, not business records produced and authenticated by Chase to prove that statements were in fact posted and accessible online. Absent a proper hearsay exception and foundation, Chase may not use those printouts to prove that the statements were actually available online.

**D. Chase has repeatedly used the statement-notification emails to invite exactly the inference this motion seeks to prevent.**

Despite the admitted lack of record evidence showing what was actually available to Johnson online, Chase has repeatedly relied on the fact that statement-notification emails were sent to invite the factfinder to assume a chain of unsupported propositions: that an email said a statement was available online, therefore the statement was actually posted and accessible online, and therefore Johnson was on notice of a payment obligation. See Johnson Decl., Ex. B (Chase Post-Hearing Brief, Jan. 18, 2022); Dkt. 68 at 9 ("closed the account with the agreement of Johnson, but continued to carry and bill, with e-statements, the unpaid balance"); Dkt. 105-1 at 21 ("the evidence shows that Plaintiff did receive notifications and correspondence for his payment obligations").

**E. Any limited probative value is substantially outweighed by the danger of misleading the jury.**

Even if the emails have some limited relevance to show that Chase sent notices, they should still be excluded for the purpose Chase has repeatedly tried to assign them. The central disputed issue is not whether Chase sent generic emails. It is whether the statements were actually posted and accessible online. Allowing Chase to use the emails as proof of that separate proposition would mislead the jury into treating an unproven assertion as established fact.

10

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

The Court should therefore preclude Chase from offering evidence or argument that the "statement available online" emails prove that monthly statements were actually posted and accessible online, and from offering a new affirmative factual theory on that point after its own Rule 30(b)(6) designee answered "not sure" and "I don't know." In *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, Order on Pl.'s First Mot. in Limine at 1 (N.D. Cal. Apr. 14, 2015), the court granted a motion in limine and barred a late witness from testifying on topics already covered by the opposing party's Rule 30(b)(6) witness. In its later findings, the same court explained that defendants could not rebut their Rule 30(b)(6) witness where the opposing party had relied on that testimony and defendants had no adequate explanation for the shift, because allowing such a switch would amount to trial by ambush. The same targeted relief is warranted here. *See* also Snapp v. United Transp. Union, 889 F.3d 1088, 1103-04 (9th Cir. 2018) (corporation ordinarily may not advance a materially different factual theory after Rule 30(b)(6) testimony, including by later offering information its designee said it did not know, though genuine clarification remains permissible); *L.M.W. v. State of Arizona*, No. CV-22-00777-PHX-JAT, Order at 2-3 (D. Ariz. Feb. 9, 2024) (state bound by 30(b)(6) answers; where answer was "I don't know," state could not later take the opposite affirmative position); *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 13878711, at *1 (D. Ariz. May 19, 2020) ( "I don't know" treated as the company's answer); *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, Order on Pls.' Trial Brief at 5-6 (E.D. Cal. Mar. 22, 2023) (granting narrow preclusion of contrary factual theories after 30(b)(6) testimony).

## IV. CONCLUSION

The Court should preclude Chase from offering evidence or argument that account statements for the account at issue were actually posted online, or that generic "statement available online" emails prove that point or establish notice of a payment obligation. Johnson sought that evidence. Chase did not produce it, and in

key respects blocked inquiry into it. Chase cannot now ask the jury to infer what it never proved.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 3,480 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 21, 2026                                    <u>/s/ Joshua Johnson</u>

                                                                                   Joshua Johnson