**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER



FILED

CLERK, U.S. DISTRICT COURT

3/21/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS**<br><br>Judge:   Hon. André Birotte Jr.<br>Place:   Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

**PLEASE TAKE NOTICE** that on April 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, First Street Courthouse, and United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Joshua Johnson will and hereby does move this court in limine pursuant to Federal Rules of Evidence 403 and 901(a) to exclude the June 8 and July 15, 2021 arbitration recordings and any transcripts derived therefrom. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and any oral argument that may be presented at the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via videoconference on March 6 and March 13, 2026. A proposed order is also submitted herewith.

**DATED:** March 21, 2026                                     /s/ Joshua Johnson
                                                              Joshua Johnson

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Chase intends to use two recordings of an arbitration hearing, as well as transcripts derived from those recordings—despite an on-the-record agreement, solicited by Chase, that there would be "absolutely no use" of the recordings outside the arbitration. This Court should enforce the parties' agreement. The June 8 and July 15, 2021 recordings, and any transcripts or excerpts derived from them, should be excluded.

## I. LEGAL STANDARD

A motion in limine permits the Court to resolve evidentiary issues in advance of trial and to exclude inadmissible evidence before it is offered. Relevant evidence is admissible unless otherwise barred; irrelevant evidence is not. Fed. R. Evid. 401, 402. Even where evidence has some probative value, the Court may exclude it if that value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time. Fed. R. Evid. 403.

## II. BACKGROUND

On June 8, 2021, during a prior arbitration between the parties, an audio recording of the first day of the hearing was made. Before the hearing, Johnson asked Chase's counsel, Joseph Hickey ("Hickey"), for permission to make an audio recording of the hearing. Hickey agreed. During the hearing, Hickey stated that Chase did not object to the recording, but wanted it understood that the recording would have "absolutely no use" outside the arbitration proceedings. Johnson agreed and the arbitrator confirmed that understanding. Dkt. 107 (Johnson Decl.) ¶¶ 7–8, Exs. D–E.

On July 15, 2021, at the second day of the arbitration hearing, Chase informed Johnson and the arbitrator that it intended to make an informal recording of its own. Hickey confirmed that the same agreement applied to that recording and stated that Chase would not use the recording outside the arbitration proceeding.

Hickey told Johnson and the arbitrator that a transcript of the June 8 hearing had been prepared internally by Dykema's Chicago office. Dkt. 107 (Johnson Decl.) ¶ 9, Ex. F; Dkt. 106 at 5–7.

Chase later used transcripts derived from those arbitration recordings in this case, notwithstanding the parties' agreement. On December 4, 2025, during the deposition of Plaintiff's expert Thomas Tarter, Chase marked Dykema's June 8 transcript as an exhibit. Johnson objected on the record that there had been an agreement during the arbitration that the recording and transcript would not be used outside that proceeding. Dkt. 107 (Johnson Decl.) ¶ 10, Ex. G.

On January 2, 2026, Chase then filed its motion to exclude Tarter and again relied on excerpts from purported transcripts of the June 8 and July 15 hearings. Dkt. 115 at 3–4. Johnson again objected, in his January 10, 2026 opposition, that use of the Dykema transcripts was barred by the parties' non-use agreement. Dkt. 106 at 5–8.

After briefing had closed and the motion was under submission, Chase lodged new, different transcripts dated January 20, 2026 and prepared by U.S. Legal Support while listening to recordings provided by Chase. Dkt. 115 at 5–6. Those later transcripts materially differ from the Dykema versions. For example, in a passage Chase relied on, one version uses the word "extensively," while the later version uses "ostensibly." *Compare* Dkt. 105-2, Ex. C at 11 with Dkt. 114, Ex. C at 33:9; *see also* Dkt. 107 (Johnson Decl.) ¶ 11.

4

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE 6/8/21
AND 7/15/21 ARBITRATION RECORDINGS

## III. ARGUMENT

This is not a new issue. Chase previously relied on these arbitration recordings and transcripts in connection with its motion to exclude Tarter, and Johnson objected on the same grounds raised here. *See* Dkt. 106, Section II.B; Dkt. 115, Section II. Plaintiff incorporates those arguments here to the extent consistent with this motion.

