**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER



FILED

CLERK, U.S. DISTRICT COURT

3/21/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER**<br><br>Judge:      Hon. André Birotte Jr.<br>Place:      Courtroom 7B<br>Date:       April 17, 2026<br>Time:       10:00 AM |

1

**PLEASE TAKE NOTICE** that on April 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, First Street Courthouse, and United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff Joshua Johnson will and hereby does move this court in limine pursuant to Federal Rules of Civil Procedure 32(a)(5)(A) and 26(c)(1)(B) to exclude the December 4, 2025 deposition of Thomas A. Tarter. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and any oral argument that may be presented at the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via videoconference on March 6 and March 13, 2026. A proposed order is also submitted herewith.

**DATED:** March 21, 2026                                   /s/ Joshua Johnson
                                                                          Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
DEPOSITION OF THOMAS TARTER

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 32(a)(5)(A) bars use of a deposition against a party where three conditions are met: the party received less than 14 days' notice; the party promptly moved under Rule 26(c)(1)(B) for an order that the deposition not be taken or be taken at a different time or place; and that motion was still pending when the deposition was taken. Fed. R. Civ. P. 32(a)(5)(A). The rule is mandatory, not discretionary.

Chase served Johnson with notice of Thomas Tarter's deposition on November 21, 2025 for a December 4, 2025 deposition—13 days later. Johnson then promptly objected, met and conferred, requested an IDC, and before the deposition began, filed a motion for protective order requesting that it not be taken. The deposition nevertheless went forward while that motion was still pending. Under Rule 32(a)(5)(A), Chase therefore "must not" be permitted to use the December 4, 2025 deposition at trial.

## I. LEGAL STANDARD

At trial, a deposition may be used against a party only as permitted by Fed. R. Civ. P. 32. Rule 32(a)(5)(A) states: "A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A).

The rule is mandatory, not discretionary. *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *13–14 (D. Idaho June 1, 2020), aff'd, No. 22-35832, 2023 WL 6866273 (9th Cir. Oct. 18, 2023) (mem.); *Automated Transactions LLC v. First Niagara Fin. Grp., Inc.*, No. 10-CV-00407, 2011 WL 13213256, at *1 (W.D.N.Y. May 10, 2011). As *Dickinson* explains, Rule 32(a)(5)(A) protects the objecting party "without regard to

3

whether [the motion for protective order] is granted." *Dickinson*, 2020 WL 2841517, at *13.

## II. BACKGROUND

On June 14, 2023, the Court issued its Scheduling Order. The Order stated that "[t]he parties should begin expert discovery shortly after the initial designation of experts" and set the original expert-discovery cutoff for January 26, 2024. Dkt. 27 at 4. Johnson disclosed Thomas Tarter as a retained expert and served his report on December 5, 2023. Dkt. 59. Chase did not depose Tarter before the case was stayed on January 12, 2024, did not do so after the stay was lifted on May 27, 2025, and did not do so until six weeks after the Court denied summary judgment on October 10, 2025. *See* Dkts. 65, 80. On November 14, 2025, the Court reset the expert-discovery cutoff to December 5, 2025. Dkt. 83.

On November 20, 2025, Chase served Tarter with a subpoena *duces tecum* commanding his deposition and document production on December 4, 2025. On November 21, 2025, Chase served Johnson with notice of that subpoenaed deposition. Dkt. 88-1 at 7, 11; Dkt. 108 at 3-4. Johnson promptly objected to the short notice and to aspects of the subpoena, and advised Chase that the timing over Thanksgiving week was problematic and that neither he nor Tarter was available on December 4. Dkt. 107 (Johnson Decl.), Exs. A-C.

The parties then met and conferred regarding the deposition notice, Tarter's availability, expert fees, remote appearance, and the breadth of the document requests. Johnson Decl., Exs. A-C. Johnson requested an informal discovery conference. *Id*. An IDC was held on December 2, 2025. Dkt. 106 at 4; Dkt. 108 at 4.

