**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS**<br><br>**Date:**　　**April 17, 2026**<br>**Time:**　　**10:00 AM**<br>**Location:**　　**Dept 7B**<br><br>Complaint Filed:　September 19, 2022 |

**DYKEMA GOSSETT LLP**
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4924-9657-2316.1

1

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Joshua Johnson ("Johnson") seeks to exclude JPMorgan Chase Bank, N.A.'s ("Chase") corporate representative, Rob Wilkins ("Wilkins"), from testifying at trial in place of Chase's previously identified corporate representative, Barbara Burda ("Burda").

Johnson's motion should be denied because his interpretation of Fed. Rule Civ. P. 37(c)(1) is unfounded. He concedes that Chase disclosed a corporate representative in its Rule 26(a) disclosures. Johnson's sole issue is that Chase designated Burda as its Fed. R. Civ. P. 30(b)(6) witness, but Chase is now substituting in Wilkins as its corporate representative for trial because Burda is no longer employed by Chase. This substitution is permitted under the Federal Rules of Civil Procedure and Johnson has no grounds to exclude Wilkins' testimony. The motion must be denied.[1]

/ / /

/ / /

/ / /

---

[1] Pursuant to this Court' Scheduling Order [Dkt. 83], the Parties' Motions in Limine were to be filed on or before March 20, 2026. Plaintiff failed to file or serve his Motions in Limine timely. Chase did not receive service of Plaintiff's Motions in Limine until 11:50 p.m. on March 21, 2025; truncating Chase's time to file its oppositions to its prejudice. Per Local Rule 7-12, Plaintiff's untimely filing and service is independent and sufficient grounds to deny his motions in limine. *See also, Moore v. LaHabra Relocations, Inc.,* 501 F.Supp.2d 1278, 1279 (C.D. Cal. 2007) ("Noncompliance with the Local Rules…prejudices the opposing party by limiting preparation time for opposing papers.")

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4924-9657-2316.1

2

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS

## II.    ARGUMENT

### A.    Chase may substitute a Rule 30(b)(6) witness because the disclosure duty is organizational, not personal.

Rule 30(b)(6) expressly contemplates that an organization may designate one or more individuals to testify on its behalf. Fed. R. Civ. P. 30(b)(6). Because the Rule focuses on testimony about information "known or reasonably available to the organization," the organization's obligation is to present a witness who can speak to organizational knowledge, not to present any particular individual. *Id.*

For this reason, courts routinely permit corporations to substitute designated corporate representatives where the initial designated witness is no longer available. For example, in *Green Payment Sols, LLC v. First Data Merch. Servs. Corp.*, No. CV 18-1463 DSF (ASx), 2019 U.S. Dist. LEXIS 166516, at *3 (C.D. Cal. July 2, 2019), this Court acknowledged that there is a general rule that "a corporation should not be prohibited from calling a designated representative as a witness simply because the person it thought was going to testify leaves its employ." (citing *Coach, Inc. v. Visitors Flea Market, LLC,* No. 6:11-cv-1905-Orl-22TBS, 2014 U.S. Dist. LEXIS 79530, 2014 WL 2612036, at *2 (M.D. Fla. 2014)). In support of this general rule, the Court emphasized that "[t]here are myriad reasons why employees come and go. Sometimes these changes are expected, other times they are not." (edits in original) (citing *Coach Inc.,* 2014 WL 2612036, at *2); *see also Sidibe v. Sutter Health*, 2025 U.S. Dist. LEXIS 36862 (N.D. Cal. Mar. 2, 2025) (new corporate representative could testify where 30(b)(6) deponent had retired); *Woods v. LVNV Funding, LLC*, 2021 U.S. Dist. LEXIS 84723, n.1 (S.D. Ind. May 4, 2021) ("Here, Resurgent's voice left the company, so, under Rule 30(b)(6), it permissibly designated a new corporate representative 'to testify on its behalf.'").

Burda is no longer employed by Chase. Chase's counsel promptly designated Wilkins as its corporate representative upon learning of Burda's departure. Applying the foregoing law and authority, this substitution is entirely proper and Johnson's

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4924-9657-2316.1

3

claim that Chase failed to timely disclose Wilkins has no basis in law or fact.

Chase acknowledges that its testimony provided by Mr. Wilkins cannot conflict with its previous testimony provided by Ms. Burda.

## III.   **CONCLUSION**

For the reasons set forth above, Chase respectfully requests that the Court DENY Plaintiff's MIL #1 seeking to preclude testimony of Rob Wilkins, and grant such further relief as the Court deems just.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4924-9657-2316.1

4

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 27, 2026                    DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4924-9657-2316.1

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS** on the interested parties in this action as follows:

Joshua Johnson                              **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at Los Angeles, California.


_____
                Mitzi Mendoza

008241.002262  4924-9657-2316.1

6

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE TESTIMONY OF ROB WILKINS