**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE**<br><br>**Date:        April 17, 2026**<br>**Time:        10:00 AM**<br>**Location:    Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

008241.002262 4914-4523-8940.1

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Chase received The Equifax Dispute on August 24, 2020. Around the same time (five days earlier on August 19, 2020) Johnson submitted the exact same complaint to the Consumer Financial Protection Bureau (the "CFPB Complaint"). Johnson plans to offer a screen shot of his CFPB complaint as an exhibit at trial. That exhibit sets forth Johnson's complaint as well as Chase's response to the CFPB, which response included the October 14, 2020 Executive Office letter (the "EO Letter"). Despite seeking to inject his CFPB complaint into the trial of this action, Johnson now moves in limine to exclude the letter that Chase submitted to the CFPB in response to his complaint, as well as any evidence about what investigation Chase conducted to prepare its response. The motion must fail.

Chase does not believe any of this evidence should come in, and it filed its Motion in Limine No. 9 to exclude the CFPB complaint, as well as other evidence of direct disputes. However, if the Court denies Chase's motion and allows Johnson's CFPB complaint to come into evidence, then the Court should also deny Johnson's Motion In Limine #3 because the EO Letter was submitted by Chase to the CFPB as part of its response to that complaint. If the jury is permitted to hear Johnson's recitation of past events contained in the CFPB dispute, then the jury must also be permitted to hear Chase's evidence on what it did to respond. As such, Plaintiff's Motion in Limine No. 3 should be denied.[1]

---

[1] Pursuant to this Court' Scheduling Order [Dkt. 83], the Parties' Motions in Limine were to be filed on or before March 20, 2026. Plaintiff failed to file or serve his Motions in Limine timely. Chase did not receive service of Plaintiff's Motions in Limine until 11:50 p.m. on March 21, 2025; truncating Chase's time to file its oppositions to its prejudice. Per Local Rule 7-12, Plaintiff's untimely filing and

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4914-4523-8940.1

2

## II. ARGUMENT

### A. The Executive Office Response Letter Is Admissible Under the Business Records Exception.

Under Federal Rule of Evidence 803(6), the business records exception to hearsay is available where the record is (1) made or based on information transmitted by a person with knowledge at or near the time of the transaction; (2) made in the ordinary course of business;[2] and (3) trustworthy, with neither the source of information nor method or circumstances of preparation indicating a lack of trustworthiness." *Sky Fin. & Intel., L.L.C. v. Cliq, Inc.*, 2025 U.S. Dist. LEXIS 267300 (C.D. Cal. Nov. 13, 2025). Johnson's hearsay within hearsay argument addressing the items Chase investigated is meritless. None of those items are *statements* by an individual requiring a separate hearsay exception. The call records, correspondence and payment activity reviewed at the time the EO Letter was created are business records and are by their very nature trustworthy.

### B. Chase Can Lay the Appropriate Foundation for the Executive Office Response Letter.

Chase's corporate representative will be asked to authenticate the EO Letter as a business record of Chase signed by the "Card Executive Office."  A custodian or other qualified witness may lay the foundation and they do not need to be the

service is independent and sufficient grounds  to deny his motions in limine. *See also, Moore v. LaHabra Relocations, Inc.,* 501 F.Supp.2d 1278, 1279 (C.D. Cal. 2007) ("Noncompliance with the Local Rules…prejudices the opposing party by limiting preparation time for opposing papers.")

[2]Johnson's attempt to argue that EO Letter is not a business record because it is a one-off letter responding to his complaint misses the mark – particularly in light of Ms. Wills's testimony that she alone is involved with approximately 400 to 500 investigations each year (Exhibit 1 to Gnanadesigan Decl., Wills Dep. 10:9-17).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE

original author. *See, e.g., Abs Entm't v. CBS Corp.*, 908 F.3d 405, 426 (9th Cir. 2018) ("The business records exception only requires "someone with knowledge" about the record-keeping, not necessarily . . . someone with knowledge of how the reports were made or maintained"). Chase is able to prepare its witness to provide the appropriate foundation.

### C.    The Executive Office Response Letter is Admissible under Federal Rule of Evidence 807's Residual Exception.

The EO Letter may be admitted under the residual exception to the hearsay rule. Fed. R. Evid. 807(a) provides that "under the following conditions, a hearsay statement is not excluded by the rule against hearsay . . . (1) the statement is supported by sufficient guarantees of trustworthiness – after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." *See United States v. Kim*, 595 F.2d 755 (D.C. Cir. 1979) ("Purpose of Rule 807 . . . is to allow trial judges to admit certain hearsay statements that do not fall within any specific exception, but which have 'equivalent circumstantial guarantees of trustworthiness.'"). "The District Court has wide latitude of discretion in determining [the] trustworthiness of statement under Fed. Rule of Evid. 807." *United States v. Carlson*, 547 F.2d 1346 (8th Cir. 1976).

Here, the EO Letter has "sufficient guarantees of trustworthiness." First, the EO Letter was (as Johnson himself noted) submitted to a "regulatory body charged with policing Chase." Second, the conclusions drawn and actions taken by Chase match those in its response to the Equifax Dispute ACDV.

### III.    CONCLUSION

For the reasons set forth above, Chase requests that if its Motion in Limine to Exclude Johnson's CFPB Complaint is denied, the Court should deny Johnson's Motion and permit Chase's October 13, 2020 Executive Office Response Letter and

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE

its related investigation to be admitted into evidence.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP

By:  _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4914-4523-8940.1

5

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP


By: _____

ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4914-4523-8940.1

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S
MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE** on the interested parties in this action as follows:

Joshua Johnson                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

008241.002262 4914-4523-8940.1

7

DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF JOSHUA JOHNSON'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE