**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAAx |
| Plaintiff, | The Hon. André Birotte Jr. Courtroom 7B |
| v. | Magistrate Maria A. Audero Courtroom: 690 |
| JPMORGAN CHASE BANK, N.A., | **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS** |
| Defendant. | |
| | **Date:** **April 17, 2026** **Time:** **10:00 AM** **Location:** **Dept 7B** |
| | Complaint Filed:   September 19, 2022 |

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

With its Motion In Limine No. 6, Chase explained why the Court should exclude evidence or argument about the arbitration proceedings between these parties, other than for purposes of impeachment.

By this motion, it is clear that Plaintiff is attempting to avoid being impeached by the evidence from the arbitration which will apparently conflict with the positions he wants to offer in this case. He has listed some of the arbitration transcripts as affirmative evidence in his portion of the Joint Exhibit List, but by this motion, he is seeking to exclude other transcripts on the basis of an alleged confidentiality agreement that does not exist.

The present motion should be denied for at least three independent reasons:

First, the agreement between the parties regarding  confidentiality only applied to the recordings of the arbitration hearings, not any transcripts made from the recordings. The reason that Plaintiff seeks to exclude the June 8 and July 15 transcripts is not because of alleged confidentiality, but because those transcripts contain key admissions by Plaintiff that completely undermine the legitimacy and good faith basis of the claims he is pursuing here. This motion is simply an attempt by Plaintiff to prevent him from being impeached by his admissions that he (i) received emails from Chase advising statements were available, (ii) may have been attempting to access statements for his Ink Business card via the online account he established for his personal account (which had a separate User ID and password), and (iii) forgot the online account he established to access statements for his Ink Business card.

Second, independent of any confidentiality agreement that Plaintiff claims exists (Chase disputes it), if Plaintiff testifies in a manner contradictory to his testimony in arbitration, Chase should be permitted use his past testimony as impeachment evidence under FRE 801.

Third, there are no valid FRE 403 concerns with regard to use of the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4932-0488-4380.1

arbitration transcripts. Courts have routinely found transcripts that do not appear in the traditional question and answer format (such as a deposition transcript prepared by a court reporter) to be admissible under FRE 801 for impeachment purposes.

Therefore, Plaintiff's Motion in Limine No. 4 should be denied, and the parties should be permitted to use evidence from the arbitration for impeachment purposes as set forth in Chase's Motion in Limine No. 6.[1]

## II.   THE JUNE 8 AND JULY 15 ARBITRATION HEARING TRANSCRIPTS ARE NOT CONFIDENTIAL

Johnson seeks to exclude introduction of the June 8 and July 15 hearing transcripts because of a purported agreement that the recordings would not be used outside of arbitration and, thus, are confidential.

Johnson recorded the June 8, 2021 hearing on his phone (a fact not disclosed to Chase until approximately halfway through that hearing).

> **MR. JOHNSON:**   Oh. Can I say something? Actually, I … should have disclosed this at the beginning. So Joe and I discussed, since I don't have any -- anybody with me to, like, take notes, that I would record this and send it to the parties at the end.  So -- so I have been recording this on my phone. I forgot to mention that totally. If nobody consents, I guess I can remove it now, but I'd like to ask for that.

---

[1] Pursuant to this Court' Scheduling Order [Dkt. 83], the Parties' Motions in Limine were to be filed on or before March 20, 2026. Plaintiff failed to file or serve his Motions in Limine timely. Chase did not receive service of Plaintiff's Motions in Limine until 11:50 p.m. on March 21, 2025; truncating Chase's time to file its oppositions to its prejudice. Per Local Rule 7-12, Plaintiff's untimely filing and service is independent and sufficient grounds to deny his motions in limine. *See also, Moore v. LaHabra Relocations, Inc.,* 501 F.Supp.2d 1278, 1279 (C.D. Cal. 2007) ("Noncompliance with the Local Rules…prejudices the opposing party by limiting preparation time for opposing papers.")

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4932-0488-4380.1

3

**THE ARBITRATOR:**   Joe is that okay with you?

**MR. HICKEY:**   It's fine.

**THE ARBITRATOR:**   Okay. I -- I -- you should have asked. I could've recorded easily on the zoom --

During a break, the transcript of the discussion between the parties demonstrates that the parties only agreed to keep the *recording* of the June 8 hearing confidential – not a transcript of that hearing:

> **MR. HICKEY:**    One thing before we start again. *** [W]e would appreciate it -- we don't mind the recording being taken, but I approached Josh before about keeping stuff confidential, but in our view there's absolutely no use for any recording being used outside of these proceedings.  So . . . we would like that understood.
>
> **THE ARBITRATOR:**   Okay. Are -- you agreeable to that, Josh, that the recording will be limited to this proceeding and anything that may flow from this proceeding?
>
> **MR. JOHNSON:**  I'll agree to the recording, not anything else.
>
> * * *
>
> I will specifically not share the recording with anyone outside of this. I otherwise am free to take advantage of the private but not confidential aspect of arbitration.
>
> **THE ARBITRATOR:**   Okay. Well, I think the -- the concern only was with regard to the recording, so that's fine then.  I think we have agreement that your recording will not be used beyond this proceeding…

For ease of reference, and use in this case for impeachment purposes, Chase had the June 8 and July 15 hearings transcribed officially by U.S. Legal Support. [Dkt. 114]. Johnson seeks to exclude these transcripts on the grounds that there was an agreement that the recordings would have "absolutely no use" outside the arbitration proceedings. The plain language of the parties' agreement demonstrates that Plaintiff is wrong.

