**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER**<br><br>**Date:        April 17, 2026**<br>**Time:        10:00 AM**<br>**Location:     Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

008241.002262 4908-1478-1596.1

0

DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER

## I. **<u>INTRODUCTION</u>**

Plaintiff Joshua Johnson ("Plaintiff") seeks to exclude the use of his expert Thomas Tarter's deposition under FRCP 32(a)(5)(A), based on the false premise that the deposition was taken on short notice and while a motion for protective order was pending.[1]  In truth, no motion for protective order was pending at the time of Mr. Tarter's deposition. The Court entered an order on December 2, 2025, ***two days before Mr. Tarter's deposition***, denying Plaintiff's first attempt at obtaining a protective order. Mr Tarter responded by filing a Motion of Protective Order, without leave of Court, and on the same grounds as his initial request. That second motion was also denied on December 15, 2025.

Plaintiff tried and failed ***two times*** to argue that Tarter's deposition was being taken on short notice and that the deposition could not be used against him in this litigation. This Court should not entertain Plaintiff's third bite at the apple.

It is worth noting that Plaintiff's motion will effectively be rendered moot if this Court grants the motions filed by  defendant JPMorgan Chase Bank, N.A. ("Chase") to exclude Mr. Tarter's testimony and opinions because (1) Mr. Tarter is not qualified to testify about Chase's alleged violations of the FCRA or CCRAA;

---

[1] Pursuant to this Court' Scheduling Order [Dkt. 83], the Parties' Motions in Limine were to be filed on or before March 20, 2026. Plaintiff failed to file or serve his Motions in Limine timely. Chase did not receive service of Plaintiff's Motions in Limine until 11:50 p.m. on March 21, 2025; truncating Chase's time to file its oppositions to its prejudice. Per Local Rule 7-12, Plaintiff's untimely filing and service is independent and sufficient grounds  to deny his motions in limine. *See also, Moore v. LaHabra Relocations, Inc.,* 501 F.Supp.2d 1278, 1279 (C.D. Cal. 2007) ("Noncompliance with the Local Rules…prejudices the opposing party by limiting preparation time for opposing papers.")

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4908-1478-1596.1

1

(2) Mr. Tarter's opinions on the reasonableness of Chase's investigation lack a reliable methodology; (3) Mr. Tarter's opinion on the reasonableness of Chase's investigation is based on incomplete data; (4) Mr. Tarter's conclusory and speculative opinions on damages lack foundation or a reliable methodology; and (5) Mr. Tarter's expert report contains legal opinions and conclusions that are not admissible [Dkts. 105, 128]. There will be no need to use Mr. Tartar's deposition testimony for impeachment purposes if, as Chase has requested, the Court excludes him. If the Court allows Mr. Tarter's testimony at trial, however, Chase should be permitted to use his prior deposition testimony for purposes of impeachment.

## II.   MR. TARTER'S DEPOSITION WAS PROPERLY NOTICED AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER WAS DENIED *BEFORE* THE DEPOSITION TOOK PLACE

Mr. Tarter was subpoenaed on November 20, 2025 for a December 4, 2025 deposition (14 days notice). Plaintiff was served with notice of the deposition subpoena on November 21, 2025.[2]

It is not true, as Plaintiff argues, that his Motion for Protective Order was pending at the time Mr. Tarter was deposed. Plaintiff first sought a protective order at an Informal Discovery Conference before Magistrate Judge Audero on December 2, 2025. In her order denying Plaintiff's request for a protective order, Judge Audero held:

---

[2] Prior notice to Plaintiff was not required. *See* the Advisory Committee Notes for Fed. R. Civ. Proc. 45: "Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced."

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DEFENDANT JPMORGAN CHASE BANK, N.A.'S  OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER

**"Through IDC 6, Plaintiff Joshua Johnson ("Plaintiff") seeks a protective order prohibiting the deposition and document production of Plaintiff's expert, noticed by Defendant JPMorgan Chase Bank N.A., ("Defendant") on November 21, 2025, and set for December 4, 2025, the day before the close of expert discovery.**

**The Court confers with the parties. Based on the argument of the parties, the Court ORDERS that absent further order from the Honorable Andre Birotte Jr., the deposition of Plaintiff's expert shall proceed on December 4, 2025 as originally noticed and pursuant to the terms of that notice, including the document production."** [Dkt. 92].

Plaintiff improperly renewed his argument the morning of December 4, 2025, just a few hours before the deposition was set to begin, by filing a Motion for Protective Order on the same grounds as what he argued at IDC 6. [Dkt. 97]. In denying Plaintiff's renewed Motion for Protective Order Judge Audero held:

**Plaintiff's Motion is DENIED on two grounds. *First*, the Motion is moot in light of the Court's IDC 6 Order (See IDC 6 Order.) *Second*, even if the Motion were construed as a request for reconsideration of the IDC 6 Order, the Motion cannot be considered because it is untimely as it was filed only one day before the expert discovery cut-off date. This violates Judge Birotte's Scheduling Order, which provides that the discovery cut-off date is the date by which all discovery, *including all hearings on any related motions*, must be completed."** [Dkt. 101].

Judge Audero's ruling confirms that Plaintiff's request for a protective order to prevent the deposition from proceeding was denied before the deposition of Mr. Tarter began, and before Plaintiff improperly attempted to circumvent Judge Audero's findings by improperly renewing his request. The ruling is also in line with this Court's Standing Order which states "The Magistrate Judge's decision is final, subject to modification by the District Court Judge only where the Magistrate Judge's order is clearly erroneous or contrary to law. See U.S.C. §636(b)(1)(A). Any motion for review of a Magistrate Judge's decision must comply with Local

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4908-1478-1596.1

3

Rule 72-2.1." If Plaintiff wanted this Court to review Judge Audero's ruling, he was required to file a motion for review by December 29, 2025. Plaintiff made no such motion.

There is no question that Judge Audero's determination that the deposition was properly noticed for December 4, 2025 is final, and was made final in the order found at Dkt. 92 before Mr. Tarter's deposition commenced. Plaintiff has no grounds for contesting Chase's use of the deposition transcript of Mr. Tarter at trial, and his continued attempts to exclude the deposition testimony are telling.

## III. CHASE SHOULD BE PERMITTED TO USE MR. TARTER'S DEPOSITION AT TRIAL IF NECESSARY

Plaintiff did not cite or apply Rule 32 in his Motion in Limine which governs the use of depositions at trial. Rule 32 provides that a deposition may be used against a party under various conditions, one of which is that "the party was present or represented at the taking of the deposition or had reasonable notice of it. Fed. R. Civ. P. 32(a)(1)(A). Here, Plaintiff was present at Mr. Tarter's deposition and Judge Audero determined that he had reasonable notice. If Mr. Tarter is permitted to appear and testify at trial, Chase should be able to use his deposition to contradict or impeach his testimony under Fed. R. Civ. P. 32(a)(2) and Fed. R. Evid. 801(d)(1).

## IV. CONCLUSION

For the reasons set forth above, Chase respectfully requests that the Court deny Plaintiff's Motion in Limine No. 5.

DATED: March 27, 2026          DYKEMA GOSSETT LLP

By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4908-1478-1596.1

4

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP

By: _____
     ABIRAMI GNANADESIGAN
     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4908-1478-1596.1

5

DEFENDANT JPMORGAN CHASE BANK, N.A.'S  OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER** on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

**DYKEMA GOSSETT LLP**
**444 SOUTH FLOWER STREET**
**SUITE 2200**
**LOS ANGELES, CALIFORNIA 90071**

008241.002262 4908-1478-1596.1

6

DEFENDANT JPMORGAN CHASE BANK, N.A.'S  OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE DEPOSITION OF THOMAS TARTER