**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom  7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE**<br><br>**Date:          April 17, 2026**<br>**Time:          10:00 AM**<br>**Location:      Dept 7B**<br><br>Complaint Filed:   September 19, 2022 |

008241.002262  4905-6805-0076.1

1

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2

The parties' competing motions in limine – Plaintiff's Motion in Limine 2 and Chase's Motion in Limine 7 highlight a fundamental disagreement between the parties about what is an actionable "inaccuracy" under the FCRA and CCRAA and what evidence may be offered to prove an "inaccuracy." The Court's determination of this issue in advance of trial is crucial.

Some key underlying facts are not disputed. On September 6, 2017, Plaintiff made a payment on his Chase credit card account that did not cover the full balance on the account. *See* Dkt. No. 73, Fact No. 7 (Plaintiff conceding that "a balance of $238.52 transactionally remained" after payment). The unpaid balance accrued interest and late charges until April 2018, when the account was charged off. During this period, Chase furnished information to one or more consumer reporting agencies reflecting that the balance remained, that it was increasingly past due, and ultimately that it was charged off.

Although there was nothing incorrect about the information furnished by Chase, Plaintiff says it was "inaccurate" (and that Chase knew or should have known that it was inaccurate), because he allegedly had two very good reasons for not having paid the small balance that was being reported: first, because he contends Chase failed to make account statements available, depriving him of a means to confirm; and second, because he mistakenly believed the September 6, 2017 payment satisfied the account.

Plaintiff contends these alleged excuses for nonpayment transform factually accurate information furnished by Chase into an actionable inaccuracy under the FCRA and CCRAA. In other words, he contends that his alleged nonreceipt of statements and his belief that he had already paid somehow negate the existence of an obligation to pay, such that reporting the account as past due was inaccurate.

Historically, courts all over the U.S. have agreed that even if a consumer has a valid excuse to payment, it may not use the FCRA as a collateral attack on the obligation to pay. *Mehta v. Wells Fargo Bank, N.A.*, No. CV 17-02532-AB (SSX),

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

2018 WL 5880758, at *3 (C.D. Cal. Feb. 6, 2018) (citing *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (The alleged inaccuracy must be a factual inaccuracy; "the presentation of legal defenses to payment will not suffice."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("[C]ourts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir.2010) ("[F]urnishers are 'neither qualified nor obligated to resolve' matters that 'turn[ ] on questions that can only be resolved by a court of law.' ")).

But even setting that authority aside, Plaintiff has never identified any legal principle under which nonreceipt of a credit card statement renders an admittedly incurred balance no longer owed. Nor has he identified any doctrine under which his mistaken belief that the account was paid in full—or Chase's alleged misunderstanding of his payment intent—transforms accurate reporting of an unpaid balance into an actionable inaccuracy.[1]

---

[1] Emerging case law defines an "actionable inaccuracy" under the FCRA as one where the information in dispute is objectively and readily verifiable. *See e.g., Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025) ("Furnishers are not tribunals. They have neither the resources nor the expertise to conduct the level of investigation that takes place in judicial proceedings or to make the kinds of determinations about disputes that courts make. But furnishers can investigate disputes about 'objectively and readily verifiable' information…. A dispute that implicates unsettled questions of law and requires credibility determinations and quasi-discovery isn't either. Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation."); Sessa v. Trans Union, LLC, 74 F.4th 38, 42 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024); *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025) (adopting "objectively and readily verifiable" test to analyze whether Plaintiffs' claimed inaccuracies are actionable).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262 4905-6805-0076.1

3

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

The only basis Plaintiff has ever advanced in support of these arguments was presented in the parties' arbitration, where he asserted a breach of contract theory that the provision of account statements was a condition precedent to his contractual duty to pay, such that nonreceipt excused performance. Even assuming that success on such a theory would transform factually accurate reporting of a balance into an inaccuracy for purposes of the FCRA and CCRAA, Plaintiff lost on that argument in arbitration.[2] The arbitrator expressly found "***no showing of failure on the part of Chase to provide access to account statements***." Dkt. No. 68-1, p. 9 (emphasis added).

In his Motion in Limine No. 2, Plaintiff sidesteps the foundational question of why statement availability is relevant to his claims under the FCRA and CCRAA. He assumes that it is and seeks to exclude such evidence claiming that Chase has "zero evidence that statements were actually posted online…[3] [and] cannot now ask the jury to infer what it never proved." Dkt. No. 136, 3:4-6.

The Judgment confirming the arbitration award entered in California State Court on May 9, 2026, establishes otherwise. Dkt. No. 68-1, pp. 6-10. Plaintiff should not be permitted to relitigate the findings of that confirmed judgment for the reasons already explained in Chase's Motion for Reconsideration. *See* Dkt. No. 81. And, in the absence of any other theory to support the relevance of statement of availability, the issue

---

[2] Based on a contract clause in an account agreement between the parties, this Court found the ruling to have no preclusive effect here because the claims in this case are not contract claims as they were in arbitration. *See* Dkt. No. 80, p. 4. Because – other than the breach of contract theory litigated in arbitration – Plaintiff has advanced no theory for transforming factually accurate reporting into an inaccuracy, Chase moved in limine, Dkt. No. 7, to exclude all evidence of Plaintiff's excuses for failure to pay as irrelevant to the accuracy of Chase's reporting under the FCRA and CCRAA.

[3] Ironically, to make this argument, Plaintiff relies on testimony from the arbitration where the arbitrator – based on the evidence before him – reached the opposite conclusion. Dkt. No. 68-1, p. 9 ("Johnson presented no evidence that his Ink account statements were not available … Chase presented evidence that such statements were available …. So, there was no showing of failure on the part of Chase to provide access to statements … .").

008241.002262 4905-6805-0076.1

4

should not be discussed at trial in the first place. Indeed, it is the reason for why the Court should grant Chase's Motion in Limine No. 7 and deny Plaintiff's Motion in Limine No. 2 as moot.

But if the Court decides otherwise and allows Plaintiff to relitigate his contract defense to payment, or to pursue another as of yet unstated defense to payment, or to treat alleged nonreceipt of statements as a complete defense without a doctrinal foundation, all of which Chase contends would be error, there is still no basis for Plaintiff's request to preclude Chase from disproving Plaintiff's allegations as it had done in the arbitration case.

DATED:  March 27, 2026              DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4905-6805-0076.1

5

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MIL #2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains words, which complies with the word limit of L.R. 11-6.1.

DATED:  March 27, 2026          DYKEMA GOSSETT LLP


By: _____
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

008241.002262  4905-6805-0076.1

JPMORGAN CHASE BANK, N.A.' RESPONSE IN OPPOSITION TO PLAINTIFF'S MIL #2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE

**DYKEMA GOSSETT LLP**
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**PROOF OF SERVICE**
*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE** on the interested parties in this action as follows:

Joshua Johnson                              **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: iosh@ii88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at Los Angeles, California.

_____
Mitzi Mendoza

008241.002262 4905-6805-0076.1

7