TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

ABIRAMI GNANADESIGAN (SNB 263375)
AGnanadesigan@dykema.com
DYKEMA GOSSETT LLP
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>   PLAINTIFF,<br><br>   V.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>   DEFENDANT. | Case No. 2:22-cv-06718-AB-MAAx<br><br>**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**<br><br>Trial Date: May 18, 2026<br><br>Final Pre-Trial Conference: April 17, 2026<br><br>Judge: Hon. André Birotte Jr. |

Defendant JPMorgan Chase Bank, N.A. ("Chase") cannot submit this Proposed Final Pretrial Conference Report jointly with plaintiff Joshua Johnson, despite diligent efforts to do so and multiple attempts to seek input from Plaintiff on this filing.

1

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

TABLE OF CONTENTS

1.    THE PARTIES AND PLEADINGS ................................................................3

2.    JURISDICTION ..........................................................................................3

3.    TRIAL DURATION ....................................................................................3

4.    JURY TRIAL .............................................................................................3

5.    ADMITTED FACTS....................................................................................4

6.    STIPULATED FACTS ................................................................................5

7.    PARTIES' CLAIMS AND DEFENSES.......................................................5

8.    REMAINING TRIABLE ISSUES............................................................ 12

9.    DISCOVERY ........................................................................................... 12

10.   DISCLOSURES AND EXHIBIT LIST ..................................................... 12

11.   WITNESS LISTS ..................................................................................... 13

12.   MOTIONS IN LIMINE AND LAW AND MOTION MATTERS .......... 13

13.   BIFURCATION ....................................................................................... 14

14.   ADMISSIONS.......................................................................................... 15

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## 1.    THE PARTIES AND PLEADINGS

Plaintiff Joshua Johnson ("Plaintiff") has pleaded and plans to pursue two claims against defendant JPMorgan Chase Bank, N.A. ("Chase"): (1) that Chase violated section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), and (2) that Chase violated the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a). No claims have been dismissed or abandoned.

## 2.    JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C.1331, 15 U.S.C. § 1681s-2(b), and, 28 U.S.C. § 1367(a), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(2).

## 3.    TRIAL DURATION

The trial is estimated to take 3 days.

## 4.    JURY TRIAL

The trial is to be a jury trial.

Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions" no later than March 27, 2026. Chase will serve Chase's Proposed Verdict Form and "Chase's Statement re Disputed Instructions" by no later than March 27, 2026.

Upon information and belief, Plaintiff intends to amend the Statement re Disputed Instructions and Plaintiff's Proposed Verdict Form shortly after March 27, 2026. Upon Receipt of Plaintiff's Proposed Verdict Form, Chase will attempt to submit a Joint Statement of Disputes Re: Proposed Verdict Forms in coordination with Plaintiff or serve Chase's Statement of Dispute Re: Plaintiff's Proposed Verdict Form.

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

## 5.    <u>ADMITTED FACTS</u>

The following facts are asserted by Chase as admitted and requiring no proof based on the pleadings and discovery in this Action. Plaintiff did not participating in identifying these facts and it is unknown whether Plaintiff agrees that the following facts are admitted.

On January 5, 2017, Plaintiff opened a Chase Ink credit card account ("Ink card").

On February 17, 2017, Plaintiff created an online profile using the username jsjohns3 in connection with the Chase business card account and signed up for paperless billing.

Chase emailed Plaintiff's notices that his Ink card statement was available on February 27, 2017, March 27, 2017, April 25, 2017, May 25, 2017, June 26, 2017, July 25, 2017, and August 25, 2017. Plaintiff received these emails.

Plaintiff did not attempt to access the online profile using the username jsjohns3 between April 5, 2017 and June 11, 2018.

On September 6, 2017, Chase called Plaintiff to request payment on his Ink card because Plaintiff's account carried an unpaid balance. On September 6, 2017 the balance on the account was $347.97 and the next minimum payment due was $111.49, which included the past due amount, interest, and late fees. Plaintiff made a telephonic payment in the amount of $111.49.

The account was closed at Plaintiff's request on September 15, 2017. After closing the Ink card account, Chase continued to email Plaintiff monthly billing statement notices until the account was charged-off on April 30, 2018.

Plaintiff moved to California in March 2019.

On August 24, 2020, Plaintiff submitted an online dispute with Equifax regarding his Ink card.

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

As part of the online dispute process, Plaintiff provided a narrative description of his dispute in a text box provided.

Plaintiff filed a demand for arbitration regarding his Ink card with the American Arbitration Association ("AAA"), Case No. 01-20-0015-1734, on September 30, 2020.  25. While Plaintiffs original claim in the Arbitration was for "injunctive relief requiring Chase to correct his credit report," Plaintiff amended his claim "reciting a failure on the part of Chase to furnish agreed upon statements of account, failure of Chase to provide reasonable technical support regarding electronic statement delivery, failure of Chase to properly settle and close-out his account, and incorrect reporting by Chase that the Johnson account in question was delinquent." Despite raising the issue of incorrect credit reporting in his amended claim, Johnson stated that he was not pursuing a Fair Credit Reporting Act (FCRA) claim in the Arbitration. The Arbitration consisted of four days of evidentiary hearings, numerous conference calls to address motions, briefing, and evidentiary issues. On March 3, 2022, the arbitrator, Charles Holton, made his award.

Arbitrator Holton found that "a separate contract transaction occurred between the parties in Sept, 2017 involving the closing of the Ink account and payment thereon. There was a mutual mistake of fact between the parties with Johnson understanding that he was paying the entire balance and Chase understanding that he was paying only the minimum payment."

**6.     STIPULATED FACTS**

The Parties have not reached and stipulations of fact.

**7.     PARTIES' CLAIMS AND DEFENSES**

The information about Plaintiff's claims in this section, including elements and supporting facts, is drawn from Plaintiff's Memorandum of Contentions of Fact and Law, Dkt. No. 140, filed on March 22, 2026. Chase disputes the accuracy of the elements for the CCRAA claim identified below, as stated in Chase's Statement re

5

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

Disputed Instructions filed concurrently herewith, but includes Plaintiff's version of the elements for purposes of making this filing as complete as possible.

**Plaintiff's Claims:**

(a)    Plaintiff plans to pursue the following claims against Defendant:

**Claim 1:**   Violation of 15 U.S.C. § 1681s-2(b)

**Claim 2:**   Cal. Civ. Code § 1785.25(a)

(b)    The elements required to establish Plaintiff's claims are:

**Claim 1:**

1.  Chase is a "furnisher" of consumer credit information;
2.  Plaintiff notified a "consumer reporting agency" that he disputed the information that Chase furnished about him as "inaccurate";
3.  A consumer reporting agency notified Chase of the alleged "inaccurate" information that Plaintiff disputed;
4.  The disputed information was in fact "inaccurate";
5.  Chase "negligently" or "willfully" failed to conduct a "reasonable" investigation into the dispute.

**Claim 2:**

1.  Chase is a "furnisher" of consumer credit information;
2.  Chase furnished information about Plaintiff to a "consumer reporting agency"
3.  The information furnished by Chase was "inaccurate";
4.  Chase "knew or should have known" the information was inaccurate;
5.  Plaintiff was "subject to the protections of the CCRAA" at the time of the alleged violation(s) (disputed as an element by Plaintiff);
6.  Plaintiff suffered "actual damages" as a result of Chase's violation(s);
7.  The violation was "negligent" or "willful."

(c)    The Key Evidence Plaintiff Relies on for Each Claim

6

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

**Claims 1 and 2:**

1. admission that Chase is a furnisher of information;

2. admission that Johnson notified Equifax that he disputed the information that Chase furnished about him as inaccurate;

3. admission that Equifax notified Chase of the alleged inaccurate information that Johnson disputed;

4. evidence that Chase failed to provide online account access, to make statements available, to send notices that an alleged payment was due, and to provide technical support;

5. evidence that, in 2017, Chase received repeated notice from Johnson regarding the issues in (4);

6. evidence that Chase failed to comply with Johnson's payment instructions;

7. evidence that Chase charged unauthorized late fees and interest;

8. evidence that Chase reported, on numerous occasions between 2017 and 2022, to four credit reporting agencies, that Johnson's account had a balance inflated by approximately 100%, was delinquent in multiple months, and as a charge-off;

9. evidence that Chase failed to report to the credit reporting agencies that Johnson had a bona fide dispute regarding the account;

10. evidence that Chase received repeated notice from Johnson regarding the issues in (4) and the reporting in (8), in 2018, 2020, 2021, and 2022;

11. evidence that Chase recorded Johnson's notice in its internal systems;

12. evidence that Chase never investigated whether it had provided online account access, made statements available, why a past due balance had accrued, or failed to comply with Johnson's payment instructions;

13. evidence that Chase repeatedly refused to correct its inaccurate credit reporting in 2018, 2020, and 2021;

7

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

14. evidence that Chase destroyed relevant evidence after being on notice of the dispute;

15. evidence that Chase's policies and procedures are recklessly violative of the law;

16. evidence that Chase's credit reporting resulted in Johnson's credit scores dropping approximately 200 points causing non-economic damages and economic damages, including increased home and car insurance rates, lost opportunity to finance a purchase of a home at the best rate, lost opportunity to refinance his home at the best rate, deterrence from the credit markets, out-of-pocket expenses, and lost wages from the multiple years spent dealing with his credit problems prior to litigation; and

17. evidence that Chase knew that its credit reporting was misleading in such a way that it can be expected to adversely affect credit decisions.

**Defendant's Affirmative Defenses:**

(a)    Defendant plans to pursue the following affirmative defenses:

**Defense 1:**  Statute of Limitations Under the FCRA

**Defense 2:**  Statute of Limitations Under the CCRAA

**Defense 3:**  Mitigation of Damages

**Defense 4:**  Mutual Mistake

**Defense 5:**   Estoppel

**Defense 6:**   Waiver

**Defense 7:**   Laches

**Defense 8:**   Unclean Hands

**Non-affirmative defense** – safe harbor under Cal. Civ. Code § 1785.25(g)

(b)    The elements required to establish Defendant's affirmative defenses are:

**Defense 1:**

Plaintiff knew of the alleged FCRA violation before September 19, 2020.

8

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

**Defense 2:**

Plaintiff knew or should have known of an alleged CCRAA violation before September 19, 2020.

**Defense 3:**

1. Plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

**Defense 4:**

1. Both parties were mistaken about Plaintiff's intent and amount required to effectuate payment; and

2. Chase would not have agreed to enter into the payoff agreement if it had known about the mistake.

**Defense 5:**

1. The same party has taken two positions;

2. The positions were taken in judicial or quasi-judicial administrative proceedings;

3. The party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true);

4. The two positions are totally inconsistent; and

5. The first position was not taken as a result of ignorance, fraud, or mistake.

**Defense 6:**

1. That Plaintiff knew Chase has obligations under the FCRA and CCRAA; and

2. That Plaintiff freely and knowingly gave up his right to have Chase's liability under these laws decided.

**Defense 7:**

1. Delay in asserting a right or a claim;

2. The delay was not reasonable or excusable; and

9

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

3.  Prejudice to the party asserting the laches defense.

**Defense 8:**

Whether the particular misconduct is a bar to the alleged claim for relief depends on (1) the nature of the misconduct, and (2) the relationship of the misconduct to the claimed injuries.

**Non-affirmative defense**

Chase may overcome liability for a violation of Section 1785.25(a) if Chase proves by a preponderance of the evidence that at the time of the failure to comply with Section 1785.25(a), it maintained reasonable procedures to comply with this provision.

(c)    The Key Evidence Chase Relies on for Each defense

**Defense 1:**

Equifax notified Plaintiff on or about September 11, 2020 about the results of the dispute investigations by Chase and Equifax.

**Defense 2:**

Chase stopped monthly furnishing on Plaintiff's account in July 2018

Plaintiff was aware of the alleged inaccurate reporting by Chase as of at least August 24, 2020 when he disputed the reporting with Equifax

**Defense 3:**

Element 1 – Plaintiff failed to monitor his account despite available access to statements, failed to monitor email, phone, and letter communications from Chase regarding the status of his account, delayed paying off the account by over two years, thereby retaining an unpaid charge off notation on his credit instead of a paid charge off, delayed by over two years in disputing the reporting on the account, made inaccurate and confusing claims in the dispute he ultimately submitted (including that the account was subject to account takeover and fraudulent transactions, that there were no communications from Chase, that Chase did not make statements

10

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

available; and that he saw a $0 balance when he logged into his online account)

Element 2 – Had Plaintiff properly monitored his account, made timely payments, followed-up on Chase's communications, and cured the delinquency immediately upon discovery, he would not have incurred any of the damages he alleges.

**Defense 4:**

Both elements of this defense with respect to an alleged payoff by Plaintiff of the full account balance on September 6, 2017 were found to exist by the arbitrator in the prior arbitration action, wherein the arbitrator found that Plaintiff was mistaken in his belief that his payment was sufficient to cover the full balance on the account, and Chase was mistaken in believing that Plaintiff was attempting to make a minimum payment only.

**Defense 5:**

Elements 1-4 – Plaintiff is taking the position in this proceeding that the findings of the arbitrator were not binding on him, whereas the premise of the prior arbitration proceeding that he initiated was that the findings of the arbitrator would be binding on the parties

Element 5 – Plaintiff was aware that the outcome of the arbitration is binding.

**Defense 6:**

Elements 1-2 – In the arbitration proceeding Plaintiff knowingly withdrew a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

**Defense 7:**

Elements 1-3 – Plaintiff's four-year delay between discovering allegedly inaccurate reporting to his credit and filing this action prejudiced Chase because many records relevant to Chase's defense are no longer available

**Defense 8:**

Element 1 – the Equifax Dispute was not submitted in good faith because

11

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

Plaintiff (i) received the emails, (ii) acknowledged (in the Chase October 2020 calls and during the arbitration hearing) that Chase called him, (iii) he admitted he forgot the Ink Business online account and/or he was logging into the wrong account (the online account he used for his personal account) when seeking account information for the Ink Business card

Element 2 – The untruthful allegations in Plaintiff's dispute tainted the investigation of the dispute the reasonableness of which he now challenges

**Non-affirmative defense**

To the extent that factually accurate information furnished by Chase regarding Plaintiff's admitted failure to make a payment can be deemed inaccurate due to Plaintiff's nonreceipt of account statements, Chase's policies and procedure was to make payments available to all customers.

**8.    REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

The remaining triable issues according to Chase include whether Chase furnished any inaccurate information to any consumer reporting agency and if it did whether it knew or should have known the information was inaccurate, whether Chase received notice of a dispute alleging an actionable inaccuracy from a consumer reporting agency, whether Chase failed to conduct a reasonable investigation of the allegedly inaccurate information, whether Chase violated the CCRAA or FCRA negligently, willfully, or at all, whether any legal or affirmative defenses negate liability, and whether Plaintiff suffered any recoverable harm.

**9.    DISCOVERY**

All discovery is complete.

**10.    DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

12

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").  In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

**11.   WITNESS LISTS**

Witness lists of the parties have been filed with the Court on March 20, 2026.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

**12.   MOTIONS IN LIMINE AND LAW AND MOTION MATTERS**

Motions *in Limine* or law and motion matters were filed with the Court on March 20, 2026 and March 21, 2026.  The parties have met and conferred on the motions *in limine*.

The following motions *in limine*, and no others, are pending or contemplated:

Plaintiff's Motion in Limine No. 1 – To Exclude Testimony of Rob Wilkins

Plaintiff's Motion in Limine No. 2 – To Exclude Evidence and Argument Regarding Statement Availability and Payment Notice

Plaintiff's Motion in Limine No. 3 – To Exclude Executive Office Investigation Evidence

Plaintiff's Motion in Limine No. 4 – To Exclude 6-8-21 and 7-15-21 Arbitration Recordings

Plaintiff's Motion in Limine No. 5 – To Exclude Deposition of Thomas Tarter

Chase's Motion in Limine No. 1 – To Exclude Speculative Evidence of Damages

Chase's Motion in Limine No. 2 – To Exclude Medical Records and Unsupported Causation Opinions Attributed to Same

13

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

Chase's Motion in Limine No. 3 – To Exclude Opinions and Testimony of Thomas Tarter on the Same Grounds as Pending Daubert Motion

Chase's Motion in Limine No. 4 – To Exclude Reference to Past Settlement Discussions

Chase's Motion in Limine No. 5 – To Exclude 2018 Audio Recordings

Chase's Motion in Limine No. 6 – To Exclude (Other Than for Purposes of Impeachment) Arbitration Materials From Being Offered as Substantive Evidence at Trial

Chase's Motion in Limine No. 7 – To Exclude Argument and Evidence re: Contract Claims

Chase's Motion in Limine No. 8 – To Exclude Evidence of Alleged Dispute Not Submitted Through Consumer Reporting Agencies

Chase's Motion in Limine No. 9 – To Exclude Argument and Evidence Re: Failure to Notify of Dispute

Chase's Motion in Limine No. 10 – To Exclude Evidence of Direct and CFPB Disputes

Chase's Motion in Limine No. 11 – To Exclude Evidence Related to Time-Barred Claims

Chase's Motion in Limine No. 12 – to Exclude Evidence Re: Violations of California Law Prior to Move to California

The parties advise the Court that the following law and motion matters may arise during trial:

Chase anticipates moving for non-suit pursuant to Fed. R. Civ. Pro. 50.

## 13.  **BIFURCATION**

Chase notes that, to the extent that Plaintiff seeks punitive damages, the imposition of those damages would not be made by the jury. Punitive damages may only be awarded in an amount that the Court may allow. Thus, to the extent this may

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

be construed as a request for bifurcation of issues, then Chase seeks bifurcation since any determination of punitive damage issues should be decided by the Court, not the jury. Similarly, Chase believes that its affirmative defenses of estoppel and unclean hands may be equitable defenses that are to be determined by the Court. Although Chase does not believe this requires a bifurcation of the trial, should the Court rule otherwise, then Chase requests bifurcation of these defenses. Chase will seek clarification of these issues with the Court at the Pretrial Conference.

## 14. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content:

DATED: March 27, 2026          **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*

Alisa A. Givental

Attorneys for Defendant

JPMORGAN CHASE BANK, N.A.

15

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

## PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**

on the interested parties in this action as follows:

Joshua Johnson                                    **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at San Francisco, California.

_____
Alisa Givental

**PROPOSED FINAL PRETRIAL CONFERENCE ORDER BY DEFENDANT JPMORGAN CHASE BANK, N.A.**