**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed: September 19, 2022 |

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submits instructions proposed by Chase that are disputed by plaintiff Joshua Johnson ("Plaintiff") and Chase's support for the disputed instructions to the extent Chase

DISPUTED PROPOSED JURY INSTRUCTIONS
2:22-CV-06718-AB-MAA

understands the nature of Plaintiff's dispute. Plaintiff's support for his objections to some or portions of these instructions is anticipated to be filed in an a subsequent pleading.

| # | Title | Source | Page |
|---|-------|--------|------|
| | ***Closing Instructions*** | | |
| 19 | Corporations and Partnerships-Fair Treatment | Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1  (modified) | 1 |
| 20 | Liability of Banks – Scope of Authority Not in Issue | Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.2-4.3 (modified) | 2 |
| 29 | Claim for Violation of Fair Credit Reporting Act, Section 1681s-2(b) of Chapter 15 of the United States Code | 15. U.S.C. §§ 1681i(a)(2), 1681s-2(b), 1681o; *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010); *Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) | 3 |
| 30 | Claim for Violation of California Consumer Credit Reporting Agencies Act, Section 1785.25(a) of the California Civil Code | Cal. Civ. Code §§ 1785.25(a), 1785.31(a); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1335 (9th Cir. 1995); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995); *Crawford v. Uber Techs., Inc.*, No. 17-CV-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018) (citing *North Alaskan Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916)); Cal. Civ. Code §§ 1785.1(e), 1785.6; *see also: Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at *2 (C.D. Cal. Aug. 28, 2018) | 5 |

| 33 | Meaning of "Inaccuracy" | *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir.1998); *Mehta v. Wells Fargo Bank, N.A.*, No. CV 17-02532-AB (SSX), 2018 WL 5880758, at *3 (C.D. Cal. Feb. 6, 2018) (citing *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir.2010)), *but see: Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025) (citing *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024); *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Rozov v. Bank of Am., N.A.*, 2025 WL 1620921, at *3 (11th Cir. June 9, 2025); *Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025) (citing *Hebrank v. Early Warning Servs., LLC*, No. CV-24-03711-PHX-MTL, 2025 WL 1148801, at *3-4 (D. Ariz. Apr. 18, 2025); *Stone v. Equifax Info. Servs., LLC*, No. 2:24-cv-00195-GMN-EJY, 2025 WL 359327, at *3 (D. Nev. Jan. 30, 2025)). | 8 |
| 35 | Meaning of "Knew or Should Have Known" | 15 U.S.C. § 1681s-2(a)(1)(A), § 1681s-2(a)(1)(D); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) | 11 |
| 36 | Conduct Not Actionable Under FCRA or CCRAA | 15 U.S.C. § 1681s-2(c-d); *Gorman*, F.3d at1154 (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–1060 (9th Cir.2002)); *Carvalho v. Equifax Info. Servs., LLC*, | 13 |

| | | | | |
|---|---|---|---|---|
| | | | 629 F.3d 876, 889 (9th Cir. 2010); *Asad v. Experian Info. Sols., Inc.*, 2024 U.S. Dist. LEXIS 51724 (C.D. Cal. Mar. 21, 2024); *Miller v. Westlake Servs. LLC,* 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022). | |
| | 37 | Response to Indirect Dispute Not Actionable Under CCRAA | 15 U.S.C. § 1681t(b)(1)(F)(ii); *Wang v. Asset Acceptance, LLC,* 681 F. Supp. 2d 1143 (N.D. Cal. 2010); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 882 (9th Cir. 2010) | 15 |
| | 38 | "Subject to the Protections of the CCRAA" | *Crawford v. Uber Techs., Inc.*, No. 17-CV-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018) (citing *North Alaskan Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916)); Cal. Civ. Code § 1785.1(e) *id*. at § 1785.6; *see also: Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at *2 (C.D. Cal. Aug. 28, 2018) | 17 |
| | 40 | Willful Violation | *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215 (2007); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) (citing *Safeco Ins. Co. of Am.*, 551 U.S. at 68-69, 70 & n. 20); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335; *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) | 19 |
| | 41 | Recovery for FCRA Violation | 15. U.S.C. § 1681n(a)(1)(A), § 1681o(a)(1) | 21 |
| | 42 | Recovery for CCRAA Violation | Cal. Civ. Code § 1785.31(a)(1-2) | 23 |
| | 43 | Safe Harbor Under the CCRAA (Defense) | *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *14 (N.D. Cal. Dec. 20, 2017) (quoting Cal. Civ. Code § 1785.25(g)). | 25 |
| | 44 | Actual Damages | Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 5.1-5.2 | 27 |

| 45 | Speculative Damages Are Not Recoverable | *King v. Bank of Am., N.A.,* 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012); *Robbins v. CitiMortgage, Inc.,* Case No. 16-CV-04732-LHK, 2017 WL 6513662, *17 (N.D. Cal. Dec. 20, 2017) (quoting *Navellier v. Sletten,* 262 F.3d 923, 939 (9th Cir. 2001), *Holland Livestock Ranch v. United States,* 655 F.2d 1002, 1006 (9th Cir. 1981)); *Noori v. Bank of Am.,* No. CV1501467ABAFMX, 2016 WL 3124628, at *5 (C.D. Cal. May 26, 2016), *aff'd in part, rev'd in part and remanded sub nom. Noori v. Bank of Am., N.A.,* 710 F. App'x 757 (9th Cir. 2018); *Grigoryan v. Experian Info. Sols., Inc.,* 84 F. Supp. 3d 1044, 1079, 1081-83  (C.D. Cal. 2014); *Mone v. Dranow,* 945 F.2d 306, 308 (9th Cir. 1991); *Dorian v. Cmty. Loan Servicing, LLC,* No. 22-CV-04372-DMR, 2023 WL 395790, at *6 (N.D. Cal. Jan. 25, 2023); *Boydstun v. U.S. Bank,* 726 F. App'x 601, 602 (9th Cir. 2018) (citing *Johnson v. Wells Fargo Home Mortg., Inc.,* 558 F.Supp.2d 1114, 1122, 1125 (D. Nev. 2008); *Lott v. BSI Fin. Serv., Inc.,* No. 5:23-CV-00269-SSS-SHKX, 2025 WL 211971, at *7 (C.D. Cal. Jan. 6, 2025) (citing *Boydstun,* 726 F. App'x at 601; *Johnson,* 558 F. Supp. 2d at 1122); *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 823 (9th Cir. 1996) | 28 |
| 46 | Statute of Limitations Under the FCRA (Defense) | 15 U.S.C. § 1681p(1) | 31 |
| 47 | Statute of Limitations Under the CCRAA (Defense) | Cal. Civ. Code § 1785.33 | 33 |
| 49 | Mutual Mistake (Defense) | Judicial Counsel of California Civil Jury Instructions (2026 Edition), CACI No. 331, Affirmative Defense—Bilateral Mistake (modified) (citing Cal. Civ. Code § 1577); *Crocker-Anglo 146 Nat'l Bank v. Kuchman,* 224 Cal.App.2d 490, 496 (1964) | 35 |

## No. 19 – Corporations and Partnerships-Fair Treatment

All parties are equal before the law and a bank is entitled to the same fair and conscientious consideration by you as any party.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1 (modified)

### Support for Chase's Position

Plaintiff disputes the modification to this instruction whereby Chase substituted "bank" for "corporation." Chase believes the substitution is appropriate because Chase is a bank and not a corporation.

### Support for Plaintiff's Position

DISPUTED PROPOSED JURY INSTRUCTIONS                        - 1 -
2:22-CV-06718-AB-MAA

### **No. 20 – Liability of Banks – Scope of Authority Not in Issue**

Under the law, a bank is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a national banking association is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

### **Source**

Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 4.2-4.3 (modified)

### **Support for Chase's Position**

Plaintiff disputes the modification to this instruction whereby Chase substituted "bank" for "corporation." Chase believes the substitution is appropriate because Chase is a bank and not a corporation.

### **Support for Plaintiff's Position**

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 2 -
2:22-CV-06718-AB-MAA

**No. 29 – Claim for Violation of Fair Credit Reporting Act, Section 1681s-2(b) of Chapter 15 of the United States Code**

Plaintiff contends that Chase violated the Fair Credit Reporting Act (also referred to as "FCRA" [pronounced Fih-kra]), and specifically section 1681s-2(b) of Chapter 15 of the United States Code. To prove a violation of Section 1681s-2(b), Plaintiff bears the burden of proving, by a "preponderance of the evidence," each of the following:

1. Chase is a "furnisher" of consumer credit information;

2. Plaintiff notified a "consumer reporting agency" that he disputed the information that Chase furnished about him as "inaccurate";

3. A consumer reporting agency notified Chase of the alleged "inaccurate" information that Plaintiff disputed;

4. The disputed information was in fact "inaccurate";

5. Chase "negligently" or "willfully" failed to conduct a "reasonable" investigation into the dispute.

**Source**

15. U.S.C. §§ 1681i(a)(2), 1681s-2(b), 1681o; *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1251 (9th Cir. 2022) ("if there is no inaccuracy, then the reasonableness of the investigation is not in play") (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010); *Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025) ("The Second Circuit recently … held that 'reported information is actionably "inaccurate" only if that information is objectively and readily verifiable' as mistake- or error-free."); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) ("in determining whether a claimed inaccuracy is potentially actionable under [§ 1681s-2], a court must determine, *inter alia*, whether the information in dispute is 'objectively and readily

DISPUTED PROPOSED JURY INSTRUCTIONS                              - 3 -
2:22-CV-06718-AB-MAA

verifiable'"); *Gross,* 33 F.4th at 1251 ("if there is an inaccuracy, to succeed, the plaintiff must establish that the investigation was unreasonable"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (the "investigation" must be at least "reasonable" and "non-cursory").

## **Support for Chase's Position**

This instruction is not disputed as to the existing content, but Plaintiff indicates he may wish to insert an additional element from 15 U.S.C. § 1681s-2(b) and for this reason is not as of yet in a position to approve the instruction as drafted.

## **Support for Plaintiff's Position**

**No. 30 – Claim for Violation of California Consumer Credit Reporting Agencies Act, Section 1785.25(a) of the California Civil Code**

Plaintiff contends that Chase violated the California Consumer Credit Reporting Agencies Act (also referred to as "CCRAA"), and specifically section 1785.25(a) of the California Civil Code. To prove a violation of Section 1785.25(a), Plaintiff bears the burden of proving, by a "preponderance of the evidence," each of the following:

1. Chase is a "furnisher" of consumer credit information;
2. Chase furnished information about Plaintiff to a "consumer reporting agency"
3. The information furnished by Chase was "inaccurate";
4. Chase "knew or should have known" the information was inaccurate;
5. Plaintiff was "subject to the protections of the CCRAA" at the time of the alleged violation(s);
6. Plaintiff suffered "actual damages" as a result of Chase's violation(s);
7. The violation was "negligent" or "willful."

**Source**

Cal. Civ. Code §§ 1785.25(a), 1785.31(a); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1335 (9th Cir. 1995) ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow reasonable procedures to assure accuracy when preparing consumer

credit reports); *Crawford v. Uber Techs., Inc.*, No. 17-CV-02664-RS, 2018 WL 1116725, at \*4 (N.D. Cal. Mar. 1, 2018) ("California has a strong presumption against extraterritorial application of its laws." (citing *North Alaskan Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916)); Cal. Civ. Code §§ 1785.1(e), 1785.6; *see also: Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at \*2 (C.D. Cal. Aug. 28, 2018) (recognizing that in the context of a copyright infringement claim, extraterritoriality is decided as an element of a claim rather than an issue of subject matter jurisdiction).

**Support for Chase's Position**

Instruction No. 30 describes the elements of Plaintiff's second claim against Chase, for violation of California Civil Code section 1785.25(a), under the CCRAA. Plaintiff objects to the inclusion of element 5, which requires Plaintiff to prove he was "subject to the protections of the CCRAA." This term is explained in Disputed Instruction No. 38 – "Plaintiff can only invoke the protections of the CCRAA, which is a California law, while residing in California." *See* Ins. No. 38, *infra*.

Plaintiff alleges in the Complaint that he "has resided in Los Angeles County, California since March 2019," Dkt. No. 1, ¶ 1, but seeks recovery under the CCRAA for allegedly inaccurate information furnished by Chase from 2017 to 2022, thereby encompassing a period while Plaintiff was not a resident of California. *See* Dkt. No. 140, § III, ¶ 8.

As further explained in Chase's Motion in Limine No. 12, Dkt. No. 124, "California has a strong presumption against extraterritorial application of its laws." *Crawford v. Uber Techs., Inc.,* No. 17-CV-02664-RS, 2018 WL 1116725, at \*4 (N.D. Cal. Mar. 1, 2018) (citing *North Alaskan Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)). Where a California law "contains no language that indicates its protections should be extended to individuals in other states . . . basic principles of

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 6 -
2:22-CV-06718-AB-MAA

federalism prevent the extension of the California protections to people who do not live in California and have not suffered harm in the state." *Crawford,* 2018 WL 1116725, at *15 (citation omitted.) The CCRAA includes no indication that its protections were intended to extend to individuals in other states, and to the contrary expressly states it was enacted to "regulate consumer credit reporting agencies pursuant to this title in a manner which will ***best protect the interests of the people of the State of California***." Cal. Civ. Code § 1785.1(e) (emphasis added). This, Plaintiff cannot recover for an alleged violation of the CCRAA while not a resident of California.

Plaintiff has not agreed to stipulate that he cannot recover for an alleged CCRAA violation and indicates he may have become a resident of California earlier than alleged in his Complaint. Unless the Court's ruling on Chase's Motion in Limine No. 12 precludes Plaintiff from presenting evidence on pre-March 2019 violations, the jury will need to decide the question of the date as of which Plaintiff was subject to the protection of California law. *See e.g. Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at *2 (C.D. Cal. Aug. 28, 2018) (recognizing that in the context of a copyright infringement claim, extraterritoriality is decided as an element of a claim rather than an issue of subject matter jurisdiction).

### Support for Plaintiff's Position

DISPUTED PROPOSED JURY INSTRUCTIONS                        - 7 -
2:22-CV-06718-AB-MAA

### No. 33 – Meaning of "Inaccuracy"

An item on a credit report can be inaccurate because it is patently incorrect, or because it is misleading in such a way that it can be expected to adversely affect credit decisions. The alleged inaccuracy must be a factual inaccuracy, and not a legal defense to payment that turns on disputed issues of fact. To be actionable under the FCRA and CCRAA, the alleged inaccuracy must involve information that is objectively and readily verifiable as mistake- or error-free.

### Source

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"), citing e.g. *Sepulvado v. CSC Credit Servs., Inc.,* 158 F.3d 890, 895 (5th Cir.1998); *Mehta v. Wells Fargo Bank, N.A*., No. CV 17-02532-AB (SSX), 2018 WL 5880758, at *3 (C.D. Cal. Feb. 6, 2018) (citing *Biggs v. Experian Info. Sols., Inc*., 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (The alleged inaccuracy must be a factual inaccuracy; "the presentation of legal defenses to payment will not suffice."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) ("[C]ourts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."); *Chiang v. Verizon New Eng. Inc.,* 595 F.3d 26, 38 (1st Cir.2010) ("[F]urnishers are 'neither qualified nor obligated to resolve' matters that 'turn[ ] on questions that can only be resolved by a court of law.' ")), *but see: Gross v. CitiMortgage, Inc*., 33 F.4th 1246, 1253 (9th Cir. 2022) (recognizing that the "FCRA does not categorically exempt legal issues from the investigations that furnishers must conduct."); *Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025) ("The Second Circuit recently … held that 'reported information is actionably "inaccurate" only if that

DISPUTED PROPOSED JURY INSTRUCTIONS                                      - 8 -
2:22-CV-06718-AB-MAA

information is objectively and readily verifiable' as mistake- or error-free. …That makes sense. Furnishers are not tribunals. They have neither the resources nor the expertise to conduct the level of investigation that takes place in judicial proceedings or to make the kinds of determinations about disputes that courts make. But furnishers can investigate disputes about 'objectively and readily verifiable' information."), citing *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023) (citing *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)); *Roberts,* 131 F.4th at 251 ("Inaccuracy or incompleteness under the FCRA is not synonymous with legally recoverable or legally valid. For instance, a dispute that involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform is not objectively and readily verifiable. A dispute that implicates unsettled questions of law and requires credibility determinations and quasi-discovery isn't either. Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation."); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024) ("in determining whether a claimed inaccuracy is potentially actionable under [§ 1681s-2], a court must determine, *inter alia*, whether the information in dispute is 'objectively and readily verifiable' "); *Reyes v. Equifax Info. Servs., L.L.C.,* 140 F.4th 279, 288 (5th Cir. 2025) ("the alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA"); *Rozov v. Bank of Am., N.A.*, 2025 WL 1620921, at *3 (11th Cir. June 9, 2025); *Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025) ("in light of the weight of authority from other Circuits, the Court will instead apply the "objectively and readily verifiable" test to analyze whether Plaintiffs' claimed inaccuracies are actionable.") (citing *Hebrank v. Early Warning Servs., LLC*, No. CV-24-03711-PHX-MTL, 2025 WL

---

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 9 -
2:22-CV-06718-AB-MAA

1148801, at *3-4 (D. Ariz. Apr. 18, 2025) *Stone v. Equifax Info. Servs., LLC*, No. 2:24-cv-00195-GMN-EJY, 2025 WL 359327, at *3 (D. Nev. Jan. 30, 2025)).

## Support for Chase's Position

Plaintiff has not communicated his specific objections to the highlighted portion of the jury instruction. To the extent that he disputes it on the basis that the "objectively and readily verifiable" standard has not been adopted in the Ninth Circuit, he is correct, but district Courts in the Ninth Circuit have begun to embrace it based on its acceptance in other circuits. *See e.g. Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025) ("in light of the weight of authority from other Circuits, the Court will instead apply the 'objectively and readily verifiable' test to analyze whether Plaintiffs' claimed inaccuracies are actionable") (citing *Hebrank v. Early Warning Servs., LLC*, No. CV-24-03711-PHX-MTL, 2025 WL 1148801, at *3-4 (D. Ariz. Apr. 18, 2025) *Stone v. Equifax Info. Servs., LLC*, No. 2:24-cv-00195-GMN-EJY, 2025 WL 359327, at *3 (D. Nev. Jan. 30, 2025)). The Second, Fourth, Fifth, and Eleventh Circuits have confirmed this as the appropriate standard for determining whether a claim is actionable under the FCRA. *Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024); *Reyes v. Equifax Info. Servs., L.L.C.,* 140 F.4th 279, 288 (5th Cir. 2025); *Rozov v. Bank of Am., N.A.*, 2025 WL 1620921, at *3 (11th Cir. June 9, 2025).

## Support for Plaintiff's Position

DISPUTED PROPOSED JURY INSTRUCTIONS                                   - 10 -
2:22-CV-06718-AB-MAA

## No. 35 – Meaning of "Knew or Should Have Known"

The phrase "knew or should have known" in reference to an "inaccuracy" means either having actual knowledge that the information is objectively not accurate or having specific knowledge, other than solely allegations by Plaintiff, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

### Source

15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."); § 1681s-2(a)(1)(D) ("For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc*., 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow reasonable procedures to assure accuracy when preparing consumer credit reports).

### Support for Chase's Position

Instruction No. 35 explains the meaning of "knew or should have known," which is an undisputed element of CCRAA claim (Element 4 in Instruction No. 30). Plaintiff challenges the definition as arising out of the FCRA, not CCRAA

---

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 11 -
2:22-CV-06718-AB-MAA

specifically, and thus – Plaintiff contends – is "at most, persuasive authority." Plaintiff has not provided any other basis for the challenge.

Chase contends that the instruction is necessary because Plaintiff is expected to argue that Chase knew or should have known the information it furnished was inaccurate because Plaintiff communicated to Chase his claim of inaccuracy on multiple occasions. Absent guidance that this is insufficient, the jury could conclude that it is.

In the context of the FCRA, Congress expressly clarified that "solely allegations by the consumer" are insufficient to charge a furnisher with knowing or reasonable cause to know of an inaccuracy. California courts have repeatedly recognized that the CCRAA is substantially based on the FCRA and mirrors its provisions. It is therefore appropriate to impute the FCRA clarification that – subjective opinions of the consumer are insufficient to establish inaccuracy – into the CCRAA and instruct the jury accordingly. See *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow reasonable procedures to assure accuracy when preparing consumer credit reports).

**Support for Plaintiff's Position**

DISPUTED PROPOSED JURY INSTRUCTIONS                                          - 12 -
2:22-CV-06718-AB-MAA

### No. 36 – Conduct Not Actionable Under FCRA or CCRAA

Plaintiff may not seek damages under the FCRA or CCRAA arising from Chase's investigation of a dispute made directly to Chase (a "direct dispute"), nor may Plaintiff seek damages under the FCRA as a result of Chase's investigation of a dispute submitted by Plaintiff to a third-party governmental agency such as the CFPB ("third-party dispute").

Plaintiff can only seek damages based on a claim that Chase failed to reasonably investigate the dispute that Chase received from Equifax (his "indirect dispute.").

### Source:

15 U.S.C. § 1681s-2(c-d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 ("These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).") (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–1060 (9th Cir.2002)); *Gorman*, 584 F.3d at 1154 ("§ 1681 s–2 limits this private right of action to claims arising under subsection (b)"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (recognizing that section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA preemption); *Asad v. Experian Info. Sols., Inc.*, 2024 U.S. Dist. LEXIS 51724 (C.D. Cal. Mar. 21 , 2024); *Miller v. Westlake Servs. LLC,* 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022).

### Support for Chase's Position

As explained in Chase's Motion in Limine No. 9, to exclude evidence of direct disputes and CFPB disputes, Plaintiff is expected to argue that Chase's handling of such disputes is relevant to Chase's liability under the FCRA and CCRAA, even though neither statute provides for recovery based on an alleged failure to investigate direct or third party (CFPB) disputes. Chase seeks to exclude

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 13 -
2:22-CV-06718-AB-MAA

such evidence as irrelevant, confusing to the jury, and prejudicial, but in the event that any evidence in this category is heard by the jury, Chase seeks to offset the anticipated confusion and prejudice by expressly instructing the jury that recovery is prohibited.

Plaintiff has not explained the basis for challenging this instruction.

**Support for Plaintiff's Position**

## No. 37 – Response to Indirect Dispute Not Actionable Under CCRAA

The information that Chase submits to a consumer reporting agency in response to an "indirect dispute" Chase receives from the consumer reporting agency is not information furnished on a specific transaction or experience and is not actionable under section 1785.25(a) of the Civil Code.

### Source

15 U.S.C. § 1681t(b)(1)(F)(ii); *Wang v. Asset Acceptance, LLC,* 681 F. Supp. 2d 1143 (N.D. Cal. 2010); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 882 (9th Cir. 2010).

### Support for Chase's Position

Plaintiff has indicated his intention to seek recovery under the CCRAA on the basis of information Chase provided to Equifax , as required under the FCRA, in response to the dispute Chase received from Equifax. By so doing, Plaintiff is improperly seeking recovery under a preempted provision of the California Civil Code, namely, section 1785.25(f), which requires furnishers who receive notice of a dispute from a consumer reporting agency to "complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation." The FCRA broadly preempts all state law claims that govern furnisher conduct, except claims under Civil Code section 1785.25(a). 15 U.S.C. § 1681t(b)(1)(F)(ii) ("No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . with respect to section 1785.25(a) of the California Civil Code. . .). And, as recognized by California district courts, Plaintiff cannot avoid FCRA preemption by relabeling his claim as if were a violation of section 1785.25(a). *Wang,* 681 F. Supp. 2d at 1143.

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 15 -
2:22-CV-06718-AB-MAA

**<u>Support for Plaintiff's Position</u>**

## No. 38 – "Subject to the Protections of the CCRAA"

Plaintiff can only invoke the protections of the CCRAA, which is a California law, while residing in California. A visit to California is not sufficient to trigger protections of this law.

### Source

*Crawford v. Uber Techs., Inc.*, No. 17-CV-02664-RS, 2018 WL 1116725, at *4 (N.D. Cal. Mar. 1, 2018) ("California has a strong presumption against extraterritorial application of its laws." (citing *North Alaskan Salmon Co. v. Pillsbury,* 174 Cal. 1, 4 (1916)); Cal. Civ. Code § 1785.1(e) (The CCRAA was expressly enacted to "regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California."); *see also: Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 18-3119 DSF (RAOX), 2018 WL 6443083, at *2 (C.D. Cal. Aug. 28, 2018) (recognizing that in the context of a copyright infringement claim, extraterritoriality is decided as an element of a claim rather than an issue of subject matter jurisdiction).

### Support for Chase's Position

This instruction defines a term in the disputed portion of Instruction No. 30, specifically element 5 thereof. Instruction No. 30 describes the elements of Plaintiff's second claim against Chase, for violation of California Civil Code section 1785.25(a), under the CCRAA. Plaintiff objects to the inclusion of element 5 to that instruction, which requires Plaintiff to prove he was "subject to the protections of the CCRAA," which as explained in this Instruction No. 38, means that Plaintiff must be a California resident at the time of an alleged violation of the CCRAA for which he seeks recovery. Upon information and belief, Plaintiff's only challenge to this Instruction, is that it is unnecessary because element 5 of

DISPUTED PROPOSED JURY INSTRUCTIONS                                              - 17 -
2:22-CV-06718-AB-MAA

Instruction 30 should be removed. Accordingly, the need for this instruction rises and falls with the Court's decision on element 5 of Instruction 30.

**<u>Support for Plaintiff's Position</u>**

## No. 40 –Willful Violation

To prove a willful violation of Section 1681s-2(b) of the FCRA or Section 1785.25(a) of the CCRAA, Plaintiff must prove by a preponderance of the evidence that Chase acted in knowing or in "reckless disregard" of its obligations under the law.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Chase ran a risk of violating the law substantially greater than the risk necessary to make the conduct negligent.

## Source

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215 (2007) ("[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) ("Recklessness is an objective standard. …A defendant acts in reckless disregard when its action both is "a violation under a reasonable reading of the statute's terms" and "shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."), citing *Safeco Ins. Co. of Am.*, 551 U.S. at 68-69; Shaw, 891 F.3d at 760 ("there was no statute, CFPB guidance, or case law that 'might have warned [Experian] away from the view it took' or informed Experian that its approach to reporting short sales was objectively unreasonable. …To the contrary, the CFPB informed Experian that it had investigated the short sale-foreclosure problem and discovered that the underlying problem was not due to inaccurate reporting by furnishers or CRAs. This agency guidance suggests Experian's conduct, even if it were a violation of the FCRA, was not objectively unreasonable and therefore not reckless.") (citing *Safeco Ins. Co. of Am.*, 551 U.S. at 70 & n. 20); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir.

DISPUTED PROPOSED JURY INSTRUCTIONS                                        - 19 -
2:22-CV-06718-AB-MAA

2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow reasonable procedures to assure accuracy when preparing consumer credit reports).

<strong><u>Support for Chase's Position</u></strong>

Plaintiff indicated he disputes this instruction because he believes the willfulness standard under California law may be different from under federal law. To date he has not provided support for this assertion. Accordingly, Chase cannot respond, but nor can the parties add this instruction to their joint list at this time.

<strong><u>Support for Plaintiff's Position</u></strong>

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 20 -
2:22-CV-06718-AB-MAA

### <u>No. 41 – Recovery for FCRA Violation</u>

If you find that Plaintiff has proven by a preponderance of the evidence that Chase negligently failed to conduct a reasonable investigation of a dispute it received about Plaintiff from a consumer reporting agency, Chase is liable to Plaintiff in the amount of any actual damages that Plaintiff sustained as a result of the failure.

If you find Plaintiff has proven by a preponderance of the evidence that Chase willfully failed to conduct a reasonable investigation of a dispute it received about Plaintiff from a consumer reporting agency, Chase is liable to Plaintiff in the amount of any actual damages that Plaintiff sustained as a result of the failure or damages of not less than $100 and not more than $1,000.

### <u>Source</u>

15. U.S.C. § 1681n(a)(1)(A), § 1681o(a)(1)

### <u>Support for Chase's Position</u>

Plaintiff contends that instruction should reference recovery of punitives for a willful violation, whereas Chase contends it should not because under the plain reading of the statute, punitive damages are decided by the Court.

Pursuant to 15 U.S.C. § 1681n(a) "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000; … (2) such amount of punitive damages *as the court may allow*; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees *as determined by the court*.") (emphasis added); *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024) ("Under the presumption of consistent usage, 'a word or phrase is presumed to bear the same meaning

---

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 21 -
2:22-CV-06718-AB-MAA

throughout a text.'") (quoting *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (quoting Antonin Scalia & Brian A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005)); *see also:* 15 U.S.C. § 1681o(a) ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees *as determined by the court*.") (emphasis added).

While Chase has found no binding authority addressing the issue, examples of the Court not the jury deciding punitive damages under the Fair Credit Reporting Act exist. *See e.g. Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 606 (7th Cir. 2018) (reversing punitive damages awarded by the Court); *Humphrey v. Navient Sols., Inc.*, No. 16-CV-370-JDP, 2020 WL 91007, at *2 (W.D. Wis. Jan. 8, 2020) ("Although both sides assumed that willfulness is a question of fact for the jury, in *Van Straaten v. Shell Oil Product Co. LLC*, the court stated that *Safeco* 'treated willfulness as a question of law.' And questions of law are reserved for the court.") (citing *Van Straaten v. Shell Oil Product Co. LLC*, 678 F.3d 486, 491 (7th Cir. 2012) and *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 571 (7th Cir. 1995)).

**Support for Plaintiff's Position**

## No. 42 -- Recovery for CCRAA Violation

If you find that Plaintiff has proven by a preponderance of the evidence that Chase negligently furnished information about Plaintiff to consumer reporting agencies that it knew or should have known was inaccurate, Chase is liable to Plaintiff in the amount of any actual damages that Plaintiff sustained as a result.

If you find Plaintiff has proven by a preponderance of the evidence that Chase willfully furnished information to consumer reporting agencies that it knew or should have known was inaccurate, Chase is liable to Plaintiff in the amount of any actual damages that Plaintiff sustained as a result.

## Source

Cal. Civ. Code § 1785.31(a)(1-2)

## Support for Chase's Position

Plaintiff contends that instruction should reference recovery of punitives for a willful violation, whereas Chase contends it should not because under the plain reading of the statute, punitive damages are decided by the Court.

Pursuant to California Civil Code section 1785.31(2), allowable recovery is: "[i]n the case of a willful violation: (A) Actual damages … (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation *as the court deems proper*; (C) Any other relief that *the court deems proper."* (Emphasis added).

There should be no dispute that "any other relief that the court deems proper" indicates that the "other relief" is to be decided by the Court. *See Shaw v. Superior Ct.*, 2 Cal. 5th 983, 999, 393 P.3d 98, 108 (2017) (interpreting Health and Safety Code § 1278.5(g) language allowing "any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law" to reflect legislative intent that an action under section 1278.5(g) be decided by the Court); *see also: Montgomery v. Metro. Life Ins. Co.,* 403 F. Supp. 2d 1261,

DISPUTED PROPOSED JURY INSTRUCTIONS                          - 23 -
2:22-CV-06718-AB-MAA

1263 (N.D. Ga. 2005) (interpreting "the court may in its discretion order such other relief as it deems proper" to plainly reflect statutory intent "that the court is given discretion in determining whether a particular remedy such as statutory penalties or 'other relief as it deems proper' is an appropriate remedy given the facts of a particular case.")

"Under the presumption of consistent usage, 'a word or phrase is presumed to bear the same meaning throughout a text.'" *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024) ("Under the presumption of consistent usage, 'a word or phrase is presumed to bear the same meaning throughout a text.'") (quoting *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (quoting Antonin Scalia & Brian A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005)).

If "other relief" under Cal. Civ. Code § 1785.31(a)(2)(C) is to be decided by the Court "as the court deems proper," then the same phrase "as the court deems proper" must mean the same thing one sentence earlier, as applied to imposition of punitive damages. Cal. Civ. Code § 1785.31(a)(2)(B).

### **<u>Support for Plaintiff's Position</u>**

**No. 43 – Safe Harbor Under the CCRAA (Defense)**

Chase may overcome liability for a violation of Section 1785.25(a) if Chase proves by a preponderance of the evidence that at the time of the failure to comply with Section 1785.25(a), it maintained reasonable procedures to comply with this provision.

**Source**

*Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *14 (N.D. Cal. Dec. 20, 2017) ("Safe Harbor: Still, even an otherwise successful CCRAA claim fails if the furnisher is covered by the CCRAA's safe harbor provision. The safe harbor provision protects a furnisher from liability for violating § 1785.25 if "the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with [§ 1785.25], the furnisher maintained reasonable procedures to comply with [§ 1785.25].") (quoting Cal. Civ. Code § 1785.25(g)).

**Support for Chase's Position**

California Civil Code section 1785.25(g) provides a safe harbor that protecting a furnisher from liability under section 1785.25(a) if "the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply…, the furnisher maintained reasonable procedures to comply" with the law. Plaintiff contends that this is an affirmative defense Chase waived by failing to assert in its answer. Chase contends this is not an affirmative defense because it negates the "knows or should know" element of a section 1785.25(a) claim. *Saunders v. Fast Auto Loans, Inc.*, No. 2:15-2624 WBS CKD, 2016 WL 1627035, at *4 (E.D. Cal. Apr. 25, 2016) (an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.").

Plaintiff was also aware of the defense, or at a minimum sought discovery

DISPUTED PROPOSED JURY INSTRUCTIONS                                      - 25 -
2:22-CV-06718-AB-MAA

relevant to the defense, by seeking "ALL DOCUMENTS evidencing CHASE's procedures AND policies RELATED to compliance with the CCRAA" in his Request for Production No. 17. Such policies were produced and the subject of examination at Chase's deposition. Plaintiff was therefore not prejudiced by the assertion of the defense. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("In prior cases '[w]e have liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings.' ") (quoting *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997), *as amended* (May 1, 1997)); *Magana,* 107 F.3d at 1446 ("The district court erred in granting summary judgment for Defendants without determining whether their delay in raising the affirmative defense prejudiced Magana."); *Garcia v. Salvation Army*, 918 F.3d 997, 1009 (9th Cir. 2019) ("The only prejudice Garcia asserts is that she was denied discovery to test the Salvation Army's defense.").

**Support for Plaintiff's Position**

<u>**No. 44 — Actual Damages**</u>

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on Plaintiff's FCRA claim, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries; and,

The mental, emotional, pain and suffering experienced;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>**Source**</u>

Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 5.1-5.2

<u>**Support for Chase's Position**</u>

Plaintiff does not object to this model instruction but has indicated that he may wish to add categories of damages to the instruction.

<u>**Support for Plaintiff's Position**</u>

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 27 -
2:22-CV-06718-AB-MAA

### No. 45 –  Non-Recoverable Damages

Even if Plaintiff proves a violation of the FCRA or CCRAA, Plaintiff cannot recover for damages that are speculative, remote, imaginary, contingent, or merely possible but not assured. For example, a mere drop in Plaintiff's credit score without any damages actually incurred, such as a denial of credit, is insufficient to establish actual damages under either the FCRA or CCRAA.

Plaintiff also cannot recover for damages he incurred for lost investment or business opportunities, such as for example in connection with real estate investments or rental property. Emotional distress damages arising out of business-related credit loss are also not recoverable under the FCRA or CCRA.

Out-of-pocket expenses and lost wages incurred as a result of litigating this action or a prior arbitration are also not recoverable.

### Source

*King v. Bank of Am., N.A.,* 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012) ("[A] mere drop in Plaintiff's credit score without any damages actually incurred would likely not satisfy the [FCRA's] actual damages requirement."). *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *17 (N.D. Cal. Dec. 20, 2017) ("It is black-letter law that damages which are speculative, remote, imaginary, contingent or merely possible cannot serve as a legal basis for recovery.'") (quoting, inter alia, *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001), and *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981)); *Noori v. Bank of Am.,* No. CV1501467ABAFMX, 2016 WL 3124628, at *5 (C.D. Cal. May 26, 2016), *aff'd in part, rev'd in part and remanded sub nom. Noori v. Bank of Am., N.A.*, 710 F. App'x 757 (9th Cir. 2018) ("Plaintiff's testimony is insufficient to establish that these alleged credit denials were caused by BofA's erroneous report because she has no first-hand knowledge of why the third parties denied her credit or lease applications. Were Plaintiff to testify that the third parties

DISPUTED PROPOSED JURY INSTRUCTIONS                                   - 28 -
2:22-CV-06718-AB-MAA

told her that they denied her denied credit because of the deceased report, such testimony would be excluded as hearsay."); *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1079 (C.D. Cal. 2014) ("To the extent Grigoryan seeks damages based on lost real estate purchase opportunities or the inability to purchase a Dickies Barbecue franchise, moreover, the court agrees with defendants that these losses are not recoverable under the FCRA or CCPAA."); *id.* at 1081-83 (collecting cases granting summary judgment on FCRA claim where plaintiff's "claimed damages flow[ed] from [the plaintiff's] inability to supply credit to [his] real estate investment business"); *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) (holding that "[r]eports used for 'business, commercial, or professional purposes' [were] not within the purview of" an earlier version of the FCRA); *Dorian v. Cmty. Loan Servicing, LLC*, No. 22-CV-04372-DMR, 2023 WL 395790, at *6 (N.D. Cal. Jan. 25, 2023); *Boydstun v. U.S. Bank,* 726 F. App'x 601, 602 (9th Cir. 2018) ("While the FCRA expressly provides for 'actual damages' for a negligent or willful violation, [15 U.S.C.] §§ 1681n and 1681o also expressly provide that a violator is liable 'to that consumer.' … Plaintiff must show Defendant's violation resulted in damages to Plaintiff *as a consumer.*") (citing *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F.Supp.2d 1114, 1122 (D. Nev. 2008); Johnson, 558 F. Supp. 2d at 1125 ("In other words, a consumer must be an individual and cannot be a business or a group of people; however, it does not follow that every transaction initiated by an individual is a consumer transaction or that an individual is always acting in a consumer-capacity."); *Lott v. BSI Fin. Serv., Inc.,* No. 5:23-CV-00269-SSS-SHKX, 2025 WL 211971, at *7 (C.D. Cal. Jan. 6, 2025) ("The Court disagrees as to the third—that Lott can claim emotional distress damages as connected with the denial of a business loan.") (citing *Boydstun*, 726 F. App'x at 601; *Johnson,* 558 F. Supp. 2d at 1122); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) ("No authority suggests that a plaintiff's time spent in litigation over

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 29 -
2:22-CV-06718-AB-MAA

trademark infringement is compensable as damages for the infringement.")

## Support for Chase's Position

Plaintiff had previously indicated the intention to seek recovery of damages in the form of lost business opportunities, changes in credit score, and losses associated with time spent on the prior arbitration of the parties' dispute. This prompted Chase to move in limine to exclude evidence related to such unrecoverable damages. *See* Dkt. No. 119, Motion in Limine No. 1 – to Exclude Speculative Evidence of Credit Damage; Dkt. No. 120, Motion in Limine No. 7 – to Exclude Argument or Evidence Relating to Plaintiff's Contract Claims, which were litigated in the arbitration, and any damages allegedly incurred as a consequence of litigating those claims. Plaintiff has reiterated his intent to seek such impermissible recovery in his Memorandum of Contentions of Fact and Law filed on March 22, 2026. *See* Dkt. No. 140, § III, ¶ 16 (describing damages as including change in credit score, lost wages, out-of-pocket losses).

While Chase believes its motions in limine should be granted, Plaintiff's anticipated testimony – as an unrepresented party – is expected to take on a narrative form that may result in some impermissible damage testimony to be heard by the jury. For this reason, Chase it important to expressly instruct the jury about categories of damages that Plaintiff cannot recover.

## Support for Plaintiff's Position

DISPUTED PROPOSED JURY INSTRUCTIONS                                    - 30 -
2:22-CV-06718-AB-MAA

## No. 46 – Statute of Limitations Under the FCRA (Defense)

Chase contends that Plaintiff's lawsuit for violation of the FCRA was not filed within the time set by law. To succeed on this defense, Chase must prove that Plaintiff knew of the alleged FCRA violation before September 19, 2020. If you find that Chase proved this defense by a preponderance of the evidence, you cannot award any recovery for such violation.

### Source

15 U.S.C. § 1681p(1) ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability").

### Support for Chase's Position

Plaintiff objects to this instruction on the theory that the statute of limitations might be subject to tolling. That objection does not undermine the propriety of a statute-of-limitations instruction or the date reflected in it.

There is no dispute that Plaintiff filed this action on September 19, 2022, and no dispute that the FCRA imposes a two-year limitations period running from the plaintiff's discovery of the alleged violation. See 15 U.S.C. § 1681p(1). As a matter of simple arithmetic, September 19, 2020 therefore represents the latest possible date on which Plaintiff could have discovered an alleged FCRA violation and still timely filed suit.

The instruction does not assume the existence or nonexistence of any exception to the statute of limitations; it simply frames the factual question the jury must decide in light of the governing statutory period and the undisputed filing date. Whether Chase has carried its burden on that defense is a question for the jury based on the evidence presented at trial.

DISPUTED PROPOSED JURY INSTRUCTIONS                                         - 31 -
2:22-CV-06718-AB-MAA

**Support for Plaintiff's Position**

## No. 47 – Statute of Limitations Under the CCRAA (Defense)

Chase contends that Plaintiff's lawsuit for violation of the CCRAA was not filed within the time set by law. To succeed on this defense, Chase must prove that Plaintiff knew or should have known of an alleged CCRAA violation before September 19, 2020. If you find that Chase proved this defense by a preponderance of the evidence, you cannot award any recovery for such a violation.

## Source

Cal. Civ. Code § 1785.33 ("An action to enforce any liability created under this chapter may be brought in any appropriate court of competent jurisdiction within two years from the date the plaintiff knew of, or should have known of, the violation of this title").

## Support for Chase's Position

As discussed in Chase's Motion in Limine No. 11, Dkt. No. 123, there is no genuine dispute that Plaintiff was aware of the allegedly inaccurate reporting by Chase no later than August 24, 2020, when he disputed that reporting and thereby triggered the reinvestigation that forms the basis of his FCRA claim. That evidence establishes Plaintiff's knowledge of the alleged conduct well before September 19, 2020.

Plaintiff nevertheless contends that Chase committed continuing CCRAA violations on a monthly basis through 2022. Even accepting that theory for purposes of trial (which Chase denies), the statute of limitations remains relevant. If Chase proves that some of the alleged CCRAA violations occurred before September 19, 2020, and that Plaintiff knew or should have known of those violations, Chase is entitled to a limitations defense as to that subset of claims.

The proposed instruction does not assume the applicability of any exception to the statute of limitations or resolve disputed facts. It simply provides the jury with the legal framework necessary to determine whether Chase has met its burden

DISPUTED PROPOSED JURY INSTRUCTIONS                                             - 33 -
2:22-CV-06718-AB-MAA

on a defense expressly recognized by statute, based on the evidence presented at trial.

**<u>Support for Plaintiff's Position</u>**

### No. 49 – Mutual Mistake (Defense)

Chase claims that there was no agreement that Plaintiff would pay off his Ink account on September 6, 2017 because both parties were mutually mistaken about Plaintiff's intent and the amount required to effectuate payoff. To succeed, Chase must prove both of the following:

1. That both parties were mistaken about Plaintiff's intent and amount required to effectuate payment; and

2. That Chase would not have agreed to enter into the payoff agreement if it had known about the mistake. If you decide that Chase has proved both of the above, then no agreement was created.

### Source

Judicial Counsel of California Civil Jury Instructions (2026 Edition), CACI No. 331, Affirmative Defense—Bilateral Mistake (modified) (citing Cal. Civ. Code § 1577); *Crocker-Anglo 146 Nat'l Bank v. Kuchman,* 224 Cal.App.2d 490, 496 (1964) (discussing mutual mistake of fact).

### Support for Chase's Position

Plaintiff objects to this affirmative defense as irrelevant on the ground that a mutual mistake about an attempt to pay in September 2017 does not excuse a failure to investigate a dispute under the FCRA in September 2020, because a reasonable investigation would have uncovered the mistake.

Plaintiff ignores the fact that a finding of mutual mistake means no finding of fault is attributed to either party. The finding negates the existence of an agreement premised on a mistake. It does not require either party to subsequently uncover and fix the underlying error. To the extent that Plaintiff contends that notwithstanding a finding of mutual mistake, the FCRA requires Chase to discover the parties' mutual mistake and unilaterally address it on behalf of both parties, the notion is antithetical to the mistake being mutual and neither party being at fault.

DISPUTED PROPOSED JURY INSTRUCTIONS                    - 35 -
2:22-CV-06718-AB-MAA

DATED: March 27, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*
            Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

WBD (US) 4899-5823-7206

## <u>PROOF OF SERVICE</u>

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2750, San Francisco, California 94111.

On the date set forth below, I served the foregoing document(s) described as:

### **DISPUTED PROPOSED JURY INSTRUCTIONS**

on the interested parties in this action as follows:

Joshua Johnson                          **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2026, at San Francisco, California.

Alisa Givental

DISPUTED PROPOSED JURY INSTRUCTIONS                          2
2:22-CV-06718-AB-MAA