**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
PRO SE

FILED

CLERK, U.S. DISTRICT COURT

4/1/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S EX PARTE APPLICATION TO MODIFY PRETRIAL DEADLINES AND DEEM CERTAIN FILINGS TIMELY**<br><br>Judge:        Hon. André Birotte Jr.<br>Place:        Courtroom 7B |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Joshua Johnson respectfully moves *ex parte* to modify pretrial deadlines and deem certain filings timely.

This application is brought *ex parte* because the relief sought concerns recently expired and imminent pretrial deadlines, and a noticed motion could not be heard in time to provide effective relief without risking disruption of the Final Pretrial Conference and trial schedule.

Johnson provided notice of this application to Defendant's counsel, Alisa Givental, by email on March 24, 2026, describing the relief requested and the grounds for the application, and later discussed the matter with counsel by phone. Defendant's counsel stated that Defendant opposes the relief sought. On April 1, 2026, Johnson transmitted the application to Defendant's counsel and advised that any opposition must be filed within 48 hours (2 court days).

Pursuant to Local Rule 7-19.1, the address of Defendant's counsel is 50 California Street, Suite 2750, San Francisco, CA 94111, her email address is Alisa.Givental@wbd-us.com, and her phone number is (415) 765-6268.

**DATED:** April 1, 2026                          Joshua Johnson

                                                 /s/ Joshua Johnson

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Local Rule 7-19 permits an *ex parte* application upon a showing that the moving party has notified the opposing party or provided a satisfactory explanation for why such notice should not be required. Local Rule 7-19.1 requires that the application set forth: (a) the contact information of opposing counsel, (b) the notice provided, and (c) whether opposing counsel opposes the application. Federal courts routinely hold that *ex parte* relief is appropriate where a deadline will expire before the matter can be heard on a noticed motion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* applications may be granted when "the moving party is without fault in creating the crisis" and "will be damaged or prejudiced if the request is denied." *Id.*

## II. ARGUMENT

Plaintiff Joshua Johnson respectfully applies ex parte for limited relief under Rules 6(b)(1)(B) and 16(b)(4). Johnson asks the Court to: (1) modify the March 20, 2026 first-round deadline nunc pro tunc to March 22, 2026 and deem Plaintiff's first-round filings, including his motions in limine, timely, although filed less than 24 hours late; (2) deem Plaintiff's oppositions to Defendant's motions in limine timely, although filed less than one hour late; and (3) extend the March 27, 2026 deadline for joint trial filings to April 3, 2026 and deem those filings timely if served or filed by that date.

Good cause and excusable neglect exist. Johnson is proceeding *pro se* after prior counsel withdrew following the lengthy stay in this action—a stay sought by Chase on a preclusion theory the Court later rejected. Johnson is not an attorney, works full-time, and was unable to obtain replacement counsel.

The March 20 delay was brief. In the days immediately preceding that deadline, Johnson was preparing his own first-round filings, including motions in

3

limine and supporting papers, while also handling meet-and-confer obligations. His filings were approximately twenty-three hours late.

The March 27 issues were likewise minor. After Defendant served twelve motions in limine on the evening of March 20, Johnson had to prepare individual oppositions while also working on the joint trial filings due March 27. In the lead-up to the March 27 deadline, Johnson spent more than nine hours meeting and conferring with defense counsel regarding joint trial filings. Johnson's oppositions to Defendant's motions in limine were filed less than one hour late. Johnson also notified Chase in advance of the short delay and then proposed a stipulation that would have cured any arguable prejudice by extending the corresponding response deadline. Chase declined that proposal.

The requested relief will not disturb the Final Pretrial Conference or trial date. To the contrary, the requested April 3 date aligns with Judge Birotte's default scheduling template, which contemplates second-round trial filings two weeks before the Final Pretrial Conference. Here, with the Final Pretrial Conference set for April 17, 2026, April 3 is the default template date. The requested adjustment simply aligns the deadline for joint trial filings with the Court's standard framework while curing a short, non-prejudicial timing issue.

Johnson also sought a stipulation before burdening the Court, but Defendant declined. A brief extension of this kind is the sort of reasonable scheduling relief that should be granted where there is no bad faith, no effect on trial, and no meaningful prejudice. *See, e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).

For those reasons, Johnson respectfully requests that the Court enter the accompanying proposed order.

4

**DATED:** April 1, 2026                                   Joshua Johnson

                                                          /s/ Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S EX PARTE APPLICATION TO MODIFY PRETRIAL DEADLINES AND
DEEM CERTAIN FILINGS TIMELY

# DECLARATION OF JOSHUA JOHNSON

I, Joshua Johnson, declare as follows:

1. I am the Plaintiff in this matter and make this declaration in support of my *ex parte* Application to Modify Pretrial Deadlines and Deem Certain Filings Timely. I have personal knowledge of the facts stated herein.

2. I am proceeding *pro se* after my prior counsel withdrew following the lengthy stay in this action. I work full-time and have been unable to obtain replacement counsel.

3. On the evening of March 20, 2026, Defendant served twelve motions in limine.

4. In the lead-up to the March 27, 2026 deadline, I spent more than nine hours meeting and conferring with Defendant's counsel regarding the joint trial filings while also preparing oppositions to Defendant's twelve motions in limine.

5. Before filing this application, I proposed a stipulation to Defendant's counsel that would have cured any arguable prejudice by extending the corresponding response deadline. Defendant declined.

6. On March 24, 2026, I notified Defendant's counsel by email of the relief requested and the grounds for this application, and later discussed the matter with counsel by phone. Defendant opposes the relief requested.

7. On April 1, 2026, I transmitted the application to Defendant's counsel and advised that any opposition may be filed within two court days.

6

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Joshua Johnson

/s/ Joshua Johnson

Executed on April 1, 2026 in La Jolla, California.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,041 words, which complies with the word limit of L.R. 11-6.1.


**DATED:** April 1, 2026                                    Joshua Johnson

                                                            <u>/s/ Joshua Johnson</u>

PLAINTIFF JOSHUA JOHNSON'S EX PARTE APPLICATION TO MODIFY PRETRIAL DEADLINES AND
DEEM CERTAIN FILINGS TIMELY