**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND RELATED EVIDENCE**<br><br>Judge:    Hon. André Birotte Jr.<br>Place:    Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude all opinions and diagnoses in Plaintiff's medical records, and all evidence linking Plaintiff's emotional distress to Chase's conduct. The motion should be denied. It seeks a blanket exclusion of broad categories of evidence without identifying a single specific record entry or exhibit— the type of overbroad, effectively dispositive motion this Court's Trial Order warns against. It rests on a hearsay argument that ignores Rules 803(4), 803(6), and 902(11). And it invokes complex medical causation standards to try to eliminate emotional distress evidence that the Ninth Circuit has held requires no expert testimony at all.

## II. Background

Plaintiff Johnson claims emotional distress damages arising from Chase's conduct, which dates back to 2018 and remained unresolved through at least 2022. His medical records reflect a sleep disorder diagnosis. Johnson will testify at trial as to the impact Chase's conduct had on his sleep. The records also reflect that Johnson raised this privately with a sleep psychologist and a psychiatrist in the course of treatment—consistent with what he will tell the jury. Chase subpoenaed these records and obtained custodian declarations.

The records are not being offered to prove that Chase's conduct caused a medical condition. They are being offered to corroborate Johnson's own testimony about the toll of years of unresolved disputes with Chase.

## III. Argument

## A. The Motion Is Overbroad and Seeks Effectively Dispositive Relief

This Court's Trial Order states: "Motions in limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or unvetted motions in limine." Dkt. 27. Chase's motion is the kind of request that order targets. It does not identify a single medical record, a single entry, or a single

diagnosis it contends is inadmissible. Instead, it asks this Court to exclude *all* "opinions or diagnoses" in Plaintiff's medical records and *all* "evidence ... related to ... the cause of his alleged psychological or medical injuries." Mot. at 6.

Motions in limine that seek exclusion of broad categories of evidence are disfavored. The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019). If Chase has objections to specific entries in specific records, it can raise them at trial. A blanket order is neither warranted nor appropriate.

**B. Medical Records Are Admissible Under Multiple Hearsay Exceptions**

Chase's assertion that opinions and diagnoses in medical records are "indisputably hearsay" and therefore inadmissible is incorrect.

Rule 803(6) says the opposite. The business-records exception expressly covers records of "an act, event, condition, opinion, or diagnosis," and the Advisory Committee explained that this language was included to accommodate the opinion entries commonly found in "medical diagnoses, prognoses, and test results." Fed. R. Evid. 803(6); Fed. R. Evid. 803 advisory committee's note. The Ninth Circuit has likewise treated hospital medical records as admissible under Rule 803(6). *See United States v. Hall*, 419 F.3d 980, 986-87 (9th Cir. 2005) (medical records from hospital visit were "records kept in the ordinary course of business" and thus fell within Rule 803(6)).

Rule 803(6), the business records exception, expressly covers records of "an act, event, condition, *opinion, or diagnosis*" made at or near the time of the event by someone with knowledge, kept in the course of a regularly conducted activity. Fed. R. Evid. 803(6). Medical records are a textbook application of this rule. The Ninth Circuit has long recognized that "medical records are a classic example of

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND RELATED EVIDENCE

documents admissible as business records under Rule 803(6)." *United States v. Sackett*, 598 F.2d 739 (2d Cir. 1979.

Rule 803(4) independently covers Johnson's statements to his treating providers. That rule excepts statements made for medical diagnosis or treatment that describe medical history, symptoms, their inception, or their general cause. Fed. R. Evid. 803(4)(B). In *Hall*, the Ninth Circuit held that a patient's statements to her doctor about what caused her injuries fell within Rule 803(4). 419 F.3d at 986-87. And in *United States v. Latu*, the Ninth Circuit held that statements to medical providers about the cause of injuries and the patient's pain level were admissible under Rule 803(4) because they were made during clinical assessment and were pertinent to evaluation and treatment. 46 F.4th 1175, 1178-79 (9th Cir. 2022). Johnson's statements to his sleep psychologist and psychiatrist about his sleep problems fit comfortably within that rule.

Chase does not grapple with any of this. Its reliance on *Byrd v. Hunt Tool Shipyards, Inc.*, 650 F.2d 44 (5th Cir. 1981), is misplaced because Byrd addressed foundation, not whether opinions, diagnoses, and treatment-related statements in medical records fall within Rules 803(6) and 803(4).

## C. Plaintiff Can Authenticate the Records Without a Live Custodian

Chase argues that because Plaintiff has not listed treating physicians or custodians on his witness list, he cannot lay foundation for the records. This misreads the rules.

Rule 902(11) makes domestic business records self-authenticating when accompanied by a written certification from the custodian, provided reasonable advance notice is given to the adverse party. Fed. R. Evid. 902(11). No live testimony is required. Chase knows this because it subpoenaed Plaintiff's medical records and *obtained custodian declarations*. If anything, Chase has done part of the authentication work itself.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND RELATED EVIDENCE

Moreover, Rule 803(6)(D) allows foundation through a custodian, "another qualified witness," *or* a certification under Rule 902(11). The Ninth Circuit reads "other qualified witness" broadly; the witness need not be the record's preparer or have personal knowledge of each entry. *See United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990). Chase's insistence that only a listed treating physician can authenticate the records has no basis in the rules.

**D. Expert Testimony Is Not Required to Prove Emotional Distress Damages**

Chase's causation argument collapses garden-variety emotional distress into complex medical causation, then demands expert testimony to prove both. The Ninth Circuit does not require this.

Under the FCRA, emotional distress constitutes "actual damages" recoverable under 15 U.S.C. § 1681o. The Ninth Circuit has held that "a plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden" of proving emotional distress damages. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). This includes testimony about "humiliation and mental distress". *Id.* The court in *Guimond* further held that "whether and to what extent the defendant's conduct caused emotional distress" is a question "peculiarly within the province of the jury." *Id.*

Here, Johnson can testify that Chase's years-long failure to correct its own error—and especially the ensuing dispute—disrupted his sleep. The medical records—reflecting a sleep disorder diagnosis and Johnson's own statements to providers—corroborate that testimony. Plaintiff is not asking a physician to opine on causation. He is asking the jury to credit his account of his own experience, supported by contemporaneous treatment records showing he reported the same thing to his doctors that he will report to the jury.

Chase cites *Claar v. Burlington Northern R.R. Co.*, 29 F.3d 499 (9th Cir. 1994)—a toxic tort case involving exposure to chemicals and contested scientific

causation. That framework has no application here. The question is not whether a chemical caused a disease. The question is whether a person experienced distress from a bank's years-long refusal to fix an error on his credit report. That is well within common experience—and well within the province of the jury.

**E. Chase Cites the Wrong Rules and the Wrong Framework**

Chase invokes Rule 703 as a basis for exclusion, but Rule 703 governs the bases on which an *expert* may rely—it is not a freestanding exclusion rule for medical records or lay damages evidence. Chase also invokes Rule 403, but offers no real analysis. Treatment records documenting a sleep disorder consistent with claimed emotional distress are obviously probative of damages. Chase does not explain how their probative value is "substantially outweighed" by unfair prejudice.

To the extent Chase's real argument is that Plaintiff failed to make required disclosures, the operative rule is Rule 37(c)(1), which excludes evidence only where a disclosure failure is neither substantially justified nor harmless. Chase does not frame the motion under Rule 37, does not address justification or harmlessness, and does not grapple with the fact that it has had these records—which it subpoenaed—throughout this litigation.

**IV. Conclusion**

For the foregoing reasons, Chase's motion should be denied.

6

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,428 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026

/s/ Joshua Johnson

Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE MEDICAL RECORDS AND RELATED EVIDENCE