FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE SETTLEMENT-RELATED EVIDENCE**<br><br>Judge:     Hon. André Birotte Jr.<br>Place:     Courtroom 7B<br>Date:      April 17, 2026<br>Time:      10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude "any reference to prior settlement discussions"—without identifying a single exhibit, statement, witness, or line of testimony it wants excluded. The motion recites the text of FRE 408 and asks for a blanket ruling covering nine years of communications between the parties. That is not how motions in limine work. The motion should be denied.

## II. Background

This dispute has been ongoing since 2018. Over that period, Johnson communicated with Chase dozens of times—by phone, through the CFPB, via written demands, during arbitration, and at a court-ordered mediation. Chase's motion does not identify which of these communications it seeks to exclude. It does not cite a single exhibit, deposition excerpt, or anticipated trial testimony. It simply asks the Court to prohibit Johnson from "introducing any settlement-related evidence at trial, whether from prior arbitration or otherwise."

## III. Argument

### A. The Motion Should Be Denied as Impermissibly Vague and Overbroad

A motion in limine must identify specific evidence to be excluded. *See Phillip Sanders v. Mark Bishop*, No. 1:06-cv-01264-OWW-GSA, Order on Motions in Limine at 6–7, ECF No. 193 (E.D. Cal. Feb. 26, 2009) (denying motion in limine as "too general, over broad" where the movant did "not identify which specific documents" it sought to exclude); *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, Order on Motions in Limine at 1–2, ECF No. 73 (E.D. Cal. July 18, 2019) ("[M]otions in limine seeking the exclusion of broad categories of evidence are disfavored."). This Court's own Trial Order warns that it "may strike excessive or unvetted motions in limine."

Chase's motion identifies nothing. It asks the Court to preemptively bar an undefined universe of evidence spanning nearly a decade of interactions. The Court

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE SETTLEMENT-RELATED EVIDENCE

cannot meaningfully evaluate an FRE 408 objection—let alone the rule's exceptions—without knowing what evidence is at issue. The motion should be denied on this basis alone.

**B. Where FRE 408 Does Apply, There Is No Dispute**

Johnson does not intend to introduce evidence from the June 2023 mediation or the 2026 settlement conference before Magistrate Judge Audero. Chase's motion does not suggest otherwise. To the extent the motion is directed at those proceedings, it is unnecessary.

**IV. Conclusion**

For the foregoing reasons, Chase's motion should be denied.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE SETTLEMENT-RELATED EVIDENCE

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 374 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                              /s/ Joshua Johnson

                                                            Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE SETTLEMENT-RELATED EVIDENCE