**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____ CS _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE AUDIO RECORDINGS**<br><br>Judge:   Hon. André Birotte Jr.<br>Place:   Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude fourteen audio recordings of phone calls between Johnson and Chase employees in 2018. Chase recorded those same calls. Chase deleted its copies. Now it argues that Johnson's copies "cannot be authenticated," are "hearsay," and are "unduly prejudicial." The motion should be denied.

The recordings capture what Chase employees told Johnson when he called to dispute the derogatory marks Chase placed on his credit report—marks arising from Chase's own failure to provide account statements. Chase's representatives identify themselves by name on the recordings. Chase's own business records document the calls. Chase admitted at summary judgment that these calls occurred and that Johnson provided information during them. The recordings are plainly authentic, plainly relevant, and plainly admissible for multiple purposes. What Chase labels "undue prejudice" is simply that the recordings are powerful evidence of notice and knowledge—exactly the kind of evidence a jury should hear.

## II. Background

In May 2018, Johnson discovered that Chase had reported his Ink account as charged off with a $499 balance and a string of past-due payments—destroying his credit score. Between May 21 and June 12, 2018, Johnson called Chase ten times to dispute the reporting and explain that Chase had never provided him with online access to his account statements. Chase does not dispute that these calls occurred; its own business records document them, and it admitted as much at summary judgment. (Response to SGD ¶¶ 46–49, 67–70, 76–78).

Chase also recorded these calls. On the recordings themselves, Chase representatives state that "this call may be monitored and recorded." But Chase later deleted its recordings—despite knowing the account was disputed—and its

corporate representative testified that call recordings are "not part of our process" for FCRA investigations. (Burda Dep. 60:19–24).

Johnson, however, had independently recorded the calls on his phone. He produced the fourteen original recordings and ten volume-normalized copies during the prior arbitration. The original recordings have been in Chase's possession since July 2021.

## III. Argument

### A. The Recordings Are Easily Authenticated Under Rule 901

Chase's authentication argument fails as a matter of law and fact.

Rule 901(a) requires only "evidence sufficient to support a finding that the item is what the proponent claims it is." This is a prima facie burden, not a demanding one. *United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014). And the Rule's illustrative methods of authentication include testimony of a witness with knowledge (Rule 901(b)(1)), voice identification (Rule 901(b)(5)), and—directly on point—evidence that a telephone call was made to a number assigned to a business and "the call related to business reasonably transacted over the telephone" (Rule 901(b)(6)(B)).

Johnson can satisfy every one of these. He will testify that he made the calls to Chase's published customer service numbers (or received calls from those numbers), that he recorded the calls on his phone, and that the recordings are accurate. He can identify his own voice. The Chase representatives identify themselves by name on the recordings—for example, "Linda," employee ID "R418885"; "Catherine," employee code "COLHV9"; "Manny," employee ID "Q026866"; and "Jeremy Buckley" of Chase's "credit bureau specialist department." Chase's own business records corroborate the dates, times, phone numbers, employee codes, and substance of the calls.

Chase claims Johnson "has not produced the original Audio Recordings." That is false. Chase's own exhibit table labels fourteen of the recordings as "original." The remaining ten are volume-normalized copies—the audio equivalent of turning up the volume knob on portions of the audio that were quiet—which are admissible as duplicates under Rule 1003 unless Chase can show a genuine question of authenticity or unfairness. It has shown neither.

In any event, authentication is resolved at trial, not on a pretrial motion to exclude. Johnson has not yet had the opportunity to lay a foundation through testimony because there has been no trial. Chase's request to exclude the recordings in advance, on the ground that foundation has not yet been laid, puts the cart before the horse.

**B. The Recordings Are Not Hearsay for Their Primary Purpose, and Multiple Hearsay Exceptions Apply in Any Event**

Chase asserts that the recordings "indisputably constitute hearsay." They do not—at least not for the purposes Johnson intends to offer them.

*Non-hearsay use: notice and knowledge.* Johnson's central theory is that Chase had extensive notice of his dispute and the circumstances underlying it, and that Chase's investigation was unreasonable because it ignored that notice. The recordings are offered to prove what Johnson communicated to Chase and what Chase's employees acknowledged in response—i.e., that Chase was on notice that Johnson could not access statements online, that he had repeatedly complained, and that the balance resulted from Chase's own withdrawal error. Statements offered to show notice, the listener's state of mind, or the effect on the listener are not hearsay. *See* Fed. R. Evid. 801(c) advisory committee's note; *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). Chase's own footnote effectively concedes this use, acknowledging that Johnson may argue the recordings show Chase "was on notice."

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE AUDIO RECORDINGS

(MIL at 10 n.1). That concession alone defeats Chase's claim that the recordings are "indisputably" hearsay.

*Party-opponent admissions under Rule 801(d)(2)(D).* To the extent any statements by Chase employees are offered for their truth, they are admissions by a party-opponent. Chase argues Johnson "cannot even establish the identity of the declarant(s)." The recordings themselves refute this: the employees state their names, employee IDs, and departments. The scope-of-agency requirement is satisfied because the employees were discussing Johnson's Chase account, its status, and Chase's credit reporting—the very matters they were employed to handle. *See Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (statements by employees about matters within their job duties are admissions under Rule 801(d)(2)(D)).

Chase's extended discussion of Rule 804(b)(3) (statements against interest) and Rule 803(6) (business records) is a straw man. Johnson does not intend to introduce the recordings under either exception. That they do not fit exceptions Johnson never invoked is no reason to exclude them.

**C. The Recordings Are Relevant and Not Unfairly Prejudicial**

Chase's relevance argument is that the 2018 recordings "are not relevant to Chase's investigation of the Equifax dispute in August 2020." The recordings are relevant on the merits. Whether Chase's investigation was "reasonable" under 15 U.S.C. § 1681s-2(b) depends on what Chase knew or should have known when it investigated. The 2018 calls are direct evidence that Chase employees were told—years before the August 2020 dispute—that Johnson never received statements, that the account did not appear online, and that the balance resulted from Chase's own error. That Chase later deleted its recordings of those calls and then failed to consider any of this information during its 2020 investigation goes to the heart of

reasonableness. The recordings are also relevant to Johnson's CCRAA claim, which is not limited to the August 2020 investigation.

Chase's Rule 403 argument adds nothing. "Unfair prejudice" means a tendency to decide the case on an improper basis—such as emotion or bias—not that the evidence is damaging. *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). Chase does not identify any improper basis on which the jury might rely. It simply objects that the recordings are bad for Chase. That is not what Rule 403 is for. And to the extent any individual statement on any individual recording raises a discrete concern, the Court can address it at trial with a limiting instruction or by admitting only relevant portions—not by excluding all fourteen recordings wholesale. *See Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019) ("motions in limine seeking the exclusion of broad categories of evidence are disfavored").

**D. The Motion Is Overbroad**

Even if any of Chase's arguments had merit as to some portion of some recording, Chase asks for blanket exclusion of all twenty-four exhibits for all purposes. That is the wrong remedy. Different statements on the recordings serve different evidentiary purposes—some are non-hearsay, some are party admissions, some may be relevant only to specific claims. A categorical order excluding all of them is inappropriate. The Court is "almost always better situated during the actual trial to assess the value and utility of evidence." *Flores*, No. 1:17-cv-00427-JLT, at 2.

**IV. Conclusion**

For the foregoing reasons, Chase's motion should be denied.

6

## **CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,381 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                                          /s/ Joshua Johnson

                                                                                        Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE AUDIO RECORDINGS