**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JOSHUA JOHNSON,

    Plaintiff,

  v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

Case No.: 2:22-cv-06718-AB-MAAx

**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE ARBITRATION MATERIALS**

Judge:    Hon. André Birotte Jr.
Place:    Courtroom 7B
Date:    April 17, 2026
Time:    10:00 AM

1

## I. Introduction

Chase asks this Court to exclude all "arbitration materials" from trial—without identifying a single exhibit, a single page of testimony, or a single proposed use. That request should be denied. It is facially overbroad, rests on a logical error (conflating claim preclusion with relevance), and would operate as a one-sided evidentiary gag: suppressing Chase's own corporate representative's sworn admissions while preserving Chase's right to impeach Johnson with those same materials.

## II. Background

Before filing this action, Johnson pursued contract claims against Chase in a binding arbitration. Chase's corporate representative, Valerie Kopecki, testified over two days. Among other things, she testified under oath that Chase has no evidence that account statements were ever posted online; that Chase has no evidence it ever investigated Johnson's repeated complaints about being unable to access statements; that Chase's system of record is missing records of multiple calls; and that a failure to provide online statements "would be a bank error for sure".

In October 2025, this Court denied Chase's motion for summary judgment. Dkt. 80. The Court held that the arbitration has "no preclusive effect" on Johnson's FCRA and CCRAA claims because the arbitration involved "fundamentally contract claims" while this case concerns "the reasonableness (or lack thereof) [of] Chase's investigation into Plaintiff's August 24, 2020 dispute." *Id.* at 4. The Court further found that Johnson "raised triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation." *Id.* at 6.

Chase now moves to exclude all arbitration materials as substantive evidence, while carving out an exception for impeachment.

## III. Argument

## A. The Motion Is Overbroad and Fails to Identify Specific Evidence for Exclusion

Chase's motion does not identify a single exhibit, a single line of testimony, or a single proposed use it seeks to exclude. It asks the Court to bar an entire category of evidence based solely on where it originated. Courts routinely deny motions in limine that seek "the exclusion of broad categories of evidence" because the Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019). A blanket request to exclude unspecified "materials" from a prior proceeding is exactly the kind of motion this Court's Trial Order warns against: "The Court may strike excessive or unvetted motions in limine." Dkt. 27. The motion should be denied on this ground alone.

## B. Arbitration Materials Are Directly Relevant to Plaintiff's Statutory Claims

Chase's motion rests on a single logical move: because this Court held the arbitration has no *preclusive* effect, Chase argues the arbitration evidence has no *relevance*. That does not follow.

Preclusion asks whether a prior adjudication bars relitigation of the same claims or issues. Relevance asks whether a piece of evidence has "any tendency to make a fact more or less probable." Fed. R. Evid. 401. These are different questions. Evidence from a non-preclusive proceeding should be admitted when it bears on facts at issue in the current case. The no-preclusion holding means the arbitration does not *resolve* the FCRA and CCRAA claims. It does not mean that evidence developed in the arbitration is inadmissible to *prove* them.

And there is a deeper problem with Chase's position. The no-preclusion language comes from Chase's own cardmember agreement, which provides: "No arbitration award or decision will have any preclusive effect on issues or claims in

3

any subsequent proceedings beyond the Claims at issue." Chase drafted that clause. Its purpose is to ensure that arbitrating one set of claims does not foreclose litigation of other claims arising from the same account. Having written that guarantee, Chase cannot now argue that the evidence developed in the arbitration is walled off from the very "subsequent proceedings" the clause contemplates.

The FCRA and CCRAA elements that this Court found triable include whether Chase reported inaccurate or incomplete information and whether it conducted a reasonable investigation. Dkt. 80 at 6. The arbitration produced testimony going directly to those elements:

- *Accuracy of reporting.* Kopecki testified that Chase has no evidence that account statements were ever posted online and cannot prove or disprove Johnson's claim that they were unavailable. If Chase never provided statements, then (per the parties' agreement) the payments reported as "past due" were never actually due—and Chase's reporting was inaccurate.

- *Reasonableness of investigation.* Kopecki testified that Chase never investigated whether it failed to provide statements, despite its own records documenting Johnson's repeated complaints about that failure. Chase's 2020 investigation—the one at issue in this case—validated only "what was reflected at that moment" and conducted "[n]o investigation of how that balance was made." This testimony is directly probative of whether Chase's investigation was reasonable under the FCRA.

- *Completeness of records.* Kopecki confirmed that Chase's system of record is missing records of multiple calls, that different departments maintain separate databases, and that retention policies resulted in the destruction of relevant evidence. This bears on what information was available to Chase during its investigation and whether it reviewed "all relevant information" as required.

None of this is collateral. It goes to the core statutory elements the jury must decide.

4

## C. The Impeachment-Only Exception Would Create a One-Sided Advantage

Chase frames its impeachment carve-out as evenhanded. It is not. Johnson will testify at trial. Chase can impeach him with anything he said in the arbitration. But Kopecki—Chase's corporate representative who made the admissions described above—is located outside this district's subpoena power and Chase has refused to make her available. If the Court limits arbitration materials to impeachment, Chase's damaging admissions are effectively suppressed: they cannot be used for impeachment because the witness who made them will not be on the stand. Chase is asking this Court to let it use arbitration materials as a sword while denying Johnson the same materials as a shield.

## IV. Conclusion

For the foregoing reasons, Chase's motion should be denied.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE ARBITRATION MATERIALS

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,142 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                                    /s/ Joshua Johnson

                                                            Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE ARBITRATION MATERIALS