**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA
BY _____ CS _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | Case No.: 2:22-cv-06718-AB-MAAx |
| Plaintiff, | |
| v. | **PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE CONTRACT CLAIMS** |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Judge:    Hon. André Birotte Jr.
Place:    Courtroom 7B
Date:    April 17, 2026
Time:    10:00 AM

1

## I. Introduction

Chase's motion in limine asks this Court to prevent the jury from hearing why Chase's credit reporting was inaccurate and why its investigation was unreasonable—the two elements Plaintiff must prove at trial. The motion should be denied.

Plaintiff is not bringing contract claims. He is bringing claims under the FCRA and CCRAA, which require proof that Chase furnished inaccurate information and failed to conduct a reasonable investigation. The facts Chase seeks to exclude—that it never provided account statements, that it botched the account closure, that it had extensive information about these failures and ignored all of it when investigating Plaintiff's dispute—were relevant to the arbitration. They are also relevant to the statutory claims this Court has already held will proceed to trial. Evidence can be relevant to more than one legal theory. That is not a basis for exclusion.

## II. Background

In August 2020, Plaintiff disputed Chase's reporting of his Ink account with Equifax. Chase's reporting reflected a string of missed payments, a charge-off, and a balance inflated by $261 in unauthorized late fees and interest — all stemming from Chase's failure to withdraw the correct amount when Plaintiff closed the account in September 2017. Chase completed its investigation in approximately two weeks and concluded its reporting was accurate. It did not review its own internal records of Plaintiff's repeated complaints, the parallel CFPB complaint, or any information bearing on *why* the balance existed. Chase's corporate representative testified: "No, there was no investigation of how that balance was made."

This Court denied Chase's motion for summary judgment, including its argument that the arbitration collaterally estopped Plaintiff's claims. The Court held that the arbitration "cannot have any preclusive effect as to the claims in this case,"

that the statute of limitations does not bar Plaintiff's claims, and that "Plaintiff has raised triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation." (Dkt. 80). Chase then moved for reconsideration on substantially the same grounds; that motion remains pending. (Dkt. 81).

**III. Argument**

**A. Chase's Motion Is a Disguised Dispositive Motion Rehashing Its Rejected Summary Judgment Arguments**

Chase's motion asks this Court to rule, as a matter of law, that Plaintiff cannot present the evidence necessary to prove his claims. That is not a motion in limine. It is a dispositive motion—the third one Chase has filed on the same theory.

On summary judgment, Chase argued that the arbitration precluded Plaintiff's FCRA and CCRAA claims. This Court disagreed. (Dkt. 80 at 4). On reconsideration, Chase argued that the confirmed judgment changed the analysis. That motion is pending. (Dkt. 81). Now Chase repackages the same argument as a motion in limine, contending that evidence relating to the "contract claims" from the arbitration must be excluded at trial.

This Court's Trial Order warned: "Motions in limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or unvetted motions in limine." (Dkt. 27). That is what this motion is. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."). This Court's Standing Order limits Chase to one Rule 56 motion (Dkt. 26); it should not be permitted to circumvent that limitation through serial motions wearing different labels.

**B. The MSJ Order Forecloses Chase's Preclusion Theory**

Chase's motion rests on the premise that Plaintiff is "relitigating" contract claims from the arbitration. This Court has already rejected that premise.

The MSJ Order held: "the claims adjudicated in the arbitration were fundamentally contract claims . . . . By contrast, the claims in this case arise under the FCRA and CCRAA, and are directed to the reasonableness (or lack thereof) Chase's investigation into Plaintiff's August 24, 2020 dispute that Plaintiff filed with Equifax. These are not the same claims so the arbitration cannot have any preclusive effect as to the claims in this case." (Dkt. 80 at 4).

The parties' agreement is even broader. It provides: "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." (emphasis added). The agreement waives preclusion as to both issues *and* claims. Chase's motion—which seeks to preclude Plaintiff from presenting evidence on issues that may overlap with the arbitration—runs directly into this language.

Chase now tries a new framing: even if the arbitration has no *preclusive* effect, Plaintiff should be barred from presenting evidence that relates to the arbitrated claims. But that is just preclusion by another name. If the contract language and the MSJ Order mean anything, they mean that Plaintiff can present evidence on issues relevant to his FCRA and CCRAA claims, even if those issues also arose in the arbitration.

## C. The Evidence Chase Seeks to Exclude Is Directly Relevant to Plaintiff's Statutory Claims

Plaintiff's FCRA claim requires proof that (1) Chase furnished inaccurate or materially misleading information, and (2) Chase failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155–57 (9th Cir. 2009). The jury cannot evaluate either element without understanding what happened with the account. Chase reported a string of missed payments and a charge-off with a $499 balance — $261 of which was late fees and interest. To assess whether that reporting was inaccurate,

the jury needs to know *why* the balance existed: Chase withdrew the wrong amount at account closure, never provided statements reflecting a remaining balance, and never sent payment-due alerts after September 2017. To assess whether Chase's investigation was reasonable, the jury needs to know what Chase had in its files and chose not to review.

On that point, the arbitration record is stark. Chase's corporate representative testified that Chase has no evidence statements were ever posted online. She testified that Chase has no evidence it ever investigated Plaintiff's complaints about statement access—despite Chase's own records documenting those complaints. And when asked whether Chase investigated how the balance accrued, she answered: "No, there was no investigation of how that balance was made." Excluding this evidence would not narrow the trial. It would prevent Plaintiff from presenting his case.

**D. Rule 403 Does Not Warrant Exclusion**

Chase invokes Rule 403, arguing that this evidence would cause "unfair prejudice" and "confuse the issues." But evidence is not unfairly prejudicial nor confusing simply because it is damaging. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Rule 403 targets evidence that would cause the jury to decide on an improper basis—not evidence that proves the plaintiff's case.

Chase's real concern is that the jury will hear what happened and hold Chase accountable for it. That is not unfair prejudice. It is the purpose of a trial.

**IV. Conclusion**

For the foregoing reasons, Chase's motion should be denied.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE CONTRACT CLAIMS

## **CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,162 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                                    /s/ Joshua Johnson

                                                                            Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7 TO EXCLUDE CONTRACT CLAIMS