**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
3/28/26
CENTRAL DISTRICT OF CALIFORNIA
BY_____CS_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE DISPUTES NOT SUBMITTED THROUGH EQUIFAX**<br><br>Judge:    Hon. André Birotte Jr.<br>Place:    Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude all evidence that "reflects, refers, or relates" to a September 6, 2017 phone call—including Johnson's payment, his complaints about missing statements, and Chase's internal records documenting those complaints. The motion should be denied for three reasons. First, it is a disguised motion for summary adjudication on the merits of Johnson's claims, filed after Chase already used its one permitted Rule 56 motion and lost. Second, the legal premise is wrong: the standardized dispute form sent by Equifax put Chase on notice that Johnson's concerned an inaccurate balance, and the law is clear that a furnisher's investigation is not confined to what fits in that form—it must account for what the furnisher already knows. Third, the motion ignores Johnson's CCRAA claim entirely, which is not triggered by a credit bureau notice at all.

## II. Background

On August 24, 2020, Johnson filed a dispute with Equifax regarding Chase's reporting of his Ink credit card account. The ACDV transmitted to Chase included a narrative statement that "Chase never sent a paper bill, never called, never emailed, or otherwise attempted to make me aware in any way that the account carried a balance while the account was open". Chase's own 30(b)(6) designee, Barbara Burda, testified that Chase understood Johnson's dispute to include "an allegation that there was an incorrect balance on his account." (Burda Dep. 55:4–8.)

Chase had extensive prior notice of Johnson's dispute. Between May and June 2018, Johnson called Chase ten times, disputing the account's reported status, charged-off balance, and payment history. (See Def.'s Resp. to Pl.'s Statement of Genuine Disputes ("RSGD"), Dkt. 77-1 ¶¶ 76–78.) On June 12, 2018, a Chase representative confirmed he had listened to a recording of the September 6, 2017 call and stated: "You did mention that you weren't receiving statements." (RSGD ¶¶ 68–70; ) On August 19, 2020—five days before the Equifax dispute—Johnson filed

2

a CFPB complaint with Chase describing the same issues. (RSGD ¶¶ 79–80.) On August 25, 2020, Johnson served Chase with a written notice of dispute. (RSGD ¶¶ 81–82.)

Chase responded to Equifax on September 8, 2020, reporting the disputed information as accurate. (RSGD 51.) Chase did not investigate how the balance accrued. (Burda Dep. 77:7–9.) Chase did not review recorded phone calls. (RSGD 112.) Chase did not contact Johnson. (RSGD 113.) Chase did not contact Equifax for additional information. (RSGD 111.) No current Chase employee recalls the investigation. (RSGD 107–08.)

On October 10, 2025, this Court denied Chase's motion for summary judgment in its entirety, holding that "Plaintiff has raised triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation." (Dkt. 80 at 5.)

**III. Argument**

**A. The Motion Is a Disguised Motion for Summary Adjudication and Should Be Denied on That Basis Alone**

This Court's Trial Order states: "Motions in limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or unvetted motions in limine." (Dkt. 27.) Chase's motion asks the Court to rule, before trial, that Johnson's dispute was limited to the text of a standardized form, that the September 2017 payment is not an "actionable inaccuracy," and that collateral estoppel bars the jury from considering it. Each of those is a merits determination, not an evidentiary one. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001).

This Court's Standing Order permits one Rule 56 motion. (Dkt. 26.) Chase filed that motion and this Court denied it, finding triable issues on exactly the questions Chase now seeks to resolve through a motion in limine. Chase cannot get a second summary judgment ruling by relabeling it.

**B. The ACDV Notified Chase of the Nature of Johnson's Dispute, and Chase's Investigation Was Not Limited to the Text of That Form**

Chase's motion rests on the premise that its investigative obligations began and ended with the literal text of the ACDV. To understand why this is wrong, it helps to understand what an ACDV is. An ACDV is a standardized electronic form transmitted through e-OSCAR, an automated system built by the credit bureaus. It consists of a dispute code selected from a dropdown menu of roughly 29 options, a short free-text narrative field, and the consumer's account data. It is not designed to be—and no one expects it to be—a comprehensive account of the consumer's grievance. Its statutory function is to put the furnisher on notice of the nature of the dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

That is what it did here. The ACDV told Chase that Johnson was disputing the reported balance and that Chase had never made him aware of it. Chase's own 30(b)(6) designee confirmed the dispute included "an allegation that there was an incorrect balance on his account." (Burda Dep. 55:4–8.) Chase was on notice. The question at trial is whether it conducted a reasonable investigation in response.

On that question, *Gorman* is clear: the CRA's notice does not "cabin[] the scope of the investigation once undertaken." 584 F.3d at 1157 n.11. Chase's motion quotes *Gorman* selectively while omitting this footnote. The rule is well-established. In *Seungtae Kim v. BMW Financial Services NA, LLC*, the Central District of California held that "although the content of the ACDV sets forth the nature of the dispute, the ACDV does not cabin the scope of the investigation once undertaken," and that where the consumer had provided information directly to the furnisher, the

furnisher was obligated to consider it. 142 F. Supp. 3d 935, 948 (C.D. Cal. 2015), *aff'd*, 702 F. App'x 561 (9th Cir. 2017). In *Miller v. Westlake Services LLC*, the court found an investigation unreasonable where the furnisher's analysts had access to internal notes reflecting prior disputes but did not consult them. 637 F. Supp. 3d 836 (C.D. Cal. 2022). In *Hinkle v. Midland Credit Management, Inc.*, the Eleventh Circuit expressly rejected the argument that a furnisher may truncate its investigation because the CRA did not exhaustively describe the dispute, relying on the fact that the consumer had told the furnisher repeatedly that the accounts were not hers. 827 F.3d 1295 (11th Cir. 2016).

Here, the evidence Chase seeks to exclude was in Chase's own records. Chase's C3 system documented Johnson's repeated complaints about missing statements. (Arb. Tr. 284:12–285:1.) Chase's records reflected the September 6, 2017 payment and the account closure. Johnson had called Chase ten times in 2018 to dispute the account's status. Chase had received a CFPB complaint five days before the ACDV raising the same issues. A furnisher conducting a reasonable investigation of a disputed balance would necessarily review the account's payment history and the circumstances that gave rise to the balance. Whether Chase did so, and whether its failure to do so was reasonable, are questions for the jury.

**C. The Motion Ignores Johnson's CCRAA Claim**

Chase's motion is premised entirely on the argument that its investigative duties were defined by a CRA notice. But Johnson also asserts a claim under the California Consumer Credit Reporting Agencies Act. The CCRAA imposes liability on a furnisher that "knew or should have known" the information it furnished was incomplete or inaccurate. Cal. Civ. Code § 1785.25(a). The CCRAA has no CRA-notice trigger. Whatever was or was not in the ACDV is irrelevant to this claim. Evidence of what Chase knew about Johnson's account, including from the

September 2017 call, is directly relevant to what Chase "knew or should have known." Chase's motion does not address this claim at all.

**D. This Court Already Rejected Chase's Collateral Estoppel Argument**

Chase argues that evidence of the September 2017 call should be excluded because the arbitrator found a "mutual mistake." This Court already rejected Chase's collateral estoppel argument at summary judgment, holding that Chase's own cardmember agreement provides that "[n]o arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." (Dkt. 80 at 3–4.) The Court held that "the arbitration cannot have any preclusive effect as to the claims in this case." (*Id.* at 4.) That is the law of the case. Chase cannot relitigate it through a motion in limine.

**E. Chase's "Objectively and Readily Verifiable" Argument Is an Improper Second Summary Judgment Motion on an Issue Not Adopted in This Circuit**

Chase argues that Johnson's dispute is not "objectively and readily verifiable" and therefore not actionable under the FCRA. This argument fails for three independent reasons.

First, this is a merits argument that belongs in a dispositive motion, not a motion in limine. Chase could have raised it at summary judgment and did not. It cannot raise it now.

Second, the Ninth Circuit has not adopted the "objectively and readily verifiable" standard. The cases Chase cites—*Reyes* (5th Cir.), *Roberts* (4th Cir.), *Holden* (11th Cir.)—are out-of-circuit authority. The Ninth Circuit standard, as stated in *Gorman,* asks whether information is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 584 F.3d at 1163. This Court need not adopt a new legal standard through a motion in limine.

Third, even under Chase's preferred standard, a payment is objectively verifiable from business records. Chase processed the September 2017 payment. Chase had billing statements reflecting the minimum payment amount and the resulting balance. Whether Chase withdrew $111.49 instead of $345.97 is a question answerable from Chase's own transaction records—not a subjective credibility contest. That Chase may have destroyed the call recording does not transform an objectively verifiable payment question into an unverifiable one. *See Hinkle*, 827 F.3d at 1305 (furnisher cannot limit its investigation based on the inadequacy of information it had access to).

**IV. Conclusion**

For the foregoing reasons, Chase's motion should be denied.

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,675 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026

/s/ Joshua Johnson

Joshua Johnson

8