**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____ CS _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| JOSHUA JOHNSON,<br><br>　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB COMPLAINT**<br><br>Judge:　　Hon. André Birotte Jr.<br>Place:　　Courtroom 7B<br>Date:　　April 17, 2026<br>Time:　　10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude all evidence of Johnson's direct disputes, his CFPB complaint, and Chase's responses—on the theory that because duties under § 1681s-2(a) are not privately enforceable, evidence relating to those duties is inadmissible. That theory confuses the scope of a cause of action with the rules of evidence. Johnson is not suing under § 1681s-2(a). He is suing under § 1681s-2(b) and California Civil Code § 1785.25(a). The disputed evidence is offered not as an independent basis for liability, but as proof of what Chase knew and what it had in its own files when it investigated Johnson's Equifax dispute and when it furnished information it knew to be inaccurate. Chase's motion should be denied.

## II. Background

In May 2018, Johnson discovered that Chase had reported his Ink account as charged off with a string of missed payments. Between May and June 2018, Johnson called Chase at least ten times to dispute the reporting, explaining that Chase had never provided him account statements, that he had repeatedly asked Chase to fix the problem, and that he had closed the account believing the balance was paid in full. Johnson recorded several of these calls. On one such call, a Chase representative listened to a recording of the September 2017 closure call and confirmed: "You did mention that you weren't receiving statements."

In August 2020, Johnson filed a complaint with the CFPB and a dispute with Equifax, both contesting the same reporting. Chase received the CFPB complaint, investigated it, and responded. Chase's own internal records document this investigation. On August 25, 2020, Equifax notified Chase of Johnson's indirect dispute. Chase investigated and verified its prior reporting without correction.

This Court denied Chase's motion for summary judgment in its entirety, holding that Johnson "raised triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation." (Dkt. 80).

## III. Argument

## A. The Motion Is a Disguised Motion for Summary Adjudication and Should Be Denied on That Basis Alone

Chase's motion does not identify specific exhibits, testimony, or trial questions to exclude. It asks for a blanket ruling that an entire category of evidence—everything relating to direct disputes, the CFPB complaint, and Chase's responses—is legally irrelevant to Johnson's claims. That is not an evidentiary ruling. It is a dispositive determination of the legal scope of § 1681s-2(b) and § 1785.25(a), presented as a motion in limine after Chase has already used its one permitted Rule 56 motion. See Dkt. 26 (Standing Order: "No party may file more than one motion pursuant to Fed. R. Civ. P. 56 ... without leave of Court"); Dkt. 27 (Trial Order: "Motions in limine should not be disguised motions for summary adjudication of issues.").

The Ninth Circuit has recognized this problem. *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001) (treating a purported motion in limine as a dispositive ruling subject to de novo review). Chase's motion should be denied for this reason alone.

## B. The Direct Disputes and CFPB Complaint Are Directly Relevant to Both of Johnson's Claims

Chase's legal premise is that because § 1681s-2(a) duties are not privately enforceable, evidence of direct disputes and CFPB complaints is categorically inadmissible. But Johnson is not asserting a § 1681s-2(a) claim. He is asserting a § 1681s-2(b) claim—which turns on whether Chase's investigation of the Equifax dispute was reasonable—and a § 1785.25(a) claim—which turns on whether Chase knowingly furnished inaccurate information. The direct disputes and CFPB

complaint are evidence bearing on both questions. Chase cites no case, in any jurisdiction, holding otherwise.

**1. Section 1681s-2(b): The Reasonableness of Chase's Investigation**

The Ninth Circuit has squarely held that the CRA's notice of dispute defines the *nature* of the dispute but does not "cabin[] the scope of the investigation once undertaken." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 n.11 (9th Cir. 2009). A furnisher conducting a reasonable investigation must consider relevant information in its own files—not just the text of the ACDV.

District courts within this Circuit have applied *Gorman* to hold that prior direct disputes, internal notes, and complaint correspondence are relevant to the reasonableness inquiry:

- In *Seungtae Kim v. BMW Financial Services NA, LLC*, 142 F. Supp. 3d 935, 948 (C.D. Cal. 2015), aff'd, 702 F. App'x 561 (9th Cir. 2017), the court held that where a plaintiff had provided information directly to the furnisher relevant to the indirect dispute, the furnisher was obligated to consider it.

- In *Miller v. Westlake Services LLC*, 637 F. Supp. 3d 836 (C.D. Cal. 2022), the court found that a furnisher's failure to consult internal notes reflecting prior disputes, police reports, and investigative contacts supported a finding of unreasonableness.

- In *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-cv-01422-ST, 2015 WL 6163971 (D. Or. Oct. 20, 2015), the ACDV noted the account had been "disputed before," and the court held the furnisher was required to review prior file materials—including earlier dispute letters.

Published appellate authority outside the Circuit is in accord. *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426, 431–32 (4th Cir. 2004) (jury could find investigation unreasonable where furnisher matched ACDV to computerized file without consulting underlying documents); *Hinkle v. Midland Credit Management,*

*Inc.*, 827 F.3d 1295, 1304 (11th Cir. 2016) (rejecting the argument that a furnisher may limit its investigation to what the CRA sent; holding that when a furnisher has dispute-related information beyond the ACDV, "it will often be reasonable" to review it).

Chase asks this Court to adopt the opposite rule—that a furnisher's own records of prior complaints are walled off from the reasonableness inquiry. No court has adopted that rule.

Here, the evidence Chase seeks to exclude is the core of the reasonableness question. Chase's own records document Johnson's 2018 calls disputing the accuracy of its reporting. Chase received and investigated a CFPB complaint raising the same issues weeks before the Equifax dispute arrived. Chase's corporate representative testified that during its 2020 investigation, Chase only validated "what was reflected at that moment" and conducted "[n]o investigation of how that balance was made." If the jury cannot hear what was in Chase's files when it conducted that investigation, it cannot evaluate whether the investigation was reasonable. That is the point of the evidence.

**2. Section 1785.25(a): Whether Chase Knowingly Furnished Inaccurate Information**

Johnson's CCRAA claim under § 1785.25(a) is not tethered to the Equifax dispute at all. It asks whether Chase knowingly or willfully furnished inaccurate information to consumer reporting agencies. Knowledge is an element of the claim. Evidence that Johnson told Chase—repeatedly, in recorded phone calls, in a CFPB complaint, and in writing—that its reporting was inaccurate is direct evidence of Chase's knowledge. Excluding it would make the knowledge element unprovable, which is precisely the dispositive relief Chase is seeking.

Chase's preemption argument does not help it. Section 1681t(b)(1)(F)(ii) expressly saves § 1785.25(a) from preemption. Johnson is not seeking to enforce

preempted dispute-handling duties. He is offering evidence of communications with Chase to prove that Chase *knew* its furnishing was inaccurate—an element of the claim Congress and the FCRA expressly preserved for private enforcement.

**C. The Relief Sought Is Overbroad**

Chase asks to exclude "all evidence, testimony, and argument" concerning direct disputes, the CFPB complaint, and Chase's responses. That request would strip the jury of the factual record it needs to evaluate the two issues this Court has already held are triable: the reasonableness of Chase's investigation and Chase's knowledge of inaccuracy. The request encompasses recorded phone calls between Johnson and Chase, Chase's own internal records and investigative notes, the CFPB complaint and Chase's written response, and testimony about what Chase knew and when. Motions in limine seeking exclusion of broad categories of evidence are disfavored. *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.*

**D. The Evidence Is Relevant Under Rules 401–402 and Not Excludable Under Rule 403**

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. What Chase knew about the accuracy of its reporting, and what information it had access to during its investigation, are facts of consequence under both § 1681s-2(b) and § 1785.25(a). The evidence Chase seeks to exclude bears directly on both.

Chase's Rule 403 argument—that the evidence will "confuse" the jury into applying a "notice equals liability" standard—is an argument about jury instructions, not admissibility. If Chase is concerned that the jury might misapply the evidence, the remedy is a limiting instruction, not exclusion. Any risk of confusion is far outweighed by the probative value of evidence going to the central issues in the case.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB COMPLAINT

## IV. Conclusion

For the foregoing reasons, Chase's motion should be denied.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 TO
EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,561 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026 /s/ Joshua Johnson

Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF DIRECT DISPUTES AND CFPB COMPLAINT