Joshua Johnson
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>  Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISPUTE REPORTING**<br><br>Judge:    Hon. André Birotte Jr.<br>Place:    Courtroom 7B<br>Date:    April 17, 2026<br>Time:    10:00 AM |

1

## I. Introduction

Chase asks this Court to bar "all evidence, testimony, exhibits, and argument" regarding its failure to report Plaintiff's account as disputed. But Plaintiff is not suing Chase for violating the non-enforceable dispute-notification provisions Chase spends pages discussing. Plaintiff is suing Chase under 15 U.S.C. § 1681s-2(b) for failing to conduct a reasonable investigation after receiving notice of his dispute from Equifax, and under Civil Code § 1785.25(a) for furnishing information it knew or should have known was incomplete or inaccurate. The Ninth Circuit has held that "a disputed credit file that lacks a notation of dispute may well be incomplete or inaccurate" and that furnishers have a "privately enforceable obligation to correct" such omissions after CRA notice. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Chase's motion should be denied.

## II. Background

In August 2020, Plaintiff filed a dispute with Equifax regarding Chase's reporting of his account as delinquent and charged off. Equifax notified Chase of the dispute on or about August 25, 2020. Chase investigated and, on or about September 8, 2020, updated its reporting — but continued to report the account with the same delinquency and charge-off history, without any notation that the account was disputed. Plaintiff's FCRA claim arises under § 1681s-2(b), which requires furnishers to conduct a reasonable investigation after receiving CRA notice and to report the results. Plaintiff's CCRAA claim arises under Civil Code § 1785.25(a), which prohibits furnishing information a person knows or should know is incomplete or inaccurate. This Court denied Chase's motion for summary judgment on both claims, finding "triable issues as to the accuracy of the information Chase furnished and the reasonableness of its investigation." (Dkt. 80).

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISPUTE REPORTING

## III. Argument

## A. The Motion Is a Disguised Motion for Summary Adjudication

Chase's motion does not seek to exclude a discrete piece of evidence or narrow category of testimony. It seeks a ruling that an entire theory of liability — that Chase's reporting was incomplete because it omitted any notation of Plaintiff's dispute — is legally foreclosed. That is summary adjudication, not a motion in limine.

This Court's Trial Order warns that "[m]otions in limine should not be disguised motions for summary adjudication of issues" and that "[t]he Court may strike excessive or unvetted motions in limine." (Dkt. 27). The Ninth Circuit has recognized the same concern. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.");*Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001) (treating an in limine order that disposed of a claim as a Rule 12(b)(6) dismissal on appeal).

Chase has already filed the one Rule 56 motion to which it was entitled under this Court's Standing Order. (Dkt. 26). That motion was denied. (Dkt. 80). Chase then moved for reconsideration; the Court took the motion under submission. (Dkt. 91). Chase should not be permitted to repackage a merits argument as an evidentiary motion after exhausting its dispositive options.

## B. Chase Attacks a Claim Plaintiff Is Not Making

Chase's legal argument is straightforward: the duty to report a direct dispute under § 1681s-2(a)(3) is not privately enforceable, and the parallel CCRAA provision, § 1785.25(c), is preempted. That is a correct statement of law—and it is irrelevant to this case.

Plaintiff does not claim that Chase violated § 1681s-2(a)(3) by failing to note a direct dispute. Plaintiff claims that after Equifax notified Chase of Plaintiff's dispute in August 2020, Chase investigated, updated its reporting, and yet continued to furnish a tradeline that was incomplete and materially misleading—in part because it still contained no indication that the account was disputed. That claim arises under § 1681s-2(b), which is privately enforceable. *See* 15 U.S.C. § 1681s-2(b)(1)(A)–(E);*Nelson v. Chase Manhattan Mortg. Co.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

*Gorman* is dispositive. There, the Ninth Circuit distinguished the non-enforceable initial duty in § 1681s-2(a)(3) from the enforceable post-CRA-notice duties in § 1681s-2(b) and held that "a furnisher who fails to report that an account is disputed following notice from a CRA can be held liable under § 1681s-2(b)." 584 F.3d at 1154, 1163. The court explained that "[a] credit file that fails to report a bona fide dispute may be 'incomplete or inaccurate'" and that a jury could infer from the absence of a dispute notation that the furnisher had failed to report the results of its investigation. *Id.* at 1163. The Fourth Circuit's reasoning in *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 150 (4th Cir. 2008), which *Gorman* found "persuasive," is to the same effect: "Congress clearly intended furnishers to review reports not only for inaccuracies … but also for omissions that render the reported information misleading." *Gorman*, 584 F.3d at 1163 (citing *Saunders*).

Chase's own footnote 4 concedes the point, acknowledging that the motion "does not affect Plaintiff's ability to argue and present evidence that the information about the Account itself … was inaccurate or incomplete in violation of California Civil Code section 1785.25(a), or a claim under 15 U.S.C. § 1681s-2(b)." But the omission of a dispute notation *is* evidence that the information about the account was inaccurate or incomplete. That is what *Gorman* holds. Chase cannot

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISPUTE REPORTING

simultaneously concede that Plaintiff may prove his § 1681s-2(b) claim and exclude the evidence *Gorman* says proves it.

## C. The Evidence Is Equally Relevant to Plaintiff's CCRAA Claim

Plaintiff's CCRAA claim under § 1785.25(a) does not depend on § 1785.25(c) or any standalone duty to note a dispute. It depends on whether Chase furnished information it knew or should have known was incomplete or inaccurate. California courts apply the same "materially misleading" standard the Ninth Circuit adopted in *Gorman. See Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (applying *Gorman*'s standard to CCRAA claims); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 564 (1995) ("a report violates the statutes when it is misleading or incomplete, even if it is technically accurate"). A tradeline that reports a string of delinquencies and a charge-off without disclosing the underlying dispute is probative of incompleteness under that standard. Chase's preemption cases—*Wang, Faircloth, Marseglia*—address whether a plaintiff can bring a standalone § 1785.25(c) claim repackaged as a § 1785.25(a) claim. They do not hold that dispute-notation evidence is inadmissible to prove that a tradeline was incomplete or misleading under § 1785.25(a).

## D. The Requested Relief Is Overbroad

Even setting aside the legal errors, Chase's requested order is far broader than its stated rationale. The motion purports to address Plaintiff's alleged reliance on "failing to notify consumer reporting agencies that Plaintiff directly disputed the reporting." (Mot. at 1). But the proposed order would exclude "*all* evidence, testimony, exhibits, and argument" about any failure to notate the account as disputed—including evidence of what happened *after* CRA notice, which is the heart of the § 1681s-2(b) claim this Court has already found triable. Motions in limine seeking exclusion of broad categories of evidence are disfavored. *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019). The Court "is almost

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISPUTE REPORTING

always better situated during the actual trial to assess the value and utility of evidence." *Id.*

## IV. Conclusion

For the foregoing reasons, Chase's motion should be denied.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,237 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                                   /s/ Joshua Johnson

                                                                          Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10 TO
EXCLUDE EVIDENCE AND ARGUMENT REGARDING DISPUTE REPORTING