**Joshua Johnson**
1373CaminitoHalago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/28/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF PRE-AUGUST 24, 2020 CCRAA VIOLATIONS**<br><br>Judge:     Hon. André Birotte Jr.<br>Place:     Courtroom 7B<br>Date:      April 17, 2026<br>Time:     10:00 AM |

1

## I. Introduction

Chase asks this Court to exclude "all evidence, testimony, and argument" relating to alleged CCRAA violations before August 24, 2020, on the theory that any such violations are time-barred. But this is not an evidentiary ruling—it is a request for summary adjudication of the statute of limitations, the same issue this Court already decided against Chase in denying its Motion for Summary Judgment. The motion should be denied.

## II. Background

On August 24, 2020, Plaintiff filed a dispute with Equifax challenging Chase's reporting of the Ink credit card account as delinquent and charged off. Plaintiff filed this action on September 19, 2022.

Between November 2017 and August 2020, Chase furnished monthly reports to the credit bureaus reflecting escalating delinquency, a charge-off, and a balance inflated by unauthorized late fees and interest—without ever noting that the account was disputed. Chase furnished this information while in possession of records documenting Plaintiff's repeated complaints that he could not access account statements online.

On June 26, 2025, Chase moved for summary judgment arguing, among other things, that Plaintiff's FCRA and CCRAA claims were barred by the statute of limitations. On October 10, 2025, this Court denied that motion. The Court held that Chase "neither addresses, let alone establishes, that Plaintiff either did discover, or should have discovered, Chase's alleged violation when Chase communicated its results only to Equifax. Chase points to no particular date when Plaintiff discovered or should have discovered Chase's violation." (Dkt. 80 at 5–6).

## III. Argument

### A. The Motion Is a Disguised Motion for Summary Adjudication That This Court Has Already Denied

This Court's Trial Order states: "Motions in. limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or unvetted motions in limine." (Dkt. 27). Chase's motion is exactly that.

Chase's MIL asks the Court to rule, as a matter of law, that any CCRAA violation before August 24, 2020 is time-barred. That is the same statute-of-limitations argument Chase raised in its Motion for Summary Judgment—and lost. The MSJ Order held that Chase failed to establish when Plaintiff discovered or should have discovered the alleged violation, citing *Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012), and *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012). (Dkt. 80 at 5–6). Chase now repackages that same argument as a motion in limine.

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is "not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). That is what Chase seeks here: a dispositive ruling that an entire category of CCRAA claims is time-barred. Chase has already used its one permitted Rule 56 motion. (Dkt. 65; Standing Order, Dkt. 26). It should not be permitted a second bite through a motion in limine.

### B. Chase Repeats the Same Accrual Error the Court Already Identified

Even setting aside the procedural defect, the motion fails on the merits for the same reason it failed at summary judgment.

The CCRAA statute of limitations runs from "the date the plaintiff knew of, or should have known of, the violation." Cal. Civ. Code § 1785.33. The violation

atissue is § 1785.25(a), which prohibits furnishing information to a consumer reporting agency that the furnisher "knows or should know" is incomplete or inaccurate. The question is therefore not when Plaintiff learned that his credit report contained inaccuracies—it is when Plaintiff knew or should have known that*Chase knew or should have known* it was furnishing inaccurate information.

Chase's motion collapses these two distinct inquiries. It argues that because Plaintiff disputed the reporting on August 24, 2020, he "indisputably had knowledge of the precise conduct he now claims violated" § 1785.25(a). (MIL at 4). But awareness that a tradeline is wrong is not awareness that the furnisher violated the statute by knowingly or negligently reporting it. That is the same inferential gap the Court identified in the MSJ Order: Chase "points to no particular date when Plaintiff discovered or should have discovered Chase's violation." (Dkt. 80 at 5–6).

This distinction matters because Plaintiff's § 1785.25(a) claim depends on what Chase knew. Plaintiff did not learn the details of Chase's internal reporting practices—specifically, that Chase furnished information to credit bureaus every month while its own records reflected Plaintiff's repeated complaints—until Chase's corporate representative testified during her deposition. The question of when Plaintiff discovered the violation is a factual dispute that Chase has not resolved and cannot resolve on a motion in limine.

## C. California's COVID-19 Emergency Tolling Rule Independently Defeats the Motion

Even accepting Chase's proposed accrual date of August 24, 2020, the motion fails on its own terms. California Emergency Rule 9 tolled statutes of limitations for civil causes of action exceeding 180 days from April 6, 2020 through October 1, 2020. Cal. Rules of Court, Emergency Rule 9(a). The rule was intended to apply broadly to civil causes of action, and California courts have upheld and enforced it.*See LaCour v. Marshalls of Cal., LLC*, 94 Cal. App. 5th 1172 (2023). Federal

courts applying California limitations periods have done the same. *See Varlack v. Ohio Sec. Ins. Co.*, No. 22-cv-02478-VC, 2023 WL 2012836, at *1–2 (N.D. Cal. Feb. 15, 2023); *James v. Contra Costa County*, No. 22-cv-05939-SI, slip op. at 2–3 (N.D. Cal. July 7, 2023).

That rule independently defeats Chase's timeliness argument here. If the claim accrued on August 24, 2020, then accrual occurred during the Emergency Rule 9 tolling window. At minimum, the limitations clock did not begin to run until October 1, 2020. Under Chase's own two-year limitations theory, the deadline therefore ran no earlier than October 1, 2022. Plaintiff filed this action on September 19, 2022, making the complaint timely even under Chase's proposed accrual date. *See James*, No. 22-cv-05939-SI, slip op. at 2–3 (holding that where a claim accrued during the Emergency Rule 9 period, the limitations period began on October 1, 2020 and expired on October 1, 2022). Chase's motion does not address Emergency Rule 9 at all.

**D. The Motion Is Impermissibly Overbroad**

Chase seeks exclusion of "all evidence, testimony, and argument" offered to establish pre-August 24, 2020 CCRAA violations. But the same underlying facts—Chase's monthly reporting history, its knowledge of Plaintiff's complaints, its failure to note the account as disputed—are independently relevant to Plaintiff's FCRA claim, to any post-August 2020 CCRAA claims, and to the issue of damages. A blanket exclusion order would gut Plaintiff's ability to present his case on claims Chase does not even challenge in this motion.

Motions in limine "seeking the exclusion of broad categories of evidence are disfavored." *Flores v. FCA US LLC*, No. 1:17-cv-00427-JLT, at 2 (E.D. Cal. July 18, 2019). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Any relevance or prejudice concerns can be addressed through jury instructions and objections at trial.

## IV. Conclusion

For the foregoing reasons, Chase's motion should be denied.

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF PRE-AUGUST 24, 2020 CCRAA VIOLATIONS

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,148 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                    /s/ Joshua Johnson

                                                            Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF PRE-AUGUST 24, 2020 CCRAA VIOLATIONS