FILED

CLERK, U.S. DISTRICT COURT

**3/28/26**

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JOSHUA JOHNSON,

    Plaintiff,

  v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

Case No.: 2:22-cv-06718-AB-MAAx

**PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE OF PRE-MARCH 2019 CCRAA VIOLATIONS**

Judge:    Hon. André Birotte Jr.
Place:    Courtroom 7B
Date:    April 17, 2026
Time:    10:00 AM

1

## I. Introduction

Chase asks this Court to exclude all evidence of its credit reporting conduct before March 29, 2019—the date Chase claims Plaintiff became a California resident. The motion should be denied. It is a disguised motion for summary adjudication that resolves contested legal and factual questions under the guise of an evidentiary ruling. It misreads the CCRAA. And even on Chase's own theory, the evidence it seeks to exclude is independently relevant to Plaintiff's FCRA claim, and to whether Chase knew or should have known its reporting was inaccurate.

## II. Background

Plaintiff opened the Ink account in January 2017 while residing in North Carolina. Chase failed to provide online account statements, failed to properly close the account in September 2017, and began reporting the account as delinquent in November 2017. Chase continued to report the account as delinquent, then as charged off, each month through 2018 and into 2019—and continued reporting through March 2022.

Plaintiff moved to California in early 2019. At his deposition, Plaintiff testified he moved "Early 2019, I believe.". Chase seizes on the fact that the earliest document in Plaintiff's production bearing a California address is dated March 29, 2019, and treats that as the move date. (Mot. at 3.) Chase does not dispute that Plaintiff was a California resident by that date. (Mot. at 3 n.1.)

On August 24, 2020, Plaintiff filed a dispute with Equifax. Chase completed its investigation on or about September 8, 2020. This Court denied Chase's motion for summary judgment in its entirety on October 10, 2025. (Dkt. 80.)

## III. Argument

### A. The Motion Is an Improper Disguised Motion for Summary Adjudication

This Court's Trial Order warns: "Motions in limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE OF PRE-MARCH 2019 CCRAA VIOLATIONS

unvetted motions in limine." (Dkt. 27.) Chase's motion is exactly what the Trial Order prohibits.

Chase does not ask the Court to exclude a particular document or category of testimony under the Federal Rules of Evidence. It asks the Court to rule, as a matter of law, that the CCRAA does not reach conduct occurring before Plaintiff established California residency—and then to determine, as a factual matter, when that residency began. That is summary adjudication, not a motion in limine. *See Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.");*Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001) (treating a motion in limine that resolved a claim as a dispositive ruling).

Chase had its one Rule 56 motion. This Court denied it. (Dkt. 80.) Chase then moved for reconsideration—which remains under submission. (Dkt. 81, 91.) The Scheduling Order states that Chase "already filed the one Rule 56 motion to which it is entitled." (Dkt. 83.) Chase may not now obtain the same relief through a motion in limine.

**B. Section 1785.6 Does Not Bar Claims Under § 1785.25(a) by Non-Residents**

The motion's central premise is that § 1785.6 limits the CCRAA's furnisher prohibition to California residents. It does not.

Section 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The provision contains no residency limitation. It regulates furnishers, not consumers.

Section 1785.6 says something different: "The notices and disclosures to consumers provided for in this title shall be required to be made only to those

3

consumers who have a mailing address in California." That provision governs the notices and disclosures that credit reporting agencies and users of reports must provide to consumers—not the duty of furnishers to report accurate information to CRAs.

In *Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974 (S.D. Cal. 2022), the defendant made the same argument Chase makes here—that § 1785.6 limits the CCRAA to consumers with a California mailing address. The court rejected it, finding "no case law in support of [the] novel proposition that the CCRAA only affords protection to consumers with a California mailing address." *Id.* at 991. The court explained that § 1785.6 addresses "notices and disclosures"— obligations owed to consumers—and that "[t]he parsing of the notices and disclosures requirement to consumers who have a mailing address in California into its own discrete section necessitates the court's presumption that this act was intentional." *Id.* If the legislature had intended the entire CCRAA to apply only to California residents, "it could easily have said so." *Id.*

That reasoning applies with full force here. Section 1785.25(a) sits in Chapter 3.5 of the CCRAA and regulates furnishing to CRAs—not notices or disclosures to consumers. Section 1785.6 sits in Chapter 1. Chase asks this Court to carry a limitation from one chapter into a different chapter, with no textual support. The California Supreme Court's approach in *Connor v. First Student, Inc.*, 5 Cal. 5th 1026 (2018), forecloses that move: the court held that where the legislature's language in separate provisions of California's consumer-reporting statutes is clear, courts should not rewrite one provision by importing limitations from another.

4

**C. The Evidence Is Relevant to Plaintiff's FCRA Claim and to Chase's Knowledge**

Even if the Court were to accept Chase's reading of the CCRAA—which it should not—the evidence Chase seeks to exclude cannot be excluded. It is relevant to Plaintiff's FCRA claim and to Chase's knowledge under both statutes.

Plaintiff's FCRA claim alleges that Chase failed to conduct a reasonable investigation in response to his August 2020 dispute. This Court has already found triable issues on that claim. (Dkt. 80.) The reasonableness of Chase's investigation cannot be evaluated without reference to what Chase knew—and what it knew includes the entire history of the Ink account: that Plaintiff repeatedly complained about missing statements, that Chase failed to properly close the account, that it withdrew the wrong amount, and that the resulting balance was the product of Chase's own error. All of that occurred before March 2019. All of it is directly relevant to whether Chase's 2020 investigation was reasonable. Fed. R. Evid. 401.

The same evidence goes to Chase's state of mind under § 1785.25(a)—whether Chase "knew or should have known" its reporting was inaccurate. Chase's knowledge is not reset to zero on the date Plaintiff crossed the California border. If Chase knew in 2017 and 2018 that its reporting was the product of its own operational failures, that knowledge persisted into 2019 and 2020.

Chase's Rule 403 argument fares no better. Chase claims the jury will be confused by evidence of pre-residency conduct. But the jury will need to understand the full timeline to evaluate the reasonableness of Chase's investigation and the accuracy of its reporting. This is not "evidentiary sprawl"—it is the core of the case. The Court already found these facts give rise to triable issues. (Dkt. 80.) Excluding them would gut Plaintiff's ability to prove his claims at trial.

Finally, Chase's assertion that Plaintiff "cannot credibly claim" California residency before March 29, 2019 (Mot. at 3) does not withstand scrutiny. Plaintiff

testified he moved in "Early 2019." Chase derives its March 29 date from "the earliest reference to a California address" in Plaintiff's document production. (Givental Decl. ¶ 3.) The date a California address first appears on a document is not the date a person moves. If Chase believed the timing of Plaintiff's move was a material disputed fact warranting adjudication, it should have raised that in its summary judgment motion. It did not.

## IV. Conclusion

For the foregoing reasons, Chase's motion should be denied.

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Joshua Johnson, certifies that this brief contains 1,295 words, which complies with the word limit of L.R. 11-6.1.

**DATED:** March 27, 2026                                                    /s/ Joshua Johnson

                                                                                              Joshua Johnson

PLAINTIFF JOSHUA JOHNSON'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE OF PRE-MARCH 2019 CCRAA VIOLATIONS