**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.:  2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE**<br><br>Complaint Filed: September 19, 2022<br>Current Trial Date: August 3, 2026 |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE**

WBD (US) 4898-6292-8303

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

By Order dated April 15, 2026, this Court moved the trial date in this matter to August 3, 2026. *See* Dkt. No. 175. Promptly thereafter, because of schedule conflicts with the trial attorneys and client representative for Defendant JPMorgan Chase, N.A. ("Chase"), Chase began meeting and conferring with Plaintiff regarding a proposed stipulation to move the trial date. Despite repeated and diligent efforts, Chase has not been able to reach agreement with Plaintiff.

Chase therefore applies *ex parte* for continuance of trial from August 3, 2026 to any of the following dates: August 31, 2026, September 14, 2026, September 28, 2026, October 12, 2026, or to the soonest available date thereafter on which the Court is available.

There is good cause for the request. Trial counsel for Chase, Tomio Narita and Alisa Givental, as well as Chase's client representative at trial, each have vacations and/or other family commitments scheduled during the week of August 3, 2026. These commitments cannot be cancelled without significant hardship and cannot be rescheduled due to school and work schedules.

Chase promptly identified alternative trial dates that would work for its trial attorneys, client representative and witness, and it reached out to Plaintiff to seek his agreement to stipulate to move the trial to the specific alternative dates identified above. Chase was unable to reach agreement with Plaintiff on the new dates.

Chase has provided notice of the *ex parte*, the requested relief, and the two-court-day deadline to submit an opposition to plaintiff Joshua Johnson ("Plaintiff"). Plaintiff has indicated he is available on each of the proposed alternative trial dates. He opposes the requested continuance because he cannot confirm availability of his out-of-state witnesses absent agreement from Chase that it will not oppose a request

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

WBD (US) 4898-6292-8303

for remote appearances by those witnesses. Chase has indicated its intent to oppose a request for remote appearances.

Plaintiff agrees that this request for trial continuance be made via an *ex parte* application, indicating that he views expedient resolution of the request as imperative for maximizing the likelihood of witness availability and minimizing the chances of a longer continuance (if any) that he hopes to avoid.

Chase respectfully requests the Court grant the requested continuance and provides additional relevant information as follows.

## II.   RELEVANT BACKGROUND AND REASONS FOR REQUESTED RELIEF

### A. November 14, 2025 Scheduling Order

The Scheduling Order entered by this Court on November 14, 2025 set the Final Pretrial Conference on April 17, 2026 and a jury trial for May 18, 2026. *See* Dkt. No. 83.

The parties were required to file their first round trial filings (Motions in Limine, Memoranda of Contentions of Fact and Law, Witness Lists, Joint Exhibit List, and Joint Status Report Regarding Settlement) by March 20, 2026.

The parties were required to file their second round of pretrial filings (Oppositions to Motions in Limine, Joint Proposed Final Pretrial Conference Order, Joint Proposed Jury Instructions, Disputed Proposed Jury Instructions, Joint Proposed Verdict Forms, Joint Proposed Statement of the Case, and Proposed Additional Voir Dire Questions), by March 27, 2026. *See id.*

### B. Filings Pursuant to November 14, 2025 Scheduling Order

Chase timely filed its first round filings and joint first round filings with Plaintiff. *See* Dkt. Nos. 119-133, 142. Chase timely filed its second round filings and some joint filings, *see* Dkt. Nos. 145-151, 153, 161, except some of the filings that were supposed to be joint with Plaintiff were not filed jointly because Plaintiff

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

did not provide his written input in advance of the March 27, 2026 filing deadline. *See* Dkt. Nos. 152, 154.

Plaintiff timely filed his witness list and the first round joint filings, *see* Dkt. Nos. 133, 142, 143; filed his Motions in Limine one day late, *see* Dkt. Nos. 135-141; filed his Memorandum of Contentions of Fact and Law two days late, *see* Dkt. No. 140; and filed one of the declarations in support of Motions in Limine on April 1, 2026. *See* Dkt. No. 156. Plaintiff filed his second round Oppositions to Chase's Motions in Limine one day late, *see* Dkt. Nos. 157-171; Proposed Verdict Form and Proposed Additional Voir Dire Questions one week later, on April 3, 2026, *see* Dkt. Nos. 173-174; and Plaintiff's versions of joint documents that the parties did not file jointly on April 14, 2026 and April 15, 2026. *See* Dkt. Nos. 176-178.

### C. Plaintiff's April 1, 2026 *Ex Parte* Application and Court's Order

On April 1, 2026, Plaintiff filed an *Ex Parte* Application to Modify Pretrial Deadlines and Deem Certain Filings Timely, asking the Court to deem his first round filings and Oppositions to Motions in Limine timely, extend the deadline for joint trial filings to April 3, 2026, and deem any filings served on or before April 3, 2026 timely. *See* Dkt. No. 155.

On April 3, 2026, Chase opposed the *Ex Parte* request on the ground that it had not received Plaintiff's portions of the joint filings to allow for submission of the joint filings by the new proposed deadline of April 3, 2026. *See* Dkt. No. 160.

On April 15, 2026, the Court issued an Order on Plaintiff's *Ex Parte*, granting Plaintiff's request to deem late-filed motions in limine and oppositions timely. Dkt. No. 175. In addition, the Court ruled that due to the absence of documents that are required to be jointly prepared, neither the Final Pretrial Conference and Motion in Limine Hearing, nor trial, would go forward as scheduled. *See id.* The Court further observed that it still had Chase's motion for

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

reconsideration of the ruling on its motion for summary judgment under submission, as well as Chase's Daubert motion. *Id.*

The Court therefore postponed the Final Pretrial Conference and Motion in Limine Hearing to July 17, 2026, trial to August 3, 2026, and entered an order requiring the parties to file required joint documents jointly by June 5, 2026. *See id.*

**D. Chase's Scheduling Conflicts and Discussions With Plaintiff**

Chase's trial counsel and the Chase client representative for trial each have vacations and other family commitments scheduled during the week of August 3, 2026. Givental Declaration, ¶ 2. During the week of April 20, 2026 and April 27, 2026, Chase counsel, client representative, and corporate witness met and conferred in writing and by phone to identify their alternative dates of availability for a trial. *Id.* at ¶ 3. On May 1, 2026, counsel for Chase communicated to Plaintiff the existence of conflicts with the August 3, 2026 trial date and proposed alternative dates during the weeks of August 31st to September 4th; September 14th to September 18th; September 28th to October 2nd; and October 12th to October 16th. *Id.* at ¶ 4.

Plaintiff responded that without more information, he could not take a position about his willingness to stipulate to a postponement. *Id.* at ¶ 5. Plaintiff and counsel for Chase met and conferred telephonically on May 12, 2026 regarding the nature of the conflicts and dates of availability. *Id.* Plaintiff indicated he needed to discuss the proposed new dates with his witnesses and inquired whether Chase would oppose a request for his out-of-state witnesses to appear remotely. *Id.* Chase subsequently communicated that it would oppose such a request. *Id.* at 6.

On May 21, 2026, Plaintiff confirmed that unless Chase agreed it would not oppose his request for out-of-state witnesses to appear remotely, he would not stipulate to a trial continuance. *Id.* at ¶ 7.

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

Plaintiff and counsel for Chase further met and conferred about the trial continuance on May 22, 2026. *Id*. at ¶ 8. Plaintiff confirmed that he is available on each of the alternative trial dates proposed by Chase, but could not confirm his out-of-state witnesses' availability. *Id.*

### E.  Plaintiff's Contact Information Pursuant to L.R. 7-19

Pursuant to Local Rule 7-19.1, the address and contact information for Plaintiff is as follows:

Joshua Johnson
josh@jj88.org
(336) 423-2594
2201  St. Apt 208
Santa Monica, CA 90405

## III.    ARGUMENT

Under the Federal Rule of Civil Procedure 16(b)(4), a trial schedule may be modified for good cause with the judge's consent. "Good cause" includes circumstances where scheduled deadlines cannot be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992).

Chase requests a trial continuance due to scheduling conflicts that could not be avoided by exercise of diligence. Chase was prepared to proceed with trial as scheduled on May 18, 2026 and it met the required pretrial filing deadlines (other than those where Plaintiff could not timely supply his input).

Chase recognizes *ex parte* requests are reserved for extraordinary relief. *Ex parte* relief is appropriate here because the deadline for filing any regularly noticed motion has passed. *Ex parte* relief is appropriate where there is some "genuine urgency" such that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." *In re Intermagnetics Am., Inc.,* 101 B.R. 191, 193-94 (C.D. Cal. 1989) (internal

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

citations omitted). Such relief is justified where the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Here, while Plaintiff has not agreed to a trial continuance, Plaintiff agrees that Chase's request for a continuance may be made via *ex parte* application notwithstanding the short window he will have to submit an opposition. If Chase's request is granted – Plaintiff seeks maximum possible time to notify his witnesses of the new trial date.

## IV.   CONCLUSION

For the reasons explained herein, Chase respectfully requests that the Court continue the date of trial from August 3, 2026 to any of the following: August 31, 2026, September 14, 2026, September 28, 2026, October 12, 2026, or to the soonest available date thereafter on which the Court is available.

DATED:  May 26, 2026          WOMBLE BOND DICKINSON (US) LLP

By:   */s/Alisa A. Givental*_____
    Alisa A. Givental
    Attorneys for JPMorgan Chase
    Bank, N.A.

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

WBD (US) 4898-6292-8303

## PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On May 26, 2026, I served the document(s) described as:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

on the interested parties in this action as follows:

Joshua Johnson                                **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405
Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 26, 2026, at San Francisco, California.

_____
Alisa Givental

PROOF OF SERVICE                                2:22-CV-06718-AB-MAA

WBD (US) 4898-6292-8303