**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No.: 2:22-cv-06718-AB-MAA

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF DFENDANT JPMORGAN CHASE BANK, N.A.'S EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

Complaint Filed: September 19, 2022
Current Trial Date: August 3, 2026

I, Alisa A. Givental, declare as follows:

1. I am an attorney duly licensed to practice before this Court. I am Senior Counsel at Womble Bond Dickinson (US) LLP, counsel of record for defendant JPMorgan Chase Bank, N.A. ("Chase") in this action. I make this declaration in support of Chase's *Ex Parte* Application for Trial Continuance.
2. On April 15, 2026, I learned that the Court continued the trial date from May 18, 2026 to August 3, 2026. I immediately communicated to co-counsel Tomio Narita that I had a conflict that week due to an annual multi-family camping trip that I help organize. He indicated that mine was not the only conflict. Both Chase's representative at trial and Mr. Narita have family vacations during the week of August 3, 2026.
3. During the week of April 20, 2026 and April 27, 2026, numerous emails were exchanged between counsel for Chase, Chase's trial representative, and Chase's corporate witness in an effort to identify conflicts during the weeks following August 3, 2026, and dates of availability to propose to Plaintiff and the Court as alternatives to August 3, 2026. On August 28, 2026, we held a call to finalize the proposed list of dates.
4. On May 1, 2026, I emailed plaintiff Joshua Johnson ("Plaintiff") that we identified several conflicts during the week currently set for trial, provided four proposed alternative weeks that worked for everyone on my end, and asked Plaintiff to provide his trial availability, let me know if he would join a stipulation to continue trial to one of the proposed weeks, and/or let me know if he would oppose a request for a continuance.
5. Plaintiff responded over the weekend that he would need additional information to provide a response. I was travelling the following week out of the U.S. and then to a conference in Florida. Thereafter, Mr. Johnson and I were able to connect over the phone to discuss the conflicts on May 12, 2026.

Mr. Johnson indicated he may be willing to stipulate but he needs to discuss the proposed dates with his witnesses and that scheduling would be easier if we would stipulate to having his out-of-state witnesses appear at trial remotely.

6. On May 18, 2026, I followed up by email to see if Mr. Johnson had determined his witnesses' availability and communicated that we would not stipulate to remote appearances as well as my hope that Mr. Johnson's witnesses will be available to come in person on at least some of the dates we proposed.
7. I followed up again on May 21, 2026 regarding Mr. Johnson's position on the continuance and his witnesses' availability. Mr. Johnson responded that absent our agreement not to oppose a request for his out-of-state witnesses to appear remotely, he would not stipulate to a trial continuance.
8. On May 22, 2026, I further discussed the trial continuance with Mr. Johnson. During that call, Mr. Johnson confirmed that he is available during the proposed alternative weeks, but that he cannot confirm that his out-of-state witnesses are. I relayed my intent to file a request for a continuance no later than Tuesday after Memorial Day. We discussed that aside from the regular motion filing deadline having passed, proceeding *ex parte* is imperative for all involved notwithstanding the fact that Mr. Johnson would have only two court days to prepare an opposition. Mr. Johnson indicated he was not concerned about the short turn-around and prioritized having an answer about trial scheduling as quickly as possible so that – if the request is granted – he could try to secure his witnesses' availability.
9. Later on May 22, 2026, I confirmed via email to Mr. Johnson my intent to file the *ex parte* application by the Tuesday after Memorial Day at the latest, what this will mean for his deadline to file an opposition, and what I intend to

communicate about his position on the application based on our conversation.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California this 26th day of May 2026.

By: */s/ Alisa A. Givental*
Alisa A. Givental

**PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On May 26, 2026, I served the document(s) described as:

**DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF DFENDANT JPMORGAN CHASE BANK, N.A.'S EX PARTE APPLICATION FOR TRIAL CONTINUANCE**

on the interested parties in this action as follows:

Joshua Johnson
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: josh@jj88.org

**PLAINTIFF PRO SE**

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 26, 2026, at San Francisco, California.

Alisa Givental