UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:  2:22-cv-06718-AB-MAA | Date:    May 29, 2026 |
| --- | --- |

| Title:  *Joshua Johnson v. JPMorgan Chase Bank, N.A.* |
| --- |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| --- | --- |

| Evelyn Chun | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER <u>DENYING</u> DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF THOMAS TARTER [Dkt. No. 105]**

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s ("Defendant") Motion to Exclude the Opinions and Testimony of Thomas Tarter ("Motion," Dkt. No. 105). Plaintiff Joshua Johnson ("Plaintiff") filed an opposition and Defendant filed a reply. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff alleges claims under the Fair Credit Reporting Act ("FCRA") and the California Consumer Reporting Agencies Act ("CCRAA"). Defendant now moves to exclude the opinions and report of Plaintiff's expert Thomas Tarter ("Mr. Tarter") to the effect that "'(1) Chase's investigation of Mr. Johnson's FCRA complaint was not reasonable; (2) Chase's credit bureau reporting [sic], which failed to acknowledged [sic] that it was possible that it made an error, mistake or a misunderstanding occurred, was not industry standard; and (3) Mr. Johnson suffered damages . . . in an amount that should be quantified by the jury.'" Mot.

11:17-12:5 (quoting Tarter Report).

Defendant argues that Mr. Tarter is not qualified to testify about violations of the FCRA or CCRAA; that his opinions on the reasonableness of Defendant's investigation are not based on a reliable methodology and are based on incomplete data; that his opinions on damages lack foundation and a reliable methodology; and that his legal conclusions must be excluded.

## LEGAL STANDARD

Federal Rule of Evidence 702 states that expert opinions are admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the expert testimony is based on sufficient facts or data; (c) the testimony is the result of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

"Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs." *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997). The Court's role as a gatekeeper of *reliable* expert testimony is to independently ensure that the expert's methods are valid. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 n.9 (1993). An expert's opinions derived from an unsound or invalid methodology are without any evidentiary value because "[o]pinion evidence is only as good as the facts upon which it is based." *State of Washington v. United States*, 214 F.2d 33, 43 (9th Cir. 1954).

The question of reliability embodied in rule 702 is one of foundation: "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014), quoting *Kumho Tire Co. v. Carmichael* ("*Kumho Tire*"), 526 U.S. 137, 149 (1999). The reliability inquiry applies to all forms of expert testimony, whether based on scientific, technical, or other forms of specialized knowledge. *Kumho Tire*, 526 U.S. at 147-48.

Among the factors to consider in determining whether the expert's opinion stands upon a reliable foundation are: "(1) whether a scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and

(4) whether the technique is generally accepted." *Cooper v. Brown*, 510 F.3d 870, 943 (9th Cir. 2007), citing *Daubert*, 509 U.S. at 593-94

However, the relevancy bar is low, requiring only that the evidence "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ( "*Daubert II*"). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (2010).

Rule 402 should be applied with a "liberal thrust" favoring admission, *Daubert*, 509 U.S. at 588, as the district judge is "a gatekeeper, not a fact finder." *United States v. Sandoval–M*endoza, 472 F.3d 645, 654 (9th Cir. 2006). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564.

## DISCUSSION

The Court has read Mr. Tarter's expert report in light of Defendant's arguments and concludes that none of Defendant's arguments warrants exclusion of Mr. Tarter's testimony.

First, Defendant's Motion begins with a chart purporting to illustrate Mr. Tarter's "misunderstanding" of four "case facts and chronology." *See* Mot. 9:1-11:15. Three of these four facts rely on transcripts from the arbitration. Plaintiff argues that the parties agreed to not use such transcripts outside of the arbitration, while Defendant argues that this agreement applied only to a recording of one of the hearings. The Court will not wade into this obscure dispute. Simply stated, the Court is not persuaded that the evidence presented by Defendant is contextualized or sufficiently complete. Nor will the Court adjudicate factual disputes in the context of a *Daubert* motion. It is also not clear that the "misunderstandings" that Defendant points to would render Mr. Tarter's opinions inadmissible. Nor does the Court give any weight to Defendant's complaint that Mr. Tarter could not produce his expert file at his deposition, which Defendant noticed two years after the report was completed and over the Thanksgiving 2025 holiday. Defendant makes this statement untethered to a clear explanation for why this requires the *exclusion* of Mr. Tarter's opinions.

Second, given Mr. Tarter's background, which is set forth in his report, he is qualified to testify as to the alleged violations of the FCRA or CCRAA. Third, the Court finds that Mr. Tarter's opinions on the reasonableness of Defendant's investigation are based on reliable principles and methodology (primarily, his experience), and on sufficient data to be admissible. Defendant can highlight shortcomings in cross-examination. Mr. Tarter's opinions are not scientific; instead, they arise from extensive experience relevant to the issues, and he explains them adequately. Mr. Tarter may also testify generally as to the kinds of damages that persons with errors on credit reports may face. Of course, he may not quantify them, but that is not an opinion he offers. Finally, the Court does not find that Mr. Tarter's opinions embracing the ultimate legal issue are excludable on that basis. *See* Fed. R. Evid. 704.

In sum, none of the shortcomings Defendant points to warrant exclusion of Mr. Tarter's opinions and report. Defendant can expose any weaknesses in Mr. Tarter's testimony during cross-examination, and may otherwise raise targeted objections to specific testimony at trial.

## CONCLUSION

Defendant's Motion to Exclude (Dkt. No. 105) is **<u>DENIED</u>** without prejudice to more targeted objections at trial.

**IT IS SO ORDERED**.

CV-90 (12/02)                     **CIVIL MINUTES – GENERAL**                     Initials of Deputy Clerk <u>EVC</u>