UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.:   2:22-cv-06718-AB-MAA | Date:   May 29, 2026 |
|---|---|

| Title: | *Joshua Johnson v. JPMorgan Chase Bank, N.A.* |
|---|---|

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>DENYING</u> DEFENDANT'S MOTION FOR RECONSIDERATION [Dkt. No. 81]**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Reconsideration ("Motion," Dkt. No. 81). Plaintiff Joshua Johnson ("Plaintiff") filed an opposition and Chase filed a reply. The Motion is **<u>DENIED</u>**.

## I.   LEGAL STANDARD

"In this district, motions for reconsideration are governed by Local Rule 7–18[.]" *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Instead, it must be based on one of the following: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts

CV-90 (12/02)                 **CIVIL MINUTES – GENERAL**                 Initials of Deputy Clerk <u>EVC</u>

1

presented to the Court before such decision." *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 890).

A motion for reconsideration may not be used to reargue the motion. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent"). The movant "must show more than a disagreement with the Court's decision, and recapitulation of that which was already considered by the Court in rendering its decision." *RG Abrams Ins. v. L. Off. of CR Abrams*, No. 221CV00194FLAMAAX, 2021 WL 6752000, at *1 (C.D. Cal. 2021). And "[a] motion for reconsideration is not the place to 'do-over' things that should have been done better in the original briefing." *We 3 Kings, Inc. v. Steve Harvey Show*, No. CV 14-8816 DSF (ASx), 2017 WL 10440164, at *2 (C.D. Cal. July 24, 2017).

## II.    DISCUSSION

Defendant invokes Local Rule 7-18(c)—that the Court failed to consider material facts—to seek reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment ("MSJ Order," Dkt. No. 80) insofar as it determined that the doctrine of collateral estoppel did not bar Plaintiff's claims.[1]

As relevant, Defendant argued in its Motion for Summary Judgment ("MSJ," Dkt. No. 68) that Plaintiff's claims under the Fair Credit Reporting Act ("FCRA") and the California Consumer Reporting Agencies Act ("CCRAA") are barred by the doctrine of collateral estoppel based on a previous Arbitration Award. The Court rejected this argument based on a preclusion-limiting clause in an amendment to one of Plaintiff's cardmember agreements that provided, "No arbitration award or decision will have any preclusive effect on issues or claims in any subsequent proceedings beyond the Claims at issue." The Court reasoned that,

---

[1] The Court finds that Defendant complied with Local Rule 7-3.

because the "Claims at issue" in the arbitration were contract claims, the Arbitration Award could not have any preclusive effect on the claims in this action because they are claims under the FCRA and CCRAA. *See* Order p. 4 ("These [FCRA and CCRAA claims] are not the same claims [as the contract claims adjudicated in the Arbitration] so the arbitration cannot have any preclusive effect as to the claims in this case.")

Defendant now argues that the Arbitration Award should have been afforded broader collateral estoppel effect because it was reduced to a judgment when it was confirmed in state court. Defendant argues that the "Order erroneously fails to recognize that a confirmed arbitration award has the same force and effect of a civil judgment. Cal. Code Civ. Proc. § 1287.4." Mot. 5:10-12. Defendant cites several cases that it claims support this position. *See* Mot. 5:1-9. Thus, Defendant appears to argue that cardmember agreement's preclusion-limiting clause limiting the Arbitration Award's preclusive effect to the "Claims in issue" in the arbitration was superseded when the Arbitration Award was confirmed and reduced to a judgment, and therefore the Arbitration Award should have the same preclusive effect as any state Court judgment would. Defendant then argues that if the Arbitration Award is treated as a judgment, it has issue-preclusive effect as to issues that are dispositive of Plaintiff's FCRA and CCRAA claims.

Although Defendant's MSJ papers *mentioned* the bald fact that the Arbitration Award was reduced to a judgment, Defendant did not address the legal significance it now attributes to that fact—that it nullified the credit card agreement's preclusion-limiting clause. If the Arbitration Award being reduced to a judgment defeated the preclusion-limiting clause and was the foundation of Defendant's collateral estoppel argument, then Defendant should have affirmatively established that point in its opening brief, but if not there, then certainly in reply, not least because Plaintiff's opposition directly put that question in issue: Plaintiff's very first argument against the application of collateral estoppel was that "the parties' agreement precludes application of collateral estoppel" because of its preclusion-limiting clause. *See* MSJ Opp'n (Dkt. No. 72) 12:18-13:7. Instead of responding with the specific argument that it now makes—that the Judgment superseded the credit card agreement's preclusion-limiting clause so the latter does not apply—Defendant argued rather opaquely that a different agreement governed. *See* MSJ Reply (Dkt. No. 77) 8:24-9:4. If anything, this argument that the preclusion-limiting clause did not apply because it was in a different agreement implies that the preclusion-limiting clause would otherwise apply and would be unaffected by the Judgment. Defendant never clearly or directly argued that the preclusion-limiting clause was superseded by the Judgment. The closest Defendant

came is in its reply, where it said, "[b]ecause the Arbitration Award was confirmed as a judgment of the Los Angeles County Superior Court by order dated May 9, 2025 [] the doctrines of collateral and judicial estoppel bar relitigation of the actions of Chase and Johnson during the September 6, 2017 Ink card account closure telephone call." *See* MSJ Reply 3:16-22. But this statement appears apropos of nothing, and it makes no reference to the preclusion-limiting clause. Furthermore, it is a bald statement unsupported by any authority.

Defendant itself recognizes that it never made the essential argument in its MSJ briefing. Instead, it seeks to excuse its failure to raise the legal significance of the Judgment by stating, "[g]iven the procedural history here *(this case was stayed for 14 months pending the outcome of Plaintiff's efforts to appeal the Award before a AAA panel and the time necessary to have the Award confirmed by the Los Angeles Superior Court)*, Defendant had no grounds or other reason to believe that this Court would overlook the Judgment and its significance. Disregarding the significance of the Judgment constitutes failure to consider material evidence requiring reconsideration." Reply 3:14-4:1 (emphasis in original, original footnote omitted). If the Judgment was that significant, again, it stands to reason that Defendant should have explained that significance rather than assume the Court would intuit it. "It is not the role of the Court to make parties' arguments for them." *In re Genius Brands International, Inc. Securities Litigation*, 763 F.Supp.3d 1027, 1048 (C.D. Cal. 2025). And, as noted, Defendant remained silent on this issue even in its reply to Plaintiff's opposition. This does not entitle Defendant to the Court's reconsideration. *Artist Revenue Advocates v. Kanye Omari West a/k/a "YE" et al.*, 2026 WL 1196959, at *3 (C.D. Cal. 2026) ("Dissatisfaction with one's prior briefing [is] not grounds to grant reconsideration."); *Carter v. Pierre*, No. 1:11-cv-01135-MJS, 2013 WL 5492888, at *3 (E.D. Cal. Oct. 2, 2013) ("Reconsideration is not a vehicle by which to obtain a second bite at the apple."); *Benson v. JP Morgan Bank, N.A.*, 2010 WL 4010116, at *6 (N.D. Cal. Oct. 13, 2010) ("[I]t is unclear why [movants] argue that the Court committed unintentional error by failing to consider an argument that they did not make . . . it seems improper to allow Plaintiffs to use a Rule 60(b) motion as an opportunity to re-litigate Chase's motion to dismiss."); *Papadopoulos v. Fed Meyer Stores, Inc.*, 2006 WL 1548825, at *1 (W.D. Wash. June 2, 2006) ("Defendant cannot show manifest error based on the Court's failure to accept arguments or consider cases that were not presented in a timely manner."); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (reconsideration does not provide a second chance for parties who made deliberate choices).

CV-90 (12/02)                     **CIVIL MINUTES – GENERAL**                     Initials of Deputy Clerk EVC

Because the Motion for Reconsideration turns on an argument that Defendant could have and should have made in its MSJ memoranda, but didn't, it presents no legitimate grounds for reconsideration.

Furthermore, the Court disregards the portions of the Motion that re-argue Defendant's MSJ arguments that the underlying factual issues are identical. *See* Mot. 5:19-8:26. Defendant does not show that the Court failed to consider facts presented. Instead, Defendant attempts to make the same arguments more fully and with more nuance than it did before. This does not warrant reconsideration.

The Motion is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>