**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

JOSHUA JOHNSON, PRO PER
Josh@jj88.org
1373 Caminito Halago
La Jolla, CA 92037
Telephone: (336) 423-2594

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**AMENDED JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed: September 19, 2022 |

AMENDED JOINT PROPOSED JURY INSTRUCTIONS
2:22-CV-06718-AB-MAAwbd (US) 4911-8477-9437

Plaintiff Joshua Johnson and defendant JPMorgan Chase Bank, N.A. hereby submit the following list of Amended Joint Proposed Jury Instructions.

| # | Title | Source | Page |
|---|-------|--------|------|
| | ***Opening Instructions*** | | |
| 1 | Duty of Jury | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.2 | 5 |
| 1 | Duty of Jury (Alternative) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3 | 6 |
| 2 | Claims and Defenses | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5 | 7 |
| 3 | Burden of Proof – Preponderance of the Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 | 8 |
| 4 | Burden of Proof – Clear and Convincing Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.7 | 9 |
| 5 | What Is Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 | 10 |
| 6 | What Is Not Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 | 11 |
| 7 | Evidence for Limited Purpose | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.11 | 12 |
| 8 | Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12 | 13 |
| 9 | Ruling on Objections | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13 | 14 |
| 10 | Credibility of Witnesses | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14 | 15 |
| 11 | Conduct of the Jury | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.15 | 17 |
| 12 | Publicity During Trial | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.16 | 19 |
| 13 | No Transcript Available to Jury | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17 | 20 |

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 1 -
2:22-CV-06718-AB-MAA
WBD (US) 4911-8477-9437

| # | Title | Source | Page |
|---|-------|--------|------|
| 14 | Taking Notes | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18 | 21 |
| 15 | Questions to Witnesses by Jurors During Trial | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.19 | 22 |
| 16 | Bench Conferences and Recesses | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20 | 23 |
| 17 | Outline of Trial | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.21 | 24 |
| 18 | Self-Represented Plaintiff | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.22 | 25 |
| 21 | Cautionary Instructions | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.1 | 26 |
| 22 | Stipulations of Fact | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3 (modified) | 27 |
| 23 | Deposition in Lieu of Live Testimony | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.5 | 28 |
| 24 | Impeachment Evidence – Witness | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.10 | 29 |
| 25 | Use of Interrogatories | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12 | 30 |
| 26 | Use of Requests for Admission | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 | 31 |
| 27 | Charts and Summaries Not Received in Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15 | 32 |
| 28 | Charts and Summaries Received in Evidence | Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.16 | 33 |

| | *Closing Instructions* | | | |
|---|---|---|---|---|
| 31 | Meaning of "Consumer Reporting Agency" | 15 U.S.C. § 1681a(f); Cal. Civ. Code § 1785.3(d) | | 34 |
| 39 | Negligent Violation | *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215, 167 L. Ed. 2d 1045 (2007); *see e.g.* Ninth Circuit Manual of Model Civil Jury Instructions, No. 6.1; *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1102 (N.D. Cal. 2016) (citing *Safeco*, 551 U.S. at 58); *Id.* (citing *Banga v. Chevron U.S.A. Inc.*, No. C–11–01498 JCS, 2013 WL 71772, at *11 (N.D.Cal. Jan. 7, 2013) (quoting *Almaraz v. Universal Marine Corp.*, 472 F.2d 123, 124 (9th Cir.1972)); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335; *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) | | 35 |
| 40 | Willful Violation | *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215 (2007); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) (citing *Safeco Ins. Co. of Am.*, 551 U.S. at 68-69, 70 & n. 20); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335; *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) | | 37 |
| 49 | Mitigation of Damages (Defense) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3 (modified); *Riley v. Equifax Info. Servs., LLC*, 2021 U.S. Dist. LEXIS 159545, *21-22 (M.D. Fla. Aug. 24, 2021); *Graham v. CSC Credit Servs.*, 306 F. Supp. 2d 873, 880 (D. Minn. 2004) | | 39 |
| 53 | Duty of Jury (End of Case) | Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 | | 40 |

AMENDED JOINT PROPOSED JURY INSTRUCTIONS
2:22-CV-06718-AB-MAA

- 3 -

| 54 | Duty to Deliberate | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 | 41 |
| --- | --- | --- | --- |
| 55 | Consideration of Evidence—Conduct of the Jury | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2 | 42 |
| 56 | Communication with Court | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 | 43 |
| 57 | Readback or Playback | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.4 | 45 |
| 58 | Return of Verdict | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5 | 46 |
| 59 | Additional Instructions of Law | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.6 | 47 |
| 60 | Deadlocked Jury | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.7 | 48 |
| 61 | Continuing Deliberations After Juror is Discharged | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.8 | 49 |
| 62 | Post-Discharge Instruction | Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.9 | 50 |

## No. 1 – Duty of Jury (Court Reads and Provides Written Set of Instructions)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.2

**No. 1 – Duty of Jury (Court Reads Instructions At The Beginning Of Trial But Does Not Provide Written Copies) (Alternative)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Source**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3

## No. 2 – Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Johnson asserts that Chase violated the Fair Credit Reporting Act, Section 1681s-2(b) of Chapter 15 of the United States and the California Consumer Credit Reporting Agencies Act, Section 1785.25(a) of the California Civil Code. Johnson has the burden of proving these claims.

Chase denies those claims and also alleges affirmative defenses, including maintenance of policies and procedures, untimeliness of Johnson's claims under the applicable statutes of limitations, failure to mitigate damages, mutual mistake, waiver, and unclean hands. Chase has the burden of proof on these affirmative defenses. Johnson denies Chase's affirmative defenses.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5

### No. 3 – Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6

---

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 8 -
2:22-CV-06718-AB-MAA

## No. 4 – Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.7

## No. 5 – What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I [may instruct] [have instructed] you to accept as proved.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9

## No. 6 – What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                  - 11 -
2:22-CV-06718-AB-MAA

## No. 7 – Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.11

## No. 8 – Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12

### No. 9 – Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                    - 14 -
2:22-CV-06718-AB-MAA

## No. 10 – Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                    - 15 -
2:22-CV-06718-AB-MAA

witnesses were, and how much weight you think their testimony deserves.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14

### No. 11 – Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 17 -
2:22-CV-06718-AB-MAA

no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.15

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                      - 18 -
2:22-CV-06718-AB-MAA

### <u>No. 12 – Publicity During Trial</u>

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

### <u>Source</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.16

## No. 13 – No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17

## No. 14 – Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18

**<u>No. 15 – Questions to Witnesses by Jurors During Trial</u>**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**<u>Source</u>**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.19

## No. 16 – Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20

## No. 17 – Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Johnson will then present evidence, and counsel for Chase may cross-examine.  Then Chase may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.21

### No. 18 – Self-Represented Party

Plaintiff Joshua Johnson is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Johnson is acting as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Johnson speaks in these parts of the trial, he is acting as his own advocate, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.22

## No. 21 – Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental. If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.1

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 26 -
2:22-CV-06718-AB-MAA

## No. 22 – Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence as Exhibit 341 that will be read to you at the election of the parties during trial. You must therefore treat these facts as having been proved.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3 (modified)

### <u>No. 23 – Deposition in Lieu of Live Testimony</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Barbara Burda and Carla Willis were taken on October 23, 2023 and October 26, 2023 respectively. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

### <u>Source</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.5

## No. 24 –Impeachment Evidence – Witness

The evidence that a witness (e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.) may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.10

## No. 25 – Use of Interrogatories

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12

## <u>No. 26 – Use of Requests for Admission</u>

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

## <u>Source</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 31 -
2:22-CV-06718-AB-MAA

## **No. 27 – Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## **Source**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15

## <u>No. 28 – Charts and Summaries Received in Evidence</u>

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>Source</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.16

## No. 31 – Meaning of "Consumer Reporting Agency"

"Consumer credit reporting agency" means any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties. For purposes of this case, "consumer reporting agency" refers only to Equifax, Experian, TransUnion, and Innovis.

## Source

15 U.S.C. § 1681a(f); Cal. Civ. Code § 1785.3(d)

## No. 39 –Negligent Violation

To prove a negligent violation of Section 1681s-2(b) of the FCRA or Section 1785.25(a) of the CCRAA, Johnson must prove by a preponderance of the evidence that Chase failed to use "reasonable care" in exercising its duties under the law in question. "Reasonable care" is the degree of care that a reasonably prudent person would use under similar circumstances.

## Source

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215, 167 L. Ed. 2d 1045 (2007) ("There being no indication that Congress had something different in mind, we have no reason to deviate from the common law understanding in applying the statute."); *see e.g.* Ninth Circuit Manual of Model Civil Jury Instructions, No. 6.1 ("Negligence is the failure to use reasonable care. Reasonable care is the degree of care that a reasonably prudent person would use under like circumstances.  Someone can be negligent by doing something that a reasonably prudent person would not have done, or by failing to do something that a reasonably prudent person would have done."); *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1102 (N.D. Cal. 2016), citing *Safeco*, 551 U.S. at 58 ("In the absence of contrary congressional intent, negligence must be given its common law meaning."); *Id. citing Banga v. Chevron U.S.A. Inc.*, No. C–11–01498 JCS, 2013 WL 71772, at *11 (N.D.Cal. Jan. 7, 2013) (quoting *Almaraz v. Universal Marine Corp.*, 472 F.2d 123, 124 (9th Cir.1972)) (applying standard to FCRA claim under 15 U.S.C. § 1681o) (The "standard of conduct required to avoid negligence [is] that of a reasonably prudent person under similar circumstances."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also*

*Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA.");
*Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233
(1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow
reasonable procedures to assure accuracy when preparing consumer credit reports).

## No. 40 –Willful Violation

To prove a willful violation of Section 1681s-2(b) of the FCRA or Section 1785.25(a) of the CCRAA, Johnson must prove by a preponderance of the evidence that Chase acted in knowing or in "reckless disregard" of its obligations under the law.  Conduct is in reckless disregard of Johnson's rights if, under the circumstances, Chase ran a risk of violating the law substantially greater than the risk necessary to make the conduct negligent.

## Source

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215 (2007) ("[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) ("Recklessness is an objective standard. …A defendant acts in reckless disregard when its action both is "a violation under a reasonable reading of the statute's terms" and "shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."), citing *Safeco Ins. Co. of Am.*, 551 U.S. at 68-69; Shaw, 891 F.3d at 760 ("there was no statute, CFPB guidance, or case law that 'might have warned [Experian] away from the view it took' or informed Experian that its approach to reporting short sales was objectively unreasonable. …To the contrary, the CFPB informed Experian that it had investigated the short sale-foreclosure problem and discovered that the underlying problem was not due to inaccurate reporting by furnishers or CRAs. This agency guidance suggests Experian's conduct, even if it were a violation of the FCRA, was not objectively unreasonable and therefore not reckless.") (citing *Safeco Ins. Co. of Am.*, 551 U.S. at 70 & n. 20); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) ("[T]he CCRAA 'is substantially based on the [FCRA]. … Thus, "judicial

interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.") (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3, 3 Cal.Rptr.3d 301 (2003)); *see also Guimond*, 45 F.3d at 1335 ("The CCRAA mirrors the provisions of the FCRA."); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 570, 46 Cal.Rptr.2d 233 (1995) (stating FCRA and CCRAA have similar requirements for a CRA to follow reasonable procedures to assure accuracy when preparing consumer credit reports).

### No. 49 – Mitigation of Damages (Defense)

Johnson has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish this defense, Chase has the burden of proving by a preponderance of the evidence:

    1.  that Johnson failed to use reasonable efforts to mitigate damages; and

    2.  the amount by which damages would have been mitigated.

If you find that Chase proved this defense, you must reduce any award of damages by the amount of damages that would have been mitigated.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3 (modified); *Riley v. Equifax Info. Servs., LLC,* 2021 U.S. Dist. LEXIS 15945, *21-22 (M.D. Fla. Aug. 24, 2021) (rejecting argument that CRA cannot raise a failure to mitigate defense); *Graham v. CSC Credit Servs*., 306 F. Supp. 2d 873, 880 (D. Minn. 2004) (assuming that duty to mitigate exists in FCRA case).

## No. 53 – Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4

## No. 54 – Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1

## No. 55 – Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on

evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2

---

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                   - 43 -
2:22-CV-06718-AB-MAA

## No. 56 – Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3

## No. 57 – Readback or Playback

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a readback of the testimony of [witness's name] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.4

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                   - 45 -
2:22-CV-06718-AB-MAA

## No. 58 – Return of Verdict

A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5

## <u>No. 59 – Additional Instructions of Law</u>

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

### <u>Source</u>

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.6

## No. 60 – Deadlocked Jury

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.7

---

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                    - 48 -
2:22-CV-06718-AB-MAA

### No. 61 – Continuing Deliberations After Juror is Discharged

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.8

## No. 62 – Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

### Source

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.9

DATED: June 5, 2026      WOMBLE BOND DICKINSON (US) LLP

By: */s/Alisa A. Givental*
     Alisa A. Givental

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DATED: June 5, 2026      JOSHUA JOHNSON

By: _____
     Joshua Johnson

AMENDED JOINT PROPOSED JURY INSTRUCTIONS      - 50 -
2:22-CV-06718-AB-MAA

<u>**PROOF OF SERVICE**</u>

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On June 5, 2026, I served the following document(s) described as:

**AMENDED JOINT PROPOSED JURY INSTRUCTIONS**

on the interested parties in this action as follows:

Joshua Johnson                                                 **PLAINTIFF PRO SE**
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel:  (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 5, 2026, at Richmond, California.

_____
Alisa Givental

AMENDED JOINT PROPOSED JURY INSTRUCTIONS                                      2
2:22-CV-06718-AB-MAA