**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
PRO SE

FILED

CLERK, U.S. DISTRICT COURT

5/29/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jb_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JOSHUA JOHNSON,

    Plaintiff,

     v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

Case No.: 2:22-cv-06718-AB-MAAx

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE [Dkt. No. 182]**

Judge:    Hon. André Birotte Jr.
Place:    Courtroom 7B

1

# I. INTRODUCTION

Chase wants trial moved because its four-attorney, two-firm trial team have scheduling conflicts. Johnson has confirmed that he is available on each of the alternative dates Chase proposes. The real burden of another reset will fall on Johnson's fact witnesses in North Carolina: nonparties who live across the country and must arrange travel, childcare, work absences, family schedules, and a week away from ordinary obligations each time the trial date moves.

This would be the fifth trial-date setting in a case Chase has repeatedly delayed. *See* Dkt. Nos. 27, 59, 83, 175. Chase seeks flexibility for its own retained trial team while opposing remote testimony for the nonparty witnesses most affected by that flexibility. Whether or not the Court grants a continuance, it should allow Johnson's fact witnesses to testify remotely under Federal Rule of Civil Procedure 43(a), if those witnesses prefer to do so because of the new trial date.

# II. THE REQUEST FOLLOWS YEARS OF CHASE-DRIVEN DELAY

This dispute began in May 2018. The arbitration began in September 2020, and the award was not confirmed until May 2025. See Dkt. No. 80.

In September 2023, after this case had been pending for a year, Chase moved to stay the action and continue trial. Chase argued that the arbitration award would have preclusive effect, that there was "no potential damage" to Johnson from a stay, and that the arbitration would "most likely" resolve within nine months. *See* Dkt. No. 37. Johnson opposed the stay and warned that "witness memory could be expected to fade during the period of such delay." The request was granted. Two years later, the Court later rejected Chase's preclusion theory, holding on summary judgment that the arbitration award had "no preclusive effect" on Johnson's claims. *See* Dkt. No. 80.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE**

That delay had consequences. It cost Johnson his representation, forced him to carry out extensive motion practice from summary judgment through the pretrial stage, and witness memories have undoubtedly faded.

**III. THE APRIL 15 RESET WAS CAUSED BY CHASE**

The April 15 reset, which Chase attempts to blame Johnson for, also traces to Chase's choices. On March 20, 2026, Chase filed twelve motions in limine. Johnson's oppositions were due March 27—five business days later—the same day the second-round pretrial filings were due. Johnson twice asked for a short extension: first, on March 23, to move the second-round deadline from March 27 to March 30; then, on March 24, after a meet-and-confer call, to move it to April 3. Chase refused both requests. Less than two weeks earlier, Johnson had granted Chase a sixty-day extension to file a brief in a related state-court action. Chase would not agree to even three days in return.

With twelve oppositions and the second-round pretrial filings due at the same time, Johnson prioritized the motion work. He still provided his proposed edits and positions on every joint document, with the exception of the proposed pretrial conference order, including the disputed jury instructions, by April 3, 2026, well before the April 17 pretrial conference. He also proposed practical ways to complete the joint filings, e.g., by submitting competing subsections where the parties had major disagreements. Chase rejected those proposals, necessitating his individual filings.

**IV. THE EQUITIES DO NOT SUPPORT RELIEF FOR CHASE ALONE**

Chase is represented by two law firms and six attorneys actively appearing in this matter. Its conflicts involve paid professionals and a corporate representative. Johnson's fact witnesses are nonparties. They work, have family obligations, and all but one have young children. A live trial appearance in Los Angeles requires each witness to set aside an entire week, book travel, arrange

PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE

childcare, coordinate with spouses, secure time away from work, and clear other commitments. When the trial date moves, those arrangements have to be undone and made again.

The only objection Chase communicated to Johnson was the possibility of audio or technical issues. But that concern is difficult to reconcile with the arbitration, where Chase's own witnesses were permitted to testify remotely.

**V. CONCLUSION**

Chase asks for another trial reset after obtaining a stay and continuance on a preclusion theory the Court later rejected, and after contributing to the pretrial dispute that led to the most recent reset of the trial date. It should not receive another accommodation while requiring non-party fact witnesses 3,000 miles away to absorb the costs of another changed date.

If the Court continues the trial, it should permit witnesses in North Carolina to testify by contemporaneous remote transmission under Rule 43(a), if those witnesses prefer to do so in light of the continued trial date and subject to appropriate safeguards.

**DATED:** May 28, 2026                                    Joshua Johnson

                                                                            /s/ Joshua Johnson

PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR TRIAL CONTINUANCE