TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

ABIRAMI GNANADESIGAN (SNB 263375)
AGnanadesigan@dykema.com
DYKEMA GOSSETT LLP
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for JPMorgan Chase Bank, N.A.

**Joshua Johnson**
1373 Caminito Halago
La Jolla, CA 92037
(336) 423-2594
josh@jj88.org
IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT
6/5/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____jb_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    PLAINTIFF,<br><br>    V.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    DEFENDANT. | Case No. 2:22-cv-06718-AB-MAAx<br><br>**COMPETING PROPOSED VERDICT FORMS**<br><br>Trial Date: August 3, 2026<br><br>Final Pre-Trial Conference: July 17, 2026<br><br>Judge: Hon. André Birotte Jr. |

Plaintiff Joshua Johnson ("Johnson") and defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submit their Competing Proposed Verdict Forms and their respective positions regarding each other's proposals.

1

**COMPETING PROPOSED VERDICT FORMS**

## VERDICT FORM PROPOSED BY JOHNSON

*We, the Jury in the above-captioned matter, answer as follows:*

**SECTION I: FAIR CREDIT REPORTING ACT**

**Question 1:**

Did JPMorgan Chase Bank, N.A. ("Chase") violate the Fair Credit Reporting Act?

Yes _____            No _____

*If your answer to Question 1 is "Yes," proceed to Question 2. If your answer to Question 1 is "No," answer no further questions in Section I and proceed to Section II.*

**Question 2:**

Did Joshua Johnson ("Johnson") suffer any actual damages from Chase's violation of the Fair Credit Reporting Act?

Yes _____            No _____

*If your answer to Question 2 is "Yes," then you must determine the amount of actual damages to be awarded to Johnson—proceed to Question 3. If your answer to Question 2 is "No," proceed to Question 4.*

**Question 3:**

What are Johnson's actual damages from Chase's violation of the Fair Credit Reporting Act?

$ _____

*Proceed to Question 4.*

**Question 4:**

Was Chase's violation of the Fair Credit Reporting Act willful?

Yes _____            No _____

*If your answer to Question 4 is "Yes," proceed to Question 5. If your answer to Question 4 is "No," answer no further questions in Section I and proceed to Section II.*

2

**COMPETING PROPOSED VERDICT FORMS**

**Question 5:**

What are Johnson's actual or statutory damages from Chase's willful violation of the Fair Credit Reporting Act?

$ _____ (fill in the amount of actual damages from the response to Question 3 OR statutory damages of not less than $100 and not more than $1,000)

*Proceed to Question 6.*

**Question 6:**

Do you find that Johnson should be awarded punitive damages?

Yes _____                              No _____

*If your answer to Question 6 is "Yes," proceed to Question 7. If your answer to Question 6 is "No," answer no further questions in Section I and proceed to Section II.*

**Question 7:**

What punitive damages do you award against Chase for its willful violation of the Fair Credit Reporting Act?

$ _____

*Proceed to Section II.*

**SECTION II: CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**Question 8:**

Did Chase commit one or more violations of the California Consumer Credit Reporting Agencies Act?

Yes _____                              No _____

*If your answer to Question 8 is "Yes," proceed to Question 9. If your answer to Question 8 is "No," stop here, answer no further questions, and have the presiding juror sign and date this form.*

3

**COMPETING PROPOSED VERDICT FORMS**

**Question 9:**

Did Johnson suffer any actual damages from Chase's violation(s) of the California Consumer Credit Reporting Agencies Act?

Yes _____                    No _____

*If your answer to Question 9 is "Yes," then you must determine the amount of actual damages to be awarded to Johnson—proceed to Question 10. If your answer to Question 9 is "No," answer no further questions in Section II and have the presiding juror sign and date this form.*

**Question 10:**

What are Johnson's actual damages from Chase's violation(s) of the California Consumer Credit Reporting Agencies Act?

$ _____

*Proceed to Question 11.*

**Question 11:**

How many willful violations of the California Consumer Credit Reporting Agencies Act did Chase commit, if any?

_____

*If your answer to Question 11 is greater than zero, proceed to Question 12. If your answer to Question 11 is zero, stop here, answer no further questions, and have the presiding juror sign and date this form.*

**Question 12:**

Do you find that Johnson should be awarded punitive damages?

Yes _____                    No _____

*If your answer to Question 12 is "Yes," proceed to Question 13. If your answer to Question 12 is "No," stop here, answer no further questions, and have the presiding juror sign and date this form.*

4

**COMPETING PROPOSED VERDICT FORMS**

**Question 13:**

What punitive damages do you award against Chase for its willful violation(s) of the California Consumer Credit Reporting Agencies Act?

$ _____ (fill in punitive damages of not less than $100 and not more than $5,000 per violation)

Have the presiding juror sign and date the verdict form.

**Signed:** _____

**Dated:** _____

**After this verdict form has been signed, notify the Court Room Deputy that you are ready to present your verdict in the courtroom.**

5

**COMPETING PROPOSED VERDICT FORMS**

## <u>VERDICT FORM PROPOSED BY CHASE</u>

We answer the questions submitted to us as follows:

### Fair Credit Reporting Act § 1681s-2(b)

1.    Did Chase furnish incomplete or inaccurate information about Johnson to a consumer reporting agency?

_____ Yes _____ No

*If you answered "Yes," respond to question 2.  If you answered "No," then have the presiding juror sign and date the verdict form.*

2.    Did Johnson submit a dispute to a consumer reporting agency about the completeness or accuracy of information furnished about him by Chase?

_____ Yes _____ No

*If you answered "Yes," respond to question 3. If you answered "No," skip to question 11.*

3.    Did a consumer reporting agency notify Chase that Johnson disputes the completeness or accuracy of information Chase furnished about him?

_____ Yes _____ No

*If you answered "Yes," respond to question 4. If you answered "No," skip to question 11.*

4.    Was Chase's investigation of the dispute received from a consumer reporting agency unreasonable?

_____ Yes _____ No

*If you answered "Yes," respond to question 5.  If you answered "No," skip to question 11.*

5.    Does any affirmative defense, Jury Instruction Nos. [TBD], bar liability to Johnson under the Fair Credit Reporting Act?

_____ Yes _____ No

*If you answered "Yes," skip to question 11. If you answered "No," respond to question 6.*

**COMPETING PROPOSED VERDICT FORMS**

6.     Was Chase's failure to conduct a reasonable investigation of Johnson's dispute willful?

_____ Yes _____ No

*If you answered "Yes," skip to question 8.  If you answered "No," respond to question 7.*

7.     Was Chase's failure to conduct a reasonable investigation of Johnson's dispute negligent?

_____ Yes _____ No

*If your answered "Yes," respond to question 8.  If you answered "No," skip to question 11.*

8.     Was any actual damage to Johnson the result of Chase's failure to conduct a reasonable investigation?

_____ Yes _____ No

*If you answered "Yes," respond to question 9.  If you answered "No" but answered "Yes" to question 6, skip to question 10. If you answered "No" to this question and question 6, skip to question 11.*

9.     What amount, if any, will reasonably and fairly compensate Plaintiff for any actual damages you find were the result of Chase's failure to conduct a reasonable investigation?

$_____.

*If your answer was greater than "0.00" skip to question 11.  If your answer was "0.00" and you answered question 6 "yes," answer question 10.  If your answer was "0.00" and you answered question 6 "No," skip to question 11.*

10.     If you have found that Chase's failure to conduct a reasonable investigation of Johnson's dispute was willful, what amount, between $100 and $1,000, do you award Johnson for the actual damages he sustained?

$_____.  *Answer question 11.*

7

**COMPETING PROPOSED VERDICT FORMS**

**<u>California Civil Code Section 1785.25(a)</u>**

11.    Do you find that Chase knew or should have known that the information it furnished about Johnson was incomplete or inaccurate?

_____ Yes _____ No

*If you answered "Yes," respond to question 12.  If you answered "No," have the presiding juror sign and date the verdict form.*

12.    Was Plaintiff subject to the protections of the CCRAA at the time that Chase furnished information to a consumer reporting agency that it knew or should have known was incomplete or inaccurate?

_____ Yes _____ No

*If you answered "Yes," respond to question 13.  If you answered "No," have the presiding juror sign and date the verdict form.*

13.    Did Johnson suffer any actual damages as a result of Chase furnishing information that it knew or should have known was incomplete or inaccurate?

_____ Yes _____ No

*If you answered "Yes," respond to question 14.  If you answered "No," have the presiding juror sign and date the verdict form.*

14.    Was Chase's furnishing of inaccurate or incomplete information willful?

_____ Yes _____ No

*If you answered "Yes," skip to question 16.  If you answered "No," answer question 15.*

15.    Was Chase's furnishing of inaccurate information negligent?

_____ Yes _____ No

*If you answered "Yes," respond to question 16.  If you answered "No," have the presiding juror sign and date the verdict form.*

8

**COMPETING PROPOSED VERDICT FORMS**

16.    Does any affirmative defense, Jury Instruction Nos. [TBD], bar liability to Johnson under the California Consumer Credit Reporting Agencies Act?

_____ Yes _____ No

*If you answered "Yes," have the presiding juror sign and date the verdict form. If you answered "No," respond to question 17.*

17. What amount, if any, will reasonably and fairly compensate Johnson for any actual damages you find were the result of Chase's furnishing information about Plaintiff that it knew or should have known was incomplete or inaccurate?

*Please note that if you awarded damages in any amount greater than zero in response to Question No. 9, you may not award those same damages here.*

$_____.


**Have the presiding juror sign and date the verdict form.**

**Signed:** _____

**Dated:** _____

***After [this verdict form has/all verdict forms have] been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.***

**COMPETING PROPOSED VERDICT FORMS**

### JOHNSON'S POSITION RE: VERDICT FORM PROPOSED BY CHASE

The Court has broad discretion over the form of the verdict. *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991). But whatever form is used, Rule 49 requires that it allow the jury to make every finding the governing law makes necessary, that it not misstate that law, and that it not invite inconsistent or incomplete answers. Fed. R. Civ. P. 49(a)(2), (b)(1).

Great care was taken to make Johnson's form pose each issue in ultimate form, avoid verdicts that are legally or logically impossible or ambiguous, and remain as simple as possible without sacrificing accuracy.

Chase's form, by contrast, fails under Rule 49 in several specific and prejudicial respects. Its length is not a substitute for accuracy. The form omits remedies that the FCRA and the CCRAA expressly authorize, mislabels others, embeds questions that can be answered in logically irreconcilable ways, submits a question of law to the jury, and routes the jury through a maze of cross-referencing conditions. Specifically:

1. *Narrows the FCRA duty.* Chase's form treats § 1681s-2(b) as only an investigation claim, omitting the statute's separate review, reporting, correction, deletion, and blocking duties. Johnson's Question 1 preserves the full statutory violation.

2. *Omits FCRA punitive damages. Chase's form provides no question to award punitive damages for a willful FCRA violation (§ 1681n(a)(2)); its willfulness finding (Question 6) carries no remedy. Johnson's Questions 6–7 preserve it.*

3. *Omits the CCRAA per-violation remedy.* Chase asks whether the violation was willful (Question 14) but attaches no enhanced award, so willful and negligent violations recover identically, and the form never counts the violations needed for the $100–$5,000-per-violation remedy (§ 1785.31(a)(2)(B)). Johnson's Questions 11–13 supply the count and the award.

4. *Mislabels statutory damages as actual damages.* Chase's Question 10 asks for

10

**COMPETING PROPOSED VERDICT FORMS**

"$100 to $1,000" "for the actual damages he sustained," yet is reached only after the jury has found zero actual damages; statutory damages are a separate remedy (§ 1681n(a)(1)(A)). Johnson's Question 5 labels the remedy correctly as "actual or statutory damages."

5. *Directs a self-contradictory award.* Chase's Question 10 is reached only after Question 9 fixes actual damages at "$0.00," yet orders the jury to award "$100 to $1,000" "for the actual damages he sustained"—a sum the jury has just valued at zero. Johnson's Question 5 frames the remedy as actual or statutory damages, so no award rests on a finding the jury just contradicted.

6. *Forecloses the statutory-damages election.* Chase's routing skips statutory damages whenever any nonzero actual figure is awarded (Question 9), so even $1 in actual damages bars the up-to-$1,000 statutory recovery. Johnson's Question 5 lets the jury award statutory damages in lieu of actual.

7. *Allows contradictory FCRA verdict.* Chase's form lets the jury find the investigation unreasonable (Question 4) yet neither willful (Question 6) nor negligent (Question 7), producing a contradictory defense verdict. Johnson asks liability once (Question 1) and treats willfulness as the damages trigger (Question 4).

8. *Allows contradictory CCRAA verdict.* Chase's Question 11 requires a "knew or should have known" finding—i.e., negligence—while Question 15 separately asks whether the furnishing was "negligent," inviting "yes" to one and "no" to the other. Johnson asks liability once (Question 8) and willfulness separately (Question 11).

9. *Routes around a mandatory CCRAA recovery.* Chase's routing also lets a jury that finds Chase knew or should have known (Question 11) and that actual damages resulted (Question 13) reach the signature line through a "No" on negligence (Question 15)—denying the actual-damage recovery § 1785.31(a)(1) makes available once negligence and harm are found. Johnson's

11

**COMPETING PROPOSED VERDICT FORMS**

Questions 8–10 tie the damage award to a single liability finding.

10. *Asks the jury a legal question.* Chase's Question 12 asks whether Johnson was "subject to the protections of the CCRAA"—a question of law, not fact. Johnson's form omits it.

11. *Contains error-prone routing.* Chase's Questions 8 and 9 require the jury to cross-reference its Question 6 answer across multiple branches, risking irreconcilable answers. Johnson's form routes linearly.

12. *Builds in a damages contradiction.* Chase's Question 8 asks whether actual damage resulted (yes/no) and Question 9 then asks the amount while expressly permitting "$0.00," so the jury can find damage resulted yet award nothing—facially irreconcilable answers the form routes rather than prevents. Johnson's Questions 2–3 separate whether damages exist from how much, without inviting a zero award after a "yes."

**COMPETING PROPOSED VERDICT FORMS**

## CHASE'S POSITION RE: VERDICT FORM PROPOSED BY JOHNSON

Johnson's proposed verdict form is flawed because its questions are untethered from Johnson's proposed jury instructions, skips over required findings, and invites error. Chase's proposed form addresses these issues and provides the detail appropriate for this type of case.

The Court has complete discretion over the form of the verdict, including whether to use a general verdict, a special verdict, or a general verdict with written interrogatories. *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991) (citing *Mateyko v. Felix*, 924 F.2d 824, 827 (9th Cir. 1991)). Whatever form is used, the Court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue. Fed. R. Civ. P. 49(a)(2), (b)(1).

A verdict form that requires the jury to find each material fact separately eliminates the ambiguity that invites that challenge. *Floyd*, 929 F.2d at 1395 (courts submit special interrogatories "to establish a factual basis for testing the correctness of verdicts and ascertaining their extent") (citing 76 Am.Jur.2d Trial § 1175; 9 Wright & Miller §§ 2505, 2511). Johnson's one-question-per-claim approach does not provide that foundation. Chase's competing verdict form does.

Johnson proposes a bare-bones special verdict form with open-ended general questions, but his proposed jury instructions – if accepted by the Court – do not tell the jury how to answer them. Question 1 asks only whether Chase "violated the Fair Credit Reporting Act," but Johnson proposes no instruction that defines a violation of the FCRA or of section 1681s-2(b). His only relevant instructions address furnisher duties under section 1681s-2(b) and what a negligent or willful violation of those duties means. Question 1 does not ask the jury to find a negligent or willful violation; it asks more generally whether a violation occurred, leaving the jury with no applicable instruction to make that finding.

The same dissonance recurs throughout. Question 6 asks whether Johnson should be awarded punitive damages (which, like Question 13 Chase contends is a

13

**COMPETING PROPOSED VERDICT FORMS**

determination for the Court) but Johnson proposes no instruction on what punitive damages are or what makes a plaintiff eligible to recover them. Questions 3, 5, and 10 ask the jury to fill in a damages amount, but Johnson's proposed actual damages instruction identifies only categories of compensable harm without telling the jury that its task is to determine an amount that will reasonably and fairly compensate Johnson for the harm it finds. The verdict form questions ask for a number without supplying that framing, leaving a gap between what the proposed instruction covers and what the verdict question requires. Questions 8 and 11 are likewise difficult to answer under Johnson's only proposed CCRAA instruction, which states that a violation occurs when Chase "engaged in credit reporting which Chase knew, or should have known, was inaccurate or incomplete." That instruction provides no basis for the jury to determine whether one or more violations occurred, let alone to count them — which matters because Question 13 on his proposed verdict form uses that count as a multiplier.

The form also skips required findings. Question 9 asks whether Johnson suffered actual damages and instructs the jury that a "yes" answer requires determining an amount — before requiring any finding that a negligent violation occurred, which is the predicate for actual damages under Cal. Civ. Code § 1785.31(a)(1). Question 13 compounds the problem. It instructs the jury to multiply the number of willful CCRAA violations by a figure between $100 and $5,000. But recovery for a CCRAA violation is available only if the violation caused Johnson harm. Cal. Civ. Code § 1785.31(a)(2)(A). A finding of multiple willful violations does not establish that each one caused recoverable injury — yet the form tells the jury to multiply without asking whether harm resulted from each violation counted. This invites an award the statute does not permit.

The form also omits any reference to affirmative defenses, which Chase has pleaded and intends to try.

Beyond the specific defects, Johnson's bare-bones approach is poorly suited to

14

**COMPETING PROPOSED VERDICT FORMS**

this case. The jury instructions are sharply disputed. The governing legal standards are in flux: while the Ninth Circuit has not formally adopted the "objectively and readily verifiable" standard, four circuits have embraced it for FCRA inaccuracy claims, and district courts within this Circuit have recently begun applying it as persuasive authority. *Davis v. Trans Union, LLC*, No. 2:22-CV-05819-SPG-AS, 2025 WL 2851881, at *9 (C.D. Cal. July 22, 2025). There are few FCRA or CCRAA furnisher trials from which to draw tested verdict form models. Contested instructions, unsettled law, and a thin body of trial precedent together increase the likelihood of post-trial challenge and remand.

DATED: June 5, 2026                    **JOSHUA JOHNSON**

By: _____
     Joshua Johnson

DATED: June 5, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: */s/Alisa A. Givental*

Alisa A. Givental

Attorneys for Defendant

JPMORGAN CHASE BANK, N.A.

15

**COMPETING PROPOSED VERDICT FORMS**