**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON, | Case No. 2:22-cv-06718-AB-MAA |
| Plaintiff, | The Hon. André Birotte Jr. Courtroom 7B |
| v. | [~~PROPOSED~~] ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S EX PARTE APPLICATION FOR TRIAL CONTINUANCE |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

Before the Court is Defendant's Ex Parte Application to Continue the Trial Date (Dkt. No. 182), filed on May 26, 2026, and Plaintiff's opposition thereto (Dkt. No. 188).

Defendant asks the Court to continue the August 3, 2026 trial date because Defendant's representative and its counsel have family obligations at that time. Plaintiff states that he opposes the continuance unless the Court also permits his witnesses in North Carolina to testify by contemporaneous remote transmission under Rule 43(a) in light of the continued trial—an accommodation that Defendants appear unwilling to make.

The Court continued the trial to August 3 in its April 15 minute order. Contrary to what Defendant implies, that continuance was necessitated in part by Defendant's filing of 12 motions in limine. The record also reflects that Defendant was less than accommodating of pro se Plaintiff's request for a brief continuance

1

of certain deadlines, and seems unwilling to accommodate Plaintiff's request for his east coast fact witnesses, who also have family obligations, to testify by remote transmission under Rule 43(a). Despite Defendant's own seeming lack of flexibility, Defendant insists on a continuance for its representative's and counsel's convenience.

The Court is willing to continue the trial date so that Defendant's representative and counsel may fulfill family obligations. Plaintiff's fact witnesses in North Carolina, who are not parties, also have family obligations, so their having to re-shuffle their travel plans and related arrangements to accommodate Defendant's representative and counsel, who are paid professionals, is burdensome. But, at this time and on this record, the Court is not going to make a blanket order permitting Plaintiff's North Carolina fact witnesses to testify by contemporaneous remote transmission under Rule 43(a). However, the Court does expect Defendant to reciprocate and avoid additional needless motion practice by agreeing to reasonable requests for Plaintiff's distant fact witnesses to testify remotely.

With the foregoing expectation, the Court **CONTINUES** the jury trial to **September 14, 2026, at 8:30 a.m.**

**IT IS SO ORDERED.**

Dated: June 17, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

2