UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-06718-AB-MAA | Date: | August 11, 2026 |
|---|---|---|---|

| Title: | *Joshua Johnson v. JPMorgan Chase Bank, N.A.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER RE: MOTIONS IN LIMINE**

The Court rules as follows on the parties' Motions in Limine:

**DEFENDANT'S MOTION IN LIMINE NO. 1** to Exclude Speculative Evidence of Damages [119]: Defendant moves pursuant to Federal Rules of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401-403, 602, and 701-702 to preclude plaintiff Joshua Johnson ("Plaintiff") and/or other lay witnesses from introducing speculative evidence or argument regarding alleged credit-related damages. In particular, lay testimony, argument, or exhibits purporting to show that (1) Chase's credit reporting caused fluctuations in Plaintiff's credit score, (2) because of Chase's credit reporting, Plaintiff would have been denied credit or offered credit on unfavorable terms had he applied for financing, or (3) that in the absence of Chase's reporting, Plaintiff would have qualified for, obtained, and completed a real estate purchase – should be barred from presentation at trial.

The Motion is overbroad in that it is directed in part to evidence that it does not appear Plaintiff intends to introduce. The evidence as described in the opposition appears to be admissible. The Motion is **DENIED without prejudice**

to Defendant making targeted objections at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 2** to Exclude MEDICAL
RECORDS AND UNSUPPORTED CAUSATION OPINIONS ATTRIBUTED
TO SAME [127]: Defendant moves pursuant to Federal Rules of Civil Procedure
26(a)(2) and Federal Rules of Evidence 403, 703, 803, and 901 to exclude
Plaintiff's medical records and unsupported causation opinions attributed to the
same.

The Motion is overbroad in that it does not identify specific records or
contents thereof that Defendants wants to exclude. Nor has Defendant shown that
the general category of documents are excludable as hearsay. First, it appears that
two hearsay exceptions may apply: Fed. R. Evid. 803(6), the business records
exception to the hearsay rule, covers medical records; and Fed. R. Evid. 803(4)
establishes that a statement made for medical diagnosis or treatment is not hearsay.
Insofar as Defendant challenges whether Plaintiff can lay the foundation for the
exception or authenticate the documents, its arguments are not persuasive. Fed. R.
Evid. 803(6)(D) provides that a custodian of records can lay the foundation
required by Fed. R. Evid. 803(6)(A)-(C) by a certification. Plaintiff points out that
Defendant itself subpoenaed the medical records and obtained the appropriate
custodian declarations. And under Fed. R. Evid. 902(11), domestic business
records are self-authenticating when accompanied by a written certification from
the custodian.

The Motion is **DENIED without prejudice**.

**DEFENDANT'S MOTION IN LIMINE NO. 3** to Exclude OPINIONS AND
TESTIMONY OF THOMAS TARTER ON THE SAME GROUNDS AS
PENDING DAUBERT MOTION [128]: The Court has resolved this issue in Dkt.
No. 183, denying Defendant's Motion to Exclude Thomas Tarter. For the same
reasons, this Motion in Limine is **DENIED**

**DEFENDANT'S MOTION IN LIMINE NO. 4** to Exclude REFERENCE TO
PAST SETTLEMENT DISCUSSIONS [129]: Defendant moves pursuant to
Federal Rules of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401, 402,
403, and 408 to exclude reference to prior settlement discussions between the
parties.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk EVC

Federal Rule of Evidence 408 prohibits the admission of evidence concerning offers to compromise, and statements made during compromise negotiations, when offered to prove the validity or amount of a disputed claim. Fed. R. Evid. 408(a). It is not clear what exact evidence Defendant seeks to exclude under Rule 408(a). For example, Defendant complains that "Plaintiff has made clear that he intends to rely on communications exchanged leading up to and during the parties' prior arbitration – including discussions concerning potential resolution – to attempt to establish his own damages and/or Chase's liability, willfulness, or lack of good faith." Mot. 2:16-19. While "discussions concerning potential resolution" may be captured by Rule 408(a), other "communications exchanged leading up to and during the parties' prior arbitration" are not. Plaintiff states he does not intend to introduce evidence from the June 2023 mediation or the 2026 settlement conference with Judge Audero. Given this, it is not clear what evidence is targeted by the Motion.

The Motion is **DENIED without prejudice** to Defendant making targeted objections at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 5** to Exclude 2018 AUDIO RECORDINGS [130]: Defendant moves pursuant to Federal Rules of Evidence 403, 801, and 901, to exclude evidence of audio recordings taken by Plaintiff in 2018.

Defendant moves to exclude in their entirety 24 audio recordings that Plaintiff purportedly made of phone calls with Defendant's employees; 14 of these are original records, and 10 are some of the same recordings "amplified" by Plaintiff. Defendant argues that these recordings cannot be authenticated, constitute hearsay, and are unduly prejudicial.

For the reasons stated in the opposition, none of these grounds has merit. The Motion is **DENIED without prejudice** to Defendant making targeted objections at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 6** to Exclude (OTHER THAN FOR PURPOSES OF IMPEACHMENT) ARBITRATION MATERIALS FROM BEING OFFERED AS SUBSTANTIVE EVIDENCE AT TRIAL [131]: Defendant pursuant to Federal Rules of Evidence 401, 402, 403, and 611(a) to exclude arbitration materials from being offered as substantive evidence at trial.

Defendant states that it "seeks a tailored ruling, excluding the wholesale use of arbitration materials as substantive proof, while permitting the limited use of arbitration materials for impeachment purposes." Mot. 2:17-19. This is not a tailored ruling. Defendant does not define "arbitration materials." Defendant has not pointed to any specific materials that it seeks to exclude. Defendant presents no ground to simply exclude the entire category of "arbitration materials" as substantive proof. Nor does it seem likely that Plaintiff will seek "[t]he wholesale admission of arbitration materials" (Mot. 4:7-8) at trial. In his opposition, Plaintiff identifies specific testimony Defendant's representative Valerie Kopecki gave at the arbitration that he may seek to present at trial.

The Motion is **DENIED without prejudice** to Defendant making targeted objections at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 7** to Exclude argument and evidence re: contract claims [120]: Defendant moves pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401-403 to exclude all evidence, testimony, and argument related to Plaintiff's contract claims that were decided in prior arbitration proceedings. Specifically, Chase moves to exclude evidence or argument regarding: (1) alleged breach of an obligation by Chase to furnish monthly statements of account; (2) alleged breach of an agreement made by Chase to link Plaintiff's Ink account with Plaintiff's personal accounts such that Plaintiff could receive and pay all statements at one online location; (3) alleged breach of an agreement made on September 6, 2017, that Plaintiff, in paying $111.49 to Chase, was paying off the entire balance of his Ink account; and (4) damages Plaintiff incurred as a consequence of litigating his claims in arbitration.

Defendant conflates relitigating contract claims (which were litigated at the arbitration and cannot be relitigated) with presenting evidence that was relevant to those claims but which may also be relevant to Plaintiff's statutory claims. Plaintiff is not relitigating contract claims. Furthermore, the Court already ruled in its summary judgment-related orders that the preclusion-limiting clause in the agreement orders bars the arbitration award from having any preclusive effect on any claims or issues in any subsequent proceeding beyond the contract claims that were in issue in the arbitration. Defendant's proffered grounds for excluding the evidence are meritless.

However, the Motion is **DENIED without prejudice** to Defendant making

targeted objections at trial.

**DEFENDANT'S MOTION IN LIMINE NO. 8** to Exclude EVIDENCE OF
ALLEGED DISPUTE NOT SUBMITTED THROUGH CONSUMER
REPORTING AGENCIES [132]: Defendant moves pursuant to Federal Rule of
Evidence 403 to exclude evidence of Plaintiff's alleged dispute not submitted
through consumer reporting agencies. Specifically, Defendant contends "that at
trial Plaintiff will argue and seek to introduce evidence that the dispute Chase was
required to investigate additionally involved his claim that he had paid the account
off in full during a September 6, 2017 phone call with Chase. This dispute appears
nowhere in the ACDV (dispute form) that was transmitted to Chase in August
2020. Accordingly, Chase respectfully requests that any testimony or argument
about this dispute be excluded." Mot. 1:11-16.

This Motion is largely an attempt to relitigate arguments that the Court
rejected in denying Defendant's Motion for Summary Judgment, or to raise other,
claim-dispositive (as opposed to evidentiary) arguments that should have been
raised at summary judgment but were not. The Motion is **DENIED**.

**DEFENDANT'S MOTION IN LIMINE NO. 9** to Exclude evidence of direct
and CFPB disputes filed by Defendant JPMorgan Chase Bank, N.A. [121]:
Defendant moves pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal
Rules of Evidence 401-403 to exclude all evidence, testimony, and argument
concerning disputes Plaintiff submitted directly to Chase, complaints submitted
through the CFPB or other third parties, and Chase's responses to those
communications.

Defendant seeks to exclude broad categories of evidence on the ground that
the evidence is irrelevant and inadmissible because it arose outside of the credit
reporting agency dispute process. But such evidence *may* be relevant. Although "a
furnisher's obligation to conduct a reasonable investigation arises upon its notice
of a dispute sent from a credit reporting agency," and "[a]lthough the content of the
automated credit dispute verification process ('ACDV') sets forth the nature of the
dispute, the ACDV does not 'cabin [ ] the scope of the investigation once
undertaken.'" *Seungtae Kim v. BMW Financial Services NA, LLC*, 142 F. Supp. 3d
935, 948 (C.D. Cal. 2015) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584
F.3d 1147, 1157 n. 11 (9th Cir. 2009) (concluding that because defendant should
have considered information it received directly from the plaintiff in investigating

his ACDV dispute, the evidence was properly before the jury).

The Motion is **DENIED**.

**DEFENDANT'S MOTION IN LIMINE NO. 10** to Exclude argument and evidence re: failure to notify of dispute [122]: Defendant moves pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401-403 to exclude all evidence, testimony, and argument related to Plaintiff's claim that Chase violated any law by failing to notify consumer reporting agencies that Plaintiff disputes the reporting of his Chase account as inaccurate.

Plaintiff's claims arise under 15 U.S.C. § 1681s-2(b) (FCRA claim) and Civil Code § 1785.25(a) (CCRA claim). Plaintiff alleges that Defendant violated these laws by reporting his account as delinquent and written off but failing to report that Plaintiff disputed the information, which Plaintiff argues made the report misleading. Defendant argues that these sections do not create a dispute-reporting obligation. Instead, Defendant argues that a dispute-reporting obligation is created by different sections—15 U.S.C. §1681s-2(a)(3) and Civil Code § 1785.25(c)—and that this FCRA section does not have a private right of action, and the CCRA section is preempted by the FCRA. Although Plaintiff is not suing under §1681s-2(a)(3) and Civil Code § 1785.25(c), Defendant extrapolates that a failure to report that information is disputed cannot support a claim under the sections Plaintiff *is* suing under—15 U.S.C. § 1681s-2(b) and Civil Code § 1785.25(a).

Defendant's motion is without merit. The Ninth Circuit addressed this issue in *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009). There, the plaintiff sued the creditor for not reporting that he disputed the accuracy of credit information. The Ninth Circuit noted that the plaintiff had no private right of action under § 1681s–2(a)(3), but that he did have a private right of action under § 1681s–2(b) to challenge the creditor's failure to notify the CRAs after receiving notice of his dispute. *Gorman*, 584 F. 3d 1162-1164. "The consumer must still convince the finder of fact that the omission of the dispute was 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" *Id.* at 1163 (quotation omitted).

The Motion is **DENIED**.

**DEFENDANT'S MOTION IN LIMINE NO. 11** to Exclude evidence related to time-barred claims [123]: Defendant moves pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401-403 to exclude all evidence, testimony, and argument offered to establish alleged violations that are time-barred.

Defendant's Motion rests on the assumption that some violations are time-barred. In its Order Denying Defendant's Motion for Summary Judgment (Dkt. No. 80), the Court denied the motion insofar as Defendant argued that the claims were time-barred, based on an accrual date of September 8, 2020, the date that Defendant responded to Equifax that the information Plaintiff disputed was accurate. The Court concluded that "Chase neither addresses, let alone establishes, that Plaintiff either did discover, or should have discovered, Chase's alleged violation when Chase communicated its results only to Equifax. Chase points to no particular date when Plaintiff discovered or should have discovered Chase's violation. Chase has therefore failed to establish that the statute of limitations bar Plaintiff's claims." Order p 5.

By this motion in limine, Defendant, in effect, seeks reconsideration, now arguing that Plaintiff's claims accrued by August 24, 2020 and are barred by the two-year statutes of limitations. This is not the purpose of a motion in limine. "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *U.S. v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013). Because Defendant's motion in limine is a second attempt to litigate in a new way a dispositive argument that the court previously rejected, it is **DENIED**.[1]

**DEFENDANT'S MOTION IN LIMINE NO. 12** to Exclude evidence re: violations of California law prior to move to California [124]: Defendant moves pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 401-403 to exclude all evidence, testimony, and argument related to any alleged violation of California Civil Code § 1785.25(a) that occurred before

---

[1] In support of its Motion, Defendant filed Plaintiff's 77-page amended responses to Defendant's first set of interrogatories without directing the Court to any specific paragraph therein. The Court will not search the document for the relevant material and therefore disregards this filing.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

Plaintiff moved to California and/or became a California resident.

Once again, Defendant seeks through the vehicle of a motion in limine the summary adjudication of issues and claims.[2] This is improper. This issue should have been raised at summary judgment but was not. Substantively, Defendant relies on Cal. Civ. Code § 1785.6, which states that "[t]he notices and disclosures to consumers provided for in this title shall be required to be made only to those consumers who have a mailing address in California." Plaintiff's claim does not involve notices and disclosures to consumers, so this section does not appear to apply. The Motion is **DENIED**.

**PLAINTIFF'S MOTION IN LIMINE NO. 1** TO PRECLUDE TESTIMONY OF ROB WILKINS [135]: Plaintiff moves pursuant to Fed. R. Civ. P. 26(a), 26(e) and 37(c)(1) to exclude the testimony of Rob Wilkins.

Plaintiff argues that Defendant did not timely disclose Wilkins, its Rule 30(b)(6) witness. Defendant argues that it previously disclosed Barbara Burda as its Rule 30(b)(6) witness, and states that she left the company so Defendant needed to replace her with a different person.

Courts do tend to permit a party to replace a Rule 30(b)(6) witness who has left its employment with a different individual. *See Coach, Inc. v. Visitors Flea Market, LLC*, 2014 WL 2612036, at *2 (M.D. Fla. 2014) ("as a general proposition, a corporation should not be prohibited from calling a designated representative as a witness simply because the person it thought was going to testify leaves its employ"). Here, Defendant presented no sworn declaration that Burda departed, nor did it say when she departed. The Court is thus left with nothing but unattested argument of counsel regarding the circumstances of the designation. However, counsel's representations at oral argument are sufficient to remedy this omission. The Court therefore **DENIES** the Motion, but on the condition that Plaintiff gets to depose Wilkins if he desires, **AT DEFENDANT'S EXPENSE, by September 1, 2026**, unless Plaintiff prefers a later date. It should also go without saying that Wilkins must not testify differently from the original witness Burda.

The Motion is **DENIED**.

---

[2] Defendant again attached Plaintiff's entire response to its interrogatories without directing the Court to specific responses. The Court disregards the filing.

**PLAINTIFF'S MOTION IN LIMINE NO. 2** TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENT AVAILABILITY AND PAYMENT NOTICE [136]: Plaintiff moves pursuant to Fed. R. Evid. 401, 402, 403, and 801(c) to exclude evidence and argument regarding online statement availability and notice of payment obligations.

This motion seeks two related rulings: First, that Defendant is bound by the testimony of its representatives that it has no evidence that account statements were actually posted online, and that Defendant cannot argue to the contrary at trial. And second, that Defendant cannot argue that generic "statement available online" emails establish that statements were, in fact, available online, because this would contradict it representative's prior testimony and the email would be hearsay for that point. Defendant's opposition, as the Court understands it, does not respond to these arguments as an evidentiary matter but instead re-argues other merits matters.

Nevertheless, the Court **DENIES** the Motion. Insofar as Defendant attempts to present evidence or argument that contradicts its representatives' prior testimony on those matters, Plaintiff can address that by cross-examination, impeachment, and counterargument.

**PLAINTIFF'S MOTION IN LIMINE NO. 3** TO EXCLUDE EXECUTIVE OFFICE INVESTIGATION EVIDENCE [137]: Plaintiff moves pursuant to Fed. R. Evid. 401, 402, 403, 801(c), 803(6) and 805 to exclude the October 14, 2020, Executive Office letter ("EO Letter") to prove that the various 2017 and 2018 acts or events described in that 2020 letter actually occurred. Plaintiff also moved to bar Defendant from relying on the EO Letter or any documents related to the EO Investigation as proof of what its employees involved in the FCRA Investigation did, reviewed, or found. Plaintiff filed the EO Letter and the other documents as exhibits. The EO Letter was addressed to Plaintiff and cc'd to the Consumer Financial Protection Bureau ("CFPB").

On August 19, 2020, Plaintiff filed a complaint against Defendant with the Consumer Financial Protection Bureau ("CFPB"), and on August 24, 2020, he filed a dispute with Equifax. Plaintiff's CFPB complaint and his Equifax dispute concerned the facts underlying his claim in this case. Defendant conducted separate investigations into the CFPB complaint and the Equifax dispute. Defendant's Executive Office ("EO") investigated ("EO Investigation") the CFPB

CV-90 (12/02)                  **CIVIL MINUTES – GENERAL**                  Initials of Deputy Clerk <u>EVC</u>

dispute. On October 14, 2020, the EO Investigation concluded when Defendant sent a letter ("EO Letter," Johnson Decl. Ex. A) to the CFPB and Plaintiff.

Defendant responds that none of the evidence regarding the CFPB complaint should come in, and it sought to exclude it in its MIL 9. But Defendant asked that if the Court denies that motion and permits Plaintiff to introduce the CFPB complaint, then Defendant should be able to introduce the EO Letter because it was Defendants' response to Plaintiff's CFPB complaint. The Court denied Defendant's MIL 9 on the ground that other information that Defendant received beyond the ACDV dispute, such as information received directly from Plaintiff or other parties, could be relevant to the reasonableness of its investigation, because it reflects information that Defendant had in its records.

Here, Plaintiff seeks to bar Defendant from using similar materials—the EO Letter and underlying investigatory records—for another purpose: for the hearsay purpose of proving purported facts reflected in those records. For example, the EO Letter represents that Defendant called Plaintiff about his account a certain number of times in 2017 and 2018, and recites other purported facts from 2017 and 2018 relating to the account. Defendant responds that the EO Letter is a business record and is thus excepted from the hearsay rule. But Defendant also does not explain what it would use the EO Letter for. Defendant also invokes Fed. R. Evid. 807's residual exception.

Under Federal Rule of Evidence 803(6), a record of an act is not excluded by the hearsay rule if "(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

The EO Letter does not qualify for the business records exception to the hearsay rule because relative to the matters Plaintiff seeks to exclude, it is not a "record of an act or event" made in the regularly-conducted business activity but is instead an investigatory report created in 2020. Insofar as the EO Letter states that certain acts or events occurred in 2017 and 2018, it is not a "record" of those events. Instead, it re-states what other records reflect, and is therefore hearsay.

Defendant's opposition inadvertently admits as much, stating that "[t]he call records, correspondence and payment activity reviewed at the time the EO Letter was created are business records. . ." Opp'n 3:12-14. That the EO Letter recites facts reflected in other business records does not make the EO Letter itself a business record; it means the EO Letter is hearsay. Furthermore, this 2020 EO Letter was not made at or near the time of the events recited therein, which occurred in 2017 and 2018, so cannot be a business record for the purpose of establishing those events.

Also, Defendant states that the "the conclusions drawn and actions taken by Chase [regarding the EO Investigation] match those in its response to the Equifax Dispute ACDV." Opp'n 4:23-24. This tends to show that the EO Letter and the other objected-to materials are duplicative of other evidence that may be admissible. (It is not clear why Defendant would not just use the evidence that is admissible.) But the EO Letter would also likely to cause undue juror confusion because it is not the Equifax Dispute ACDV. Taken together, the EO Letter is duplicative, and it would likely cause juror confusion. For these reasons as well, the Court excludes it under Fed. R. Evid. 403.

Nor has Defendant shown that the residual hearsay exception applies. Defendant addressed this exception in a cursory manner that does not persuade that this EO Letter has sufficient guarantees of trustworthiness as necessary to qualify for the residual exception.

Notwithstanding the foregoing discussion, the Defendant has yet to explain what matters it would introduce from the EO Letter and investigatory materials, and for what purpose. Accordingly, the Court **GRANTS** the Motion as framed by Plaintiff, as it is aimed at excluding hearsay. However, should Defendant nevertheless desire to introduce this evidence for some other purpose, the Court will permit Defendant to make an offer of proof

**PLAINTIFF'S MOTION IN LIMINE NO. 4** TO EXCLUDE 6/8/21 AND 7/15/21 ARBITRATION RECORDINGS [138]: Plaintiff moves pursuant to Fed. R. Evid. 403 and 901(a) to exclude the recordings of the June 8 and July 15, 2021 arbitration hearings and any transcripts derived therefrom.

Plaintiff argues that the parties agreed to permit the arbitration to be recorded on the condition that there would be "'absolutely no use'" of the recordings outside of the arbitration. Mot. 3:2-5. Plaintiff argues that this agreement extends to transcripts of the recordings, and seeks to enforce what he

characterizes as a confidentiality agreement. Defendant argues that the parties' agreement extended only to recordings, not to transcripts of those recordings.

Defendant recites relevant portions of the transcript from the arbitration. *See* Opp'n 3:12-4:20. They reflect that Plaintiff wanted to record the sessions on his phone because he did not have anyone to take notes for him, and Defendant agreed. Then, after the break, Defendant requested that Plaintiff keep the recording confidential because "there's absolutely no use for any recording being used outside of these proceedings." The arbitrator then asked if Plaintiff was "agreeable to that," meaning "that the recording will be limited to this proceeding and anything that may flow from this proceeding." Plaintiff responded that he'll "agree to the recording, not anything else" and "I will specifically not share the recording with anyone outside of this. I otherwise am free to take advantage of the private but not confidential aspect of arbitration." The arbitrator responded "the concern only was with regard to the recording, so that's fine then. I think we have agreement that your recording will not be used beyond this proceeding…"

Reviewing this in its totality, the transcripts will not be admitted. The transcripts are derived from the recordings, so the transcripts themselves are a "use" of the recordings. Defendant proposed and Plaintiff agreed to "absolutely no use" of any recording outside of the arbitration proceeding. Permitting the transcripts of the recordings to be used in this proceeding would be inconsistent with the parties' confidentiality agreement. Defendant cannot evade this agreement by reducing the recordings to a transcript. Plaintiff's statement that "I'll agree to the recording [remaining confidential], *not anything else*" (emphasis added) does not mean he consented to a *transcript* being used outside of the arbitration. No transcript existed at that time, and the parties did not likely contemplate one. Rather, by "anything else" not being subject to confidentiality, Plaintiff must have been referring to the proceeding overall not being subject to confidentiality, including whatever evidence was presented there, not to some transcripts (of confidential recordings) that did not exist until Defendant generated them for this litigation.

Plaintiff's Motion is **<u>GRANTED</u>**.


**<u>PLAINTIFF'S MOTION IN LIMINE NO. 5</u>** TO EXCLUDE DEPOSITION OF THOMAS TARTER [139]: Plaintiff moves pursuant to Fed. R. Civ. P. 32(a)(5)(A) and 26(c)(1)(B) to exclude the December 4, 2025, deposition of Thomas A. Tarter.

Fed. R. Civ. P. 32(a)(5)(A) states that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moves for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A). "[T]he language of Rule 32(a)(5)(A) does not provide room for discretion. As such, several courts have held 'the prohibition on testimony obtained from a deposition on short notice is mandatory.' " *Dickinson Frozen Foods, Inc. v. FPS Food Process Solutions Corporation*, 2020 WL 2841517, at *7 (D. Idaho 2020) (citing cases).

Plaintiff argues that the three conditions of Rule 32(a)(5)(A) are satisfied. Defendant did give Plaintiff only 13 days' notice of the deposition of Mr. Tarter. However, the protective-order conditions are not satisfied. Plaintiff requested and received an informal discovery conference ("IDC 5"), which Judge Audero conducted on December 2. That same day, she issued an order stating that Plaintiff sought a protective order prohibiting the deposition and document production of Mr. Tarter. *See* Order re: IDC 6 (Dkt. No. 92). The order further stated that the deposition and document production would go forward as noticed, in effect denying Plaintiff's request for a protective order.

But Plaintiff argues that his request at IDC 6 for a protective order was not a noticed, written motion for a protective order, so it does not count in the analysis. Rather, Plaintiff points to the Motion for Protective Order (Dkt. No. 97) that he filed on December 4, which was still pending when the deposition went forward later that day. But Judge Audero's orders belie Plaintiff's argument. Judge Audero denied this Motion as moot based on her IDC 6 Order, and further denied it as an untimely motion for reconsideration of the IDC 6 Order. It is therefore apparent from Judge Audero's orders that Plaintiff's request for a protective order during IDC 6 on December 2 was sufficient to vet and decide the issues raised. Because Judge Audero resolved the request for protective order that Plaintiff raised at IDC 6 on December 2, before the December 4 deposition, the conditions of Rule 32(a)(5)(A) are not satisfied.

The Court therefore **<u>DENIES</u>** Plaintiff's Motion to exclude the December 4, 2025 deposition of Thomas A. Tarter.

**IT IS SO ORDERED**.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>