**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER ENFORCING THE FINAL PRETRIAL ORDER AND FOR TRIAL CONTINUANCE**<br><br>Complaint Filed: September 19, 2022 |

# **OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

## I. INTRODUCTION

Plaintiff's improper *Ex Parte* Application is yet another attempt by Plaintiff to preclude the jury from hearing ***any*** testimony from a Chase representative that is central to its defense of Plaintiff's claims. There is simply no support in Plaintiff's moving papers, the Federal Rules, or any case decided under them for the draconian relief Plaintiff requests. Indeed, it is apparent that Plaintiff wants this case to get to a jury, because he refused to make any demand to settle it. But Plaintiff also wants to prevent Chase from mounting any defense through any company witness so that all the cards are stacked in his favor. As such, his Application should be denied.

As a threshold matter, Plaintiff's Application does not satisfy the requirements of Local Rule 7-19 governing ex parte relief. Chase advised Plaintiff of Rob Wilkins' departure and David Rivera's substitution as Chase's corporate representative on August 19. Plaintiff waited **over two weeks** to file his *Ex Parte* Application, and did so on a holiday, **mere days before the start of trial**. His delay is inexcusable. He has not shown irreparable harm, nor has he demonstrated the type of emergency that justifies *ex parte* relief. As Plaintiff knows, Chase has made Mr. Rivera available for deposition and remains willing to do so.

Plaintiff's Application also mischaracterizes Chase's substitution of David Rivera as Chase's corporate representative in lieu of Rob Wilkins as an attempt to circumvent the Court's Pretrial Final Order. Dkt. 196. The Final Pretrial Order provides the roadmap for the parties and the Court in preparation for trial. The "amendment" Plaintiff complains of – substituting a corporate representative who will testify consistently with the prior corporate representative – has no impact on the substance or scope of the anticipated testimony at trial, and is not an "amendment" at all. In fact, the Court's August 11 Order on Plaintiff's Motion in Limine No. 1 specifically contemplated this scenario and permitted Plaintiff to depose Chase's former replacement corporate witness, Rob Wilkins. *See* Dkt. 195, p. 8. Plaintiff was

never prejudiced by the subsequent substitution of Mr. Rivera because Chase promptly notified Plaintiff on August 19 of Mr. Wilkins departure, that Mr. Rivera would serve as its replacement corporate representative, and Chase made Mr. Rivera available for deposition on the same date (August 31) that Mr. Wilkins had been scheduled to be deposed.

Finally, Plaintiff's failure to examine Mr. Rivera on the topics that had been previously addressed at the deposition of Ms. Burda, and his decision to waste time and resources asking Mr. Rivera only about the circumstances of Mr. Wilkins' departure from Chase (which has no relevance to the merits of his case), is not an excuse to postpone the trial mere days before it is set to begin. Chase, its counsel, and its corporate representative have made arrangements and have expended significant resources to begin trial on September 14, 2026 as ordered by this Court. Plaintiff must be required to proceed accordingly.

## II. RELEVANT FACTUAL BACKGROUND

### A. Chase's Prior Corporate Witnesses and This Court's Orders

On October 23, 2023, Plaintiff deposed Barbara Burda as Chase's Rule 30(b)(6) designee.[1] Dkt. 207, Ex. A. Fact discovery closed on October 31, 2023. Dkt. 27 at 3.

On March 13, 2026, Chase informed Plaintiff that Rob Wilkins would serve as its corporate representative at trial in place of Ms. Burda, who was no longer with the company. Dkt. 207, Ex. B. Both parties submitted witness lists identifying Wilkins. Dkt. 126, 143. On March 21, 2026, Plaintiff filed Motion in Limine No. 1 to preclude Wilkins's testimony. Dkt. 135.

At the July 17, 2026 Final Pretrial Conference, Chase represented that Wilkins

[1] Although the notice of deposition included a total of 30 topics, Chase objected to the scope of several topics and refused to produce any witness on them. Dkt. 207, Ex. A, p. 14:18-15:24. Plaintiff took Ms. Burda's deposition on 19 topics that were not subject to any objection, and Plaintiff never moved to compel on the remaining topics.

would testify consistently with the testimony of Ms. Burda. Dkt. 207, Ex. C, p. 24:15-25. On August 11, 2026, the Court entered its MIL Order, Dkt. 195, denying Plaintiff's Motion in Limine No. 1 on the condition that Plaintiff could depose Wilkins "at Defendant's expense, by September 1, 2026, unless Plaintiff prefers a later date," and further ordered that "Wilkins must not testify differently from the original witness Burda." Dkt. 195. The Final Pretrial Order was entered August 12, 2026. Dkt. 196.

On August 13, 2026, Chase offered Wilkins for deposition on August 31, 2026, and Plaintiff confirmed his intent to proceed on that date. Declaration of Tomio Narita ("Narita Decl."), ¶ 2.

**B. Mr. Wilkins' Departure From Chase and Chase's Prompt Designation of Mr. Rivera**

Shortly thereafter, on August 18, 2026, Mr. Wilkins' position with Chase was eliminated. *See* Declaration of Brandon North ("North Decl."), ¶ 3. His employment is set to terminate on October 1, 2026. On August 19, 2026, however, Mr. Wilkins communicated that, in light of his need to focus on securing new employment, he was not able to travel to Los Angeles or participate as a witness at trial in this case. *Id.* Serving as Chase's corporate representative at trial would require significant preparation time and multi-day cross-country travel in addition to the work involved in winding down the duties of Mr. Wilkins' current position. Mr. Wilkins is also free to depart Chase at any time before October 1, 2026 upon securing new employment, making it impracticable to ensure his attendance at trial even if he had not expressly indicated his inability to participate. *Id.*

After Mr. Wilkins' departure from Chase was confirmed, on August 19, 2026, counsel for Chase immediately notified Plaintiff: "I just learned that Rob Wilkins is leaving JPMorgan Chase and that he will be unable to testify at the deposition or at trial. We have arranged for another witness to testify named David Rivera. Mr. Rivera lives in Illinois. I have confirmed he is available for deposition on August 31st." Narita Decl., ¶3 Ex. A. Chase did not delay when informing Plaintiff and it immediately

arranged a replacement witness for the same deposition date. Dkt. 207, Exh. E. Mr. Rivera is able to competently testify about the topics covered in the Burda deposition, which are the same topics that Mr. Wilkins was prepared to testify about. North Decl. ¶ 4.

**C. Plaintiff's Improper Expansion of the Deposition Topics**

On August 24, 2026, Plaintiff served a Third Amended Rule 30(b)(6) deposition notice that added topics 31, 32, and 33, each with multiple subtopics, totaling twenty-three entirely new deposition topics —concerning the circumstances surrounding the Ms. Burda and Mr. Wilkins departure from the Bank and Chase's representations about witness availability. Narita Decl. ¶ 4, Ex. B. These topics are unrelated to the merits of Plaintiff 's FCRA and CCRAA claims, and constituted new discovery requests after the close of fact discovery. On August 28, 2026, Chase timely served written objections to the expanded notice topics. Narita Decl. ¶ 5, Ex. C.

**D. The August 31 Deposition and Emergency Hearing**

On August 31, 2026, Rivera's deposition began at 7:07 a.m. Pacific time via Zoom video-conference. Dkt. 207, Exh. J. Plaintiff spent the majority of his examination asking Rivera about Wilkins's employment status, the circumstances of the witness substitution, and other collateral matters. *Id*. Plaintiff did not ask a single question on the substantive Rule 30(b)(6) topics noticed for the deposition. *Id*. After approximately 40 minutes, counsel for Chase terminated the deposition because Plaintiff refused to proceed on the substantive topics that had been covered at the Burda deposition. *Id*. Chase requested an emergency hearing, which the Court held at approximately 12:20 p.m. Narita Decl. ¶ 6. The Court denied Chase's request for a protective order, but did not Order Chase to produce a corporate representative knowledgeable about Plaintiff's newly noticed topics. *Id*. Nor did the Court direct Chase to hire a court reporter for Plaintiff or to prepay that court reporter. *Id*.

**E. Chase's Repeated Post-Hearing Offers to Make Mr. Rivera Available**

That same evening, Plaintiff emailed that he had called Brickell (his court reporting service) but they were closed, and stated there was "no practical way to get the deposition done." Narita Decl. ¶ 7-11, Ex. D.

On September 1, 2026, Chase offered Mr. Rivera for deposition on September 3, 2026. *Id*. Counsel for Chase wrote: "The witness was on standby yesterday, and after we were heard by the Court, we were waiting to see if you wanted to restart the deposition, but you never indicated you wanted to resume it. We also asked Mr. Rivera to block off time on his calendar this Thursday September 3rd." *Id.*

Chase's September 1 email further stated: "It is apparent you have no serious interest in taking Mr. Rivera's deposition. Rather, consistent with your past pattern, you simply wish to preclude any Chase witness from testifying at the trial." Chase offered Rivera on September 3 during his normal work hours—6:00 a.m. to 2:30 p.m. Central time, extended to 4:30 p.m. Central as a courtesy—and further offered: "If for some reason you still are not willing to work within these time frames, then please suggest another few dates." *Id.*

Plaintiff responded that he was available at 12:00 p.m. Pacific on September 3 but stated he could not "front the deposit" for the court reporter. *Id.* On September 2, 2026, counsel for Chase confirmed the deposition would be at Chase's expense and asked Plaintiff to confirm the September 3 date by noon. *Id.* Plaintiff stated he "remain[ed] available and want[ed] to take the deposition" but claimed he needed one to three business days to transfer funds from his brokerage account to pay the court reporter deposit.[2] *Id.*

[2] Although the purpose of the deposition was to ascertain how Ms. Burda's replacement witness will answer questions on the same 30(b)(6) topics, Plaintiff has insisted on hiring both a court reporter *and* videographer for the deposition – thereby significantly increasing its costs.

Counsel for Chase then wrote: "I understand your email to mean that you are not taking us up on the offer to have Mr. Rivera's deposition tomorrow. I will release him. If you decide you want to proceed with the deposition, please provide us with alternate dates." *Id.* Plaintiff never proposed alternate dates. Narita Decl. ¶11. Instead, on September 7, 2026—while Plaintiff was on a hiking trip in Colorado—he filed and served this *ex parte* Application. Narita Decl. ¶ 8, Ex. E.

## III. CHASE DOES NOT SEEK TO AMEND THE PRETRIAL ORDER

The Pretrial Order reflects anticipated testimony from a Chase corporate witness. The name of Chase's corporate witness is immaterial. It is undisputed that the disclosure duty under Rule 30(b)(6) is organizational, not personal. Rule 30(b)(6) expressly contemplates that an organization may designate one or more individuals to testify on its behalf. Fed. R. Civ. P. 30(b)(6). Because the Rule focuses on testimony about information "known or reasonably available to the organization," the organization's obligation is to present a witness who can speak to organizational knowledge, not to present any particular individual. *Id.*

As set forth in Chase's Opposition to Plaintiff's MIL No. 1, courts routinely permit corporations to substitute designated corporate representatives where the initial designated witness is no longer available.[3] As this Court already

[3] For example, in *Green Payment Sols, LLC v. First Data Merch. Servs. Corp.*, No. CV 18-1463 DSF (ASx), 2019 U.S. Dist. LEXIS 166516, at *3 (C.D. Cal. July 2, 2019), this Court acknowledged that there is a general rule that "a corporation should not be prohibited from calling a designated representative as a witness simply because the person it thought was going to testify leaves its employ." (citing *Coach, Inc. v. Visitors Flea Market, LLC,* No. 6:11-cv-1905-Orl-22TBS, 2014 U.S. Dist. LEXIS 79530, 2014 WL 2612036, at *2 (M.D. Fla. 2014)). In support of this general rule, the Court emphasized that "[t]here are myriad reasons why employees come and go. Sometimes these changes are expected, other times they are not." (edits in original) (citing *Coach Inc.,* 2014 WL 2612036, at *2); *see also Sidibe v. Sutter Health*, 2025 U.S. Dist. LEXIS 36862 (N.D. Cal. Mar. 2, 2025) (new corporate representative could testify where 30(b)(6) deponent had retired); *Woods v. LVNV Funding, LLC*, 2021 U.S. Dist. LEXIS 84723, n.1 (S.D. Ind. May 4, 2021) ("Here,

acknowledged in denying Plaintiff's MIL No. 1, Chase should be permitted to have its corporate representative testify at trial.

Ms. Burda retired. Mr. Wilkins was let go by Chase and is unable to testify at the trial. Chase promptly informed Plaintiff of Wilkins' impending departure and Rivera's designation as its corporate representative for trial. In sum, this substitution is entirely proper and Plaintiff's claim that Chase needed to seek to amend the Pretrial Order has no basis in law or fact. Practically speaking, Plaintiff has no colorable argument that he is prejudiced by the substitution.

## IV. PREVENTING CHASE'S CORPORATE REPRESENTATIVE FROM TESTIFYING AT TRIAL WOULD CAUSE MANIFEST INJUSTICE

Even under the "manifest injustice" standard Plaintiff suggests is proper (which is not because Chase does not seek to modify the Final Pretrial Order), the Court should allow Chase's corporate representative Mr. Rivera to testify. Fed. R. Civ. P. 16(e). Under this "manifest injustice" standard, a pretrial order "is not an inexorable decree and may, under proper circumstances, be modified." *Jeffries v. United States,* 477 F.2d 52, 55 (9th Cir. 1973).

"In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving] party to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking the modification." *Galdamez v. Potter,* 415 F.3d 1015, 1020 (9th Cir. 2005).

### A. Plaintiff Suffers No Prejudice as a Result of the Substitution, and Any Alleged Prejudice Is Curable Through a Deposition

Chase has represented that Mr. Rivera's testimony will not conflict with the testimony previously provided by Barbara Burda or the testimony that was anticipated

Resurgent's voice left the company, so, under Rule 30(b)(6), it permissibly designated a new corporate representative 'to testify on its behalf.'").

by Rob Wilkins. Plaintiff has been on notice of the substance of this testimony since October 23, 2023, when Ms. Burda was deposed. Indeed, Plaintiff has designated nearly the entire transcript of the Burda deposition as evidence he plans to use in his case in chief. Narita Decl. ¶ 13. Plaintiff has been on notice of Chase's intention to call a corporate witness at trial since at least March 13, 2026, when Chase informed Plaintiff of its intent to put on one witness. *See* Dkt. 207, Ex. B. Plaintiff cannot plausibly argue surprise or inability to prepare for trial because the topics to be addressed by Mr. Rivera at trial are the same as those that were to be addressed by Mr. Wilkins, and are the same as those Ms. Burda testified about in October of 2023.

Moreover, any potential prejudice that Plaintiff could possibly face by the substitution is cured through his ability to depose Mr. Rivera. That Plaintiff declined to complete Mr. Rivera's deposition August 31 and did not schedule a deposition to proceed on a different date despite Chase' good faith offers to make him available, does not negate the availability of a cure for any prejudice Plaintiff claims.

Plaintiff's assertion that "Rivera and Wilkins possess different personal knowledge,"[4] Dkt. 206, p. 10, does not supply prejudice. The theory that Plaintiff is prejudiced stems from his insistence on treating a Rule 30(b)(6) designee as if he were a percipient witness that Plaintiff is entitled to examine about his personal background (and all cases Plaintiff cites address the latter). A 30(b)(6) designee testifies to the corporation's knowledge on the noticed topics, not his own. Chase picks the designee. Plaintiff gets Chase's answers, and those answers are the same whether they come out of Burda, Wilkins, or Rivera. So everything the prejudice argument rests on — Wilkins's VP title, his Home Lending years, the "anticipated personal knowledge" Plaintiff says he built months of preparation around — is knowledge he never had a right to and could not reasonably have relied on. Complaining that Rivera's résumé is

[4] A claim based on their August 28, 2026 LinkedIn profiles and no evidence of Plaintiff's prior interest in Wilkins' background. *See* Dkt. 206, 13 (citing Dkt. 207, Exs. L-M.

thinner than Wilkins' is like objecting that the company sent its branch manager instead of its CEO. This is not a cognizable injury.

Plaintiff's argument that he prejudicially relied on Mr. Wilkins being Chase's witness at trial is also directly contradicted by his contrary position in his Motion in Limine No. 1, where he sought to exclude Wilkins from testifying at trial as prejudicial. *See* Dkt. 135. The Court did not rule on that motion until August 11, 2026, so until then, Plaintiff was seeking to exclude Mr. Wilkins, not to rely on his testimony. Dkt. 135. After the Court ruled on Plaintiff's Motion in Limine No. 1 and permitted Wilkins to testify at trial subject to Plaintiff's right to take his deposition, only eight days passed before Plaintiff was notified that Wilkins was unavailable, but that a different corporate witness would take his place. Narita Decl. ¶ 3. Those eight days could not have meaningfully changed Plaintiff's plans and are not a basis for precluding Chase from putting on its defense at trial.

### B. Allowing Mr. Rivera to Testify Will Not Affect the Orderly and Efficient Conduct of Trial

Allowing Mr. Rivera to testify at trial will not affect the conduct or timing of trial at all. This Court and the parties contemplated that Chase would have a corporate representative testify at trial and set the trial estimates and schedule accordingly. Because the scope of Mr. Rivera's testimony will be the same as the scope of Mr. Wilkins' contemplated testimony, this factor weighs in favor of allowing Mr. Rivera to testify.

### C. Mr. Rivera Was Not Substituted in Bad Faith

There is no willfulness or bad faith here. Chase promptly made a replacement corporate witness available for deposition and trial in accordance with this Court's August 11 Order. Chase prepared the witness to testify about the subjects on which Ms. Burda was designated. Chase did not prepare the witness to testify on subjects unrelated to the issues to be decided at trial (the departure of other employees from Chase) and appropriately sought a protective order from such inappropriate lines of

questioning being pursued.

If Mr. Rivera is not permitted to testify, *Chase* is the party that would be irreparably prejudiced because there are no other witnesses to testify as to Chase's policies, procedures, or investigation of Plaintiff's dispute. Weighing the relevant considerations, and to prevent manifest injustice, this Court should conclude that Mr. Rivera be permitted to testify at trial.

## V. THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A TRIAL CONTINUANCE

Finally, this Court should not entertain Plaintiff's request for a trial continuance. Chase has complied with its trial-related obligations, including by presenting its corporate witness for an additional deposition by the deadline of August 31. When the parties reached an impasse regarding Plaintiff's attempt to depose the corporate witnesses on new and irrelevant topics outside of the close of discovery, Chase properly sought an emergency conference with the Court. Mr. Rivera remained available to continue his deposition on that day but Plaintiff failed to make the appropriate arrangements to proceed. Chase has made Mr. Rivera available for a subsequent day of deposition, but Plaintiff has failed to schedule or proceed with that deposition as well. Mr. Rivera was available for deposition this week in advance of trial on September 14, but again, Plaintiff made no attempt to schedule a deposition.

Chase will suffer prejudice if trial is postponed. Work schedules have been cleared, childcare arrangements have been secured, flights from San Francisco and Illinois have been purchased, and last-minute changes to hotel reservations will carry significant fees. Plaintiff's decision not to proceed with Mr. Rivera's deposition is not good cause for Chase to incur these expenses a second time if trial is postponed.

DATED: September 10, 2026 DYKEMA GOSSETT LLP

By: */s/ Tomio Narita*
TOMIO NARITA
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant JPMorgan Chase Bank, N.A., certifies that this brief contains 3,066 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 10, 2026 DYKEMA GOSSETT LLP

By: */s/ Tomio Narita*
TOMIO NARITA
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On the date set forth below, I served the following document(s) described as:

**JPMORGAN CHASE BANK, N.A.' OPPOSITION TO EX PARTE APPLICATION**

on the interested parties in this action as follows:

| | |
|---|---|
| Joshua Johnson<br>2201 5th St. Apt 208<br>Santa Monica, CA 90405<br><br>Tel: (336) 423-2594<br>Email: josh@jj88.org | **PLAINTIFF PRO SE** |

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2026, at San Francisco, California.

Alisa Givental