**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:22-cv-06718-AB-MAAx<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br><br>Magistrate Maria A. Audero<br>Courtroom: 690<br><br>**DECLARATION OF TOMIO NARITA IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER ENFORCING THE FINAL PRETRIAL ORDER AND FOR TRIAL CONTINUANCE**<br><br>Complaint Filed: September 19, 2022 |

# DECLARATION OF TOMIO NARITA

I, Tomio Narita, declare as follows:

1. I am an attorney duly licensed to practice before this Court. I am a Partner at Womble Bond Dickinson (US) LLP, counsel of record for defendant JPMorgan Chase Bank, N.A. ("Chase") in this action. I make this declaration in support of Chase's Opposition to Plaintiff Joshua Johnson's ("Plaintiff") *Ex Parte* Application for an Order Enforcing the Final Pretrial Order and For Trial Continuance.

2. On August 13, 2026, Chase offered Rob Wilkins for a 30(b)(6) corporate deposition on August 31, 2026, and Plaintiff confirmed his intent to proceed on that date.

3. After Mr. Wilkins' departure from Chase was confirmed, on August 19, 2026, I immediately notified Plaintiff: "I just learned that Rob Wilkins is leaving JPMorgan Chase and that he will be unable to testify at the deposition or at trial. We have arranged for another witness to testify named David Rivera. Mr. Rivera lives in Illinois. I have confirmed he is available for deposition on August 31st." A true and correct copy of my August 19, 2026 email to Plaintiff is attached hereto as **Exhibit A**.

4. On August 24, 2026, Plaintiff served a Third Amended Rule 30(b)(6) deposition notice on Chase that added topics 31, 32, and 33, each with multiple subtopics, totaling twenty-three entirely new deposition topics —concerning the circumstances surrounding the Ms. Burda and Mr. Wilkins' departure from the Bank and Chase's representations about witness availability. A true and correct copy of Plaintiff's Third Amended Rule 30(b)(6) deposition notice is attached hereto as **Exhibit B**.

5. On August 28, 2026, Chase timely served written objections to the expanded notice topics. A true and correct copy of Chase's Objections are attached hereto as **Exhibit C**.

6. When the parties reached an impasse at Mr. Rivera's August 31

deposition, my office requested an emergency hearing with the Court, which the Court held at approximately 12:20 p.m. that day. The Court denied Chase's request for a protective order, but did not Order Chase to produce a corporate representative knowledgeable about Plaintiff's newly noticed topics. Nor did the Court direct Chase to hire a court reporter for Plaintiff or to prepay that court reporter.

7. On the evening of August 31, 2026, Plaintiff emailed me stating that he had called Brickell (his court reporting service) but they were closed, and stated there was "no practical way to get the deposition done."

8. On September 1, 2026, Chase offered Mr. Rivera for deposition on September 3, 2026. I wrote to Plaintiff: "The witness was on standby yesterday, and after we were heard by the Court, we were waiting to see if you wanted to restart the deposition, but you never indicated you wanted to resume it. We also asked Mr. Rivera to block off time on his calendar this Thursday September 3rd." my email further stated: "It is apparent you have no serious interest in taking Mr. Rivera's deposition. Rather, consistent with your past pattern, you simply wish to preclude any Chase witness from testifying at the trial." Chase offered Rivera on September 3 during his normal work hours—6:00 a.m. to 2:30 p.m. Central time, extended to 4:30 p.m. Central as a courtesy—and further offered: "If for some reason you still are not willing to work within these time frames, then please suggest another few dates."

9. Plaintiff responded that he was available at 12:00 p.m. Pacific on September 3 but stated he could not "front the deposit" for the court reporter.

10. On September 2, 2026, I confirmed the deposition would be at Chase's expense and asked Plaintiff to confirm the September 3 date by noon. Plaintiff stated he "remain[ed] available and want[ed] to take the deposition" but claimed he needed one to three business days to transfer funds from his brokerage account to pay the court reporter deposit.

11. I then wrote: "I understand your email to mean that you are not taking us up on the offer to have Mr. Rivera's deposition tomorrow. I will release him. If

you decide you want to proceed with the deposition, please provide us with alternate dates.". Plaintiff never proposed alternate dates. A true and correct copy of my August 31 through September 2, 2026 email exchange with Plaintiff is attached hereto as **Exhibit D**.

12. Instead of scheduling Mr. Rivera's deposition, on September 7, 2026, while on a hiking trip in Colorado, Plaintiff served this *ex parte* Application on Chase. A true and correct copy of the email regarding Plaintiff's availability is attached hereto as **Exhibit E**.

13. Plaintiff has designated nearly the entire transcript of the Burda deposition as evidence he plans to use in his case in chief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was signed on September 10, 2026 in San Francisco, California.

*/s/ Tomio Narita*
Tomio Narita

# EXHIBIT A

Outlook

## Johnson case - Chase trial witness David Rivera

**From** Narita, Tomio <Tomio.Narita@wbd-us.com>

**Date** Wed 8/19/2026 4:26 PM

**To** Josh Johnson <josh@jj88.org>

**Cc** Gnanadesigan, Abirami <AGnanadesigan@dykema.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>; Givental, Alisa <Alisa.Givental@wbd-us.com>

Josh: I just learned that Rob Wilkins is leaving JPMorgan Chase and that he will be unable to testify at the deposition or at trial. We have arranged for another witness to testify named David Rivera. Mr. Rivera lives in Illinois. I have confirmed he is available for deposition on August 31st. Let me know if you have any questions.

Tomio

**Tomio Narita**
Partner
Womble Bond Dickinson (US) LLP

**d:** 415-765-6274
**m:** 415-519-6093
**e:** Tomio.Narita@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON

**womblebonddickinson.com**

**We have moved! Please update your records with our new address**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

# EXHIBIT B

**Joshua Johnson**
1957 Diamond St
San Diego, CA 92019
(336) 423-2594
josh@jj88.org
PRO SE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>**THIRD AMENDED NOTICE OF DEPOSITION OF REPRESENTATIVES OF JPMORGAN CHASE BANK, N.A. PURSUANT TO FED. R. CIV. P. 30(b)(6), AS AUTHORIZED BY THE COURT'S AUGUST 11, 2026 ORDER [DKT. 195]**<br><br>Date: August 31, 2026<br>Time: 10:00 a.m. Eastern Time<br>Place: Remote Deposition |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's August 11, 2026 Order (Dkt. 195), Plaintiff JOSHUA JOHNSON ("Plaintiff"), appearing pro se, will take by oral examination under oath, on August 31, 2026, commencing at 10:00 a.m. Eastern Time, the deposition of the person(s) designated by Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase") to testify on its behalf, via videoconference using Steno, Zoom, or a similar remote platform.

The Court's August 11, 2026 Order denied Plaintiff's Motion in Limine No. 1 "on the condition that Plaintiff gets to depose Wilkins if he desires, AT DEFENDANT'S EXPENSE, by September 1, 2026, unless Plaintiff prefers a later date." (Dkt. 195 at 8.) The deposition will be taken at Defendant's expense.

This Notice amends and supersedes Plaintiff's Second Amended Notice of Deposition of Representatives of JPMorgan Chase Bank, N.A. Topics 1 through 30 of the Second Amended Notice are renewed without change and retain their original numbering. Topics 31, 32, and 33 are added.

The deposition will be taken before a court reporter authorized to administer oaths by the laws of the State of California, and testimony will be recorded stenographically. The deposition also shall be recorded by audio and videotape. Plaintiff reserves the right to use any part or all of the deposition, including but not limited to the audio or video recording thereof, at trial or at any other hearing in this action in lieu of live testimony of the deponent, as provided in Rule 32 of the Federal Rules of Civil Procedure. The deposition will continue day-to-day until completed, weekends and holidays excepted, unless otherwise agreed by counsel.

In accordance with Rule 30(b)(6), Plaintiff requests that Defendant prepare its designee(s) to testify "as to matters known or reasonably available to" Defendant regarding the Areas of Examination listed below, and that Defendant provide written notice, no later than August 28, 2026, of the name and employment

position of each person designated to testify on Defendant's behalf and the Topics on which each is designated.

## DEFINITIONS

1. The terms "related," "relating," "concern," and "in connection with," and all forms of these terms, as used herein, shall mean having any logical or factual connection with the matter discussed and includes, without limitation: analyzing, concerning, consisting of, describing, discussing, embodying, evidencing, identifying, including, pertaining to, memorializing, mentioning, naming, negating, recording, reflecting, showing, supporting, or summarizing.
2. The term "document(s)" as used herein shall refer to any means of writing and "communication" and includes, without limitation: the original or a non-identical copy as well as drafts and all versions of all writings and recordings; material that is stored, compiled or organized by means of any electronic, magnetic, optical or mechanical device, such as by handwriting, typewriting, or printing; agreements, analytical data, audio recordings, books, calendars, computer tapes, computer storage media, contracts, correspondence, diagrams, diaries, email, facsimiles, forms, interoffice communications, letters, memoranda, messages, notes, papers, pleadings, proposals, reports, social media, studies, surveys, video recordings, worksheets; and any writing or recording prepared on or with any other physical objects.
3. The terms "communications" or "communication" as used herein shall refer to any form of information exchange, or attempted exchange, including but not limited to written or electronic exchanges; exchanges by letter, telephone, facsimile, email, meeting, or conference; any exchange written, taped, or recorded; any exchange without limit to the time, place, or circumstances of its occurrence; instant messages; messages transmitted by social media accounts; direct messages; text messages; and/or any other transmittal of information by any media by any manner.

4. The terms "or" and "and" include each other within their meaning, whether both are referenced or otherwise.
5. The terms "any" and "all" include each other within their meaning, whether both are reference or otherwise.
6. The terms "person" or "persons" shall mean any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of business organization or arrangement, and/or government or government agency of any nature or type.
7. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within scope any information or "documents" that might otherwise be considered beyond their scope.
8. The terms "you," "your," or "Chase" as used herein shall refer to Defendant JPMorgan Chase Bank, N.A., together with its parents, subsidiaries, and affiliates, including JPMorgan Chase & Co., and includes any current and former representatives, agents, employees, attorneys, and anyone else acting or purporting to act on its or their behalf.
9. The term "Plaintiff" as used herein shall refer to Plaintiff Joshua Johnson.
10. "Dispute" means the dispute Plaintiff initiated in August 2020 regarding the information JPMorgan Chase Bank, N.A. reported to Equifax related Plaintiff's Chase Ink credit card account.
11. "Burda," "Wilkins," and "Rivera" mean Barbara Burda, Rob Wilkins, and David Rivera, respectively.
12. "Burda Separation" means the ending, or scheduled ending, of Burda's employment with Chase, however characterized, including the decision to end it.

13. "Wilkins Separation" means the ending, or scheduled ending, of Wilkins's employment with Chase, however characterized, including the decision to end it.

14. "Employment Termination Program" means any program, whether or not formally named, under which the positions or employment of more than one employee were selected for elimination, including any program in connection with which Chase provided the written disclosures described in 29 U.S.C. § 626(f)(1)(H).

15. "Notice Date" means the date on which an employee was first informed by Chase that his or her employment would end or that his or her position would be eliminated.

16. "Separation Date" means the date on which an employee's employment with Chase ended or is scheduled to end.

17. "Relevant Period" means October 23, 2023 through December 31, 2026.

## AREAS OF EXAMINATION

### The Disputed Information and 2020 Investigation

**Topic No. 1:**

The accuracy of the information Chase reported regarding Plaintiff to Equifax that was the subject of the Dispute.

**Topic No. 2:**

The number of times from July 2017 to the present that Chase reported to Equifax that Plaintiff's Chase Ink credit card was a "charge off".

**Topic No. 3:**

Chase's investigation of the Dispute, including but not limited to (a) the steps Chase took to investigate the dispute, (b) the information Chase reviewed when investigating the dispute, (c) Chase's determination after the investigation, and (d) the basis for Chase's determination.

**Topic No. 4:**

Chase's verification of the information Chase reported regarding Plaintiff that was the subject of the Dispute.

**Topic No. 5:**

Chase's transmittal of the information Chase reported regarding Plaintiff that was the subject of the Dispute to Equifax, including but not limited to (a) the number of transmittals and (b) the timeframes those transmittals occurred.

**Topic No. 6:**

The documents Chase has evidencing its investigation of the Dispute.

**Topic No. 7:**

Chase's responses to Interrogatories 1-20.

**Topic No. 8:**

Plaintiff's current balance on his Chase Ink business credit card account.

**Topic No. 9:**

Chase's document retention policies with respects to documents generated during the 2020 investigation of the Dispute.

**Topic No. 10:**

The number of times Chase transmitted the information that was the subject of the Dispute to Equifax.

**Topic No. 11:**

The number of times Chase made contact with Josh Johnson as stated in the October 13, 2020 letter from Chase to Mr. Johnson.

**FCRA Investigations**

**Topic No. 12:**

The process for Chase's receipt of complaints disputing the completeness or accuracy of consumer's information from a consumer reporting agency.

**Topic No. 13:**

What information Chase receives from a consumer's dispute of the completeness or accuracy of a consumer's information from a consumer reporting agency, including whether consumer reporting agencies provide all information they receive from the consumer regarding the dispute to Chase.

**Topic No. 14:**

Chase's procedures for investigating a consumer dispute regarding the completeness or accuracy of a consumer's information received from a consumer reporting agency.

**Topic No. 15:**

The amount of time Chase typically takes to investigate a consumer dispute regarding the completeness or accuracy of a consumer's information received from a consumer reporting agency.

**Topic No. 16:**

The number of employees Chase has participating in investigations related to consumers' disputes of completeness or accuracy of their information pursuant

to FCRA.

**Topic No. 17:**

The number of FCRA consumer disputes Chase receives and processes yearly.

**Topic No. 18:**

Chase's document retention policies with respects to documents generated and/or reviewed when investigating consumer disputes it receives from consumer reporting agencies.

**Online Access**

**Topic No. 19:**

Procedures regarding merging or linking Chase business and personal banking/credit card accounts in 2017.

**Topic No. 20:**

The procedure for customers to access closed and charged off accounts online, including whether charged off accounts are removed from online access.

**Topic No. 21:**

Procedures for sending "payment due" alerts to Chase Ink Card holders, including whether "payment due" notices were sent to Plaintiff for his Chase Ink Card account.

**Similar Complaints**

**Topic No. 22:**

Prior complaints from 2020 to the present where Chase's customers claimed that Chase inaccurately reported their accounts as chargeoffs.

**Topic No. 23:**

Prior complaints from 2020 to the present where Chase's customers claimed that they could not access the balance of their accounts.

**Topic No. 24:**

Prior complaints from 2020 to the present where Chase's customers claimed that they tried to pay off their entire balance but instead only a minimum payment was applied to their accounts.

**Topic No. 25:**

Chase's document retention policies in connection with online communications with its customers, from 2018 to the present.

**Topic No. 26:**

Chase's internal policies and procedures of documenting and investigating customer account inquiries, from 2018 to the present.

**Topics re Chase's Financial Condition / Net Worth**

**Topic No. 27:**

Defendant's current net worth and financial condition.

**Topic No. 28:**

The creation of JPMorgan Chase & Co.'s 10-K filings for the years ending (a) December 31, 2018, (b) December 31, 2019, (c) December 31, 2020, (d) December 31, 2021, and (e) December 31, 2022

**Topic No. 30:**

The creation of JPMorgan Chase & Co.'s 10-Q filings for the periods ending (a) June 30, 2020, (b) September 30, 2020, (c) March 31, 2021, (d) June 30, 2021, (e) September 30, 2021, (f) March 31, 2022, (g) June 30, 2022, (h) September 30, 2022, and (i) March 31, 2022.

**Witness Availability**

**Topic No. 31:**

The Burda Separation, limited to the Relevant Period and to the following:

(a) Each period during the Relevant Period in which Burda was employed by Chase, with the start and end date of each period and the entity that employed her.

(b) The date on which Burda or her position was first identified or selected for elimination; each date on which Chase planned or decided to end her employment or eliminate her position; and the name, title, and role of each person who recommended, made, or approved that decision.

(c) The reason for that decision as recorded in Chase's records or as communicated to Burda.

(d) Whether the decision was made under an Employment Termination Program and, if so: the name or internal identifier of the Employment Termination Program; the date on which it was first proposed and each date on which it was approved; the group of positions from which selections under it were made, including whether the position Wilkins held, or any position reporting to Wilkins, was within that group; and each date on which the selections under it were approved.

(e) Burda's Notice Date; the name and title of the person who notified her; the last date on which she performed any work for Chase; each date on which Chase revoked her access to its premises, email, or systems; her Separation Date; and, if her Separation Date has not yet occurred, whether she is actively working, on a paid non-working notice period, or on leave, and whether she continues to receive her regular salary and benefits.

(f) Whether Chase offered Burda any agreement in connection with the Burda Separation; whether and when she executed it; and the substance of any provision in it that restricts or requires cooperation in legal proceedings, availability to testify, or communications with third parties, whether or not the provision refers to this action.

(g) The date on which the decision to end Burda's employment or eliminate her position was first communicated to any person other than those who recommended, made, or approved it, and the name and title of each person

to whom it was communicated before her Notice Date. As to any attorney, this subpart seeks the date only and not the content of any communication.

**Topic No. 32:**

The Wilkins Separation, limited to the Relevant Period and to the following:

(a) Each period during the Relevant Period in which Wilkins was employed by Chase, with the start and end date of each period and the entity that employed him.

(b) The date on which Wilkins or his position was first identified or selected for elimination; each date on which Chase planned or decided to end his employment or eliminate his position; and the name, title, and role of each person who recommended, made, or approved that decision.

(c) The reason for that decision as recorded in Chase's records or as communicated to Wilkins.

(d) Whether the decision was made under an Employment Termination Program and, if so: the name or internal identifier of the Employment Termination Program; the date on which it was first proposed and each date on which it was approved; the group of positions from which selections under it were made, including whether the position Wilkins held, or any position reporting to Wilkins, was within that group; and each date on which the selections under it were approved.

(e) Wilkins's Notice Date; the name and title of the person who notified him; the last date on which he performed any work for Chase; each date on which Chase revoked his access to its premises, email, or systems; his Separation Date; and, if his Separation Date has not yet occurred, whether he is actively working, on a paid non-working notice period, or on leave, whether he continues to receive his regular salary and benefits; any change after August 18, 2026 to his scheduled Separation Date, and the date of and reason for the change.

(f) Whether Chase offered Wilkins any agreement in connection with the Wilkins Separation; whether and when he executed it; and the substance of any provision in it that restricts or requires cooperation in legal proceedings, availability to testify, or communications with third parties, whether or not the provision refers to this action.

(g) The date on which the decision to end Wilkins's employment or eliminate his position was first communicated to any person other than those who recommended, made, or approved it, and the name and title of each person to whom it was communicated before his Notice Date. As to any attorney, this subpart seeks the date only and not the content of any communication.

**<u>Topic No. 33:</u>**

Chase's Representations Concerning the Availability of Its Witnesses, limited to the following:

(a) Each fact on which Chase based its March 13, 2026 statement that Burda was "not available for trial."

(b) Each fact on which Chase based its March 27, 2026 statement that its counsel designated Wilkins "promptly ... upon learning of Burda's departure," including the date on which Chase's counsel learned of Burda's departure.

(c) Each fact on which Chase based its July 17, 2026 representation to the Court that Wilkins would testify at trial in place of Burda.

(d) Each fact on which Chase based its August 19, 2026 statements that its counsel had "just learned" that Wilkins "is leaving JPMorgan Chase" and that Wilkins "will be unable to testify at the deposition or at trial," including the date on which Chase's counsel learned that Wilkins's employment would end, and each fact on which Chase relies to the extent it contends that Wilkins is not within its control for purposes of producing him for deposition or trial.

(e) The name and title of each person who determined that Wilkins would be unable to testify, and the date of that determination.

(f) Whether Chase asked Wilkins to appear for deposition on August 31, 2026 and to appear at trial; the date of each such request; and each statement by Wilkins to Chase concerning his willingness or ability to testify in this action, with the date of the statement and the person to whom it was made.

(g) Each step Chase has taken to secure Wilkins's attendance at deposition or trial.

(h) The date on which Chase decided to designate Rivera in place of Wilkins.

(i) Whether, as of the date of the deposition, Chase has decided, or has initiated any process, to end Rivera's employment or eliminate his position.

**DATED:** August 24, 2026

Joshua Johnson

/s/ Joshua Johnson

# EXHIBIT C

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OBJECTIONS TO PLAINTIFF'S THIRD AMENDED NOTICE OF DEPOSITION OF REPRESENTATIVES OF JPMORGAN CHASE BANK, N.A. PURSUANT TO FRCP 30(B)(6)**

Complaint Filed: September 19, 2022

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby makes the following objections to Plaintiff's Third Amended Notice Of Deposition Of Representatives Of JPMorgan Chase Bank, N.A. Pursuant To FRCP 30(B)(6):

Topic No. 2: Chase objects to this topic as irrelevant and overbroad. "Charge-off" was not a term contained in the DISPUTE. The number of times that Plaintiff's Chase Ink credit card was reported as a "charge-off" is overbroad due to its irrelevancy.

Topic No. 7: Chase objects to this topic to the extent that Chase has objected to the subject interrogatories. Chase objects to any interrogatory that requests information that is not relevant to the DISPUTE. Chase further objects to the topic as overbroad and unduly burdensome due to the lack of specificity of the topic. Chase objects to the topic regarding any interrogatories requesting information about Chase employees that is covered by the stipulation between the parties, Joint Stipulation re Employees with Information re 2020 Investigation.

Topic No. 9: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and potentially privileged. Since no specific documents are identified, Chase is unable to determine what specific document retention policy may be implicated. Chase is willing to meet and confer with Plaintiff to respond to this topic through interrogatories or stipulation.

Topic No. 18: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and potentially privileged. Since no specific documents are identified, Chase is unable to determine what specific document retention policy may be implicated. Chase is willing to meet and confer with Plaintiff to respond to this topic through interrogatories or stipulation.

Topic No. 19: Chase objects to this topic as irrelevant and overbroad. Anything regarding "online access", or linking of Chase business and personal banking/credit card accounts is not the subject of the DISPUTE and is not related to the DISPUTE as it was communicated to Chase. In addition, there are no

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

allegations of any kind regarding Chase banking, so any information regarding Chase banking is irrelevant.

Topic No. 20: Chase objects to this topic as irrelevant and overbroad. Anything regarding "online access", or closed and charged off accounts online is not the subject of the DISPUTE and is not related to the DISPUTE as it was communicated to Chase. The topic is overbroad as it is not limited to credit card accounts.

Topic No. 21: Chase objects to this topic as irrelevant and overbroad. Anything regarding "online access", or "payment due" alerts to Chase Ink Card holders is not the subject of the DISPUTE and is not related to the DISPUTE as it was communicated to Chase.

Topic No. 22: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and lacking in proportionality to the needs of the case. The DISPUTE did not concern an inaccurate report of account charge off and so the topic is irrelevant. The topic is not limited to credit cards and so is overbroad. Chase does not separately track this information making any discussion of customer complaints unduly burdensome. Complaints regarding charge offs is the largest dispute status code received by Chase from credit reporting agencies, resulting in thousands of complaints that have no relevancy to this dispute making this information disproportional to the needs of the case.

Topic No. 23: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and lacking in proportionality to the needs of the case. The DISPUTE did not concern inability to access the balance of an account and so the topic is irrelevant. The topic is not limited to credit cards and so is overbroad. Chase does not separately track this information making any discussion of customer complaints unduly burdensome. Since the topic does not concern the DISPUTE, the information is disproportional to the needs of the case.

Topic No. 24: Chase objects to this topic as irrelevant, overbroad, unduly

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

burdensome, and lacking in proportionality to the needs of the case. The DISPUTE did not concern attempts to pay off entire balance of an account where only a minimum payment was applied and so the topic is irrelevant. The topic is not limited to credit cards and so is overbroad. Chase does not separately track this information making any discussion of customer complaints unduly burdensome. Since the topic does not concern the DISPUTE, the information is disproportional to the needs of the case.

Topic No. 25: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and potentially privileged. As drafted, the topic is irrelevant because it is not clear what online communications are requested. Since no specific documents are identified, Chase is unable to determine what specific document retention policy may be implicated. It is also overbroad and unduly burdensome because it is not limited to credit card customers.

Topic No. 26: Chase objects to this topic as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. It is not clear what is requested regarding "internal policies and procedures documenting and investigating customer account inquiries."

Topic No. 27: Chase objects to this topic to the extent it's precluded by the stipulation between the parties, Joint Stipulation re Financial Condition Evidence. Chase objects to this topic as overbroad in that it's not limited to Chase's credit card business. As stipulated to, Chase is willing to meet and confer regarding Chase's financial condition as it relates to its credit card business, subject to objections of relevancy as to admission of evidence of damages.

Topic No. 28: Chase objects to this topic to the extent it's precluded by the stipulation between the parties, Joint Stipulation re Financial Condition Evidence. Chase objects to this topic as overbroad in that it's not limited to Chase's credit card business. As stipulated to, Chase is willing to meet and confer regarding Chase's financial condition as it relates to its credit card business, subject to objections of

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

relevancy as to admission of evidence of damages.

Topic No. 30: Chase objects to this topic to the extent it's precluded by the stipulation between the parties, Joint Stipulation re Financial Condition Evidence. Chase objects to this topic as overbroad in that it's not limited to Chase's credit card business. As stipulated to, Chase is willing to meet and confer regarding Chase's financial condition as it relates to its credit card business, subject to objections of relevancy as to admission of evidence of damages.

Topic No. 31: Chase objects to this topic and each of its subparts as irrelevant, overbroad, unduly burdensome, and lacking in proportionality to the needs of the case. Chase further objects to this topic to the extent it seeks private or confidential information of third parties. Chase further objects to this topic as overbroad as it is outside of the scope of this Court's August 11, 2026 Order denying Plaintiff's Motion in Limine No. 1. Discovery has closed and Plaintiff is not permitted to add additional topics to this Third Amended Notice.

Topic No. 32: Chase objects to this topic and each of its subparts as irrelevant, overbroad, unduly burdensome, and lacking in proportionality to the needs of the case. Chase further objects to this topic to the extent it seeks private or confidential information of third parties. Chase further objects to this topic as overbroad as it is outside of the scope of this Court's August 11, 2026 Order denying Plaintiff's Motion in Limine No. 1. Discovery has closed and Plaintiff is not permitted to add additional topics to this Third Amended Notice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Topic No. 33: Chase objects to this topic and each of its subparts as irrelevant, overbroad, unduly burdensome, and lacking in proportionality to the needs of the case. Chase further objects to this topic to the extent it seeks private or confidential information of third parties. Chase further objects to this topic as overbroad as it is outside of the scope of this Court's August 11, 2026 Order denying Plaintiff's Motion in Limine No. 1. Discovery has closed and Plaintiff is not permitted to add additional topics to this Third Amended Notice.

DATED: August 28, 2026

DYKEMA GOSSETT LLP

By: ______________________
ABIRAMI GNANADESIGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 South Flower Street, Suite 2200, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OBJECTIONS TO PLAINTIFF'S THIRD AMENDED NOTICE OF DEPOSITION OF REPRESENTATIVES OF JPMORGAN CHASE BANK, N.A. PURSUANT TO FRCP 30(B)(6)**

on the interested parties in this action as follows:

| | |
|---|---|
| Joshua Johnson<br>1957 Diamond St<br>San Diego, CA 92109<br><br>Tel: (336) 423-2594<br>Email: josh@jj88.org | **DEFENDANT PRO PER** |

☒**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Dykema Gossett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address MMendoza@dykema.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 28, 2026, at Los Angeles, California.

Emma Salmon

# EXHIBIT D

Outlook

**RE: Johnson case - Chase trial witness David Rivera**

**From** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Date** Wed 9/2/2026 12:12 PM
**To** Josh Johnson <josh@jj88.org>
**Cc** Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <AGnanadesigan@dykema.com>; Narita, Tomio <Tomio.Narita@wbd-us.com>

Thank you, Josh. I understand your email to mean that you are not taking us up on the offer to have Mr. Rivera's deposition tomorrow. I will release him. If you decide you want to proceed with the deposition, please provide us with alternate dates and we will attempt to work within those dates. As I said, his calendar fills quickly.

Regards, Tomio

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Wednesday, September 2, 2026 11:55 AM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <agnanadesigan@dykema.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

External (josh@jj88.org)

Report This Email FAQ

Tomio,

Stop working on an exhibit to your opposition and start reading my emails.

I told you yesterday that I was available at 12pm Pacific on Sep 3, but that fronting a second deposit would be an issue, and asked you to schedule the deposition. I remain available and I want to take the deposition.

The problem is that Chase won't schedule it, Chase won't advance the deposit, and I can't pay the deposit until funds from Schwab land in 1-3 days.

I will let you know when I am able to pay the deposit.

Josh

On Wed, Sep 2, 2026 at 5:36 AM Narita, Tomio <Tomio.Narita@wbd-us.com> wrote:

> Josh, thank you. You still have not stated that you want to proceed with Mr. Riviera's deposition on Thursday September 3rd (tomorrow) during the time window we offered. If you do not confirm that by Noon Pacific time today then I will release that date on his calendar and we'll await word from you on other potential dates. We will work to the best of our ability to arrange another date but his calendar is filling up very quickly.
>
> If you proceed with a deposition, it will be a Chase's expense, consistent with the Court's order. Indeed, I have already received an

invoice for the deposition transcript from Monday, which I immediately put in line for payment. My memory of the hearing we had on Monday (which needs to be confirmed by the transcript of that hearing, which we have ordered), is the Court stated it was not directing Chase to make your deposition arrangements for you.

Tomio

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Wednesday, September 2, 2026 3:47 AM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <agnanadesigan@dykema.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

**Caution**: External (josh@jj88.org)

Sensitive Content Details

**Never send money without first confirming orally – via phone or in person – that the payment is to be made.**

Report This Email FAQ

Tomio,

As I've told you several times before, the only litigation firm that will work with me requires an up-front deposit. I already paid $3,823.50 because you refused to handle payment for a deposition that the Court ordered to be at "DEFENDANT'S EXPENSE".

You won't pay and I don't have the cash on hand to advance a second deposit. So here we are.

I've placed a sell order with Schwab to make funds available. Based on past experience, the money will arrive in 1-3 days.

Josh

On Tue, Sep 1, 2026 at 3:37 PM Josh Johnson <josh@jj88.org> wrote:

> > It is difficult for me to liquidate another ~$4,000 on short notice to pay the deposit required by Brickell. You must schedule the deposition, request the same parameters as the Burda deposition, and ensure that I receive a transcript as soon as the firm allows. Please confirm your agreement by the end of today.
>
> I'm going to ask again, now for the third time. What is your position on this?
>
> On Tue, Sep 1, 2026 at 3:24 PM Narita, Tomio <Tomio.Narita@wbd-us.com> wrote:
>
> > Josh,

Your recollections and characterizations listed below are inaccurate. Your suggestion that the witness should make himself available until "10p.m. Eastern Time or later" is patently ridiculous and the Court will see it as such. Ms. Burda's deposition lasted a total of 4 hours, including breaks, so there would be no reason to have Mr. Rivera available to be deposed for more a similar time frame. It is apparent you have no serious interest in taking Mr. Rivera's deposition. Rather, consistent with your past pattern, you simply wish to preclude any Chase witness from testifying at the trial and you are searching for a way to try to set up that argument.

Notwithstanding all this, we are attempting to give you the chance to take a further deposition of Mr. Rivera so long as you keep the Court's clear guidance in mind. Mr. Rivera lives in Illinois, as you know, and he is on Central Time. His normal work hours are from 6:00 a.m. to 2:30 p.m. Central time. We can make him available this Thursday, September 3d for his deposition during those hours. That time slot provides you with more than twice the time that you should need. If you do not wish to start that early in the morning, then you can start at a later time and, as a courtesy to you, Mr. Rivera has agreed to be available for two additional hours beyond his normal work hours, i.e., ending at 4:30 p.m. Central time. If for some reason you still are not willing to work within these time frames, then please suggest another few dates that you can take his deposition and we will consider them with Mr. Rivera and get back to you.

We have attempted in good faith to accommodate your many changing requests and shifting positions on this subject. I'll need to hear from you promptly if you want to lock in the Thursday date.

Tomio

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Tuesday, September 1, 2026 1:48 PM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <agnanadesigan@dykema.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

External (josh@jj88.org)

Report This Email FAQ

Tomio,

I went ahead and called Brickell. They do have a court reporter and videographer available at 12pm PT / 3pm ET, who can be available for as long as is necessary. I intend to reserve my full time, which means that the deposition may not conclude until 10pm ET or later.

It would have been nice to have a reply to my questions asking whether Chase would assist with the logistics and court reporter, given the short time frame, and Judge Birotte's clear suggestion that you assist. It is difficult for me to liquidate *another* ~$4,000 on short notice to pay the deposit required by Brickell. You must schedule the deposition, request the same parameters as the Burda deposition, and ensure that I receive a transcript as soon as the firm allows. Please confirm your agreement by the end of today.

I object to the deposition taking place on September 3 and maintain my objection to Rivera appearing instead of Wilkins. The August 11 order states: "Plaintiff gets to depose Wilkins if he desires, AT DEFENDANT'S EXPENSE, by September 1, 2026, unless Plaintiff prefers a later date." Chase has violated the Court's August 11 order by failing to produce Wilkins by September 1.

With respect to your contention that the witness was merely "on standby," that was never the issue. Your conduct at the deposition speaks for itself. You stated: "I will just be ending the deposition"; "We'll just end"; "We're going to end this deposition"; instructed Mr. Rivera to "click out"; and later stated that your intent was "to terminate the deposition".

I repeatedly asked you to clarify whether you were ending the deposition; you repeatedly confirmed that you were, and the proceeding was thereafter taken off the record and concluded. The court reporter and videographer left. When I called Brickell after the emergency meeting with the Court, they had closed.

Moreover, your unilateral termination was improper. Rule 30(d)(3)(A) provides the exclusive basis for interrupting a deposition to seek its termination or limitation. *Biovail Labs., Inc. v. Anchen Pharms., Inc.*, 233 F.R.D. 648, 653 (C.D. Cal. 2006) ("Rule 30(d)(3) is the only authority allowing the interruption of a deposition."). Rule 30(d)(3)(A) then provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

But what you repeatedly identified was not any of those enumerated grounds; rather it was "scope":

- "If you exceed the scope of what was provided to you in Ms. Burda's deposition, I'll move for a protective order and I'll end the deposition and we'll talk to the judge about it."
- "If you start asking him questions about topics that you added beyond the scope of what was presented at Ms. Burda's deposition, then I'm going to end this deposition and move for a protective order."
- "If you exceed the scope, then I will just be ending the deposition … and seeking a protective order."

The question immediately preceding your termination merely asked whether Mr. Rivera had testified that he was prepared to testify on all topics in the Third Amended Notice; you then instructed him to "click out" and stated, "We're going to end this deposition."

Josh

On Tue, Sep 1, 2026 at 11:54 AM Josh Johnson <josh@jj88.org> wrote:

I have immovable professional obligations until 12pm Pacific time on the 3rd. I am available at 12pm.

On Tue, Sep 1, 2026 at 9:13 AM Narita, Tomio <Tomio.Narita@wbd-us.com> wrote:

Josh, we will oppose any motion you file. The witness was on standby yesterday, and after we were heard by the Court, we were waiting to see if you wanted to restart the deposition, but you never indicated you wanted to resume it. We also asked Mr. Rivera to block off time on his calendar this Thursday September 3rd to complete the deposition. Please advise us immediately if you want to resume on Thursday. If we don't hear from you by the end of the business day, I will assume you do not want to proceed.

Tomio

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Monday, August 31, 2026 11:45 PM
**To:** Givental, Alisa <Alisa.Givental@wbd-us.com>
**Cc:** Narita, Tomio <Tomio.Narita@wbd-us.com>; Gnanadesigan, Abirami <agnanadesigan@dykema.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

External (josh@jj88.org)

Report This Email FAQ

I called Brickell after the conference this afternoon. Brickell is based out of Florida, and had closed, so I was unable to schedule a second deposition. I am aware of no other firms that will work with a pro se litigant.

Given Chase's suspension of the deposition this morning, its unsuccessful request for protective relief, and its prior refusal to handle the logistics of a deposition that was to be at its expense, there is no practical way to get the deposition done in a timeframe that allows for a fair trial as planned on September 14. At absolute best, the deposition would be taken on September 2, with the transcript made available on September 6. That is not sufficient time.

Consequently, I intend to file ex parte as soon as is practicable, likely tomorrow, for a motion for the court to enforce the final pretrial conference order and preclude David Rivera from testifying at trial.

There are two serious problems.

First, you are attempting to add David Rivera. Rivera is not listed on the witness list incorporated into the Final Pretrial Order entered August 12. The party seeking amendment bears "the burden of showing that an amendment to the pretrial order [is] necessary to prevent 'manifest injustice.'" *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); Fed. R. Civ. P. 16(e). An email announcing Rivera as a replacement did not modify the Order, and Chase has never sought leave to amend it.

Second, Chase is removing Rob Wilkins from the trial posture on which I reasonably relied. Chase repeatedly represented to myself and to the Court that Wilkins would be available and would testify at trial. Courts recognize that representations that an out-of-state witness will appear live can support reasonable trial-preparation reliance notwithstanding the absence of compulsory process. *See, e.g., Brown v. Kia Motors Corp.*, No. 2:06-cv-00804, ECF No. 277, at 1–4 (W.D. Pa. Jan. 19, 2010).

I relied on that posture. Wilkins is independently on my trial list for 1.5 hours of affirmative examination, in part because of his witness-specific personal knowledge as a Vice President in Chase's credit-dispute organization. His role as Chase's 30(b)(6) designee is separate. Rivera may be capable of learning and presenting Chase's corporate position, but he cannot inherit Wilkins's firsthand knowledge.

Josh

On Mon, Aug 31, 2026 at 1:45 PM Josh Johnson <josh@jj88.org> wrote:

> Counsel,
>
> I wanted to follow up after the discussion this morning with the Court.
>
> Has Chase's position with respect to taking on the logistics of scheduling a (now second) deposition changed?
>
> Josh
>
> On Tue, Aug 25, 2026 at 2:15 PM Givental, Alisa <Alisa.Givental@wbd-us.com> wrote:
>
>> Josh,
>>
>> Thank you for returning my call. To answer your questions regarding the deposition, we cannot take on the logistics of setting up the deposition.
>>
>> With respect to whether a deposition being at Chase's expense means Chase has to cover any and all expenses you incur beyond a court reporter, including a videographer, overnight expediting of a certified video record, overnight expediting of a certified transcript, and as contemplated earlier (but I believe now moot) attorneys' fees if you hire an attorney to take the depo – is not stated in the Court's order. The magnitude of the contemplated expense is likewise uncertain at this point. Since you plan to proceed as you deem appropriate regardless of our position, it is not necessary for us to take a position without additional information. We hope you consider the reasonableness of any expenses you incur. Once you incur the expenses, please provide us with the invoices to review with our client and respond with any objections.
>>
>> Alisa

**Alisa Givental**
Senior Counsel
Womble Bond Dickinson (US) LLP

**d:** 415-765-6268
**e:** Alisa.Givental@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON

womblebonddickinson.com

**We have moved! Please update your records with our new address**

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Tuesday, August 25, 2026 1:14 AM
**To:** Givental, Alisa <Alisa.Givental@wbd-us.com>
**Cc:** Narita, Tomio <Tomio.Narita@wbd-us.com>; Gnanadesigan, Abirami <agnanadesigan@dykema.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

External (josh@jj88.org)

Report This Email FAQ

All,

Rule 26(a)(1)(A)(i) requires Chase to disclose the address and telephone number of each individual it may use to support its defenses, along with the subjects of that information, and Rule 26(e) requires Chase to supplement now that it intends to substitute Rivera. Please provide his address and telephone number. Counsel's or the employer's address does not satisfy the rule. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 621–22 (D. Colo. 2008).

The Third Amended Rule 30(b)(6) notice is attached. Please identify Chase's designee(s) and the topics each will cover and let me know when someone is available to confer under Rule 30(b)(6). Per the Court's order, please also confirm that Chase will arrange and pay for the court reporter and videographer for August 31, that the deposition will be video-recorded as the Burda deposition was, and that the certified transcript and video will be delivered to me on a next-day expedited basis given the trial date. I have made several attempts to schedule the deposition; the vast majority of firms will not work with pro se litigants.

Thanks,
Josh

On Mon, Aug 24, 2026 at 11:48 AM Givental, Alisa <Alisa.Givental@wbd-us.com> wrote:

Josh,
Why do you need this info?
I was travelling again and now I am back. Apologies for delay in circling back.
Alisa

**Alisa Givental**
Senior Counsel
Womble Bond Dickinson (US) LLP

**d:** 415-765-6268
**e:** Alisa.Givental@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON

womblebonddickinson.com

**We have moved! Please update your records with our new address**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

---

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Saturday, August 22, 2026 11:11 AM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Cc:** Gnanadesigan, Abirami <agnanadesigan@dykema.com>; Givental, Alisa <Alisa.Givental@wbd-us.com>
**Subject:** Re: Johnson case - Chase trial witness David Rivera

External (josh@jj88.org)

Report This Email FAQ

Following up on my email below.

On Thu, Aug 20, 2026 at 9:01 AM Josh Johnson <josh@jj88.org> wrote:

Hi Tomio,

What's David's position, address, and phone number? On what date does Rob's employment with Chase ends?

Josh

On Wed, Aug 19, 2026 at 4:26 PM Narita, Tomio <Tomio.Narita@wbd-us.com> wrote:

> Josh: I just learned that Rob Wilkins is leaving JPMorgan Chase and that he will be unable to testify at the deposition or at trial. We have arranged for another witness to testify named David Rivera. Mr. Rivera lives in Illinois. I have confirmed he is available for deposition on August 31st. Let me know if you have any questions.
>
> Tomio

**Tomio Narita**
Partner
Womble Bond Dickinson (US) LLP

d: 415-765-6274
m: 415-519-6093
e: Tomio.Narita@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON

womblebonddickinson.com

**We have moved! Please update your records with our new address**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

# EXHIBIT E

Outlook

**Labor day week availability**

**From** Josh Johnson <josh@jj88.org>
**Date** Fri 9/4/2026 11:15 AM
**To** Narita, Tomio <Tomio.Narita@wbd-us.com>; Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <AGnanadesigan@dykema.com>

All,

I wanted to give you a heads up that I will be in Colorado next week for a hiking trip. I will have my laptop with me, but it will likely be difficult to reach me on the 7th, 8th, and 9th.

Josh

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On the date set forth below, I served the following document(s) described as:

**DECLARATION OF TOMIO NARITA IN SUPPORT OF JPMORGAN CHASE BANK, N.A.' OPPOSITION TO EX PARTE APPLICATION**

on the interested parties in this action as follows:

Joshua Johnson
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: josh@jj88.org

**PLAINTIFF PRO SE**

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2026, at San Francisco, California.

Alisa Givental