UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-06718-AB-MAA | Date: | September 10, 2026 |
|---|---|---|---|

| Title: | *Joshua Johnson v. JPMorgan Chase Bank, N.A.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING EX PARTE APPLICATION [Dkt. No. 206]**

The Court has reviewed Plaintiff Joshua Johnson's ("Mr. Johnson") Ex Parte Application (Dkt. No. 206), Defendant JP Morgan Chase Bank, N.A.'s ("Chase") opposition thereto, and the supporting materials. Mr. Johnson (1) seeks to enforce the Court's final pre-trial conference order by excluding Chase's recently-substituted Rule 30(b)(6) witness David Rivera, whom Chase did not identify in the final pretrial conference order, and (2) requests a one week continuance of the trial, from September 14 to September 21, because dealing with this issue has deprived him of trial preparation time.

The application is **DENIED**.

To be clear, Chase did not manage this situation appropriately. Stopping Mr. Johnson's deposition of Mr. Rivera and then not facilitating its resumption when Mr. Johnson had difficulty securing a court reporter—despite this Court's comments at the hearing Chase requested after it stopped the deposition—is not the conduct the Court expects from experienced counsel. Mr. Johnson explained that

he had difficulty securing a court reporter because he is pro se, and the Court previously ordered Chase to pay for its substitute witness's deposition anyway, so Chase should have facilitated these arrangements. Likewise, faulting Mr. Johnson for not resuming the deposition the same day makes little sense because Chase ended it. The Court has a hard time seeing the positions Chase has taken as consistent with Rule 30(c) and (d), or as mere zealous advocacy. On the other hand, Mr. Johnson could have proceeded with the Rivera deposition focusing just on the original Rule 30(b)(6) topics rather than on the expanded topics concerning his predecessors' employment. It is not likely that Mr. Rivera would have knowledge of such matters, and such matters are of marginal potential relevance at best. Yet the fault lies primarily with Chase. Chase refused the obvious solutions to the problem created by the understandable unavailability of its Rule 30(b)(6) witnesses, and instead magnified the problem. Now, there is no good solution to the resulting messy situation. And unfortunately the parties as well as the Court have had to expend time on this avoidable issue. The Court admonishes Chase and expects Chase to be better than this going forward.

Having said this, as the Court observed before, courts do permit Rule 30(b)(6) witnesses to be substituted in situations when the original witness is no longer employed. And although the Court initially conditioned the substitution of a Rule 30(b)(6) witness on Mr. Johnson having the opportunity to depose the substitute, Mr. Rivera's testimony would be on behalf of Chase, just like the testimony of the original Rule 30(b)(6) witness Ms. Burda. As such, Mr. Rivera's testimony is apt to be the same as Ms. Burda's, and if it is not, then he is vulnerable on cross-examination when confronted with the conflict.

Finally, the Court denies Mr. Johnson's request for a continuance. There has been sufficient time to prepare.

The Application is **DENIED**.

Finally, the Court observes Chase's remark in its opposition that Mr. Johnson has not made a settlement demand. Either side can invite a discussion about settlement. This is the eleventh hour, but it is not too late. The Court reminds the parties that settlement entails compromise and encourages both sides to make a further attempt at settlement before trial begins on Monday, September 14, 2026.

**SO ORDERED.**