**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | Case No.: 2:22-cv-06718-AB-MAAx<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER PERMITTING REMOTE TESTIMONY**<br><br>Judge: Hon. André Birotte Jr.<br>Place: Courtroom 7B |

The Court has reviewed Plaintiff's Ex Parte Application for an Order Permitting Remote Testimony ("Application," Dkt. No. 211), which plaintiff pro se Joshua Johnson ("Plaintiff") emailed to the Court and Defendant JPMorgan Chase Bank, N.A.'s counsel at 10:35 a.m. on Friday, September 11, 2026, and which the Court caused to be filed at around noon the same day. Trial is set for Monday September 14, 2026. This does not provide enough time to file an opposition. However, Defendant's opposition arguments are reflected in the meet-and-confer emails attached to the Application. The Court has reviewed them. Furthermore, Defendant's arguments were previewed when Plaintiff previously sought blanket permission for remote testimony. The Court has considered these arguments.

The Application if **GRANTED**. Under Federal Rule of Civil Procedure 43(a) provides that, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

The Application recites family-care and work obligations that establish compelling circumstances to permit Plaintiff's witnesses Zack Hoffman and Meghan Johel to testify at trial by live video from North Carolina. In a meet and confer letter, Defendant claims that cross-examining these witnesses for the first time remotely would be prejudicial, explaining that it did not cross-examine them before because it was unclear whether Plaintiff would use them as trial witnesses. This is simply not persuasive. These witnesses are apparently friends or acquaintances of Plaintiff who will testify briefly—for about 10-30 minutes, Plaintiff estimates—regarding his damages. Counsel should be able to effectively cross-examine such witnesses via videoconference.

The Court therefore **ORDERS** that Zack Hoffman and Meghan Johel may testify at trial by live video from North Carolina.

**IT IS SO ORDERED.**

Dated: September 11, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE