**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN (SBN 263375)
AGnanadesigan@dykema.com
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

*Attorneys for Defendant*
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 2:22-cv-06718-AB-MAA<br><br>**DEFENDANT'S REQUEST FOR LEAVE TO CONDUCT LIMITED ATTORNEY VOIR DIRE**<br><br>The Hon. André Birotte Jr.<br>Courtroom 7B<br>Magistrate Maria A. Audero<br>Courtroom: 690 |

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully requests that the Court permit limited attorney-conducted follow-up voir dire of prospective jurors after the Court completes its standard examination. Chase is aware of the Court's established practice of conducting voir dire and Chase does not seek to replace or disrupt the Court's standard procedure. Instead, Chase asks the Court to exercise its discretion to allow a brief period (10–15 minutes per side) for counsel to pose follow-up questions on topics bearing on the unique facts of this case.

Federal Rule of Civil Procedure 47(a) provides: "The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper."

The Ninth Circuit has held that voir dire must be "sufficient to permit counsel to exercise challenges on an informed basis." *United States v. Gonzalez*, 214 F.3d 1109, 1114 (9th Cir. 2000); see also *Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991); *United States v. Blount,* 479 F.2d 650, 651 (9th Cir. 1973).

Chase believes there are unique circumstances that warrant limited attorney voir dire. Chase is a very large financial institution and juror attitudes toward major financial institutions are likely to be complicated. There may be subtle biases that are rooted in their personal experiences with foreclosures, credit denials, or disputes with financial institutions that may be difficult to uncover through standard judicial questioning alone. Jurors may be reluctant to acknowledge these biases in open court, but may be likely to reveal them during targeted follow-up questions posed by counsel.

Plaintiff is proceeding pro se. This creates an unmistakable "David versus Goliath" dynamic where a self-represented individual is pitted against a large bank that is represented by experienced attorneys. This dynamic creates a heightened risk of sympathy bias in favor of Plaintiff that justifies a careful probing of potential jurors.

Each side has only three peremptory challenges, exercised alternately, with passes counting as strikes. This limited number of strikes makes it all the more critical that counsel have sufficient information to exercise its peremptory challenges intelligently.

Moreover, to Chase's knowledge, the Court is not planning to provide counsel with any juror questionnaires that may have been filled out by the panel. Thus, the parties will have virtually zero information about the potential jurors before they must exercise the limited strikes.

For these reasons, Chase respectfully requests that the Court exercise its discretion under Rule 47(a) to permit limited attorney-conducted follow-up questioning of prospective jurors. The anticipated follow-up questions would be similar in nature to the proposed voir dire questions submitted by Chase in advance of the Pretrial Conference (see Doc. No. 15). Those questions have been reprinted here for the Court's convenience as Attachment A.

DATED: September 11, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/Tomio B. Narita*

Tomio B. Narita
Attorneys for JPMorgan Chase Bank, N.A.

# ATTACHMENT A

1. Have you ever disputed anything that appeared on your credit report? If yes, how was that situation resolved?

2. Have you ever had a credit application denied? If yes, please explain the reasons as you understand them.

3. Have you ever had a period of time where you thought your credit score was lower than it should have been? If yes, please explain why.

4. Have you, your relatives, or anyone close to you ever been involved in a dispute with a bank or other company about something on a credit report? If yes, please provide a brief description.

5. Are you now (or have ever been) involved in any dispute with Defendant JPMorgan Chase Bank, N.A. or any Chase entity? If yes, please provide a brief description of it.

6. Do you now have (or have you had) any unresolved complaints with a financial institution?

7. Would you generally agree with the statement that banks do not treat customers fairly and that they need to be punished for their actions?

8. Would you generally agree with the statement that banks have a lot of money so they can easily afford to pay damages to their customers?

9. Would you generally agree with the statement that banks provide poor customer service?

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On September 11, 2026, I served the document(s) described as:

**DEFENDANT'S REQUEST FOR LEAVE TO CONDUCT LIMITED ATTORNEY VOIR DIRE**

on the interested parties in this action as follows:

Joshua Johnson
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: josh@jj88.org

**PLAINTIFF PRO SE**

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address rosana.klingerman@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 11, 2026, at San Francisco, California.

Rosana M. Klingerman, ACP®, CCP®
Advanced Certified Paralegal