**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR REMOTE TESTIMONY**

Complaint Filed: September 19, 2022

# I. INTRODUCTION

"The importance of presenting live testimony *in court* cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (emphasis in original) (citing Fed. R Civ. P. 43(a) advisory committee's note to 1996 amendment). For this reason, the Federal Rules of Civil Procedure require that, absent compelling circumstances, at trial, witnesses testify in open court. Fed. R. Civ. P. 43(a). Inconvenience and reasonably foreseeable circumstances are generally insufficient to show a compelling basis. *See id.* (advisory committee notes for 1996 amendment).

On the last court day before trial, Plaintiff sought leave for his two friends to appear remotely to testify in support of his damage claims. He did not justify the last-minute request with any unexpected change in his witnesses' circumstances. Nor did he establish why his friends' family-care and work obligations create compelling circumstances for their remote appearance. Importantly, the burden Plaintiff claimed was hypothetical, not real, and Chase confirmed this before declining Plaintiff's request to forgo Rule 43(a) protections. Plaintiff omitted from his filing the email where this is established. *See* Declaration of Alisa A. Givental, Exh. 1.

The Court promptly granted Plaintiff's request before Chase had an opportunity to respond to it.

Chase therefore objects to the Court's Order granting Plaintiff's request and respectfully requests the Court to reconsider its ruling. The request was untimely and its untimeliness was not justified and was prejudicial to Chase. The meet-and-confer emails cited by the Order did not contain Chase's complete legal arguments, authorities, or specific evidentiary objections. And Plaintiff's request was inadequately supported by good cause, compelling circumstances, or any appropriate safeguards to be imposed if remote testimony proceeds.

## II. TRIAL WITNESSES MUST TESTIFY IN OPEN COURT AND PLAINTIFF HAS NOT IDENTIFIED AN EXCEPTION

Federal Rule of Civil Procedure 43(a) provides that "***[a]t trial***, the witnesses' testimony ***must be taken in open court*** unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a) (emphasis added).

The Advisory Committee Notes to the 1996 Amendment highlight the importance of in-person witness testimony:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. ***The importance of presenting live testimony in court cannot be forgotten***. ***The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling***. ***The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.***

Fed. R. Civ. P. 43 (emphasis added).

The Ninth Circuit recognizes that remote testimony is the exception and that live, in-person testimony is strongly preferred. *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023) ("The advisory committee's notes to Rule 43 reinforce this conclusion by explaining that remote testimony is the exception, and live, in-person testimony is strongly preferred."); *Draper v. Rosario*, 836 F.3d 1072, 1081–82 (9th Cir. 2016) (holding that the district court properly disallowed remote video testimony under Rule 43 given the importance of "live testimony in court") (citing Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

Plaintiff identifies no federal statute, evidentiary rule, or other rule adopted by the Supreme Court in support of his request for remote appearances. *See* Dkt. 211. His request must therefore be evaluated under the "good cause in compelling circumstances" standard.

## III. PLAINTIFF HAS NOT ESTABLISHED GOOD CAUSE OR COMPELLING CIRCUMSTANCES, AND BY HIS UNTIMELINESS MADE APPROPRIATE SAFEGUARDS IMPOSSIBLE

The Advisory Committee Notes to the 1996 Amendment address the "good cause in compelling circumstances" requirement.

"Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) (advisory committee's note to 1996 amendment). "The most persuasive showings of good cause and compelling circumstances are likely to arise when a ***witness is unable to attend trial for unexpected reasons***, ***such as accident or illness,*** but remains able to testify from a different place." *Id.* (emphasis added). On the other hand, "A party ***who could reasonably foresee*** the circumstances offered to justify transmission of testimony ***will have special difficulty in showing good cause and the compelling nature of the circumstances***." *Id.* (emphasis added).

**A. The Reciprocity Premise Is Unfounded.**

The supposed reciprocity obligation traces to Plaintiff's *ex parte* application in March 2026, to postpone the final pretrial conference and retroactively deem his late-filed documents timely. *See* Dkt. 155. That *ex parte* filed by Plaintiff is what resulted in the trial continuance from May 18 to August 3, 2026. *See* Dkt. 175. Chase's counsel and corporate witness had prior family obligations that conflicted with the new date. *See* Dkts. 182, 182-2. But Plaintiff refused to stipulate to a trial continuance unless Chase paid the heavy price of forfeiting with respect to Plaintiff's damages witnesses "[t]he very ceremony of trial and the presence of the factfinder" that the Ninth Circuit recognizes as "a powerful force for truthtelling." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023).

When Chase refused, Plaintiff opposed the trial continuance claiming it would burden his witnesses. *See* Dkt. 188 ("The real burden of another reset will fall on Johnson's fact witnesses in North Carolina: nonparties who live across the country

and must arrange travel, childcare, work absences, family schedules, and a week away from ordinary obligations each time the trial date moves.”). Taking him at his word, the Court postponed trial and also relayed its expectation that Chase would reciprocate the relief to Plaintiff's witnesses. *See* Dkt. 193.

To date, there is no evidence that Plaintiff's witnesses were burdened by Chase's request for a continuance. To the contrary, when the parties met and conferred, Chase asked point blank if either of the witnesses had made or changed travel, work, or childcare arrangements in connection with the August 3 trial date. Givental Decl. Exh. 1. Plaintiff responded: “I don't remember.” *Id.*

The witness hardships Plaintiff asserted in his *ex parte* – work and childcare obligations – by their nature exist independently of the August trial continuance and would have been the same on any trial date set by the Court. *See* Dkt. 211, Decl. ¶ 6. Plaintiff confirmed as much to Chase, saying that “A stipulation in August would also have been equally appropriate.” Givental Decl. Exh. 1.

In other words, Plaintiff's witnesses were always going to be inconvenienced by Plaintiff's selection of California as the forum for this trial. This inconvenience is not attributable to Chase and thus it cannot supply good cause or compelling circumstances to strip away Rule 43(a) requirements.

**B. Inconvenience Is Not Enough and the Circumstances Were Foreseeable.**

Plaintiff's *ex parte* is based on his recitation of his witnesses' hardships, Dkt. 211, and he describes no more than inconvenience of an appearance in Plaintiff's chosen forum,[1] not “unexpected reasons” that could justify excusing the in-person

---

[1] The recitation also asserts, without explanation, that the witnesses would have to spend 3-4 days away from work and home, although the testimony of each witness is estimated at 10 minutes long. *See* Dkt. 211, Decl. ¶ 7. Chase provided Plaintiff with itineraries that would require less than 30 hours away and offered to work with Plaintiff on witness order to make sure the witnesses are not delayed in California. Givental Decl. Exh. 1. This representation should be disregarded as unfounded.

trial testimony that Rule 43(a) requires. Mere inconvenience is not enough. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."). And the inconvenience was always foreseeable[2] and inherent in Plaintiff's choice of forum. *See In re Kirkland*, 75 F.4th at 1038 (circumstances that a party could "reasonably foresee" face "special difficulty" in meeting the compelling-circumstances standard). Plaintiff has not identified a basis for having his witnesses excused from the Rule 43(a) requirements.

**C. The Proposed Safeguards Were Abandoned.**

Plaintiff had initially proposed to have both witnesses testify from the federal courthouse in Raleigh (E.D.N.C.) as a safeguard to address some of Chase's concerns. Dkt. 211, Ex. E. When asked whether he had confirmed that the courthouse could accommodate the proposal, he responded: "No. I don't think there is any point in wasting my time, or that court's time, until we've got an agreement." Givental Decl., Exh. 1. Having been notified there was no agreement on September 1, 2026, Plaintiff apparently took no steps to investigate a courthouse appearance. Instead, he waited 10 days before filing an *ex parte* request, and abandoned any notion of safeguards in that application. *See* Dkt. 211.

The application was filed without confirmation from the Eastern District of North Carolina, without identifying who would administer the oath, without establishing that compatible technology exists, and without addressing exhibit display, witness supervision, or prevention of coaching. It appears from the filing

[2] Plaintiff's comparison to Mr. Wilkins is neither relevant nor apt. Chase has not asked for a remote appearance under Rule 43(a), so the Rule 43(a) standard does not apply. Mr. Wilkins being unable to travel to serve as Chase's corporate company representative as a laid off employee is not analogous to Plaintiff's percipient witnesses finding it inconvenient to do so. And, unlike Chase, who is supplying a replacement witness to appear in person, Plaintiff is not seeking to substitute to a witness, but relief that Rule 43(a) allows only in compelling circumstances.

that the courthouse proposal was abandoned, leaving no safeguards at all—even though Rule 43(a) independently requires "appropriate safeguards."

**D. Plaintiff's Undue Delay Prejudiced Chase.**

The Advisory Committee Notes to the 1996 amendment state: "Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, … to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Plaintiff contemplated a remote appearance request for his witnesses since May 2026, he did not reach out to Chase with specific witness names or bases for seeking relief until August 27, 2026. *See* Dkt. 211, Decl. ¶ 3. After the parties met and conferred by email and on the phone, Chase responded on September 1, 2026, pointing out that the information provided was insufficient for Chase to agree.[3] Johnson then waited ten days—until the last business day before trial—to file his *ex parte* application. By that point, Chase believed Plaintiff had to have either made plans to have the witnesses appear in person, or had determined the testimony was not necessary. Givental Decl. ¶ 4. The application on the last day before trial was completely unexpected, deprived Chase of a meaningful opportunity to oppose the request, to be present during remote testimony in North Carolina or prepare for remote cross-examination, and to establish appropriate safeguards.

## V. REQUEST FOR RELIEF

Chase respectfully submits that the Court should reverse its order granting Plaintiff's request as the request was untimely, unsupported by good cause or compelling circumstances, not justified, and inappropriate in light of the purpose of Rule 43(a) and the importance of live questioning Plaintiff's close friends (and his

---

[3] Among other things, Plaintiff did not address why 3-4 days of travel would be required or make any attempt to explore Chase's proposal to work around the witnesses' flight itineraries in hearing their testimony. Givental Decl. ¶ 3.

only damages witnesses) in close proximity of the jury.

In the event the testimony proceeds, Chase respectfully requests that the Court impose specific safeguards as conditions of the remote testimony, including at a minimum that the testimony be from a court-controlled location in the presence of an officer of the Court and a limit on direct examination consistent with the represented ten-minute estimate.

DATED: September 13, 2026 WOMBLE BOND DICKINSON (US) LLP

By: */s/ Alisa A. Givental*
Alisa A. Givenatal
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**PROOF OF SERVICE**

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On the date set forth below, I served the following document(s) described as:

**DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR REMOTE TESTIMONY**

on the interested parties in this action as follows:

Joshua Johnson
2201 5th St. Apt 208
Santa Monica, CA 90405

**PLAINTIFF PRO SE**

Tel: (336) 423-2594
Email: josh@jj88.org

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2026, at Los Angeles, California.

Alisa Givental