**WOMBLE BOND DICKINSON (US) LLP**
TOMIO NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 433-1900

**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
444 South Flower Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JOSHUA JOHNSON,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

Case No. 2:22-cv-06718-AB-MAAx

The Hon. André Birotte Jr.
Courtroom 7B

Magistrate Maria A. Audero
Courtroom: 690

**DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR REMOTE TESTIMONY**

Complaint Filed: September 19, 2022

I, Alisa A. Givental, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an attorney with Womble Bond Dickinson (US) LLP and one of the attorneys of record for Defendant JPMorgan Chase Bank, N.A. ("Chase") in this action. I submit this declaration in support of Chase's Objection to the Court's Order granting plaintiff Joshua Johnson's ("Plaintiff") *ex parte* application for remote testimony. Except where stated on information and belief, I have personal knowledge of the facts set forth below, and if called as a witness I could and would testify competently to them.

2. A true and correct copy of two emails I received from Plaintiff on September 1, 2026 in response to my meet and confer questions is attached hereto as Exhibit 1.

3. After I responded to Plaintiff's emails in Exhibit 1, Plaintiff and I met and conferred over the phone regarding Chase's offer to work around Plaintiff's witnesses' schedules to minimize their travel time if they appear in person. Plaintiff did not ultimately pursue the proposal.

4. There were no further communications with Plaintiff about remote appearances thereafter. When on September 11, 2026 Plaintiff filed his ex parte application to allow the remote appearances discussed on September 1, 2026, I and the other attorneys for Chase believed Plaintiff had to have either made plans to have the witnesses appear in person, or had determined the testimony was not necessary. The last minute request came as a complete surprise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 13, 2026, at Los Angeles, California.

*Alisa A. Givental*

# PROOF OF SERVICE

*Joshua Johnson vs. JPMorgan Chase Bank, N.A.*
*USDC, Central District, Case No. 2:22-cv-06718-AB-MAA*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 50 California Street, Suite 2800, San Francisco, California 94111.

On the date set forth below, I served the following document(s) described as:

**DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR REMOTE TESTIMONY**

on the interested parties in this action as follows:

Joshua Johnson
2201 5th St. Apt 208
Santa Monica, CA 90405

Tel: (336) 423-2594
Email: josh@jj88.org

**PLAINTIFF PRO SE**

☒**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address alisa.givental@wbd-us.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2026, at Los Angeles, California.

Alisa Givental

# EXHIBIT 1

**From:** Josh Johnson <josh@jj88.org>
**Sent:** Tuesday, September 1, 2026 4:10 PM
**To:** Givental, Alisa <Alisa.Givental@wbd-us.com>
**Cc:** Narita, Tomio <Tomio.Narita@wbd-us.com>; Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Subject:** Re: Rule 43 stipulations Johnson v Chase

This request has been pending since before the Court's June 17 order, and Tomio said on August 27 you'd respond in a few days. These are questions; I need an answer. Please let me know by cl

External (josh@jj88.org)
Report This Email FAQ

This request has been pending since before the Court's June 17 order, and Tomio said on August 27 you'd respond in a few days. These are questions; I need an answer.

Please let me know by close of business today whether Chase will stipulate; if not, I will file an ex parte application. Please also state whether Chase will oppose it.

On Tue, Sep 1, 2026 at 3:37 PM Josh Johnson <josh@jj88.org> wrote:
> First, could you explain why anticipated testimony of Meghan and Zack won't be cumulative or duplicative of each other or the other three lay damages witnesses on your witness list (Samantha Alcorn, Addison McMillan, Brandon Workman). Your initial disclosures and witness list describe these witnesses' anticipated testimony in identical terms.

I added witnesses out of an abundance of caution. There is no current plan for Ms. Alcorn, Mr. McMillan, or Mr. Workman to testify.

> Second, what is the basis for your estimate that in-person testimony would require Meghan and Zack to spend three to four days away from work and home? (I did a quick search on google flights and found a $400 itinerary departing Raleigh at 6:35 a.m. on September 14, arriving at LAX at 11:47 a.m., departing LAX at 9:40 p.m., and returning to Raleigh at 9:09 a.m. the following morning. That itinerary would require approximately 27 hours away.)

First, because that's what they told me. Second, no one is flying in on the morning of trial; flights get delayed, cancelled, etc. They would be flying in on Sunday, the 13th. Third, because I am not the Judge, I have limited control over the presentation of evidence, and I don't know what delays materialize during trial. Maybe they testify on the 14th. Maybe it's the 15th. I don't know.

> Third, did either Meghan or Zack make or change any travel, work, or childcare arrangements for the August 3rd trial date? Based on the hardships you describe in your email, travel in August or now would be equally burdensome, but we may not have all the information.

I don't remember. It's irrelevant because the Rule 43(a) test considers September 14, not August 3. I tell people the trial date is date X, and it will last 2-4 days, and then the trial date gets shifted to Y. This has happened repeatedly. Everyone is very confused. A stipulation in August would also have been equally appropriate.

> Finally, do we know whether the Raleigh federal courthouse is in a position to accommodate the proposal you outline?

No. I don't think there is any point in wasting my time, or that court's time, until we've got an agreement.

Josh

On Tue, Sep 1, 2026 at 2:59 PM Givental, Alisa <Alisa.Givental@wbd-us.com> wrote:
Hi Josh,

Some additional information would help to evaluate your request.

First, could you explain why anticipated testimony of Meghan and Zack won't be cumulative or duplicative of each other or the other three lay damages witnesses on your witness list (Samantha Alcorn, Addison McMillan, Brandon Workman). Your initial disclosures and witness list describe these witnesses' anticipated testimony in identical terms.

Second, what is the basis for your estimate that in-person testimony would require Meghan and Zack to spend three to four days away from work and home? (I did a quick search on google flights and found a $400 itinerary departing Raleigh at 6:35 a.m. on September 14, arriving at LAX at 11:47 a.m., departing LAX at 9:40 p.m., and returning to Raleigh at 9:09 a.m. the following morning. That itinerary would require approximately 27 hours away.)

Third, did either Meghan or Zack make or change any travel, work, or childcare arrangements for the August 3rd trial date? Based on the hardships you describe in your email, travel in August or now would be equally burdensome, but we may not have all the information.

Finally, do we know whether the Raleigh federal courthouse is in a position to accommodate the proposal you outline?

Alisa

**Alisa Givental**
Senior Counsel
Womble Bond Dickinson (US) LLP

**d:** 415-765-6268
**e:** Alisa.Givental@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON [wombledickinson.com](womblebonddickinson.com)

**Signature for Givental, Alisa**

**We have moved! Please update your records with our new address**

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.
**Disclaimer for Givental, Alisa**
**From:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Sent:** Thursday, August 27, 2026 8:51 PM
**To:** Josh Johnson <josh@jj88.org>; Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Cc:** Narita, Tomio <Tomio.Narita@wbd-us.com>
**Subject:** RE: Rule 43 stipulations Johnson v Chase

Josh we'll review your authorities and get back to you in a few days.

**Tomio Narita**
Partner
Womble Bond Dickinson (US) LLP

**d:** 415-765-6274
**m:** 415-519-6093
**e:** Tomio.Narita@wbd-us.com

50 California Street
Suite 2800
San Francisco, CA 94111

WOMBLE BOND DICKINSON womblebonddickinson.com

**We have moved! Please update your records with our new address**
**Signature for Narita, Tomio**
**From:** Josh Johnson <josh@jj88.org>
**Sent:** Thursday, August 27, 2026 4:38 PM
**To:** Narita, Tomio <Tomio.Narita@wbd-us.com>; Givental, Alisa <Alisa.Givental@wbd-us.com>; Gnanadesigan, Abirami <AGnanadesigan@dykema.com>
**Subject:** Rule 43 stipulations

Counsel, On June 17, when the Court continued the trial to September 14—the fifth trial date set in this case (Dkt. Nos. 27, 59, 83, 175, 193)—to accommodate your family obligations, it stated that it

External (josh@jj88.org)
Report This Email FAQ

Counsel,

On June 17, when the Court continued the trial to September 14—the fifth trial date set in this case (Dkt. Nos. 27, 59, 83, 175, 193)—to accommodate your family obligations, it stated that it "does expect [Chase] to reciprocate and avoid additional needless motion practice by agreeing to reasonable requests for Plaintiff's distant fact witnesses to testify remotely." Dkt. 193.

Rule 43(a) provides: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a); *see also Ever Win Int'l Corp. v. Prong, Inc.*, No. CV 15-6433 DMG (GJSx), 2017 WL 1654063, at *1–2 (C.D. Cal. Jan. 6, 2017) (permitting remote testimony over objection based on witness's East Coast residence and adequate safeguards); *Beltran-Tirado v. INS*, 213 F.3d 1179, 1185–86 (9th Cir. 2000) (recognizing out-of-state remote testimony as permissible under Rule 43(a)); *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1–2 (E.D. Cal. Aug. 4, 2015) (permitting remote testimony based on the witness's geographic distance and the expense and inconvenience of travel, with testimony transmitted from a federal courthouse).

Per the order, I request that Defendant stipulate to allow Zack Hoffman and Meghan Johel to testify by contemporaneous transmission from North Carolina.

Both are non-party witnesses who live in Raleigh, and I expect each to testify for about ten minutes. Zack works full time and has a 3-month-old and a 6-year-old; his wife also works full time. Meghan works and is the primary caretaker of her 3- and 6-year-old; her husband's work schedule is inflexible. For each of them, ten minutes of in-person testimony would realistically mean 3–4 days away from work and home, cross-country airfare plus lodging and lost wages, and arranging multi-day care for two young children, including an infant.

Both have agreed to testify from the federal courthouse in Raleigh (E.D.N.C.), subject to both courts' approval, which resolves any concern about safeguards.

Please let me know whether Chase will stipulate. Otherwise, I will file an ex parte application for an order permitting their testimony by contemporaneous transmission under Rule 43(a).

Regards,
Josh