FILED
CLERK, U.S. DISTRICT COURT
9/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: EVC DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOHNSON,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>Defendant. | Case No. 2:22-cv-06718-AB-MAA<br>**CLOSING JURY INSTRUCTIONS** |

The following are the Court's jury instructions to guide your consideration of the evidence in this case.

Dated: September 21, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

## CLOSING JURY INSTRUCTION NO. 1

## DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**CLOSING JURY INSTRUCTION NO. 2**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CLOSING JURY INSTRUCTION NO. 3

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Joshua Johnson and Defendant JPMorgan Chase Bank, N.A. are involved in a dispute arising from Chase's reporting of information concerning one of Johnson's credit card accounts to consumer reporting agencies.

Johnson contends that Chase furnished inaccurate, incomplete, or misleading information about the account, and failed to conduct a reasonable investigation after receiving notice of his dispute from a consumer reporting agency, and thereby violated the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act. Johnson also contends that Chase's reporting harmed his credit and caused him damages. Johnson has the burden of proof on these claims.

Chase denies Johnson's allegations. Chase contends that the information it furnished was accurate, that its investigation of the dispute was reasonable based on the information it received, and that Johnson cannot prove the required elements of his claims or the damages he seeks. Chase also contends that some or all of Johnson's claims are barred or limited by its asserted defenses. Chase has the burden of proof on its affirmative defenses. Johnson denies Chase's affirmative defenses.

## CLOSING JURY INSTRUCTION NO. 4

## SELF-REPRESENTED PARTY

Plaintiff Joshua Johnson is representing himself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Johnson is acting as his own lawyer, you have heard him speak at various times during the trial. He made an opening statement and will make a closing argument and asked questions of witnesses, made objections, and argued legal issues to the court. I want to remind you that when Johnson spoke in these parts of the trial, he was acting as his own advocate, and his words are not evidence. When these instructions refer to "attorney," this includes Johnson when he is acting as a lawyer.

The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

**CLOSING JURY INSTRUCTION NO. 5**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

Defendant JPMorgan Chase Bank, N.A., is a corporation.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**CLOSING JURY INSTRUCTION NO. 6**

**LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**CLOSING JURY INSTRUCTION NO. 7**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## CLOSING JURY INSTRUCTION NO. 8

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

## CLOSING JURY INSTRUCTION NO. 9

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**CLOSING JURY INSTRUCTION NO. 10**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Barbara Burda and Carla Willis were taken on October 23, 2023, and October 26, 2023, respectively. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## **CLOSING JURY INSTRUCTION NO. 11**

## **STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as Exhibit 341 that were read to you at the election of the parties during trial. You must therefore treat these facts as having been proved.

**CLOSING JURY INSTRUCTION NO. 12**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may have been admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## CLOSING JURY INSTRUCTION NO. 13

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**<u>CLOSING JURY INSTRUCTION NO. 14</u>**

**EXPERT OPINION TESTIMONY**

You have heard testimony from Thomas Tarter, who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**CLOSING JURY INSTRUCTION NO. 15**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CLOSING JURY INSTRUCTION NO. 16**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries may have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## CLOSING JURY INSTRUCTION NO. 17

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**CLOSING JURY INSTRUCTION NO. 18**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**CLOSING JURY INSTRUCTION NO. 19**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I might not have granted a request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**CLOSING JURY INSTRUCTION NO. 20**

**CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)**

Johnson contends that Chase violated the Fair Credit Reporting Act ("FCRA'), specifically 15 U.S.C. § 1681s-2(b).

Under the FCRA, if a consumer reporting agency ("CRA") such as Equifax receives a credit dispute from a consumer with regard to the completeness or accuracy of any information provided by the furnisher to a consumer reporting agency, it shall provide to the furnisher of the disputed information a notification that includes all relevant information regarding the dispute that the agency has received from the consumer. Once the CRA provides the furnisher with notice of the consumer's dispute, the FCRA requires the furnisher to conduct a reasonable investigation of the information disputed by the consumers.

To establish a violation of § 1681s-2(b) by a furnisher such as Chase, Johnson must prove each of the following by a preponderance of the evidence:

1. Johnson submitted a dispute to Equifax about the completeness or accuracy of information furnished about him by Chase;
2. Equifax notified Chase of that dispute;
3. The information Chase furnished was in fact "inaccurate or incomplete";
4. Chase failed to conduct a "reasonable investigation" of the dispute after receiving notice from Equifax; and
5. Chase's failure was negligent or willful.

## CLOSING JURY INSTRUCTION NO. 21

## CLAIM FOR VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT, CALIFORNIA CIVIL CODE § 1785.25(a)

Johnson contends that Chase violated the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a). To establish a violation of § 1785.25(a), Johnson must prove each of the following by a preponderance of the evidence:

1. Chase furnished information about Johnson to a "consumer reporting agency"
2. The information furnished by Chase was "incomplete or inaccurate";
3. Chase "knew or should have known" the information was incomplete or inaccurate;
4. Johnson was "subject to the protections of the CCRAA" at the time of the alleged violation(s);
5. Johnson suffered "actual damages" as a result of Chase's violation(s);
6. The violation was "negligent" or "willful."

**CLOSING JURY INSTRUCTION NO. 22**

**MEANING OF "CONSUMER REPORTING AGENCY"**

"Consumer credit reporting agency" means any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties. For purposes of this case, "consumer reporting agency" refers only to Equifax, Experian, TransUnion, and Innovis.

**CLOSING JURY INSTRUCTION NO. 23**

**MEANING OF INACCURACY / "INACCURATE OR INCOMPLETE"**

An item on a credit report can be "inaccurate or incomplete" because it is patently incorrect, or because it is misleading in such a way that it can be expected to adversely affect credit decisions. The failure to report a bona fide dispute—a good-faith dispute that could materially alter how the reported debt is understood—may render the reporting incomplete or inaccurate.

**CLOSING JURY INSTRUCTION NO. 24**

**MEANING OF "REASONABLE INVESTIGATION"**

To satisfy the requirements of Fair Credit Reporting Act, a furnisher's investigation of disputed derogatory credit information must be a reasonable investigation. A superficial or cursory investigation does not satisfy the Fair Credit Reporting Act's requirements.

In determining whether Chase conducted a reasonable investigation, consider what it learned about the nature of the dispute from the description in the CRA's notice of dispute.

The reasonableness of an investigation turns on the process the furnisher employed in light of the circumstances of the dispute. An investigation is not necessarily unreasonable solely because it results in a conclusion that turns out to be inaccurate.

Johnson bears the burden of proving that Chase failed to conduct a reasonable investigation after it was notified by a consumer reporting agency of the dispute.

## CLOSING JURY INSTRUCTION NO. 25

## REASONABLENESS OF INVESTIGATION UNDER THE CIRCUMSTANCES

In determining whether Chase conducted a reasonable investigation of Johnson's dispute, you may consider all relevant circumstances, including:

1. Whether Johnson waited an unreasonable length of time after learning of the alleged inaccuracy before submitting his dispute; and
2. Whether Johnson's delay in disputing contributed to the unavailability of records relevant to Chase's investigation.

If you find that Johnson's conduct impaired Chase's ability to investigate, you may consider that circumstance in evaluating whether Chase's investigation was reasonable under the circumstances presented to it at the time.

## CLOSING JURY INSTRUCTION NO. 26

## CONDUCT NOT ACTIONABLE UNDER THE FCRA

Johnson's FCRA claim is limited to Chase's investigation of the dispute it received from Equifax (the "indirect dispute"). Johnson may not seek damages under the FCRA based on Chase's handling of a dispute Johnson made directly to Chase (a "direct dispute") or Chase's handling of a dispute Johnson submitted to a third-party governmental agency such as the CFPB ("third-party dispute").

**<u>CLOSING JURY INSTRUCTION NO. 27</u>**

**CHASE'S REPORT TO CRA IN RESPONSE TO NOTICE OF DISPUTE IS NOT ACTIONABLE UNDER CCRAA**

Chase's report to the consumer reporting agency in response to the consumer reporting agency's notice of dispute is not actionable under Johnson's CCRAA claim.

**<u>CLOSING JURY INSTRUCTION NO. 28</u>**

**"SUBJECT TO THE PROTECTIONS OF THE CCRAA"**

Johnson can only invoke the protections of the CCRAA, which is a California law, while residing in California. A visit to California is not sufficient to trigger protections of this law.

## CLOSING JURY INSTRUCTION NO. 29

## NEGLIGENT VIOLATION

To prove a negligent violation of Section 1681s-2(b) of the FCRA or Section 1785.25(a) of the CCRAA, Johnson must prove by a preponderance of the evidence that Chase failed to use "reasonable care" in exercising its duties under the law in question. "Reasonable care" is the degree of care that a reasonably prudent person would use under similar circumstances

## CLOSING JURY INSTRUCTION NO. 30

## WILLFUL VIOLATION

To prove a willful violation of Section 1681s-2(b) of the FCRA or Section 1785.25(a) of the CCRAA, Johnson must prove by a preponderance of the evidence that Chase acted in knowing or in "reckless disregard" of its obligations under the law. Conduct is in reckless disregard of Johnson's rights if, under the circumstances, Chase ran a risk of violating the law substantially greater than the risk necessary to make the conduct negligent

## CLOSING JURY INSTRUCTION NO. 31

## RECOVERY FOR FCRA VIOLATION

If you find that Johnson has proven by a preponderance of the evidence that Chase negligently failed to conduct a reasonable investigation of a dispute it received about Johnson from a consumer reporting agency, Chase is liable to Johnson in the amount of any actual damages that Johnson sustained as a result of the failure.

If you find Johnson has proven by a preponderance of the evidence that Chase willfully failed to conduct a reasonable investigation of a dispute it received about Johnson from a consumer reporting agency, Chase is liable to Johnson in the amount of any actual damages that Johnson sustained as a result of the failure or damages of not less than $100 and not more than $1,000. If you find that Chase's violation was willful, you may award "punitive damages."

## CLOSING JURY INSTRUCTION NO. 32

## RECOVERY FOR CCRAA VIOLATION

If you find that Johnson has proven by a preponderance of the evidence that Chase negligently or willfully furnished information about Johnson to consumer reporting agencies that it knew or should have known was inaccurate, Chase is liable to Johnson in the amount of any actual damages that Johnson sustained as a result. If you find that Chase's violation was willful, you may award "punitive damages."

# CLOSING JURY INSTRUCTION NO. 33

## ACTUAL DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Johnson on Johnson's FCRA claim or his CCRAA claim, you must determine Johnson's damages. Johnson has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Johnson for any injury you find was caused by the Chase. You should consider the following:

The nature and extent of the injuries.

The mental and emotional pain and suffering experienced.

You may award Johnson compensatory damages for:

1. Economic or financial damages;
2. Non-economic damages, including but not limited to emotional distress, frustration, mental suffering or anguish, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and loss of sleep; and
3. Injury to reputation and creditworthiness.

No fixed standard exists for deciding the amount of non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**CLOSING JURY INSTRUCTION NO. 34**

**NON-RECOVERABLE DAMAGES**

If you find for Johnson on his FCRA or CCRAA claims, Johnson cannot recover for damages that are speculative, remote, contingent, or merely possible.

Johnson also cannot recover damages for lost business opportunities.

Out-of-pocket expenses, lost wages, and emotional distress resulting from litigating this action or a prior arbitration are also not recoverable.

**CLOSING JURY INSTRUCTION NO. 35**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**<u>CLOSING JURY INSTRUCTION NO. 36</u>**

**STATUTE OF LIMITATIONS UNDER THE FCRA**

**(AFFIRMATIVE DEFENSE)**

Chase contends that Johnson's FCRA claim that Chase did not conduct a reasonable investigation in response to his CRA dispute was not filed within the time set by law. To succeed on this defense, Chase must prove by a preponderance of the evidence that, before September 19, 2020, Johnson discovered, or a reasonably diligent Johnson would have discovered, the facts constituting Chase's alleged FCRA violation. Johnson's mere awareness of Chase's allegedly inaccurate reporting or his dispute of Chase's reporting does not by itself establish that Johnson discovered Chase's alleged violation of its obligation to conduct a reasonable investigation. If you find that Chase proved this defense by a preponderance of the evidence, you cannot award any recovery for the FCRA claim.

**<u>CLOSING JURY INSTRUCTION NO. 37</u>**

**STATUTE OF LIMITATIONS UNDER THE CCRAA**

**(AFFIRMATIVE DEFENSE)**

Chase contends that Johnson's CCRAA claim was not filed within the time set by law. To succeed on this defense, Chase must prove by a preponderance of the evidence that Johnson knew or should have known of Chase's alleged CCRAA violation before March 24, 2020. If you find that Chase proved this defense by a preponderance of the evidence, you cannot award any recovery for the CCRAA claim.

**<u>CLOSING JURY INSTRUCTION NO. 38</u>**

**MITIGATION OF DAMAGES (DEFENSE)**

Johnson has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish this defense, Chase has the burden of proving by a preponderance of the evidence:

1. that Johnson failed to use reasonable efforts to mitigate damages; and
2. the amount by which damages would have been mitigated.

If you find that Chase proved this defense, you must reduce any award of damages by the amount of damages that would have been mitigated

**CLOSING JURY INSTRUCTION NO. 39**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you

happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**CLOSING JURY INSTRUCTION NO. 40**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## CLOSING JURY INSTRUCTION NO. 41

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be receive in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**<u>CLOSING JURY INSTRUCTION NO. 42</u>**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.