**A. Chase agreed the recordings would not be used outside the arbitration, and that agreement must be enforced.**

The June 8 and July 15 recordings were permitted only on an express condition: they would have "absolutely no use" outside of the arbitration proceedings.

In prior briefing on this issue, Chase has not really disputed that there was an agreement in place. *See* Dkt. 108 at 5:17–18 (the parties "agreed to keep the recording of the June 8th hearing confidential"); Dkt. 116 at 3:10–11 (Chase "does not dispute the agreement between the parties to not share the recordings of the hearings"). Instead, Chase seeks to narrow the scope of the agreement by analogizing to a protective order (non-existent), replacing "absolutely no use" with "confidentiality" (not the term used), or arguing that Chase's subjective intent was only to avoid public dissemination (one party's is irrelevant). *Id.*

These post hoc, self-serving justifications find no support in the actual terms of the agreement. The agreement was not merely that the recordings would remain nonpublic; it was that there would be "absolutely no use" of them outside the arbitration proceedings. That understanding was stated on the record by Chase's counsel and confirmed by the arbitrator, who stated that "we have agreement that the recording will not be used beyond this proceeding." Dkt. 107 (Johnson Decl.) ¶¶ 7–8, Exs. D–E. On its face, that agreement bars not only the recordings themselves, but also transcripts, excerpts, or other material derived from those recordings for use in later litigation.

5

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS

That agreement bars more than the recordings themselves. Chase has argued that the parties intended to bar use of the recordings, but not derived transcripts. It has not explained why the parties would enter into such an agreement, which would seem to defeat the purpose.

Chase cannot do indirectly what it agreed not to do directly. Sending the recordings to a vendor (as it did in January 2026), having transcripts prepared from them, and then offering those transcripts in this case is still use of the recordings outside the arbitration. The transcript is the product of that use.

The Ninth Circuit enforces ADR confidentiality and non-use agreements by excluding evidence derived from the ADR proceeding. In *Facebook, Inc. v. Pac. Nw. Software, Inc.*, the Ninth Circuit held the district court was right to exclude evidence of what was said or not said during mediation because the parties' confidentiality agreement barred reliance on or introduction of any aspect of the mediation in later proceedings. 640 F.3d 1034, 1041 (9th Cir. 2011). *See also Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1027 (N.D. Cal. 2003) (granting motion to strike references to a party's mediation brief where the mediation materials were submitted under a confidentiality agreement barring reliance on any aspect of the mediation in a judicial proceeding); *Mitchell Health Techs., Inc. v. Naturewell*, Inc., No. 02-C-0439-C, 2002 WL 32356855, at *1, *17–18 (W.D. Wis. Dec. 2, 2002) (granting motion to strike portions of a brief and affidavit referring to deposition testimony covered by a confidential arbitration agreement)." Chase's agreement constitutes a waiver to use the materials as evidence at trial, and must be enforced.

Nor can Chase narrow the agreement after the fact, as Chase attempted to do in its Opposition to Johnson's Application to Strike. The agreement was not merely that the recordings would be "confidential" or remain nonpublic. It was that there would be "absolutely no use" of them outside the arbitration. That is the issue here. Chase may not introduce evidence derived from materials it agreed not to use.

**B. Rule 403 independently requires exclusion.**

The recordings and transcripts also should be excluded under Rule 403. The June 8 and July 15 proceedings do not contain the clean question-and-answer examination expected in deposition or trial-style testimony. Testimony was interspersed with *pro se* argument, colloquy, objections, and interjections from counsel and the arbitrator.

Chase now seeks to extract select statements from that setting, out of context, and present them as if they were reliable, trial-ready admissions. They were not made in that setting. Any marginal probative value is substantially outweighed by unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude the June 8, 2021 and July 15, 2021 arbitration recordings, and any transcripts, excerpts, or other evidence derived from them, from trial and from any other use in this action.

7

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,863 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 21, 2026                                          /s/ Joshua Johnson

                                                                          Joshua Johnson