On December 4, 2025, before the deposition began, Johnson filed a motion for protective order under Rule 26(c)(1)(B) requesting that the deposition not be taken. Dkt. 97; Dkt. 106 at 4. The deposition nevertheless proceeded—as ordered by Magistrate Judge Audero—while that motion was pending. Dkt. 106 at 4-5; Dkt. 108

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE
DEPOSITION OF THOMAS TARTER

at 4. Chase later relied on that deposition in its motion to exclude Tarter. Dkt. 105-1 at 6-7.

On December 8, 2025, this Court denied Chase's *ex parte* application to extend the expert-discovery deadline. The Court held that Chase had "not shown the diligence required" and noted that, although the stay had been lifted on May 27, 2025, Chase "did not pursue the desired expert discovery until it served its subpoena on November 20, 2025." Dkt. 94 at 2. On December 15, 2025, the protective-order motion was later denied as moot. Dkt. 101; Dkt. 108 at 4.

## III. ARGUMENT

Rule 32(a)(5)(A) squarely bars Chase from using Tarter's deposition against Johnson. All three elements are met.

First, Johnson received less than 14 days' notice. Chase served notice on Johnson on November 21, 2025 for a December 4, 2025 deposition—13 days later. *See* Dkt. 88-1 at 7, 11. This is undisputed.

Second, Johnson promptly moved for a protective order under Rule 26(c)(1)(B). He objected, met and conferred, requested an IDC, participated in the IDC on December 2, and filed his protective-order motion before the deposition began on December 4. That is exactly what Rule 32(a)(5)(A) requires. *See* Dkt. 97.

Third, the motion was still pending when the deposition was taken.

Chase has previously argued that the deposition was not taken on short notice because Tarter was served on November 20, 2025 for a December 4, 2025 deposition, which Chase characterizes as 14 days' notice. That is wrong. Rule 32(a)(5)(A) measures notice to the party against whom the deposition will be used, not service on the deponent. Johnson received notice on November 21, 2025, not November 20, 2025, and thus received less than 14 days' notice. *See* Dkt. 88-1 at 7, 11.

That Judge Audero ordered, after the IDC, that the deposition proceed as noticed does not change the Rule 32 analysis. No noticed, written Rule 26(c)(1)(B)

motion was then before Judge Audero to rule on. And Rule 32(a)(5)(A) protects the objecting party "without regard to whether it is granted"—that is, without regard to whether the protective-order motion is later granted. *Dickinson Frozen Foods*, 2020 WL 2841517, at *13.

The later denial of Johnson's protective order motion does not change the analysis, either. Rule 32(a)(5)(A) turns on whether the motion "was still pending when the deposition was taken," not on how it was later resolved. *Id*; *Automated Transactions*, 2011 WL 13213256, at *1.

The circumstances here underscore why exclusion is required. Chase waited nearly two years after Tarter's disclosure to notice the deposition, then served a subpoena *duces tecum* on a non-party with only 13 days' notice—over a holiday and two weekends—and only after the Court had already instructed the parties to begin expert discovery shortly after designation. Chase's own lack of diligence created the problem. *See* Dkt. 94. Rule 32(a)(5)(A) exists to prevent a party from benefiting at trial from a short-notice deposition taken while a protective-order motion is pending.

## IV. CONCLUSION

Because Johnson received less than 14 days' notice of the December 4, 2025 deposition, promptly moved under Rule 26(c)(1)(B) for a protective order, and that motion was pending when the deposition was taken, Rule 32(a)(5)(A) bars use of the deposition against him. The Court should therefore exclude the December 4, 2025 deposition of Thomas Tarter, any transcript of that deposition, any excerpts or designations from it, and any argument or evidence that depends on using that deposition against Johnson at trial.

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DEPOSITION OF THOMAS TARTER

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,411 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 21, 2026                                        /s/ Joshua Johnson

                                                                                Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DEPOSITION OF THOMAS TARTER