Chase does not dispute the agreement between the parties to not share the *recordings* of the hearings and Chase has abided by that agreement -- even the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4932-0488-4380.1

4

Arbitrator clarified "I think that the concern only was with regard to the recording." (Johnson Declaration, ECF 107, Exh. E, p. 31). Indeed, Plaintiff cannot credibly dispute there was no agreement to maintain the confidentiality of the transcripts themselves as Plaintiff himself contemplated using information from the arbitration in future proceedings ( "I otherwise am free to take advantage of the private *but not confidential* aspect of arbitration"). *See supra.*

## III.   PLAINTIFF'S ARBITRATION TESTIMONY IS INDEPENDENTLY ADMISSIBLE UNDER FED. R. EVID. 801

Even if a confidentiality agreement exists as to the June 8 and July 15 transcripts, which Chase denies, the Court should not expand that agreement into an evidentiary privilege that nullifies Rule 801 impeachment.

In *Spin Master, Ltd. v. Zobmondo Entm't,* LLC, No. CV 06-3459 ABC (PLAx), 2012 U.S. Dist. LEXIS 188155, at *5 (C.D. Cal. Apr. 27, 2012), this Court denied a motion in limine on similar grounds. In *Spin Master, Ltd.,* the defendant sought to exclude evidence based upon confidentiality grounds. This Court denied the motion, finding the confidential memorandum admissible for impeachment purposes. Indeed, Courts have consistently rejected arguments concerning the confidentiality of arbitration materials, even where a valid confidentiality agreement existed. In *Lohnn v. IBM,* No. 21-cv-6379 (LJL), 2022 U.S. Dist. LEXIS 1444, 40-41 (S.D.N.Y. Jan. 4, 2022), the court rejected an argument that arbitration documents should be sealed to honor a confidentiality agreement, stating, "the fact that information exchanged between private parties [that] is subject to a confidentiality agreement that binds them is not itself sufficient to deprive the public of the right of access to that information when it is properly filed in support of a motion asking the Court to take dispositive judicial action on a matter properly before the Court." The cases that Plaintiff cites related to confidentiality in mediation proceedings are inapposite.

Moreover, Johnson's statements transcribed in the June 8 and July 15

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4932-0488-4380.1                    5

arbitration hearings are party admissions and a classic example of non-hearsay under Fed. R. Evid. 801(d)(2). *See, e.g., Mayshack v. Gonzales,* 437 F. App'x 615, 619 (9th Cir. 2011) (transcripts of an interview with the Internal Criminal Investigations Bureau were non-hearsay party admissions under Fed. R. Evid. 801(d)(2)(A) and fell within the public record's exception although the transcriber was not a court reporter).[2]

In sum, the evidentiary question presented by Chase's intended use is impeachment at trial under Rule 801, which expressly authorizes impeachment of declarants whose statements are admitted, including parties' own statements. This is despite any confidentiality agreement that may apply.

## IV.   JOHNSON'S ARBITRATION TESTIMONY IS ADMISSIBLE UNDER FRE 403

Finally, Johnson argues the hearing transcripts are also inadmissible under Fed. R. Evid. 403 because they are not in a question-and-answer format. Johnson provides no authority for this position. Nor can he because if his argument were accepted, then all court proceedings, outside a formal deposition setting, would be inadmissible. But that is not the case. In fact, as noted above, in *Mayshack,* 437 F. App'x at 619, the Ninth Circuit found the transcript of an interview admissible for impeachment purposes. *See also, e.g., United States v. Asbill*, No. 24-7052, 2025 U.S. App. LEXIS 22654, at *16 n.5 (10th Cir. Sep. 3, 2025) (holding that a preliminary hearing transcript was admissible for impeachment and substantive purposes).

/ / /

/ / /

/ / /

---

[2] Here, the transcripts lodged with the Court at Dkt 114 were created by a licensed court reporter and, thus, non-hearsay under Fed. R. Evid. 803(6).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4932-0488-4380.1

6

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS

## V.    CONCLUSION

For the reasons set forth above, Chase respectfully requests that the Court DENY Plaintiff's MIL #4 seeking to exclude June 8, 2021 and July 15, 2021 arbitration hearing transcripts, and grant such further relief as the Court deems just.

DATED:  March 27, 2026                    DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

008241.002262  4932-0488-4380.1

7

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS** on the interested parties in this action as follows:

Joshua Johnson                           **PLAINTIFF PRO SE**
2201 5ᵗʰ St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at Los Angeles, California.

                                          Mitzi Mendoza

008241.002262 4932-0488-4380.1                     9

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS